SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOHN M. HENNESSY,

      Plaintiff,

-against-

ELI S. JACOBS,

      Defendant.

Index No. 114574/2011

AFFIDAVIT OF JOHN M. HENNESSY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

JOHN M. HENNESSY, being duly sworn, deposes and says:

1. This action is brought based on the December 15, 2011 default on a sum certain of $1,359,866 plus interest and attorney's fees, representing an unpaid loan as reflected in the plain terms of the Second Consolidated, Amended and Restated Promissory Note dated September 1, 2011 (the "Second Consolidated Note"). A copy of the Second Consolidated Note is attached hereto as Exhibit 1. The remaining information is provided by way of background.

2. I am a retired businessman residing at 47 West Lake Road, Tuxedo Park, New York 10987. My career in the financial services industry spanned several decades. Most recently I served as the Chairman and CEO of Credit Suisse First Boston.

3. Defendant Eli S. Jacobs is a financier and attorney with a business address at 641 Lexington Avenue, New York, New York 10022. Jacobs is best known for his short stint as part-owner of the Baltimore Orioles from 1989 to 1993, before being forced to file for bankruptcy protection and sell his share of the team.

4. Jacobs and I have known each other for more than 30 years, both professionally and socially. I am an investor in several of Jacobs' fledgling companies.

5. In June 2006, Jacobs approached me and asked for a personal loan of one million

EXHIBIT 1   EXHIBIT 2   EXHIBIT 3   EXHIBIT 4   EXHIBIT 5

dollars ($1,000,000). I agreed to make the loan subject to certain conditions. A promissory note dated June 28, 2006 laying out the terms of the loan was executed (the "June 28, 2006 Note"). A copy of the June 28, 2006 Note is attached hereto as Exhibit 2.

6. Pursuant to the June 28, 2006 Note, the $1,000,000 was to be repaid on June 28, 2009. Jacobs was also required to pay me 5% interest per year, due on June 28, 2007 and June 28, 2008, the first and second anniversaries of the loan, and June 28, 2009, the maturity date.

7. The June 28, 2006 Note was secured by a security interest in 1,142,858 common limited liability company membership interests in one of Jacobs' companies, GeoBiotics LLC ("GeoBiotics").

8. In or about February 2007, four months before the first interest payment on the June 28, 2006 Note was due, Jacobs contacted me and asked for another loan. I agreed to lend Jacobs an additional $290,000.

9. The terms of this second loan were memorialized in a promissory note dated February 5, 2007 (the "February 5, 2007 Note"). The February 5, 2007 Note had a maturity date of February 5, 2009. Jacobs was again required to pay 5% annual interest due on the first and second anniversaries of the loan and on the maturity date. A copy of the February 5, 2007 Note is attached hereto as Exhibit 3.

10. The February 5, 2007 Note was also secured by a security interest in 331,428 common limited liability company membership interests in GeoBiotics.

11. In or about June 2007, when the first interest payment on the June 28, 2006 Note came due, Jacobs contacted me and informed me that he did not have the $50,000 cash to make the required interest payment.

12. In lieu of the $50,000 cash payment, I agreed to accept an assignment of 28,571.4

membership interests in GeoBiotics, with an agreed upon value of $1.75 per interest. This agreement was memorialized in a letter I wrote to Jacobs dated June 29, 2007. A copy of the June 29, 2007 letter is attached hereto as Exhibit 4.

13. On or about July 15, 2008 Jacobs made the second interest payment of approximately $50,000 cash as required under the June 28, 2006 Note.

14. Jacobs also made the first interest payment of approximately $14,500 on or about July 15, 2008 and the second interest payment of approximately $14,500 in cash on or about March 9, 2009 as required under the February 2007 Note, but failed to pay the principal of the February 5, 2007 Note and all accrued and unpaid interest when they were due on February 5, 2009.

15. Then, in or about May 2009, one month before the principal of the June 28, 2006 Note and all accrued and unpaid interest were was due in full, Jacobs contacted me and informed me that he would not be able to repay the $1,000,000 plus interest. Jacobs asked for more time to repay both the June 28, 2006 Note and the February 5, 2007 Note.

16. I agreed to accommodate Jacobs by consolidating both notes and extending Jacobs' time to repay the notes to August 31, 2011. This agreement was memorialized in the Consolidated, Amended and Restated Promissory Note dated May 22, 2009 (the "First Consolidated Note"). A copy of the First Consolidated Note is attached hereto as Exhibit 5.

17. Pursuant to the First Consolidated Note, Jacobs agreed to pay me $1,339,866, consisting of $1,290,000 in principal, $45,556 in interest on the June 28, 2006 Note and $4,310 in interest on the February 5, 2007 Note, by the maturity date of August 31, 2011.

18. The First Consolidated Note was secured by a security interest in 1,474,286 common limited liability company membership interests in GeoBiotics.

EXHIBIT 1    EXHIBIT 2    EXHIBIT 3    EXHIBIT 4    EXHIBIT 5

19. Jacobs was required to pay 5.5% annual interest due on the first and second anniversaries of the note and the maturity date.

20. On or about May 24, 2010, Jacobs made the first cash interest payment of approximately $74,717 as required by the First Consolidated Note. On or about May 24, 2011, Jacobs made the second cash interest payment of approximately $74,104 as required by the First Consolidated Note.

21. In or about August 2011, Jacobs contacted me yet again, and informed me that he would not be able to repay his debt, this time pursuant to the First Consolidated Note.

22. I agreed to give Jacobs one final extension to repay the entire outstanding debt. This agreement was memorialized in the Second Consolidated Note dated September 1, 2011.

23. The Second Consolidated Note supersedes all of the previous promissory notes between Jacobs and me. A chart of the loans made by me to Jacobs and Jacobs' payment history is annexed hereto as Exhibit 6. Pursuant to this note Jacobs agreed to repay $1,339,866 in outstanding principal plus interest. Payment was to be made in three installments. The first installment of $169,633 was due on October 31, 2011. The second installment of $169,633 was due on November 30, 2011. And the final installment of $1,000,000 plus 5.5% interest was due on December 15, 2011. The Second Consolidated Note reflects the sum certain on which this motion for summary judgment in lieu of complaint is based.

24. The Second Consolidated Note was secured by a security interest in 1,474,286 common limited liability company membership interests in GeoBiotics which by now had significantly decreased in value based on the company's poor performance. In fact, in October 2010, I abandoned my interest in 28,571.4 GeoBiotics common limited liability company membership interests that I owned directly and have written off such investments for Federal

income tax purposes.

25. In addition, under Section 3.3 of the Second Consolidated Note, Jacobs agreed to pay me an additional $10,000 in principal if he missed the first or second installment payment and an additional $20,000 in principal if he missed both payments.

26. On October 31, 2011 Jacobs failed to make the first payment of $169,633 as required under the Second Consolidated Note. He has not made this payment to date.

27. On November 30, 2011 Jacobs failed to make the second payment of $169,633 as required under the Second Consolidated Note. He has not made this payment to date.

28. On December 15, 2011, Jacobs failed to make the remaining payment required under the Second Consolidated Note. Two business days have passed since each of the required payments were due. Pursuant to Section 3.1 of the Second Consolidated Note, an Event of Default has occurred.

29. Section 3.2 of the Second Consolidated Note states "[u]pon the occurrence of an Event of Default, this Note and all amounts payable hereunder shall be immediately due and payable without presentment, demand, protest or other formalities of any kind."

30. Based on Jacobs' default, I am also entitled to an additional $20,000 in principal, pursuant to Section 3.3 of the Second Consolidated Note. This provision was triggered by Jacobs' failure to make the October 31, 2011 payment and November 30, 2011 payment required under the Second Consolidated Note.

31. An event of default as defined in the Second Consolidated Note has occurred. This action is to recover the $1,359,866, plus interest as provided by Section 1.2 of the Second Consolidated Note.

32. Section 3.4 of the Second Consolidated Note also requires Jacobs to pay on

demand, all of the costs and expenses I incur in collecting under the note, including reasonable attorney's fees and expenses.

33. Based on the foregoing, and the laws set forth in the accompanying memorandum of law, my motion for summary judgment in lieu of complaint pursuant to CPLR § 3213, should be granted.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

EXHIBIT 1    EXHIBIT 2    EXHIBIT 3    EXHIBIT 4    EXHIBIT 5

Dated: New York, New York
       December 22, 2011

                                                               _____
                                                                JOHN M. HENNESSY

Sworn to before me this 22 day of December, 2011

Notary Public



ELAINE M. LAURENT
Notary Public, State of New York
No. 01LA6004737
Qualified in Orange County
Commission Expires March 30, 20__

EXHIBIT 1   EXHIBIT 2   EXHIBIT 3   EXHIBIT 4   EXHIBIT 5