**Mr. Michael Quinn**
**43231 Via Siena**
**Indian Wells, California 92210**

January 17, 2012

VIA CERTIFIED FIRST CLASS MAIL
AND FEDERAL EXPRESS

Mr. Eli S. Jacobs
641 Lexington Avenue
New York, NY 10022

Re:     **APS Equity Investment**

Dear Mr. Jacobs:

Reference is made to the letter agreement between you and me, dated as of April 22, 2010 (the "Agreement"), a copy of which is attached.  Capitalized terms used in this letter but not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement.

Pursuant to the terms of the Agreement, I am entitled to sell you all of the "LLC Units" of Alternative Packaging Solutions L.P. ("Units") that I purchased from you and that I continue to own as of January 15, 2012.  I hereby exercise this put right pursuant to the Agreement and require you to purchase all 28,548 Units at the Purchase Price determined in accordance with the Agreement on the basis of a 365-day year and actual days elapsed, as follows:

(i)     $400,000 (representing the purchase price of $14.01 per Unit), *plus*

(ii)     $10,082 (the interest amount accruing on $400,000 at 5% per annum for the 184 days between July 1, 2010 and December 31, 2010); *plus*

(iii)     $20,504 (the interest amount accruing on $410,082 at 5% per annum for the 365 days between January 1, 2011 and December 31, 2011); *plus*

(iv)     $842.63 (the interest amount accruing on $410,082 at 5% per annum for the 15 days between January 1, 2012 and January 15, 2012); *plus*

(v)     $56.18 for each day after January 15, 2012 that the amounts set forth in clauses (i) through (iv) above remain unpaid.

<u>Accordingly, the total Purchase Price payable as of January 15, 2012 is $431,428.63, plus $56.18 for each day thereafter through the date of payment.</u>

Please remit such amount by wire transfer of immediately available funds as soon as possible to my counsel's account detailed on Schedule 1 hereto.

Nothing contained herein shall constitute a waiver of any default, breach or violation of the Agreement by you, and nothing contained herein shall constitute a waiver of any right or remedy that I may have in connection with any default, breach or violation of the Agreement by you, all of which are hereby reserved.

Very truly yours,

Michael Quinn

cc:     Katten Muchin Rosenman LLP
        575 Madison Avenue
        New York, New York 10022
        Attention: Steven Eckhaus, Esq.

## Schedule 1

## Wire Transfer Information

**JP Morgan Chase Bank**

**1211 Avenue of the Americas, 39th Floor**

**New York, New York 10036**

**Attn: Phillipa Wittock**

**Phone: 866-325-5939**

**ABA #021000021**

**Swift Code: CHASUS33**

**Reference:  343014.00002**

**For Credit To: Katten Muchin Rosenman LLP**

**Operating Account**

**Account #967343933**

**When wiring a payment please fax a copy of the Remittance to Jean Monteforte at 212-940-6660**

**For questions contact Steven Eckhaus 212.940.8860**
**steven.eckhaus@kattenlaw.com**

05/18/2010  08:42    7603456043                                              PAGE  04/05
MAY-17-2010 MON 01:29 PM KATTEN MUCHIN ROSENMAN     FAX NO. 12128408994      P. 04
May 11 10 08:36a    Jan Quinn                            8056693314          p.4
APR/23/2010/FRI 02:25 PM                         FAX No.                     P. 004

Eli Jacobs
541 Lexington Avenue
New York, NY 10022

April 22, 2010

Michael Quinn
416 Meadowbrook Drive
Montecito, CA 93108

#### APS Equity Investment

Dear Michael:

Reference is made to the equity securities (the "Securities") of Alternative Packaging Solutions, L.P. ("APS") that you purchased earlier this year from me and APS for $400,000. The Securities consist of 28,548 LLC Units ("Units"), which you purchased at a per Unit price of $14.01. In consideration of the mutual agreements provided herein and for other valuable consideration, by our signatures below, we agree to the following.

I expect APS to conduct an equity offering later this year. During the course of that offering or thereafter, I will attempt to identify potential buyers of all or a portion of the Securities at a price per Unit at or exceeding the price you paid.

If at January 15, 2012, you should continue to own any Units, you shall have the right, to be exercised within 30 days thereafter, to sell to me, such Units. The purchase price therefor (the "Purchase Price"), will be $14.01 per Unit, plus interest thereon beginning July 1, 2010. Interest shall be calculated at a per annum rate of 5% for the period July 1, 2010-December 31, 2010; and after December 31, 2010, interest shall also accrue on the aggregate amount of accrued interest at December 31, 2010. Interest shall be calculated on actual days elapsed over a year of 365 days. If prior to your exercise of this right, you shall have transferred any Units, the Purchase Price payable by me shall reduced by an amount equal to the greater of (x) the product of the number of Units theretofore transferred multiplied by $14.01, and (y) the actual proceeds you shall have received from the transfer of such Units. This right is personal to you and your estate, if applicable.

I shall have the right at any time at any time or from time to time during the period January 1, 2011-December 31, 2012 to require you to sell to me or my designee any or all Units owned by you at a price equal to the Purchase Price I would have been required to pay to you pursuant to the preceding paragraph if you had exercised that right at that time, assuming for this calculation that your right to cause me to purchase your Units shall not have been time-limited as provided in

the preceding paragraph. This right shall also be personal to me and my estate, if applicable.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York, applicable to contracts made and to be performed therein without giving effect to the principles of conflicts of law. Each party shall comply with all applicable laws, rules and regulations. Any litigation brought by either party under this Agreement shall be resolved by a state or federal court situated in the borough of Manhattan in the City and State of New York.

All notices, requests, consents, and other communications hereunder to any party shall be deemed to be sufficient if contained in a written instrument delivered to such party at the address set forth herein, or such other address as may hereafter be designated in writing by such party to the other party. All such notices, requests, consents, and other communications shall be deemed to have been delivered (a) in the case of personal delivery or email, if appropriate, on the date such delivery is confirmed, (b) in the case of delivery by fax, on the day following the day of transmission provided that the sender has received electronic confirmation of successful transmission, and (c) in the case of dispatch by internationally-recognized overnight courier, on the business day the courier confirms delivery.

If the foregoing correctly sets forth our agreement, please sign where indicated below.

Sincerely,

Eli S. Jacobs

AGREED TO:

Michael Quinn
5/17/10