UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AUTHOR'S GUILD, Associational Plaintiff, HERBERT MITGANG, BETTY MILES AND DANIEL HOFFMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>　　　　　　Defendant. | Civil Action No. 05 CV 8136 (JES) |

## ANSWER, JURY DEMAND, AND AFFIRMATIVE DEFENSES OF DEFENDANT GOOGLE INC.

Defendant Google Inc. ("Google") answers Plaintiffs' Complaint as follows:

### NATURE OF THE ACTION

1.　Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies such allegations.

2.　Google admits that it owns and operates an Internet search engine, that it has contracted with several public and university libraries (including the University Library of the University of Michigan at Ann Arbor ("University Library")) to digitally scan and create a searchable index of the words in many books in their collections, and that it will retain a digital scan of such books. Google denies the remaining allegations in paragraph 2 of the Complaint.

3.　Google denies the allegations in paragraph 3 of the Complaint.

4.　Google denies the allegations in paragraph 4 of the Complaint.

5.　Google denies the allegations in paragraph 5 of the Complaint.

6. Google admits that Plaintiffs have brought a purported class action seeking damages and injunctive and declaratory relief for alleged copyright infringement. Google denies the remaining allegations in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Google admits that Plaintiffs purport to bring a copyright infringement action under 17 U.S.C. § 101, *et seq.*, and that such an action presents a federal question under 28 U.S.C. §§ 1331 and 1338. Google denies that these Plaintiffs present this Court with a justiciable controversy over which it has subject-matter jurisdiction.

8. Google admits the allegations in paragraph 8 of the Complaint.

## PARTIES

## THE NAMED PLAINTIFFS

9. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies such allegations.

10. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies such allegations.

11. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies such allegations.

12. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies such allegations.

13. Google admits that it has not entered into any agreements with the Named Plaintiffs concerning the books listed in paragraphs 10 through 12 of the Complaint. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint and therefore denies such allegations.

## ASSOCIATIONAL PLAINTIFF

14. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies such allegations.

15. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations that the member authors of the Author's Guild would have standing to sue Google for copyright infringement in their own right and that protection of authors' copyrights is germane to the purposes of the Author's Guild, and therefore denies such allegations. Google denies the remaining allegations in paragraph 15 of the complaint.

## DEFENDANT

16. Google admits the allegations in paragraph 16 of the Complaint.

17. Google admits the allegations in paragraph 17 of the Complaint.

18. Google admits that, at the time of the filing of the Complaint, the trading price of its common stock was more than $300 per share. Google admits the remaining allegations in paragraph 18 of the Complaint.

19. Google admits that in 2004 it announced the launch of the Library Project, which is part of its Google Book Search (formerly known as Google Print) service. Google further admits that Google Book Search allows users to search an index of the words in books. Google denies the remaining allegations in paragraph 19 of the Complaint.

## CLASS ALLEGATIONS

20. Google admits that the Complaint purports to define a class as set forth in paragraph 20 of the Complaint.

21. Google denies the allegations in paragraph 21 of the Complaint.

22. Google denies the allegations in paragraph 22 of the Complaint.

23. Google denies the allegations in paragraph 23 of the Complaint.

24. Google denies the allegations in paragraph 24 of the Complaint.

25. Google denies the allegations in paragraph 25 of the Complaint.

26. Google denies the allegations in paragraph 26 of the Complaint.

27. Google denies the allegations in paragraph 27 of the Complaint.

**GENERAL ALLEGATIONS**

28. Google admits that it provides Internet search services to the public and derives approximately 98 percent of its revenue from the sale of advertising. Google denies the remaining allegations in paragraph 28 of the Complaint.

29. Google admits that on December 14, 2004, it issued a press release, which speaks for itself.

30. Google denies the allegations in paragraph 30 of the Complaint.

31. Google admits that it has digitally scanned some of the Works in the University Library and that it has resumed scanning some of the Works. Google further admits that it has scanned some of the Works without obtaining the copyright holder's permission, but avers that such permission is not required. Google denies the remaining allegations in paragraph 31 of the Complaint.

32. Google admits that it has entered into agreements with the libraries of Harvard University, Stanford University, and Oxford University and the New York Public Library to include some or all of their collections in the Library Project. Google denies the remaining allegations in paragraph 32 of the Complaint.

33. Google denies the allegations in paragraph 33 of the Complaint.

34. Google denies the allegations in paragraph 34 of the Complaint.

35. Google denies the allegations in paragraph 35 of the Complaint.

36. Google denies the allegations in paragraph 36 of the Complaint.

### COUNT ONE – Copyright Infringement
### (by Named Plaintiffs Only)

37. Google incorporates by reference its answers to paragraphs 1 through 36 above as if fully restated herein.

38. Google is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 38 of the Complaint that the Named Plaintiffs and the Class own a valid copyright in and to at least one Work that has been scanned by Google, and therefore denies such allegation. Google denies the remaining allegations in paragraph 38 of the Complaint.

39. Google admits that it has scanned some of the literary works contained in the University Library and that it intends to scan additional literary works in the University Library. Google denies the remaining allegations in paragraph 39 of the Complaint.

40. Google denies the allegations in paragraph 40 of the Complaint.

41. Google denies the allegations in paragraph 41 of the Complaint.

42. Google denies the allegations in paragraph 42 of the Complaint.

### COUNT TWO – Injunctive Relief
### (by All Plaintiffs)

43. Google incorporates by reference its answers to paragraphs 1 through 42 above as if fully restated herein.

44. Google admits that it has made digital scans of some of the works contained in the University Library. The announcement referred to in paragraph 44 of the Complaint speaks for itself. Google denies the remaining allegations in paragraph 44 of the Complaint.

45. Google denies the allegations in paragraph 45 of the Complaint.

46. Google denies the allegations in paragraph 46 of the Complaint.

47. Google denies the allegations in paragraph 47 of the Complaint.

48. Google denies the allegations in paragraph 48 of the Complaint.

49. Google denies the allegations in paragraph 49 of the Complaint.

50. Google denies the allegations in paragraph 50 of the Complaint.

### COUNT III – Declaratory Relief
### (by All Plaintiffs)

51. Google incorporates by reference its answers to paragraphs 1 through 50 above as if fully restated herein.

52. Google denies the allegations in paragraph 52 of the Complaint.

53. Google denies the allegations in paragraph 53 of the Complaint.

### JURY DEMAND

Defendant Google Inc. demands a jury trial of all issues triable by jury under applicable law.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of this action because Plaintiffs lack statutory and Article III standing to bring this action and/or because the case or controversy, if any ever existed, is now moot.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the remedies sought are barred by the First Amendment to the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are unsuitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

## FIFTH AFFIRMATIVE DEFENSE

Google's use of and activities with respect to books that are subject to copyright are subject to one or more of the limitations on 17 U.S.C. § 106 set forth in 17 U.S.C. §§ 107-122.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims are barred or subject to dismissal for failure to comply with renewal, notice, and registration requirements, and with other necessary formalities.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the copyrights on which Plaintiffs rely have been forfeited or abandoned.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' works or portions thereof are not original.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' works or portions thereof are in the public domain.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the merger doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' works or portions thereof constitute unprotectable ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' works or portions thereof constitute scènes à faire.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because Plaintiffs have engaged in copyright misuse and have unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims or some or all of the relief sought for such claims are barred by the doctrines of waiver, estoppel, laches, or acquiescence.

### FIFTEENTH AFFIRMATIVE DEFENSE

Google has a license to scan, copy, and/or display some or all of Plaintiffs' works or portions thereof.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because Plaintiffs do not own the copyright and/or electronic rights for some or all of the works.

WHEREFORE, Defendant Google Inc. respectfully prays the Court as follows:

1. That the Court dismiss the Complaint for lack of subject-matter jurisdiction;

2. That the Court dismiss the Complaint for failure to state a claim upon which relief can be granted;

3. That the Court deny certification of the proposed class;

4. That Plaintiffs recover nothing of Google;

5. That the Court deny Plaintiffs' request for injunctive and declaratory relief;

6. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiffs pursuant to 17 U.S.C. § 505 or other applicable law; and

7. That the Court grant Google such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            November 30, 2005.

*[signature: Robert J. Bernstein]*

Robert J. Bernstein (RB-4230)
Law Office of Robert J. Bernstein
488 Madison Avenue, 9th Floor
New York, NY 10022
Telephone: (212) 705-4811
Facsimile:  (212) 593-9175
Email: rjb@robert-bernsteinlaw.com

Joseph M. Beck (JB-9494)
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 1100
Atlanta, GA 30309-4530
Telephone:  (404) 815-6406
Facsimile:  (404) 541-3126
Email: JBeck@KilpatrickStockton.com

Adam H. Charnes (AC-0161)
Kilpatrick Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  (336) 607-7382
Facsimile:  (336) 734-2602
Email: ACharnes@KilpatrickStockton.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer, Jury Demand, and Affirmative Defenses of Defendant Google Inc. was served this 30th day of November, 2005, by e-mail on the following:

> Sanford P. Dumain (sdumain@milbergweiss.com)
> Laura Gundersheim (lgundersheim@milbergweiss.com)
> Milberg Weiss Bershad & Schulman LLP
> One Pennsylvania Plaza
> New York, NY 10119-0165
>
> Michael J. Boni (mboni@kohnswift.com)
> Kate Reznick (kreznick@kohnswift.com)
> Kohn, Swift & Graf, P.C.
> One South Broad Street, Suite 2100
> Philadelphia, PA 19107

_____
Robert J. Bernstein