Michael J. Boni (pro hac vice)
J. Kate Reznick (pro hac vice)
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone:  (215) 238-1700
Facsimile:  (215) 238-1968

Counsel for Plaintiffs and the Class

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| The Authors Guild, Associational Plaintiff, and Herbert Mitgang, Betty Miles, Daniel Hoffman, Paul Dickson and Joseph Goulden, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>            v.<br><br>Google Inc.,<br><br>      Defendant. | : : : : : : : : : : : : : | **FIRST AMENDED CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, by their attorneys, allege as follows:

### NATURE OF THE ACTION

1.      Plaintiffs are published authors and The Authors Guild, the nation's largest organization of book authors, which has as its primary purpose to advocate for and support the copyright and contractual interests of published writers.  The authors' works are contained in certain public and university libraries, and have not been licensed for commercial use.

10605_3

2.      Defendant Google Inc. ("Google") owns and operates a major Internet search engine that, among other things, provides access to commercial and other sites on the Internet.  Google has contracted with several public and university libraries to create digital "archives" of the libraries' collections of books, including that of the University of Michigan library.  As part of the consideration for creating digital copies of these collections, the agreement entitles Google to reproduce and retain for its own commercial use a digital copy of the libraries' archives.

3.      By creating for the University of Michigan library a digital copy of those works that are not in the public domain (the "Works"), by reproducing for itself a digital copy of the Works, and by distributing and publicly displaying those Works, Google is engaging in massive copyright infringement.  It has infringed, and continues to infringe, the electronic rights of the copyright holders of the Works.

4.      Google has announced plans to reproduce the Works for use on its website in order to attract visitors to its web site and generate advertising revenue thereby.

5.      Google knew or should have known that the Copyright Act, 17 U.S.C. § 101 *et seq*. ("the Act") required it to obtain authorization from the holders of the copyrights in these works before creating, distributing and reproducing digital copies of the Works for the University of Michigan library, for its own commercial use and for the use of others.  Despite this knowledge, Google has unlawfully reproduced, distributed and publicly displayed the Works, and intends to continue to do so, without the copyright holders' authorization.  Google has derived, and intends to continue to derive, revenue from this program by attracting more viewers and advertisers to its website.

2

10605_3

6.     By this action, plaintiffs, on behalf of themselves and all others similarly situated, seek damages, injunctive and declaratory relief with respect to Google's present infringement, and declaratory and injunctive relief with respect to Google's planned unauthorized commercial use of the Works.

## JURISDICTION AND VENUE

7.     This copyright infringement action arises under 17 U.S.C. § 101 *et seq.* This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (acts of Congress related to copyright).

8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because one of the named plaintiffs resides in this district and because defendant conducts business in this district.

## PARTIES

## THE NAMED PLAINTIFFS

9.     The individual plaintiffs ("named plaintiffs") are published, professional authors who created works for which the copyrights have been registered with the United States Copyright Office.

10.     Plaintiff Herbert Mitgang ("Mitgang") is a published author of numerous nonfiction books, novels and plays.  Mr. Mitgang resides in New York, New York.  He is the holder of the copyright in the published works *The Fiery Trial:  A Life of Lincoln* (registration number A536977) published by Viking Press, and other works contained in the library of the University of Michigan.

3

11.     Plaintiff Betty Miles ("Miles") resides in Shelburne, Vermont.  She is the author of several works of children's and young adult fiction and is a holder of copyright in the work *Just Think* (registration number A330604), published by Alfred A. Knopf.  This work is contained in the library of the University of Michigan.

12.     Plaintiff Daniel Hoffman ("Hoffman") resides in Swarthmore, Pennsylvania.  He is the author and editor of many volumes of poetry, translation, and literary criticism, and of a memoir.  He is the holder of copyright in the works *Barbarous knowledge: Myth in the Poetry of Yeats, Graves, and Muir* (registration number A896931 and registration renewal number RE-696-986) and *Striking the Stones* (registration number on A985815 and registration renewal number RE-730-198), both published by Oxford University Press.  These works are contained in the library of the University of Michigan.

13.     Plaintiff Paul Dickson ("Dickson") resides in Garrett Park, MD.  He is a full-time writer and the author of 46 books, including *There Are Alligators in Our Sewers, and Other American Credos*, Nos. TX-1-086-226 and VA-123-147, co-authored with plaintiff Joseph Goulden; *Family Words: The Dictionary for People Who Don't Know a Frone from a Brinkle*; No. TX-2-427-193; and *The Official Rules*, No. TX-166-929.  This work is contained in the library at the University of Michigan and has been digitally copied by Google.

14.     Plaintiff Joseph Goulden ("Goulden") resides in Washington, D.C.  He is the author of several books, including *There Are Alligators in Our Sewers, and Other American Credos*, Nos. TX-1-086-226 and VA-123-147, co-authored with plaintiff Paul Dickson.  This work is contained in the Library at the University of Michigan and has been digitally copied by Google.

4

10605_3

15.    Named plaintiffs are the exclusive owners of the copyrights for their Works listed above.  None of the named plaintiffs has authorized Google to reproduce his or her Works or to display, sell and/or distribute such Works on its website or anywhere else.

## ASSOCIATIONAL PLAINTIFF

16.    Plaintiff The Authors Guild, Inc. ("the Guild") is a not-for-profit corporation organized under New York law and having its place of business at 31 East 28th Street, New York, New York.  The Guild and its predecessor organization, the Authors League of America ("the League"), have been leading advocates for authors' copyright and contractual interests since the League's founding in 1912.  The Guild, whose membership includes more than 8,000 published authors, is the nation's largest organization of authors.  The activities of the Guild include reviewing members' publishing and agency contracts; intervening in disputes involving authors' rights; providing advice to members regarding developments in the law and in the publishing industry that affect their rights; and supporting legislation in matters affecting copyright, freedom of expression, taxation and other issues affecting professional writers.

17.    The Guild has associational standing to pursue claims for injunctive and declaratory relief on behalf of its members.  The member authors would have standing to sue in their own right.  The protection of authors' copyrights is germane, indeed central, to the purpose of the Guild.  Individual participation of the authors is not required to determine whether Google's copying and planned display of the authors' copyrighted works for commercial use is in violation of the Act and to provide injunctive and declaratory relief to the Guild and the authors.

10605_3

**DEFENDANT**

18.     Google is a Delaware corporation with its principal place of business located in Mountain View, California.  Google owns and operates the largest Internet search engine in the United States, which contains links to more than eight billion commercial and noncommercial Internet pages.  Its search engine is available free of charge to Internet users, and is supported in large part by commercial entities' purchase of advertising space on the site.

19.     Google posted revenues of more than $3 billion in 2004 and over $6 billion in 2005.  Advertising revenue makes up almost 99% of Google's earnings.

20.     Google made an Initial Public Offering of its stock on August 19, 2004. Google's stock has increased more than 400% in value from its opening price of $85 per share to its current trading price of more than $380 per share.

21.     Late in 2004 Google announced the launch of a project it calls the Google Library Project, which was part of a service it called Google Print and now calls Google Book Search.  Google Book Search is designed to allow users to search the text of books online.  The digital archiving of the Works that are the subject of this lawsuit was undertaken by Google as part of its Google Book Search Library Project.

**CLASS ALLEGATIONS**

22.     The Class is initially defined as all persons or entities that hold the copyright in a work that is contained in the library of the University of Michigan.  Excluded from the Class are (a) defendant and any entity in which any defendant has a controlling interest; (b) the employees, officers and directors of those identified in subparagraph (a); and (c) the heirs, successors, assigns and legal representatives of the persons identified in subparagraph (b) above.

6

10605_3

23.    This action has been brought and may properly be maintained as a Class Action pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

24.    <u>Numerosity of the Class – Fed. R. Civ. Proc. 23(a)(1)</u>:  The persons and/or entities in the Class are so numerous that their joinder is impractical, and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The exact number of members of the Class is not known to plaintiffs, but plaintiffs reasonably estimate that there are at least thousands of class members.

25.    <u>Existence and Predominance of Common Question of Law and Fact – Fed. R. Civ. Proc. 23(a)(2) & 23(b)(3)</u>:  There is a well-defined community of interest in the questions of law and fact involved affecting the Class.  Questions of law and fact common to the Class include, but are not limited to, the following:

a.    Whether Google created a digital copy of the Works for the University of Michigan library;

b.    Whether the creation of a digital copy of the Works for the University of Michigan library constitutes copyright infringement;

c.    Whether Google reproduced for its own commercial use copies of the Works from the University of Michigan library;

d.    Whether the reproduction by Google of such copies constitutes copyright infringement;

e.    Whether Google's public display of the Works on its commercial website infringes the copyrights of named plaintiffs and the Class;

10605_3

f.      Whether Google's copying and display of the Works on its commercial website is a "fair use" of the Works;

g.      Whether Google acted willfully with respect to the acts complained of herein;

h.      Whether plaintiffs Dickson and Goulden and the Class have sustained damages and, if so, the proper measure of such damages;

i.      Whether injunctive relief is appropriate.

These questions of law and fact predominate over questions that affect only individual class members.

26.    <u>Typicality – Fed. R. Civ. Proc. 23(a)(3)</u>:  The claims of the named plaintiffs are typical of those of the Class.  Named plaintiffs own copyrights in works that have been copied by Google without authorization.  The claims of the named plaintiffs and all members of the Class depend on a showing of the acts of Google complained of herein.

27.    <u>Adequacy of Representation – Fed. R. Civ. Proc. 23(a)(4)</u>:  Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class.  Plaintiffs' interests do not in any way conflict with the interests of the members of the Class that they seek to represent.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in complex class action litigation and experienced in copyright actions to represent them.

28.    <u>Injunctive Relief – Fed. R. Civ. Proc. 23(b)(2)</u>:  Google has acted or refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

8

10605_3

29.     Superiority – Fed. R. Civ. Proc. 23(b)(3):  A class action is the best

available method for the fair and efficient adjudication of this controversy.  Since the damages

suffered by individual class members, while not inconsequential, may be relatively small, the

expense and burden of individual litigation make it impractical for members of the Class to seek

redress individually for the wrongful conduct alleged herein.  Should separate actions be required

to be brought by each individual member of the Class, the resulting multiplicity of lawsuits

would cause undue hardship and expense on the Court and the litigants.  A class action is

therefore the best method to assure that the wrongful conduct alleged herein is remedied, and that

there is a fair, efficient, and full adjudication of this controversy.  Plaintiffs anticipate no undue

difficulty in the management of this litigation as a class action.

## GENERAL ALLEGATIONS

30.     Google is in the business of providing Internet search services to the

public.  It derives approximately 99% of its revenues directly from the sale of advertising, and

would likely be unable to offer its search engine and other services to the public free of charge

without a continued stream of advertising revenues.

31.     On December 14, 2004, Google announced in a press release that it has

entered into agreements with four university libraries and one public library to "digitally scan

books from their collections so that users worldwide can search them in Google."  According to

Google's release, this is to be an "expansion of the Google Print program, which assists

publishers in making books and other offline information searchable online.  Google is now

working with libraries to digitally scan books from their collections, and over time will integrate

9

this content into the Google index, to make it searchable for users worldwide." Google's press release also claimed that it would make "brief excerpts" of copyrighted material available.

32.     Google is providing the scanning technology that allows the library books to be copied.

33.     Google plans to use the Works from the library of the University of Michigan in order to attract visitors and, thereby, advertisers, to its website.

34.     Google has already copied some of the Works in the University of Michigan library, including the book co-authored by plaintiffs Dickson and Goulden and at least two other books authored by plaintiff Dickson, as part of its contractual relationship with the University. In so doing, Google has reproduced at least two digital copies of the Works – one for the University of Michigan library and the other for Google's own commercial use – without the copyright holders' permission and in violation of their rights under copyright. Google has also announced plans to publicly display the Works on its commercial website.

35.     Further, Google has announced plans to include in its Google Library Project the works contained in four other libraries: Harvard University, Stanford University, the University of Oxford, and the New York Public Library. Google intends to copy those Works that are in the libraries of Harvard and Stanford without seeking authority from the copyright owners. (Oxford and the New York Public Library have indicated that Google will be limited to copying only works that are in the public domain.)

36.     Google continues to reproduce digitized copies of the Class's Works without their authorization. Google continues to display the Works on its website for the commercial purposes detailed above.

10

10605_3

37.     Google's acts have caused, and unless restrained, will continue to cause damages and irreparable injury to plaintiffs and the Class through:

      a.     continued copyright infringement of the Works and/or the effectuation of new and further infringements;

      b.     depreciation in the value and ability to license and sell their Works;

      c.     lost profits and/or opportunities; and

      d.     damage to their goodwill and reputation.

38.     Google acted willfully or knew or should have known that its actions constitute infringement.

39.     Named plaintiffs and members of the Class have suffered damages and/or are in imminent danger of suffering further damages from Google's unlawful practices.

### COUNT ONE - Copyright Infringement
### (by Named Plaintiffs Dickson and Goulden Only)

40.     Named plaintiffs Dickson and Goulden reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

41.     Named plaintiffs Dickson and Goulden and certain members of the Class own a valid copyright in and to at least one Work that has been copied by Google.  They, not Google, have the exclusive rights to, among other things, reproduce their Works, distribute copies of their Works to the public, publicly display their Works, and authorize such reproduction, distribution and display of their Works.

42.     Google has made and reproduced for its own commercial use at least one copy of some of the works contained in the University of Michigan Library, which contains the

11

10605_3

Works that are the subject of this action, and Google has stated that it intends to copy most, if not all, of the works in the collection of that library.

43.    Google's conduct is in violation of the copyrights held by named plaintiffs Dickson and Goulden and other members of the Class.

44.    Google's infringement of the copyrights of the Works was willful.

45.    As a result of Google's acts of copyright infringement and the foregoing allegations, named plaintiffs Dickson and Goulden and certain members of the Class have suffered damages.

## COUNT TWO - Injunctive Relief
### (by All Plaintiffs)

46.    Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

47.    Google has already begun reproducing Works contained in the library of the University of Michigan.  In addition, Google has announced plans to expand its Google Library Project to include the libraries of Harvard, Oxford, Stanford, and the New York Public Library.

48.    Google has also announced plans to launch a program by which it will place the unlawfully copied Works from the University of Michigan and the other libraries on its website in order to generate consumer traffic and advertising revenues.

49.    Google's commercial use of the Works would constitute additional wholesale copyright infringement.

10605_3

50.    Unless enjoined from doing so, Google's commercial use of the Works will cause plaintiffs and the Class irreparable harm by depriving them of both the right to control the reproduction and/or distribution of their copyrighted Works and to receive revenue therefrom.

51.    Plaintiffs and the Class are likely to succeed on the merits of their copyright infringement claim because Google's and the University of Michigan's existing and planned uses of the Works do not fall within any of the statutory exceptions to copyright infringement and are in violation of copyright.

52.    The balance of hardships tips in favor of plaintiffs and the Class, because Google's massive earnings will not be severely damaged by its inability to create a new stream of advertising revenues and because other comprehensive electronic databases exist for public use.

53.    Plaintiffs are therefore entitled to an injunction barring Google from continued infringement of the copyrights of named plaintiffs and the Class, and other equitable relief as more fully set forth in the Prayer for Relief.

## COUNT THREE – Declaratory Relief
### (by All Plaintiffs)

54.    Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

55.    An actual controversy exists between The Authors Guild, named plaintiffs and the Class on one hand, and Google on the other hand, by reason of Google's announced present and continuing infringement of named plaintiffs' and the Class's copyrights as alleged herein, and announcement that it will not cease and desist from, or remedy, its wholesale infringement of the Works.

13

10605_3

56.    Plaintiffs are entitled to a judgment declaring that Google's actions are unlawful and, specifically, that Google infringed and continues to infringe Named Plaintiffs' and the Class's copyrights in violation of the Copyright Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs pray for relief and that judgment be entered against defendant as follows:

A.    For certification of the Class;

B.    For an award of statutory damages, plaintiffs' actual damages, and/or defendant's profits;

C.    For an injunction (a) barring Google from continued infringement of the copyrights of named plaintiffs and the Class, and/or (b) other equitable relief to redress any continuing violations of the Act;

D.    For (a) permanent injunctive and declaratory relief barring Google from continued infringement of the copyrights of Named Plaintiffs and the Class, and/or (b) other equitable relief to redress any continuing violations of the Act;

E.    For costs and attorneys' fees; and

F.    For such other and further relief as the Court finds just and proper.

14

10605_3

## DEMAND FOR JURY TRIAL

Plaintiffs, as provided by Rule 38 of the Federal Rules of Civil Procedure, request trial by jury in the above-captioned matter.


Dated: June 19, 2006

*Michael J. Boni / JKR*

Michael J. Boni (pro hac vice)
J. Kate Reznick (pro hac vice)
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone:  (215) 238-1700
Facsimile:  (215) 238-1968

Sanford P. Dumain (SD-8712)
Shannon M. McKenna (not yet admitted in SDNY)
Milberg, Weiss, Bershad & Schulman LLP
One Pennsylvania Plaza
New York, New York 10119
Tel:  (212) 594-5300
Fax:  (212) 868-1229

Counsel for Plaintiffs and the Class

15

10605_3