UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

The Authors Guild, et al.,

    Plaintiffs,

v.

Google Inc.,

    Defendant.

Case No. 05 CV 8136-JES

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
TO AMEND THE COMPLAINT**

Plaintiffs file this memorandum in support of their motion, pursuant to Fed. R. Civ. P. 15(a), to amend the complaint to include authors Paul Dickson and Joseph Goulden as additional named plaintiffs.

**I.    FACTUAL AND PROCEDURAL HISTORY**

In December 2004, Google announced its Print Library Project (now known as the Google Book Search Library Project). Google contracted with five libraries – the University of Michigan, Harvard University, Stanford University, Oxford University and the New York Public Library – to create digital copies of the books in those libraries. Beginning in early 2005, Google has been making digital copies of the books contained in the University of Michigan Library, including books whose copyright owners have not authorized Google to make any such copies. Google plans to use the works for its own commercial purposes by allowing users of Google's search engine to search for and view portions of the works. The increased traffic on Google's web pages would enable Google to enjoy increased advertising revenues.

Plaintiffs filed their Class Action Complaint against Google on September 20, 2005, alleging that Google directly infringed the copyrights of plaintiffs and class members under the Copyright Act, 17 U.S.C. § 101 *et seq.* The action was filed on behalf of a class consisting of all

19341_1

persons or entities that hold a copyright to a literary work that is contained in the University of Michigan Library. Plaintiffs are The Authors Guild, a nonprofit authors' rights trade association, and Herbert Mitgang, Betty Miles and Daniel Hoffman, three authors whose books are contained in the University of Michigan Library. In a conference held by telephone on October 25, 2005, Google advised plaintiffs and the Court that it has not and does not plan to copy the works of plaintiffs Mitgang, Miles and Hoffman. Google argued that, accordingly, those persons lack standing to sue for monetary damages.

Messrs. Dickson and Goulden are co-authors of a book that is contained in the University of Michigan Library. Their work, *There Are Alligators in Our Sewers, and Other American Credos*, has already been copied by Google. In addition, two works by Mr. Dickson, *The Official Rules* and *Family Words: The Dictionary for People Who Don't Know a Frone from a Brinkle*, have already been copied by Google. Plaintiffs first discovered that *Alligators in Our Sewers* had been copied in April 2006 when they received from Google a list of the works Google had already copied, and Mr. Dickson discovered that his other two works had been copied in June 2006 when Google produced an additional list. Plaintiffs could not have discovered this fact earlier in the litigation because Google was in sole possession of the list of books it had already copied.

## II.    ARGUMENT

Pursuant to the Federal Rules of Civil Procedure, a party may amend a pleading "by leave of court or by written consent of the adverse party; and leave *shall be freely given when justice so requires*." Fed. R. Civ. P. 15(a) (emphasis added). As many courts have noted, Rule 15(a) "encourages liberal amendment." *Katz v. Morgenthau*, 892 F.2d 20, 22 (2d Cir. 1989); *see also Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 161 (S.D.N.Y.) (noting the "liberal mandate" of Rule 15(a); *S.E.C. v. DCI Telecomm. Inc.*, 207 F.R.D. 32, 34 (S.D.N.Y. 2002) (discussing the

"customary freedom to amend" under Rule 15(a)). One commentator has aptly described the standard that courts apply to requests for leave to amend as "permissive," noting that "the rule's purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." 6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1488; *accord* 3 Moore's Federal Practice ¶ 15.15[2].

The Supreme Court has set forth a number of factors that a court should consider in deciding whether a party should be allowed to amend its pleading under Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Second Circuit, of course, follows *Foman*, but has also designated what it considers the most important factors in deciding whether to grant leave to amend: "considerations of undue delay, bad faith, and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998), quoting *Barrows v. Forest Labs.*, 742 F.2d 54, 58 (2d Cir.1984) (footnote omitted). Factors relevant to a showing of prejudice include "whether the assertion of new claims would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] (ii) significantly delay the resolution of the dispute...." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993). In fact, "[o]ne of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." *Krumme*, 143 F.3d at 88, quoting *H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 112 F.R.D. 417, 419 (S.D.N.Y.1986) (collecting cases). For example, a proposed amendment may be

19341_1

3

found to prejudice defendants when discovery has been completed and a summary judgment motion has been filed. *See Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985).

In this case, defendant will not be prejudiced by the amendment of the complaint. First, the amendment is not futile. The addition of new plaintiffs will put to rest issues that Google has raised concerning standing. Second, because plaintiffs have not previously requested amendment, there is no "repeated failure to cure deficiencies in previous amendments" as discussed in *Foman*. Third, plaintiffs are not acting with malice, dilatory motive or bad faith; the additional plaintiffs are being added to protect the interests of plaintiffs and the class, not to prolong the litigation, force unfair settlement, or press frivolous claims.

There was no undue delay in the filing of the motion to amend, and the amendment will not cause undue delay of the action. To the contrary, this motion is filed by the deadline set forth in Paragraph 11(d) of the Case Management Order of May 22, 2006 ("Motions to amend the initial pleadings shall be filed by Monday, June 19, 2006."), and the amendment will not cause any delay of the disposition of the action.

Amendment of the complaint does not prejudice defendant. A showing of undue prejudice requires more than a statement that "[a]dditional time, money and effort will be expended" to meet the claims set forth in an amendment. *S.E.C. v. DCI*, 207 F.R.D. at 34. Rather, the new claims must require the opponent to expend "significant additional resources" in preparing its case or "significantly delay" the disposition of the dispute. *Block*, 988 F.2d at 350. The addition of two named plaintiffs in no way will rise to the level of "undue prejudice."

Finally, amendment of the complaint will result in significant judicial economy. Because the Court has ordered consolidation of any similar action subsequently filed, a new complaint

could be filed in which Messrs. Dickson and Goulden would be named as plaintiffs and the claims against Google would include contributory and vicarious infringement. This process, however, would likely require additional time and expense for all involved, and would be more likely to delay the ultimate disposition of the action than would the amendment of the original complaint. Therefore, granting plaintiffs' motion here would not only allow plaintiffs to best pursue their claims, but would also result in significant conservation of time and resources for the Court and the parties.

### III. CONCLUSION

For the foregoing reasons, plaintiffs request that the Court grant their motion to amend the complaint.

Dated: June 19, 2006

*/s/ Michael J. Boni / JKR*
Michael J. Boni (pro hac vice)
J. Kate Reznick (pro hac vice)
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

Sanford P. Dumain (SD-8712)
Shannon M. McKenna (not yet admitted in SDNY)
Milberg, Weiss, Bershad & Schulman LLP
One Pennsylvania Plaza
New York, New York 10119
Tel: (212) 594-5300
Fax: (212) 868-1229

Counsel for Plaintiffs and the Class