UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE AUTHORS GUILD, Associational Plaintiff, HERBERT MITGANG, BETTY MILES, DANIEL HOFFMAN, PAUL DICKSON, and JOSEPH GOULDEN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05 CV 8136 (JES) |
| v. | ) ) | |
| GOOGLE INC., | ) ) | |
| Defendant. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT GOOGLE INC. TO THE FIRST AMENDED COMPLAINT

Defendant Google Inc. ("Google") answers Plaintiffs' First Amended Complaint as

follows:

### NATURE OF THE ACTION

1.     Google denies that Plaintiffs' works have not been licensed for commercial use.

Google is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 1 of the First Amended Complaint and therefore denies such

allegations.

2.     Google admits that it owns and operates an Internet search engine, that it has

contracted with several public and university libraries (including the University Library of the

University of Michigan at Ann Arbor ("University Library")) to digitally scan and create a

searchable index of the words in many books in their collections, and that it will retain a digital

scan of such books.  Google denies the remaining allegations in paragraph 2 of the First Amended Complaint.

3.    Google denies the allegations in paragraph 3 of the First Amended Complaint.

4.    Google denies the allegations in paragraph 4 of the First Amended Complaint.

5.    Google denies the allegations in paragraph 5 of the First Amended Complaint.

6.    Google admits that Plaintiffs have brought a purported class action seeking damages and injunctive and declaratory relief for alleged copyright infringement.  Google denies the remaining allegations in paragraph 6 of the First Amended Complaint.

## JURISDICTION AND VENUE

7.    Google admits that Plaintiffs purport to bring a copyright infringement action under 17 U.S.C. § 101, *et seq.*, and that such an action presents a federal question under 28 U.S.C. §§ 1331 and 1338.

8.    Google admits the allegations in paragraph 8 of the First Amended Complaint.

## PARTIES

## THE NAMED PLAINTIFFS

9.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the First Amended Complaint and therefore denies such allegations.

10.    Google admits that the Library Catalog of the University of Michigan ("Library Catalog") indicates that *The Fiery Trial:  A Life of Lincoln* and other works by Herbert Mitgang are contained in the University Library.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the First Amended Complaint and therefore denies such allegations.

11.    Google admits that the Library Catalog indicates that *Just Think* is contained in the University Library. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the First Amended Complaint and therefore denies such allegations.

12.    Google admits that the Library Catalog indicates that *Barbarous Knowledge: Myth in the Poetry of Yeats, Graves, and Muir* and *Striking the Stones* are contained in the University Library. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the First Amended Complaint and therefore denies such allegations.

13.    Google admits that the Library Catalog indicates that *Family Words: The Dictionary for People Who Don't Know a Frone from a Brinkle*; *There Are Alligators in Our Sewers, and Other American Credos*; and *The Official Rules* are contained in the University Library. Google admits that it has created a digital scan of *There Are Alligators in Our Sewers, and Other American Credos*; *The Official Rules*; and *Family Words: The Dictionary for People Who Don't Know a Frone from a Brinkle*. Google denies that it has created a digital scan of *Family Words: The Dictionary for People Who Don't Know a Frone from a Brinkle* from a copy contained in the University Library. Google avers that it received a copy of *Family Words: The Dictionary for People Who Don't Know a Frone from a Brinkle* from that book's publisher (Broadcast Interview Source, Inc.) and the publisher's agent, and that it created a digital scan from one of these copies, which scan was specifically licensed by the publisher. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the First Amended Complaint and therefore denies such allegations.

14.     Google admits that the Library Catalog indicates that *There Are Alligators in Our Sewers, and Other American Credos* is contained in the University Library.  Google admits that it has created a digital scan of *There Are Alligators in Our Sewers, and Other American Credos*. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the First Amended Complaint and therefore denies such allegations.

15.     Google avers that is has received a license from the publisher of *Family Words: The Dictionary for People Who Don't Know a Frone from a Brinkle* to reproduce this work and to display and distribute it on Google's website.  Subject to the previous sentence, Google admits that it has not entered into any agreements with the Named Plaintiffs concerning the books listed in paragraphs 10 through 14 of the First Amended Complaint.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the First Amended Complaint and therefore denies such allegations.

## ASSOCIATIONAL PLAINTIFF

16.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the First Amended Complaint and therefore denies such allegations.

17.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations that the member authors of the Authors Guild would have standing to sue Google for copyright infringement in their own right and that protection of authors' copyrights is germane to the purposes of the Authors Guild, and therefore denies such allegations.  Google denies the remaining allegations in paragraph 17 of the First Amended Complaint.

## DEFENDANT

18.      Google admits the allegations in paragraph 18 of the First Amended Complaint.

19.      Google admits the allegations in paragraph 19 of the First Amended Complaint.

20.      Google admits that it made the initial public offering of its stock on August 19, 2004, that its stock's opening price was $85 per share, and that, at the time of the filing of the First Amended Complaint, the trading price of its common stock was more than $380 per share. Google denies the remaining allegations in paragraph 20 of the First Amended Complaint.

21.      Google admits that in 2004 it announced the launch of the Google Library Project, which is part of its Google Book Search (formerly known as Google Print) service. Google further admits that Google Book Search allows users to search an index of the words in books online. Google denies the remaining allegations in paragraph 21 of the First Amended Complaint.

## CLASS ALLEGATIONS

22.      Google admits that the First Amended Complaint purports to define a class as set forth in paragraph 22 of the First Amended Complaint.

23.      Google denies the allegations in paragraph 23 of the First Amended Complaint.

24.      Google denies the allegations in paragraph 24 of the First Amended Complaint.

25.      Google denies the allegations in paragraph 25 of the First Amended Complaint.

26.      Google denies the allegations in paragraph 26 of the First Amended Complaint.

27.      Google denies the allegations in paragraph 27 of the First Amended Complaint.

28.      Google denies the allegations in paragraph 28 of the First Amended Complaint.

29.      Google denies the allegations in paragraph 29 of the First Amended Complaint.

## GENERAL ALLEGATIONS

30.    Google admits that it provides Internet search services to the public, that it derives approximately 99 percent of its revenue from the sale of advertising, and that the advertising revenues it receives are used to support its search engine and the other services offered to the public free of charge.  Google denies the remaining allegations in paragraph 30 of the First Amended Complaint.

31.    Google admits that on December 14, 2004, it issued a press release, which speaks for itself.

32.    Google admits the allegations in paragraph 32 of the First Amended Complaint.

33.    Google denies the allegations in paragraph 33 of the First Amended Complaint.

34.    Google admits that it has digitally scanned some of the Works in the University Library as part of its contractual relationship with the University Library, including *There Are Alligators in Our Sewers, and Other American Credos* and *The Official Rules*.  Google further admits that it has scanned some of the Works without obtaining the copyright holder's permission, but avers that such permission is not required.  Google denies that it has copied *Family Words: The Dictionary for People Who Don't Know a Frone from a Brinkle* from a copy in the University Library.  Google denies the remaining allegations in paragraph 34 of the First Amended Complaint.

35.    Google admits that it has entered into agreements with the libraries of Harvard University, Stanford University, and Oxford University and the New York Public Library to include some or all of their collections in the Library Project.  Google admits that Oxford and the New York Public Library have indicated that Google will copy only works that are in the public

domain.  Google denies the remaining allegations in paragraph 35 of the First Amended

Complaint.

36.     Google denies the allegations in paragraph 36 of the First Amended Complaint.

37.     Google denies the allegations in paragraph 37 of the First Amended Complaint.

38.     Google denies the allegations in paragraph 38 of the First Amended Complaint.

39.     Google denies the allegations in paragraph 39 of the First Amended Complaint.

## COUNT ONE – Copyright Infringement
### (by Named Plaintiffs Dickson and Goulden Only)

40.     Google incorporates by reference its answers to paragraphs 1 through 39 above as

if fully restated herein.

41.     Google is without knowledge or information sufficient to form a belief as to the

truth of the allegation in paragraph 41 of the First Amended Complaint that the plaintiffs

Dickson and Goulden and certain members of the Class own a valid copyright in and to at least

one Work that has been scanned by Google, and therefore denies such allegation.  Google denies

the remaining allegations in paragraph 41 of the First Amended Complaint.

42.     Google admits that it has scanned some of the works contained in the University

Library and that it intends to scan additional works in the University Library.  Google denies the

remaining allegations in paragraph 42 of the First Amended Complaint.

43.     Google denies the allegations in paragraph 43 of the First Amended Complaint.

44.     Google denies the allegations in paragraph 44 of the First Amended Complaint.

45.     Google denies the allegations in paragraph 45 of the First Amended Complaint.

## COUNT TWO – Injunctive Relief
### (by All Plaintiffs)

46.     Google incorporates by reference its answers to paragraphs 1 through 45 above as

if fully restated herein.

47.     Google admits that it has made digital scans of some of the works contained in the University Library.   The announcement referred to in paragraph 47 of the First Amended Complaint speaks for itself.  Google denies the remaining allegations in paragraph 47 of the First Amended Complaint.

48.     Google denies the allegations in paragraph 48 of the First Amended Complaint.

49.     Google denies the allegations in paragraph 49 of the First Amended Complaint.

50.     Google denies the allegations in paragraph 50 of the First Amended Complaint.

51.     Google denies the allegations in paragraph 51 of the First Amended Complaint.

52.     Google denies the allegations in paragraph 52 of the First Amended Complaint.

53.     Google denies the allegations in paragraph 53 of the First Amended Complaint.

### COUNT III – Declaratory Relief
### (by All Plaintiffs)

54.     Google incorporates by reference its answers to paragraphs 1 through 53 above as if fully restated herein.

55.     Google denies the allegations in paragraph 55 of the First Amended Complaint.

56.     Google denies the allegations in paragraph 56 of the First Amended Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of this action because Plaintiffs lack statutory and Article III standing to bring this action and/or because the case or controversy, if any ever existed, is now moot.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the remedies sought are barred by the First Amendment to the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are unsuitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

### FIFTH AFFIRMATIVE DEFENSE

Google's use of and activities with respect to books that are subject to copyright are subject to one or more of the limitations on 17 U.S.C. § 106 set forth in 17 U.S.C. §§ 107-122.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims are barred or subject to dismissal for failure to comply with renewal, notice, and registration requirements, and with other necessary formalities.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the copyrights on which Plaintiffs rely have been forfeited or abandoned.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' works or portions thereof are not original.

### NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' works or portions thereof are in the public domain.

### TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the merger doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' works or portions thereof constitute unprotectable ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' works or portions thereof constitute scènes à faire.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because Plaintiffs have engaged in copyright misuse and have unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims or some or all of the relief sought for such claims are barred by the doctrines of waiver, estoppel, laches, or acquiescence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Google has a license to scan, copy, and/or display some or all of Plaintiffs' works or portions thereof and to include some or all of Plaintiffs' works in the Google Book Search project.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because Plaintiffs do not own the copyright and/or electronic rights for some or all of the works.

WHEREFORE, Defendant Google Inc. respectfully prays the Court as follows:

1.    That the Court dismiss the First Amended Complaint for lack of subject-matter jurisdiction;

2.    That the Court dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted;

3.    That the Court deny certification of the proposed class;

4.    That Plaintiffs recover nothing of Google;

5.    That the Court deny Plaintiffs' request for injunctive and declaratory relief;

6.    That the costs of this action, including reasonable attorneys' fees, be taxed against

Plaintiffs pursuant to 17 U.S.C. § 505 or other applicable law; and

7.    That the Court grant Google such other and further relief as the Court deems just

and proper.

Dated:    July 26, 2006.

Joseph M. Beck (JB 9494)
Alex S. Fonoroff (AF 2533)
Ronald L. Raider
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 1100
Atlanta, GA 30309-4530
Telephone:  (404) 815-6406
Facsimile:  (404) 541-3126

Adam H. Charnes (AC 0161)
Kilpatrick Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  (336) 607-7382
Facsimile:  (336) 734-2602

Jeffrey A. Conciatori
Quinn Emanuel Urquhart Oliver & Hedges
335 Madison Avenue, 17h Floor
New York, NY 10017
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100

Attorneys for Defendant Google Inc.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GOOGLE INC. TO THE FIRST AMENDED COMPLAINT was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send email notification of such filing to the following attorneys of record:

> Sanford P. Dumain (sdumain@milbergweiss.com)
> Laura Gundersheim (lgundersheim@milbergweiss.com)
> Milberg Weiss Bershad & Schulman LLP
> One Pennsylvania Plaza
> New York, NY 10119-0165
>
> Michael J. Boni (mboni@kohnswift.com)
> Kate Reznick (kreznick@kohnswift.com)
> Kohn, Swift & Graf, P.C.
> One South Broad Street, Suite 2100
> Philadelphia, PA 19107

This 26th day of July, 2006

Adam H. Charnes

US2000 9373891.5