USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 11/21/07

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| The Authors Guild, et al. | : |
| Plaintiffs, | :     Case No. 05 CV 8136-JES |
| v. | : |
| Google Inc., | : |
| Defendant. | : |
| The McGraw-Hill Companies, Inc., et al. | : |
| Plaintiffs, | :     Case No. 05 CV 8881-JES |
| v. | : |
| Google Inc., | : |
| Defendant. | : |

**[PROPOSED] AMENDED CASE MANAGEMENT ORDER**
**REGARDING COORDINATION AND SCHEDULING**

IT IS HEREBY ORDERED as follows:

**I.**

**COORDINATION**

1.   The above-captioned actions pending in this Court are hereby coordinated for all pre-trial purposes before this Court. These actions shall be referred to herein as "Coordinated Actions." This Case Management Order (the "Order") shall apply as specified to the Coordinated Actions and to each related case that is subsequently filed in, or transferred to, this Court.

2.   The parties in the Coordinated Actions will coordinate discovery to avoid duplication of time and expense, as follows:

a.    The Joint Protective Order, entered concurrently with this Order, will govern the designation of documents for confidential treatment.

b.    Deposition witnesses in one action may be examined by counsel in the other action, and the same witness will not be required to give testimony separately in both actions except for good cause shown.  This applies to party witnesses and third-party witnesses.

c.    With respect to discovery disputes, the parties are required to meet and confer in good faith within five business days of the first initiation of a dispute.

d.    Each document produced in the Coordinated Actions shall be produced to counsel for all parties in the Coordinated Actions.  If a document produced in the Coordinated Actions is designated *Confidential Information* or *Highly Confidential Information*, it shall be treated by all parties in accordance with the terms set forth in the Protective Order governing the Coordinated Actions.

## II.

## CONSOLIDATION

3.    Any other action hereafter filed in, or transferred to, this Court as a class action on behalf of copyright holders, which action arises out of the same facts or course of conducts as alleged in the Authors Guild action will be consolidated for all pre-trial purposes as soon as it is drawn to the Court's attention.  In such event, a Master Docket and a Master File will be established for these actions (the "Consolidated Actions").  Entries in said Master Docket shall be applicable to these Consolidated Actions as more fully set forth below.  Separate dockets shall not be maintained for each of the Consolidated Actions.

4.    The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such, in accordance with the Federal Rules of Civil Procedure.

### III

### NEWLY FILED OR TRANSFERRED ACTIONS

5.    Without prejudice to whether or not a case ought to be transferred to this Court, when a case that relates to the subject matter of the Consolidated Actions is hereafter filed in, or transferred to, this Court, the Clerk of this Court shall:

    a.    Place a copy of this Order in the separate file for such action.

    b.    Disseminate, electronically or otherwise, a copy of the order of assignment to counsel for the parties in the Consolidated Actions as well as to counsel for the parties in the Coordinated Actions.

    c.    Disseminate, electronically or otherwise, a copy of this Order to the attorneys for plaintiff(s) in the newly filed or transferred case.

    d.    Make an appropriate entry in the Master Docket.

6.    This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Actions.

7.    This Order shall apply to each case subsequently filed in, or transferred to, this Court unless a party objecting to the consolidation of such case or to any other provision of this Order shall, within twenty days after the date upon which a copy of this Order is disseminated electronically or otherwise to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

IV.

## ORGANIZATION OF THE CLASS ACTION PLAINTIFFS' COUNSEL

8.  The organizational structure of the class action plaintiffs' counsel established by this Order shall be applicable to the Consolidated Actions, including any action subsequently consolidated pursuant to Section III above.

9.  Appointment of Co-Lead Counsel will facilitate the efficient conduct of this litigation and communication both among plaintiffs' counsel and with counsel for defendants. To act on behalf of the class action plaintiffs, the Court appoints Michael J. Boni of Boni & Zack LLC and Sanford P. Dumain of Milberg Weiss Bershad & Schulman LLP.

10. Co-Lead Counsel shall be responsible for coordinating the activities of the class action plaintiffs during the pretrial proceedings and shall monitor the activities of the class action co-counsel to assure that schedules are met and unnecessary expenditures of time and expenses are avoided.  Specifically, Co-Lead Counsel shall:

a.  Determine the position of the class action plaintiffs on all matters arising during the pretrial proceedings and presenting such positions to the Court and opposing parties (personally or by a designee);

b.  Coordinate the initiation and conduct of discovery on behalf of the class action plaintiffs, consistent with the requirements of the Federal Rules of Civil Procedure, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

c.  Conduct settlement negotiations;

4

          d.   Delegate responsibilities for specific tasks to other counsel for the class action plaintiffs in a manner to assure that pretrial preparation for the class action plaintiffs is conducted effectively, efficiently and economically;

          e.   Monitor the activities of the class action co-counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided;

          f.   Maintain and distribute to the class action co-counsel and to defendant's counsel an up-to-date service list;

          g.   Receive and, as appropriate, distribute to the class action co-counsel orders from the court and documents from defendant's counsel; and

          h.   Perform such other duties as may be incidental to the proper coordination of the class action plaintiffs' pretrial activities or authorized by further order of the Court.

V.

**PRE-TRIAL SCHEDULE**

     11. The following deadlines shall apply:

          a.  The Joint Protective Order shall be entered simultaneous with the entry of this Order.

          b.  The parties agree to waive their respective rights to file a Rule 26(f) Report.

          c.  Initial Disclosures under Rule 26(a)(1) shall be exchanged by Friday, May 19, 2006.

          d.  Motions to amend the initial pleadings shall be filed by Monday, June 19, 2006.

5

e. Documents responsive to the parties' document production requests served on or before Friday, September 29, 2006 are to be produced on a rolling basis. Barring further Order of this Court, this production shall be completed by Monday, January 28, 2008. Notwithstanding the foregoing, after Monday, January 28, 2008, the parties, as appropriate, shall supplement this production in accordance with the Federal Rules of Civil Procedure, and shall have the right to serve supplemental document requests after September 29, 2006.

f. Third party discovery may begin on April 20, 2006.

g. Merits discovery shall be completed by Monday, November 17, 2008.

h. Disclosure of expert witnesses required under Rule 26(a)(2)(A) shall be exchanged on Monday, September 22, 2008.

i. Initial expert reports required under Rule 26(a)(2)(B) shall be exchanged on Monday, October 20, 2008.

j. Rebuttal expert reports shall be exchanged on Monday, November 10, 2008.

k. Expert depositions shall be taken from Monday, November 10, 2008 through Monday, December 22, 2008.

l. Motions for Summary Judgment, if any, shall be filed by Monday, February 16, 2009.

m. Oppositions to Motions for Summary Judgment shall be filed within 30 days of service of the motion for summary judgment.

n. [Intentionally left blank.]

o. To the extent Class Plaintiffs prevail in whole or in part on their motion for summary judgment, or to the extent any claims of the Class Plaintiffs survive summary

6

judgment, Plaintiffs' Motion for Class Certification shall be filed 30 days after the Court's

decision(s) with respect to summary judgment.

p. Defendant's Opposition to any Motion for Class Certification shall be

filed 60 days after the motion for class certification has been filed.

q. Plaintiffs' Reply in support of Class Certification shall be filed 30 days

after the Opposition is filed.

r. All conferences previously scheduled in the Coordinated Actions are

hereby adjourned.  The Pretrial Conference shall take place on _____

**IT IS SO ORDERED**.

_____
Dated: _11/19/07_                         John E. Sprizzo, U.S.D.J.

7