UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
The Authors Guild, Inc., Association of American    :
Publishers, Inc., et al.,                                          :
                                                                          :
        Plaintiffs,                                                   :
                                                                          :       Case No. 05 CV 8136-JES
                v.                                                       :
                                                                          :
Google Inc.,                                                        :
                                                                          :
        Defendant.                                                 :
--------------------------------------------------------------------x

### [PROPOSED] ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL

This matter is before the Court pursuant to the motion of Plaintiffs in the above-captioned

class action (the "Action") for preliminary approval of the settlement Plaintiffs reached with

defendant Google Inc. ("Google"). Plaintiffs have moved for an order approving the settlement

of the Action in accordance with the Settlement Agreement between Plaintiffs and Google.

Having read and considered the Settlement Agreement, and based upon familiarity with the files

and proceedings in this matter, the Court finds that:

1.      Plaintiffs filed an initial complaint, and subsequent amended complaints, in the

Action alleging, on behalf of themselves and a putative class of others similarly situated, that

defendant violated the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*;

2.      Defendant has vigorously contested the allegations;

3.      The parties have entered into a Settlement Agreement that has been filed with the

Clerk of the United States District Court for the Southern District of New York;

4.      The Court has reviewed the Settlement Agreement and determined it to be within

the range of possible approval; and

5.     The Court has reviewed the notice provisions of Article XII of the Settlement

Agreement, and the forms of notice attached to the Settlement Agreement as Attachments I and

J, and the Court has determined that the form, content and manner of dissemination of the notices

constitute the best notice practicable under the circumstances.

Accordingly, it is hereby **ORDERED** as follows:

6.     The motion is GRANTED.  The Settlement Agreement is hereby preliminarily

approved.  Unless otherwise specified, all defined terms herein shall have the same meaning as

in the Settlement Agreement.

7.     The following Settlement Class and two Sub-Classes are provisionally certified for

settlement purposes only:

### Settlement Class

All Persons that, as of January 5, 2009, have a Copyright Interest in one or more
Books or Inserts.  All Settlement Class members are either members of the
Author Sub-Class or the Publisher Sub-Class, or both.  Excluded from the
Settlement Class are Google, the members of Google's Board of Directors and its
executive officers.

### Author Sub-Class

Members of the Settlement Class who are authors, and their heirs, successors and
assigns, and any other members of the Settlement Class who are not members of the
Publisher Sub-Class.

### Publisher Sub-Class

Members of the Settlement Class that are (a) companies that publish books, and their
exclusive licensees, successors and assignees, and (b) companies that publish Periodicals
and have a Copyright Interest in one or more Inserts, and their exclusive licensees,
successors, and assignees.

8.     Plaintiffs Paul Dickson, Joseph Goulden, Daniel Hoffman, Betty Miles, and

Herbert Mitgang are designated as Representative Plaintiffs for the Author Sub-Class.  Plaintiffs

The McGraw-Hill Companies, Inc., Pearson Education, Inc., Penguin Group (USA) Inc., Simon & Schuster, Inc., and John Wiley & Sons, Inc. are designated as Representative Plaintiffs for the Publisher Sub-Class.

9.     The Court appoints the following law firms as Class Counsel: the firms of Boni & Zack LLC, Milberg LLP, and Kohn, Swift & Graf, PC for the Author Sub-Class ("Author Sub-Class Counsel"), and the firm of Debevoise & Plimpton LLP for the Publisher Sub-Class ("Publisher Sub-Class Counsel"). Author Sub-Class Counsel and Publisher Sub-Class Counsel shall be referred to collectively herein as "Class Counsel."

10.     A final settlement/fairness hearing shall be held on June 11 , 2009, at 1 : 00 p. m , (the "Hearing") before the undersigned in Courtroom 14C, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. The purpose of the Hearing shall be to determine:  (a) whether the terms and conditions of the proposed Settlement Agreement are fair, reasonable, and adequate; (b) whether to certify the Class and the Sub-Classes for purposes of the settlement; and (c) whether the proposed Settlement Agreement should be approved by the Court and judgment entered thereon. At the Hearing, or such adjourned date as the Court deems appropriate, Class Counsel and any interested person shall be heard on the fairness, reasonableness, and adequacy of the terms of the Settlement Agreement and on Author Sub-Class Counsel's application for an award of attorneys' fees and reimbursement of expenses as set forth in the Settlement Agreement.

11.     The Court preliminarily approves the proposed Settlement Agreement, including the procedures for establishing and administering the settlement funds and procedures for notice,

3

opting out, and objection as described therein, as fair, reasonable, and in the best interests of the Settlement Class and the Sub-Classes.

12.    The Court reserves the right to adjourn the Hearing or order any adjournment without further notice other than an oral announcement at or prior to the Hearing. The Court also reserves the right to approve the proposed Settlement Agreement at or after the Hearing with or without modification as consented to by the parties to the Settlement Agreement and without further notice to members of the Settlement Class. The Court shall retain jurisdiction to consider all applications arising out of or connected with the proposed Settlement Agreement.

13.    The Court approves as to form, content, and method of dissemination of the Notice of Class Action Settlement ("Notice") and the Summary Notice of Class Action Settlement (the "Summary Notice") substantially in the forms attached to the Settlement Agreement as Attachments I and J.

14.    Before disseminating Notice pursuant to paragraph 16 below, Class Counsel shall submit to the Court for approval as to form and content the Claim Forms to be included with the Notice.

15.    The Notice Commencement Date shall be January 5, 2009. The Opt-Out Deadline shall be May 5, 2009.

16.    Beginning on January 5, 2009, Class Counsel shall cause the Notice to be forwarded to identifiable Settlement Class members by e-mail, postal mail, postage prepaid, at the last known mailing address, or other means of dissemination.

17.    Beginning on January 12, 2009 or earlier, Class Counsel shall cause to be published the Summary Notice as set forth in the Settlement Agreement and shall otherwise comply with the Notice program as set forth in Article XII of the Settlement Agreement.

4

18.    All notice required to be disseminated under the Notice program shall be disseminated no later than February 27, 2009.

19.    At least five business days prior to the Hearing, Class Counsel shall certify compliance with the provisions of paragraphs 16 and 17 of this Order by declaration describing the aforementioned mailings and publications, and shall file with the Court Plaintiffs' Motion for Final Settlement Approval and supporting papers, and Motion for Approval of Plaintiffs' Attorneys' Fees and Reimbursement of Expenses and supporting papers.

20.    The form and method of Notice and Summary Notice specified in the Settlement Agreement are hereby approved and determined to be the best notice practicable under the circumstances, and the Court finds that the Notice and Summary Notice comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure and with applicable standards of due process.

21.    Members of the Settlement Class and Sub-Classes will be excluded from the settlement only if they comply with the opt-out procedures set forth in the Notice and Settlement Agreement, which procedures are hereby approved as fair and reasonable. Unless they have excluded themselves, members of the Settlement Class and Sub-Classes shall be bound by all determinations and judgments in this case relating to the proposed Settlement, whether favorable or unfavorable, including the dismissal of the Action with prejudice and the release of Google Releasees, Fully Participating Library Releasees, Cooperating Library Releasees, Public Domain Library Releasees and Other Library Releasees from liability to members of the Class. Persons who timely exclude themselves from the Class in accordance with the procedures prescribed in the Notice and Settlement Agreement will not be bound by any orders or judgments entered in

5

the Action related to the proposed settlement, and shall not receive any benefits provided for in the proposed Settlement Agreement in the event it is approved by the Court.

22.    Persons who are members of the Settlement Class and do not exclude themselves may enter an appearance on their own behalf or through counsel of their own choice at their own expense.  If they do not enter an appearance, they will be represented by Class Counsel.

Any member of the Settlement Class who does not exclude himself or herself but objects to: (i) the proposed Settlement Agreement; (ii) certification of the Settlement Class or one or both of the Sub-Classes for purposes of the settlement; (iii) dismissal of the Action or the judgment and releases to be entered with respect thereto; and/or (iv) Author Sub-Class Counsel's application for attorneys' fees and reimbursement of expenses in the Action; or who otherwise wishes to be heard, may appear in person or through his or her own attorney at the hearing and present evidence or argument that may be proper and relevant; provided, however, that no Person other than Class Counsel and Google in the Action shall be heard and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), unless, (1) not later than May 5, 2009, such Person has filed a statement of the objection and the grounds for the objection, together with any supporting papers or briefs, with the Court at the address listed below and served copies of such papers by email or first class mail on the attorneys listed below; and (2) if wishing to appear, not later than May 5, 2009, such Person has filed a Notice of Intent to Appear, including the Person's name, address, telephone number and signature, as well as the name and address of counsel, if any, with the Court at the address listed below and served copies of such papers by email or first class mail on the attorneys listed below:

6

**The District Court**

Office of the Clerk
J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

**Author Sub-Class Counsel**

Michael J. Boni, Esquire
Joanne Zack, Esquire
Joshua D. Snyder, Esquire
Boni & Zack LLC
15 Saint Asaphs Road
Bala Cynwyd, PA 19004
Bookclaims@bonizack.com

**Publisher Sub-Class Counsel**

Jeffrey P. Cunard, Esquire
Bruce P. Keller, Esquire
James J. Pastore, Esquire
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Bookclaims@debevoise.com

**Google Counsel**

Daralyn J. Durie, Esquire
David J. Silbert, Esquire
Joseph C. Gratz, Esquire
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111
Bookclaims@kvn.com

23.    Any Settlement Class member who retains an attorney to make objections to the

proposed settlement on behalf of the Settlement Class member or otherwise to represent the

Settlement Class member in this litigation does so at the Settlement Class member's own

expense. Any such attorney must file a notice of appearance in this litigation with the Clerk of

7

this Court and serve copies of the notice on the attorneys listed in paragraph 22 above, no later than May 5, 2009. Any objection not timely made and in the manner provided herein shall be deemed waived and forever barred.

24.   Pending final determination of whether the proposed Settlement Agreement should be approved, Plaintiffs and all members of the Settlement Class, either individually, directly, representatively, derivatively, or in any other capacity, are barred and enjoined from commencing or prosecuting any action or proceeding asserting any claims whatever on behalf of themselves or the Settlement Class against Google that were brought or could have been brought in the Second Amended Class Action Complaint, and that relate to or arise out of the claims as described in that complaint.

25.   If the Court does not grant final approval of the Settlement Agreement, or if the settlement does not become effective for any reason whatever, the Settlement Agreement (including any modification thereof made with the consent of the parties as provided therein), any Class certification herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and have no further force and effect, except as provided in the Settlement Agreement.

26.   The Settlement Agreement and any proceedings taken pursuant thereto are not, and should not in any event be: (a) offered or received as evidence of a presumption, concession or admission on the part of any of Plaintiffs, Google, Fully Participating Libraries, Cooperating Libraries, Public Domain Libraries, Other Libraries, any member of the Settlement Class, or any other person; or (b) offered or received as evidence of a presumption, concession or admission by any person of any liability, fault, wrongdoing or other dereliction of duty.

8

27.    The Court reserves jurisdiction over the subject matter and as to each party to the

Settlement Agreement with respect to the interpretation, effectuation, and implementation of the

Settlement Agreement in accordance with the terms thereof for all purposes, including

enforcement of any of the terms thereof at the instance of any party and resolution of any

disputes that may arise.

DATED this _____/ Y_____ day of _____2 0 6 8_____, 2008.

Honorable John E. Sprizzo,
United States District Judge

9