# KORNSTEIN VEISZ WEXLER & POLLARD, LLP

ATTORNEYS AT LAW

757 THIRD AVENUE
NEW YORK, NEW YORK 10017-2013
TELEPHONE (212) 418-8600
TELECOPIER (212) 826-3640
WWW.KVWP.NET

Daniel J. Kornstein
writer's direct dial no.: (212) 418-8610
writer's e-mail address: DKornstein@KVWmail.com

March 27, 2009

**BY FAX (212) 805-7906**
Hon. Denny Chin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04-1-09
```

Re: **The Authors Guild Inc. et al. v. Google**
     **Inc., Case No. 05 CV 8136 (S.D.N.Y.)(DC)**

Dear Judge Chin:

We write to request permission for our client, the Institute for Information Law and Policy at New York Law School ("the Institute"), to file a brief of no more than 25 pages as amicus curiae in The Authors Guild Inc. et al. v. Google Inc., Case No. 05 CV 8136 (S.D.N.Y.)(DC), in support of neither party on the issue of the proposed settlement's treatment of orphan works. The Institute desires to file a brief on this issue in connection with the motions for final class certification and final settlement approval currently scheduled for hearing on June 11, 2009. We propose that the Institute file its brief by May 5, 2009, which is the deadline for opt-outs and objections to the proposed settlement.

## The Institute's Interest

The Institute is New York Law School's home for the study of law, technology, and civil liberties. Its mission is to understand the interplay of law and technology and influence their development to serve democratic values in the digital age. It aims to prepare students to enter the legal profession, to extend human knowledge, and to harness new informational tools to the goals of social justice. The Institute is led by the faculty of New York Law School, and its work is carried out collaboratively by faculty, students, and staff. Its work on the proposed settlement is

3375000LETMAM.00001.WPD

Approved.
SO ORDERED.
USDJ 4/1/09

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

Hon. Denny Chin
March 27, 2009
Page 2

being funded in part by Microsoft. New York Law School, a 501(c)(3) nonprofit corporation, is the second-oldest independent law school in the United States.

The Institute has a national, state, and community-wide reputation on these issues, and is in a position to make a significant contribution to the resolution of the legal issues in dispute by virtue of its recognized scholarly expertise in intellectual property and Internet law.

The Institute has been active on national, state, and local levels in examining the problems of unavailable orphan works, concentrated power in search engines, and the public interest in copyright law, all of which issues are involved in this action.

### Why the Proposed Amicus Brief Is Desirable

The Institute is interested in promoting the goals of the Copyright Act by improving public access to copyrighted books while ensuring that authors and publishers are fairly compensated for their efforts. The proposed settlement advances those goals in some respects and hinders them in other respects. We therefore seek to assist this Court in recognizing both the positive and negative aspects of the settlement, to aid this Court in discharging its duty to ensure that the settlement is fair, reasonable, and adequate to the plaintiff class, that it is consistent with the public interest, and that it does not violate federal law.

Specifically, if granted permission to intervene as amicus curiae, we wish to explain for this Court a crucial piece of context for the present action and proposed settlement: the "orphan works problem." An orphan work is a work that is under copyright, but whose copyright owner cannot be found. Millions of books are orphan works: the copyright provides no benefits for its owner, but also prevents the public from making many socially valuable uses of the book. There is a public interest in making orphan works more broadly available, but also a public interest in not prejudicing the legitimate rights of orphan work copyright owners.

The proposed settlement will have a profound effect on orphan works because the proposed class includes the owners of millions of orphan works. By virtue of their status as orphan works owners -- a well-recognized and significant subclass of book copyright owners -- they are unlikely to appear before this Court to opt out of or object to the proposed settlement. Google will therefore be explicitly authorized to make these works available to the public in ways that would be flagrant copyright violations were it not for the proposed settlement. This authorization will serve the public interest in greater accessibility to orphan works.

The proposed settlement's effective inclusion of millions of orphan works will also have effects that threaten the public interest. Because potential competitors will be unable to make use of orphan works, Google will enjoy exclusive access to a large portion of the market for electronic versions of books. This exclusivity would result in a concentration of market power, thereby facilitating actions that violate the federal antitrust laws. It would also enable Google to

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

Hon. Denny Chin
March 27, 2009
Page 3

impose unfair and overreaching terms on libraries and readers, particularly in ways that would threaten the free speech interest in private reading.

These public interest concerns also raise concerns about the propriety of class certification for purposes of settlement. Members of the orphan works owner subclass should not be automatically deemed willing to acquiesce in a settlement that puts the weight of their numbers behind these public-interest disserving provisions, particularly because in their capacity as authors and publishers, the putative class members are also frequently readers and library patrons. Other provisions of the proposed settlement, such as its treatment of unclaimed funds, suggest that conflicts of interest between present and orphan copyright owners have prevented named plaintiffs and their counsel from fairly and adequately protecting the interests of the orphan work owner subclass.

In light of the settlement's significant benefits and underexplored dangers, we will advise this Court that it should proceed by requesting further counsel from interested parties whose voices have not been presented to this Court because of the procedural posture of this action. We will recommend that this Court solicit the opinions of the Antitrust Division of the Department of Justice and of the Federal Trade Commission on the proposed settlement. We will further recommend that this Court protect the interests of the orphan work owner subclass by appointing separate counsel to represent it.

Respectfully yours,

Daniel J. Kornstein

cc: J. Kate Reznick, Esq.
Laura Helen Gundersheim, Esq.
Michael J. Boni, Esq.
Sanford P. Dumain, Esq.
Bruce P. Keller, Esq.
Hadley Perkins Roeltgen, Esq.
Ronald Lee Raider, Esq.
Adam Howard Charnes, Esq.
Alex Seth Fonoroff, Esq.
Daralyn Jeannine Durie, Esq.
Jeffrey A. Conciatori, Esq.
Joseph M. Beck, Esq.
Joseph C. Gratz, Esq.
**VIA E-MAIL AND REGULAR MAIL**