**FOURNIER**
RECHTSANWÄLTE
FRANKFURT AM MAIN


JUDGE CHIN'S CHAMBERS

FOURNIER RA · BEETHOVENSTRASSE 8-10 · D-60325 FRANKFURT AM MAIN

DR. ERIK H. FOURNIER
RECHTSANWALT

Office of the Clerk, J. Michael McMahon
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007
U.S.A.

BEETHOVENSTRASSE 8-10
60325 FRANKFURT AM MAIN

TELEFON (0 69) 40 59 20 11
TELEFAX (0 69) 40 59 20 12

E-MAIL:   kanzlei.fournier@arcor.de

BANKVERBINDUNG:
DEUTSCHE BANK AG
FRANKFURT/MAIN
BLZ 500 700 24
KTO.-NR. 401 15 16

IBAN:   DE23500700240401151600
BIC:    DEUTDEBFRA

UStId-Nr. DE 184307346

cc.
Google Book Search Settlement Administrator
c/o Rust Consulting
P.O. Box 9364
Minneapolis
U.S.A.

UNSER ZEICHEN:   877/09

■ Frankfurt/M., 21.03.2009

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-9-09

Reference:

The Authors Guild, Inc., Association of American Publishers, Inc., et al.,
Plaintiffs,

v.

Google Inc.,
Defendant.
-----------------------------------------------------------------------------------------------------------
                              Case No. 05 CV 8136-JES (UNITED STA-
                              TES DISTRICT COURT SOUTHERN
                              DISTRICT OF NEW YORK)
-----------------------------------------------------------------------------------------------------------

Hereby I,

        Dr. iur. Erik Heinrich FOURNIER
        Beethovenstraße 8-10
        60325 Frankfurt / Main
        Germany,

declare as a member of the "Author Class" (definition no. 1.14 of Settlement Agreement)

**"option out"**

with the request

**to cancelled**

by the Settlement Agreement of the above-captioned case. The Settlement Agreement is not obligatory on me.

Hereby I request

**the rejection**

of the Settlement Agreement.

R e a s o n s :

The planned proportional profit-sharing (63%) is not sufficient and inappropriate.

Google Inc. profited already by provision with stocks foreign book contents its Internet presence in the sense of a completeness. The provision with stocks is a kind of using copyrights already. The company value of Google Inc. rises thereby considerably. Google Inc. can thereby arise to a dominating the market position.

Therefore it is unfair to take part authors and publishers only in certain profits in future in the sense of profit-sharing. Because this profit depends on whether book contents actually throw profit off.

The Settlement Agreement gives Google Inc. a business model with the chance on a dominating the market position, but Google Inc. do not carries an appropriate risk.

Therefore additionally a <u>unique fee</u> for using copyrights must be paid by Google Inc. to the authors and publishers. This <u>unique fee</u> should be additional to the profit-sharing in future (63%). The unique fee (a kind admission fee) would be a surrogate for this <u>present advantage</u> of shareholders of Google Inc. as such. To rise up a book database by Google is a present financial advantage that it require has to be recompensed.

Google Books Inc. had to cancelled the following books of the author:

- Fournier, Erik : Bereicherungsausgleich bei Eingriffen in Wettbewerbspositionen im Sinne des § 1 UWG : Zugleich ein Beitrag zur Dogmatik des wettbewerbsrechtlichen Leistungsschutzes, 1998

- Fournier, Erik : Bereicherungsausgleich bei Verstößen gegen das UWG : Zugleich ein Beitrag zur Dogmatik des wettbewerbsrechtlichen Leistungsschutzes, 1999

This works on spread and available in United States of America, also in National Library and the most of law school libraries.

Hereby I request

**the reimbursement of necessary attorney costs by Google Inc., Defendant, from cause of the authors copyright right perception in this procedure in accordance with Federal Rules of Civil Procedure, Rule 54 (b) (1) and (2)**

as follows:

Gegenstandswert (Value): € 25.000,-

| RVG-VV No. | | | |
|---|---|---|---|
| 2300 | Geschäftsgebühr, Fakor 2,5 (attorney business fee, factor 2,5) | € | 1,715.00 |
| 7002 | Pauschale für Post und Telekommunikation (Overall one for post office and telecommunications) | € | 20.00 |
| 7008 | Umsatzsteuer, 19% (VAT) | € | 329.65 |
| | Summe (Sum) | € | 2,064.65 |
| | € 2,064,65 (1,3561 EUR/USD) | US$ | 2,799,97 |

The attorney costs became necessary, since applicant had to become active to defend his copyrights in the above-captioned case. Otherwise the comparison would have become obligatory. Google Inc. hereby in the copyright of the applicant against its will would have intervened. The directly threatening danger of an interference in copyrights requires the reimbursement of the lawyer's fees. The lawyer's fees are appropriate and correspond to the German law (Gesetz über die Vergütung der Rechtsanwältinnen und Rechtsanwälte - Rechtsanwaltsvergütungsgesetz – RVG) from 5.5.2004, BGBl. I S. 717,788). Google Inc. for these fees by its approach and this procedure caused.

I ask politely to communicate the judicial decision into this area about the cost appointment.

*[signature]*

Dr. Erik H. Fournier
Rechtsanwalt