# JENNY DARLING
## & ASSOCIATES

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-09

20 April 2009

Office of the Clerk, J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
USA

05-CV-8136

Dear Mr McMahon,

Google Book Settlement

Jenny Darling & Associates is one of Australia's premier literary agencies.

We wish to object the impending Google Book Settlement, the Fairness Hearing for which is scheduled for 11 June 2009. Our objection is enclosed.

Thank you for your attention.

Yours sincerely,

Donica Bettanin

Enc.

cc:
Counsel for the Author Sub-Class: bookclaims@bonizack.com
Counsel for the Publisher Sub-Class: bookclaims@debevoise.com
Counsel for Google: bookclaims@kvn.com

PO Box 413 Toorak Victoria 3142 Australia  T +61 3 9827 3883  F +61 3 9827 1270  www.jd-associates.com.au
JENNY DARLING & ASSOCIATES PTY LTD  ABN 29 084 520 598

The Google Book Settlement is the outcome of legal action brought by the American Authors' Guild and the Association of American Publishers. The AAG and AAR are acting as 'class representatives', for the Author Sub-Class and the Publisher Sub-Class respectively. But who elected these representatives? No one. Australian authors and rightsholders certainly did not. And yet because Australia is a Berne Convention country, and therefore books published here are deemed to have a US copyright interest, Australian authors will find themselves inescapably bound by a Settlement subject to the approval of a foreign court and agreed to by representatives they didn't elect.

We acknowledge that Google will not have the right to digitize and use 'In Print' works without the agreement of both the author and the publisher. Our primary concern is for those Australian authors, those rightsholders, whose books are not commercially available in the USA - therefore classified as 'Out of Print' - but will be included in the Settlement. In Australia alone this group is substantial and surely around the world it's huge.

For Australian authors whose books are not commercially available in the USA, 'Out of Print', Google will assume the right to digitize and display their works, and be entitled to collect revenue for these uses, unless the author actively instructs them otherwise or opts out of the Settlement entirely. This is fundamentally objectionable.

A ruling that grants Google (or any company) an automatic license to digitize and display an author's works *unless they actively prevent it* is theft, plain and simple. This is not how copyright works. Copyright commences with the authorship of a work. It is licensed by agreement between two parties. A third party should not be permitted to assert a license over an author's copyright without their explicit agreement, and the law should not allow such an assertion to stand.

If Google wants to exploit a variety of electronic rights in a rightsholder's works, the onus should be on them to come to an individual arrangement with that rightsholder. Electronic publishing is a relatively new area of copyright licensing but there is no reason it should be treated differently from rights practice for print, film, audio or any of the myriad other formats that are managed through individual contracts.

Copyright is a writer's livelihood; without it they would be unable to protect their interests or earn an income from their work. Individual rights agreements are the scaffolding of a writer's business. These agreements allow the market to determine the commercial value of the copyright in the work. Authors can maximize this value by participating in an active and competitive marketplace. The Google Book Settlement is completely anti-competition. It promises a future in which Google could achieve a monopoly in the electronic publishing market. Again, this is fundamentally objectionable.

Imagine giving one film studio—by default—the right to produce films based on any book in the world (that is not available in the USA), only having to remunerate the creator if they actively opt in to a licensing scheme. Imagine, for that matter, one audio producer having the right to record and sell audio editions of any and every book they can find without having to enter into individual licenses with the rightsholders. Both suggestions sound completely preposterous and, moreover, utterly unjust don't they?

Yet this is exactly what the Settlement allows Google to do with millions of books that are not currently commercially available in the USA. It is stunning in its boldness. More shocking still is that those parties allegedly representing the interests of rightsholders, parties whose very living is copyright, have agreed to it. How is it that no one in this entire process has

felt the need to treat authors outside the US with the same respect as American authors? Copyright is an international right.

Two final points: First, the very notion that authors and publishers can be represented in a class action is flawed. Book contracts can be as individual, varied and complex as the contents of the books themselves. The procedure for paying income on In Print books is that the income will be paid direct to the publisher. What if the publisher does not in fact hold electronic rights in the work? Authors often reserve rights in their contracts. What if the publisher has the right to produce an e-book edition but not to exploit the work in other electronic uses? Electronic uses are not always slung into a contract as one bundle. Authors consider licensing each individual right cautiously and carefully. The procedure for paying income on In Print books as it stands in many cases will simply not work whilst in others it will be an administrative load on the Licensor rather than the Licensee as other contracts are.

Secondly, even the procedure for filing this objection is unfair. One must be a member of the Class in order to file an objection. So, anyone not opting in to the Settlement is not entitled to voice an opinion. Surely the reasons of those parties opting out are important and worth recognizing? Furthermore, there are numerous professional bodies—copyright councils, institutions, agents', publishers' and authors' associations from outside the USA to name a few—who will not be able to comment on the Settlement. One can imagine that this will mean the most rigorous critics of the Settlement are not heard.

We hope that the Final Settlement/Fairness Hearing will find that the Google Book Settlement is both unjust and unreasonable, particularly in relation to Out of Print books as the authors of many of these books deserve the same rights as In Print authors. Countless rightsholders will have their copyright stolen because of a lack of notice or understanding of the

Settlement. Those who do Opt In to the Settlement will take on an administrative load that in any other contract would fall to the licensor, in this case Google. If the Court approves the Settlement on 11 June 2009 it will be a disastrous milestone for copyright and those whose livelihoods depend on protection of their creative output.

Contact:

Donica Bettanin
Jenny Darling & Associates
PO Box 413
Toorak VIC 3142
AUSTRALIA

Tel: +61.3.9827.3883
Fax: +61.3.9827.1270

E. dbettanin@jd-associates.com.au