```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-30-09
```

BY FAX (212) 805-7906
The Honorable Denny Chin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Approved. The brief shall be filed by the new opt-out date. So ordered. 4/30/09

Re: The Authors Guild et al. v. Google, Inc. Case No. 1:05 cv 8136 (S.D.N.Y.)

Dear Judge Chin:

We write to request permission for Public Knowledge to file a brief *amicus curiae* on behalf of itself and other similarly interested *amici* in the above-captioned case on the issue of the proposed settlement's effects on orphan works—copyrighted works whose owners cannot be located. The brief, in support of neither party, will be no longer than 25 pages, and will be filed no later than May 5, 2009, the date set for opt-outs and objections to the proposed settlement agreement.

### Statement of Interest

Public Knowledge is a public interest, 501(c)(3) non-profit organization concerned with the intersection of law, technology, and information, and dedicated to ensuring that the public can access and use information, knowledge, and culture in the digital age.

Public Knowledge has a national reputation in copyright and technology issues, frequently filing *amicus curiae* briefs, testifying before Congress and numerous federal administrative agencies, and engaging in education and public outreach on these issues. Public Knowledge has been particularly involved in the issue of orphan works, working for policies and legislation that would ensure that copyrighted works whose owners cannot be located would not be condemned to obscurity. By a very conservative estimate, thousands of such works would be impacted by the proposed settlement.

### The Proposed Brief is Desirable

If granted permission to file, Public Knowledge intends to detail a number of legal and public policy concerns arising from the orphan works issue. Orphan works are in-copyright works whose copyright holders are impossible to locate, unaware of their rights, or indeterminate. These works and the potential rightsholders thereof present separate and unique legal challenges for the parties and the Court.

The settlement grants the settling parties unique access to license and use orphan works which other entities would be unable to obtain. Because of this unique access, the parties will be granted a singular advantage against all others, who would remain in the

The Author's Guild et al v. Google Inc. Doc. 93

legal status quo, unable to achieve a similar licensing arrangement. Therefore, the proposed settlement creates competitive concerns.

The proposed settlement also grants an ongoing license for one party to engage in new activities which were not part of the original suit and involving works and rightsholders which have not yet been implicated by the party's activities. Therefore, the proposed settlement also raises questions as to whether a class action settlement is an appropriate or legally adequate forum for determining the rights of the absent rightsholders.

In light of these concerns, Public Knowledge will present to the Court ways to alter the settlement to prevent the parties from enjoying an exclusive ability barred to other entities, as well as other possible procedural safeguards.

Respectfully yours,

/s/
Jeffrey Pearlman
Staff Attorney
jef@publicknowledge.org

/s/
Sherwin Siy

Staff Attorney
ssiy@publicknowledge.org

Public Knowledge
1875 Connecticut Avenue NW, Suite 650
Washington, DC 20009
(202) 518-0020

cc:    J. Kate Reznick
Laura Helen Gundersheim
Michael J. Boni
Sanford P. Dumain
Bruce P. Keller
Hadley Perkins Roeltgen
Ronald Lee Raider
Adam Howard Charnes
Alex Seth Fonoroff
Daralyn Jeannine Durie
Jeffrey A. Conciatori
Joseph. M. Beck
Joseph C. Gratz
Daniel Joseph Kornstein
Mikaela Ann McDermott
VIA E-MAIL AND POST