U.S District Court for the Southern District of New York
For the attention of the judge in charge of
the Google Book Search Settlement

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-5-09

[FILED MAY 28 2009 CLERK'S stamp]

TAKASU Jiro

TAKASU Jiro

Chairman of RYUTAIKYO, Tokyo, Japan
(SHUPPAN RYUTU TAISAKU KYOGIKAI)
the Publishers' Association on Book Distribution
3-31-1, Hongo, Bunkyo, Tokyo, Japan
TEL ╱ +81-3-6279-7103

05-CV-8136

Gentlemen:

As the chairman of a Japanese publishers' association comprising of 98 members, I hereby declare that we oppose to the Settlement so as to protect our publishing tradition from unlawful digitization by Google.

It is obvious that Google has digitized tremendous copies of book without consents of copyright owners, thus they are violating Japanese copyright legislations whatever they may explain.

We would like to underline the fact that more than 90 percent of books published by our members are listed by Google despite of being presently under distribution, and 10 percent of them were already digitized.

Furthermore, we would like to point out that it is unfair to have Google solely judge the availability of books despite that Google's knowledge about the availability is limited to conventional and current distribution in the USA. It is quite natural to understand today that those books available outside the USA are available too in the USA through internet and/or other business routes.

In other words, Google is not entitled to the right to judge the availability of books at their discretion. If the Settlement comes into force as it is, when Google judges a book unavailabe, the book is stamped automatically as "out of print", then it becomes available for scanning by Google as a next step. We can't find any other word to it than "unfair".

In conclusion, we reserve our right to file claim against Google for indemnifica-tion of probable loss and/or damage to be caused by their digitization of our books under distribution.

We would like to draw your special attention again that our books shall be excluded from the subject of the Settlement and we would like you to understand the aforesaid situation which will lead to, we believe, dismissal of this unfair Settlement.

The Author's Guild et al v. Google Inc.    Doc. 116