05-CV-8136

**U.S. District Court for the Southern District of New York**

To the Office of the Clerk, J. Michael McMahon

*05-CU-8136*

May 18, 2009

[stamp: May 26, 2009 / [illegible]]

Jirō Takasu, Chairman

The Publishers' Association on Book Distribution

Morikazu Bldg. 40B, 3-31-1 Hongō, Bunkyō-ku, Tōkyō-to, Japan

TEL +81-3-6279-7103 / FAX +81-3-6279-7104

We, the ninety-eight Japanese publishing companies participating in the Publishers' Association on Book Distribution, oppose the Google Book Search settlement plan for the sake of protecting the publishing heritage of Japan from Google.

The activity of Google in scanning the printed pages of books without the consent of publishers or authors in an organized and large-scale manner for business purposes is clearly illegal activity in violation of copyright law. Thus, a "settlement plan" based on activity of this kind is unacceptable.

[This activity] differs entirely from the expression "digitizing out-of-print books and offering them to readers." In fact, at least 90% of all books being currently sold by Japanese publishers are listed, and at least 10% have already been digitized.

What has given rise to this situation, which is worthy of concern, is that the content of the settlement plan is only applicable to the US, in that books determined by Google to not be sold by the traditional sales paths in the US, and being sold in bookstores, etc., are considered not to be available commercially, and are automatically handled as out-of-print books.

The Author's Guild et al v. Google Inc.

Doc. 117

We cannot accept [a settlement plan] that is only applicable to copyright holders and sellers in the US.

The probability of books from outside of the US being improperly discriminated against and the sellers of books outside the US having their business hindered is extremely high.

We, the Publishers' Association on Book Distribution, hereby issue a warning that we will not abandon the right to demand compensation for damage, and assert that we will not participate in the Google settlement plan.

We request that the District Court absolutely not sanction this settlement plan.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6 12 09

**· Press conference summary**

1. We do not accept the Google "settlement plan."
   The activity of Google in scanning the printed pages of books without the consent of publishers or authors in an organized and large-scale manner for business purposes is clearly illegal activity in violation of copyright law.

2. We call for publishers to responsibly opt out for books other than out-of-print books
   Google, while asserting fair use, has included large numbers of books that are currently being sold on the settlement plan list. Since this is a unilateral [plan] that means that if [publishers] do nothing, they are considered to be participating and that books of this sort will be digitized, this is difficult to accept from the standpoint of protecting the publishing heritage of Japan.

3. We request that the list offered by Keio [University] Library for the Google Books Library Project be made public.
   We would like for them to reply as to whether they have future plans to offer book stock to Google.

4. The preservation and publication of printed matter such as out-of-print books, etc. should be responsibly entrusted to public institutions, and not left to private enterprises such as Google.
   The preservation and publication of Japan's publishing heritage should be performed by public institutions such as the National Diet Library, etc. in cooperation with copyright holders, publishers, etc., and publication should continue to be by way of the UNESCO World Digital Library, etc.

5. Publishers have a responsibility to protect rights for books currently being sold. Let us cooperate with regard to the protection of rights and valid use for out-of-print books and orphan books in conjunction with the copyright holders.
   The four-month extension constitutes a new start. No one, and no book, is yet participating in the settlement plan. The Publisher's Association on Book Distribution opposes the Google Book Search settlement plan, and calls on publishers to not participate in it.

6. We hope for the prompt establishment of publishers' rights.
   The confusion regarding the Google "settlement plan" in Japan is largely due to the standards for rights neighboring on copyright not applying to publishers. Due to vulnerability from a legal standpoint, this makes the protection of copyrights currently being used difficult.

**· Background explanation**

**1. What is "fair use"?**

The U.S. District Court for the Southern District of New York has applied class action to the Google settlement plan. This was originally done in order to handle foreign copyrighted works overseas equally to US copyrighted works without discrimination.

However, the result of this has been disastrous.

A large number of foreign copyrighted works currently being sold has been indiscriminately posted on the Google settlement list. This has spread confusion, annoyance, and mistrust abroad.

What caused this disparity between domestic and foreign to arise?

This arose because the parties to the settlement had neither the capability nor the intention to apply the settlement plan to foreign copyrighted works.

The root causes are some libraries that have offered foreign books without any consistent principles, and Google, which has become a colossal scanning machine.

However, the National Writers Union and the Association of American Publishers, parties to the settlement, did not provide preliminary warning of any kind that the class action would have any kind of effect on copyrighted works currently for sale overseas.

Google's "fair use equals public use" is that they have created a path for works for which the copyright is difficult to use ("out-of-print books" and "orphan books") to be used again.

This is because publishers currently are using the copyrights for books that are in print. Thus, there is absolutely no reason why books that are in print should be included in the settlement list.

## 2. Who is responsible for confirming [the status of] out-of-print books?

In Japan, who judges whether a book is in print or is an "out-of-print book"?

Is it the copyright holder for the book in question, or the publisher that issued the book?

In Japan, it is self-evident that it is the publisher.

Thus, in Japan, the exclusion of books that are in print must be performed by the publishers. Please note that books that are stockout are not "out-of-print books."

Also, the Google settlement site list is updated daily. Let us continue to check it steadily.

The possibility of books that should not be subject to the settlement agreement being posted will continue indefinitely.

There is no other sure method to do this other than doggedly wading through [the list]. This has to be done responsibly by publishers.

The "confirmation responsibility" as to whether [books] should be subject to the Google settlement plan lies with publishers in Japan.

Let us send lists of the books in question as attachments to the publisher subclass advisor **bookclaims@debevoise.com** as

**These books are currently in print**

**Thus, they are to be removed from the settlement list**

At the same time, let us send the same content to the District Court, to ensure that they are removed.

Also, let us save the list at our own companies.

## 3. Regarding the handling of some out-of-print books

There are some books that have gone out of print with the assent of their authors due to non-business reasons, such as privacy, discriminatory language, etc. These should not be entrusted to the authors just because they are out-of-print books, but rather the publisher in question must responsibly deal with them.

## 4. What should be done with the enormous number of "orphan books" in Japan?

In the US, the US Justice Department is investigating whether or not the fact that an indemnity clause is included for Google alone for the copyrights for books for which the copyright holder is unknown (orphan books) infringes on antitrust [law].

The use of orphan books is a major pillar of this Google settlement plan.

Well, what will be done in the case of Japan?

There is no party to exclude these from the list, or to decide how they should participate. So is it all right for these books to be included automatically in the Google settlement plan and become participating books silently and with no rights?

This can also be said of all orphan books in countries other than the US.

If these countries do not act, rights for the use of all of the books in question will be transferred to Google or a corporation somewhere in the US.

Land that has been vacated is returned to the state. So what happens to copyrighted works? Even if they eventually become the shared property of humankind, we think some kind of third-party institution is necessary for these countries. Then it would be acceptable for that third-party institution to allow Google, for example, to use these [works].

Abandoning orphan books will surely be the root of future trouble. Let us stop the unconscious draining of intellectual property.

Isn't there a need for the publishing world and groups of copyright holders to pool their knowledge and assemble emergency proposals?

**· Letter to the District Court**

**To the District Court of New York**

We, the ninety-eight Japanese publishing companies participating in the Publishers' Association on Book Distribution, oppose the Google Book Search settlement plan for the sake of protecting the publishing heritage of Japan from Google.

The activity of Google in scanning the printed pages of books without the consent of publishers or authors in an organized and large-scale manner for business purposes is clearly illegal activity in violation of copyright law. Thus, a "settlement plan" based on activity of this kind is unacceptable.

[This activity] differs entirely from the expression "digitizing out-of-print books and offering them to readers." In fact, at least 90% of all books being currently sold by Japanese publishers are listed, and at least 10% have already been digitized.

What has given rise to this situation, which is worthy of concern, is that the content of the settlement plan is only applicable to the US, in that books determined by Google to not be sold by the traditional sales paths in the US, i.e., being sold in bookstores, etc., are considered not to be available commercially, and are automatically handled as out-of-print books.

We cannot accept [a settlement plan] that is only applicable to copyright holders and sellers in the US.

The probability of books from outside of the US being improperly discriminated against and the sellers of books outside the US having their business hindered is extremely high.

We, the Publishers' Association on Book Distribution, hereby issue a warning that we will not abandon the right to demand compensation for damage, and assert that we will not participate in the Google settlement plan.

We request that the District Court absolutely not sanction this settlement plan.

**· Letter to Google**

**To the representatives of the Google head offices and its Japanese corporation**

We, the ninety-eight Japanese publishing companies participating in the Publishers' Association on Book Distribution, oppose the Google Book Search settlement plan for the sake of protecting the publishing heritage of Japan from Google.

The activity of Google in scanning the printed pages of books without the consent of publishers or authors in an organized and large-scale manner for business purposes is clearly illegal activity in violation of copyright law. Thus, a "settlement plan" based on activity of this kind is unacceptable.

[This activity] differs entirely from the expression "digitizing out-of-print books and offering them to readers." In fact, at least 90% of all books being currently sold by Japanese publishers are listed, and at least 10% have already been digitized.

What has given rise to this situation, which is worthy of concern, is that the content of the settlement plan is only applicable to the US, in that books determined by Google to not be sold by the traditional sales paths in the US, i.e., being sold in bookstores, etc., are considered not to be available commercially, and are automatically handled as out-of-print books.

We cannot accept [a settlement plan] that is only applicable to copyright holders and sellers in the US.

We, the Publishers' Association on Book Distribution, hereby issue a warning that we will not abandon the right to demand compensation for damage of any kind from Google, and assert that we will not participate in the Google settlement plan.

(These letters were mailed today (May 18) to the NY District Court, Google, and Keio [University] Library / Administrative Office)

**· Contact the Administrative office (Kinoshita) for inquiries**
**Publishers' Association on Book Distribution**

Kaoru Kinoshita, Director, Administrative Office
Morikazu Bldg. 40B, 3-31-1 Hongō, Bunkyō-ku 113-0033
TEL / **03-6279-7103** FAX / **03-6279-7104**
e-mail / **ryuutai@nifty.com** mobile / **090-1731-1954**

**090514**

· Toward the final extended deadline, September 4 ·

# To all copyright holders and publishers

—— There is a "way" even if you opt out of the Google settlement ——

The final deadline of May 5 has been extended to September 4,
and the US Justice Department has begun an antitrust law investigation.
In the US, the settlement itself has begun to wobble.
There are also voices raised in the UK, Germany, and France against the **Google settlement**.

So what about Japan?
The Japan Book Publishers Association immediately escaped by participating in the settlement.
From the copyright holders, the Japan Writers' Association and the Japan PEN Club asserted their opposition, and
180 members of the Japan Visual Copyright Association and others opposed it and asserted that they would opt out.
Among publishing groups, we, the Publishers' Association on Book Distribution, are the only one
that has asserted opposition and promoted opting out.

Finally we have caught a glimpse of the "true form" of the **Google settlement**.
Google, the Association of American Publishers, the Writers Guild, cooperating university libraries . . .
These are all accessories to this problem,
a plan for a criminal "monopoly of knowledge" by the US, which asserts "sharing of knowledge" as a principle.

Since Google is professing "fair use" and says that it is reviving sleeping copyrighted works
(out-of-print books, etc.), currently, books that are in print are outside the scope of the settlement,
and it should be self-evident that, even in cases of opting out, they should be excluded.

Only a few of the copyright holders of the 70,000 copyrighted works published yearly
have been contacted regarding this situation by publishers.
Publishers mush protect their own rights and the rights of copyright holders,
and the response to the **Google settlement** cannot be vague.
Copyright holders and publishers need to immediately pool their strength and face down the **Google settlement**.

### What we publishers and copyright holders of Japan can do before the final deadline:

① Ensure that "books in print" are excluded (removed from the settlement)
② Save the enormous number of "orphan books" from the Google settlement, as sharable "intellectual property"
③ All copyright holders and publishers who object to the Google settlement should band together

· Time / **May 18** (Mon.) from **2 PM**

· Place / **Bunkyo Civic Center**

(1-16-21 Kasuga, Bunkyō-ku)

**3F · Shogaisha Kaikan / Conference Room A**

· The Publishers' Association on Book Distribution (PABD) was founded in 1979 and is a publishers' group
consisting of ninety-eight mid-range and small publishing companies ·

· **Contact the administrative office (Kinoshita) for inquiries**
**Publishers' Association on Book Distribution**

Kaoru Kinoshita, Director, Administrative Office
Morikazu Bldg. 40B, 3-31-1 Hongō, Bunkyō-ku 113-0033
TEL / **03-6279-7103** FAX / **03-6279-7104**
e-mail / **ryuutai@nifty.com** mobile / **090-1731-1954**

## Let's protect printed matter (our companies' books) on our own
## The way to deal with the Google settlement plan
### April 20, 2009

The Publishers' Association on Book Distribution
Jirō Takasu, Chairman
Morikazu Bldg. 40B, 3-31-1 Hongō, Bunkyō-ku, Tōkyō-to
TEL. 03-6279-7103 / FAX 03-6279-7104

The Google "settlement plan" will have an extremely great effect on the publishing world of the future.

However, for us publishers and copyright holders, it is a major problem that we cannot overlook, and if action is not taken by the May 5th deadline, we will automatically be recognized as participating in this outrageous and unreasonable "settlement plan." From the standpoint of protecting Japan's publishing heritage, we request that the U.S. District Court for the Southern District of New York reject the settlement plan.

The Publishers' Association on Book Distribution opposes the Google "settlement plan" and call on member companies and all publishers to take action to protect their own rights.

Also, as material for these companies to determine a course of action, we have attached the information and analysis that we know of at the present time regarding the Google "settlement plan."

The fact that Google is currently clearly infringing on the rights of copyright holders and rights such as intellectual property rights, etc. of publishers in Japan with its Japanese Book Search cannot be overlooked. Regarding this matter as well, we must consider a response in order to protect our own rights.

## The Publishers' Association on Book Distribution's plan for
## the Google "settlement agreement" and a call to practical action

—— First, we will offer steps that can be taken from the current stage by publishers ——

1. Let us offer the candid opinions of Japanese publishers and publishing groups to the U.S. District Court for the Southern District of New York.

   Whether we participate in the "settlement plan" or reject it, there is no need to remain silent with regard to Google's illegal activity. Also, the number of books currently being sold [that are on the list] has become great. The May 5th deadline is outrageous to begin with. Even if you cannot participate in the June hearing, you can express your opinion.

   The following is the contact address for the court in charge of this case.

Office of the Clerk
J. Michael McMahon
**U.S. District Court for the Southern District of New York**
500 Pearl Street
New York, New York 1007 [*sic*]
UNITED STATES OF AMERICA

2. Let us, as a fundamental rule, opt out (not participate in the settlement) for books that are currently being sold. Let us publish this on our websites and seek to make it widely known to authors and readers.

3. Let us strongly admonish the managers of the Google "settlement."

   A document that penalizes rights holders if they do not participate in the "settlement plan" by May 5th does not follow the "logic of democracy" for class action.

4. Let us judge whether [books] are rights-related or currently being sold.

   Publishers hold the rights to all printed materials.

   Each publisher has:

   • Books that must participate in the settlement by the deadline

   • Books that can be opted out

   • Books that are excluded from display or partially displayed, even if they participate after the deadline

   and so on.

5. We are aiming at the "publisher's rights" clearly described in copyright law.

   However, we do not think that these will be immediately realized. There are no illusions that the opinions of the publishing world are unified on obtaining rights. However, it is possible for each company to realize the practical protection of rights, and rights protecting printed material.

6. Let us propagate publishing contracts that include "right of consent to use by third parties."
New databases will continue to multiply. The Google "settlement" is not a temporary problem. Let us continue to firmly protect our companies' rights by propagating publishing contracts that include "right of consent to use by third parties," regardless of whether the copyright is for analog or digital use.

―――― The following is our present knowledge of the "current status" and an interpretation ――――

## What did Google do?

1. Google has concluded contracts with designated libraries around the world, has digitized (scanned) their book collections without authorization, had used them for display in its Book Search, and is continuing with these activities. [The number of books] has now climbed to seven million volumes, and several more million will be included in the next few years (from documents by "settlement" agents addressed to the JPCA (Japan Publishing Copyright Association)).
2. According to a survey by the Publishers' Association on Book Distribution, eighty to ninety percent of the books issued by our companies are included in the Google "settlement" search list, and at least 10% have already been digitized.
3. Google is the first to ever carry out intentional activity on this large a scale and with this large a scope in violation of copyright law, and books in Japanese that are currently being sold and are harmed by this are numerous. Google's assertion that it is focusing on out-of-print books is factitious, and the mass media are also entirely in error regarding this.

## What is the Google "settlement plan"?

According to published materials and documents by "settlement" agents addressed to the JPCA:
4. All books published worldwide previous to January 5, 2009 are subject to the "settlement."
5. The validity of the "settlement" applies only to use within the US.
6. The "settlement" must be approved by the court.
7. If it is approved by the court, the "settlement" will have binding force over all books not "opted out."
8. According to the "settlement plan," the deadline for "opting out" is May 5, 2009.
9. According to the District Court, the hearing for the "settlement" is planned for June 11, 2009.
That is all.
10. The Google "settlement plan" is a monetary settlement ($60 per volume) for disregarding Google's unauthorized scanning activity.
11. For the Google "settlement plan" to have force, it must be proven that the consent of copyright holders worldwide has been obtained.

## Stance of the JBPA (Japan Book Publishers Association)

12. According to documents released by the JBPA and materials from the explanatory meeting for members, the JBPA is gathering information from the IPA (International Publishers Association, in Switzerland). Are they not gathering information from the Google "settlement" agents or the Association of American Publishers, the plaintiff in the suit? The information disclosed by the JBPA is all indirect information. This cannot be called proper information gathering.
13. The JBPA has not made clear exactly what Google is doing and what kind of damage has been suffered by Japanese publishers and authors.
14. The JBPA, assuming that there is no recourse, takes participation in the "settlement" as a given and has avoided making any argument against the "settlement plan."
15. We infer that the JBPA thinks that, since the Google "settlement plan" is in a format that presumes that rights have been transferred to the publishers, the publishers bear the burden of performing the work for the procedures of the "settlement" on behalf of the authors and that publishers act just as rights holders.
16. Based on the preceding circumstances, the JBPA is recommending to its member companies that they take makeshift measures.
17. As a result, the JBPA, rather than resisting the "settlement plan," is leading its member companies as if the "settlement" has been established. If this is the case, shouldn't they candidly say that they are in agreement with the "settlement plan"?
18. The JBPA has not once asserted itself from the standpoint of the publishing companies that are the parties [to the settlement].
19. The standpoint of the JBPA would acknowledge that, for instance, even for a book that is currently being sold, the publisher has no right to speak without the understanding of the author. This stance will surely be the root of future trouble.

## Our interpretation of Google's actions

20. Copyright law is law that protects intangible items. This intangible property has traditionally been circulated as the tangible property of books. Google's unauthorized scanning is not performed from the original text. It is performed by improperly using the tangible property of books.

21. What is damaged by the activity of Google? The intangible property of the author's copyright and the property rights of the publisher that holds the right to sell the book have both been damaged.

## The position that Japanese publishers have been put in

22. Is it correct to say that Japanese publishers do not hold any rights under copyright law?

    This is not a mistake, but this is definitely not a proper description.

    For subject items to which any of the following three apply, the publisher exists as a party under copyright law.

    (1) It is normal for a publisher to hold the copyright for works published by the editorial division of the publisher in question. There are many cases where the publisher is the author, and thus holds the rights of the author.

    (2) The rights to works for which the right of publication of the Japanese edition of a foreign book have been acquired are held by the Japanese publisher that has acquired them. There are numerous Japanese editions on the current Google list.

    (3) [The publisher] is the party for books for which the "right of consent to use by third parties" for copyright has been entrusted to them by the author.

23. Has the JBPA explained the above to its member companies? There are not a few publishers that conclude publishing contracts that include the "right of consent to use by third parties" recommended by the JPCA (Japan Publishing Copyright Association). Also, we have heard that there are cases including licensing use to third parties even among medical publishers that are members of the JBPA. Why have these cases not been made public?

24. Japanese publishers have
    - Books for which they hold the author's rights according to the copyright law, and books for which they hold entrusted rights
    - Property rights for all printed matter as products

    Thus, as a matter of course, they are considered to be in a position where they should be dealt with as parties to the Google "settlement plan."

## The May 5, 2009 deadline is intended make the shift from "settlement plan" to "settlement" quickly

25. The greatest focus of the Google "settlement" agents is to clear the June 11th hearing by the U.S. District Court for the Southern District of New York. For that reason, they are hoping for matters to proceed peacefully and quickly without incident until the hearing is over.

26. This is the reason for the May 5, 2009 date. If there is no large-scale "opting-out" or opposition, they can assert that the understanding of copyright holders worldwide has been obtained for the "settlement plan."

## What Japanese publishers should consider

27. Are there any publishers in Japan who wholeheartedly approve of the Google "settlement plan"? If they are against it, or even if there are books that will unavoidably be part of the settlement, there is no need to meekly assent to the hearing.

28. Some voices have been raised in concern that if [a publisher] does not participate in the settlement, they will not be able to claim the settlement money. This is unfounded. The reason for this is that the "settlement plan" itself specifies that it is a class action.

29. Even if the "settlement plan" takes binding authority as a formal settlement, there is no penalty for participating in the settlement after the deadline. If there were a penalty, it would cease to be a class action.

30. There are also many authors (copyright holders) concerned about the unilateral activity of Google and about the damage Japanese publishers are likely to suffer. Let us continue to seek the understanding of authors.

31. We must quickly reinforce the position of publishers as parties. If we do not do this, we will not be able to survive the age of digitization. Makeshift measures will not solve anything.

ryuutai  Room  Blog  Photos  Consultation  Presents

# This kind of book exists, now

From the member companies of the Publishers' Association on Book Distribution (PABD) to all readers

<< Bulletin • US Justice Department ... | Article list | Google settlement plan ... >>

04-22-2009 3:47:05 PM

## (GOOGLE SETTLEMENT) The Publishers' Association on Book Distribution opts out as authors

Theme: Google settlement

The Publishers' Association on Book Distribution today opted out as copyright holders of copyrighted works, with the following two points.

At the same time, they sent the e-mail message below to the "Google Book Search settlement agents."

---

To Rust Consulting, Inc.
Agents for the Google Book Search settlement

We protest, with strong indignation and anger, the illegal activity and criminal activity of Google in the US. We decidedly oppose the "Google Book Search settlement plan."

We will not abandon our rights to claim compensation for damage of any kind suffered from Google. The following books in question are excluded, since they are currently being sold.

Also, we strongly demand with regard to the illegal activity and criminal activity of Google with the Japanese Book Search, that they forthwith cease providing snippet displays.

---

Information on books and inserts

• Names or pen names at the time the books and inserts (where applicable) were published

The Publishers' Association on Book Distribution

• Titles of books and inserts (where applicable)

Considering Set Prices for Books
Reissues are Different

• Publication date of books
1992

Note: Exclusion procedures have been completed for the books listed above (April 22, 2009)

**Advertisement**

Bargain Tops
My Sweet
C I r item
Present campaign now in
progress for everyone!


Petit price
Basic
with tax
¥990      PR

**Calendar**

<< May >>
Sun Mon Tue Wed Thu Fri Sat

[see source for calendar]

**Blog theme list**

Blog (1)
Publisher information (9)
Publishing world gossip (0)
Murmurs from publishers (12)
From the Publishers'
Association on Book
Distribution (5)
Talk (9)
A word about books (5)
Murmurs from the
administrative office (4)
Google settlement (6)

**Archive**

May 2009 (1)
April 2009 (6)
March 2009 (4)
February 2009 (2)
January 2009 (7)
December 2008 (21)
November 2008 (10)

**Readers of this blog**

**Become a reader**

Information on updates to this blog will be sent to you
There are 4 readers (see list)

Blog of light
(by folewim2bbh)
Hibiscus tea
(by herb7337lb)
Publishing with [*Zaimasa*'s] books
(by e-set)
We all get along
(by kandanoumare)

**Ameba blog rankings**

(OVERALL RANKING)
Daily: 119446th place
Monthly: 76157th place

(GENRE RANKING)
Books and reading: 464th place
Groups: 247th place

<See> your ranking in detail
To top of popular blog ranking

**Search in this blog**

Search

**Bookmarks**

Publishers' Association on Book Distribution
Gendaijinbun-sha, a publisher of law books
(See list)

ryuutai  Room  Blog  Photos  Consultation  Presents

# This kind of book exists, now

From the member companies of the Publishers' Association on Book Distribution to all readers

<< Google settlement ... | Article list | (GOOGLE SETTLEMENT PLAN) ... >>

04-29-2009 4:16:36 PM

### Bulletin • US Justice Department begins antitrust law investigation • NY District Court extends final deadline to September 4

Theme: Google settlement

According to the *New York Times* (April 29, 2009):

The US Justice Department notified the parties to Google's settlement with authors and publishers that it has decided to begin an inquiry into antitrust law violations by the Google Book Search service related to the settlement, as a result of hearing opinions from the Internet Archive and Consumer Watchdog (a consumer group), who oppose the settlement.

Also, on the 28th, Judge Denny Chin of the Federal District Court in New York, who is overseeing the Google settlement, decided to extend the deadline for opting out from the settlement by four months to allow time for understanding the settlement.

None of the parties have commented on this at the present time.

http://www.nytimes.com/2009/04/29/technology/internet/29google.html

Ads by Google
**New BlackBerry** ap.BlackBerry.com/JPN
Wherever and whenever you need it, with BlackBerry

**Self-publishing from ¥89,800** trendlife.pocket.jp
Campaign for bargain reprinting now in progress! The real thing, with listing on amazon.co.jp

**Books for home lawyers** www.homelawyers.info
A book on the world of lawyers by Author Kenji Nishida, recognized as the leader in reform of the world of lawyers

Article UP     Check!     [text cut off]

<< Google settlement ... | Article list | (GOOGLE SETTLEMENT PLAN) ... >>

Kaera Kimura's favorites released on [*Bupe*] ★
Give your body enchanted skin before summer / Celebrities' composite movies released!
Ask a pro about your first job change! / ¥50 per episode for popular foreign dramas
First in Japan! Whisper Black! / Aya Ishiguro ☆ Ranch visit report!

Books for home lawyers

**Advertisement**

If you're worried about interest

Click here for details

**Calendar**

<< May >>
Sun Mon Tue Wed Thu Fri Sat

[see source for calendar]

**Blog theme list**

Blog (1)
Publisher information (9)
Publishing world gossip (0)
Murmurs from publishers (12)
From the Publishers' Association on Book Distribution (5)
Talk (9)
A word about books (5)
Murmurs from the home office (4)
Google settlement (6)

**Archive**

May 2009 (1)
April 2009 (6)
March 2009 (4)
February 2009 (2)
January 2009 (7)
December 2008 (21)
November 2008 (10)

**Readers of this blog**

**Become a reader**

Information on updates to this blog will be sent to you
There are 4 readers (see list)

Blog of light
(by folewim2bbh)
Hibiscus tea
(by herb7337lb)
Publishing with [*Zaimasa*'s] books
(by e-set)
We all get along
(by kandanoumare)

**Ameba blog rankings**

(OVERALL RANKING)
Daily : 119446th place
Monthly: 76157th place

(GENRE RANKING)
Books and reading: 464th place
Groups: 247th place

<See> your ranking in detail
To top of popular blog ranking

**Search in this blog**

Search

**Bookmarks**

Publishers' Association on Book Distribution
Gendaijinbun-sha, a publisher of law books
(See list)

(*A*)
Aki Shobo
Akebi Syobo
Azusa Syuppansya
Athens
Ahni Publishing House
Arina Shobo
Verlag Izara
Aesop-sha
Ikkou-sha
Upsilon Shuppan Kikaku
Impact Shuppankai
(*Ka*)
Kaizosha
Gaifusha
Buraku Liberation Publishing House
Kaimeisha
Kaisetsusha
Kadensha
Ganshisha
Kikkasha
Kitensha
Kyōiku Shiryō Shuppankai
Kirara Shobo
Kusanone Shuppankai
Kengakusha
Kenkō to Yoi Tomodachi-sha
Gendaikikakushitu
Gendai Shokan
Gendaijinbun-sha
Genryusha
Kenryū Shuppan
Kōseisha
Godo-Shuppan
Cosmo Books
Commons
(*Sa*)
Sakurai Shoten
Sairyusha
Sangensha

Sanriku Publishing
Shizenshoku Tsūshin-sha
Jichosha
Shakai Hihyō-sha
Shakaihyoronsha
Situation
Shohakusha
Shiranui Shobo
Shinkansha
Shinjuku Shobo
Shinsensha
Suiseisha
Studio Tac Creative
Seitosha
Sekai Shoin
Sensyobo
Soudosha
Sofukan
(*Ta*)
Daisan Shokan
Daizo Shuppan
Tabata Shoten
Chisen Shokan
Tsukuba Shobo
Tsuge Shobo Shinsha
Tokyo Mangasha
Toshindo
Doujidaisya
Toyo Shoten
Tosei Shimpō-sha
(*Na*)
Nagasaki Publishing
Nanatsumori Shokan
Ningenshuppan
Nihon Keizai Hyouronsha
(*Ha*)
Pie Books
Sapporo Hakurosya
Hassakusha
Parol-sha

Bansei Shobo
Hitonaru Shobo
Hihyosha
Vient
Filmart-sha
Futohsha
Fubaisha
Bunsha Shoin
Bronze Publishing
Bunyusha
Perikansha
Hokuju Shuppan
Honnoizumisya
Honnoki
(*Ma*)
Michi-Shuppan
Mekon
Mokuseisha
(*Ya*)
Yugaku Shobo
Yushisha
(*Ra*)
Risaikuru Bunka-sha
Liberta Shuppan
Ryokufu Shuppan
Renga-Shobou-Shinsha
Ronsosha

**U.S District Court for the Southern District of New York**

Office of the Clerk, J.Michael McMahon 殿

05-CV-8136

2009年 5月18日

出版流通対策協議会

会長 髙須 次郎

日本・東京都文京区本郷3-31-1 盛和ビル40B
TEL +81-3-6279-7103／FAX +81-3-6279-7104

　われわれ出版流通対策協議会に参加する日本の98の出版社は、日本の出版文化をGoogleから防衛するためGoogleブック検索和解案に反対する。

　Googleが商業目的で本の版面を出版社や著者に無断で組織的かつ大規模にスキャンした行為は、著作権法違反の違法行為であることは明白である。したがってそのような行為に基づいた「和解案」は受け容れられない。

　絶版本をデジタル化して読者に提供するという謳い文句とはまったく異なっている。現実には、日本の出版社の市販中の本の90％以上をリスト化し、10％以上がすでにデジタル化されている。

　このような憂慮すべき事態が起きているのは、和解案がアメリカにおける伝統的な販売経路、つまり書店などで販売されていないとグーグルが判断した本は市販されていないことになり、自動的に絶版扱いとみなすという、アメリカでしか適用できない内容になっているからである。

　アメリカ国内の著作権者と販売者にしか妥当性のないものは、容認できない。

　アメリカ国外の書籍は、不当に差別され、アメリカ国外書籍の販売者は、営業を妨害される可能性は極めて高い。

　われわれ出版流通対策協議会はGoogleからのあらゆる損害に対して、賠償請求権を放棄しないことを通告すると共に、Google和解案に参加しないことを表明する。

　連邦地裁は、けっして、本和解案を認めないよう、要請する。

# Google和解問題 記者会見 資料

2009年5月18日14:00〜●文京シビックセンター3F／会議室A

## ●記者会見要旨

1　Google「和解案」は受け容れられない。
　　Googleが商業目的で本の版面を出版社や著者に無断で組織的かつ大規模にスキャンした行為は、著作権法違反の違法行為であることは明白である。

2　絶版書籍以外の書籍を、出版社が責任を持ってオフトアウトすることを呼びかける。
　　Googleはフェアユースと主張しながら、和解案リストには、市販されている書籍を大量に含んでいる。何もしなければ参加したことになり、こうした書籍がデジタル化されてしまうという一方的なもので、日本の出版文化を防衛する観点からも容認しがたい。

3　慶應図書館には、Googleの提携図書館として提供したリストを公開するよう求める。
　　また、今後、Googleへの蔵書提供の計画はあるのか、答えてほしい。

4　絶版書籍などの出版物の保存と公開は公的機関が責任を持って行うべきで、Googleなどの私企業に任せるべきではない。
　　日本の出版文化の保存と公開は国立国会図書館などの公的機関が著作権者、出版社などと協力してあたり、ユネスコの世界デジタル図書館などを通じて公開していくべきである。

5　市販中の本の権利は出版社が守る責任がある。絶版書籍、孤児作品については、著作権者と協力しながら、権利の保全と、有効な利用について、協力して行こう。
　　4カ月延長になったことは、新たなスタートである。だれも、どの本もまだ和解案には参加していない。出版流通対策協議会は、Googleブック検索和解案に反対し、これに参加しないよう出版社に呼びかける。

6　早急に、出版社の権利の制定を要望する。
　　Google「和解案」問題の日本での混乱は、著作隣接権の規定に出版社が該当していないことによることが大きい。法的立場の脆弱性によって、現に使用中の著作権を守ることを困難にしている。

## ●背景説明

### 1　果たしてフェアユースなのか

　　ニューヨーク南地区連邦地裁は、Google和解案に対してクラスアクションを適用した。これは本来、海外の著作物をアメリカ国内の著作物と差別することなく、平等に扱うために行われたものである。
　　しかし、その結果は、惨たんたるものであった。
　　海外の著作物は、販売中のものが大量に無差別にGoogle和解リストにアップされることになった。そして、海外では、混乱、困惑、不信を拡げてしまった。
　　この内外格差はどうして表れたのか。
　　それは、海外著作物に、和解案を適用する能力も意志も、和解案当事者になかったためである。
　　根本的な原因は、無定見に海外書籍を提供した一部の図書館と巨大なスキャニングマシンと化しているグーグルにある。

しかし、一方の和解当事者である、アメリカ作家組合とアメリカ出版協会も、クラスアクションが海外の販売中の著作物に如何なる影響を与えるかという、事前の注意喚起を一切していない。

　Googleが主張している「フェアユース＝公正使用」の論拠は、著作権の利用が困難なもの＝「絶版書籍(out of print)」と「孤児作品(orphan books)」の再利用の道をつくりだしたというところにある。

　刊行中の書籍は、現に出版社が当該の著作権を利用しているからだ。だから、和解リストに刊行中のものを留めておく理由はまったくない。

## 2　絶版書籍(out of print)の確認責任は誰が持つのか

　では、日本で、刊行中のものか、「絶版書籍」なのかを判断するのは、誰なのか。

　該当する書籍の著作権者か、あるいは、それを発行した出版社か。

　日本では、出版社であることは自明である。

　だから、刊行中の書籍を除外するのは、日本では、出版社が行わなければならないのだ。品切れ(stockout)本が「絶版書籍(out of print)」ではないことに気をつけよう。

そして、Google和解サイトのリストは日々更新されている。常に確認して行こう。

　和解案対象外であるべき本が、アップされる可能性は、ずっと続く。

　それも、粘り強く、より分けていくしか、確実な方法はない。そして、それは、出版社が責任を持って行わなければならない。

　グーグル和解案の対象物とするかどうかの「確認責任」は、日本では出版社にある。

　出版社サブクラス顧問　**bookclaims@debevoise.com**　に

### 該当書籍は、刊行中である

### そのため、和解リストから削除する

　として、該当書籍リストを添付しよう。

　同時に、同じ内容のものを連邦地裁に送り、確実に排除させよう。

　そして、自社にリストは保存しておこう。

## 3　一部の絶版書籍の取扱いについて

　営業上の理由ではなく、プライバシー、差別表現等、著者と同意の上で絶版に処した本がある。絶版書籍だから、著者に任せればいいというのではなく、当該の出版社が責任を持って処理する必要がある。

## 4　日本の膨大な「孤児作品」をどうするのか

　アメリカでは、著作権者不明の書籍＝孤児作品(orphan books)の著作権利用が、グーグルにだけ免責条項があるのは、独占禁止に抵触するのでは、とアメリカ司法省が調査している。

　孤児作品(orphan books)の利用は、今回のGoogle和解案の大きな眼目である。

　では、日本の場合は、どうするのか。

　リストから除外することも、どういう参加を行うかの当事者は誰もいない。では、自動的にGoogle和解案への物言わぬ、請求権の無い参加書籍になっていいのだろうか。

　それは、アメリカ以外の国のすべての孤児作品にも言えることである。

　各国が何もしなければ、すべての該当書籍の使用の権利は、グーグルか、アメリカのどこかの企業に移ってしまう。

　無主となった土地は、国に返される。では、著作物は、どうなるのか。人類共有の財産に最終的になるとしても、該当する国の何らかの第三者機関が必要と思われる。そしてその該当機関がたとえば、グーグルにその使用を認めればいいのである。

　孤児作品を放置しておくことは、将来に必ず、禍根を残す。知的財産の無自覚な流出を止めよう。

　出版界が、著作権者団体が、知恵を出し合い、緊急の提言をまとめる必要があるのではないか。

## ●地裁宛文書

### ニューヨーク地裁連邦判事 宛

　われわれ出版流通対策協議会に参加する日本の98の出版社は、日本の出版文化をGoogleから防衛するためGoogleブック検索和解案に反対する。

　Googleが商業目的で本の版面を出版社や著者に無断で組織的かつ大規模にスキャンした行為は、著作権法違反の違法行為であることは明白である。したがってそのような行為に基づいた「和解案」は受け容れられない。

　絶版本をデジタル化して読者に提供するという謳い文句とはまったく異なっている。現実には、日本の出版社の市販中の本の90%以上をリスト化し、10%以上がすでにデジタル化されている。

　このような憂慮すべき事態が起きているのは、和解案がアメリカにおける伝統的な販売経路、つまり書店などで販売されていないとグーグルが判断した本は市販されていないことになり、自動的に絶版扱いとみなすという、アメリカでしか適用できない内容になっているからである。

　アメリカ国内の著作権者と販売者にしか妥当性のないものは、容認できない。

　アメリカ国外の書籍は、不当に差別され、アメリカ国外書籍の販売者は、営業を妨害される可能性は極めて高い。

　われわれ出版流通対策協議会はGoogleからのあらゆる損害に対して、賠償請求権を放棄しないことを通告すると共に、Google和解案に参加しないことを表明する。

　連邦地裁は、けっして、本和解案を認めないよう、要請する。


## ●Google宛文書

### Google本社並びに日本法人責任者 宛

　われわれ出版流通対策協議会に参加する日本の98の出版社は、日本の出版文化をGoogleから防衛するため、Googleブック検索和解案に反対する。

　Googleが商業目的で本の版面を出版社や著者に無断で組織的かつ大規模にスキャンした行為は、著作権法違反の違法行為であることは明白である。したがってそのような行為に基づいた「和解案」は受け容れられない。

　絶版本をデジタル化して読者に提供するという謳い文句とはまったく異なっている。現実には、日本の出版社の市販中の本の90%以上をリスト化し、10%以上がすでにデジタル化されている。

　このような憂慮すべき事態が起きているのは、和解案がアメリカにおける伝統的な販売経路、つまり書店などで販売されていないとグーグルが判断した本は市販されていないことになり、自動的に絶版扱いとみなすという、アメリカでしか適用できない内容になっているからである。

　アメリカ国内の著作権者と販売者にしか妥当性のないものは、容認できない。

　われわれ出版流通対策協議会はGoogleからのあらゆる損害に対して、賠償請求権を放棄しないことを通告すると共に、Google和解案に参加しないことを表明する。


**(なお、本日(5月18日)付けで、NY連邦地裁、Google、慶應図書館に文書を投函した／事務局)**

●問い合わせは事務局(木下)まで　　　　〒113-0033 文京区本郷3-31-1 盛和ビル40B　　事務局長／木下　郁
**出版流通対策協議会**　　　　TEL **03-6279-7103**　FAX／**03-6279-7104**
e-mail／**ryuutai@nifty.com**　mobile／**090-1731-1954**

090514

●最終期限延長、9月4日に向けて●

# すべての著作者、出版社へ

── Google和解から離脱（オプトアウト）しても「道」はある──

5月5日の最終期限が、9月4日に延長され、
米司法省が独禁法での調査を開始した。
アメリカでは、和解そのものが揺れ始めている。
イギリス、ドイツ、フランスからもGoogle和解に反対の声があがっている。

では、日本ではどうか？
書協はいち早く和解への参加で逃げてしまった。
著作者からは、日本文藝家協会、日本ペンクラブが反対を表明、
日本ビジュアル著作権協会の180人の会員などが反対、離脱＝オプトアウトを表明。
出版社団体では唯一、私たち流対協だけが、反対を表明、
離脱＝オプトアウトを勧めていこうとしている。

ようやくGoogle和解の「正体」が垣間見えてきた。
「知の共有」を大義とした、アメリカによる犯罪的な「知の独占」計画、
Google、アメリカ出版協会、著作者ギルド、協力大学図書館……
彼らは皆、今回の問題の共犯者である。

Googleは「フェアユース」を公言、眠っている著作物(絶版本など)を蘇らせたというのだから、
現在、「刊行中の書籍」は和解の対象外であり、離脱＝オプトアウトしたとしても、
除外するのは当然のことだろう。

年に7万冊の著作物が出版されているなか、
各出版社が今回の事態を連絡した著作者は、ほんの一部にすぎない。
出版社は自らの権利および著作権者の権利を守る必要があり、
Google和解への対応を、曖昧なものとしてはならない。
いままさに、著作者と出版社が力を合わせて、Google和解に立ち向かっていく必要がある。

**最終期限までに、私たち日本の出版社、著作者にできることは、**

①「刊行中の書籍」を確実に除外する(和解の外に出す)こと

②膨大な「孤児作品」(orphan books)は、共有可能な「知的財産」として、
　Google和解から救い出すこと

③Google和解に異議のある「すべての著作者と出版社」が連携していくこと

●日時／**5**月**18**日(月)**14**時から

●場所／**文京シビックセンター**
（文京区春日1-16-21）

**3F・障害者会館／会議室A**

●出版流通対策協議会(流対協)は、1979年に設立、98社の中小出版社で構成する出版社団体です●

●問い合わせは事務局(木下)まで
# 出版流通対策協議会

〒113-0033 文京区本郷3-31-1 盛和ビル40B　　**事務局長／木下　郁**
TEL　**03-6279-7103**　FAX／**03-6279-7104**
e-mail／**ryuutai@nifty.com**　mobile／**090-1731-1954**

# 出版物（自社の本）は、自分で守っていこう
## Google和解案にとるべき道
### 2009年 4月20日

出版流通対策協議会
会長 高須 次郎

東京都文京区本郷3-31-1 盛和ビル40B
TEL 03-6279-7103／FAX 03-6279-7104

今回のGoogle「和解案」は、今後の出版界にとって非常に大きな影響を及ぼすものである。

しかも、私たち日本の出版者・著作権者にとって、見過ごすことのできない重大な問題をはらみつつ、5月5日の期限までに行動を起こさなければ、自動的に「和解案」に参加することを認めたことになるという、乱暴・理不尽なものである。日本の出版文化を守る観点から、我々は、ニューヨーク南地区連邦地裁が和解案を却下するように求める。

流対協は、Google「和解案」に反対するとともに、会員各社および、すべての出版者に対し、自らの権利を守るための行動をとるよう呼びかける。

また、各社の行動の判断資料として、このGoogle「和解案」について、現在私たちが知りえた情報・分析を添えた。

なお、見落としてならないことは、現在、Googleが日本語ブック検索において、日本における著作権者の権利、出版社の財産権などの権利を明らかに侵害していることである。このことに対しても、自らの権利を守るための対応を検討しなくてはならない。

## Google「和解案」への流対協の提案と具体的行動のよびかけ

### ——まず、「出版者」として今の段階からできることを列挙する——

1　ニューヨーク南地区連邦地裁に、日本の出版社の、出版社団体の率直な声を届けよう。

「和解案」に参加するにせよ、拒否するにせよ、Googleの不法行為に沈黙している必要は全くないのだ。そして、販売中の本が多数に上るのだ。5月5日という期限が、そもそも、理不尽なのである。6月の審問会に、参加できなくても、意見を届けることはできる。

下記が、担当判事の連絡先である。

Office of the Clerk
J.Michael McMahon
**U.S District Court for the Southern District of New York**
500 Pearl Street
New York, New York 1007
UNITED STATES OF AMERICA

2　販売中の本は、基本的に「オプトアウト（除外）＝和解不参加」しよう。そのことをホームページ上で公開し、広く、著者と読者に理解を求めよう。

3　Google「和解」管理者に強く警告しよう。

5月5日までに、「和解案」に参加しなければ、権利者に不利益があるかのような文書は、クラスアクションのいう「民主主義の論理」ではない。

4　権利関係と販売中であるかどうかで判断していこう。

出版社は、全出版物に権利を持っている。

・一つの出版社で、

　・期限内に和解参加をせざるを得ないもの

　・一旦は、「オプトアウト」できるもの

　・期限後に参加するにしても、表示除外するもの、部分表示するもの

　などがある。

5　著作権法上に明記される「出版社の権利」を我々はめざそう。

しかし、それがすぐに実現するとは考えていない。出版界が権利獲得に意見が一致するという幻想もない。しかし、実質的な権利の保全、出版物を守る権利は、各々の出版社で実現可

能である。

6 「第三者利用許諾の権利」を含む出版契約を普及させていこう。

一度産声を上げたデータベースは、自己増殖していく。Google「和解」は、一過性の問題ではない。著作権のアナログ、デジタル利用にかかわりなく、「第三者利用許諾の権利」を含む出版契約の普及によって、自社出版物をしっかり守っていこう。

——以下は、「今回の事態」の現状認識と解釈である——

## Googleは何をしたのか

1 Googleは、世界の特定の図書館と契約を結び、その蔵書を無断でデジタル化（スキャニング）、ブック検索において表示使用し、現在もなお、その行為を続けている。それは現在700万冊にのぼり、数百万冊が今 後数年間で行われるとしている（JPCA＝日本出版著作権協会への「和解」代理人からの文書より）。

2 流対協会員社の調査によれば、Google「和解」検索のリストには自社発行図書の80〜90％がリストアップされ、10％以上がすでにデジタル化されている。

3 これほど大規模・広範で意識的な著作権法に反する行為は、Googleが初めてであり、被害にあっている販売中の日本語書籍は多数にのぼる。絶版本を中心にしたというGoogleの主張は作為的であり、マスコミ報道も全くの事実誤認である。

## Google「和解案」とは何か

公開資料、JPCAへの「和解」代理人からの文書によれば、

4 「和解」の対象となる書籍は、2009年1月5日以前に世界中で出版されたものである。

5 「和解」の効力は、アメリカ国内の利用のみの適用である。

6 「和解」は、裁判所によって承認されなければならない。

7 裁判所に承認されれば、「和解」は「オプトアウト（除外）」していない書籍すべてに拘束力を持つ。

8 「和解案」によれば、「オプトアウト（除外）」の期限を2009年5月5日としている。

9 連邦地裁による「和解」の審問は、2009年6月11日を予定している。

以上である。

10 Google「和解案」は、Googleの無断スキャニングの行為を不問にするための金銭解決である（一冊60ドル）。

11 Google「和解案」が効力を発揮するためには、連邦地裁判事に、全世界の著作権者からの合意がとれていると証明しなければならない。

## 書協（日本書籍出版協会）の態度

12 書協から公表された文書ならびに会員説明会での資料によれば、書協は、情報収集をIPA（国際出版連合・在スイス）から行っている。Google「和解」代理人、また裁判の原告であるアメリカ出版協会からの情報収集をしていないのか。書協から開示された情報は、すべて間接情報である。正しい情報収集とはいえない。

13 書協は、グーグルは一体何をし、日本の出版社と著者がいかなる損害を被ったのかをあきらかにしていない。

14 書協は、仕方がないとして、「和解」参加を前提にすることで、「和解案」に対する論議を回避してしまっている。

15 書協は、Google「和解案」が出版社に権利が移っていることを前提にした書式であるので、著者の「和解」手続の事務代行を出版社がになうことで、出版社があたかも権利者としてふるまえる、と考えたと推察する。

16 以上からして、書協は、一時しのぎの策を会員社に勧めることになっている。

17 結果的に、書協は、「和解案」に抵抗するどころか、「和解」が成立するように会員社を誘導していることになる。そうであるなら、率直に「和解案」に賛成だというべきではないか。

18 書協は、当事者としての出版社という立場を一度も主張することはなかった。

19 書協の立場でいえば、たとえ、販売中の本でも、著者の理解がなければ、出版社はなんら

発言権がないということを認めてしまったことになる。この態度は、将来、禍根を残すことになる。

## Googleが行ったことの我々の解釈

20 著作権法は、無形のものを保護する法律である。そして、無形の財産は、伝統的には本という有形の財産で流通してきた。Googleの無断スキャニングは、著者のオリジナルテキストから行ったものではない。本という有形の財産を不当に利用して行われたのである。

21 Googleの行為で何が棄損されたのか。無形の財産である著者の著作権と、その本の販売に権利をもつ出版社の財産権の両方が棄損されたのである。

## 日本の出版社の置かれた立場

22 日本の出版社は、著作権法上の権利を何ももっていない、というのは正しいのか。
間違ってはいないが、決して正しい説明ではない。
以下の三項のいずれかにあてはまる対象物は、著作権上の当事者として、出版社は存在する。
(1) 当該出版社の編集部による出版は、当該出版社がその著作権をもっているのが普通である。出版社が著者であり、それゆえ著者の権利を持っている例はいくらでもある。
(2) 海外の本の日本語版の発行の権利を取得しているものは、日本の取得出版社がもっている。そして、今回のGoogleのリストには、日本語版が多数存在している。
(3) 著者より、当該著作権の「第三者利用許諾の権利」を委託された本については、その当事者である。

23 書協は、以上の説明を、会員社に行ったのであろうか。JPCA（日本出版著作権協会）の推進する「第三者利用許諾の権利」を含む出版契約を結んでいる出版社は少なからず存在する。また、書協会員社である医学系の出版社でも、第三者への利用許諾を含む例があると伝聞する。なぜ、そういう例を公表しないのだろうか。

24 日本の出版社は、
　　　　・著作権法にいう、著者の権利を持っている本、委託された権利を持っている本
　　　　・すべての出版物について商品としての財産権
　を持っている。だから、グーグル「和解案」に対して、当然にも、当事者として対処する立場にあると考える。

## 2009年5月5日という期限は、速やかに「和解案」から「和解」にするためのものである

25 Google「和解」代理人の最大の眼目は、6月11日のニューヨーク南地区連邦地裁判事の審問をクリアすることである。そのためには審問がすむまで無事平穏にかつ速やかに事態が推移することを望んでいる。

26 だから、2009年5月5日なのである。大規模な「オプトアウト」や反対の声がなければ、「和解案」が全世界の著作権者の理解を得たと主張できるからである。

## 日本の出版社が考慮すべきこと

27 Google「和解案」に、諸手を上げて賛成する出版社が、日本に存在するのであろうか。もし、反対であるか、あるいは、和解参加をせざるを得ない本があったとしても、唯々諾々と審問を迎える必要はない。

28 和解に参加しないと、和解金がとれなくなるのではないかとの心配の声がある。これは、杞憂である。なぜなら、「和解案」がクラスアクションだと自己規定しているからである。

29 たとえ、「和解案」が正式の和解として拘束力を持ってからも、期限後の和解参加に不利益は存在しない。不利益が存在することは自身がクラスアクションではなくなってしまう。

30 Googleの一方的な行為と日本の出版社が被るであろう損害に、心配する著者（＝著作権者）も多い。著者の理解をいっそう求めていこう。

31 当事者としての出版社の立場を早急に強化していかなければならない。そうでなければ、デジタル化時代を乗り切っていくことはできない。一時しのぎではなにも解決したことにならない。

ryuutai　　ルーム　ブログ　フォト　相談　プレゼント

# こんな本があるんです、いま

出版流通対策協議会（流対協）会員社から読者の皆様へ

≪ 速報●米司法省、独… ｜ 記事一覧 ｜ Google和解案… ≫

2009-04-22 15:47:05

## 【グーグル和解】 流対協は著者として、オプトアウト（除外）しました

テーマ：Google和解

流対協は、下記の2点の著作物の著作者として、
本日、オプトアウト＝除外しました。

同時に、下記のメールを、「Googleブック検索和解管理者」に送りました。

---

Googleブック検索和解管理者
Rust Consulting,Inc　御中

アメリカにおけるGoogleの違法行為、犯罪行為について、
強い憤りを覚え、怒りを込めて抗議する。
「Googleブック検索和解案」には、断固として反対する。

Googleからのあらゆる損害に対して、賠償請求権は放棄しない。
下記の当該書籍は販売中であるため除外する。

また、現在生じている、
日本のブック検索におけるGoogleの違法行為、犯罪行為について、
即刻、スニペット表示を停止することを強く要求する。

---

書籍および挿入物の情報

・書籍および挿入物（該当する場合）が出版された際の氏名／ペンネーム

出版流通対策協議会

・書籍および挿入物のタイトル（該当する場合）:

本の定価を考える
新装版本は違う

・書籍の出版時期
1992年

※上記の書籍、除外手続きを完了（2009年4月22日）

PR

お買得☆トップス

My Sweet
C l r item
☆毎日プレゼントキャンペーン実施中☆

プチプライス
ベーシック

990円 PR



### カレンダー

≪ 5月 ≫

| 日 | 月 | 火 | 水 | 木 | 金 | 土 |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 | | | | | | |

### ブログテーマ一覧

ブログ（1）
パブ情報（9）
出版ギョーカイ噂話（0）
出版者のつぶやき（12）
流対協から（5）
トーク（9）
ほんのひとこと（5）
事務局のつぶやき（4）
Google和解（6）

### アーカイブ

2009年05月（1）
2009年04月（6）
2009年03月（4）
2009年02月（2）
2009年01月（7）
2008年12月（21）
2008年11月（10）

### このブログの読者

読者になる

このブログの更新情報が届きます

読者数4人　[一覧を見る]

ひかりのブログ
（by foiewim2ubhさん）
ハイビスカス ティー
（by herb7377lbさん）
さいまさの本と出版し…
（by e-setさん）
みんななかよく
（by kandanoumareさん）

### アメブロランキング

[総合ランキング]
デイリー　119446位
月間：76157位

[ジャンルランキング]
本・読書：464位
グループ・団体　247位

自分のランキングを詳しく見る >>
人気ブログランキングトップへ

### ブログ内検索

[　　　　] 検索

### ブックマーク

出版流通対策協議会
法律書出版の現代人文社
[一覧を見る]

ryuutai　　ルーム　ブログ　フォト　相談　プレゼント

# こんな本があるんです、いま

出版流通対策協議会(流対協)会員社から読者の皆様へ

《 Google和解問…｜記事一覧｜【グーグル和解】･･･ 》

2009-04-29 16:16:36

## 速報●米司法省、独禁法の調査開始●NY連邦地裁、最終期限を9月4日に延長

テーマ：Google和解

『New York Times』(2009年4月29日)によれば、

アメリカ司法省が、Googleブックサーチサービスにおける、著者と出版者とGoogleの和解に関して、和解に反対するthe Internet ArchiveとConsumer Watchdog(消費者団体)などから意見を聴いた結果、独禁法違反で調査開始することを決定、和解当事者に通告した。

また、28日に、グーグル和解を監督する連邦地方裁判所のデニー・Chin判事は、和解離脱の最終期限を、和解を理解するには時間がかかるとして、4か月延長することを決定した模様。

和解当事者からはいずれも、現時点でコメントが出ていない、とのこと。

http://www.nytimes.com/2009/04/29/technology/internet/29google.html

Ads by Google

新しいBlackBerry　ap.BlackBerry.com/JPN
必要な時、どんな場所でもBlackBerryと共に

89800円からの自費出版　trendlife.pocket.jp
今ならお得な増刷キャンペーン中！amazon.co.jp登録の本格派

ホームロイヤーズの書籍　www.homelawyers.info
弁護士業務改革のリーダーとして注目される西田研志執筆の弁護士業秘本

記事URL　チェック！　ヘタ

《 Google和解問…｜記事一覧｜【グーグル和解】･･･ 》

プーペで木村カエラの私物大公開中★

夏前に、魅せ肌ボディをつくる　／　芸能人の合成動画を公開！
初転職ならフロに聞け！　／　話題の海外ドラマが各話50円
日本初！ウィスパーブラック！　／　石黒彩☆牧場見学レポート！

ホームロイヤーズの書籍

PR



利息が気になるあなたへ

詳しくはこちら

### カレンダー

<< 5月 >>

| 日 | 月 | 火 | 水 | 木 | 金 | 土 |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 | | | | | | |

### ブログテーマ一覧

ブログ ( 1 )
パブ情報 ( 9 )
出版ギョーカイ噂話 ( 0 )
出版者のつぶやき ( 12 )
流対協から ( 5 )
トーク ( 9 )
ほんのひとこと ( 5 )
事務局のつぶやき ( 4 )
Google和解 ( 6 )

### アーカイブ

2009年05月 ( 1 )
2009年04月 ( 6 )
2009年03月 ( 4 )
2009年02月 ( 2 )
2009年01月 ( 7 )
2008年12月 ( 21 )
2008年11月 ( 10 )

### このブログの読者

読者になる

このブログの更新情報が届きます

読者数4人　[一覧を見る]

ひかりのブログ
( by foiewim2bbhさん )
ハイビスカス　ティー
( by herb7377lbさん )
ざいまさの本と出版し…
( by e-setさん )
みんなななかよく
( by kandsnoumareさん )

### アメブロランキング

[総合ランキング]
デイリー：119446位
月間：76157位

[ジャンルランキング]
本・読書：464位
グループ・団体：247位

自分のランキングを詳しく見る >>
人気ブログランキングトップへ

### ブログ内検索

[　　　　　] [検索]

### ブックマーク

出版流通対策協議会
法律書出版の現代人文社

[一覧を見る]

**【あ】**
亜紀書房
あけび書房
梓出版社
アテネ社
アーニ出版
ありな書房
イザラ書房
いそっぷ社
一光社
イプシロン出版企画
インパクト出版会
**【か】**
海象社
凱風社
解放出版社
海鳴社
仮説社
花伝社
雁思社
吉夏社
気天舎
教育史料出版会
雲母書房
草の根出版会
健学社
健康と良い友だち社
現代企画室
現代書館
現代人文社
源流社
見龍出版
皓星社
合同出版
コスモの本
コモンズ
**【さ】**
桜井書店
彩流社
三元社

三陸書房
自然食通信社
時潮社
社会批評社
社会評論社
情況出版
松柏社
不知火書房
新幹社
新宿書房
新泉社
水声社
スタジオタッククリエイティブ
青灯社
世界書院
千書房
創土社
草風館
**【た】**
第三書館
大蔵出版
田畑書店
知泉書館
筑波書房
栢植書房新社
東京漫画社
東信堂
同時代社
東洋書店
都政新報社
**【な】**
長崎出版
七つ森書館
にんげん出版
日本経済評論社
**【は】**
パイインターナショナル
柏艪社
八朔社
パロル舎

晩成書房
ひとなる書房
批評社
VIENT
フィルムアート社
風濤社
風媒社
文車書院
ブロンズ新社
文遊社
ぺりかん社
北樹出版
本の泉社
ほんの木
**【ま】**
道出版
めこん
木犀社
**【や】**
唯学書房
有志舎
**【ら】**
リサイクル文化社
リベルタ出版
緑風出版
れんが書房新社
論創社