```
JEROME M. GARCHIK, CA.SB# 50562
ATTORNEY AT LAW
703 MARKET ST., STE. 801
SAN FRANCISCO CA. 94103
Tel: 415-495-8527
Fax: 415-495-8529
e-mail:jchikesq@gmail.com
Attorney for
 IAN FRANCKENSTEIN,
 Class Member and Rights
 Owner of Author Kay Boyle
```



AUG 17 2009

JUDGE CHIN'S CHAMBERS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-17-09

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

The Authors Guild Inc., Assn. of  )
American Publishers, Inc., et al.,)
                                   )   CASE NO. 05 CV 8136-DC
                                   )
     Plaintiffs and Putative       )   OBJECTION TO PROPOSED CLASS
     Class Representatives,        )   ACTION SETTLEMENT ON BEHALF
                                   )   OF AUTHOR'S RIGHTS CLASS
         vs.                       )   MEMBER IAN FRANCKENSTEIN
                                   )
GOOGLE, INC.                       )   Hrg.Date: Oct.7, 2009
                                   )   Judge D. Chin
         Defendant.                )
                                   )
_____)

The Author's Guild et al v. Google Inc.    Doc. 135

I. INTRODUCTION & SUMMARY OF OBJECTIONS

Objector IAN FRANCKENSTEIN is a putative author class member and owner of copyrights to about 50 principal published books and hundreds of articles/inserts, authored by his well known late mother, KAY BOYLE. He is a resident of Marin County California. Many of these works are out of print but definitely not "orphans." On his behalf, through Counsel, Objections are hereby asserted regarding the proposed Book Rights Registry, its proposed governance, its autonomy from Google Inc, the Authors Guild and the Association of American Publishers, Inc., and the transparency of the Registry's operations and procedures.

---

OBJECTIONS OF AUTHOR CLASS MEMBER IAN FRANCKENSTEIN

## II. OBJECTOR'S STATUS AND STANDING TO OBJECT

IAN FRANCKENSTEIN is the son and heir to the copyrights of author KAY BOYLE, a very well known author of about 50 principal works and hundreds of short stories, articles, poetry and essays during the period from the mid 1920s through her death in 1992. He resides in Marin County, California. A copy of a signed designation of California Attorney Jerome M. Garchik to file these objections was served on Michael Boni, counsel for the author class by mail on July 23, 2009.

The Google Book data base which is the subject of this action shows on advanced search: 549 book entries for Kay Boyle, Author, plus an additional 77 inserts, in addition to a final unpublished manuscript entry.

Attorney Garchik is a 1971 graduate cum laude of Harvard Law School, and since 1972 has been admitted to practice in the California state and federal courts, and since 1981 to the Supreme Court.

## III. BACKGROUND OF THE PROPOSED BOOK RIGHTS REGISTRY

The proposed Book Rights Registry has its origin in dicta of Justice Ginsburg in New York Times Co. v. Tasini (2001) 533 U.S. 483, 505:

> "The parties (Authors and Publishers) may enter into an agreement allowing continued electronic reproduction of the Authors' works; they, and if necessary the courts and Congress, may draw on numerous models for distributing copyrighted works and reimbursing authors for their distribution. See, e.g. 17 USC §118(b); Broadcast Music Inc. v. Columbia Broadcasting System, Inc. (1979) 441 US 1, 4-6, 10-12 (recounting history of blanket music licensing regimes and consent decrees governing their operation)." Id.

The "regimes" cited by Justice Ginsburg reference ASCAP, founded in 1914 (www.ascap.com) and BMI founded in 1939. (www.bmi.com). These registries each have over 350,000 rights holding "members". In the most recent reported years, each collected over $850 million in royalties, and paid about 90% of that to rights holders. Each one had annual operating budgets/overhead of about 10% or over $85 million!

OBJECTIONS OF AUTHOR CLASS MEMBER IAN FRANCKENSTEIN   - 2 -

Given that the Google Book scanned data base involves millions of books and authors, in time, the Book Rights Registry may well exceed ASCAP and BMI in numbers of rights holders, annual royalty revenues and administrative budgets.

In the Settlement Agreement, the Registry is to be governed by four each, author and publisher directors designated by the Authors Guild and the Publishers Assn. The directors must sign the Agreement, and are bound by its economic deal with Google- the 37%-63% split for four years. Any better deal for the authors/publishers the Registry may get with non-Google e-publishers will not bind Google, but if any other e-publisher keeps more of the e-publishing dollar, then the Registry must give Google the same deal.

While it is unclear if the Registry has yet been charteredunder New York not for profit laws, it has been announced that its CEO,Micheal Healy has been hired, and he has made internet posted public plans about the Registry's proposed author data base and operations.Furthermore, recently at a Seminar sponsored by the Guild and the Publishers Assn. and by Publishers Weekly, it was revealed that the Registry will have more than 8 directors, and will include foreign nationals too. Still, many of the important amicus presentations to the Court cite major concerns about the Registry, its vaguely defined governance, and potentially huge presence in the world's intellectual marketplace.

For months, Counsel Garchik has communicated with Author Class Attorney Boni seeking disclosures about the Registry status and governance, to no avail. Counsel has also expressed interest in serving as an independent author side director, to Mr. Boni, to the Library organizations,    to Deputy Asst. A.G. Cavanagh, and to other amicus and objecting parties  who have appeared or written to the Court regarding the Settlement.

OBJECTIONS OF AUTHOR CLASS MEMBER IAN FRANCKENSTEIN     - 3 -

IV. THE PROPOSED BOOK RIGHTS REGISTRY NEEDS MODIFICATIONS
AND SUPERVISION IN THE AREAS OF ITS GOVERNANCE,
ITS AUTONOMY FROM THE INTERESTED PARTIES AND
TRANSPARENCY OF ITS STRUCTURE AND FINANCES

A. <u>Governance and Autonomy of the Book Rights Registry</u>

Given the size and importance of the Book Rights Registry this Court cannot avoid scrutinizing and supervising its proposed governance and ensuring it is <u>de</u> <u>facto</u> and <u>de</u> <u>jure</u> independent of the Authors Guild, the Publishers Association, and of Google.

The parties' stated design for the Registry ensures instead, their perpetual control over it. However, nothing in Rule 23 provides that class certification and designation of class representation enshrines the class representatives in perpetual control over a cy pres non-profit created from the case settlement. On the contrary, in a typical class action, cy pres funds not going to damaged plaintiff class members usually are donated to a related, existing non-profit such as a consumer rights group, a health provider, or a university.

While the Authors Guild boasts about 8,000 members, sufficient to qualify it for the fiduciary responsibilities as lawsuit class representative, that number is a very small fraction of the numbers of rights holders whose royalties will be channeled for years to come through the Registry. Assurances that the Registry will be governed by New York State non-profit laws and regulations are not sufficient.

In <u>Tasini</u>, supra, Justice Ginsburg acknowledged the role of the judiciary in supervising "licensing regimes". BMI and ASCAP evolved over 70 years under such judicial oversights. <u>Id</u>. These large and powerful entities each have over 20 board members, reflecting a true diversity of the international music world.www.ascap.com,www.bmi.com.

OBJECTIONS OF AUTHOR CLASS MEMBER IAN FRANCKENSTEIN   - 4 -

The Court should insist that membership in either the Authors Guild or the Publishers Association is NOT required for a rights holder to seek royalties from Google via the Registry. Moreover, the Court should free the Registry from the one sided MFN clause and the long term 37%-63% Google/Registry royalty split, and leave the issue up to ad hoc negotiations on an author by author basis. Why should authors Obama, or Hemmingway, for example, get the same royalty from Google for e-publishing,as a more obscure , low interest author?

One suspects that the basis of Google's 37% share of e-book sales is not based on any true cost analysis, but instead is based on the fact that books are traditionally sold through bookstores on a 40% mark up over wholesale price. Recently, one leading e-publsihing site, Scribd, is paying rights holders 80% of e-sales, and even many members of the Publishers Association have or will be seeking such better deals directly with Google under its separate Partner Program <u>outside the purview of this Settlement</u>! "Differences from Settlement in Features and Revenue Models" were admitted by the Guild and the Publishers Association at the recent Publishers Weekly Seminar, for the Settlement and the Partner Program. They assert, "For Books in Partner Program,Those Agreements Govern." (PW Seminar,Slide on Relationship with Partner Program). This means that rights holders represented by the AAP or the Guild may under the Partner Program get a better economic deal than the Registry, but non members are stuck with the 37%-63% split or worse, under the MFN clause! <u>This is hardly appropriate conduct for a certified class representative!</u> This Court should order a MFN clause in favor of the Registry and against Google, that the mass of rights holder class members not in Partner Programs be credited with the best deal Google gives any author in or outside

OBJECTIONS OF AUTHOR CLASS MEMBER IAN FRANCKENSTEIN    - 5 -

the settlement. Rule 23 requires no less.

Only if the Registry has de facto and de jure autonomy from the class representatives and from Google can it bargain at arms length over these matters, and remove a heavy burden of oversight from the federal courts for years to come.

Specifically the Court, in addition to imposing an MFN clause in favor of class member rights holders and against Google on the future revenue split, should Order:

1. No more than 50% of Registry directors designated by class representatives AG and AAP;

2. Balance of initial Registry directors to be designated by the Court, after a screening process by the Court's Cy Pres special master or appointed Trustee;

3. Annual elections of Registry directors by participating rights holders, allowing for outside nominations and other rights holder due process safeguards beginning 10/7/10.

B. Transparency and Fiscal Integrity

The Authors Guild and AAP while successful litigants, can show no proven track record of managing a fiscal agency such as the Book Rights Registry. This Court should Order that the Registry be bound to engage responsible outside auditors, that its officers and directors be subject to equal standards of financial responsibility and liability as officers of public corporations and that the Registry's business be subject to the same public reporting and disclosure standards as well. This, of course would include MFN compliance reports to ensure Registry rights holders are treated the same as Google Partner Program rights holders. Copy of PW/aap/AG/Google slide "Relationship with Partner Program" is presented here:

OBJECTIONS OF AUTHOR CLASS MEMBER IAN FRANCKENSTEIN - 6 -



# Relationship With Partner Program

- Partner Program Based on Express Authorization

- Will Run in Parallel with Settlement Program

- Some Differences From Settlement in Features and Revenue Models

- For Books In Partner Program, Those Agreements Govern




Once again, reference to BMI and ASCAP and their extensive web pages, www.bmi.com and www.ascap.com, should serve as models of public access and disclosure for the Books Rights Registry. There, recent annual reports are posted, as well as their organic charters, and a constant up date of news and other features.

V. THIS COURT CANNOT AVOID INTERVENTION ON THE ISSUES OF REGISTRY GOVERNANCE, AUTONOMY AND TRANSPARENCY IF THE SETTLEMENT AGREEMENT AND STRUCTURE ARE TO SURVIVE SCRUTINY FROM U.S AND EU COMPETITION REGULATORS

Scrutiny of the Settlement structure, focusing on the Registry is underway in Washington and Brussels. The Library amicus groups have publicly met with and written to the U.S.Justice Department, citing the Registry's power and governance as issues of grave concern to them as consumers of e-plublishing products. However, the Agreement's multi-year price fixing of Google-Registry split of revenues is <u>per se</u> itself a violation of federal anti-trust laws. <u>U.S.v.National Assn.of Real Estate Bds.</u>(1950) 339 U.S.485;<u>Goldfarb v.Virginia State Bar</u>(1975) 421 U.S.773.

Therefore, this Court should Order approval of the proposed settlement agreement contingent on the moving parties' adoption of the governance, autonomy and transparency reforms cited above.

In as much at there will be a crowded courthouse on October 7th, with a wide spectrum of views fairly presented, this Counsel does not ask for permission to appear in person. However, we shall appear, if the Court specifically requests it, and allows travel and hotel expenses to be charged against the defendant.

Dated: August 13, 2009

JEROME M. GARCHIK
Attorney for Class Member
Rights Holder IAN FRANCKENSTEIN

OBJECTIONS OF AUTHOR CLASS MEMBER IAN FRANCKENSTEIN     - 8 -

PROOF OF SERVICE BY MAIL – CCP 1013a, 2015.5

1. I declare that: and certify that:

2. I am (a resident of/employed in) the county of ..... SAN FRANCISCO ....., California.
(COUNTY WHERE MAILING OCCURRED)
I am admitted to practice in the California Federal Courts.

3. I am over the age of eighteen years and not a party to the within cause; my (business/residence) address is: .....

4. 703 MARKET STREET, STE. 801, SAN FRANCISCO, CAlIFORNIA 94103

5. On August 13, 2009 I served the within OBJECTIONS RE:GOOGLE BOOK
(DATE)

6. SETTLEMENT on the PARTIES

7. in said cause, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the

8. United States mail at SAN FRANCISCO, CALIFORNIA addressed as follows:

```
Mary Davis-K.Fiels            JAMES GRIMMELMANN
ACRL       ALA                NEW YORK LAW SCHOOL
50 E.Huron Street             INST FOR INFORMATION LAW & POLICY
Chicago, Ill  60611           57 WORTH STREET
                              NEW YORK, NY 10013
                              FAX: 212-791-2144
                              Counsel as Amicus Curia
Charles Lowry
A R L                         ANDREW C. DEVORE
21 DuPont Circle, NW, Ste 800 99 Park Avenue,16th Floor
Washington D.C. 20006         New York, New York
                              10016
Wm.Cavanagh                   Counsel for Steinbeck Estate,Etc.
Deputy Asst.Attorney General
950 Pennsylvania Ave., N.W.   R.Emmett McAuliffe
Washington D.C. 20530-0001    Rlezman Berger
Fax: 202-514-6543             7700 Bonhomme Ave., 7th Fl.
                              St.Louis Missouri
Rachel Schwartz               FAX: 314-727-6458
267 Edgecombe Ave, #217       Attorneys for The Media Exchange Co.
New York New York 10031
Attorney for David Meininger  See additional list attached.

Jeffrey Pearlman,Esq.
Public Knowledge
1875 Connecticut Ave. N.W.,Ste.650
Washington, D.C. 20009
202 518-0020
```

23. I declare under penalty of perjury/that the foregoing is true and correct, and that this declaration was executed on of the laws of California,

24. AUGUST 13, 2009 ..., at SAN FRANCISCO ....., California.
(DATE)                      (PLACE)

26. JEROME M. GARCHIK
(TYPE OR PRINT NAME)                              (SIGNATURE)

ATTORNEYS PRINTING SUPPLY FORM NO. 11-S
REV. JANUARY 1973

Sanford P. Dumain
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
Attorneys for Plaintiff Authors Guild

Bruce P. Keller
DEBEVOISE & PLIMPTON, LLP
919 Third Avenue
31st Floor
New York, NY 10022
Attorneys for Plaintiffs Publishers

Hadley Perkins Roeltgen
KOHN, SWIFT & GRAF, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Attorneys for Plaintiff Authors Guild

Laura Helen Gundersheim
BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
1285 Avenue of the Americas
New York, NY 10019
Attorneys for Plaintiff Authors Guild

Michael J. Boni
BONI & ZACK LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Attorneys for Plaintiff Authors Guild

Mikaela A. McDermott (MM-6833)
Kornstein Veisz Wexler & Pollard LLP
757 Third Avenue
New York, NY 10017
(212) 418-8600
Attorneys for Amicus Curiae New York
  Law School

Robert Jay Bernstein
THE LAW OFFICES OF ROBERT J. BERNSTEIN
488 Madison Avenue
9th Floor
New York, NY 10022
Attorneys for Defendant Google Inc.

Ronald Lee Raider
KILPATRICK STOCKTON, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
Attorneys for Defendant Google Inc.

Daralyn Jeannine Durie
DURIE TANGRI LEMLEY ROBERTS & KENT, LLP
332 Pine Street
Suite 200
San Francisco, CA 94104
Attorneys for Defendant Google Inc.

Jeffrey A. Conciatori
QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
Attorneys for Defendant Google Inc.