August 17, 2009
Judge Denny Chin
US District Court for the Southern District of NY
Daniel Patrick Moynihan US Courthouse
500 Pearl Street
New York, NY 1007-1312



Dear Judge Chin,

I have thought a long time about writing you. I am not a lawyer. I am an author/illustrator and also the publisher of a very, very small press. I take great pride in my work and am extremely disturbed by the Google Book Settlement. I have read the Settlement several times. I have paid for legal advice about it, and have read what many lawyers have to say about the Settlement. I have attended meetings that have included panels made up of an ALA, Google Book and AAP representatives. I joined the Author's Guild in order to try and garner as much information about the Settlement as I could so that I could make an informed decision about whether to opt out or agree to the Settlement. After much thought, I decided to write you to express my concerns.

In my opinion, this Settlement is a Pandora's Box that will damage years of copyright protection. Most certainly Google should pay those whose work they have violated, but why should a Settlement Agreement function as a contract so complex that it is almost unreadable; a contract that has every other lawyer taking a different stand on its pros and cons; a contract that affects authors in other countries who may not have access to the Settlement in their own language? It seems that rather than settle a past grievance, the Settlement puts an extraordinary amount of pressure on authors and publishers to agree to it by saying that if you don't agree, your only option will be to sue Google Books on your own, but if you do join the Settlement, you will have control over how Google Books uses your work. I was unaware that not joining a Class Action Suit meant that the entity who violated the law was given permission, or was expected to violate the law again, but that seems to be the implication—at least in the way the Settlement has been presented to the members of the class.

The standard copyright notice in almost every book I have ever seen says that the book cannot be stored in any information retrieval system nor be reproduced in any fashion without the explicit permission of the copyright holder. It is bad enough that Google Book proceeded without permission to scan and store books in a retrieval system and then planned to sell them without permission or recompense to the copyright holder. But the Settlement exacerbates what they have done by giving them the opportunity to set up a future structure for the use of books that obscures copyright law.

If one agrees to the Settlement, one gives up all rights to sue Google. If one participates in the Settlement, and a dispute between two parties over copyright occurs, one must allow the Registry to decide the dispute. So if one were to agree, one would be giving up one's protection under copyright law in favor of protection from an as yet un-established and totally unknown entity. Further, the Registry will be initially funded by Google. Beyond that, no one knows how the board will be picked, how or what governing bylaws will be established, etc. Should anyone be required to agree to something sight unseen?

The Author's Guild et al v. Google Inc.    Doc. 155

This Settlement is overly complex and opaque, and if there is one thing people should have learned from recent events it is that one should <u>never</u> contract for services or relationships that are not transparent.

I respectfully ask you not to approve this Settlement and hence to deny Google permission to change how ownership of intellectual property is protected through a Settlement that is so dense that lawyers can't agree on what it means and which is clearly close to incomprehensible to the average author

Sincerely,

*Sallie Lowenstein*

Sallie Lowenstein
Lion Stone Books
4921 Aurora Drive
Kensington, MD 20895
www.lionstonebooks.com
t. 301-949-3204