CENTER FOR
**DEMOCRACY**
&
**TECHNOLOGY**
Keeping the Internet Open, Innovative and Free

1634 I Street, NW Suite 1100
Washington, DC 20006
202.637.9800
Fax 202.637.0968
http://www.cdt.org

August 28, 2009

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-31-09
```

The Honorable Denny Chin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**BY FAX TO: 212-805-7906**

Re:  The Authors Guide v. Google, Inc., No. 1:05cv8136 (S.D.N.Y.)

Dear Judge Chin:

On behalf of the Center for Democracy & Technology (CDT), I am writing to request permission for CDT to file in the above referenced case a brief *amicus curiae* addressing the very significant risks to privacy that are raised by the settlement between the parties. CDT believes that the settlement is a positive development for the availability of information in our society, and that it should be approved. But, as part of that approval, we believe that the privacy concerns raised by the settlement must also be addressed. The proposed brief, to be filed in support of neither party, will not exceed 25 pages, and will be filed with the Court by September 4, 2009, the date set for opt-outs and objections to the proposed settlement.

**Statement of Interest:** CDT is a 501(c)(3) nonprofit public interest organization dedicated to preserving and promoting openness, innovation and freedom on the decentralized Internet. CDT is one of the leading organizations in the country advocating for the protection of user privacy in the online environment, and it has actively been engaged in the public policy debate concerning the privacy implications of the Google Books settlement. CDT has testified numerous times before the United States Congress on privacy and a range of other issues, and it has filed numerous *amicus* briefs with the U.S. Supreme Court and many other federal and state courts in the country, on privacy and other issues.

In the interest of disclosure, CDT does receive a minority of its funding from a broad range of companies involved in the Internet industry, including companies that support the settlement (such as Google) and companies that have announced their intention to oppose the settlement (such as Microsoft and Yahoo!). None these companies (or any other companies) sit on CDT's board of directors or otherwise control the substantive positions that CDT takes on policy issues. CDT is an independent organization that commonly takes legal positions that are adverse to the interests of one or more of the companies that provide funding to CDT.

Approved.
SO ORDERED.

*[signature]*
USDJ  8/31/09

The Honorable Denny Chin
August 28, 2009
Page 2 of 2

**Contribution of the Proposed Brief:** If granted permission to file an *amicus* brief, CDT would address the privacy considerations raised by the settlement. This litigation is between private parties, none of whom represent or speak on behalf of the *public's* interest in protecting reader privacy. As a result, not surprisingly, the proposed settlement does not address the very significant impact on privacy rights that are raised by the settlement.

Given the unique role that Google will assume upon approval of the settlement – that of a comprehensive library for research and browsing as well as a major bookstore – we believe that questions of reader privacy must be addressed. Libraries have a long history of protecting reader privacy and safeguarding the right to read anonymously. Indeed, patron circulation records are protected by law against undue disclosure in almost all states in the United States. But, because the settlement is focused specifically on resolving the copyright dispute between Google and the rightsholders, the agreement does not address the full range of reader privacy issues that arise as part of the new services. CDT believes that the Court has both the authority and the duty to protect the public's interest in this settlement – including its interest in privacy – and we will urge the Court to do so. We believe that the Court can address the public's interest in privacy without requiring changes to the terms agreed upon by the parties to the settlement.

We appreciate your consideration of this request.

Respectfully submitted,

John B. Morris, Jr.
jmorris@cdt.org
(202) 637-9800 x116

cc via e-mail:

J. Kate Reznick
Michael J. Boni
Joanne Zack
Laura Helen Gundersheim
Sanford P. Dumain
Bruce P. Keller
Joseph S. Hall
Ronald Lee Raider
Adam Howard Charnes
Alex Seth Fonoroff
Daralyn Jeannine Durie
Jeffrey A. Conciatori
Joseph M. Beck

Joseph C. Gratz
Melissa J. Miksch
David J. Silbert
Daniel Joseph Kornstein
James Grimmelmann
Mikaela Ann McDermott
John W. Davis
Matthew Christian Schrueurs
Alexander F. Wiles
David Nimmer
Cindy Cohn
Jennifer Ann Lynch