The Author's Guild et al v. Google Inc. Doc. 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Authors Guild, Inc., Association of American Publishers, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>Google Inc.,<br><br>Defendant. | Case No. 05 CV 8136-DC<br><br>DECLARATION OF DR. CHRISTIAN SPRANG |

1.     I, Dr. Christian Sprang, am a citizen of the Federal Republic of Germany and Justiziar/Senior Legal Counsel of the Börsenverein des Deutschen Buchhandels (the "Börsenverein"), the leading association of book publishers in my country. I am not a native speaker of the English language, although I have some fluency in the language, and, accordingly, this declaration was translated for me into German before I signed it below. Except as otherwise stated, I have personal knowledge of the matters I discuss below.

2.     Börsenverein des Deutschen Buchhandels (including its predecessor organization) (the "Börsenverein") has been the leading and largest advocate for book publishers in Germany since 1825, representing the interests of approximately 6,000 publishing companies, bookshops, antiquarian booksellers, intermediate book traders and publishing representatives. The Börsenverein advocates the public policy interests of its members, including the protection of intellectual property rights in all media; the free dissemination of the written word; and the promotion of literacy and reading.

Dockets.Justia.com

3. The vast majority, if not all, of Börsenverein's publisher members are putative members of the settlement class, as defined in the settlement agreement that has been presented to this Court in this action (the "Settlement Agreement"), as they own or control the copyrights to one or more Books or Inserts, as also defined in that document. The overwhelmingly majority of Börsenverein's members are astonished over and oppose the unprecedented settlement that the parties have asked this Court to adopt and impose upon them. Our members, however, are generally not in a position to present objections to this Court individually, given their unfamiliarity with the United States' legal system and the cost and expense that they would incur in doing so themselves. Accordingly, on June 18 and 19, 2009, at our annual meeting, an overwhelming majority of our membership formally authorized Borsenverein to present objections to this Court regarding the Settlement Agreement. As such, the Börsenverein is uniquely positioned to provide this Court with information about how the Settlement will prejudice our members and foreign rightsholders.

4. The Settlement Agreement is an affront to copyright holders throughout the world and the Börsenverein thus respectfully requests that this Court not approve it, with respect to foreign rightsholders at a minimum, for the reasons set forth in our accompanying Objections and below.

**The Failure To Translate The Settlement Agreement**

5. The parties to this action have never made the Settlement Agreement available for review in the German language. This has prevented our members and other German class members from understanding this document. The vast majority of Börsenverein's members lack the proficiency in the English language necessary to

understand the complex terms of this 300-plus page document (which is full of legalese), and to ascertain their rights under it.

6. It is simply inconceivable to us that a United States court would allow our members to be bound by a Settlement Agreement that has not been made available to them in their native tongue. Indeed, it would impose substantial burden on our members to commission their own translated version of the document. Based on inquiries that have been made by my office, I have been told that it would cost approximately $30,000 to $64,000 at today's exchange rate (depending on the translation service used) to have the Settlement Agreement translated into German.

**The Failure To Give Proper Notice**

**The Long Form Notices**

7. I have been informed that the parties asked a German association known as the German Reprographic Rights Organization Verwertungsgesellschaft Wort ("VG Wort") to send a German translation of the Final Notice of Class Action Settlement (the "Notice") to German rightsholders. This organization handles the administration of royalties for authors and publishers related to various statutory licenses. This organization had no duty to send the Notice. As a matter of courtesy, VG Wort sent only a shorter, one-page Summary Notice to rightsholders registered with that organization and whose mailing addresses were available to it. VG Wort sent the Summary Notices between March 11 and March 23, 2009, despite this Court's order that all required notice be disseminated by February 27, 2009.

8. There are obvious steps the parties could have taken if they had genuinely sought to send direct notice to class members residing in Europe. For example, the

International ISBN Agency (http://isbn-international.org/en/international.html) maintains a database that contains publisher contact information from all national ISBN agencies. I have spoken to a representative of that agency who confirmed that it would have provided the parties with access to that database on commercially reasonable terms. I am also informed that a representative of the publishing association for Italy, the Associazione Italiana Editori informed Kinsella that it should obtain an available database of Italian publisher addresses from this organization but that Kinsella declined to obtain this list

9. It is my understanding that the Notice was posted on a website regarding the Settlement Agreement (the "Settlement Website"), at www.googlebooksettlement.com, in January 2009.

10. I have been informed that the Notice, as translated into German and made available as of January of this year, was seriously deficient to the point of being unintelligible. (The translation errors that I discuss below were identified for me by a colleague at the Börsenverein who is a native English speaker now residing in Germany). The translation was misleading and/or meaningless in numerous ways relating to both terminology and grammar. The translation was so poor that it appears it was done by a computer program, with no human being taking the care to ensure that it was correct or understandable. A true and correct copy of this original Notice is attached here as Exhibit A.

11. For instance, the term "sub-class" was translated into a German sociological term – Unterklasse – meaning "lower class" or "working class." The term "publisher" was, with limited exception, translated to – Herausgeber – meaning "editor,"

4

which is misleading to professionals in the book trade as well as to lay persons. The term "settlement benefits" was translated into – Sachzuwendungen – an unusual German term used in tax law that refers to a particular form of non-monetary benefits and thus would not be understood as relating to any payments to be made by Google to class members under the Settlement Agreement. The Notice also offered *no* translation for the key term "Insert" and merely printed this word in English. Additionally, in the Notice, the concept of "owning rights" was translated into the German legal term Eigentum. This terminology is inapplicable to the Settlement Agreement because it is a technical term referring to ownership of a physical object or piece of land, not the intangible copyrights at issue here. Furthermore, the names of two German collecting societies – VG Wort and VG Bild-Kunst – were described collectively in the nonsensical term Herausgabe-Rechte-Organisation, which suggests only something to do with editing.

12. Another critical term, "work for hire," was not adequately translated, as there is no concept of a "work for hire" in the German legal context. Moreover, in contrast to U.S law, under which "work for hire" authors have no copyright interest in the works they create, authors here always retain at least moral rights under German copyright law and will always be regarded as a copyright owner. The translated Notice in no way recognized this fact and thus did not describe this term in a way that would be understandable to a German reader. The Notice translated this term as "im Auftrag erstelltes/geschriebenes Werk" which simply means a commissioned work, but which carries no independent legal meaning in Germany.

13. Nor did the Notice give more than a cursory definition of a "class action" lawsuit, a concept that does not exist anywhere in German law. Indeed, German law does

5

not recognize any comparable form of collective action, such that the average German class member would not comprehend the stakes at issue in this settlement even if they were able to comprehend the Notice.

14. I understand that a revised version of the Notice (the "March Revised Notice") was displayed on the Settlement Website beginning sometime in March. Except for an inadequate change to the work-for-hire language (as described below), the March Revised Notice did not correct the errors that I identified above and, in fact, introduced new errors. For example, the key term "opting out" is translated to a general term ("widersprechen") indicating objecting to or disagreeing with something, whereas "Objections" against the Settlement are translated to "Kommentare", meaning simply comments. "Options" is translated to "Optionen", a term used in financial contexts in German. "Unreverted books" was translated into the nonsensical "unzurückgekehrte Bücher." The term "public domain" was inconsistently translated sometimes to the noun "Gemeingut", which means something owned by the public, and in some instances to "lizenzfreies Werk", another inaccurate and confusing term. All kinds of "Uses" under the Settlement were often translated to "Verwendungen" instead of the correct "Nutzungen". The term "obligations" was translated to "Obligationen" which is a financial term reserved for a certain type of bond. "Books of fiction" was translated to "Fiktion Bücher", which is incorrect in terminology and grammar. Similarly, "educational books" was translated to "Bildungsbücher", a nonexistent compound. "Removal Request" ends up as a meaningless compound "Entfernungsbitte." The "work for hire" phrase was translated using a confusing mix of German terms "Buch im Auftrag

– in a poor attempt to translate this term literally. A true and correct copy of this March Revised Notice is attached here as Exhibit B.

15. On March 31, 2009, my colleague Jessica Sänger informed Belinda Bulger, an employee of Kinsella/Novak Communications (the company I understand is administering the settlement) and Jeffrey Cunard (whom I understand is counsel for one of the Plaintiff classes) that "the German translation of the notice [was] very poor – to the extent that it is useless…To a lay person, it seems laughable, and as a legal document, the notice is meaningless in its present state…it is immediately obvisous [sic] that it is not written in real German, so that many readers will not take it seriously in the first place." I was copied on this email. A true and correct copy of this email is attached here as Exhibit C.

16. On April 8, 2009, Kinsella/Novak Communications provided Ms. Sänger, via email, with a revised German translation of the Notice (the "April Revised Notice"), implicitly conceding that the Notice sent to rightsholders was fatally flawed and deficient. A true and correct copy of this email, on which I and Mr. Cunard were copied, is attached here as Exhibit C as well. A true and correct copy of the April Revised Notice is attached as Exhibit D. It is my understanding that the April Revised Notice was made available on the Settlement Website in about April 2009.

17. The April Revised Notice, while an improvement over the initial and March Notices, continued to contain, and again introduced new, serious errors, such that it too has likely confused and/or misled German class members. Notably, the critical term "Inserts" has been incorrectly translated to Einfügungen, which means merely an insertion. This German term does not refer to an Insert of the kind addressed by the

Settlement Agreement, which is properly called a Beitrag in German. This profound mistranslation makes it impossible for German rightsholders of Inserts to understand the Revised Notice or apply it to their situation. In addition, the concept of "owning rights" remains the incorrect German legal term Eigentum. The names of two German collecting societies – VG Wort and VG Bild-Kunst – are now described collectively in a new nonsensical term "Nutzungsgesellschaft Wort-Bild." And the term "successors" is confused with the narrower term for "assigns" and the plural form of "authors" is incorrect. In some instances, the key term "opting out" is translated to "austreten", in others, to "sich ausschließen". This inconsistency alone is confusing, and the latter term is misleading. "Settlement Administrator" is literally translated to "Vergleichsverwalter", a term which does not exist in German. The concept of an "author-controlled book" is inadequately transposed into German, as "vom Autor kontrolliertes Buch," a phrase that does not make sense. Similarly, the "Settlement Controlled Price" introduced by the Settlement is translated literally, with an equally inadequate result ("vergleichskontrollierter Preis"). The term "inclusion fee" is translated to a meaningless term – Einbeziehungsgebühr – and similarly, the terms referring to the "usage fee fund" and the "inclusion fee fund" were translated to incomprehensible compounds ("Nutzungsgebührenfonds" and "Einbeziehungsgebührenfonds"). The "Book Sub-Fund" is translated to "Buchunterfonds", another inadequate and incomprehensible attempt to literally translate the specific settlement terminology. Finally, the document offers inadequate translations for the various "uses," and often just uses English terms in the text. The errors described here are not simply a question of what is idiomatic. They are serious enough to cause deep confusion. Indeed, since March I have not met any person

in anyone of our member publishing houses who has been able to understand from the German translation of the Settlement Notice what exactly the Settlement deals with. From my discussions with these individuals, I have determined that much of this confusion is the result of the multitude of translation errors.

18. On April 9, 2009, my colleague, Jessica Sänger, notified Kinsella/Novak Communications, via email, of the errors, explaining that the Revised Notice contained "substantial difficulties with the German text. On the whole, a German copyright lawyer would not have drafted a document in this way." Ms. Sänger identified further errors to Kinsella/Novak Communications, via email, on April 21, 2009. Although Kinsella/Novak responded that day via email to Ms. Sänger, stating it will look into these issues, our organization never again heard from Kinsella/Novak regarding the translation. True and correct copies of these emails, on which I and Mr. Cunard were copied, are attached here as Exhibit E.

19. I understand, however, that a further revision of the Revised Notice (the "August Revised Notice") was made available on the Settlement Website in about August 2009. A true and correct copy of the August Revised Notice is attached here as Exhibit F. The August Revised Notice corrected virtually none of the errors identified above in the April Revised Notice (except for those relating to "successors," "authors" and the German collecting societies). However, in the updated header contained on this document, meant to inform rightsholders about changes to the deadlines in the case, the vital term "deadline" is translated to "Stichtag" (meaning reference date or test day) instead of the correct term "Frist."

20. Of course, there is no reason to believe that German class members who read or obtained the initial seriously deficient Notice or March Revised Notice from the Settlement Website (before that document was replaced with the revised notices) would revisit the Settlement Website or find the April or August Revised Notices. Indeed, even if such German class members have revisited the Settlement Website since they first accessed the original Notice from that site, the Settlement Website gives no indication that the original version of the Notice has been replaced, thus making it highly likely that such class members have been left to puzzle over the initial, virtually incomprehensible original Notice. In addition, I do not believe that any of the March, April or August Revised Notices were mailed or otherwise personally provided to German class members

**The Summary Notice**

21. Currently a summary form notice (the "Summary Notice") is also posted on the Settlement Website in the German language. A true and correct copy of this Summary Notice is attached here as Exhibit G.

22. The Summary Notice, like the other notices, also contains serious translation errors. Critically, the critical term "Insert" has been translated into a German term – Beilagen – that would narrowly describe a print supplement to a newspaper or magazine, which is plainly not the kind of Insert at issue here. The Summary Notice describes the lawsuit using the terms "beschuldigen" and "anklagen," and "Anklagepunkte." Yet these terms refer only to *criminal proceedings* and not to the civil lawsuit we have here. Because private citizens in Germany (and presumably in the United States) have no right to participate in criminal proceedings, it is difficult to see how private citizens would understand the options for action related to such a