# Exhibit D

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
[BUNDESBEZIRKSGERICHT FÜR DEN BEZIRK NEW YORK SÜD]

# Falls Sie als Buchautor, Buchverleger oder sonstiger Inhaber Urheberrechte an Büchern oder anderen Schriften besitzen,

## betrifft Sie möglicherweise der „Class Action Settlement" (Prozessvergleich) zur Digitalisierung von Büchern bzw. anderen Schriften seitens Google.

**Achtung Autoren und Verleger außerhalb der USA:
Der Vergleich kann sich auf Ihre Rechte auswirken.
Bitte lesen Sie diese Mitteilung sorgfältig durch.**

- Eine Sammelklage behauptet, dass Google die Urheberrechte von Autoren, Verlegern und anderen Inhabern von US-Urheberrechten an Büchern und anderen Schriften dadurch verletzt, dass das Unternehmen diese Bücher digitalisiert (gescannt) und so eine elektronische Buch-Datenbank geschaffen sowie kurze Auszüge daraus ohne Genehmigung der Rechteinhaber angezeigt hat.

- Im Namen der Gruppe der Inhaber von US-Urheberrechten an Büchern und in Büchern enthaltenen Schriften wurde ein Prozessvergleich vereinbart, der für alle vor dem 5. Januar 2009 veröffentlichten Bücher und anderen Werke gilt. **Nach dem 5. Januar 2009 veröffentlichte Bücher fallen nicht unter den Vergleich.** (Unter Punkt 6 finden Sie eine Erläuterung des Begriffs „Bücher", wie er in dieser Mitteilung verwendet wird.) Es gibt zwei Untergruppen:

    - die „Untergruppe Autorenen" (Autoren von Büchern und anderen Schriften, deren Erben, Zessionare und Zessionare sowie alle übrigen Mitglieder der Vergleichsgruppe, die nicht zur Untergruppe Verleger gehören) und

    - die „Untergruppe Verleger" (Verleger von Büchern und Periodika/Zeitungen sowie deren Zessionare und Zessionare)

- Die Vergleichsbestimmungen im Interesse der Gruppe sehen unter anderem vor:

    - Google zahlt 63 % des Erlöses, den das Unternehmen aus dem Verkauf von Abonnements der elektronischen Buch-Datenbank, aus dem Verkauf des Online-Zugriffs auf Bücher, aus der Werbung und aus anderen kommerziellen Nutzungen erzielt.

    - Google zahlt 34,5 Millionen USD für die Einrichtung und den Betrieb einer „Books Rights Registry („Registrierstelle"), die den Erlös von Google kassiert und ihn an die Rechteinhaber weitergibt.

    - Die Urheberrechteinhaber können bestimmen, ob und inwieweit Google ihre Werke nutzen darf.

- Google zahlt 45 Millionen USD an Urheberrechteinhaber, deren Bücher und Einfügungen [z. B. Vorworte] es am oder vor dem 5. Mai 2009 ohne Genehmigung digitalisiert hat.

: Um an dem Vergleich teilzunehmen, füllen Sie das Formular „**Claim Form**" aus. Es kann unter http://www.googlebooksettlement.com/intl/de/ abgerufen werden. Wenn Sie auf das Internet nicht zugreifen können, fordern Sie das **Claim Form** bitte vom „Settlement Administrator" [Vergleichsverwalter] an. (Unter Punkt 24 finden Sie die Anschrift und Telefonnnummer des Settlement Administrator.)

## Ihre Rechte und Wahlmöglichkeiten – und die Fristen, um diese auszuüben – werden in dieser Mitteilung erläutert

# INHALTSVERZEICHNIS DER MITTEILUNG

**GRUNDLEGENDE INFORMATIONEN**     **4**
   1. Warum erhalten Sie diese Mitteilung? ..................................................................4
   2. Worum geht es in dem Prozess? .........................................................................4
   3. Was ist eine Sammelklage? .................................................................................4
   4. Warum wird ein Vergleich geschlossen? ..............................................................5
   5. Wer gilt als Gruppenmitglied? ..............................................................................5
   6. Was sind „Bücher" und „Einfügungen" im Sinne des Vergleiches und dieser Mitteilung? ..............................................................................................................8
   7. Wer sind die teilnehmenden Bibliotheken? ...........................................................9

**VERGLEICHSLEISTUNGEN**     **10**
   8. Übersicht über die Vergleichsleistungen .............................................................10
   9. Welche Rechte haben Rechteinhaber an ihren Büchern und Einfügungen?... 12
   10. Welche Rechte stehen Autoren und Verlegern in der Beziehung zwischen ihnen zu? ............................................................................................................22

**DAS VERBLEIBEN IN DER VERGLEICHSGRUPPE**     **26**
   11. Was geschieht, wenn ich nichts tue? ..................................................................26
   12. Gegenüber welchen juristischen Personen verzichte ich? ..................................26
   13. Welche Ansprüche gebe ich insbesondere auf, wenn ich am Vergleich teilnehme? ..........................................................................................................26

**DAS AUSTRETEN AUS DER VERGLEICHSGRUPPE**     **27**
   14. Was tue ich, wenn ich nicht in der Vergleichsgruppe bleiben möchte? ..........27
   15. Wie scheide ich aus der Vergleichsgruppe aus? .................................................28

**ANFECHTUNG DES VERGLEICHES BZW. STELLUNGNAHMEN DAZU**     **28**
   16. Kann ich den Vergleich anfechten bzw. Stellungnahmen dazu abgeben?.....28
   17. Was ist der Unterschied zwischen der Anfechtung des Vergleiches und dem Austritt aus der Vergleichsgruppe? ....................................................................29

**IHRE PROZESSVERTRETER**     **29**
   18. Habe ich einen Rechtsanwalt, der meine Interessen in diesen Klagen vertritt?29
   19. Wie werden die Rechtsanwälte bezahlt? ............................................................29
   20. Sollte ich mir einen eigenen Rechtsanwalt nehmen? .........................................30

**DIE LETZTE GENEHMIGUNGSANHÖRUNG DES GERICHTS**     **30**
   21. Wann und wo entscheidet das Gericht, ob es den Vergleich genehmigt? .....30
   22. Muss ich der Fairness-Anhörung beiwohnen? ...................................................30
   23. Kann ich bei der Fairness-Anhörung sprechen? .................................................30

**WEITERE INFORMATIONEN**     **31**
   24. Wo erhalte ich weitere Informationen? ................................................................31

> **Diese Mitteilung bildet nur eine Übersicht über das „Settlement Agreement" [den Vergleich] und Ihre Rechte. Ihnen wird dringend empfohlen, sich das vollständige Settlement Agreement sorgfältig durchlesen. Es ist abrufbar unter http://www.googlebooksettlement.com/intl/de/agreement.html und vom Settlement Administrator erhältlich. (Anschrift und Telefonnummer des Settlement Administrator finden Sie unter Punkt 24.)**

## GRUNDLEGENDE INFORMATIONEN

### 1. Warum erhalten Sie diese Mitteilung?

Sie erhalten diese Mitteilung als möglicherweise vom Vergleich Betroffener. Sie sind ein Buchautor, Verleger oder anderweitig Inhaber von US-Urheberrechten an von Google ohne Genehmigung digitalisierten Büchern und anderen Schriften, die Teil von Büchern, gemeinfreien und staatseigenen Werken sind (im Vergleich „Einfügungen" genannt).

Diese Mitteilung erläutert:

- worum es bei der Klage und dem Vergleich geht.
- wer von dem Vergleich betroffen ist.
- woraus die Untergruppen bestehen.
- Ihre gesetzlichen Rechte.
- wie und bis wann Sie handeln müssen.

### 2. Worum geht es in dem Prozess?

Der Prozess betrifft das von Google stark beworbene Google Library Project („GLP"; Google-Bibliothekprojekt). 2004 gab Google bekannt, dass das Unternehmen mit mehreren Bibliotheken Verträge über die Digitalisierung von Büchern und anderen Schriften in den Bibliotheksbeständen geschlossen hatte. Google digitalisierte bereits über sieben Millionen Bücher digitalisiert, einschließlich Millionen von Büchern, die in den USA noch dem Urheberrecht unterliegen. Nutzer von Google können dessen „digitale Bibliothek" durchsuchen und „Ausschnitte" anzeigen, d. h. mehrere Zeilen Text aus Büchern.

Das GBP ist eine Methode, womit Google Bücher für sein „Google Book Search"-/Google-Buchsuche-Programm digitalisiert (siehe http://books.google.com). Das Google-Partnerprogramm (worunter Google Genehmigungen von Verlegern und Autoren einholt, deren urheberrechtlich geschützten Werke zu nutzen (siehe https://books.google.com/partner) trägt ebenfalls Werke zur Google-Buchsuche bei. Obwohl das Partnerprogramm nicht Gegenstand des Vergleichs ist, kann der Vergleich sich möglicherweise auf Mitglieder des Partnerprogramms auswirken.

### 3. Was ist eine Sammelklage?

Eine Sammelklage entsteht dadurch, dass ein oder mehrere „Gruppenvertreter" im Namen anderer klagen, die ähnliche Ansprüche haben. Zusammen ergeben diese Personen eine „Gruppe", und jede einzelne Person ist ein „Gruppenmitglied". Das Gericht entscheidet, ob es die Klage als Sammelklage zulässt. Wenn ja, wirkt sich der Prozessvergleich auf jedes Gruppenmitglied aus. Um herauszufinden, ob Sie ein Mitglied der Gruppe im Sinne dieses Vergleiches sind, lesen Sie bitte Punkt 5 unten.

4

In diesem Prozess haben sich die Klage erhebenden Personen („Kläger") und Google Inc. („Google" bzw. „Beklagte") auf einen Vergleich geeinigt. Als Teil des Vergleiches beteiligen sich unter Umständen auch mehrere Bibliotheken („teilnehmende Bibliotheken") daran, die Google die Digitalisierung von Büchern und anderen Werken aus ihren Beständen gestattet haben bzw. gestatten werden. Das Gericht hat den Vergleich vorläufig für die Gruppe und zwei Untergruppen der betroffenen Personen, die Untergruppe Autorenen und die Untergruppe Verleger, genehmigt.

Fünf Verleger reichten eine eigene Klage gegen Google bzgl. das GLP ein, wobei es um die gleiche Problematik wie in der Sammelklage geht. Die Klage der Verleger wird nach dem Tag, an dem dieser Prozessvergleich rechtskräftig wird („Tag des Inkrafttretens") verworfen. Weitere Informationen über die Klage der Verleger erhalten Sie unter Punkt 19 unten.

## 4. Warum wird ein Vergleich geschlossen?

Nach lang andauernden Ermittlungen seitens der Kläger und der Firma Google, die die Durchsicht von Millionen von Seiten der Dokumente einschloss, die sie selbst beigebracht hatten, und nach mehr als zwei Jahren von Vergleichsverhandlungen, stimmten beide Seiten dem Vergleich schließlich zu.

Ein Vergleich ist ein Vertrag zwischen Kläger und Beklagtem, um den Prozess beizulegen. Vergleiche beenden Rechtsstreitigkeiten, ohne dass das Gericht bzw. eine Jury zugunsten des Klägers oder der Beklagten entscheiden. Ein Vergleich ermöglicht es den Parteien, die Kosten und Risiken eines Gerichtsprozesses zu vermeiden. In diesem Vergleich eines durch Sammelklage angestrengten Prozesses ersuchten die Vertreter der Gruppe und deren Rechtsvertreter das Gericht um die Genehmigung des Vergleichs als fair, vernünftig und angemessen. Falls das Gericht den Vergleich genehmigt, ist Google nicht mehr rechtlich verantwortlich für in der Klage erhobenen Klagepunkte.

Google bestreitet jegliche unerlaubte Handlung bzw. Haftung und bestreitet, dass Mitglieder der Gruppe ein Recht auf Schadenersatz besitzen. Das Gericht hat bisher kein Urteil über die Klagepunkte gesprochen.

## 5. Wer gilt als Gruppenmitglied?

Die Gruppe („Gruppe") besteht aus den Personen (sowie deren Erben, Zessionaren und Zessionaren), die mit Stand vom 5. Januar 2009 (dem Tag des Inkrafttretens der Mitteilung), US-Urheberrechte an „aufgrund ihrer vergleichserheblichen Nutzung einbegriffenen" Büchern bzw. Einfügungen innehaben. (Unter Punkt 9 werden diese Nutzungen erläutert).

Sie besitzen „US-Urheberrechte", wenn Sie Eigentümer eines vom US-Urheberrechtsgesetz geschützten Rechtes sind oder eine exklusive Lizenz darauf besitzen. Zum Beispiel besitzen Sie als Autor das Urheberrecht an Ihrem Buch (außer wenn Sie Ihre Urheberrechte zur Gänze an eine andere Person übertragen oder wenn Sie das betreffende Buch „im Auftrag" („work-for-hire") geschrieben haben.) Sie besitzen auch das US-Urheberrecht an einem Buch, wenn Sie das alleinige Recht zur Veröffentlichung des Buches in den USA haben oder wenn Sie das gesetzlich ermächtigt sind, einen anderen für Verletzungen Ihrer Rechte an dem Buch zu verklagen. Es können auch mehrere Personen gemeinsam das US-Urheberrecht an einem Buch besitzen, so etwa im Falle mehrerer Ko-/Mitautoren, eines Autors und eines Verlegers und der Erben eines Autors.

**WICHTIGER HINWEIS AN AUTOREN UND VERLEGER AUSSERHALB DER USA:**
Wenn Sie ein Rechteinhaber mit Wohnsitz in einem anderen Land als den USA sind, besitzen Sie vermutlich ein US-Urheberrecht, wenn Ihr Buch (a) in den USA veröffentlicht wurde oder (b) zwar nicht in den USA veröffentlicht wurde, aber Ihr Land als Mitglied der „Berner Übereinkunft zum Schutz von Werken der Literatur und Kunst" Urheberrechtsbeziehungen zu den USA pflegt oder (c) Ihr Land zum Zeitpunkt der Veröffentlichung des Buches Urheberrechtsbeziehungen mit den USA pflegte. **Sie sollten davon ausgehen, dass Sie Eigentümer eines US-Urheberrechtes an Ihrem Buch sind, es sei**

5

**denn, Sie sind sicher, dass Ihr Buch in einem der wenigen Länder veröffentlicht wurde bzw. Sie ihren Wohnsitz und Aufenthalt in einem der wenigen Länder haben, das keine Urheberrechtsbeziehungen zu den USA pflegt.** Das US Copyright Office führt eine unter http://www.copyright.gov/circs/circ38a.html abrufbare oder vom Settlement Administrator erhältliche Liste der Länder, mit denen die USA Urheberrechtsbeziehungen pflegen. Wenn Sie Urheberrechte an Büchern bzw. Einfügungen besitzen, die außerhalb den USA veröffentlicht wurde, wird Ihnen empfohlen, sich hinsichtlich der Frage, ob Sie sich dem Vergleich anschließen oder aus der Gruppe austreten sollen, von einem Rechtsanwalt oder einer „Reproduction Rights Organization" wie der Nutzungsgesellschaft Wort-Bild beraten zu lassen. Sie können auch die betreffende Telefonnummer in der dieser Mitteilung beiliegenden Liste anrufen und sich beraten lassen.

<u>**WICHTIGER HINWEIS AN DIE ERBEN VON AUTOREN:**</u> Da der Vergleich die Digitalisierung und Nutzung von Büchern betrifft, die vor Jahrzehnten veröffentlicht wurden, wird davon ausgegangen, dass ein größerer Teil der Vergleichsgruppe aus Erben, Rechtsnachfolgern und Zessionaren von Autoren besteht. Wann immer die Mitteilung von „Autoren" spricht, bezieht dieser Begriff deren Erben, Rechtsnachfolger und Zessionare ein, die US-Urheberrechte an den Werken des betreffenden Autors innehaben.

<u>**Alle Gruppenmitglieder**</u> **sollten auf der Webseite http://www.googlebooksettlement.com/intl/de/ nachsehen, um in der durchsuchbaren Buch-Datenbank nach Werken zu suchen, die von diesem Vergleich betroffen sind.** Diese Datenbank listet auch staatseigene Werke und gemeinfreie Bücher auf, die Google digitalisiert hat und die möglicherweise Einfügungen beinhalten. Es wurde versucht, alle urheberrechtlich geschützten Bücher in die Liste aufzunehmen, die vor oder am 5. Januar 2009 veröffentlicht wurden. Trotzdem gibt es vermutlich einige Bücher, die von diesem Vergleich betroffen sind, aber nicht in der Liste erscheinen. Deshalb sollten Sie sich, selbst wenn Ihr Buch nicht auf der Liste steht, Sie aber ein US-Urheberrecht an einem vor oder am 5. Januar 2009 veröffentlichten Buch besitzen, als Mitglied der Gruppe betrachten.

- „Bücher" und „Einfügungen" sind wichtige Begriffe, die in Punkt 6 definiert werden.

- Ein US-Urheberrecht, das einer vergleichserheblichen Nutzung zugeführt wurde, ist ein Urheberrecht an den Vervielfältigungen und Anzeigen von Büchern und Einfügungen in Form der Display-Uses („Anzeige-Nutzungen), der Non-Display-Uses (Nicht-Anzeige-Nutzungen) und der von Bibliotheken genehmigten Nutzung, wie in Punkt 9 (F), 9 (G) und 9 (I) und im Vergleichstext in Artikel VII beschrieben. Die Begriffe „Display-Uses" („Anzeige-Nutzungen") und „Non-Display-Uses" (Nicht-Anzeige-Nutzungen") werden in Punkt 9 (F) und 9 (G) erläutert.

Die Gruppe ist in zwei Untergruppen unterteilt: die Untergruppe Autoren und die Untergruppe Verleger.

*Untergruppe Autoren*

Die Untergruppe Autoren besteht aus Gruppenmitgliedern, die Autoren sind, sowie deren Erben, Rechtsnachfolgern und Zessionaren sowie auch aus anderen Gruppenmitgliedern, die weder Verlage noch deren Rechtsnachfolger und Zessionare sind.

Folgende natürliche Personen sind Vertreter der Untergruppe Autoren: Herbert Mitgang, Betty Miles, Daniel Hoffman, Paul Dickson und Joseph Goulden. Die Interessen der Untergruppe Autoren werden auch von der Authors Guild (http://www.authorsguild.org) vertreten. Alle Vertreter der Kläger aus der Untergruppe Autoren und die Authors Guild befürworten den Vergleich und empfehlen den übrigen Mitgliedern der Untergruppe Autoren die Teilnahme daran.

*Untergruppe Verleger*

Die Untergruppe Verleger besteht aus allen Gruppenmitgliedern, die Bücher bzw. Periodika (z. B. Zeitungen, Magazine, Journale) verlegen („Verleger") und US-Urheberrechte an Einfügungen innehaben bzw. Bücher veröffentlicht haben, sowie deren jeweiligen Rechtsnachfolgern und Zessionaren.

Folgende juristische Personen sind Vertreter der Untergruppe Verleger: The McGraw-Hill Companies, Inc., Pearson Education, Inc., Penguin Group (USA) Inc., Simon & Schuster, Inc., und John Wiley & Sons, Inc. Die Interessen der Untergruppe Verleger werden auch von der „Association of American Publishers" (http://www.publishers.org) vertreten. Alle Vertreter der Kläger aus der Untergruppe Verleger und die Association of American Publishers befürworten den Vergleich und empfehlen den übrigen Mitgliedern der Untergruppe Verleger die Teilnahme daran.

*Rechteinhaber*

Mitglieder der Untergruppe Autoren und Untergruppe Verleger, die sich nicht frist- und formgerecht aus der Gruppe ausschließen (siehe Punkt 15 unten) werden im Vergleich und in der Mitteilung „Rechteinhaber" genannt.

*Bücher, die Bildwerke enthalten*

Fotos, Illustrationen, Karten, Gemälde und andere Bildwerke in Büchern sind fallen NUR DANN unter den Vergleich, wenn entweder (a) der Eigentümer des US-Urheberrechtes an dem Bildwerk auch das Urheberrecht an dem Buch besitzt, in dem das Bildwerk enthalten ist oder (b) es sich bei dem Bildwerk um eine Illustration in einem Kinderbuch (siehe unten) handelt. Wenn der Inhaber eines Urheberrechtes an einem Buch z. B. auch das Urheberrecht an den Fotos in dem Buch besitzt, sind diese Fotos von dem Vergleich betroffen. Aber der Vergleich deckt nicht Fotos in dem Buch ab, deren Urheberrecht einer Person gehört, die nicht das Urheberrecht an dem Buch innehat. Gleichermaßen fallen Landkarten in einem Geschichtsbuch nicht unter den Vergleich, wenn der Inhaber des Urheberrechts an dem Geschichtsbuch und der Inhaber des Urheberrechts an den Karten zwei verschiedene Personen sind.

*Kinderbuchillustrationen*

Kinderbuchillustrationen fallen unter den Vergleich. Wenn Sie ein Kinderbuch-Illustrator sind und das Urheberrecht an einem Buch mit Ihren Illustrationen innehaben, sollten Sie Ihre Rechte an den Illustrationen im Claim Form als Buch-Recht geltend machen. Wenn Sie Urheberrechte an Illustrationen in einem Buch innehaben, aber nicht das Urheberrecht an dem betreffenden Buch selbst, dann sollten Sie Ihre Urheberrechte für diese Illustrationen im Claim Form als Recht auf „Einfügungen" geltend machen.

*Aus der Gruppe ausgeschlossene Werke*

Fotos, Illustrationen, Karten, Gemälde und andere Bildwerke in Büchern werden nicht als Einfügungen betrachtet (außer Kinderbuchillustrationen). Diese Bildwerke fallen nicht unter den Vergleich, **AUSSER WENN** die US-Urheberrechte an dem Buch mit den Bildwerken und die Urheberrechte an diesen Werken im Besitz desselben Rechteinhabers sind (wie oben erklärt). Deshalb sind Personen, die nur Urheberrechte an diesen Bildwerken besitzen und nicht an einem Buch bzw. einer Einfügung, *nicht* Mitglieder dieser Gruppe. Im Vergleich wird es Google weder erlaubt noch verboten, diese Bildwerke anzuzeigen, und es erfolgt kein Verzicht auf Ansprüche in Bezug auf die Nutzung dieser Bildwerke.

*Die Beziehung von Autoren und Verlegern*

Rechtsberater der Untergruppe Autoren und Rechtsberater der Untergruppe Verleger haben als wichtigen Teil des Vergleiches die Beziehung zwischen Autoren und Verlegern festgelegt. Unter anderem werden darin die Rechte der Autoren und Verleger bezüglich der Nutzung ihrer Werke seitens Google erläutert sowie die Frage geklärt, wer laut dem Vergleich für lieferbare bzw. gewerblich erhältliche oder vergriffene und im Handel nicht

erhältliche Bücher entschädigt wird. Die Beziehung von Autoren und Verlegern wird in Punkt 10 zusammengefasst, und diesbezüglich sollten Sie den gesamten Text lesen, der unter http://www.googlebooksettlement.com/intl/de/agreement.html abrufbar ist (siehe Anhang A des Vergleichstextes) oder vom Settlement Administrator bezogen werden kann.

## 6. Was sind „Bücher" und „Einfügungen" im Sinne des Vergleiches und dieser Mitteilung?

*Bücher*

Im Sinne des Vergleiches ist ein „Buch" ein geschriebenes bzw. gedrucktes Werk auf Papierbogen, die am oder vor dem 5. Januar 2009 zum Buch gebunden wurden, das:

- veröffentlicht bzw. öffentlich vertrieben bzw. mit Genehmigung der US-Urheberrechte-inhaber der Öffentlichkeit zugänglich wird

- beim US Copyright Office am oder vor dem 5. Januar 2009 registriert, ES SEI DENN, die Einfügung bzw. das Werk ist kein US-Werk im Sinne des US-Urheberrechtsgesetzes und eine Registrierung daher nicht erforderlich.

- dem US-Urheberrecht unterliegt (entweder auf Grund einer Eigentümerschaft, gemeinsamer Eigentümerschaft oder einer ausschließlichen Lizenz) und vergleichserheblich verwertet wurde. Siehe Punkt 9 zu diesen Nutzungen.

**AUSGENOMMEN** von der Definition „Buch" sind folgende Schriften:

- Periodika (z. B. Zeitungen, Zeitschriften und Fachzeitschriften). Siehe Absatz 1.102 des Vergleichstextes für eine vollständige Erläuterung zu „Periodika".

- persönliche Schriften (z. B. nicht veröffentlichte Tagebücher, Loseblattsammlungen von Notizen und Briefe).

- Noten und andere Werke, die hauptsächlich zum Musizieren verwendet werden. Siehe Absatz 1.16 des Vergleichstextes für eine genauere Erläuterung dieser Werke.

- gemeinfreie Werke, d. h. Werke, die sich nach dem US-Urheberrechtsgesetz im öffentlichen Besitz befinden.

- staatseigene Werke, d. h. Schriften, die nicht dem Urheberrecht unterliegen, da sie von staatlichen US-Stellen geschrieben wurden, bzw. die nach US-bundesstaatlichem Recht keinem Urheberrecht unterliegen, wie in Absatz 1.64 des Vergleichstextes ausgeführt.

*Einfügungen*

Im Sinne dieses Vergleichs gilt für eine „Einfügung" Folgendes:

- sie besteht entweder aus (1) einem Text wie etwa einem Vorwort, Nachwort, Prolog, Epilog, Gedicht, Zitat, Brief, Textausschnitt aus Büchern, Periodika und anderen Werken sowie aus Liedtexten oder aus (2) Tabellen, Karten, Grafiken und Noten (d. h. Noten in einem Notensystem bzw. einer Tablatur) oder aus (3) Kinderbuchillustrationen

- sie ist in einem Buch, staatseigenen Werk oder einem gemeinfreien Buch enthalten, das am oder vor dem 5. Januar 2009 veröffentlicht wurde