**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| The Authors Guild, Inc., Association of American Publishers, et. al., | Case No. 05 CV 8136-DC |
| Plaintiffs, | DECLARATION OF INGE KRALUPPER |
| v. | |
| Google Inc., | |
| Defendant. | |

  1.  I, Inge Kralupper, am a citizen of Austria and Managing Director/Executive Secretary of the Hauptverband des Österreichischen Buchhandels ("HVB"), the leading association of book publishers and booksellers in my country. I am not a native speaker of the English language, although I have some fluency in the language, and, accordingly, this declaration was translated for me into German before I signed it below. Except as otherwise stated, I have personal knowledge of the matters I discuss below.

  2.  HVB represents the commercial and cultural interests of about 500 members, including approximately 230 publishing companies, bookshops, wholesalers, sales representatives and antiquarian booksellers in Austria. The HVB was founded in 1859. Its political and commercial mission is inseparably linked to a cultural mandate: the Association acts to promote the cultural asset that books and reading represent, it stands up for the freedom of speech and for cultural diversity.

  3.  The vast majority, if not all, of HVB's members are putative members of the settlement class, as defined in the settlement agreement that has been presented to this

Court in this action (the "Settlement Agreement"), as they own or control the copyrights to one or more Books or Inserts, as also defined in that document. HVB's members are astonished over and oppose the unprecedented settlement that the parties have asked this Court to adopt and impose upon them. Our members, however, are generally not in a position to present objections to this Court individually, given their unfamiliarity with the United States' legal system and the cost and expense that they would incur in doing so themselves. The Austrian publishers' market can be characterized by small and medium-sized enterprises and Austrian publishing houses frequently promote young authors; due to the larger German market many authors change over to renowned German publishing houses once they have made their mark. Austrian publishing houses are thus particularly dependent on the assistance of HVB. HVB's articles of association stipulate that HVB has to safeguard the ideals and commercial interests of the Austrian publishers, and, accordingly, it is entitled to intercede on behalf of these interests at national or international public authorities. In addition, on August 3, 2009, the HVB Board of Directors related to HVB's publisher members unanimously approved HVB's filing of objections with this Court opposing the Settlement Agreement. As such, HVB is uniquely positioned to provide this Court with information about how the Settlement Agreement will prejudice our members and foreign rightsholders.

4. The Settlement Agreement is affront to copyright holders throughout the world and HVB thus respectfully requests that this Court not approve it, with respect to foreign rightsholders at a minimum, for the reasons set forth in our accompanying Objections and below.

**The Failure To Translate The Settlement Agreement**

5.      The parties to this action have never made the Settlement Agreement available for review in the German language. This has prevented our members and other Austrian class members from understanding this document. The vast majority of HVB's members lack the proficiency in the English language necessary to understand the complex terms of this 300-plus page document (which is full of legalese), and to ascertain their rights under it.

6.      It is simply inconceivable to us that a United States court would allow our members to be bound by a Settlement Agreement that has not been made available to them in their native tongue. Indeed, it would impose substantial burden on our members to commission their own translated version of the document. Based on inquiries that have been made by my office, I have been told that it would cost approximately $21,000 to $24,000 at today's exchange rate to have the Settlement Agreement translated into German.

**The Failure To Give Proper Notice**

7.      I have been informed that a representative (Kinsella Media) of the parties to this action requested that an Austrian association known as Literar Mechana to send a German translation of the Final Notice of Class Action Settlement (the "Notice") to Austrian rightsholders. This organization is the Austrian reproduction rights organization and it had no duty to send the Notice. I am informed that this organization did not send the Notice to its members. Instead, this organization simply included some information about this action and its proposed settlement in one of its regular newsletters.

8. It is also my understanding that a summary form of the Notice (the "Summary Notice") was published in one mainstream newspaper in Austria, but that it was not published in any trade publication in Austria, which would have the preferable way to reach Austria newspapers.

9. The accompanying Declaration of Dr. Sprang details the serious translation errors that exist in the German translation of the Notice. Indeed, the Chief Executive of Literar Mechana informed Kinsella Media by email dated March 27, 2009 that the "German version of the Notice is hardly understandable without knowing the English version. In many cases the German translation differs completely from the original text and/or is simply wrong. The German Notice-text cannot be regarded as sufficient information on the settlement." A true and correct copy of that email is attached here as Exhibit A.

**Widespread Opposition To The Settlement**

10. Rightsholders in Austria are opposed to this Settlement Agreement. For example, the weekly magazine profil published an article dated July 20, 2009, in which it interviewed Gerhard Ruiss, author and head of IG AutorInnen, the Austrian counterpart of The Authors Guild in the U.S. Mr. Ruiss made crystal clear his dissent to this Settlement Agreement, which he describes as the biggest capture of rights that has ever happened. Mr. Ruiss also explains his confusion regarding the Settlement Agreement, which he had understood could only impact works that had been affirmatively published and exploited in the U.S. The article also describes how Austrian libraries have announced that they will not cooperate with Google in this venture. A true and correct copy of this article is attached here as Exhibit B.

11. For each of the foregoing reasons, and for the reasons set forth in the Objections, HVB objects to the Settlement Agreement and respectfully urges the Court not to approve it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 27, 2009

_____
Inge Kralupper