

UNIEBOEK BV
uitgeverij

**To:**
Office of the Clerk
J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
UNITED STATES OF AMERICA



**Date:**
Houten, August 27th, 2009

**Concerning:**
Google Book Settlement

05-CV-8136

Dear Mr McMahon,

The Author's Guild et al v. Google Inc. Doc. 199

We would like to make the following objections and comments to the Google Book Settlement.

Under Dutch copyright law it is forbidden to act as you have done, or are planning to do, by digitizing and publicising books published under Dutch copyright without prior written permission from the rightsholder. The fact that you are based in the United States does not necessarily mean that any ruling from an American court automatically partains to books published by Dutch publishers under our copyright law. We therefor reserve the right to object to all or parts of the settlement.

According to the settlement Google will initially classify a book as 'commercially available' if Google determines that the rightsholder, or the rightsholder's designated agent is currently offering the book for sale through one or more then-customary channels of trade in the United States. We object to this very limited definition of 'commercially available'.
Because European rightsholders can also be involved in the American Google Book Settlement, European channels of trade should explicitly also be taken into account by Google. If this won't happen, we will be obliged to remove all our books and inserts from the Google database and from all servers or sources from which Google or the participating libraries could make any uses.



UNIEBOEK BV
uitgeverij

Furthermore, at this moment we have to prove our case every time we are in disagreement with Google's status of out-of-print. If Google does take into account the European channels of trade such unnecessary conflicts about the commercial status of our books would not even occur.
Objecting to the commercial status is not only very timeconsuming, but is should also not be necessary, for as far as exclusive rights are concerned, the rightsholder should be the one who can determine whether a book is still commercially available or not. Particularly in cases where a book may temporarily be out-of-print, even in the European channels, but a reprint is already planned.

The deadline for making objections or opting out is too short after the announcement of the settlement. Especially European rightsholders who weren't part of the negotiations should have enough time to think about the consuequences of the settlement and should have enough time to make a decision with regard to the settlement. The deadline for amongst others making objections or opting out should therefore be postponed.

The management of bibliographic and rights information on the website of the Google Book Settlement leads to practical problems. For example relations between principal works and derivate works (e.g. translations, sublicenses, new editions etc.) seem not to be tracked at the moment. Working with the current Google database costs a lot of time (especially if you have a lot of titles to claim) and raises a lot of questions. The use of the current Google database is very user unfriendly and should be improved significantly before it is feasible to work with it as now proposed by Google.

Our combined publishing houses have a very long history. This means that we have a very long backlist to check against your database, which is, as indicated above, currently very user unfriendly. This also means we have published under names that are now longer in use. However, we are still the rightsholder for the titles published under these imprints.
Another situation can be where we have taken over an author from another house, so backlist can occur under that publisher's name, where we do retain all rights to the backlist of that author.
And yet another situation, also mentioned in the above point, is the management of sublicensed editions. The name of the sublicensee is given as the main publisher, where we however have all rights to the work.
The management of all these different names, imprint, titles and rights is very time-consuming, again, mainly because your current system and database seems not to be equipped to handle these different aspects.

The settlement and its definitions raise many questions that are not all covered by the FAQ on the site of the booksettlement. We will not include our full list of questions at this moment for the sake of brevity. For example, one of the questions is about the position of the translator. Translators fall under the subcategory of Authors as we



**UNIEBOEK** BV
uitgeverij

now understand, but the division of any income between publishers, authors and translators is currently still unclear to us.

Another issue is the randomness with which you appear to digitize, not taking into account whether a book is a derivative of the original work. There should always be only the latest edition officially published by the publisher digitised. Sublicenses or derivates are never to be digitised, for several reasons.
The author may have had corrections or other remarks on previous and/ or other editions, which can only surely be considered solved in the most recent official edition. We wish that, should we participate, we can control which edition is digitised and that only version of any work at a time is available digitally.

We are in contact with the national Dutch publishers associations (Nederlands Uitgeef Verbond, or NUV) on how the settlement can affect us, and on our options.

We retain all rights we presently and in the future hold to all our works.

Yours sincerely,

Peter van Haaften
Vice Managing Director


Unieboek bv
with the divisions Agathon, Van Dishoeck, Fibula van Dishoeck, De Haan, Van Reemst, Moussault, Wereldvenster, Zuid Hollansche Uitgeefmaatschappij, Van Goor, MOM, MNP,
Elysee, Holkema&Warendorf

**A transcript of this letter has been sent by email to:**
**Counsel for the Author Sub-Class: bookclaims@bonizack.com**
**Counsel for the Publisher Sub-Class: bookclaims@debevoise.com**
**Counsel for Google: bookclaims@kvn.com**
**NUV: f.vening@nuv.nl**

**A transcript of this letter has been sent by email and/or post to all our authors and translators.**