Sanchez Annex Writers Grotto
451 Sanchez Street, San Francisco, CA 94114
415-305-1095
kemblescott@gmail.com

RECEIVED
AUG 31 2009
CLERK'S OFFICE
S.D.N.Y.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-1-09

Office of the Clerk, J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

The Honorable Denny Chin
United States District Judge

05-CV-8136

August 27, 2009

The Author's Guild et al. v. Google Inc.    Doc. 202

Dear Judge Chin:

I'm a published author whose work is at stake in the proposed settlement for The Authors Guild, et al., vs. Google, Inc.

I'm not a lawyer, so you'll have to excuse my lack of legalese, but… this deal stinks. Please put an end to it.

It's wrong on so many levels.

First, you have attorneys manipulating class action law to make an entire profession – writers! – a "class." That's not what class action law was created for. What's next? All bakers? All plumbers?

The settlement is 323 pages of confusion designed to make lawyers wealthy.

Paul Aiken, the Executive Director of the Authors Guild, confirmed for me recently that the law firm representing the guild will make $30 million dollars if this settlement happens. Google will pay them that money. That's an incredible financial incentive to make this deal go through, regardless of whether it's in the best interest of authors.

The truth is that a large number of authors are terribly confused or in the dark about this case. When the Department of Justice announced that it's pursuing an antitrust investigation into this settlement, I wrote a letter to Deputy Assistant Attorney General William F. Cavanaugh in support of the investigation. Like many writers, I want to know if mischief got us to this point.

I made my letter public in late July and an amazing thing happened. I got emails from authors all over the country saying that my letter was the first they'd heard of the settlement.

That's not surprising. Writers are individuals. We're not a "class" that's somehow reachable with one shout.

Instead, you've got two parties forging this settlement who had nothing to do with any of the creation of the books at stake. Yet somehow they've been able to go to court to push through a deal over rights to books that neither of them owns.

Who put them in charge? I certainly did not, and I say that as a dues paying member of The Authors Guild. My membership does not give the Guild any legal rights to my books.

It's my understanding that under federal copyright laws no one is allowed to copy, reproduce and distribute my books without my prior permission. That's stealing. If someone steals from a store, they're prosecuted for shoplifting. This settlement rewards the thief.

We're in the middle of the digital transformation of the written word. At issue in this case is whether the people who create content continue to own all the rights to their work as they always have. This settlement changes that.

The Authors Guild has been out publicly shouting down anyone who disagrees with this deal. On August 11, 2009, the Guild sent out a mass email scolding a dissenter and claiming that the settlement allows rights holders to "retain complete control over whether, and how, your book is displayed or sold to users."

Really? If we're retaining all the same control as before, then why do 323 pages and $30 million dollars need to exchange hands?

I'm an individual. Not a "class." I wrote every word of my books, and I made individual deals in order to get each one published. That process takes years. If someone wants rights to my books, they can take a few minutes to ask me first. That's not too much to request. It is, in fact, the law.

Copyright law as it exists is pretty straightforward when it comes to the permission process. This whole case represents an unreasonable change. It gives a corporation access to copyright protected work first, and then requires authors to study a 323 page legal document and decide whether to "opt out." This is not an improvement to current copyright law. It undermines it.

For all of these reasons, I object to The Authors Guild, et al., vs. Google, Inc. settlement. Please intervene and stop it.

Sincerely,

Scott James
aka Kemble Scott, author of the novels *SoMa* and *The Sower*


cc by First Class Mail:

Michael J. Boni, Esq.
Joanne Zack, Esq.
Joshua Snyder, Esq.
Boni & Zack LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004

Jeffrey P. Cunard, Esq.
Bruce P. Keller, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.
Durie Tangri Lemley Roberts & Kent LLP
332 Pine Street, Suite 200
San Francisco, CA 94104