# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
FRANK MUSIC CORP., on behalf of
itself and all others similarly
situated,

Plaintiff,

-against-

COMPUSERVE INCORPORATED,

Defendant.
------------------------------------X

Civil Action No.
93 Civ.

COMPLAINT
CLASS-ACTION

Plaintiff, by its attorneys, Silverman & Shulman, P.C., complaining of the defendant herein, alleges as follows:

## Jurisdictional Allegations

1.    This action arises under the Copyright Act of the United States (17 U.S.C. §101, et seq.).    This Court has exclusive jurisdiction over this action under Section 1338(a) of the Judicial Code [28 U.S.C. §1338(a).]   Venue is proper under Section 1400(a) of the Judicial Code [28 U.S.C. §1400(a).]

## Class Action Allegations

2.    Plaintiff brings this action pursuant to Rule 23(a), (b)(2) and (3) of the Federal Rules of Civil Procedure, on behalf of itself and all other copyright owners similarly situated (the "Class"), who are all music publisher-principals of The Harry Fox Agency, Inc., their common licensing and collecting agent, and whose copyrighted musical compositions are the subject of those unauthorized uses by defendant hereinafter alleged, in violation and infringement of the exclusive rights granted to copyright

1

Case 1:05-cv-08136-DC  Document 207-5  Filed 09/01/09  Page 3 of 10

owners of musical compositions pursuant to Section 106 of the U.S. Copyright Act [17 U.S.C. §106.]

3.    The Class numbers in excess of one hundred forty (140), and it is therefore impracticable to bring them all before the Court.   The questions of law and fact presented herein regarding defendant's violation and infringement of rights under the Copyright Act and its liabilities therefor are common to the entire Class.   The claims of plaintiff herein are typical of the claims of the Class.   Plaintiff will fairly and adequately protect the interests of the Class in that plaintiff has retained competent counsel experienced in litigation of this nature, has the financial support of The Harry Fox Agency, Inc.*, and is seeking injunctive relief based upon defendant's violation of the rights of each member of the Class and statutory damages determinable for each member of the Class.   A class action is superior to individual litigation because it permits a resolution of all claims in one action; there is no pending litigation of any of such claims.   Any notices required to be given to the Class of any proceeding in this action can be given to The Harry Fox Agency, Inc., the Class' common agent, who shall undertake to transmit such notices to each member thereof.

---

*The Harry Fox Agency, Inc. provides licensing and collection services to over 12,000 music publisher-principals and is the licensing and collection agent of plaintiff Frank Music Corp. and all of the members of the Class in this action.   The Harry Fox Agency, Inc. is a wholly-owned subsidiary of National Music Publishers' Association, Inc., a not-for-profit corporation and the principal trade association of music publishers in the United States.

Case 1:05-cv-08136-DC  Document 207-5  Filed 09/01/09  Page 4 of 10

## The Parties

4.    Plaintiff FRANK MUSIC CORP. (hereinafter "Frank") is a New York corporation with its principal office at 39 West 54th Street, New York, New York 10019.

5.    Frank and the members of the Class were and continue to be copyright owners engaged in the business of publishing, licensing and otherwise marketing and exploiting musical compositions.

6.    Defendant (hereinafter "Compuserve") is an Ohio corporation with an office for the conduct of its business at 120 Broadway in the City, County and State of New York, and accordingly, can be found in this judicial district.

7.    Compuserve, a wholly-owned subsidiary of H & R Block Group, Inc., upon information and belief, has offices and subsidiaries of its own in over 16 states and in seven foreign countries, employing more than 1600 persons and has annual sales in excess of two hundred eighty million ($280,000,000.) dollars. Compuserve, amongst other things, is engaged in the business of maintaining a computer-based on-line information and electronic communication service which involves Compuserve's maintenance of a large mainframe computer and the database contained therein consisting of literary, graphic and musical material.    Such mainframe computer and database are hereinafter sometimes referred to as the "Bulletin Board."  Compuserve grants access to its Bulletin Board to its paid subscribers, who via a device known as a "modem" and the use of their own personal computers:  a)  put into the Bulletin Board, for storage in the Bulletin Board's database, the literary, graphic and musical material chosen by such

3

subscribers (a process known as "uploading"), and b)  can select
and take from the Bulletin Board the literary, graphic and musical
material stored in the Bulletin Board's database (a process known
as "downloading".)  Each subscriber pays Compuserve a monthly fee
for such access and also pays Compuserve, in the form of "log on"
charges, for the time that it is connected to Compuserve's Bulletin
Board.  The material contained in the Bulletin Board's database is
identified in tables of contents which are known as "menus."  The
menus list, amongst other things, the various on-line literary,
graphic and musical material and other communication services which
are accessible to Compuserve's subscribers.

8.    Compuserve provides the aforesaid access (to upload to
and download from its Bulletin Board) to subscribers who reside
within this judicial district and elsewhere.

## Allegations of Copyright Infringement

9.    At all times relevant herein, Frank was and continues to
be the sole copyright owner of the musical composition entitled
"UNCHAINED MELODY" (hereinafter the "Frank Work"):

A.    which was written and composed by Alex North and Hy
Zaret, both citizens of the United States (the "authors");

B.    which was registered for copyright (under its former
title "ARE YOU STILL MINE") with the U.S. Copyright Office as
an unpublished work on January 10, 1955 and for which the
Register of Copyright issued registration certificate No.
EU382542 to and in the name of Frank;

C.    which was registered for copyright (under its
present title "UNCHAINED MELODY") with the U.S. Copyright
Office after publication on February 10, 1955 and for which

4

the Register of Copyrights issued registration certificate No.
EP 87381 to and in the name of Frank;

D.    which copyrights were both duly renewed by the
authors on January 6, 1983 and for which the Register of
Copyrights issued renewal certificates Nos. RE 153-688 and RE
151-142, respectively, and

E.    which renewal copyrights are owned by Frank pursuant
to prior written transfers from the authors dated,
respectively, December 29, 1982 (from Alex North) and May 24,
1978 (from Hy Zaret), which written transfers were recorded in
the U.S. Copyright Office, respectively, in Volume 1954 at
page 396 and in Volume 1666 at page 36.

10.   Frank has duly complied with all pertinent provisions of
the Copyright Act and all laws governing copyright with respect to
the Frank Work.

11.   Members of the Class are, and at all times relevant
herein were, the copyright owners of certain musical compositions
(the "Class Compositions"), which Class Compositions:

A.    were all identified in the Bulletin Board's menus
and number in excess of five hundred fifty (550);

B.    were, together with the Frank Work (as more
particularly hereinafter alleged), the subject of recordings
which were uploaded and downloaded to and from Compuserve's
Bulletin Board by Compuserve's subscribers, and

C.    were the subject of copyright registrations in the
U.S. Copyright Office with the Register of Copyrights having
issued appropriate registration certificates therefor, and if

appropriate and required by the Copyright Act, the subject of duly renewed copyrights.

12.    The members of the Class have duly complied with all pertinent provisions of the Copyright Act and all laws governing copyright with respect to the Class Compositions.

13.    Compuserve, in providing access to its Bulletin Board (in particular its "MIDI"/Music Forum" and various "libraries" therein) by its paying subscribers, is, and at all relevant times herein was, engaged in the following activities with respect to the Frank Work and the Class Compositions:

A.     permitting, facilitating and participating in the recording of performances of the Frank Work and the Class Compositions into, and storing such recordings in, Compuserve's computer database by permitting and enabling its paying subscribers to upload such performances thereto;

B.     maintaining a storage of unauthorized recordings of The Frank Work and Class Compositions (uploaded by its subscribers) in and as part of Compuserve's computer database, and

C.     permitting, facilitating and participating in the recording (i.e. re-recording) of the performances of The Frank Work and the Class Compositions (theretofore stored in its

---

*"MIDI" is the acronym for "Musical Instrument Digital Interface." It constitutes the stream of data that flows between musical units in the digital world of computers and music-producing instruments such as synthesizers. It can be recorded electronically in a computer's memory, stored permanently on the floppy discs used in computers, and later recalled to play back the musical work which is the subject of a MIDI recording.

6

computer database) by permitting and enabling its paying subscribers to download such recorded performances therefrom.

14. At all times relevant herein Compuserve had, and continues to have, control over the nature and content of materials stored in its Bulletin Board and downloaded therefrom.

15. At all times relevant herein Compuserve had actual knowledge of, or in the exercise of reasonable diligence could have determined, the nature and content of materials stored in its Bulletin Board and downloaded therefrom.

16. At all times relevant herein Compuserve had actual notice, or in the exercise of reasonable diligence could have determined, that recordings of the Frank Work and the Class Compositions were uploaded (recorded) to, stored in, and downloaded (re-recorded) from its computer database.

17. Neither Compuserve, nor its subscribers, sought or obtained authority from Frank or the members of the Class to upload (record), store, or download (re-record) performances of their respective Frank Work or Class Compositions to, in or from Compuserve's Bulletin Board.

18. The acts and omissions of Compuserve hereinabove referred to constitute acts of copyright infringement by Compuserve with respect to the Frank Work and the Class Compositions.

19. Written demand was heretofore made upon Compuserve to cease and desist from its hereinabove alleged activities with respect to the musical compositions owned or controlled by the publisher-principals of The Harry Fox Agency, Inc.

20. Despite such written demand aforesaid, Compuserve continues its hereinabove alleged activities.

7

21.    The acts and omissions of Compuserve hereinabove alleged are wilful and intentional acts of copyright infringement with respect to Frank's copyright in the Frank Work and the Class' respective copyrights in the Class Compositions and, by reason of multiple uses of a number of the Class Compositions, constitute more than six hundred ninety (690) wilful and intentional acts of infringement in connection with the Frank Work and the Class Compositions.

WHEREFORE, Frank, on behalf of itself and the Class, demands relief as follows:

1.    That Compuserve be required to pay to Frank and each member of the Class the sum of not less than $100,000 for each infringement by Compuserve of the respective copyrights in the Frank Work and the Class Compositions, as statutory damages provided in the U.S. Copyright Act.

2.    That Compuserve, its agents, servants, employees, subsidiaries, divisions and affiliates be preliminary enjoined during the pendency of this action and be permanently enjoined thereafter from: a) infringing the copyrights in the Frank Work and the Class Compositions in any manner; b)    permitting, facilitating or otherwise participating in the recording and re-recording of the Frank Work and the Class Compositions in any manner including, but not limited to, the uploading and downloading of performances of the Frank Work and the Class Compositions to or from Compuserve's computer database, or otherwise permitting, facilitating or otherwise participating in the storage of such performances therein.

8

3.     That Compuserve during the pendency of this action be required to purge its computer database of those files from which copies or phonorecords of performances of the Frank Work and the Class Compositions can be made, and otherwise be required to prevent any access thereto by Compuserve's subscribers.

4.     That Compuserve be required to deliver up to be impounded during the pendency of this action and to deliver up for destruction all articles and devices in its possession, custody and control from which infringing copies or phonorecords of the Frank Work and the Class Compositions can be made or derived.

5.     That Compuserve be required to pay to Frank and to the Class the costs and disbursements of this action, together with reasonable attorneys' fees to be allowed by the Court.

6.     That Frank and the Class have such other and further relief as the Court may deem just and proper.

Dated:   November 29, 1993

SILVERMAN & SHULMAN, P.C.

By: _____

Alan L. Shulman (AS9520)

136 East 57th Street
New York, NY   10022
(212) 758-2020

Attorneys for Plaintiff

9