# EXHIBIT F

AGREEMENT made as of the 25th day of October, 1995 by and between COMPUSERVE INCORPORATED with offices at 5000 Arlington Centre Boulevard, Columbus, Ohio 43220 ("CompuServe"), of the one part, and FRANK MUSIC CORP. with offices at 39 West 54th Street, New York, New York 10019 ("FRANK") and THE HARRY FOX AGENCY, INC. with offices at 711 Third Avenue, New York, New York 10017 ("HFA"), of the other part.

## W I T N E S S E T H

This AGREEMENT is predicated upon the following AGREED STATE OF FACTS:

I.   FRANK has heretofore, on November 29, 1993, filed a class action, on behalf of itself and all others similarly situated, against CompuServe for copyright infringement in the United States District Court for the Southern District of New York (the "Court") bearing Civil Action No. 93 Civ. 8153 (JFK) (the "Action").

II.  Annexed to and made part of this Agreement as Schedule "A" is a list of those music publishers who are all publisher-principals of HFA (who acts as their common licensing and collecting agent) and who, together with FRANK, pursuant to that Stipulation amending the pleadings in the Action which will be submitted to the Court for approval on November 7, 1995, are the putative members of the plaintiff

Exhibit "I"

class in the Action (hereinafter the "Class Plaintiffs");
Schedule "A" also sets forth those musical compositions
respectively owned or controlled by the Class Plaintiffs, the
copyrights of which are alleged in the Action to be infringed
by CompuServe (hereinafter collectively the "Class
Compositions").

III.  Each cause of action set forth on behalf of
the Class Plaintiffs in the Action is predicated, amongst
other things, upon the following basic allegations:

A.  Each Class Plaintiff owns or controls a valid
and subsisting copyright in each of their respective Class
Compositions;

B.  CompuServe has wilfully infringed the Class
Plaintiffs' copyrights in their respective Class Compositions
by:

1.  permitting and enabling its Subscribers to
Upload recordings of the Class Compositions made by such
Subscribers into a CompuServe Forum/Library in
CompuServe's Information Service on-line computer
database via computer modems and telephone line and other
telecommunications connections, which database is made
available by CompuServe to its Subscribers for Uploading
and Downloading;

2.  maintaining the Storage of such aforesaid
recordings in its computer database, and

2

3. permitting and enabling its Subscribers to
Download copies of such recordings so Stored in a
CompuServe Forum/Library computer database
all without any authority from the Class Plaintiffs or
otherwise with respect to the Class Compositions, CompuServe
thereby facilitating and participating in the unauthorized
making and distribution of Phonorecords of the Class
Compositions.

IV. In its pleadings in the Action, CompuServe has
asserted numerous defenses to the claims therein alleged on
behalf of the Class Plaintiffs and has denied any liability on
its part with respect thereto.

V. Without CompuServe admitting any liability on
its part with respect to any claims alleged in the Action and
with neither CompuServe nor FRANK (on its own behalf or on
behalf of the other Class Plaintiffs) withdrawing any position
stated in their respective pleadings in the Action,
CompuServe, FRANK and HFA respectively desire, conditioned
upon and subject to the issuance of an order of the Court
approving this Agreement without modification, which may be
entered after a hearing on notice to the Class Plaintiffs (the
"Order of Approval"):

A. in order to eliminate the continued expenses and
burdens of, as well as the uncertainties associated with,

3

Case 1:05-cv-08136-DC   Document 207-7   Filed 09/01/09   Page 5 of 29

the continued litigating of the Action, to provide for
the settlement and dismissal of the Action, and

B.   in order to avoid future uncertainties and the
prospects of future litigation:

1.   to provide for the mutually beneficial
"Licensing Arrangement" (as such term is hereinafter
defined and provided) for continued use of the Class
Compositions and other musical compositions owned or
controlled by the Class Plaintiffs in the making and
distribution of Phonorecords via Uploading and
Downloading to and from CompuServe's Forum/Library
computer databases,

2.   to provide for the availability of the
"Licensing Arrangement" to others of HFA's
publisher-principals (in addition to the Class
Plaintiffs) for the use of their musical com-
positions in the making and distribution of
Phonorecords via Uploading and Downloading to and
from CompuServe's Forum/Library computer databases,
and

3.   To provide a mechanism for CompuServe's
Managers to obtain license authority for the use of
the musical compositions owned by those Class
Plaintiffs (who do not opt out) as well as other
publisher-principals of HFA.

4

Case 1:05-cv-08136-DC  Document 207-7  Filed 09/01/09  Page 6 of 29

NOW, THEREFORE, predicated upon the foregoing AGREED STATE OF FACTS, the parties hereto AGREE AS FOLLOWS:

1. IT IS AGREED that upon the first business day after the date on which the Order of Approval becomes a final order (the "Effective Date"), this Agreement shall become fully operative in accordance with its terms, provided that the applicable provisions of paragraphs 2, 3, 5B, 6, 8, 9, 11(A) and 12-15 shall become fully operative upon the execution of this Agreement.

2. The parties hereto shall, and they shall direct their respective attorneys in the Action to, fully cooperate in the submission of this Agreement to the Court and fully cooperate in the hearing or other proceedings required by the Court, as well as execute, obtain and deliver any documents necessary or required to secure the approval of this Agreement and the entry of the Order Of Approval with respect hereto.

3. Upon entry of the Order of Approval by the Court, CompuServe shall pay the sum of Five Hundred, Sixty Eight Thousand (568,000.00) Dollars to HFA (the "Settlement Sum"), the receipt of which is hereby acknowledged by HFA. The Settlement Sum shall be allocated and upon entry of the Order of Approval, paid by HFA as follows:

A. the sum of Five Hundred Dollars ($500.00) for each of the nine hundred forty seven (947) Class Compositions to the respective Class Plaintiffs who do

5

20087530.02

not opt out in proportion to their ownership interests thereof as shown on Schedule "A" as and for their shares of the Settlement Sum hereunder, and

B.   the sum of Ninety Four Thousand, Five Hundred Dollars ($94,500.00) shall be retained by HFA as and for the sum agreed upon for partial reimbursement of the legal fees and expenses heretofore incurred by HFA in the prosecution of this Action and to be incurred in the resolution of the Action.

C.   HFA shall hold the Settlement Sum in escrow until the Effective Date and shall thereupon make such payments and reimburse itself as aforesaid.   In the event, however, that a successful appeal is taken or rehearing obtained by a third party with respect to the Order of Approval that results in its being dissolved or substantially modified, then and in such event, HFA shall either repay the Settlement Sum to CompuServe or otherwise conform to such modification if such modification is agreed to be mutually acceptable by the parties to this Agreement and the Action.

4.   Upon the Effective Date, CompuServe, Managers, Frank, HFA and all of the Class Plaintiffs who do not opt out of this Action shall be bound by those express operative provisions of the Licensing Arrangement applicable to them respectively, as hereinbelow defined and provided.

6

5.  For the purposes of this Agreement, the "Licensing Arrangement" shall be defined, determined and provided as follows:

A.  Definitions for all of the purposes of this Agreement:

(1)  "Licensor" shall mean each Class Plaintiff who does not opt out of the Action;

(2)  "Licensable Songs" shall mean each Licensor's respective Class Composition(s) as well as all other musical compositions which are owned or controlled by such Licensor and as to which HFA has the authority from such Licensor to issue written variations of the compulsory license provisions of the U.S. Copyright Act, 17 U.S.C. § 115, for the use of such compositions in the making and distribution of Phonorecords;

(3)  "Phonorecord," "Sound Recordings" and "Audiovisual Works" shall have the same meanings as are provided in section 101 of the U.S. Copyright Act, 17 U.S.C. § 101;

(4)  "Manager" shall mean any manager or operator (including system operators or SYSOPS) of a CompuServe Forum/Library, provided that the term shall not be construed to refer to or include CompuServe except in the instance, if ever, that

7

CompuServe is the sole manager or operator of such Forum/Library and shall include those persons or entities listed on Schedule "B" annexed to and made part of this Agreement.

(5)   "Forum/Library" and "CompuServe's Forum/Library" shall mean those portions of CompuServe's Information Service database which are identified to its Subscribers as "Forums," and to which recordings of Licensable Songs are Uploaded by Subscribers.

(6)   "CompuServe's Information Service" shall mean the information service(s) and related databases operated by CompuServe (or any of its subsidiaries or affiliates of which CompuServe gives HFA written notice) which may be accessed by a Subscriber by the use of a P.C. and a modem or other telecommunications device and through which a CompuServe Forum/Library may be accessed;

(7)   A "P.C." shall mean a "personal computer" as such term is understood in the computer industry;

(8)   "CompuServe's Computer System" shall mean those systems owned or controlled by CompuServe of digital electronic computers in all forms and those related to databases and systems of peripheral

8

equipment linked by telecommunications or otherwise for the exchange of data or other information;

(9) "Download" shall mean the making of a phonorecord of a musical composition by enabling CompuServe's Computer System to transmit a Sound Recording of such musical composition in the form of digital data, which Phonorecord was stored in a CompuServe Forum/Library database;

(10) "Upload" shall mean to enable the Storage of a Phonorecord of a musical composition in a CompuServe Forum/Library database by transmitting a Sound Recording of such musical composition in the form of digital data to CompuServe's Computer System;

(11) "Statutory Rate" shall mean the per Phonorecord statutory royalty rate in the United States for the compulsory license provided in 17 U.S.C. § 115, as such Statutory Rate may be adjusted from time to time as provided by law or regulation. As of the date of execution hereof, the Statutory Rate for each Phonorecord of a musical work is based upon the duration of the Phonorecord of the musical work and equals (a) 6.6 cents if the duration is five minutes or less and (b) 1.25 cents per minute

9

Case 1:05-cv-08136-DC Document 207-7 Filed 09/01/09 Page 11 of 29

or fraction thereof if the duration exceeds five minutes;

(12) "Store" and "Storage" shall mean the maintenance of a Phonorecord of a musical composition in digital data form as an electronic file either on a computer system or offline media designated for backup, reference, or archival purposes, and shall include all reproduction of such data incidental to such maintenance;

(13) "Preview Area" shall mean that portion of any Forum/Library to which a Phonorecord of a musical composition may be Uploaded to the Forum/Library and in which such Uploaded Phonorecords are Stored prior to such Phonorecord being made available for Downloading from CompuServe's Forum/Library;

(14) "Mechanical License" shall mean that written variation of the compulsory license pro-visions of the U.S. Copyright Act, 17 U.S.C. § 115, in the form annexed as Exhibit "1" (and comprised of both Parts I and II thereof) to be issued hereunder by HFA for and on behalf of its Licensors (publisher-principals) to a Manager as non-exclusive authority for the use of a licensable song in the making and distribution of Phonorecords thereof via

10

Case 1:05-cv-08136-DC   Document 207-7   Filed 09/01/09   Page 12 of 29

Uploading and Downloading of a particular recording
of such licensable song to and from a CompuServe
Forum/Library.

(15) "Mechanical License Request" shall mean
that written request for a Mechanical License in the
form annexed to and made part of this Agreement as
Part I of Exhibit "1" which may be transmitted
electronically to HFA by a Manager seeking a
Mechanical License as authority for the use of a
licensable song.

(16) "Subscriber" shall mean a subscriber to
CompuServe's Information Service.

(17) The definitions hereinabove set forth
shall apply to the applicable terms whether or not
such terms are capitalized in this Agreement and
shall likewise apply to all forms of the terms so
defined (e.g. the definition of "Upload" shall
likewise apply to "Uploaded", "Uploading",
"Uploads", etc.).

B.   From and after the Effective Date, CompuServe
shall require each of its Managers on Schedule "B" and
any other Manager known to CompuServe to operate a
Forum/Library to obtain license authority where necessary
under the Copyright Act prior to any Downloading by a
Subscriber of a Sound Recording of a Licensable Song from

11

Case 1:05-cv-08136-DC  Document 207-7  Filed 09/01/09  Page 13 of 29

such Forum/Library's database in accordance with the
provisions herein set forth. In such connection, from
and after the date of execution hereof in the case of
Managers on Schedule "B" and from and after the Effective
Date in the case of other such Managers, CompuServe
agrees that it shall require each such Manager to agree
with it in writing to adhere to the provisions of this
Agreement relating to Licensable Songs and shall provide
HFA with a copy of each such writing promptly after its
execution, or CompuServe otherwise shall take steps to
prevent infringement of Licensable Songs by such Manager
through Downloading from such Forum/Library.

C.  No Manager shall permit or enable the
Downloading of a recording of a licensable song from the
Manager's Forum/Library until a Mechanical License, where
necessary under the Copyright Act for such Downloading is
obtained hereunder therefor from HFA (or other authorized
Licensor, if any) and in such connection it is agreed
that Uploads of such recordings may be Stored in a
Preview Area, without liability therefor, until such time
as a Mechanical License for such recording is obtained
from HFA.  CompuServe agrees to use its reasonable best
efforts to ensure each of its Managers complies with the
Manager's obligations under the foregoing provisions of
this subparagraph C.

12

Case 1:05-cv-08136-DC  Document 207-7  Filed 09/01/09  Page 14 of 29

D.  HFA shall provide for 24-hours a day access by a
representative or designee of CompuServe to HFA's song
file database of Licensable Songs for the purpose of
determining the availability thereof for the issuance of
Mechanical Licenses hereunder.  Such song file database
shall contain the song number and related information
necessary for the accurate completion of Mechanical
License Requests by Managers hereunder.  There will be no
charge by HFA for such access on the condition that there
will be no charge by CompuServe to Subscribers for the
information contained in HFA's song file database.

E.  Mechanical Licenses shall be requested and
issued hereunder in accordance with the following
procedures and shall be governed by the following terms
and conditions:

(1)  Each Manager who is not a "Defaulting
Manager" (as such term is defined in sub-paragraph
(9) below) may obtain a Mechanical License for the
use of a licensable song by electronically (via
modem) transmitting an accurate and completed
Mechanical License Request to HFA with a copy
thereof to CompuServe utilizing therein the "PIN"
number which HFA shall have approved and assigned
for each Manager who shall have previously applied
to HFA therefor in writing.  "PIN" numbers shall be

13

approved and assigned by HFA for each Forum/Library
Manager as to which such a Forum/Library Manager
request in writing is received by HFA.  An
application by a Manager for a PIN number shall be
accompanied by a statement from an authorized
employee of CompuServe approving such application
and attesting to the identity of the applicant and
the Forum/Library to which the application pertains.
The Manager is not obligated to submit such a
request until immediately prior to the transfer to
the publicly-accessible areas of the Forum/Library
of a Sound Recording of a Licensable Song.

   (2)  Each Mechanical License Request shall
request a Mechanical License for the use in con-
junction with CompuServe and the Forum/Library of a
licensable song at the Statutory Rate unless prior
to its transmission HFA shall have received written
consent from a Licensor to issue same at a lesser
royalty rate, in which case it shall be deemed
issued at such lesser rate.  In this connection, it
is understood and agreed that Managers are free to
directly negotiate for and seek to obtain the
consent from Licensors to any such lesser royalty
rate.

14

Case 1:05-cv-08136-DC   Document 207-7   Filed 09/01/09   Page 16 of 29

(3) Upon the electronic receipt by HFA from a Manager (who is not a "Defaulting Manager") of an accurate, clearly transmitted and completed Mechanical License Request for a licensable song transmitted by such Manager with his (its) "PIN" number thereon, such Mechanical License (in the form comprised of Exhibit "1" Parts I and II taken together) shall be and be deemed issued by HFA on behalf of the respective Licensor (HFA publisher-principal) and both the Licensor and such Manager shall be and be deemed bound in all respects by the provisions of such Mechanical License for such licensable song all in accordance with the terms and conditions of the Mechanical License as set forth in Exhibit "1", Parts I and II, and the related provisions of this Agreement.

(4) Within a reasonable period after the end of each month during the operation of these Mechanical License provisions, HFA shall send to each Manager, who shall have obtained a Mechanical License pursuant to the provisions hereof during such month, a written summary of the Mechanical Licenses so obtained during such month setting forth therein the license numbers assigned thereto by HFA.

15

20087530.02

Copies of such monthly summaries shall likewise be sent to CompuServe by HFA.

(5)  Each individual Mechanical License is deemed to be limited to the making and distribution to P.C.'s only of Phonorecord copies from one specific Uploaded Sound Recording that do not accompany an Audiovisual Work and for private use with no further copying being included within the license authority.  CompuServe shall not be liable for the acts of Subscribers that exceed the scope of the Mechanical License, provided that CompuServe does not advertise or promote Subscriber usage beyond the scope of the Mechanical License.

(6)  To the extent, if any, it is an infringer under applicable copyright laws for any unauthorized use on CompuServe's Information Services of a musical composition covered by this Agreement, CompuServe shall be liable therefor and, in addition, any use of a licensable song for which a Mechanical License is revoked and terminated by reason of failure to pay royalties not timely cured after notice shall be actionable as an act of copyright infringement as provided in such Mechanical Licenses and under Section 115 of the U.S. Copyright Act, but nothing in this Agreement

16

shall limit any rights or defenses of CompuServe or
the Managers under the Copyright Act in any action
based on the foregoing.

(7)  HFA shall, not more than once in any
calendar year, by its authorized representatives, on
thirty (30) days prior notice, have access to
CompuServe's applicable revenue and service activity
records and such other books and records as may be
required for the purpose of verifying the accuracy
of the royalty statements rendered and payments made
pursuant to the Mechanical Licenses.  Such
examinations shall be conducted during CompuServe's
business hours at CompuServe's offices in Columbus,
Ohio.  The costs of such examinations shall be borne
by HFA unless the amount of any revealed
underpayment is ten (10%) percent or more of the
sums actually paid during the period for which the
examination is conducted. If the amount of revealed
underpayment exceeds ten percent (10%) of such sums,
then the cost of such examination shall be borne by
CompuServe.  Such access, however, shall be subject
to the policies of CompuServe as to confidentiality
concerning the identity of Subscribers and
Subscriber information where they so require.

17

(8)   Royalties under such Mechanical Licenses
shall be paid within forty-five (45) days after the
end of each calendar quarter and shall be
accompanied by statements (which may be provided
electronically) showing, for each Licensor
(publisher-principal), the license number, the title
of each Licensable Song, the number of copies
Downloaded for each and the royalty due thereon.

(9)   CompuServe agrees to and does hereby
guarantee the payment of those royalties to be paid
by its respective Managers pursuant to the
Mechanical Licenses.  Notwithstanding such guaranty
by CompuServe, and without limiting the rights of
HFA on behalf of the Licensors to seek payment from
CompuServe based thereon, in the event that the
statements and payments are not made in accordance
with the terms of the Mechanical Licenses, then the
affected Licensors shall have the right to terminate
and revoke the Mechanical Licenses on thirty (30)
days' prior written notice to the respective
Managers with copies to CompuServe.  In the event
that such payments are not made by either the
Managers or CompuServe within such thirty-day period
then the Mechanical Licenses shall be automatically
revoked and terminated and those copies for which

18

payments were not made shall be actionable as acts
of infringement and fully subject to the remedies
provided for under the Copyright Act.

In addition, upon the date of any such notice,
the Manager to whom same is directed shall, for the
purposes of this Agreement and the Licensing
Arrangement, be and be deemed a "Defaulting Manager"
and such Manager shall remain a Defaulting Manager
unless and until the default in royalty payments is
cured within the thirty day period commencing on the
date of the notice.

(10)  All rights in the Licensable Songs not
specifically granted in the Mechanical Licenses are
reserved to the Licensors.

(11)  The scope of the Mechanical Licenses is
deemed limited to Uploading, Storage and Downloading
to and from CompuServe's Forum/Library databases
located in the United States only, with access
however to such Forum/Library databases for
Uploading and Downloading permitted for Subscribers
located anywhere in the world.

(12)  Notwithstanding anything herein or in a
Mechanical License contained to the contrary, no
authority to use a licensable song hereunder or
pursuant to a Mechanical License issued hereunder

19

Case 1:05-cv-08136-DC   Document 207-7   Filed 09/01/09   Page 21 of 29

shall be deemed granted unless the prior consent of
the lawful owner of the Sound Recording (and the
sounds fixed therein) containing such licensable
song is first obtained for the making of Phonorecord
copies thereof.

(13)   In addition to the access to be provided
pursuant to subparagraph (7) hereof, CompuServe
shall, without charge, provide HFA with sponsored
account access to CompuServe's Information Service
which shall, to the extent possible, provide for the
tracking, identifying and verifying the uses of
musical compositions therein and thereby.   Such
access, however, shall be subject to the policies of
CompuServe as to confidentiality concerning the
identity of Subscribers and Subscriber information
where they so require.   In any event, CompuServe
shall provide HFA access to the number of Downloads
of Licensable Songs.

(14)   Any Manager, prior to submitting any
Mechanical License Request, must apply to HFA for
assignment of a PIN number, which shall be unique to
that Manager.   If a Manager manages or operates more
than one Forum/Library, and intends to use
Licensable Songs in two or more of those
Forum/Libraries, separate applications shall be made

20

for each such Forum/Library and HFA shall assign
unique PIN numbers for each such Forum/Library.   The
confidentiality of PIN numbers shall be strictly
maintained by all parties.   Following the initial
assignment, HFA shall reassign a PIN number promptly
at the request of a Manager or CompuServe, and HFA
may reassign any PIN number at its discretion, upon
prior notice to the affected Manager and to
CompuServe, in each case, regardless of whether the
PIN number has suffered a breach of confidentiality.
An application by a Manager for a PIN number shall
be accompanied by a statement from an authorized
employee of CompuServe approving such application
and attesting to the identity of the applicant and
the Forum/Library to which the application pertains.
Applications for PIN numbers shall be made in
writing on forms prescribed for that purpose by HFA
and approved by CompuServe.   Upon receipt of a PIN
number from HFA, a Manager may begin submitting
Mechanical License Requests.   If a Manager ceases to
manage any Forum/Library for which HFA has assigned
a PIN number, CompuServe shall promptly advise HFA
to discontinue such PIN number.   Any new Manager of
such Forum/Library shall promptly apply for a PIN
number in accordance with the foregoing procedure,

21

and any substitute Mechanical License for one issued
previously to the prior Manager shall, upon
application by the new Manager, be newly issued to
the new Manager, provided that there shall then
exist no uncured default in the payment of royalties
under the previously issued Mechanical License
hereunder.

6.  CompuServe hereby warrants and represents that
Schedule "B" annexed to and made part of this Agreement is a
complete and accurate list of the Managers of the
Forum/Libraries in which are located the files known to
CompuServe as of the date hereof as embodying Sound Recordings
of Class Compositions.  The Class Plaintiffs hereby
respectively represent and warrant that each of those
respective Class Compositions set forth next to their re-
spective names in Exhibit A hereto was protected by a valid
and subsisting copyright during all times pertinent to the
Action and so remains as of the date hereof, that Exhibit A is
a complete and accurate list of the ownership or control of
the copyrights or those rights that are the subject of this
Action with respect to the Class Compositions, that all of the
persons or entities listed in Schedule A are HFA publisher-
principals, and that each of the Class Compositions is a work
as to which HFA is authorized to issue written variations of

22

the compulsory license provisions contained in 17 U.S.C. §
115.

7.   Upon the Effective Date, and in reliance on the
warranty and representation of CompuServe set forth above in
Paragraph 6, the claims set forth in the Complaint, as
amended, in the Action for those Class Plaintiffs (who do not
opt out of this Action) shall be deemed settled and
compromised, and dismissed with prejudice, and such Class
Plaintiffs shall be deemed to and shall thereupon release,
remise and forever discharge CompuServe, its Subscribers, and,
with respect to a Forum/Library for which they have signed a
written agreement (as referred to in paragraph 5B above),
those Managers identified on Schedule "B" annexed hereto, and
their respective directors, officers, shareholders,
representatives, agents, servants and employees of and from
any claim, demand or cause of action now or heretofore
existing from the beginning of time up to and inclusive of the
date of the execution hereof with respect to any act or
omission in connection with, or the use of, the respective
Class Compositions owned or controlled by such Class Plain-
tiffs as set forth on Schedule "A" annexed hereto, including,
but not limited to, those claims and causes of action which
are or could have been alleged or based upon any facts alleged
in the Complaint, as amended, in the Action.

23

Case 1:05-cv-08136-DC  Document 207-7  Filed 09/01/09  Page 25 of 29

8. Promptly after entry of the Order of Approval, the parties to the Action shall cause their respective counsel to the Action to execute and deliver to the Court, for the entry of an order thereon, a Stipulation of Dismissal with respect to the Action in the form annexed hereto as Exhibit "2".

9. CompuServe, HFA and the Class Plaintiffs waive any rights they might otherwise have to appeal or seek rehearing of the Order of Approval.

10. Promptly after the Effective Date, HFA shall give all of its other publisher-principals (i.e., those who are not Class Plaintiffs) written notice setting forth in substance the terms and conditions of the Licensing Arrangement and offer them the opportunity to become a party to and be bound by the Licensing Arrangement with respect to the musical compositions they respectively own. Each of such publisher-principals who agrees to be bound by the Licensing Arrangement shall thereupon and thereafter be a potential Licensor and its respective musical compositions shall thereupon and thereafter be deemed and become Licensable Songs for all purposes.

11. Notwithstanding anything herein contained to the contrary:

A. CompuServe shall have the right to avoid the operation of this Agreement prior to the entry of the

24

Order of Approval and render it without effect by giving HFA and the Court written notice of its intention so to do in the event and upon the condition that a number of the Class Plaintiffs, if any, whose respective Class Compositions shall exceed, in the aggregate, more than twenty (20%) percent of the total number of Class Compositions set forth on Schedule "A", shall elect to opt out of this Action. In this connection, it is understood and agreed that, in any event, the Settlement Sum shall be reduced by the sum of $500.00 for each Class Composition which shall fall outside the operation of this Agreement by reason of the opting out of this Agreement by a Class Plaintiff owning or controlling same.

B.   CompuServe acknowledges that upon ninety (90) days prior notice HFA's publisher-principals (including the Class Plaintiffs) have the right to terminate their agency relationship with HFA thereby effectively ter-minating the operation of the Licensing Arrangement as applicable to the issuance of new Mechanical Licenses by such publisher-principals. In addition, HFA's publisher-principals, upon notice, shall have the right to exclude any or all of the musical compositions, for which they own or control the right to issue Mechanical Licenses, from the issuance of Mechanical Licenses pursuant to the

25

Licensing Arrangement hereunder, but the provisions of
this paragraph shall not affect the inclusion of the
Class Compositions owned or controlled by those Class
Plaintiffs who do not opt out of the Action from the
operation of the provisions of Paragraph 7 hereinabove
set forth.  In the instances of termination and
exclusion, the Mechanical Licenses issued hereunder prior
thereto would nevertheless remain in full force and
effect, provided, however, that in instances of
termination by a publisher-principal of the agency
relationship with HFA, the royalty payments and
statements under such Mechanical Licenses shall be made
thereafter directly to the terminating publisher-
principal.

12.  Annexed hereto as Exhibit 3 is the form of a
joint press release which is agreed upon by the parties hereto
as the form of press release that will be issued on the date
the Court schedules a hearing for the approval of this
Agreement by the parties with respect to the settlement of the
Action.

13.  All Notices required or desired to be given
hereunder shall be in writing and transmitted via pre-paid
certified mail, return receipt requested:

26

20087530.02

Case 1:05-cv-08136-DC  Document 207-7  Filed 09/01/09  Page 28 of 29

A.   To HFA: At its address first indicated above, directed to the attention of Edward P. Murphy, Chief Executive Officer;

B.   To CompuServe: At its address first indicated above, directed to the attention of Stephen M. Heaton, Secretary and General Counsel;

C.   To a Manager: As indicated in Schedule B;

D.   To Class Plaintiffs: c/o Alan L. Shulman, Silverman & Shulman, P.C., 136 East 57th Street, New York, New York 10022;

E.   Or, in each case (A), (B), (C) and (D), at such other address which may be designated by notice to HFA and CompuServe in the manner above-provided.

14.   The parties agree that the entering into of this Agreement and the provisions and obligations herein shall not be deemed to be, or used in any way as, an admission of any liability or a waiver of any rights or defenses under the Copyright Act on the part of CompuServe, its Managers or Subscribers but shall be admissible to establish an unlicensed use of a musical composition or a breach of any obligations or provisions of this Agreement.

15.   This Agreement sets forth the entire un- derstanding of the parties with respect to the subject matter hereof, may not be altered or amended except in a signed writing and shall be governed and construed by and

27

under the laws of the State of New York applicable to con-
tracts wholly to be performed therein, without reference to
choice-of-law rules and without reference to prior drafts of
this Agreement. No waiver of the performance of any
provisions hereof shall be deemed a continuing waiver of the
performance of such provision or of any other provision
hereof.

IN WITNESS WHEREOF, the parties hereto have ex-
ecuted this Agreement as of the date first above written.

COMPUSERVE INCORPORATED

By:
    Robert J. Massey

FRANK MUSIC CORP.

By:
    John L. Eastman

THE HARRY FOX AGENCY, INC.

By
    Edward P. Murphy

28

20087530.02