UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
THE AUTHORS GUILD, INC., ASSOCIATION
OF AMERICAN PUBLISHERS, INC., et al.,

                Plaintiffs,

    v.

GOOGLE INC.,

                Defendant.
----------------------------------X

No. 05 Civ. 8136 (DC)

## DECLARATION OF ANNIE GUTHRIE ON BEHALF OF ARLO GUTHRIE

I, ANNIE GUTHRIE, declare under penalty of perjury that the following is true and correct:

1. I am a musician and the daughter of Arlo Guthrie and the granddaughter of Woody Guthrie. I also serve as the authorized representative of Arlo Guthrie in all licensing and copyright matters. I submit this Declaration on behalf of my father who is a class member in the above-captioned matter (the "Google Books Settlement") and who objects to the Google Books Settlement for the reasons set forth in the Objections of Arlo Guthrie, Julia Wright, Catherine Ryan Hyde and Eugene Linden to the Proposed Class Settlement Agreement (the "Objections"). I have first-hand knowledge of the matters and facts in this declaration.

2. My father is one of the most prominent folk singers in the United States. He has written over one hundred songs, including his most famous work *Alice's Restaurant* which was inducted into the Grammy Hall of Fame in 2002. In recognition of his achievements in music, my father has been nominated for three Grammys and received an Honorary Doctoral Degree in Music from Westfield State College in 2008. He is also the author of a children's book titled *Mooses Come Walking*. Among other things, my father promotes his work through

Dockets.Justia.com

his own website www.arlo.net, which provides information about his works and links to other websites.

3. The Google Books Settlement implicates songwriters such as my father by scanning, copying, and publishing lyrics, sheet music, and songs contained in books.

4. We believe that the Google Books Settlement is one of the most significant developments in the future exploitation of digital books and lyrics. While there is tremendous potential that can be harnessed through Google Books, including significant exposure and potential revenue from Google's digital exploitation of these works, we believe that there are important considerations and issues that must first be addressed in order to sufficiently protect authors and songwriters. Most significantly, we believe that the Settlement does not provide authors with sufficient control over their works. As a result, we submit the Objections and this supporting Declaration in the hope that the Court may consider the Objections and modify the Settlement accordingly:

a) It is our understanding that under the terms of the Settlement, Google would have a license to use my father's works indefinitely. Given that the market and uses for digital books and lyrics is still in its infancy, we believe it is unfair to force authors to give up such substantial control over their works perpetually. Instead, we strongly believe that the Settlement should allow copyright owners to completely withdraw their works at anytime in the future. In other words, just as Google claims a perpetual license in the works covered by the Settlement, copyright owners should have a perpetual right to remove their works in their entirety.

b) We also have serious concerns about the lack of control we will have over advertisements displayed next to my father's works. We understand that under the terms of the Settlement, absent directing Google to exclude works from advertising uses and in effect turning

2

off the primary benefits of the Settlement of increased exposure and potential revenue from these works, we have no ability to control which ads appear next to these works and ensure that damaging and harmful ads are not displayed next to my father's books and lyrics. Thus, for example, Google could display ads for the army next to my father's antiwar songs as they appear in books.

c) Finally, we have significant objections to Google's "Non-Display Use" of my father's works. The Settlement does not enumerate what would constitute a "Non-Display Use", leaving Google free to exploit my father's works for any number of uses, including its AdWords program. This is particularly disconcerting because authors and songwriters who remain in the class, such as my father, do not have the option of removing their works from all Non-Display Uses. Not only does this represent an unacceptable relinquishment of control, but it is also patently unfair given that Google is not offering to compensate authors and songwriters for these very valuable uses.

Accordingly, for the foregoing reasons, I request that the Court revise the Settlement so that it is fair and equitable to songwriters.

Dated: New York, New York
August ___, 2009

By: _____
Annie Guthrie