UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

THE AUTHORS GUILD, INC., ASSOCIATION :
OF AMERICAN PUBLISHERS, INC., et al., :
:
              Plaintiffs, :
               :   No. 05 Civ. 8136 (DC)
      v. :
:
GOOGLE INC., :
              Defendant. :
:
----------------------------------X

## DECLARATION OF CATHERINE RYAN HYDE

      I, CATHERINE RYAN HYDE, declare under penalty of perjury that the following is true and correct:

      1.     I am an author of mainstream and young adult fiction and a class member in the above-captioned matter (the "Google Books Settlement"). I object to the Google Books Settlement for the reasons set forth in the Objections of Arlo Guthrie, Julia Wright, Catherine Ryan Hyde and Eugene Linden to the Proposed Class Settlement Agreement (the "Objections").

      2.     I have authored fifteen published novels, over fifty short stories, and several forwards and essays that have been incorporated into books. Several of my short stories have been honored in the Raymond Carver Short Story Contest and have been nominated for Best American Short Stories, The Pen/O'Henry Prize Stories, and The Pushcart Prize. Among other things, I promote my work through my own website www.cryanhyde.com, which provides information about my work and links to websites where readers may purchase my books.

      3.     I am perhaps best known for my novel *Pay It Forward*, which has been translated into twenty languages, published in over thirty countries, and chosen among the Best Books for Young Adults by the American Library Association. In 2000, *Pay It Forward* was

adapted and released as a major Hollywood movie. The film adaption of another one of my novels, *Electric God*, is currently in development.

4. I believe that the proposed Google Books Settlement has the potential to ultimately help authors by providing them with additional exposure, and perhaps additional sources of revenue, for their works. The Settlement as it currently stands has a number of critical flaws, however, that make it fundamentally unfair to authors in my position. Because I lack the resources to take on a company as powerful as Google, I have decided to remain a class member and submit the Objections and this supporting Declaration in the hope that the Court may consider the Objections and modify the Settlement accordingly:

a) I have reviewed both the Notice of Settlement and the actual Settlement Agreement and have found both to be extraordinarily difficult to understand. I am, for example, still unclear about exactly how I will be compensated for a wide range of uses of my works, how works are classified, how the Books Right Registry will operate, and what "Non-Display Uses" Google intends to harness from my works.

b) The Settlement requires authors to use the Google Books Database in order to claim their works and gain some control over Google's exploitation of those works. Unfortunately, I have found the Database to be remarkably burdensome, time-consuming, and frustrating. Because I, like many authors, do not have a comprehensive list of all of my works, it would take weeks just to identify my works and to claim them in the Database. Given the fact that I never granted rights to Google to scan my works in the first instance, it seems unfair that I should have to take such time-consuming and difficult steps in order to "re-claim" some control of works over which I have otherwise always had full control.

c) Taking the time and effort to reclaim these works seems like a fruitless exercise given all the inaccuracies in the Database. Indeed, counsel for the named class plaintiffs

recently confirmed to me by telephone what I already knew from own experience – the Database is unacceptably flawed and riddled with errors. When I first searched the database, I identified all of my works that I could find and claimed them as instructed in the Notice. A week later, when I went back to the Database, I discovered nine additional works that appeared unclaimed. When I finished claiming these additional works, the Database showed that my total number of claimed works had only increased by five. Similarly, over the past few months I have found anywhere from forty-two to sixty-nine of my works listed in the Database, with little decipherable information about how these works have been categorized. And the entries that do appear are full of inaccuracies. For example, the Database listed my name as the author of the *Pay it Forward* screenplay when in fact I did not write it. The Database is also completely unworkable as to inserts. Despite the fact that I have published over fifty short stories, I discovered only one insert while searching the Database. Even more troubling, the Database could not provide me with any information that would help me to identify that insert. Given these problems with the Google Books Database, it is very difficult for me to assess how much money I would receive under the Settlement either for Google's unlawful copying or its future uses of my works.

    d)  The Settlement does not fairly compensate me for my inserts. As I understand it, under the terms of the Settlement, Google is only offering $15 for every insert it previously impermissibly scanned and copied and only approximately $50 for entire inserts or $25 for partial inserts for certain future uses. In light of the fact that I may be paid as much as $1,500 for the inclusion of one of my short stories in another work, this amount for past infringement and future use of my works is simply unfair.

    e)  The Settlement also provides me with no mechanism to obtain any revenue from the advertising that will be displayed alongside my inserts. And while the authors

of the works that include my inserts have the right to exclude their works from any one of display uses, revenue models, or annotation features, I do not have these same rights with regards to my inserts.

f) It is also unfair and inappropriate that the Settlement forces me to waive any and all trademark and all other potential claims that I may have against Google, even though this lawsuit was all about copyright infringement. Like many other authors, I have important trademark rights in connection with some of my works. For example, the name of my book *Pay It Forward* is used by the Pay It Forward Foundation, a non-profit organization that I created to provide grants to schools, churches, and community groups for projects that provide learning opportunities for young adults. To absolve Google of any liability for trademark infringement would essentially grant them a license to use a trademark that I have worked very hard to associate exclusively with the important work of my Foundation.

g) While I searched through the Agreement for ways to control the types of advertising that would appear alongside my works, the Settlement does not provide authors who want their works displayed any such control. As a result, unless I effectively take my works out altogether, Google would be free to place unsavory and objectionable advertising next to my works such as *Pay It Forward* which, for example, could have devastating consequences to the reputation of the Foundation.

h) The perpetual and irrevocable license the Settlement grants Google to use my works is unfair, particularly in a market that I am certain will be extremely valuable but that is in its infancy with regard to both how books will be exploited and used and how authors will be compensated for these uses. At the same time, the Agreement appears to grant Google an unfettered right to make "Non Display Uses" of my works and no right whatsoever for me to control or manage those uses. It is grossly unfair to force authors to give up this right to future

4

digital uses that have not even been created and that Google has no obligation ever to disclose to authors.

Accordingly, for the foregoing reasons, I request that the Court revise the Settlement so that it is fair and equitable to all authors.

Dated: New York, New York
      August ___, 2009

By: _____
     Catherine Ryan Hyde