UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE AUTHORS GUILD, INC., ASSOCIATION
OF AMERICAN PUBLISHERS, INC., et al.,

                    Plaintiffs,

                v.

GOOGLE INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

No. 05 Civ. 8136 (DC)

## DECLARATION OF EUGENE LINDEN

I, EUGENE LINDEN, declare under penalty of perjury that the following is true and correct:

    1.    I am an author of non-fiction works and a class member in the above-captioned matter (the "Google Books Settlement"). I object to the Google Books Settlement for the reasons set forth in the Objections of Arlo Guthrie, Julia Wright, Catherine Ryan Hyde and Eugene Linden to the Proposed Class Settlement Agreement (the "Objections").

    2.    I have authored ten books and hundreds of articles and essays about science, technology, the environment, and humanity's relationship with nature. My works have garnered numerous awards including most recently the 2007 Grantham Prize's Special Award of Merit. Among other things, I promote my work through my own website www.eugenelinden.com, which provides information about my work and links to websites where readers may purchase my books.

    3.    I believe that the proposed Google Books Settlement has the potential to significantly benefit authors financially by digitizing and providing exposure to lesser known works. While I do not agree with those critics who believe that any settlement with Google

Dockets.Justia.com

should not be approved, I am deeply concerned that the Settlement in its current form is very confusing and contains significant problems that need to be addressed. I submit the Objections and this supporting Declaration in the hope that the Court may consider the Objections and modify the Settlement accordingly:

a) It is my understanding that the Settlement will effectively grant Google an irrevocable and perpetual future digital license to my works. Given the fluidity of the digital book market, and the unprecedented nature of this Settlement, this is unfair to authors whose works are subject to this Settlement. I believe that the Settlement should have a "sunset clause" whereby authors are given the option to terminate or re-negotiate this license to Google after a certain date, perhaps sometime in 2014.

b) The Agreement also now forces authors to cede too much control to Google. For example, the Settlement provides authors who want to display their works no mechanism to control the type of advertising that would be displayed alongside those works. This is unacceptable. Authors should have a "right of first refusal" as to the various uses of their works.

c) This lack of author control is particularly unfair given that the Settlement does not provide sufficient information as to what Google considers to be acceptable "Non-Display Uses" of my works. I am particularly concerned about issues relating to privacy and Google's ability, under this Settlement, to use my works in order to monitor and exploit the reading habits of my readers. The Agreement as drafted provides no protection against such abuse.

d) I do not believe that the Google Books Settlement adequately compensates me for my inserts, which are numerous and valuable. On occasion I have received over $1,000 for the inclusion of one my inserts in another author's work. This is a far cry from the $15 the

2

Settlement will pay me for inserts that were impermissibly scanned and the $25 to $50 that the Settlement provides for future uses of my inserts. I believe that Google should be required to pay authors such as myself a fair price for copying and/or using their inserts that more closely reflects the actual value of the work.

e) Based on my experience accessing and attempting to use it, the Google Books Database is remarkably cumbersome and inaccurate, and needs to be fixed in order to provide a meaningful foundation for authors to enter into, monitor, and manage their works under the Agreement. In particular, the process of claiming inserts is virtually impossible. Because I do not have a comprehensive list of all my inserts, it would take me days just to determine what I have published over a writing career spanning over thirty-seven years and then to try and navigate this terrible Database. I have also found that the Database is plagued with errors, including incorrect identification of the publisher of my works. I am utterly baffled that Google – the world's most user-friendly search engine – is unable to create a Database that is readily accessible and accurate.

Accordingly, for the foregoing reasons, I request that the Court revise the Settlement so that it is fair and equitable to authors.

Dated: New York, New York
September 1, 2009

By: _____
Eugene Linden

3