# Kasowitz, Benson, Torres & Friedman LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

DANIEL J. FETTERMAN
212-506-1934
DFETTERMAN@KASOWITZ.COM

ATLANTA
HOUSTON
NEWARK
SAN FRANCISCO

September 1, 2009



BY HAND DELIVERY
The Honorable Denny Chin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re: The Authors Guild et al. v. Google, Inc. Case No. 1:05 cv 8136 (S.D.N.Y.)**

Dear Judge Chin:

Consumer Watchdog respectfully requests permission to file an amicus curiae brief, and to appear at the hearing, to address certain antitrust and copyright concerns with the proposed settlement agreement in this proceeding. The brief, in support of neither party, will be no longer than 40 pages, and will be filed by September 4, 2009.

The Author's Guild et al v. Google Inc.                                    Doc. 216

Established in 1985, Consumer Watchdog is a nationally recognized non-partisan, non-profit organization representing the interests of taxpayers and consumers. Its mission is to provide an effective voice for taxpayers and consumers. Consumer Watchdog's programs include health care reform, oversight of insurance rates, energy policy, protecting legal rights, corporate reform, and political accountability. With no financial interest in the outcome of the litigation, and no bias, except for the public interest, Consumer Watchdog will provide a credible and independent voice as a friend of the Court.

If granted permission to file, Consumer Watchdog intends to address compelling public policy and legal issues concerning why the settlement is not in the public interest and should not be approved. In particular, the proposed Settlement Agreement invites the Court to overstep its legal jurisdiction, to the detriment of absent class members and the public. It goes far beyond any attempt to merely resolve the original dispute between the parties, and instead purports to "breathe new life" into book sales. Instead, the proposed settlement uses the class-action mechanism to enroll millions of absent class members, domestic and foreign, into a new business venture with Google. In the process, it rewrites copyright law—a role rightly left to Congress by the U.S. Constitution—for the exclusive and anti-competitive benefit of Google. If the settlement were approved, it

would (a) conflict with existing copyright law, (b) violate an international copyright agreement, to which the United States is a signatory, and (c) give Google a default monopoly to books for which the Rightsholders cannot be located, resulting in unfair competitive advantages to Google in the markets of book search engines and electronic book sales.  In any event, such an overbroad settlement cannot be considered "fair, reasonable, and adequate."

The parties are likely unable, or unwilling, to bring these aspects of the settlement to the Court's attention, and accordingly Consumer Watchdog's amicus brief will be of assistance to the Court.

Respectfully yours,

Daniel Fetterman
*Counsel for Consumer Watchdog*

cc:     by e-mail (unless otherwise indicated)
        J. Kate Reznick (by U.S. mail only)
        Laura Helen Gundersheim
        Michael J. Boni
        Sanford P. Dumain
        Bruce P. Keller
        Hadley Perkins Roeltgen (by U.S. mail only)
        Joanne E. Zack
        Ronald Lee Raider
        Adam Howard Charnes
        Alex Seth Fonoroff
        Daralyn Jeannine Durie
        Jeffrey A. Conciatori
        Joseph M. Beck
        Joseph C. Gratz
        Nathan Z. Dershowitz
        David Nimmer
        Cindy A. Cohn  (by U.S. mail only)
        Joseph Solomon Hall
        Daniel Joseph Kornstein
        James Taylor Lewis Grimmelmann
        Mikaela Ann McDermott
        Matthew Christian Schrurers (by U.S. mail only)

This application is GRANTED, but in light of the volume of materials being submitted to the Court, I would suggest that a 25-page brief would be more effective than a 40-page brief. As for permission to speak at the hearing, the Court will address this question in a future order. We need to see how many requests there are to speak.

SO ORDERED.

DPJ  9/2/09