Yasuhiro Saito, Esq.
Rose Auslander, Esq.
Pamela Shelinsky, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
(212) 732-3200
*Attorneys for Members of the Japan P.E.N. Club, Takashi Atouda, Susumu Nakanishi, Akiko Shimojyu, Jiro Asada, Takeaki Hori, Yuko Matsumoto, Chihaya Takahashi, Shinobu Yoshioka, Kenta Yamada, Tomotsuyo Aizawa, Yu Ohara, Yasumasa Kiyohara, Takashi Tsujii, Akira Nogami, Hiroyuki Shinoda, Toshihiko Yuasa, Koichi Kato, Masahiko Motoki, Hidehiko Nakanishi, Yashio Uemura, Nobuo Uda, and Tsukasa Yoshida
Members of Proposed Author Sub-Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

The Authors Guild, Inc., et al.,

      Plaintiffs,

   v.

Google, Inc.,

      Defendant.

--------------------------------------------------------------- x

Case No. 05 CV 8136 (DC)

## DECLARATION OF JIRO MAKINO
## PURSUANT TO 28 U.S.C. § 1746
## IN SUPPORT OF THE JAPAN P.E.N. CLUB MEMBERS'
## OBJECTION TO THE SETTLEMENT AGREEMENT

   I, Jiro Makino, make the following declaration under the penalties of perjury under the laws of the United States of America:

   1.  I am an attorney licensed in Japan and a partner at Makino Sogo Law Offices, a law firm in Tokyo, Japan. I make this declaration in support of the objection by the named members of the Japan P.E.N. Club to the proposed settlement agreement entered into by the

6502330_1.DOC

named parties in the above referenced action. I make this declaration based on my personal, professional knowledge and on a review of relevant documents.

**Japan's Copyright Law**

2. Japan's copyright law takes the continental, civil-law approach, in contrast to the Anglo-American, common-law approach taken in the United States.

3. Japan does not recognize the doctrine of "fair use."

4. Japan's copyright law prohibits scanning of copyrighted materials without prior authorization. While there are exceptions to this rule, these exceptions are few and clearly defined, and would not apply to the actions of Google in these circumstances. (Copyright Law of Japan, Articles 30 paragraph 1 (private use), Article 31 items 2 and 3 (preservation and provision in necessity at library), Article 35 paragraph 1 (school and educational institution's use), Article 37 (reproduction in Braille) and Article 42 (use for judicial proceedings)).

5. Google's conduct -- both the scanning and the internet-posting -- would have been considered a clear copyright violation under Japan's copyright law. (Copyright Law, Articles 21 and 23.)

6. Indeed, because of the strictness of Japan's copyright law, the National Diet Library (Japan's Library of Congress) has to contact and obtain permission from each author of books in its possession in order to scan them, until Japanese government's amendment to the law carving out an exception specifically for the National Diet Library to scan books in its possession for the limited purposes of preserving its collection takes effect in January 2010.

7. Copyright infringement is criminally punishable in Japan. (Copyright Law, Article 119).

6502330.1

6502330_1.DOC

## Class Action Not Allowed in Japan

8. Like most other countries outside of the United States, Japan does not allow class action lawsuits.

6502330.1

Makino Declaration.DOC

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 4, 2009.

牧野 二郎
_____
Jiro Makino

6501210.1