UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| The Authors Guild, Inc., *et al*., | ) | Case No.:  05 CV 8136-DC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **OBJECTION OF CANADIAN STANDARDS** |
| v. | ) | **ASSOCIATION TO PROPOSED** |
| | ) | **SETTLEMENT** |
| Google, Inc., | ) | |
| | ) | |
| Defendant. | ) | ***Filed Electronically*** |
| | ) | |

## INTRODUCTION

Canadian Standards Association ("CSA") objects to the proposed settlement of this action.  CSA publishes and claims copyright in thousands of standards that benefit the public by, among other things, reducing the risk of damage to persons and property.  These standards specify, without limitation, product design requirements, test methods and classifications, including recommended practices intended to reduce the risk of personal injury due to electrical shock or fire, recommended minimum standards for structural integrity in bridges, houses, office towers, and other physical structures, and recommended standards to facilitate the smooth running of the built environment, including, without limitation, the interconnection of various electrical and mechanical systems.  CSA is a member of the class by virtue of its ownership of its many international copyrights, including U.S. publications for which copyrights have been duly registered with the Copyright Office.

The settlement agreement proposed by the parties to this case dated October 28, 2008 (the "Proposed Settlement") should not be approved.  Apart from the fact that the Proposed Settlement is anticompetitive, arguably violates antitrust laws, and improperly uses the class

action mechanism of Rule 23 of the Federal Rules of Civil Procedure to force a perpetual business deal upon class members for future uses of copyrighted works in ways that go well beyond the facts that gave rise to this lawsuit in the first place,[1] it also contains no language enjoining Google, Inc. ("Google") from Digitizing Books[2] published after January 5, 2009.

## **FACTUAL BACKGROUND**

CSA is an independent, not-for-profit membership association that was incorporated on January 21, 1919 under Canadian law. CSA consists of three divisions: (1) CSA Standards, a leading standards-based solutions organization, providing standards development, application products, and training and advisory services; (2) CSA International, which provides testing and certification services for electrical, mechanical, plumbing, gas and a variety of other products; and (3) OnSpeX, a provider of consumer product evaluation, inspection and advisory services for retailers and manufacturers. CSA also includes CSA America, Inc., based in Cleveland, Ohio.

CSA's "Standards" division is dedicated to the development and publication of consensus standards and codes that enhance public safety, improve quality of life, help preserve the environment, and facilitate trade. Over 9,000 members contribute time and experience to CSA's standard development committees. The committee process uses a balanced matrix approach so as to capitalize on combined strengths and expertise of members with no single group dominating. Most CSA standard development committees consist of representatives from government, consumer groups, and industry. Some standards are developed upon request of government or other bodies for a prescribed purpose.

---

[1] These arguments have been amply briefed in other objections filed in this case. *See, e.g.,* Objection of Amazon, Inc. to Proposed Settlement and Objection of Scott E. Gant to Proposed Settlement, and to Certification of the Proposed Settlement of Class and Sub-Classes.

[2] Capitalized terms not otherwise defined herein will have the meanings ascribed to them in the Proposed Settlement.

Prior to January 5, 2009, CSA duly submitted to the United States Copyright Office applications, deposit materials, and fees to register numerous Books comprised of standards, including, among others, *American national standard/CSA standard for domestic gas conversion burners: ANSI Z21.17-1998, CSA 2.7-M98* (TX0004917801); *American national standard/CSA standard for vented gas-fired space heating appliances* (TX0004880679); *American National standard/CSA standard for gas water heaters: vol. 1, storage water heaters with inout ratings of 75,000 Btu per hour or less: ANSI Z21.10.1-1998, CSA 4.1-M98* (TX0004880680); and *American national standard/Canadian Gas Association standard for connectors for gas appliances: ANSI Z21.24-1997, CGA 6.10-M97* (TX0004880684).

In the interest of brevity, the facts of this case will not be recited in full detail here. In summary, Google announced its project to scan books in October 2004 and, according to published reports, the project had two components. The first component was the "Partner Program" (which has never been challenged in this case). The second component concerned a series of digitization agreements that Google entered into with certain public and university libraries[3] (without seeking or obtaining permission from the subject copyright owners) "to reproduce and retain for its own commercial use a digital copy of the libraries' archives."[4] The plaintiffs sued Google for copyright infringement

Google principally defended by asserting that such copying under the circumstances was fair under 17 U.S.C. § 107. However, instead of litigating the fair use issue, the parties issued the Proposed Settlement, though most of the proposed agreement goes well beyond addressing Google's past conduct. Instead, the Proposed Settlement lays out a complex business relationship that gives Google the right to, among other things, sell electronic subscriptions and

---

[3] The Authors Guild, Inc., et al.'s Second Amended Complaint ¶¶ 4, 47.

[4] *Id.* ¶ 4.

online access to the Books.[5]  Under the Proposed Settlement, copyright owners who choose to sign up with Google will participate in a revenue sharing arrangement, including sharing in revenue for works of copyright holders who either cannot be found or do not sign up.[6]

The Proposed Settlement covers Books only if they were published on or before January 5, 2009.[7]  If copyright holders do not opt out, they are "in" the Proposed Settlement, and have the following options:  (1) on or before January 5, 2010, they can claim their Books (and Inserts) and any payments for any of their Books (and Inserts) that Google Digitized on or before May 5, 2009; (2) on or before April 5, 2011, they can request Google to Remove one or more of their Books if they have already been Digitized or request Google not to Digitize a Book at all (but after April 5, 2011, Google will only honor "do not Digitize" requests if Google has, as of the date of that request, not already Digitized the Book); or (3) they can request instead that their Books be excluded by Google (with exclusion, copyright owners can manage which Display Uses they wish Google to make of their Books, and change these elections over time (although the Book will not be deleted from all servers by Google or the Participating Libraries as in the case of Removal)).[8]

---

5  Proposed Settlement ¶¶ 4.1, 4.2.

6  *Id.* ¶ 6.3.

7  *See* Settlement Website, FAQs, FAQ 4 ("The class consists of all persons and entities that, as of January 5, 2009, own a U.S. copyright interest in one or more Books or Inserts that are 'implicated by a use' authorized by the Settlement.").

8  *See generally* Settlement Website, FAQs (and, in particular, FAQs 16, 31, and 44); Proposed Settlement ¶ 3.5.

## <u>SPECIFIC OBJECTION OF CSA</u>

The Proposed Settlement is glaringly deficient because it conspicuously turns a blind eye to works published after January 5, 2009.[9]   In other words, if unchanged, the Proposed Settlement is destined to be most notable for what it did not accomplish or even attempt to accomplish, *i.e.*, at the end of the day, Google never promises that it will not Digitize works published after January 5, 2009.   Thus, unless restrained by this Court, it is overwhelmingly likely that Google will Digitize such works, forcing a new class (containing many members of the present class, including, without limitation, CSA) to needlessly litigate these same issues again at great expense.   Further, Google will likely continue its practice of "copy first, settle later" and, after its monopoly power is firmly entrenched through this action, will likely attempt to leverage an even better deal for itself at copyright holders' expense next time.   Therefore, the Proposed Settlement must be rejected.

---

[9]  *See* Note 7, *supra*.

## CONCLUSION

CSA respectfully asks the Court not to approve the Proposed Settlement.  Among other reasons for rejecting this settlement, the Proposed Settlement does not address Books published after January 5, 2009, making a wasteful recapitulation of this action among the very same litigants, including, without limitation, CSA, a foregone conclusion.

Date:  September 8, 2009

Respectfully submitted,

/s/ Kristin H. Neuman_____

**PROSKAUER ROSE LLP**
Kristin H. Neuman (KN-2122)
1585 Broadway
New York, New York 10036-8299
(212) 969-3385
kneuman@proskauer.com

- and -

**BENESCH, FRIEDLANDER,**
 **COPLAN & ARONOFF LLP**
Mark E. Avsec (Ohio Bar Reg. No. 0064472)
(*pro hac vice to be submitted*)
200 Public Square, Suite 2300
Cleveland, Ohio  44114-2378
Telephone:   (216) 363-4500
mavsec@beneschlaw.com

*Attorneys for Canadian Standards Association*

## CERTIFICATE OF SERVICE

I, Kristin H. Neuman, hereby certify that on this 8th day of September 2009, I caused to be served by electronic notification through the CM/ECF system a copy of the foregoing Objection of Canadian Standards Association to Proposed Settlement on the following individuals:

Michael J. Boni, Esq.
Joanne Zack, Esq.
Joshua Snyder, Esq.
Boni & Zack LLC
15 St. Asaphs Road
Bala Cynwyd, PA  19004
bookclaims@bonizack.com

*Counsel for the Author Sub-Class*

Jeffrey P. Cunard, Esq.
Bruce P. Keller, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY  10022
bookclaims@debevoise.com

*Counsel for the Publisher Sub-Class*

Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.
Durie Tangri LLP
332 Pine Street, Suite 200
San Francisco, CA  94104
bookclaims@durietangri.com

*Counsel for Google Inc.*

/s/ Kristin H. Neuman