# Exhibit E



# Department of Justice

FOR IMMEDIATE RELEASE                                                           AT
MONDAY, SEPTEMBER 5, 2000                                              (202) 514-2007
WWW.USDOJ.GOV                                                          TDD (202) 514-1888

## JUSTICE DEPARTMENT ANNOUNCES AGREEMENT TO MODIFY ASCAP CONSENT DECREE

**Changes Would Promote Competition in Performance Rights Licensing**

WASHINGTON, D.C. -- The Department of Justice and the American Society of Composers, Authors and Publishers (ASCAP) today reached an agreement to modify a consent decree that requires ASCAP to provide performance rights licenses to music users upon request and to distribute license fees to its members.

The proposed modifications were filed today in U.S. District Court in White Plains, New York. If approved by the court, the new decree would promote increased competition in music licensing, update the procedures for settling license fee disputes, and eliminate certain costly and outdated provisions of the original decree.

ASCAP is a performing rights society, headquartered in New York, N.Y., that licenses and collects fees for the use of music written or published by its members. ASCAP currently licenses approximately 50 percent of all musical performances in the United States.

The original consent decree was entered in 1941 to resolve an antitrust case brought by the Department's Antitrust Division charging that ASCAP and certain members of ASCAP agreed to restrict competition in the licensing of performance rights, and discriminated against certain members in managing those rights. The decree, which has been amended several times,

- 2 -

most notably in 1950, imposes a variety of restrictions and obligations on ASCAP related to the collective licensing of its members' works, as well as its relationship with its members.

Given the dramatic changes in the music industry over the past half century, the Department and ASCAP concluded these changes are necessary to improve competition in music licensing. Specifically, the modifications would:

- expand and clarify ASCAP's obligation to offer certain types of music users, including background music providers and Internet companies, a genuine alternative to a blanket license;
- eliminate many of the detailed restrictions governing ASCAP's relationships with its members;
- ensure that ASCAP members can switch to another performing rights organization without being penalized; and
- streamline license fee determination proceedings.

"The proposed modifications should increase competition in the licensing of music performance rights, reduce unnecessary administrative burdens, and improve music users' ability to resolve rate disputes with ASCAP," said Joel I. Klein, Assistant Attorney General of the Department's Antitrust Division.

In addition to the modifications, the Department has asked the Court to consolidate the 1941 case with a second case, filed in 1947, relating to ASCAP's relationships with certain foreign performance rights organizations. If the court approves, the final judgment entered in that case would be vacated, and its substantive provisions would be incorporated into the modified final judgment.

The agreed upon modifications resulted from extensive negotiations between ASCAP and the Department's Antitrust Division. The Department has been conducting a review of the music performance rights industry, including the ASCAP decree and a similar decree involving Broadcast Music Inc. (BMI). That review is continuing.

- 3 -

The Department requested that the Court not implement the proposed modifications until after the conclusion of the 60-day public comment period. The Department is free to revoke its consent to the changes at any time prior to entry by the Court of the modified decree.

A notice of the proposed modifications to the consent decree will be published in the Federal Register, together with a memorandum describing the proposed changes. Any person may submit written comments to James Wade, Chief, Civil Task Force, Antitrust Division, U.S. Department of Justice, 325 7th Street, N.W., Room 300, Washington, D.C. 20530, during a 60-day comment period. After conclusion of the period for public comment, the U.S. will file with the Court copies of any comments that are received, together with its response to those comments.

###

00-517