# Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

The Authors Guild, Inc., *et al.*,

        Plaintiffs,

v.

Google Inc.,

        Defendant.

---

Case No. 05 CV 8136 JES

## BLOOM OBJECTORS' DISCOVERY REQUESTS
## TO THE REPRESENTATIVES OF THE AUTHORS' SUB-CLASS

Putative class members Harold Bloom, et al. (the "Bloom Objectors") serve the following discovery requests on the putative class representatives of the Authors' sub-class.

### DEFINITIONS

1. "All" means all or any, and "any" means all or any.

2. "And" or "or" shall be construed either conjunctively or disjunctively to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

3. "Include" or "including" denotes a portion of a larger whole and is used without limitation.

4. "Concerning" or "concerns" means relating to, referring to, consisting of, reflecting, discussing, constituting, describing, analyzing, studying, evidencing, incorporating, or in any way pertaining to or having any logical or factual connection to any matters referenced.

5. "Relating to" means in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

6.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within the possession, custody, or control of the attorneys' or class representatives for the putative plaintiffs' class, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; interoffice communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm; microfiche; tape, disk, or diskette recordings; computer records, and computer printouts. "Document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers (any such document is to be produced in a reasonably legible and usable form). The term "Document" also includes the original document (or an identical copy thereof if the original is not available) and all copies that differ in any respect from the original as a result of any notation, symbol, number, lettering, underlining, marking, or other information appearing thereon, or attachments thereto.

## INSTRUCTIONS

1.      The singular includes the plural and vice versa, and a verb tense includes all other tenses where the clear meaning is not distorted by the addition of another tense or tenses.

2.      The past tense form shall be construed to include the present tense, and vice versa, whenever such a dual construction will serve to bring within the scope of a production category any documents or information that would otherwise not be within its scope.

3.      Each request for admission seeks a written answer admitting or denying the truth thereof.

4.  If a request for admission is denied in whole or in part, it shall be specifically denied, and the denial shall fairly meet the substance of the requested admission.

5.  If an interrogatory cannot be answered in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible, specifying any inability to answer the remainder of any such interrogatory, and stating whatever information or knowledge is presently available to you concerning the unanswered portion of said interrogatory.

6.  With respect to each request for admission and interrogatory, identify the person or persons from whom information was obtained on which such answer or part thereof was based.

7.  In response to a document request, produce each tangible thing that is in your possession, custody, or control, or that is in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting or purporting to act on your behalf, and any other persons or entities in active concert and participation with you, whether past or present and without regard to whether their relationship with you currently exists or has been terminated.

8.  With regard to any documents that are in existence but are not physically in the possession or custody of you or your attorney, but which are in your control, you are requested to execute authorizations to allow the Bloom Objectors to obtain and examine copies of those documents.

9.  Paper documents should be produced in electronic format. With the exception of spreadsheets, which should be produced in their native format, electronic documents, including all attachments to such documents, should be produced in the same format as paper documents

although Bloom Objectors reserve the right to make reasonable requests for the production of electronic documents in native format.

10. To the extent that you consider any request objectionable, answer or produce documents with respect to that part of the request that is not objectionable in your view and separately state that part of the request as to which you raise objection and each ground for each such objection.

11. The request shall be deemed to be continuing so as to require prompt supplemental production, if additional documents called for herein are obtained or discovered between the time of responding to these requests and the final disposition of this action.

## REQUESTS FOR ADMISSION

1. Admit that an author published by a foreign publisher is not eligible to become a member of the Authors Guild. *See* http://www.authorsguild.org/join/eligibility.html

2. Admit that literary agents are eligible only for a non-voting membership in the Authors Guild. *See* http://www.authorsguild.org/join/eligibility.html

3. Admit that the Authors Guild has less than eight thousand (8,000) members who are authors.

4. Admit that an author must be published by an established American publisher to become eligible for membership in the Authors Guild. *See* http://www.authorsguild.org/join/eligibility.html

5. Admit that the Authors Guild does not purport to act as an agent for its author members in the normal course of business.

6. Admit that the Authors Guild does not negotiate individual contracts on behalf of its author members. *See* http://www.authorsguild.org/services/legal_services/contract_reviews.html.

7. Admit that the Authors Guild recommends that its author members "insist on at least a bi-annual accounting" and "include an audit clause" in their contracts with publishers. *See* http://www.authorsguild.org/services/legal_services/books.html.

8. Admit that the Authors Guild did not make or commission any study, estimate or projection of the ongoing annual costs and expenses necessary for the Book Rights Registry to operate as envisioned in the Proposed Settlement prior to agreeing to the Proposed Settlement.

9. Admit that the Authors Guild did not make or commission any study or valuation of the $60, $15, or $5 cash payments to be paid to Rightsholders pursuant to Section 2.1(b) of the Proposed Settlement to determine whether those amounts were fair, reasonable, and adequate compensation paid for the alleged infringement caused by Google's digitization activities.

## INTERROGATORIES

1. If your response to any of the foregoing requests for admission is anything other than "Admitted," separately and with reference to the paragraph number of the request for admission, state in detail the basis for your response and identify all documents relating to the basis for your response.

2. Identify and describe all estimates related to the ongoing annual costs and expenses of the Book Rights Registry that you considered and/or relied on in connection with negotiation the Proposed Settlement.

3. Identify, explain, and describe any and all studies, valuations or calculations performed by Google Inc., putative class representatives, and/or anyone acting on their behalf that you considered or relied on in connection with negotiating the Proposed Settlement

5

payments to Rightsholders in Section 2.1(b) ($60 per Work; $15 per Entire Insert; $5 per Partial Insert).

## DOCUMENT REQUESTS

1. Produce all documents relating to, supporting, or referenced in your responses to the above interrogatories.

2. Produce all documents constituting, describing, or relating to the time, fees, and expenses incurred as a result of the representation of the putative class.

3. Produce the Supplemental Agreement Regarding Right to Terminate referenced in Article XVI of the Proposed Settlement, including all documents related to, supporting, or referenced therein.

Respectfully submitted,

*/s/ Michael J. Guzman*
Michael J. Guzman
Kellogg, Huber, Hansen, Todd,
  Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
Tel: (202) 326-7900
Fax: (202) 326-7999
mguzman@khhte.com

September 8, 2009        *Counsel for Harold Bloom, et al.*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 8, 2009. Any other counsel of record will be served via electronic and first class mail.

*/s/ Michael J. Guzman*
Michael J. Guzman
Kellogg, Huber, Hansen, Todd,
  Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
Tel: (202) 326-7900
Fax: (202) 326-7999
mguzman@khhte.com

*Counsel for Harold Bloom, et al.*