# Exhibit G

# BLOOM OBJECTORS PROPOSED AMENDMENTS
# TO THE SETTLEMENT AGREEMENT

The Bloom Objectors have compiled the following list of proposed amendments to the Settlement Agreement to illustrate in practical fashion the impact of their objections.

**Objection**: The Settlement is an overbroad and forward-looking commercial arrangement that undercuts and dramatically changes default copyright law and existing contracts. The Settlement also inappropriately exceeds the scope of the second amended complaint.

**Proposal**: The Settlement should be confined to an appropriate payment to class members for the alleged infringement arising from Google's digitization of copyrighted works. The class will accordingly release Google and participating libraries only from claims for infringement based on digitization activities prior to January 5, 2009. The Settlement shall confer no rights on Google to use copyrighted works for any commercial purpose, absent individual rightsholder permission. Google can obtain this permission by creating an online menu of options that rightsholders can opt into and thereby allow Google to make display and non-display uses of the digitized works on an individualized basis. In addition to the menu of potential display and non-display uses, core terms of use should include: (i) an appropriately detailed, individualized accounting of revenues generated from use of each work and (ii) class member privacy protections.

**Objection**: The Settlement confers monopoly power on Google.

**Proposal**: Google shall be required to share its scans of orphan works with potential competitors for a fee designed to allow Google to recover an appropriate portion of its scanning costs. The most favored clause, section 3.8(a), shall be stricken.

**Objection**: The Settlement confers monopoly power on the Registry; the Registry is not sufficiently accountable to the class.

**Proposal**: The Settlement shall not create a Registry. A settlement administrator shall disburse the cash infringement payments. Disputes among rightsholders regarding those payments shall be adjudicated pursuant to the underlying contracts and/or applicable law.

To the extent that Google would like a separate entity to help with royalty distribution functions, Google may contract with existing entities that perform this function such as the Authors Registry, a not-for-profit clearinghouse founded in 1995 by a consortium of U.S. authors' organizations, or the Author's Coalition of America LLC, an association of 20 author's organizations that collectively represent more than 120,000 members. The fact of any such agreements and associated costs shall be clearly stated in Google's menu of offerings to the class.

**Objection:** Conflicts exist within the Author Sub-Class.

**Proposal:** The Court should create an orphan-works sub-class and appoint counsel to represent it.