SOFTWARE FREEDOM LAW CENTER, INC.
Aaron K. Williamson (AW1337)
1995 Broadway, 17th Floor
New York, NY 10023-5882
Tel.: 212-580-0800
Fax.: 212-580-0898

Counsel for Objectors Free Software Foundation, Inc.
and Karl Fogel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---x

The Authors Guild, Inc., *et al.*,

              Plaintiffs,

-against-

Google, Inc.

              Defendant.

---x

Civil Action No. 05 CV 8136-DC

**OBJECTION OF FREE SOFTWARE FOUNDATION, INC. AND KARL FOGEL TO PROPOSED SETTLEMENT**

*Filed Electronically*

## OBJECTION

We are writing on behalf of our client, the Free Software Foundation (FSF), which is a part of the proposed Author Sub-Class. The FSF is a Massachusetts non-profit that is recognized as a tax exempt entity under 501(c)(3). As part of the FSF's mission to promote computer user freedom and to defend the rights of all free software users, it publishes books and other materials to promote education about Free Software. All of the copyrighted materials published by the FSF, including the books that it writes, are distributed under Free licenses. The FSF is joined in its objection by Karl Fogel, also a member of the Author Sub-Class.

The purpose of the GNU Free Documentation License (the FDL), the license under which the FSF publishes its books, is "to make a manual, textbook, or other functional and useful document

1

'free' in the sense of freedom: to assure everyone the effective freedom to copy and redistribute it, with or without modifying it, either commercially or non-commercially." The goal of using and promulgating a Free license for books is to promote freedom and education. Use of the FDL ensures that the material continues to be shared and used freely, without regard for establishing a revenue structure and without permitting any party exclusive use of the material. Several of the books that the FSF has published under the FDL have been digitized by Google.

The FDL permits copying and distribution of works provided that a few simple requirements are met, including that the license text and notice are reproduced in all copies and that no technical measures can be used to obstruct the reading or further copying of the work. Any modified versions must be made pursuant to certain requirements and must also be redistributed under the FDL. The freedoms contained in the FDL are not sentimental or abstract. They are designed to allow downstream authors to reuse and recast works, giving recipients real, immediate power. With the right to modify it, those downstream authors and users can make the work more useful, remake it into something wholly new, or even turn it into a competing work.

The Settlement, as proposed, does not contemplate works distributed under the FDL or other Free licenses (like the Creative Commons Attribution-Share Alike 3.0 license published by Creative Commons Corporation, the CC-BY-SA). If the Settlement is approved, Google will be authorized to continue to digitize, sell and partially display books without complying with the "copyleft" and "share alike" license terms which are essential to the freedom granted by these licenses. Permitting violation of the conditions of the FDL destroys the fundamental purpose for which these works were written. In the non-Free book publishing context, the harm done by an infringer is the loss of revenue to the copyright holder. In the context of freely licensed books, the infringer harms every present and future reader or reviser of the work. There are currently books published under the FDL that have been made partially available for preview by Google in a manner that violates the license (including omitting entire pages of the license text).

We note that Google has implemented some mechanisms for compliance with the CC-BY-SA license and applaud them for those efforts. However, with no provision in the settlement to protect authors of freely licensed works, there can be no guarantee that Google, the Book Rights Registry, or any other party will comply with the terms of CC-BY-SA or any other Free license in the future.

For example, under the Standard Preview provisions of the settlement, Google may display certain pages of a given book but unless the rightsholder takes affirmative steps to increase the percentage in the Fixed, Standard and Continuous Views to 100%, only a portion of the work will be displayed, perhaps without the full license text. This places an unfair burden on the rightsholder to ensure that the freedoms embodied in their initial licensing are respected, and provides no assurance that recipients of the Work will be made aware of their rights and freedoms under the license.

The settlement attempts to balance the various commercial interests in the publication and distribution of books but in doing so it ignores those concerned more with freedom than with the ability to earn profits through Google's commercial ventures. When freely licensed books are distributed without regard for their terms, authors, publishers and readers are all harmed and the community's unifying values are undermined. This harm cannot be adequately quantified or compensated or

otherwise addressed in a royalty arrangement.

The parties to the settlement have in essence replaced the United States Congress as the entity responsible for devising copyright law. Their market power in their respective markets has resulted in the negotiation of a secret deal that effectively replaces copyright law on all books with their contractual arrangements. This substitution is supposed to be rendered palatable to Class Members because they will be paid for their approval. But for Class Members whose reason for preferring the actual copyright law approved by Congress is that it has done less to subordinate the public's rights of using published works to the presumed public interest in granting privileges to parties involved in publishing them, the substitution of this private deal for public law is not merely a bad bargain, it is no copyright bargain at all.

We also object to the settlement on other grounds, including most prominently that the settlement is a private deal that gives a special competitive advantage to Google. As those objections have been addressed at length by others we do not discuss them fully here.

We urge the Court to reject the proposed settlement until these objections are addressed, including that terms are incorporated to protect the authors of freely licensed works and a framework is provided for the Book Rights Registry that respects the choice of authors to share their works.

Dated: New York, New York
September 8, 2009

Respectfully submitted,

SOFTWARE FREEDOM LAW CENTER, INC.

By: _____

Aaron K. Williamson (AW1337)
1995 Broadway, 17th Floor
New York, NY 10023-5882
Tel.: 212-580-0800
Fax.: 212-580-0898

Counsel for Objectors Free Software Foundation, Inc. and Karl Fogel

3