UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AUTHORS GUILD, INC., ASSOCIATION OF AMERICAN PUBLISHERS, INC., ET. AL., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC., <br><br> Defendants. | Civ. No. 05 CV 8136-DC <br><br> **FILED ELECTRONICALLY** |

**OBJECTIONS OF CLASS MEMBERS
THE SONGWRITERS GUILD OF AMERICA**

CHARLES J. SANDERS, ATTORNEY AT LAW, PC

By:

Charles J. Sanders (CS 9521)
29 Kings Grant Way
Briarcliff Manor, NY 10510
(914) 366 6642

Class member The Songwriters Guild of America ("SGA") hereby submits these objections to the proposed settlement ("Proposed Settlement") of the class action filed by the plaintiffs Authors Guild, Inc. ("AG") and joined by the Association of American Publishers, Inc. ("AAP"), together with various publishers and representative authors, against defendant Google, Inc. ("Google") arising from the "Google Library Project" ("GLP") (collectively, the "Settling Parties").

## INTERESTS OF SGA

The Songwriters Guild of America ("SGA") is the nation's oldest and largest organization run exclusively by and for songwriters. Founded in 1931, the SGA is an unincorporated voluntary association of approximately 5,000 songwriters and songwriter estates throughout the United States. The SGA promotes the interests of its members (many of whom are both the creators or heirs of creators and the copyright owners of musical works) by assisting them in the licensing of their musical works, in royalty audits and collection matters, and in the full catalog administration of their intellectual property holdings. One of SGA's primary objectives is to ensure that those who devote their careers to songwriting earn royalties adequate to support themselves and their families. SGA also represents its members on legislative issues pertinent to the protection and advancement of their interests. A number of SGA members are creators and/or owners of musical works that would be subject to the Proposed Settlement.

## SUMMARY

The interests of SGA's members would be adversely and permanently affected by approval of the Proposed Settlement. The Proposed Settlement was negotiated without the participation or input of songwriters and music copyright owners, and yet contains provisions that would settle, compromise, and license on a compulsory basis the exclusive rights guaranteed to songwriters and music copyright owners under the U.S. Copyright Act (17 U.S.C. § 101 et. seq.) and pursuant to Article I Section 8 of the Constitution of the United States. This abuse of the class action process cannot fairly be judged to be in the public interest.

## ARGUMENT

The definition of those works that are included under the terms of the Proposed Settlement is set forth in paragraph 1.6 of the Proposed Settlement under the term "Books." The definition of "Books" excludes *only* those "written or printed works in which more than thirty-five percent (35%) of the pages contain more than fifty percent (50%) music notation and lyrics interspersed, if any (for purpose of this calculation, *music notation* means notes on a staff or tablature)." This definition, therefore, *includes* musical notation and lyrics that do not reach or exceed the above proportions. Indeed, "Inserts" (which are defined in paragraph 1.72 of the Proposed Settlement as parts of Books or other works that also fall under its terms) are specifically defined to *include* such excerpts as "song lyrics" and "musical notation."

Thus, music creators and rights holders in musical works could indeed be subject to the terms of the Proposed Settlement without their specific consent, and despite having had no role or opportunity to negotiate the terms of such uses. This is a patently unfair result.

## CONCLUSION

SGA respectfully submits that unless those provisions of the Proposed Settlement that compromise in any way the rights of songwriters and music copyright owners are removed pending an opportunity for direct negotiation by such parties with Google, or alternatively, unless the Proposed Settlement is amended to specifically require an affirmative "opt-in" by those parties that control the rights in musical works at issue, the Proposed Settlement not be approved by this court.

Dated: New York, New York

September 4, 2009

Respectfully submitted,

*[signature]*

CHARLES J. SANDERS, ATTORNEY AT LAW, PC, counsel to The Songwriters Guild of America

By:

Charles J. Sanders (CS 9521)
29 Kings Grant Way
Briarcliff Manor, NY 10510
(914) 366 6642