UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AUTHORS GUILD et al.,<br>　　　　　　　　Plaintiffs,<br>-against-<br><br>GOOGLE, INC.,<br>　　　　　　　　Defendant. | Master File No.<br>05 Civ. 8136 (DC) |

**PRELIMINARY OBJECTIONS TO PROPOSED CLASS ACTION**

**SETTLEMENT AND NOTICE OF INTENT TO APPEAR,**

**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**COME NOW** OBJECTOR, DARLENE MARSHALL, identified Class Member to this action, by and through their undersigned counsel of record, hereby file these Preliminary Objections to the Proposed Settlement of Class Action. In support thereof, they state as follows:

### PROOF OF MEMBERSHIP IN CLASS

1. Objector DARLENE MARSHALL, here and after referred to as "MARSHALL" who is a member of the Author Sub-Class meets all criteria for such membership. She is originally represented by N. Albert Bacharach Jr. address is 115 NE 6th Avenue, Gainesville, FL 32601; Frank H. Tomlinson, Esq. address is Pritchard, McCall & Jones, LLC, 505 N. 20th Street, Suite 800, Birmingham, AL 35203; Paul S. Rothstein, Esq. address is 626 N.E. First Street, Gainesville, FL 32601.

2. The parties to this cause have entered into a proposed Settlement Agreement and Release (hereinafter "Settlement").

3. Objector, MARSHALL believe and therefore allege, through counsel, that the proposed Settlement is not fair, adequate, or reasonable. As a result, Objector respectfully submit that this Court should decline to approve the proposed Settlement as currently presented.

4. Objectors now enter their appearance in this cause, announce their intent to appear through counsel at the scheduled hearing, to participate in further proceedings before this Court and to prosecute this action to the end purpose that any settlement or other resolution proposed or approved by the Court shall be, in all respects, fair, adequate and reasonable.

5. Because of such legal failure and insufficiencies as alleged herein by reference, the Court should withdraw its preliminary approval and Order material to the proposed settlement and enter its supplemental Order requiring further proceedings in this action. By such further proceedings the Court

properly should consider and determine the contested and challenged issues raised in these instant Objections.

## NOTICE OF INTENT TO APPEAR

OBJECTOR, MARHSALL hereby give notice that they intend to appear by counsel at the Fairness Hearing that is presently scheduled to be held in this matter on October 7, 2009 at 9 a.m. before the Honorable Denny Chin, United States District Judge, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007-1312.

## OBJECTIONS

The proposed Class Action Settlement is inadequate, unfair and unreasonable for the following reasons:

1. The proposed Part 2 of the settlement is a commercial transaction that bypasses the normal commercial process of negotiation and informed consent which the settling parties are improperly attempting to impose through judicial process and the procedural device of Rule 23.

2. The proposed Part 2 of the settlement will obtain the right to use class member's intellectual property in ways that would otherwise be prohibited by copyright law, basically vesting Google ( and int's partners) {who have not contributed to the settlement} with a copyright license from each class member.

3. The proposed Part 2 oft the settlement would give Google (and it's non-contributing partners) license to not only scam the books, but to reproduce and sell a writer's copyrighted work.

4. Google is attempting to use Rule 23 to modify class members "substantive rights" created by Congress under Article I, Section 8 of the Constitution.

5. The commercial arrangement does not relate to or resolve claims for damages but closes the door on potential future claims for future conduct.

6. The summary notice received by authors is problematic. It's introductory paragraph announces that the settlement is for violating author's copyrights by scanning and displaying books and inserts without the author's permission. An author whose work had not been scanned and displayed might interpret that the lawsuit did not apply to him/her and stop reading. Not knowing that by not responding to the notice, they would potentially be allocating their rights to Google.

7. The compensation suggested by the settlement for damages for *past* copyright infringement is inadequate in light that if a defendant is found to have infringed a work registered with the Copyright Office, the minimum statutory damages award is $750.00.

8. A reported benefit of the settlement is the establishment of a now non-existent Book

Registry. There is no assurances that the registry will be successful, that it will not run out of operating funds, that it will not fail.

9. The commercial portion will complicate existing contractual agreements between authors and publishers. All five of the publisher sub-class members have "a commercial partnership with Google and its own side deal that contains terms that have not been disclosed to class members. These separate agreements are likely to be different and more advantageous than the proposed settlement negotiated for the absent class members."

10. The class cannot be certified as a settlement class in that the members are inherently in conflict with each other. Many of the members have not yet even been harmed.    1 1 .

"The treatment of unclaimed funds proposed in the Settlement Agreement would violate state unclaimed property laws by misappropriating unclaimed funds for the maintenance of the Book Rights Registry...and to reimburse authors and publishers by 'topping up' their payments under the distribution plan."

12. Objector MARSHALL adopts all other timely filed objections not inconsistent with these objections.

13. The proposed release is overbroad and unreasonable.

14. The request for attorney fees and expenses is excessive and unreasonable.

WHEREFORE, OBJECTOR, MARSHALL respectfully request that this Court:

    A.    Upon proper hearing, sustain these Objections;

    B.    Upon proper hearing, continue the issue of attorney's fees until such time as it can be ascertained the actual benefit to class members.

    C.    Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

Respectfully submitted,

Matthew Weiss
NY Bar No.: 9972
WEISS & ASSOCIATES, P.C.
419 Park Avenue South
Second Floor
New York, NY 10016
Phone: (212) 683-7373
Fax: (212) 726-0135

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic filing on this 8th day of September, 2009 to:

| Counsel for the Author Sub-Class: | Counsel for the Publisher Sub-Class: | Counsel for Google: |
|---|---|---|
| Michael J. Boni, Esq. | Jeffrey P. Cunard, Esq. | Daralyn J. Durie, Esq. |
| Joanne Zack, Esq. | Bruce P. Keller, Esq. | David J. Silbert, Esq. |
| Joshua Snyder, Esq. | James J. Pastore, Esq. | Joseph C. Gratz, Esq. |
| Boni & Zack LLC | Debevoise & Plimpton LLP | Keker & Van Nest LLP |
| 15 St. Asaphs Road | 919 Third Avenue | 710 Sansome Street |
| Bala Cynwyd, PA 19004 | New York, NY 10022 | San Francisco, CA 94111 |
| bookclaims@bonizack.com | bookclaims@debevoise.com | bookclaims@kvn.com |

_____
Matthew Weiss
NY Bar No.: 9972
WEISS & ASSOCIATES, P.C.
419 Park Avenue South
Second Floor
New York, NY 10016
Phone: (212) 683-7373
Fax: (212) 726-0135