USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-9-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Authors Guild, Inc., et al, ) | Case No. 05 CV 8136 (DC) |
| ) Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | OBJECTION TO PROPOSED SETTLEMENT |
| Google, Inc., ) | |
| ) | |
| Defendant. ) | |

I am a lawyer who represents authors, writes a column on book contracts for the Authors Guild Bulletin and is the author of *Negotiating a Book Contract: A Guide for Authors, Agents and Lawyers* (2nd edition 2009). My objections to the proposed settlement are two-fold:

1. Adverse Effect on "Out-of-Print" Provisions in Existing Publishing Contracts.

The Author's Guild et al v. Google Inc.                                                                                         Doc. 317

The proposed settlement will make it more difficult for authors to regain publication rights to their hardcover and paperback books when those editions are "out of print" under the provisions of existing contracts with the books' publishers.

A key aspect of an author's book contract is the ability to regain publication rights for his/her book when neither the publisher nor one of its licensees is any longer stocking or selling the book. This is typically embodied in a contract's "out of print" clause. The language for these clauses varies greatly. A typical clause from the pre-electronic era states that an author is entitled to have the publishing rights revert when the book is no longer "available for sale." Many contracts provide no further details or criteria. Getting the rights back is a necessary step for the author who wishes to find a new publisher to market and sell the book.

1

Books in Google Book Search are published online and in certain situations available for consumer purchase. This will be sufficient excuse for many publishers to claim (wrongly, in my opinion) that books available through Google Book Search as online, e-book or print-on-demand (POD) editions are "available for sale" under pre-electronic era contracts and hence "in print," even if hardcover and paperback editions are not available.

One result of such claims is that authors with books no longer available in hardcover or paperback will not be able, absent litigation with the original publisher or at least the expense of legal representation, to contract with another publisher to bring out a new hardcover or paperback edition. Without a written reversion of rights to those editions from the original publisher, no new publisher will agree to republish those editions for fear of a lawsuit from that publisher.

The likelihood of such claims by publishers is not illusory. Already, publishers are claiming that contracts from this pre-electronic era give them the right to publish e-books even though those contracts grant no electronic publishing rights and have "reservation of rights" clauses stating that rights not specifically granted are reserved to the author. See Random House v. Rosetta Books LLC, 150 F.Supp. 2d 613 (SDNY 2001), 283 F.3d 490 (2d Cir. 2002), a case decided in the context of a preliminary injunction.

Unless the author-publisher attachment to the proposed settlement agreement (Attachment A) is amended by the parties to reflect that neither a book's inclusion in Google Book Search nor its availability for sale as an online, e-book or print-on-demand edition pursuant to any Revenue Model (as defined in the proposed settlement agreement) may be considered by a publisher in determining whether an author's book is "in print" under an author's publishing contract, I respectfully request that the settlement agreement not be approved. The only

2

exceptions to this should be authors' publishing contracts that specifically provide to the contrary or which specifically grant e-book and POD rights to the publisher.

If this is unacceptable to the Court, as an alternative I urge that the modification at least provide that if a book is deemed to be in print under an author-publisher contract because online, electronic or POD editions are available, that situation shall not prevent reversion to the author of hardcover and paperback rights if (considered without regard to online, e-book or POD editions) neither a hardcover nor paperback edition is in print.

These amendments will ameliorate the dangers to authors' rights under existing book contracts that approval of the settlement agreement is likely to otherwise engender. Absent these or comparable modifications to Attachment A to the settlement agreement by all the parties, I urge that the settlement agreement not be approved.

2. Monopoly over "Orphan" Books.

The proposed settlement agreement unnecessarily gives Google a monopoly over the inclusion of "orphan books" in online databases. The potential danger of such a monopoly can be removed, however, by a simple amendment to the proposed settlement agreement.

The parties can require Google to license to others, without charge, its rights to scan and post orphan books online. This right should be limited to those to whom the proposed Authors Guild Registry licenses scanning and online rights for non-orphan books. The terms of such licenses by Google should be the same as those on which the Registry has granted its license for the non-orphan books. This will eliminate the concern that no one except Google will be able to post the text of orphan books because the owners of their copyrights cannot be contacted to

authorize their licensing and that the Guild, outside of the class action settlement, cannot license those rights.

Unless both the foregoing concerns can be resolved, I respectfully request that the proposed settlement agreement be rejected by this Court.

I am submitting this in my capacity as an author and a member of the Authors Guild, not in my capacity as a lawyer.

September 4, 2009

Respectfully submitted,

s/ MARK L. LEVINE

Mark L. Levine
1385 Baptist Church Road
Yorktown, NY 10598
Telephone: 914 245-7811
Email: mlev@pipeline.com

copies by email to:

| Counsel for the Author Sub-Class | Counsel for the Publisher Sub-Class | Counsel for Google |
|---|---|---|
| Michael J. Boni, Esq.<br>Joanne Zack, Esq.<br>Joshua Snyder, Esq.<br>Boni & Zack LLC<br>15 St. Asaphs Road<br>Bala Cynwyd, PA 19004<br>bookclaims@bonizack.com | Jeffrey P. Cunard, Esq.<br>Bruce P. Keller, Esq.<br>Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022<br>bookclaims@debevoise.com | Daralyn J. Durie, Esq.<br>Joseph C. Gratz, Esq.<br>Durie Tangri Lemley Roberts & Kent LLP<br>332 Pine Street, Suite 200<br>San Francisco, CA 94104<br>bookclaims@durietangri.com |

4