


jay@starkman.com
www.starkman.com

September 1, 2009

Office of the Clerk
J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

      re: The Authors Guild, Inc., et al. v. Google Inc.
      Case No. 05 CV 8136 (S.D.N.Y.)

Dear Sir or Madam:

I am the author and copyright holder of *The Sex of a Hippopotamus: A Unique History of Taxes and Accounting* (Twinset, 2008). It is detestable that the court would write judicial legislation through a "settlement" vehicle abridging my rights (and those of others) and granting those involuntarily ceded rights to Google or any other entity.

For this favorable "judicial legislation," Google is paying several millions of dollars, including millions to the lawyers. It's a pittance for free access to tens of billions of dollars of blood and sweat. If this is good legislation, then Congress must grant these rights, not the courts.

Those poor souls who fail to meet the opt-out "deadline" or who have met the deadline but through some bureaucratic problem find their works posted on the internet gratis this case, will find their options limited. Outside this case, Google provides no address to contact or review grievances or violations, and its lawyers will overwhelm anyone challenging this judicial legislation. So, even by "opting-out" I remain deeply affected by the court's attempt to write legislation, and have sufficient standing to object to this settlement — even as a "mere citizen" with a Constitutional rights issue and as an author/publisher of future works. Furthermore, there are many professional articles that I've written, too numerous for me to catalogue, that are affected by this proposed settlement.

This is a copyright issue. Congress passed The Digital Millennium Copyright Act extending copyright to a absurdly long 95 years after death of the author. The Supreme Court declined to rule on whether this meets the Constitution's "limited" requirement for "securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries" (Art. 1, Sec. 8). Prior copyright law allowing 28 years and one 28-year renewal should have been sufficient.

If this Court wants to issue a landmark ruling, let it find the Digital Millennium Copyright Act unconstitutional. You have no right to pass judicial legislation, particularly one of such broad scope and Constitutional doubt. I object to this entire proceeding because it exceeds the court's authority.

      Sincerely,

      Jay Starkman

JS:abm:x

cc: Michael J. Boni, Esq., bookclaims@bonizack.com
    Jeffrey P. Cunard, Esq., bookclaims@debevoise.com
    Daralyn J. Durie, Esq., bookclaims@durietangri.com