

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-9-09
```

September 4, 2009

The Honorable Denny Chin
United States District Court for the
    Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*Via Facsimile: (212) 805-7906*

Re: Case No. 05 CV 8136-DC, *The Authors Guild, Inc., Association of American Publishers, Inc., et al., v. Google, Inc.*

Dear Judge Chin:

Pursuant to Class Action Fairness Act, the State of Texas writes this letter to object to the proposed settlement in Case No. 05 CV 8136-DC, *The Authors Guild, Inc., Association of American Publishers, Inc., et al., v. Google, Inc*. Certain provisions of the settlement agreement would violate Texas unclaimed property law and charitable trust law.

Texas opposes this settlement because its treatment of revenues generated by orphaned works will violate Texas unclaimed property statutes and impermissibly dispose of charitable assets. Texas has limited its objection to these two specific issues to avoid duplicating what other Objectors have already adequately addressed, and is not meant to comment on the proposed settlement's analysis under federal laws, including the Federal Rules of Civil Procedure and the antitrust laws.

**Background**

Because the Court is aware of the history of this case, I set forth here only the background information related to Texas's objections to the settlement. The Settlement Agreement before the court proposes to establish a Book Rights Registry, as set forth in Article VI of the Settlement Agreement. The Registry will attempt to locate rightsholders, will receive payments from Google, and will distribute those payments to Registered Rightsholders as required by the Settlement Agreement.

The payments from Google to the Book Rights Registry consist of revenues generated by specific works licensed to Google under the Settlement Agreement. The funds are associated with

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548 TEL: (512)463-2100
WEB: WWW.OAG.STATE.TX.US
*An Equal Employment Opportunity Employer · Printed on Recycled Paper*

The Honorable Denny Chin
U.S.D.C.- Southern District of New York
Texas Objections to Proposed Settlement of Case No. 05 CV 8136-DC, *The Authors Guild, Inc., et al., v. Google, Inc.*
September 1, 2009
Page 2 of 4

a particular work based on the number of times the work is accessed, the number of pages viewed, advertising revenues generated on the web page where the work is displayed, and sales of electronic versions of the work itself. Settlement Agreement, Art. IV. Both the Settlement Agreement and the Plan of Allocation propose that the Registry hold these funds for five years, during which time various Rightsholders may register with the Registry. When the five-year period is over, funds generated by works owned by Registered Rightsholders will be distributed to those Rightsholders. Any funds generated by works belonging to unregistered rightsholders will be distributed as follows: the Registry will redistribute these unclaimed funds to the Registry itself to defray costs, to Registered Rightsholders, and to a charity or charities chosen by the Registry. Settlement Agreement § 6.3.

The treatment of unclaimed funds proposed in the Settlement Agreement would likely convert charitable assets to commercial purposes by dispersing unclaimed funds to authors and publishers or by distributing charitable funds to charitable beneficiaries not properly approved by a court of proper jurisdiction in accordance with Texas law. The proposed treatment of unclaimed funds would also either authorize or attempt to circumvent the operation of Texas unclaimed property laws by redistributing unclaimed funds for the maintenance of the Registry and to distribute funds belonging to unregistered authors and publishers to registered authors and publishers under the distribution plan. Settlement Agreement § 6.3. The specific Texas laws this provision would violate are discussed below.

### Texas Charitable Trusts Implications

The Texas Attorney General represents the public interest in charity. Any reallocation of unclaimed charitable funds to a person or entity which is not charitable would potentially be in violation of Texas charitable trust law which requires that a court, under its equitable powers, make a *cy pres* distribution of the funds to another charitable entity with a same or similar purpose. *See e.g. Blocker v. State*; 718 S.W.2d 409, 414 (Tex. App.–Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Moody v. Haas*, 493 S.W.2d 555, 560 (Tex.Civ.App.–Houston [14th Dist.] 1973, writ ref'd)[1].

---

[1] While much of Texas's charitable trust law is found in common law sources, the Texas legislature has recognized and codified the *cy pres* doctrine in several contexts. *See e.g.* Tex. Prop. Code Ann. §112.054 ("Judicial Modification of Trusts" – general codification of the *cy pres* doctrine); Tex. Prop. Code Ann. §123.001(3) (defining "proceeding involving charitable trust" in which Attorney General has right to participate on behalf of the "interest of the general public of this state," inter alia, as "proceeding in which the *cy pres* doctrine is invoked"); Tex. Prop. Code Ann. §163.007 (Uniform Prudent Management of Institutional Funds Act provision pertaining to the release or modification of restrictions on management, investment, or purpose); Tex. Bus. Org. Code §22.304 (Texas Non-Profit Corporation Act determination of "distribution of property" upon dissolution).

The Honorable Denny Chin
U.S.D.C.- Southern District of New York
Texas Objections to Proposed Settlement of Case No. 05 CV 8136-DC, *The Authors Guild, Inc., et al., v. Google, Inc.*
September 1, 2009
Page 3 of 4

Additionally, funds held by a Texas charitable entity should be allocated to another charitable entity within the State of Texas.

To the extent that any Settlement Class members are charitable entities, the proposed settlement agreement would violate Texas law by allowing funds generated by unregistered charitable fund rightsholders to be converted into revenues for the Registry and distributed among Registered Rightsholders. This distribution would occur without consideration of whether the Registry and its Registered Rightsholders are charitable entities with the same or similar purposes as the charitable entity whose work generated the fund.

**Unclaimed Property Implications**

The proposed Settlement Agreement creates two different unclaimed property issues.

First, any settlement payments to Registered Rightsholders that remain uncashed or undeliverable for a period of three years may be abandoned property for purposes of Texas's unclaimed property statutes. *See* Tex. Prop. Code Ann. §§ 72.001, 72.101 (Vernon 2007). Any such abandoned property must be reported and delivered to the Texas Comptroller of Public Accounts in the time specified by the statute. *See.* Tex. Prop. Code Ann. §§ 74.101, 74.301 (Vernon 2007). These same provisions also apply to future revenue distributions to Registered Rightsholders.

Second, the proposed distribution scheme for unclaimed funds violates Texas's prohibition on private escheat. Texas law specifically prohibits arrangements that "divert funds into income, divide funds or personal property among locatable patrons or stockholders, or divert funds or personal property by any other method for the purpose of circumventing the unclaimed property process." Tex. Prop. Code Ann. § 74.309 (Vernon 2007). The current Plan of Allocation would violate this provision by diverting funds into income for the Book Rights Registry, by dividing funds among locatable Registered Rightsholders, and by diverting remaining funds to charitable organizations in an attempt to circumvent the unclaimed property process.

Failure to comply with Texas unclaimed property laws carries civil and criminal penalties. In Texas, failure to deliver unclaimed property in a timely manner constitutes a Class B misdemeanor, which carries a penalty of up to $2,000 and up to 180 days in jail per violation. Tex. Prop. Code Ann. § 74.710 (Vernon 2007). Civil penalties include a fine of up to 10 percent of the value of the property, $100 dollars per day of violation, plus interest at an annual rate of 10 percent. Tex. Prop. Code Ann. §§ 74.705, 74.706, 74.709 (Vernon 2007).

Almost every state in the country has unclaimed property laws that require unclaimed property to be turned over. The states have a collective interest in ensuring that national settlements,

The Honorable Denny Chin
U.S.D.C.- Southern District of New York
Texas Objections to Proposed Settlement of Case No. 05 CV 8136-DC, *The Authors Guild, Inc., et al., v. Google, Inc.*
September 1, 2009
Page 4 of 4

like this one, recognize and respect their unclaimed property laws. The United States Supreme Court has established rules for adjudicating disputes about which state has a superior right to unclaimed property. *See Pennsylvania v. New York*, 407 U.S. 206 (1972); *Texas v. New Jersey*, 379 U.S. 674 (1965) and 380 U.S. 518 (1985). Even if there is no unclaimed property subject to Texas's unclaimed property laws, Texas believes the Settlement Agreement should be modified to accommodate clearly established laws governing unclaimed property.

In conclusion, Texas respectfully asks the Court to modify the settlement agreement to require the Book Rights Registry to comply with, at a minimum, Texas charitable trust and unclaimed property laws. This will ensure that class members' rights are protected, will ensure the preservation of charitable assets, and will ensure that this settlement is not in violation of Texas laws.

I am available to discuss the matter at your convenience.

Respectfully submitted,

JENNIFER S. JACKSON
Assistant Attorney General
Financial Litigation Division
(512) 475-4866 - Telephone
(512) 477-2348 - Fax
Jennifer.Jackson@oag.state.tx.us

CC: Lead Counsel of Record via e-mail:

Laura H. Gundersheim, Laurag@blbglaw.com
Michael J. Boni, mboni@bonizack.com
Sanford P. Dumain, sdumain@milberg.com

Nathan Z. Dershowitz, ndershowitz@lawdea.com
Ronald L. Raider, rraider@kilpatrickstockton.com
Adam H. Charnes, charnes@kilpatrickstockton.com