HARRY R. LEWIS
SIX HAWES STREET
BROOKLINE, MA 02446

The Honorable Denny Chin
% Office of J. Michael McMahon, Clerk
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-9-09

05-CV-8136

September 4, 2009

Dear Judge Chin,

I write to object to some of the terms of the settlement that has been proposed by the litigants in Case No. 05 CV 8136, *The Authors Guild, Inc., et al. v. Google Inc.*

I am a member of the Author Sub-Class in this lawsuit. At least four books of mine have pesumably been digitized by Google in the course of the creation of Google Book Search: *Excellence Without a Soul: How a Great University Forgot Education* (PublicAffairs, 2006), *Blown to Bits: Your Life, Liberty, and Happiness After the Digital Explosion* (co-authored by Hal Abelson and Ken Ledeen, Addison-Wesley, 2008), *Data Structures and their Algorithms* (co-authored by Larry Denenberg, HarperCollins, 1991), and *Elements of the Theory of Computation, 2nd Edition* (co-authored by Christos Papadimitriou, Prentice Hall, 1998).

I am Gordon McKay Professor of Computer Science in the School of Engineering and Applied Sciences at Harvard University. As a scholar, I am not only a writer of books but a reader, researcher, and teacher who uses books daily.

The Author's Guild et al v. Google Inc.     Doc. 392

While I support many aspects of the proposed settlement, I object to the proposed settlement because it threatens to create an unregulated digital book monopoly. Specifically, it would grant to Google and the Books Rights Registry legal license to profit from orphan works (copyrighted works whose rights holders are unknown, and who therefore cannot set what the proposed settlement refers to as a "Specified Price"). It is unfair for these parties to profit from works they had no role in creating. Moreover, the proposed Settlement would grant Google the authority to set the price of orphan works without any outside review or regulation. In other commercial domains where monopolies have arisen (electric power and telecommunications, for example), some public body has overseen the pricing structure. It would be unfair for the Court to sanction the creation of a private information monopoly, in which Google could, without fear of competition or regulation, fix prices for works to which it does not hold rights.

Thank you for your attention.

Sincerely yours,

Harry R. Lewis

cc:

Michael J. Boni, Esq.
Joanne Zack, Esq.
Joshua Snyder, Esq.
Boni & Zack LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004

Jeffrey P. Cunard, Esq.
Bruce P. Keller, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.
Durie Tangri Lemley Roberts &
Kent LLP
332 Pine Street, Suite 200
San Francisco, CA 94104