September 3, 2009

Honorable Justice Danny Chin
United States District Court
500 Pearl Street
New York, NY 10007-1312

Diane Aronson
96 Sterling Place 3B
Brooklyn, NY
11217

05-CV-8136

Re: Google Settlement

Dear Honorable Justice Chin:

I am writing as an editor to comment on the pending Google settlement. Standard copyright pages in hard-copy publications typically include wording that allows use or reproduction of the text for critical articles and reviews.

Many in the writing and editing sphere, including the scholarly subset of that world, will photocopy selected passages for research purposes, including documentation during fact-checking articles or books. These photocopies are never made with the intent to circulate as a part of a work that would take sales away from the publisher or authorship and revenue away from the author.

Being able to photocopy (or otherwise reproduce) selected passages to serve as a factual backstop or to share, on a very limited basis—scholarly or review purposes only, is a keystone to first amendment rights and, indeed, to many rights we take for granted to promote and support a robust exchange of ideas in a free society.

As an editor, my concern is that the Google settlement will make it very hard to digitally capture selected passages of text for critical or scholarly purposes. Indeed, I have already run into this problem when I have encountered Google-scanned texts as part of fact-checking.

Any settlement should include a provision that makes it possible to download, without a cost incurred, a passage of a limited length, for scholarly or critical purposes. Determining the length of the passage could perhaps be based on a percentage of the work's total word count.

Thank-you for reviewing my concerns, and sincerely,

Diane Aronson
718 789 1740