Mary Lynn Cabrall
8321 West Sahara Ave. #2055
Las Vegas, NV 89117
mcabrall@aol.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-9-09
```

Judge Denny Chin                              Via Certified Mail
Office of the Clerk, J. Michael McMahon
U.S.D.C., Southern District of New York
500 Pearl Street                              05-CV-8136
New York, New York 10007

September 4, 2009

Re: Google Author Settlement Opposition

Dear Judge Chin:

When I was young I learned right from wrong. Stealing is wrong, and those who are caught are punished.

I had no concept of copyrights and intellectual property at the time, but I did work for an allowance and saved my money to buy things created by others – usually a trip to the movies, candy, comic books and records.

I loved musicals, comedies, and westerns, and was especially struck by Lee Marvin and Clint Eastwood singing (albeit very badly), dancing in the mud, and basically trying to make a rough go of it in "Paint Your Wagon." I was so enamored of the movie, that I bought the soundtrack album.

As an adult, my artistic endeavors are formed by the teachings of my youth, and I have written and published a book about a Jewish Russian immigrant who began a poor tailor, and made his mark in Fashion, Entertainment and Wild Western culture.

I understand now, that when I buy a book, or a record, or pay for a ticket to a movie that the creators of these things are paid for their work. I also understand that bootlegging, pirating, or outright stealing of these works is wrong. It is the same as shoplifting was when I was a youth – wrong and punishable.

Google's unauthorized scanning of my book is wrong and punishable. But instead of righting this wrong, the Google Author Settlement REWARDS Google, AND, Puts the FOX in CHARGE of the HENHOUSE!!!

If that wasn't bad enough, the Google Author Settlement subverts the class action process and attempts to use it to rewrite Copyright law.

To make matters even worse, the Settlement affects the rights of millions of authors, who have received NO NOTICE that their rights are being trampled on.

I only became aware of the Google Author Settlement when the deadline was extended, and to this date I have NEVER received notice that this settlement is up for approval. Writers (especially those who still receive royalty checks and statements) are generally pretty easy to find.

You will hear from Objectors, Opposers, Interveners, Supporters, Opt-Ins and Opt-Outs, and receive numerous Amicus briefs, but you will never have any way to know how many Authors simply are in the dark, and are in jeopardy of losing their rights if the settlement is approved.

I'm certain the Lawyers who are looking at a $30 Million Dollar payday, will twist the statistics to attempt to show that there is overwhelming support for the settlement – but they CAN NOT speak for the Millions of Authors who are unaware of the Settlement. For these Attorneys, no comment is a good comment – and I know of whence I speak, as I worked for years at a prominent Plaintiffs' Class Action Law firm as a paralegal, handling class members reactions to settlements.

I am shocked on many levels by the terms of this settlement, and the way it is being pushed through to benefit Google, without proper notice to the class.

Very simply, Google will benefit off of these scanned works by selling ad revenue tied to this stolen content.

The Attorneys involved know that the settlement is convoluted, difficult to understand, and most people who are aware and/or affected by it, will be frustrated in trying to decipher its meanings and ramifications.

I understand that there is considerable work involved in writing a Settlement Agreement nearly 400 pages long, and a Class Notice nearly 40 pages long, but more is not better.

On that note, I will wrap up this letter by recounting another experience of my youth.

I remember fondly going to the Public library and having access to many wonderful books. Supporters of the Settlement would like us to believe that Google is benefitting the public by making many books available online that wouldn't be as accessible otherwise. To that I say that Google is nothing like a public library, but it is a company that makes money off of ad revenue, and only has its own greedy motives in mind.

You wouldn't allow a Television station to broadcast movies without permission, and compensation for those who made the movies, and you wouldn't allow a Radio station to broadcast music or other content without permission, and compensation for those creators. Google should not be allowed to run ramshod over the rights of writers. Plain and simple, they have stolen content, and infringed on the Copyrights of millions.
Again, a lopsided settlement that is a Sweetheart Deal for Google, giving them monopolistic

control over stolen content, is just plain wrong.

I have signed licensing agreements, and I understand the basic concept of being paid for my work. I also know when I am being ripped off.

I have Opted-Out of the Google Author Settlement and I understand that I can not Object and Opt-Out. As I am no longer a party to this lawsuit, let me state that I am OPPOSING and/or Commenting on the Settlement.

I also understand that I can not request to appear at the Final Settlement Hearing, but please appreciate that I feel the need to let you know that millions of writers – had they been notified -- would Object and/or desire to be heard at the Settlement Hearing, or Opt Out of the Settlement.

And finally, I want to leave you with a question asked by Louis Trager, a reporter for Warren Communications News' Washington Internet Daily, at a seminar entitled "The Google Books Settlement and the Future of Information Access.":

> "When you look at this in relation to peer-to-peer (file sharing), what is the lesson for the kids about who does and doesn't get away with the "copy first and answer questions later" policy?"

The panelists shifted in their seats, and moved on the next question.

You, Judge Chin, can reject this Settlement, answer that question, and set the right example for the youth of the world.

I pray that you do so.

Sincerely,

*[signature]*

Mary Lynn Cabrall, Author


cc: Michael J. Boni, Esq., Daralyn J. Durie, Esq.