Alison Gray
54 Highbury Rd
Highbury
Wellington
New Zealand 6012

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 9-9-09

2 September 2009

Office of the Clerk, J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York,
New York 10007-1312
United States of American

Dear Mr McMahon

**Re: Authors Guild v. Google Inc., No. 05 – CIV-8136 (DC)**

I write to object to the Proposed Settlement as a class member. The grounds for my [objection]
are:
- Court has misapplied the Berne Convention
- Court has exceeded its jurisdiction
- Author Sub-Class not applicable to NZ authors
- Insufficient notice to satisfy notice requirements
- Inadequate compensation
- Overriding contractual relationships between author and publisher
- Unfair treatment of non US authors
- Unfair treatment of non US public
- Antitrust issue surrounding the significant market power Google would acquire th[rough the]
settlement

**Berne Convention**
The Berne Convention for the Protection of Literary and Artistic Works provides for [reciprocity of]
protection. It does not provide for reciprocity of burden. Whether one agrees or dis[agrees with]
the settlement, clearly it does far more than afford protections to authors. It sets up [what has]
been referred to as an international licensing regime requiring affirmative action and [requiring]
authors to understand it first of all and then to take steps even if they wish to opt ou[t. These are]
not reciprocal protections as envisaged by Berne and therefore it is not appropriate [to use the]
treaty as a means to extend the settlement to non US authors. Non US authors sho[uld be]
removed from the author sub-class.

**Lack of Jurisdiction**
Given that Berne does not of itself bring New Zealand authors within the ambit of th[e settlement]
it follows that the Court does not have jurisdiction over them. Any grant of copyrigh[t by a New]
Zealand author must be subject to New Zealand law and the jurisdiction of the New [Zealand]
courts. I therefore protest the jurisdiction of this Court and reserve all rights in that [regard.]
Nothing in this letter should be construed as a submission to jurisdiction. However, [given the]
constraints of the settlement agreement and a non US rightsholder's effective inabi[lity to]

imposition is felt more strongly by absent class-members whose work is not comm[ercially]
available in the US.

The legal requirement is for individual notice to be sent to all class members whos[e]
addresses may be ascertained through reasonable effort. It is clear from media re[ports]
millions of writers, including hundreds of New Zealand writers, have not received i[ndividual]
notice of the Proposed Settlement and that the notice programme in New Zealand [relies]
on the publication of the Summary Notice which is insufficient.

There is also evidence to show that the Summary Notice caused some confusion i[n New]
Zealand with many class members under the impression that it only applied to boo[ks]
in the US – clearly not the case. Insufficient effort was made to ensure that class m[embers]
outside the US had a clear understanding of the implications of the Proposed Settl[ement]

### Inadequate Compensation
I feel that the compensation to class members is inadequate and unfair. By way of [example]
I understand that if Google had been found to have infringed copyright, the minimu[m]
damage award would have been US$750 per infringement. I note that the efficacy [of]
penalties in discouraging copyright infringement has recently been reiterated by C[ourts with]
respect to music. A mere US$60 seems too low.

### Overriding contractual relationships between author and publisher
The Proposed Settlement effectively overrides the contractual relationships betwee[n authors]
and publishers, and insufficient clarification is provided should one wish to opt in a[nd]
opt out. I feel that this is a flaw in the Proposed Settlement that would need consid[eration]
should it be approved.

Further, the author publisher procedure does not appear to adequately cater for situ[ations]
where rights for one jurisdiction are held by the publisher and for another by the au[thor. This]
again appears to arise from a lack of understanding of and interest in the impact o[f the]
settlement on overseas authors. For example, what happens where a New Zealan[d author]
granted New Zealand rights to the publisher but has retained or had reverted to th[em the]
NZ rights? The situation is entirely unclear and again this suggests that NZ autho[rs should]
be removed from the class or the settlement disapproved and returned to the parti[es for]
amendment.

I also note with concern the lack of provision for representation of non US authors [and]
publishers on the proposed Book Rights Registry.

### Unfair treatment of non US public
The alleged benefits of the Proposed Settlement to the general public apply only in [the US.]
NZ public will gain nothing from the Proposed Settlement.

### Antitrust issues surrounding the significant market power Google would acq[uire under]
the settlement.
I believe that the sheer scope of Google's market power removes the potential for c[ompetition.]
The opportunity for authors to sell electronic rights to anyone else is remote and ra[ises]
antitrust issues.

In addition, I believe that the requirement for class-members to decide whether the[y are] part of the Settlement or not before the Court hearing does not give authors opport[unity for] a fully informed decision.

I urge the Court to reject the Proposed Settlement on the grounds as detailed abov[e].
**Please provide written receipt of this objection**

Yours truly

Alison Gray