

30th August 2009

**By Overnight Mail or Hand Delivery**

The Honorable Denny Chin
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
United States of America

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/10-09
```

Re:   *The Authors Guild, Inc. et al v. Google Inc.*, Case No. 05 CV 8136 (S.D.N.Y.).

Dear Judge Chin:

My name is Kristoffer Lind, and I am chairman of the Nordic Independent Publishers Association (Nordiska Oberoende Förlagas Förening, NOFF) located in Stockholm, Sweden. I write on behalf of NOFF in connection with the proposed settlement of the class-action copyright infringement litigation brought by the U.S. Authors Guild and others against Google's Book Search service.

Our organization represents approximately 163 publishing companies doing business in Sweden and Finland. Our publisher members are members of the settlement class embraced by the proposed settlement agreement that is before this Court in this action (the "Settlement Agreement"), because they own rights in books that are protected by U.S. copyright law. Our organization is quite small, and we and our members lack the resources needed to present our views to this Court in a formal manner. Many of our members, moreover, remain unaware that this action – or indeed any action in a foreign country between private parties with whom they have no business relations – could impact their legal rights. Thus, a number of publishers in our country who have heard about the Settlement Agreement erroneously believe that it does not affect them and that they do not need to take any action to preserve their rights. Our members who do understand, at least generally, the dramatic manner in which this unprecedented Settlement Agreement seeks to impair their rights firmly oppose it.

We write to let this Court know that large numbers of copyright holders in our country are opposed to this Settlement Agreement or certainly would be, if they understood its true import and reach, even if they are not able to formally lodge objections with this Court. Accordingly, we urge this Court not to approve the Settlement Agreement, for the reasons set forth in the objections that have been presented to this Court by, among others, Scott Gant and the group of foreign publishers and publishing associations that includes the Börsenverein des Deutschen Buchhandels. As set forth in those objections, the Settlement Agreement seeks to strip foreign copyright owners of their bedrock exclusive rights to control the use of their works in the U.S. (for the benefit of one private U.S. company) and requires foreign rightsholders to undertake complicated, burdensome efforts should they have any hope of protecting those rights. And the Settlement Agreement seeks to do so, even though class members did not receive adequate notice of the agreement and do not understand its terms. [Indeed, although some written notices were sent to class members here, they were not sent to many class members or well published and were not translated properly, such that they were very difficult to understand.] Finally, the Settlement Agreement is fundamentally unfair and we are astonished that it could be approved in the U.S., especially in light of the U.S. commitment to honor the Berne Convention, a treaty to which our country is a signatory as well.

To the extent necessary, we respectfully request that this Court accept this letter as an *amicus curiae* submission.

Thank you in advance for your consideration of this letter.

Respectfully yours,

Kristoffer Lind

cc:  Michael J. Boni, Esq.
Joanne Zack, Esq.
Joshua Snyder, Esq.
Jeffrey P. Cunard, Esq.
Bruce P. Keller, Esq.
Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.