

Uitgeverij G. A. van Oorschot
Herengracht 613
1017 CE Amsterdam

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/09



Office of the Clerk
J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
UNITED STATES OF AMERICA

re: present and future rights on all
works with the isbn prefix 97890282

Amsterdam, Netherlands, august 29th 2009

Dear Mr. McMahon,

On behalf of both my publishing company and all the authors and translators that it
represents, I make the following objections and comments to the Google Book
Settlement.

1. According to the settlement Google will initially classify a book as 'commercially
available' if Google determines that the rightsholder, or the rightsholder's designated
agent is currently offering the book for sale through one or more then-customary
channels of trade in the United States. I object to this very limited definition of
'commercially available'. As far as exclusive rights are concerned, the rightsholder
should be the one who can determine whether a book is still commercially available or
not in the first place, nót Google or anyone else.

2. Of course in the internet-era all this is cross-border matter. Therefore non US-
American rightsholders should be involved in the settlement, and their channels of trade
should explicitly have been taken into account as well. If this won't happen, we will be
obliged to remove all our books and inserts from the Google database and from all
servers or sources from which Google or the participating libraries could make any uses.

3. The management of bibliographic and rights information on the website of the Google
Book Settlement leads to practical problems. For example relations between principal

telefoon +31 (0)20 623 14 84          bankrekening 69 74 64 741          KvK-nummer 33246360
fax +31 (0)20 625 40 83               ING Bank, Amsterdam                Uitgeverij G. A. van Oorschot B.V.



Uitgeverij G. A. van Oorschot
Herengracht 613
1017 CE Amsterdam


J. Michael McMahon
U.S. District Court for the Southern District of New York

2/


works and derivate works (e.g. translations, new editions etc.) seem not to be tracked at
the moment. Working with the current Google database costs a lot of time (especially if
you have a lot of titles to claim) and raises a lot of questions.

4. The settlement and its definitions raises a lot of questions. We would prefer to have an
information meeting in which the settlement and the legal consequences are explained
and clarified by (representatives of) the parties that have reached the agreement and in
which will be enough time for asking and answering questions.

5. Suppose that any individual has ever published the smallest snippet of text in a time
when another individual did not even exist. Enter the latter and he now simply states
that, based on his own defintion of what 'commercially available' means, he has the right
to publish that snippet without having to first ask the righstholder (left alone: without
even any preliminary research whether he is alive and retracebale). It is my strong
conviction that the settlement itself allows Google to get away with this deliberately
executed form of 'fait accompli' robber-capitalism.

6. I happen to have known an author who deliberately kept once published works out of
any future type of commercially availability for whatever reason he thought fit, once
these rights had returned to him. The settlement also unrightfully denies this type of
principal right.

We therefore retain all rights we presently and in the future hold to all our works.

Yours sincerely,

W.J. van Oorschot
director


telefoon +31 (0)20 623 14 84          bankrekening 69 74 64 741          KvK-nummer 33246360
fax +31 (0)20 625 40 83              ING Bank, Amsterdam               Uitgeverij G. A. van Oorschot B.V.