

**NDC | VBK**
*de uitgevers*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/9

Office of the Clerk
J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
UNITED STATES OF AMERICA

St. Jacobsstraat 125
3511 BP UTRECHT
Postbus 8049
3503 RA UTRECHT
Telefoon (030) 234 92 11
Fax (030) 234 92 08
www.ndcvbk.nl

U S DISTRICT COURT FILED SEP -2 2009 S D OF N Y.

05 Civ 8136 (DC)

Utrecht, August, 25th 2009

**RE: The hearing in October 2009 regarding the Google Settlement.**

Dear Michael McMahon,

We would like to draw your attention to the copyrights of the Dutch books owned by our publishing house which appear to be included in the settlement reached between Google and the Authors Guild and Association of American Publishers. We should first like to point out that we have not yet been consulted or heard in this settlement, even though our copyrights are involved. Google's actions have raised many questions, comments and objections, which you will find listed:

**Consequences for European right holders**
We would like to express our concern about American parties proposing a settlement in the United States (US) with consequences for European right holders not involved in the settlement with Google, and who still have exclusive rights to their works.

European Copyright Law does not permit the digitalisation of copyright-protected works and the making available of these to the public without the explicit consent of the rights holders. If a party wants to use a copyright-protected work, he can contact for example the publisher and try to conclude a licensing agreement (opt-in). The current proposal for the settlement seems to be the world turned upside down, since Google can make use of copyright protected works from all over the world (available in American libraries) without the prior consent of right holders, as long as these right holders do not opt-out of the settlement. We would very much like to contribute to a broad offer of digital content and if necessary are willing to cooperate with other parties, but always with respect for copyright and according to the conditions proposed by the rights holders.

**Deadline**
The deadline for objecting or opting out is too short. In particular, European rights holders who weren't part of the negotiations should given the opportunity to make a well-considered decision with regard to the settlement. The deadline for making objections or opting out should therefore be postponed.



Equally, in terms of the ongoing investigation of the European Commission into the effect of the Google Book Settlement Agreement on the European publishing sector, European authors, European consumers and society at large (a hearing of the European Commission will take place on September 7, 2009), the deadline for making objections or opting out is still too short. This would also imply that the deadline for claiming cash payments should be postponed.
We would like to wait for the findings of the American Justice Department which has begun an antitrust investigation as well.

**Digitalizing our books**
According to Dutch Law, American Libraries were not entitled to digitalize the books published by our company without our consent. We believe American Libraries have violated our rights. Until now we have not received any information about this deal between the American Libraries and Google. We think this information is important for us so as to prevent similar actions in the (near) future.

Another point is that the database gives the rights holder no certainty about the digitalization status of a book. If it has not been digitalized on or before May 5, 2009, the claim form does not give any certainty about whether the book will still be digitalized by Google or not. A rights-holder should not have to check this every time, but be informed by Google about this.

**Bad quality of the database**
According to section 3.2 (d) (i) of the settlement "*Google shall determine whether a Book is Commercially Available or not Commercially Available based on an analysis of multiple third-party databases as well as an analysis of the Book's retail availability based on information that is publicly available on the Internet. When analyzing the third-party databases, Google will use the publishing status, product availability and/or availability codes to determine whether or not the particular database being used considers that Book to be offered for sale new through one or more then-customary channels of trade in the United States*".

For the correct functioning of the system, it is critical to know which third-party databases Google uses to determine the commercial availability of a book. Therefore, Google should commit to using non-US, such as European, metadata providers and contact publishers to ensure that they have correct information regarding whether a book is commercially available in Europe or not. This must be done prior to making any display uses under authorisations in the settlement agreement.

The management of bibliographic and rights information in the database on the website of the Google Book Settlement leads to a lot of practical problems. It is therefore urgent that the quality and functioning of the database is improved in order to allow rights holders to make full use of it. Currently, it is extremely burdensome and confusing for a European publisher to claim books in the database. For example, section 3.2(d)(i) of the settlement refers to the need to group books together if a book is commercially available and a previous edition is also in the database. In this case, both books would have to be tagged as commercially available in order to avoid "cannibalisation" of new editions. The database does not function like this at present, at least for European books, leading to lengthy and costly processes for the



publishers, who have to claim the same book several times to be sure that it will be tagged as commercially available. A correct functioning of the database in practical terms should be a pre-condition before any display uses included in the settlement are allowed.

### Determination of commercial availability

According to section 1.28 of the proposed agreement Google will initially classify a book as 'commercially available' if Google determines that the rights holder of such book, or the rights holder's designated agent, is, at the time in question, offering the book for sale through one or more then-customary channels of trade in the United States.
As a consequence of this very narrow definition, a lot of European books are currently considered as non commercially available (while they are still commercially available in Europe).
The determination of the commercial availability of a book is very important, because it is used to determine the default display uses under the settlement. A commercially available book will be automatically removed form display uses while a non-commercially available book will require action from the rights holder. Unless European publishers change the classification one-by-one, which places an unnecessary administrative burden on them, European books will be tagged as non-commercially available and Google will be exploiting the book commercially as foreseen in the settlement.
As far as exclusive rights are concerned, the rights holder should be the one who can determine whether a book is still commercially available or not. In practice this seems not to be the case, as wrong information in the database of Google is very hard to change or cannot be changed at all by the publisher.

In order to solve this serious concern, Google would at least need to change the definition from "US channels of trade" to simply "channels of trade". In order to seek further clarity, it would also be useful if the settlement agreement includes that a book is commercially available if it is
a) indicated as in print or as commercially available as printed book or in digital format in information from any reliable metadata providers in the US or elsewhere and
b) is available for sale new to purchasers within the US or elsewhere, regardless of whether the rights holder (or its designated agent (e.g. bookseller) is located within or outside the US.
As mentioned before, the publisher should be able to change the commercially availability status.

### Translators

Dutch law recognizes copyright of the individual translators of original books. In the settlement we are not able to seek any compensation for their contribution.

### 'Out of Print'

Google's definition of 'out of print' does not recognize the new methods of exploitation of content such as audiobooks or e-books. The databases from which Google gets its information on the matter of commercial availability does not cover these kind of cross-media exploitation.

### Royalty

We are concerned about the fact that Google has obtained a license to sell our books at a pre-negotiated fixed royalty and that we are held to this unless an (American!) court counters the settlement.



**Monopoly**
We are very concerned about the monopoly which will be created if Google profits from what seems to be an exclusive right to commercialize digitalized books. It will dominate the free flow of information and knowledge. We therefore also would like to wait for the findings of the American Justice Department which has began an antitrust investigation.

**Advertisements**
According to agreements we have with, for example, American authors, we are not allowed to add any advertisements or other kind of announcement in their books, even if it is for the authors' own works.
Although these clauses are part of the agreement between the publisher and the author or copyrightholder, we are worried that Google's business model, as it is presented, is based on this model of explotation.

**Lack of representation of non-US rights holders in the Book Rights Registry (BRR)**
Section 6.2 (b) of the settlement establishes that the *"Registry will be organized on a basis that allows the Registry, among other things to (i) represent the interest of Rightholders in connection with this settlement Agreement...The Registry will have equal representation of the Author Sub-Class and the Publisher Sub-Class on its Board of Directors..."* The BRR will represent rights holders worldwide, negotiating very important matters including terms of new revenue models on their behalf. It is unfair that nothing in the settlement ensures that there will be non-US publishers and authors on the Board of the BRR. Such a commitment is necessary in order to protect the interests of non-US copyright owners.

If our concerns are not taken into account, we will be obliged to remove all our books and inserts from the Google database and from all servers or sources from which Google or the participating libraries could make any uses.

We have no problem with snippets of works published by our publishing house appearing in search results on Google, but we do intend to retain all rights on works jointly owned by us, our authors and/or our translators now and in the future.

If you have any questions, please feel free to contact us. We would be much obliged if you could keep us informed about the court case.

Yours sincerely

Veen Bosch & Keuning Uitgevers Groep B.V.

Bert de Groot
CEO

*Encl.: statement publishing houses and imprints Veen Bosch & Keuning Uitgevers Groep B.V.*



## Statement publishing houses and imprints of Veen Bosch & Keuning Uitgevers Groep B.V.

**Ambo|Anthos Uitgevers B.V.**
Anthos
Anthos Literaire thrillers
Ambo
Flamingo
Artemis & co
Dwarsligger

**Amstel Uitgevers B.V.**
Amstel Uitgevers
Uitgeverij Atlas
Business Contact
Business Bibliotheek
Uitgeverij Augustus
L.J. Veen
Pandora Pockets
Uitgeverij de Prom
Eldorado
Olympus non-fictie

Linkeroever Uitgevers
Uitgeverij Houtekiet

**Ankh-Hermes B.V.**
Ankh-Hermes

**Boekenwereld B.V.**
Boekenwereld

**Uitgeverij Contact B.V.**
Contact

**Uitgeverij De Fontein B.V.**
De Fontein
Uitgeverij in den Toren
Uitgeverij De Kern
Uitgeverij Sesam Junior
Uitgeverij Piramide

**Uitgeverij Hillen. B.V.**
Hillen

**De Ingenieur B.V.**
De Ingenieur



**Uitgeefmaatschappij Kok ten Have B.V.**
Kok Ten Have
Uitgeverij Kok-Kampen
Uitgeverij Kok VCL
Uitgeverij Kok Voorhoeve
Uitgeverij Kok Agora
Uitgeverij Kok Lyra
Distributiecentrum Intermedium
Uitgeverij De Groot Goudriaan Kampen
Uitgeverij Gooi en Sticht
Ten Have
Callenbach
J.N. Voorhoeve - Den Haag
West-Friesland
Agora
VLC-serie
Voorkeurboek
Kok Pharos
Zomer & Keuning Familieromans
Spiegelserie
Rouwboeken.nl
Kok Omniboek
Friese Pers Boekerij
Uitgeverij Noordboek
Friese Persboekerij
A.J. Osinga Uitgeverij
Ajo
Friesland Post
Friese Pers Tijdschriften
FPB Uitgevers

**Kosmos-Z&K Uitgevers B.V.**
Kosmos
Kosmos Reisgids
Groenboekerij
Culinaire Boekerij
Lifetime
Kosmos Dossier
Hot Lava
Wat&Hoe
Guiness World Records Nederland
National Geographic Reisgidsen
Servire
Uitgeverij Spirit
Uitgeverij Oosthoek
Inmerc/Special Bite



Inmerc B.V.
Special Bite B.V.


**Uitgeverij Luitingh~Sijthoff B.V.**
Luitingh~Sijthoff
Dromen en Demonen
Poema Pockets
Uitgeverij Mouria
Uitgeverij Luitingh
Luitingh Fantasy
Uitgeverij L
Uitgeverij Sijthoff
Poema Pocket

**Roodbont B.V.**
Roodbont

**Tirion Uitgevers B.V.**
Tirion
Cantecleer
Bosch & Keuning
La Riviere Creatieve Uitgevers
Helmond
Tirion
Tirion Natuur
Thieme
Tirion Sport

**Van Dale Uitgevers B.V.**
Van Dale

**Veen Magazines B.V.**
Veen
Historisch Nieuwsblad
Filosofie Magazine
Natuurwetenschap & Techniek Magazine- NWT
De Journalist Magazine
De Ingenieur Magazine
Ode aan de Techniek Magazine
Bontekoe prijs
De Week van de Geschiedenis
De wetenschappelijke bibliotheek
Wetenschappelijke biografieën
Thea Beckmanprijs
Bright
Luisterwijs



Kunstbeeld
Techno
Technologiekrant

Zimed Uitgevers B.V.
Zimed
Inspirerendleven.nl

Pinion B.V.
eBook.nl



***CC:***

**Raadslieden van de Auteur Subklasse:**
Michael J. Boni, Esq.
Joanne Zack, Esq.
Joshua Snyder, Esq.
Boni & Zack LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
UNITED STATES OF AMERICA
bookclaims@bonizack.com

**Raadslieden van de Uitgever Subklasse:**
Jeffrey P. Cunard, Esq.
Bruce P. Keller, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
UNITED STATES OF
AMERICA
bookclaims@debevoise.com

**Raadslieden voor Google:**
Daralyn J. Durie, Esq.
David J. Silbert, Esq.
Joseph C. Gratz, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111
UNITED STATES OF AMERICA
bookclaims@kvn.com

Nederlands Uitgevers Verbond
Ms Mr Fiona Vening
Hogehilweg 6
Postbus 12040
1100 AA Amsterdam
The Netherlands
f.vening@nuv.nl