

 

 

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/09

Oslo, May 27, 2009

# THE GOOGLE SETTLEMENT

Google has under the Google Book Search program scanned and digitalized European books without permission from European rights holders. Pursuant to European copyright law, a rights holder must consent before a copy is made. The Google settlement renders illusory European rights holders' right to control publishing of their own books.

Although Nordic Publishers Associations acknowledge that the Google settlement has been established through negotiations between American authors (through The Authors Guild) and American publishers (through The Association of American Publishers) and Google, the associations are vehemently against the fact that the Google settlement binds Nordic rights holders who have not been represented in the settlement negotiations. The Nordic Publishers Associations claim that the settlement should be limited to works primarily published in the US.

If rights holders do not actively opt out of the settlement agreement, they are bound by an agreement that requires an enormous level of administration. It does not help matters that the number of books included is not fixed, but only limited to books published prior to January 5, 2009 anywhere in the world. It is therefore impossible for a Nordic publisher to predict how many of its books Google will scan and pay for, or, basically, what the agreement will mean for that particular publisher.

The sudden flux of books available to Google, including millions of European books, should inexorably tilt the competition in favour of Google Book Search. This is a fact for Google's commercial competitors, and US Antitrust Authorities examine therefore the problem. The

settlement agreement will also have a negative impact on less commercial, national digitalization initiatives under the auspices of the EU Europeana library project. Google, by 'taking the law into one's own hands', may damage this important digitalization work that takes place in numerous European countries.

If rights holders exercise their right to withdraw from the settlement before the due date of September 4, 2009, they will not be able to remove books from the Google database. As Google is likely to continue to exploit all books published before January 5, 2009, including books of a rights holder who opts out of the settlement, rights holders who opt-out will effectively loose control over their books. Due to this unreasonable effect of the settlement agreement, Nordic publishers are caught in a Catch 22 and the likely scenario is that most publishers probably will stay in the settlement in order to protect their rights and interests. Opting-out of the settlement agreement would leave them in an even worse situation without any defence against Google's unsolicited use. Publishers who stay in the settlement will have a right to remove their books from the Google database. Efficient service to guide publishers on how to remove books pursuant to the settlement agreement is likely to be established.

As much as Nordic publishers embrace modern technology and look forward to the coming digitalization of our valuable literature, the Nordic Publishers Associations protest against the Google settlement agreement as it violates European rights holders basic copyright, and it is detrimental to Nordic literature. Who should decide how a Nordic book should be distributed digitally in the US? Google, a private commercial company, who has not asked for permission, or the author and the publisher who have created the book?


The Swedish Publishers' Association          The Finnish Book Publishers Association

Director Kristina Ahlinder                   Director Sakari Laiho



The Icelandic Association                    The Danish Publishers Association

Director Benedikt Kristjánsson               Director Marie Svane



The Norwegian Publishers Association

Director Per Christian Opsahl