

The Author's Guild et al v. Google Inc. Doc. 496

# DEN NORSKE FORLEGGERFORENING
### THE NORWEGIAN PUBLISHERS ASSOCIATION

September 4, 2009

**By Overnight Mail**
The Honorable Denny Chin
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
United States of America

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/09
```

Re:   *The Authors Guild, Inc. et al v. Google Inc.*, Case No. 05 CV 8136 (S.D.N.Y.).

Dear Judge Chin:

My name is Mathias Lilleengen, and I am attorney-at-law of the Norwegian Publishers Association in Norway. I write on behalf of our member publishers in connection with the proposed settlement of the class-action copyright infringement litigation brought by the U.S. Authors Guild and others against Google's Book Search service.

The Norwegian Publishers Association was established in 1895 and our organization represents approximately 85 publishers doing business in Norway. The main purpose of the association is to promote issues of common interest to the publishing industry. The Norwegian Publishers Association supports the public policy interests of its members, including the protection of intellectual property rights in all media, the free dissemination of the written word, and the promotion of literacy and reading. Our members are members of the settlement class embraced by the proposed settlement agreement that is before this Court in this action (the "Settlement Agreement"), because they own rights in books that are protected by U.S. copyright law. Our association is in a global perspective quite small, and some of our members remain unaware that this action – or indeed any action in a foreign country between private parties with whom they have no business relations – could impact their legal rights. Thus, a number of publishers in our country who have heard about the Settlement Agreement erroneously believe that it does not affect them and that they do not need to take any action to preserve their rights. Our members who do understand, at least generally, the dramatic manner in which this unprecedented Settlement Agreement seeks to impair their rights firmly oppose it.

A large numbers of publishers are opposed to the Settlement Agreement. The Nordic Publishers Associations (Denmark, Finland, Iceland, Norway and Sweden) have issued a resolution in protest of the Settlement Agreement. The Resolution (attached) underlines the crucial point that the parties have chipped in European, and hereunder Nordic, rights into the Settlement Agreement without the consent of the European rightsholders.

Publishers in our country are opposed to this Settlement Agreement or certainly would be, if they understood its true import and reach, even if not all of them are able to formally lodge objections with this Court. The Norwegian Publishers Association respectfully requests that this Court does not approve the Settlement Agreement, with respect to foreign rightsholders at a minimum, for

the reasons set forth in the objections that have been presented to this Court by, among others, Scott Gant and the group of foreign publishers and publishing associations (objections of Harrassowitz et. al and brief of amici Curiae of Börsenverein Des Deutschen Buchhandels, Schweizer Buchhändler – Und Verleger–Verband Sbvv, Hauptverband Des Österreichischen Buchhandels, and Svenska Förläggareföreningen). As set forth in those objections, the Settlement Agreement seeks to strip foreign copyright owners of their bedrock exclusive rights to control the use of their works in the U.S. (for the benefit of one private U.S. company) and requires foreign rightsholders to undertake complicated, burdensome efforts should they have any hope of protecting those rights. The Settlement Agreement seeks to do so, even though some class members did not receive adequate notice of the agreement and do not understand its terms.

Indeed, although some written notices were sent to class members here, they were not sent to many class members and were not translated properly, and they included legal text very difficult to understand. The quality of the translation of the Notices sent to us in Norwegian was very poor. The translation was littered by mistakes and clearly not translated by someone qualified to translate legal documents. As to the notice informing of the extension of the deadline to September 4, we were confused by receiving such notice in the French language (attached). We are under the impression that the whole procedure of notification has not been satisfactorily. The Settlement Agreement has never been translated into Norwegian. The majority of our members lack the proficiency in English language to completely understand the complex terms of this 300-plus page document, and how the agreement affects them. The Settlement should have been translated into Norwegian. It would have been affordable for the parties.

In addition to the poor translation, most publishers in Norway are not familiar with the US law concept of opt-out class actions. For a Norwegian publisher who has published a book in the Norwegian language in Norway, it is inconceivable that his US copyright should be swept away to Google through an agreement he has not been a part of, nor understands for that sake. He may not even have heard of the Settlement Agreement, but he will still loose his rights through a class action in a country far, far away.

As pointed out in the objections of Gant, Harrassowitz et. al, and, in particular, the objections by the Italian Publishers Association, the database has a lot of flaws and mistakes. As an example, we believe many of those very many recently published books by Norwegian publishing houses, are classified as not "Commerically Available" – within the meaning of the Settlement Agreement – although they are available in bookstores and globally available through the Internet. Examples are many and include the translations of Stieg Larsson's bestseller books ("Jenta som lekte med ilden", "Menn som hater kvinner"). It has come to our notion that the parties have issued a side agreement in which the understanding of "Commercial Available" will include that Google consults/accesses national databases (such as Den norske Bokdatabasen http://www.bokdatabasen.no (Norwegian Book Database)), which in turn will lead to that a high number of books will be re-classified as "Commercial Available". If so, our objections as to "Commercial Available" will subside.

2

Finally, the Settlement Agreement is fundamentally unfair and we are astonished that it could be approved in the U.S., especially in light of the U.S. commitment to honor the Berne Convention, a treaty to which our country is a signatory as well.

To the extent necessary, we respectfully request that this Court accept this letter as an *amicus curiae* submission.

Thank you in advance for your consideration of this letter.

Respectfully yours,

Mathias Lilleengen
Attorney-at-law

cc: Michael J. Boni, Esq.
Joanne Zack, Esq.
Joshua Snyder, Esq.
Jeffrey P. Cunard, Esq.
Bruce P. Keller, Esq.
Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.