USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-9-09

RECEIVED
SEP 2 2009
CLERK'S OFFICE
S.D.N.Y.

Michael Kincaid
215 Melbourne Ave. SE
Minneapolis, MN 55414

Office of the Clerk
J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

August 28, 2009

To Whom It May Concern: 05-CU-8136

I am writing to object to the class-action Google copyright settlement. As an author potentially affected by the Settlement, a labyrinth of terms, conditions, and definitions formulated without my consultation, I object, first, to the distraction and inconvenience entailed in trying to comprehend those terms, conditions, etc.; to discern the increment of justice (if any) contained therein; and to decide on a fit response, one that does justice to my own interests.

Secondarily, I object to certain terms of the Settlement, as I understand them. I was surprised to be informed by Rust Consulting, Inc., that those terms do not require Google to refrain from future unauthorized digitizing of copyrighted books. It would seem that any Settlement lacking such a requirement is of extremely limited value to copyright owners, primarily benefiting the legal profession by leaving the door open for future litigation.

From my standpoint, a just settlement would do the following:

1) Compensate me for any works of mine that Google has digitized without my permission.

2) Require Google to delete such works from their database, and refrain from further unauthorized digitizing.

3) Compensate me for the annoyance of having to deal with this at all.

Very truly yours,

Michael Kincaid

cc:
Boni & Zack LLC
Debevoise & Plimpton LLP
Keker & Van Nest LLP

P.S.
Further--and perhaps above all--I object to the very principle of a Settlement any objection to which constitutes an agreement to be bound by its terms: a Catch-22 situation if ever there was one.