בית שוקן להוצאת ספרים בע"מ
SCHOCKEN PUBLISHING HOUSE Ltd.

Office of the Clerk
J. Michael McMahon

U.S. District court for
The southern District of New York

500 Pearl Street
New York 10007
USA

05-CV-8136

4.9.09

**To be brought to the chambers of Judge Denny Chin not later than 8.9.09 at 10.am.**

Dear Sir,

The scope and the details of the Google Settlement agreement were brought to our attention too late to file an objection in court. Only today I have found out that one can also send a letter to the court in this matter and state our position. Reading the settlement agreement between Google and its American parties, will give Google control of books that are being published all over the world in various countries and languages (for example – all the books of countries who signed the Berne Convention) by enabling it to use the content of publishers and authors books without even letting the rights owners decide on what terms they may agree to this settlement and under what terms they will prefer to use their rights otherwise.

We as an Israeli publisher have no standing in the Registry that is going to be found for this settlement. By not opting out we will be prevented from suing Google in case they will breach our rights as the see fit, according to the settlement agreement.

The new electronic opportunities enable publishers to re publish books whose rights they own, including books that until now the cost of a new print run were too high to re publish. Publishers today can publish their books electronically and sell them to the public in the new forms.

רח' נתן ילין-מור 24 תל-אביב 67015 ת"ד 2316 תל-אביב 61022 טל. (03) 5610130 פקס. (03) 5622668
24 NATHAN YELIN MOR ST. TEL AVIV ISRAEL 67015. P.O.B. 2316 TEL AVIV 61022 TEL. (03) 5610130 FAX. (03) 5622668

According to the Google settlement agreement, the remuneration to these titles to the publisher will be lower than for the "in print books" books.

The term "Out of print" in the agreement refers to the American market and thus all our books that are in the market for sale, including our new titles will be considered by Google as out of print according to their criteria. They will be able to benefit from their content without paying us for our part or full royalty share. (Google checks if books are in print only in the American market).

Among their criteria for example: if the pubisher's income from selling the book is lower than 50% of the income from Google- it will be considered out of print. In a world that with time will become more and more electronic, it may be that in short time Google will get hold of our books without paying for them, or will pay just a portion of the 63% of their income.

On one hand the settlement says that a publisher may decide the price of his electronic book but in another item Google is free to decide what the price will be according to their marketing considerations. Thus the Publisher is robbed from his right to decide on the price of his product. Google may have other considerations than a publisher .

The contract let Google with decide if a book will be removed from the site or not. On one hand the publisher has the right to exclude a book but on the other hand Google, if they think that the book should not be removed they will decide to put it against the publisher's decision. In such a case the publisher will not be able to sue Google.

In case a publisher or group of publishers will or have found their own website where they would sell their electronic books – this settlement builds a formidable competition to the publisher's own books. It may force him to compete with Google prices on his own books.

Agreeing to this settlement as such is giving Google a dangerous monopoly position in the world of books because they nor only aggregate the different publisher's web sites on Google but they are also intervening in the publisher right to manage his own books in the general market,

The settlement gives Google the right to create new ways to exploit the content of books without the need of the publishers consent, including print on demand of the publisher's books.

בית שוקן להוצאת ספרים בע"מ
SCHOCKEN PUBLISHING HOUSE Ltd.

If we take only the print on demand of books as one of the possibility – in such a case Google will sell books of the publisher and thus compete with the ability of the publisher to sell his own books. – This is against any copyright law according to my experience.

Many of our books are translated works from many languages. We control the rights of these translations and some the translation is under copyright when the book itself is on public domain. The copyright of the translation is valid.

In the Settlement agreement, there is nothing that relates to such a situation. In such a case we too may lose our income from the book if Google will scan it.

The American law recognized photocopying of books without the publisher's agreement as a violation of the copyright law.

Scanning books and distributing them all over the world without the publisher or rights owner agreement creates a much bigger offence because through the internet it is much easier to reach all possible users all over the world at once. If it is done by disregarding the right owner rights the economic damage of it is much bigger.

Google is going to give its partner libraries a copy of all digitized books. These libraries will be free to let the research corpus to get into the files free of charge. University libraries today share their books on the internet- thus also international corpus of researchers will be able to get permissions to get into these files through the internet.

Our country is very small- Most of our books are in the Hebrew language. All education institutions are "not for profit institutions". If Google will give books freely o to schools and universities, it may destroy our market for these titles and create a situation that it will be not economic to continue to publish books for the educational institutions.

According to the settlement agreement publishers other than the partners to the settlement agreement, who signed a secret termination agreement with Google, cannot terminate this agreement, according to my understanding of the item-"termination" in the contract..

If time will show that the agreement is against their interest, publishers other than the partners to the settlement, will not be able to terminate it .They are also prevented from suing Google, if I have understood correctly this termination item. This is most unreasonable in my mind in business procedures.

Since we did not know that we can write letters to your honorable court we opted out of the settlement in order to protect our publishing house rights.

רח' נתן ילין-מור 24 תל-אביב 67015 ת"ד 2316 תל-אביב 61022 טל' 5610130 (03), פקס 5622668 (03)
24 NATHAN YELIN MOR ST. TEL AVIV ISRAEL 67015. P.O.B. 2316 TEL AVIV 61022 TEL. (03) 5610130 FAX. (03) 5622668

However we think there is an urgent need either to exclude international publishers books from this Settlement agreement or, to postpone the decision and to enable negotiations with Google where international publishers will get a chance have a standing against Google unilateral controlling decisions on their books, and to adjust the settlement to the situations in different book markets in the world. Etc.

International publishers also need have a membership in the registry board in order to safeguard their rights and interests.

The time that it took me to grasp the scope of this agreement, my lack of legal experience and the language barrier of legal terms and the time limit, maybe I did not bring all possible arguments that can be added to this letter, but the impossible situation of either opting out or losing the chance of going to court against Google, who may monopolize our rights, brought me to write you some of the arguments I have.

Sincerely yours,

R. Edel

Racheli Edelman
Publisher
Schocken Publishing House
Tel Aviv, Israel