3108 Frances Stewart Road
Peterborough, Ontario
K9H 7J8
CANADA
705-742-3265 (office)
705-876-6498 (home)
anndouglas@mac.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-11-09

September 4, 2009

05-CV-8136

Office of the Clerk,
J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

As the author of 28 works of non-fiction, both for adults and for children, as well as numerous anthology contributions, I am writing to vigorously oppose the terms of the Google Books settlement.

The Author's Guild et al v. Google Inc.     Doc. 540

I have three key objections:

1. Google willingly and knowingly violated copyright law. The author's portion of the compensation for such violations amounts to $60 per infringement. This amounts to little more than a tap on the wrist. Normally, the courts attempt to deter future offenses (even in the area of white collar crime) by awarding compensation that is high enough to act as a deterrent. This is simply not the case in this settlement.
2. Google proposes to continue to exploit the copyright of others for its own financial gain. Google is moving forward with a revenue-sharing plan that is highly punitive to the copyright holders. If someone searches for one of my 28 books by title or author, I will be entitled to share in the revenue. If someone searches for my books by keyword (a far more likely scenario) and then reads portions of my book as a result of finding my book during that search, I will not be entitled to share in the revenue.
3. The Authors' Guild should not be the only organization representing the interests of authors. The American Society of Journalists and Authors has played a key role defending the interests of authors and journalists in recent years, particularly in the emerging field of e-rights. ASJA will ensure

that industry standards for e-rights are upheld and that the book trade definition of "out of print" is vigorously defended (ensuring that an author's right to copyright is not tied up indefinitely by token revenues generated via Google Books).

For these three reasons, I urge the Court to strike down the terms of the Google Books settlement.

Sincerely,

*Ann Douglas* (signature)

Ann Douglas

cc.
Counsel for the Author Subclass:
Michael J. Boni, Esq. Joanne Zack, Esq. Joshua Snyder, Esq. Boni & Zack LLC
bookclaims@bonizack.com

Counsel for the Publisher Subclass:
Jeffrey P. Cunard, Esq. Bruce P. Keller, Esq. Debevoise & Plimpton LLP
bookclaims@debevoise.com

Counsel for Google: Daralyn J. Durie, Esq. Joseph C. Gratz, Esq. Durie Tangri Lemley Roberts & Kent LLP
bookclaims@durietangri.com