
# Su Standaard Uitgeverij

MECHELSESTEENWEG 203, B-2018 ANTWERPEN | T +32 3 285 72 00
F +32 3 285 72 99 | info@standaarduitgeverij.be | www.standaarduitgeverij.be

Office of the Clerk
J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
UNITED STATES OF AMERICA



Antwerp, September 3, 2009

Dear Mr McMahon,

We, Standaard Uitgeverij NV, are writing you in regards to the proposed Settlement Agreement between Google Inc., and the Authors Guild and the Association of American Publishers. We would like to raise the following concerns and objections to this Settlement.

### Consequences for European rightholders

Under European copyright law it is forbidden to act as you have done, or are planning to do so, by digitizing and publicising books published under European copyright without prior written permission from the rightsholder. The current proposal for the Settlement seems to be the world turned upside down, as Google can make use of copyright protected works from all over the world (available in American libraries) without the prior consent of rightholders, as long as these rightholders do not opt-out of the Settlement.
We want to contribute to a broad offer of digital content, but always with respect to copyright and on the conditions proposed by the rightholders.

### Determination of commercial availability

According to the settlement Google will initially classify a book as 'commercially available' if Google determines that the rightsholder, or the rightsholder's designated agent is currently offering the book for sale through one or more then-customary channels of trade in the United States. We object to this very limited definition of 'commercially available'.
Because European rightsholders can also be involved in the American Google Book Settlement, European channels of trade should explicitly be taken into account by Google. Indeed, as a consequence of this very narrow definition, a lot of European books are currently considered as non commercially available (while still commercially available in Europe). Therefore, unless European publishers change the classification one-by-one, which places an unnecessary burden on them, Google will be exploiting these books commercially as foreseen in the Settlement.

Furthermore, at this moment we have to prove our case every time we are in disagreement with Google's status of out-of-print. Objecting to the commercial status is not only very timeconsuming, but is should also not be necessary, for as far as exclusive rights are concerned, the rightsholder should be the one who can determine whether a book is still commercially available or not. Particularly in cases where a book may temporarily be out-of-print, even in the European channels, but a reprint is already planned. If Google does take into account the European channels of trade such unnecessary conflicts about the commercial status of our books would not even occur.

If our concerns are not taken into account, we will be obliged to remove all our books and inserts from the Google database and from all servers or sources from which Google or the participating libraries could make any use.

**Bad quality of the database**
The management of bibliographic and rights information on the website of the Google Book Settlement leads to practical problems. Currently, it is extremely burdensome and confusing for a European publisher to claim books in the database. It is therefore urgent that the quality and functioning of the database is improved in order to allow rightsholders to make full use of it.
For example relations between principal works and derivate works (e.g. translations, sublicenses, new editions etc.) seem not to be tracked at the moment. The Settlement refers to the need to group books together if a book is commercially available and a previous edition is also in the database. Publishers thus have to claim the same book several times to be sure that it will be tagged as commercially available.

Our publishing house has a very long history. This means that we have a very long backlist to check against your database, which is, as indicated above, currently very user unfriendly. This also means we have published under names/imprints that are now no longer in use, whereas we are still rightsholder to these titles.

With regard to rightsmanagement we have two other, common, situations.
One is where we have taken over an author from another house. Backlist will then occur under that publisher's name, where we do retain all rights to those titles of that author, and indeed may have reissued some or all of the backlist.
The other is related to the management of sublicensed editions. The name of the sublicensee is given in your database as the main publisher, whereas we have all rights to the work.
The management of all these different names, imprint, titles and rights is very time-consuming, again, mainly because your current system and database seems not to be equipped to handle these different aspects.

**Uncertainty about digitization status**
Another point is that the database gives the rightsholder no certainty about the digitization status of a book. If it has not been digitized on or before May 5, 2009, the claim form does not

give any certainty about whether the book will still be digitized by Google or not. A rightsholder should not have to check this every time, but be informed by Google about this.

**Deadline for making objections or opting out still too short**
The deadline for making objections or opting out is too short after the announcement of the settlement. Especially European rightsholders who weren't part of the negotiations should have enough time to think about the consuequences of the settlement and should have enough time to make a decision with regard to the settlement. The deadline for making objections or opting out should therefore be postponed. This would subsequently mean that the deadline for claiming cash payments also has to be postponed.

We retain all rights we presently and in the future hold to all our works.

Yours sincerely,

Johan de Koning
Publishing Director
Standaard Uitgeverij NV/Manteau/Meulenhoff | Manteau

**A transcript of this letter has been sent by email to:**
**Counsel for the Author Sub-Class: bookclaims@bonizack.com**
**Counsel for the Publisher Sub-Class: bookclaims@debevoise.com**
**Counsel for Google: bookclaims@kvn.com**
**NUV: f.vening@nuv.nl**

**A transcript of this letter has been sent by email and/or post to all our authors and translators.**