# American Association of Petroleum Geologists
An International Geological Organization







SEP - 8 2009

Dr. John C. Lorenz
*President*

Geoflight LLC
Post Office Box 2348
Edgewood, NM 87015-2348
Phone: (505) 231-6235
Fax: (505) 286-9467
E-mail: Johnlorenz@geoflight.net
www.aapg.org

August 30, 2009

Office of the Clerk, J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Google Copyright Settlement: The Authors Guild, Inc., et al. v. Google Inc.,
      Case No. 05 CV 8136 (S.D.N.Y.)

Dear Mr. McMahon,

Please accept this letter as the formal objection of the American Association of Petroleum Geologists (AAPG) to the Google Copyright Settlement referenced above, which is the subject of a fairness hearing on October 7, 2009.

AAPG has elected to "opt-in" to the Google Copyright Settlement only because to not do so may result in circumstances for AAPG more onerous than those resulting from opting out.

AAPG is a professional organization exempt from federal income tax pursuant to Section 501(c)(6) of the Internal Revenue Code. AAPG is dedicated to advancing the profession and science of petroleum geology on behalf of its 33,000 members worldwide and the petroleum industry in which they work. Among other activities, AAPG publishes two peer reviewed journals related to petroleum and environmental geology, has published over several hundred books, CD's, DVD's, and training manuals, and provides on a fee basis online digital access to virtually all of the content of its publications to its members, corporate subscribers, and the public. Throughout AAPG's 92 years of publishing and providing publications to its members, corporate subscribers, and the public, AAPG has done its best to comply with all applicable copyright laws and diligently copyrights its technical publications. AAPG's copyrighted material is, in fact, an important part and source of AAPG's operational and financial well-being. AAPG now finds that much of its copyrighted material has either been illegally digitized or is apparently in the queue for digitization based on the preliminary results of AAPG's search of the publications Google has digitized and/or intends to digitize.

The following summarizes AAPG's concerns with the Google Copyright Settlement Agreement ("the Agreement") as it is currently written:

1. Google broke the law. And as a moderately sized scientific publisher, AAPG is now left with choosing between the lesser of two bad choices: either opting into a poorly drafted settlement agreement, or opting out in order, and potentially be required to take Google to court to avoid losing control over our intellectual property.

2. An opt-in situation amounts to a long term marketing agreement with Google and the Google Book Registry, with no ability to terminate that agreement. AAPG would never, and most businesses would never, enter into a long-term, financial agreement with no ability to terminate the agreement.

3. If Google, or its successors, violates the conditions of the Agreement, AAPG and other participating parties will not have full legal recourse against Google, but rather would be held to arbitration before the Google Books Registry, which, is funded by Google. What reason does AAPG have to trust that the Google Books Registry will be neutral in any controversy between Google and a copyright owner who has opted into the Agreement? And there is no judicial recourse.

4. Settlement terms and the claim processes of the Agreement are exceedingly complex. The administrative costs for AAPG to manage the claims for books and inserts and long term monitoring are at best difficult to quantify at this time, but certainly in excess of the $60.00 per book provided in the Agreement. Future sales revenue of AAPG from this settlement is just speculation and not quantified.

5. The definition of a "Book" as "commercially available" is a critically important provision of the Agreement. The Agreement as written unfairly gives the benefit to Google.

6. The Agreement with Google as written does not specifically state that digital files available for sale, as are AAPG's, are "commercially available," no matter what the format, and, thus, not subject to sale and other use by Google under the Agreement for books that are not currently commercially available. Google has touted how this project will make commercially available otherwise dormant and out of print books. AAPG, as a publisher, has expended considerable resources over the last 15 years to digitize it's out of print publications and those of approximately 25 other geoscience publishers (legally and under contract). This digital content is commercially available by subscription, Pay Per View, and in some cases CD's. In most cases, AAPG provides this digital content to the public on a very affordable chapter-by-chapter basis, which is most appropriate for scientific applications and research. The settling parties apparently had no appreciation for this relatively widely used method of distribution, in that any consideration of the methods by which AAPG distributes its material and the material of others is absent from the Agreement. The lack of such recognition in the agreement favors Google in that AAPG's older books, while digitally available, are treated as out of print, and Google may handle them as such to what will probably be the severe financial detriment of AAPG.

7. Some older technical publications are in fact out of print and unavailable, and should stay that way: in some instances, perhaps, because the technology is out of date. It is extremely doubtful that Google is qualified to make such determinations and, even if it were, would it?

8. The Agreement essentially covers any publisher and potentially any author in the world – probably many tens of thousands of rights holders. It is unreasonable to expect that the entire world will understand and be able to respond to an exceeding lengthy and complex agreement in the short period allotted. The 4 month delay for opt in decisions has been very helpful for AAPG; however, AAPG has found in communicating the issues involved to its affiliated societies and individual authors that most are still unaware of the lawsuit and the Agreement, and assume that

their intellectual property is secure. While perhaps appearing to be adequate when proposed, the notification procedures have proved to be woefully inadequate.

9. While Google obviously violated copyright laws, with intent for commercial gain and opting to beg forgiveness rather than permission, the terms of the Agreement require Google to pay an essentially small entry fee in exchange for the right to be the first holder of digital rights to worldwide knowledge. This will effectively give Google a monopoly on digital book distribution, unless someone else wants to violate copyright laws and mimic Google.

10. The ramifications of this Agreement as they pertain to "orphaned works" are also exceptionally significant. There will be no orphaned works as far as Google is concerned, as their rights holders, unknown though they may be, will have opted in since they do not opt-out. Competitors of Google will have no such rights to orphaned works.

AAPG recognizes the value to be gained by partnering with technology providers, such as Google. In fact, AAPG has voluntarily participated in the Google Scholar program and has previously entered into the Google Books (partners program), while, unknown to AAPG, Google was in the process of unlawfully capturing AAPG's intellectual property off library shelves without its approval.

We hope you will consider our comments during your fairness proceedings on this very important matter.

Sincerely,

*[signature]*

John C. Lorenz
President

cc: Michael J. Boni, Esq.
    Joanne Zack, Esq.
    Joshua Snyder, Esq.
    Boni & Zack LLC
    15 St. Asaphs Road
    Bala Cynwyd, PA 19004

    Jeffrey P. Cunard, Esq.
    Bruce P. Keller, Esq.
    Debevoise & Plimpton LLP
    919 Third Avenue
    New York, NY 10022

    Daralyn J. Durie, Esq.
    Joseph C. Gratz, Esq.
    Durie Tangri Lemley Roberts & Kent LLP
    332 Pine Street, Suite 200
    San Francisco, CA 94104