

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
The Authors Guild, Inc., Association of American :
Publishers, Inc., et al.,                        :
                                                 :
            Plaintiffs,                          :
                                                 :
        v.                                       :   Case No.: 05 CV 8136-JES
                                                 :
Google Inc.,                                     :
                                                 :
            Defendant.                           :
-----------------------------------------------------------x

## OBJECTION OF ALEX M.G. BURTON TO CLASS SETTLEMENT

### 1.   Introduction

Alex M.G. Burton is a member of the Settlement Class. He has authored and owns the copyright for several books including: (1) Just One Kiss Baby: The Alex Burton Papers; (2) The Widest Float in the Parade: An Autobiography, of Sorts; and (3) The Fourth Utility, a How-to-Book for Media Relations. Mr. Burton has not opted out of this settlement, and therefore has standing to challenge the terms of the settlement, the adequacy of the class notice, the certification of the settlement class and the attorneys' fees sought by class counsel.

### 2.   Background

Defendant Google Inc. ("Google") owns and operates a major Internet search engine that, among other things, provides access to commercial and other sites on the Internet. Google has contracted with several public and university libraries to create digital "archives" of the libraries' collections of books, including those of the University of Michigan, the University of California and Stanford University. As part of the consideration for creating digital copies of these collections, the agreement entitles

Google to reproduce and retain for its own commercial use a digital copy of the libraries' archives. (Sec. Am. Compl. ¶ 4.)

The Plaintiffs allege in their live pleading that Google knew or should have known that the Copyright Act, 17 U.S.C.§ 101 et.seq. (the "Act") required it to obtain authorization from the holders of the copyrights in these Books before creating, distributing, and reproducing digital copies of the Books for the University of Michigan library and other libraries providing Books to Google, for its own commercial use and for the use of others. Despite this knowledge, Google has unlawfully reproduced, distributed and publicly displayed the Books, and intends to continue to do so without the copyright holders' authorization.  Google has derived, and intends to continue to derive, revenue from this program by attracting more viewers and advertisers to its website. (Sec. Am. Compl. ¶ 7.)

### 3. This Settlement Class Does Not Meet The Class Certification Prerequisites of Rule 23.

#### a. Applicable Legal Standards

Class certification is governed by Federal Rule of Civil Procedure 23.  The party seeking class certification bears the burden of demonstrating that he or she has met all four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Zinser v. Accuflix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001).  To satisfy subsection (a), plaintiffs must show (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).  Plaintiffs have not met these requirements.

Except for manageability, all other requirements of Rule 23 must be satisfied for a settlement class. *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997). Those specifications of the Rule "designed to protect absentees by blocking unwarranted or overbroad class definitions demand [ ] undiluted, even heightened, attention in the settlement context." *Id.* In particular, inquiry into the predominance element "trains on the legal or factual questions that qualify *each member's case* as a genuine controversy, *questions that pre-exist any settlement." Id* at 623 (*emphasis added).* A court may grant class certification only after a "rigorous analysis" to determine whether all the prerequisites of Rule 23 have been satisfied. *Gen. Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 156 (1982).

If a litigation class cannot properly be certified in this action under Rule 23 for any reason other than manageability, then this settlement class also cannot be properly certified. If a litigation class can be properly certified in this action, this settlement class should not exceed the scope of what would be a proper litigation class. In *Valley Drug Co. v. Geneva Pharmaceuticals,* 350 F.3d 1181 (11th Cir. 2003), the court noted that even if a class certification is not contested, "a court nevertheless has the responsibility of conducting its own inquiry as to whether the requirements of Rule 23 have been satisfied in particular case." *Id.* at 1188.

**b.    The Settlement Class Is Overbroad Because It Includes Members Who Do Not Have Standing.**

In *Denney v. Deutsche Bank AG,* 433 F.3d 253 (2d Cir. 2006), the Second Circuit Court of Appeals noted that no class may be certified that contains members lacking Article III standing. *Id.* at 264. The class must therefore be defined in a way that anyone within it would have standing. *Id.* This putative settlement class, however, is not defined

3

so that all class members have standing. Many class members have not suffered an "injury in fact" which is required to meet the Article III standing requirement. *Id.* At 263. It is undisputed that a majority of class members do not have a ripe damage claim simply because Google has not copied their books or otherwise infringed their copyrights at this point in time.

In addition, the settlement class is so broad that many class members also lack standing for injunctive relief. The Constitution requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the alleged illegal conduct of the defendant. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982). The injury must also be imminent. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). In this case, Google has copied certain books from specific college libraries. The copyright owners of those books have a valid damage claim. The books in the libraries that Google intends to copy in the near future may very well have a valid claim for injunctive relief. However, this current library project is expected to take several more years. For those authors and publishers who do not even have books at the participating libraries, there is no imminent threat that their copyright will be infringed. Any threat for these class members is conjectural and speculative.

For those class members who authored works that have not been copied and are not under imminent threat of being copied, this proceeding imposes upon authors without currently ripe claims a compensation regime binding those authors if and when their copyrights are infringed in the future. To certify this overbroad class which contains

members lacking Article III standing would be directly contrary to the Second Circuit's holding in the *Denney* case.

### c. The Settlement Class Lacks A Predominance Of Common Issues And Adequate Representation.

The putative settlement classes also fail for a lack of predominance of common issues and inadequacy of representation. The author sub-class includes authors who have copyrighted works that have been infringed, authors whose works will likely be copied in the near future and authors whose works may or may not be ever copied. The interests of these disparate groups within the single subclass are not aligned. *See Amchem,* 521 U.S. at 624. As in *Amchem,* a global compromise was reached here with no structural assurance of fair and adequate representation for the diverse groups and individuals affected. *Id.* At 627.

In addition, since the class also includes these disparate groups and interests, common issues do not predominate. Many class members do not even have standing to bring a damages or injunction claim. Google has not infringed and there is no imminent threat of Google infringing these authors' copyrights. Common issues among these members do not predominate, and the settlement classes cannot be certified.

### 4. This Settlement Violates The Rules Enabling Act.

If this settlement is approved, Google is granted a permanent non-exclusive license to nearly every in-copyright book published in the United States. While a copyright owner can sell or license his rights to someone else, Section 204 of the Copyright Act invalidates a purported transfer or ownership unless it is in writing and signed. 17 U.S.C. § 204(a). There is a narrow exception to the writing requirement: Section 101 expressly removes from the scope of Section 204 a "nonexclusive license."

5

A treatise on copyright law states that "[a] nonexclusive license may be granted orally, or may even be implied from conduct. 3 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 10.03 [A] at 10-36 (1989). In this settlement, the overwhelming majority of settlement class members have not given Google a written or oral license. Thus, the sole issue for these class members is whether their conduct, by not taking the affirmative step of opting out of this settlement, creates an implied license to Google.

The first step in this analysis is to determine whether such conduct would be adequate to create an implied license outside of the class action context. For example, assume that Google published a notice in the Albany, New York newspaper that provided that for all authors, publishers, or other copyright owners who reside in that town, Google would provide their books on the Google website in exchange for a fixed percentage of the revenue from any book sales. The hypothetical notice would further provide that if the authors or publishers did not formally notify Google's representative within 180 days of the publication of the notice that they did not want their book on the website, they would be deemed to have granted Google an implied license to use their book. Assume that the deadline passed and Google copied and offered for sale all books from the Albany authors and publishers who did not timely notify Google that they did not want their book on Google's website.

A year later, an Albany author who did not respond to Google's published notice sues Google for copyright infringement. Google's defense is that the author granted an implied license by conduct because the author did not timely notify Google's representative that the author did not want its book on their website.

The law in this area is quite clear. Courts have found implied licenses only in "narrow" circumstances where one party "created a work at [the other's] request and handed it over, intending the [the other] copy and distribute it." *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharmaceuticals, Inc.* 211 F.3d 21, 25 (2nd Cir. 2000) (citations omitted). See also *Country Road Music, Inc., v. MP3.Com, Inc.,* 279 F. Supp. 2d 325, 328 (S.D.N.Y. 2003) ("It is true that in certain narrow circumstances courts have recognized an implied right of limited reproduction where an author physically conveys a work to the party that commissioned its creation… But this line of cases is inapposite. Here, MP3.Com neither commissioned nor received any works from plaintiffs themselves, and MP3.Com obtained a license from parties who could not grant a reproduction right.")(internal citations omitted).

In the hypothetical situation set forth above, the author suing for copyright infringement did not write his book at Google's request and hand it over, intending that Google copy and distribute it. Instead, the author simply did not respond to Google's published notice. The case law is clear that the failure to respond to Google's notice would not be adequate to create an implied license in Google's favor. Now take the same author from Albany and place him in this settlement class. The author simply did not respond to the class notice. Under the terms of the settlement, since the author did not opt out of the settlement he is bound by that agreement and grants Google a non-exclusive license to include his entire book on their website. Google then retains a fixed percentage of the revenue.

The legal issue is whether Rule 23 can be used in this case to modify substantive copyright law and find an implied license by conduct on the sole basis that an author did

7

not opt out of a class action settlement when the author did not create his work at Google's request and hand it over, intending that Google copy and distribute it. Rule 23's requirements must be interpreted in keeping with the Rules Enabling Act which instructs that rules of procedure "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b); *Amchem,* 521 U.S. at 613. No reading of Rule 23 can ignore the Rules Enabling Act's mandate. *Ortiz v. Fibreboard,* 527 U.S. 815, 845 (1999).

The approval of this settlement would modify existing substantive copyright law, and thus, contravene binding Supreme Court precedent and the Rules Enabling act. Consequently, it would be an abuse of discretion for this Court to approve this aspect of the settlement.

### 5. The Notice Of Settlement Was Inadequate.

Rule 23 requires that notice be the best notice practicable under the circumstances and that it must include individual notice to all members who can be identified with reasonable effort. *In re Franklin Nat.Bank Securities Litigation,* 574 F.2d 662, 670 (2d Cir. 1978). It appears, here, that the notice program was the mere publication of the summary notice. There are extensive public records concerning copyright registrations and ownership. The Settling Parties have not met the individual notice requirements of 23(c)(2)(B) because there are a substantial number of class members who can be identified with reasonable effort and thus must receive individual notice. The settlement should be rejected based on inadequate notice.

### 6. The Settlement Does Not Provide Copyright Owners With Fair, Reasonable Or Adequate Compensation For Past Infringement.

The Proposed Settlement provides payments for past copyright infringement of $60 per book. All class members, by definition, have works registered with the copyright office. For infringed works registered with the Copyright Office, the minimum damages to be awarded is $750. 17 U.S.C. § 504(c)(2). In this case, Google has willfully copied millions of books without permission and with full knowledge that some of the books were registered with the copyright office. Google's willful actions were part of a commercial enterprise that continued even after it was sued for copyright infringement. The range for willful violations goes up to $150,000.

In an individual case under these facts, a settlement of $60 for a registered copyright owner would indicate that the Plaintiff only had an extremely small chance of success on the merits for a minimum statutory award and no chance for additional damages based on willful infringement. However, the Plaintiffs' memorandum in support of preliminary approval provides that "Plaintiffs are confident that they could prevail at trial on their copyright infringement claims against Google." (Docket Entry 57 at 29).

Moreover, this case has had very little litigation activity. There has been little or no discovery. No dispositive motions have been decided, let alone filed. No expert reports have been filed. There has been no ruling by this Court that Google's willful copying and distribution of the settlement class member's copyrighted works is justified under the fair use doctrine, as Google contends.

In light of the statutory remedies available to individual class members, the extremely early stage in which this class action settled and the attorneys' fee award being sought (which is equal to the entire estimated settlement amount for damages arising from Google's past copying), it would be wrong to approve the damages aspect of this

9

settlement for past Google infringement. There has not been an adequate assessment of the strengths and weaknesses of the class members' claims, and the $60 per book settlement for past infringement is not adequate.

### 7. The Attorneys' Fees Are Excessive.

In *In re Cendant Corporation Prides Litigation*, 243 F.3d 722 (3d Cir. 2001), the Third Circuit vacated and remanded a 5.7% attorneys' fee award, which resulted in a $19,329,463 fee. *Id.* at 743. The Court was "seriously troubled" by the district court's award, and found that it abused its discretion. *Id.* The Court found that the case "was neither legally nor factually complex and did not require significant motion practice or discovery" by class counsel. A review of the docket sheet in this case demonstrates that there was very little litigation activity in this file prior to settlement. It does not appear that interrogatories, requests for production or requests for admissions were sent or responded to by any party. It does not appear that any depositions were taken. There was no contested motion practice. Despite this, the attorneys' fee is equal to one hundred percent (100%) of the damages being paid to the class due to Google's past copyright infringement. A fee of $45,000,000 is excessive considering the scant amount of litigation activity in this case and the marginal recovery achieved for the class members.

### CONCLUSION

For the foregoing reasons, this settlement classes should not be certified and the settlement should not be approved.

Respectfully submitted,

*John B. Bridge* (signature)

Attorney for Objector Alex M.G. Burton

John B. Bridge, NY Reg. # 2829232
PLEWS SHADLEY RACHER & BRAUN LLP
1346 N. Delaware Street
Indianapolis, Indiana 46202
Tel.: (317) 637-0700
jbridge@psrb.com

## CERTIFICATE OF SERVICE

A copy of the above and foregoing has been served by email and first class mail on this the 4th day of September, 2009 to the following attorneys:

>Michael J. Boni, Esq.
>Joanne Zack, Esq.
>Joshua Snyder, Esq.
>BONI & ZACK, LLC
>15 St. Asaphs Road
>Bala Cynwyd, PA   19004
>UNITED STATES OF AMERICA
>bookclaims@bonizack.com
>>Counsel for the Author Sub-Class

>Jeffrey P. Cunard, Esq.
>Bruce P. Keller, Esq.
>DEBEVOISE & PLIMPTON, LLC
>919 Third Avenue
>New York, NY   10022
>UNITED STATES OF AMERICA
>bookclaims@debevoise.com
>>Counsel for the Publisher Sub-Class

>Daralyn J. Durie, Esq.
>Joseph C. Gratz, Esq.
>DURIE TANGRI LEMLEY ROBERTS & KENT, LLP
>332 Pine Street, Suite 200
>San Francisco, CA   94104
>UNITED STATES OF AMERICA
>bookclaims@durietangri.com
>>Counsel for Google

*[signature]*
John B. Bridge, NY Reg. # 2820232
PLEWS SHADLEY RACHER & BRAUN LLP
1346 N. Delaware Street
Indianapolis, Indiana 46202
Tel.: (317) 637-0700
jbridge@psrb.com

**Everlla Savage**

**From:** Daugherty, Brandon [BrDaugherty@IKON.com]
**Sent:** Friday, September 04, 2009 5:17 PM
**To:** Everlla Savage
**Subject:** FW: Indy file!

Hi Everlla,

See Jeff's note below. Sorry it couldn't get done. Have a great weekend though!

**Brandon Daugherty**
**Sr. Account Manager**
**IKON Office Solutions, Inc.**
*A RICOH COMPANY*
One Indiana Sq. #630
Indianapolis, IN 46204
Office: 317-488-7000
Cell: 317-716-2710

**IKON | Litovation Solutions℠**
*Where Litigation Meets Innovation*

---

**From:** Stotler, Jeffrey
**Sent:** Friday, September 04, 2009 4:53 PM
**To:** Daugherty, Brandon
**Cc:** Keefer, Matthew; Grandison, Oliver
**Subject:** RE: Indy file!

Brandon,

Our guy managed to get there on time but was told by the clerk's office only an original would be accepted not a copy/fax. We got it there on time, but the clerk's office refused to accept a photocopied version.


regards,

Jeff Stotler

**From:** Daugherty, Brandon
**Sent:** Friday, September 04, 2009 4:11 PM
**To:** Stotler, Jeffrey
**Cc:** Keefer, Matthew
**Subject:** FW: Indy file!

for the court, thanks!

**Brandon Daugherty**
**Sr. Account Manager**
**IKON Office Solutions, Inc.**
*A RICOH COMPANY*
One Indiana Sq. #630
Indianapolis, IN 46204

9/4/2009