

THE WRITERS'
UNION OF CANADA
200-90 Richmond Street East, Toronto, Ontario M5C 1P1
T 416.703.8982  F 416-504-9090  www.writersunion.ca

**STATEMENT OF OBJECTIONS**

RECEIVED
SDNY DOCKET UNIT

2009. SEP -8  P 2: 08

To:   Office of the Clerk
      J. Michael McMahon
      U.S. District Court for the Southern District of New York
      500 Pearl Street
      New York, New York 10007
      UNITED STATES OF AMERICA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-11-09

From: The National Council
      The Writers' Union of Canada
      Suite 200 - 90 Richmond Street East
      Toronto, Ontario
      Canada M5C 1P1

We, the undersigned authors and members of the National Council of The Writers' Union of Canada (TWUC), are pleased that the Class Action Settlement in The Authors Guild, Inc., Association of American Publisher, Inc. et al. v. Google Inc. (Case No. 05 CV 8136-JES), includes the establishment of the Book Rights Registry, which will be able to act as a collective society on behalf of authors and publishers. However, we do object to certain aspects of the settlement and request that it be modified to address these issues:

> • A foreign work should not be covered by the settlement and available for digitization by Google if, by January 5, 2009, it has been published only outside the United States and if no edition of it has ever been authorized by the rights holder for distribution within the United States. Nor should a book that is available for purchase only from a rights holder's website in Canada be treated as "not commercially available" by Google in the United States. If, in either of these instances, works are considered to be "not commercially available" and are digitized by Google, this would be tantamount to expropriating the copyrights of foreign rights holders, especially those who may be unaware of the settlement's requirement that they lay claim to their own works by registering with the Book Rights Registry. Authors should not lose control over their works because they fail to sign up in a registry in another country. This undermines copyright and offends the spirit of the Berne Convention, which prohibits registration as a condition of copyright.
>
> • Settlement of the lawsuits against Google should deal only with Google's past wrongdoing. Google should not be entitled to digitize more works published prior to January 5, 2009 unless the rights holders sign up voluntarily with the Book Rights Registry. We believe that many more rights holders will want to sign up with the Registry and that the Google database will continue to grow, notwithstanding any such a restriction on the proposed settlement agreement.

1

- Books already digitized by Google will turn out to be "orphan works" if their authors do not sign up with the Book Rights Registry and claim them. A requirement that rights holders sign up before further works can be digitized and licensed by Google (as we have suggested above) would eliminate the possibility of many more orphan works becoming part of the Google database. This aspect of the settlement, which allows Google to license orphan works, appears to us to be an end-run around the Congressional legislative process. We believe that Congress should pass legislation to deal with the problem of orphan works. For over a decade, there has been a provision in Canada's Copyright Act to deal with the use of a work where the rights holder cannot be located after reasonable efforts have been made to do so. We do not think it is right - or fair to authors who cannot be located - that Google should have the right to license orphan works and profit from them. Nor do we think that the solution to this unfairness is to allow others to make similar uses of an orphan work once it has been initially licensed by Google. We understand that some have suggested this, but we feel that this would be a further encroachment on the rights of an unlocated author who has not signed up with the Book Rights Registry, either by choice or through ignorance. Foreign authors are much less likely than United States residents to know about the Book Rights Registry and their books are more likely to become orphan works.

- Participating libraries should not be entitled to use their digital copies to create print replacement copies of books that are "damaged, deteriorating, lost or stolen" if they are still commercially available. Canada's Copyright Act prohibits such use if an appropriate copy is commercially available.

- All public libraries and non-profit higher educational institutions should pay a licensing fee to have a terminal available for public access even if they choose to provide users with free-of-charge access.

- Authors of foreign works should be represented on the board of the new Book Rights Registry, because we have concerns that are not necessarily shared by authors resident in the United States. For example, if not clarified before court approval of the final settlement agreement, will foreign works available only from a foreign website or works never authorized for distribution in the United States be treated as "not commercially available" by Google in the United States? Foreign rights holders need to be represented because they will have less opportunity to observe how aspects of the settlement will function in practice. For example, they will not often see how access in public libraries will work, because uses authorized by the settlement will only be available to persons in the United States.

- We are potentially enthusiastic about the aspect of the settlement agreement that would allow the Book Rights Registry and Google to decide on new uses not covered by the settlement. But we contend that rights holders should be entitled to

2

choose whether to opt into any such new uses. Although rights holders would be notified in some way, though perhaps only by a posting on the Registry's website, rights holders should not be required to take steps to exclude their books from these new uses if they do not wish to participate in them.

• We are pleased that the Book Rights Registry will be able to enter into licensing arrangements with entities other than Google, but we do not think that Google should be entitled to the benefit of a "most favoured nation" arrangement whereby the Book Rights Registry is unable to make a better deal with another entity without also offering it to Google. Making a better deal with others may be desirable in order to encourage other outlets for authors' works and create competition in the digital marketplace.

We appreciate the opportunity to put our concerns before the Court.

Respectfully submitted by:

Erna Paris, Chair
Alan Cumyn, First Vice-Chair
Michelle Berry, Second Vice-Chair
Merilyn Simonds, Treasurer
Martha Roth, British Columbia/ Yukon Representative
Brian Brennan, Alberta/ Northwest Territories/ Nunavut Representative
Anita Daher, Manitoba/ Saskatchewan Representative
Lawrence Scanlan, Ontario Representative
Peter Dubé, Quebec Representative
Sylvia Gunnery, Atlantic Representative
Jeanette Lynes, Advocate
Myrna Kostash, Advocate
Joanne Arnott, Advocate