Westermann Lernspielverlag · Postfach 4929 · 38039 Braunschweig

# westermann lernspiel

**By Overnight Mail**

Office of the Clerk
U.S. District Court for the Southern District of New York
500 Pearl Street

New York, New York 10007
Unites States of America



03 September 2009

**The Authors Guild, Inc. et al v. Google Inc., Case No. 05 CV 8136 (S.D.N.Y.)**

Dear Sir,

we are a German publishing house having its registered office at Braunschweig, Germany. As a major publisher in the area of educational products we are distributing about 900 different educational books up-to-date for which we are holding the US copyright.

As a so called rightsholder under the Settlement Agreement we

**object**

to the proposed settlement agreement between Google Inc., and the Authors Guild and the Association of American Publishers (the "Settlement Agreement") especially for the following reasons:

Westermann Lernspielverlag GmbH
Georg-Westermann-Allee 66
D-38104 Braunschweig
Bankverbindung:

Tel. +49(0)531 708-795
Fax +49(0)531 708-764
www.luek.de
E-Mail: lernspiel@westermann.de

Geschäftsführerin: Dr. Cornelia Heering
HRB 2352, Braunschweig
USt-IdNr. DE 811126864

1. **Inadequate notice to foreign rightsholders**

    The proposed Settlement Agreement exists in the English language only. It is extensive and contains various legal terms and definitions. Native speakers might be able to comprehend the terms up to a certain point. For foreign rightsholders the Settlement Agreement is not comprehensible at all. The court is being asked to order Google to make available official translations of the Settlement Agreement. The deadline for opting out of the Agreement should be extended until a point in time when foreign rightsholders were allowed access to a translated version of the Settlement Agreement in their mother tongue.

2. **Consequences for European rightsholders**

    Further we would like to express our concerns about the fact that it appears to be possible for American parties to propose a settlement in the United States (US) that has adverse effects on European rightsholders who were not involved in the negotiations of the settlement at any time.

    According to European Copyright Law and the International Copyright Conventions a person or legal entity may only digitize protected works and make these available to the public with the explicit consent of the rightsholder. The current proposal for the Settlement Agreement seems to ignore these international standards and turn the copyright-world upside down as Google shall be able to make use of protected works from all over the world (available in American libraries) without the prior consent of rightsholders, as long as these rightsholders do not opt-out of the Settlement or "remove" their books.

    We are prepared to contribute to a broad offer of digital content and we are willing to cooperate with other parties, however, this should be based on a rightsholder's explicit decision only. The rightsholder shall be free to decide whether and, if the case may be, on which conditions licenses are being granted.

Westermann Lernspielverlag GmbH        Tel. +49(0)531 708-795        Geschäftsführerin: Dr. Cornelia Heering
Georg-Westermann-Allee 66              Fax +49(0)531 708-764         HRB 2352, Braunschweig
D-38104 Braunschweig                   www.luek.de                   USt-IdNr. DE 811126864

3. **Determination of commercial availability**

According to section 3.2 of the proposed Settlement Agreement Google will initially classify a book as 'commercially available' if Google determines that the rightsholder of such book, or the rightsholder's designated agent, is, at the time in question, offering the book for sale through one or more then-customary channels of trade in the United States.

As a consequence most European books (although still commercially available) are currently rated as 'out of print' for they are not registered in US-databases or distributed through the retail channels Google examines.

The commercial availability of a book is decisive for the permitted display uses under the Settlement Agreement. Therefore it should be the rightsholder only who determines the availability of a book. At present the rightsholder is not even able to easily change the determination brought about by Google.

For the above mentioned reasons the Settlement Agreement must at least ensure that – as long as Google will initially classify the availability of a book –

a) all channels of trade (with no limitation to US channels of trade) shall be decisive for the commercial availability and

b) Google will have to analyse reliable third-party metadata of European origin next to the US-databases and

c) all editions of a book shall be classified as commercially available as long as only one edition is still being distributed and

d) any rightsholder can easily change the classification brought about by Google for any given book at any time.

Even if a certain edition of a book is no longer commercially available, the exploitation by Google of such edition causes considerable harm to the rightsholder, because the former edition can often be used for the same purpose and in the same manner as the current (possibly revised) edition.

Westermann Lernspielverlag GmbH
Georg-Westermann-Allee 66
D-38104 Braunschweig

Tel. +49(0)531 708-795
Fax +49(0)531 708-764
www.luek.de

Geschäftsführerin: Dr. Cornelia Heering
HRB 2352, Braunschweig
USt-IdNr. DE 811126864

**4.   Lack of representation of non-US rightsholders in the Book Rights Registry (BRR)**

The Settlement Agreement stipulates the formation of a BRR. According to section 6.2 (b) the *"Registry will be organized on a basis that allows the Registry, among other things to (i) represent the interest of Rightsholders in connection with this Settlement Agreement...The Registry will have equal representation of the Author Sub-Class and the Publisher Sub-Class on its Board of Directors..."*

The BRR will have to represent US-rightsholders as well as foreign rightsholders and negotiate important matters including terms of new revenue models on their behalf. For compelling reasons the Settlement Agreement has to ensure an adequate participation of non-US rightsholders in the Board of Directors.

We additionally join in the objections that have been presented to the Court by Scott Gant and the group of foreign publishers and publishing associations that includes the Börsenverein des Deutschen Buchhandels and others, for the reasons presented to the Court by those individuals and entities.

Yours sincerely,

Dr. Cornelia Heering
Westermann Lernspiel Verlag

Westermann Lernspielverlag GmbH     Tel. +49(0)531 708-795     Geschäftsführerin: Dr. Cornelia Heering
Georg-Westermann-Allee 66           Fax +49(0)531 708-764      HRB 2352, Braunschweig
D-38104 Braunschweig                www.luek.de                USt-IdNr. DE 811126864
                                    E-Mail: lernspiel@westermann.de