

### Non-Profit Organization
# Watakushi, tsumari Nobody

Nihonbashi-Muromachi Bldg. 7th floor
3-3-16 Nihonbashi Hongoku-cho Chuo-ku, Tokyo 103-0021, JAPAN
E-mail:info@nobody.or.jp    URL=http://www.nobody.or.jp/

GS-001

September 3, 2009

VIA AIR MAIL (EMS)

Google Book Search Settlement Administrator

c/o Rust Consulting

PO Box 9364

Minneapolis, MN 55440-9364

The United States of America

Attention: The Settlement Administrator

Dear Sir/Madam

```
┌──────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:                       │
│ DATE FILED:  9-11-09         │
└──────────────────────────────┘
        05-CV-8136
```

#### Re: Opting Out of the Google Book Search Settlement

Enclosed herewith please find our Statement about Opting Out together with its attachments including the list of applicable works. We, a Japanese Non-Profit Organization "Watakushi, tsumari Nobody," successor to the copyrights in the works of the philosopher and writer, Akiko Ikeda (1960-2007), thereby state and express our rejection to the Settlement and request to opt-out of the Settlement.

Please let us know if you have any questions or need any further information.

Very truly yours,

Minoru Ito, Managing Director
NPO Watakushi, tsumari Nobody

*(Seal: TOKYO LEGAL AFFAIRS BUREAU NOTARY OFFICE NO 1-10, NIHOMBASHI, KABUTO-CHO CHUO-KU TOKYO JAPAN)*

MI/mi

ENCS   1. Statement about Opting Out of the Google Book Search Settlement (in English / Japanese)

2. Attachment 1 (Details on the author, rights-holder and the list of the applicable works)

3. Attachment 2 (Detailed statement on the reason why we reject and opt-out of the proposed Settlement)

Cc:  J. Michael McMahon, Clerk of Court, U.S. District Court for the Southern District of New York

## Statement about Opting Out of the Google Book Search Settlement

In connection with the class action lawsuit involving copyright infringement claims for Google Book Search (The Authors Guild, Inc. et al. v. Google Inc., 05 CV 8136: S.D.N.Y.), we, the Non-Profit Organization "Watakushi, tsumari Nobody," successor to Akiko Ikeda (1960-2007)[1][2] in regard to the copyrights in her works, hereby state and express our objection to the Settlement and intention to notify the Settlement Administrator of our request to opt-out of the Settlement.

Recognizing that this lawsuit touches the core essence of the activities of writing and publishing literature, and asks us how such activities should be and exist, we carefully reviewed the facts, outline of the case, and provisions of the proposed Settlement.

As a result, first, we noticed that most of the books written by Akiko Ikeda could be scanned by Google, and a part of them might have already been scanned without our authorization. There is a high likelihood that such actions would, even under the Copyright Law of the United States, constitute copyright infringement.[3]

Second, given this uniquely American "Class Action" type lawsuit, we found that the Japanese authors would not be adequately represented by the US plaintiffs, and it is a mistake to include authors from non-US Berne Convention member countries into the Settlement Class. We became convinced that we are disrelated to this Google Book Settlement.

Third, upon reviewing the provisions of the Settlement, we came to the conclusion that, in any case, we cannot accept Google's claims in the lawsuit, the concept of their book search projects, nor the provisions of the Settlement as they are now.

Certainly, by solely focusing on the exploitation of literary works, the option of accepting the Settlement and then restricting Google's use of the books written by Akiko Ikeda is an option. However, the concept of Google Book Search itself, which is the premise of the Settlement, could be detrimental to the originality and diversity each country has in the activities of writing and publishing literature. The very root of this issue, the adoption of a one-size-fits-all rights clearance for the world's literary works, without consideration to the variety of perspectives on language and culture, thoughts towards authors and literary works and their historical backgrounds, legal systems and customs and business practices, and with a view of treating books only as properties having commercial value, we have no choice but to find audacious and unthinkable. Accepting the concept of Google Book Search by agreeing to the Settlement seems akin to being complicit in the rebuilding of the Tower of Babel.

# Google Book Search 和解からの離脱声明
## Statement about Opting Out of the Google Book Search Settlement

Google Book Search 著作権侵害集団訴訟（The Authors Guild, Inc. et al. v. Google Inc., 事件番号：05 CV 8136；S.D.N.Y.）に関し、文筆家・池田晶子（1960－2007）の著作権承継者である私たち「特定非営利活動法人わたくし、つまり Nobody」は、以下のとおり和解案への拒絶を表明し、本件の和解管理者に対して、当該和解からの離脱を申入れます。

　私たちは、当該訴訟事件が、著述および出版という営みの本質に関わり、そのあり方を問うものとの認識のもとに、事実関係、事件の概要、そして和解案の内容を慎重に検討してまいりました。

　その結果、まず、池田晶子を著者とする書籍の大半がグーグル社によってスキャニングされるおそれのあること、その一部は私たちの許諾なく既にスキャンされた可能性のあることを認めました。これは米国著作権法下でも、著作権侵害の疑いが極めて高い行為です。

　また、この訴訟事件は米国特有の「集団訴訟」によるものであるところ、米国の原告により日本の著作権者が適切に代表されているとは言い難く、その原告「集団」の構成員に米国以外のベルヌ条約同盟国の著作権者を含むとしたことは誤りであり、私たちは当該和解に無関係であると確信するに至りました。

　そして、和解案の内容を検討した結果、当該訴訟事件に関するグーグル社の主張と構想、ならびに現状の和解案は、いずれにしても認容できないとの結論に達しました。

　たしかに、著作物の利用態様のみを考えれば、たとえば和解案を認容したうえで池田晶子の著作につき利用を制限する選択もあるでしょう。しかし、前提とされているグーグル社の構想そのものが、著述、出版活動における各国の固有性と多様性を毀損させかねないものであります。私たちはこの問題の根底に、彼我の言語文化観、著作者および著作物に寄せる歴史的思想背景、また法体系や法慣習、商慣習の相違を考慮することなく、書籍を商業財としてのみ捉えたうえで、世界中の著作物の権利処理をいちどに行なおうとすることの無謀と不可能を認めざるを得ません。

　このまま和解案を認容してグーグル社の構想を受け入れることは、いわば、再び造られつつあるバベルの塔の増長に加担する行為にすら思われます。

　私たちは、文筆家・池田晶子の言語観と書籍出版への意思を尊重する著作権承継者として、この和解案の内容、そしてその前提とされているグーグル社の構想に賛同することができません。

　以上の事由によって、私たちは、現状の和解案の内容を拒絶し、和解から離脱することをここに表明します。

　同時にこの表明がグーグル社およびその関連会社に対する私たちの著作権その他の権利の主張・行使に何らの影響を与えないことを確認します。私たちが承継した池田晶子の著作物とこれに対する権利を、グーグル社およびその関連会社が無断で利用することを断固、拒否するものであります。

　　なお、離脱する著作権者と該当する著作物(書籍)の表示を、添付書面１．としてこの声明に添付します。
　　また、和解案を拒絶して離脱に至る具体的な理由を詳述し、添付書面２．としてこの声明に添付します。

　以上、声明いたします。

２００９年８月１５日

　　　　　　　（池田晶子著作権承継者）特定非営利活動法人 わたくし、つまり Nobody

【 添付書面 1 / **Attachment 1** 】

### 著者と権利者、書籍の表示 / **Indication of Author, Rights-holder and Books**

#### 著者 / **Author**

池田晶子 Akiko Ikeda（1960－2007）　文筆家 / Philosopher and Writer

日本語による「哲学（メタフィジカル）エッセイ」という新たな文芸ジャンルを確立し、広範な読者を得るとともに、1990 年代以降の日本におけるいわゆる哲学ブームを牽引した。
（※ 同姓同名、あるいは姓名の音を同じくする著者が複数人いることに注意されたい）

　Akiko Ikeda is known as the leading female writer of "metaphysical essays," and a pioneer of the new area of literature, which led to the so-called "philosophy boom" in Japan after 1990's.
（Please note that there are quite a few Japanese female authors who have names identically pronounced and written as "Akiko Ikeda" in the English alphabet.）

#### 権利者 / **Rights-holder : successor of the copyrights of Akiko Ikeda**

（名称）特定非営利活動法人　わたくし、つまり Nobody
（Name）Non-Profit Organization Watakushi, tsumari Nobody

（住所）東京都中央区日本橋本石町 3－3－16　日本橋室町ビル 7F（〒103－0021）
（Address）Nihonbashi-Muromachi Bldg.7F, 3-3-16 Nihonbashi Hongoku-cho Chuo-ku, Tokyo, 103-0021, JAPAN　　　　　　　　　　　　　　URL=http://www.nobody.or.jp/

#### 書籍 / **Books : the list of applicable works**

以下に列記する書籍が、現在までに書籍として出版された文筆家・池田晶子の著作物であり、私たちが保有する著作権の対象となる書籍である。私たちは、これらの書籍と所収作品が、グーグル社および その関連会社によって、無断で利用されることを拒否するものである。なお、将来に、同著者の著作物として出版される書籍、作品についても同様であるのは言うまでもない。

　The following books contain applicable works of Akiko Ikeda, for which Watakushi, tsumari Nobody has copyright and other rights.　Please note that the following list is current as of the date of the Statement about Opting Out and shall be updated upon future publication of any book which contains a literary work of Akiko Ikeda.

> 書名 / book title
> ISBN 10 桁コード、13 桁コード / ISBN 10 digit code, 13 digit code
> 出版社 / publisher
> 刊行年月 / publication date (year and month)
> （※ 注記事項 / note ）

(01)　『最後からひとりめの読者による「埴谷雄高」論』
ISBN 4309710603 , 978-4309710600
河出書房新社
1987 年 8 月
（※ 著者の意思により絶版。所収作品を改稿し、他社刊行の書籍に再編）

(02)　『事象そのものへ！』
ISBN 4831871850 , 978-4831871855
法藏館
1991 年 7 月
（※ 著者の意思により絶版。他社より新装版刊行の予定）

(03) 『メタフィジカ！』
ISBN 4831871974 , 978-4831871978
法藏館
1992 年 4 月
(※ 著者の意思により絶版。所収作品を他社刊行の複数の書籍に再編)

(04) 『考える人　口伝（オラクル）西洋哲学史』
ISBN 4120023559, 978-4120023552
中央公論新社
1994 年 8 月
(※ 同内容、同書名の文庫本を刊行したことで、現在、新本は入手不可能)

(05) 『帰ってきたソクラテス』
ISBN 4104001015, 978-4104001019
新潮社
1994 年 10 月
(※ 同内容、同書名の文庫本を刊行したことで、現在、新本は入手不可能)

(06) 『オン！　埴谷雄高との形而上対話』
ISBN 4062077159, 978-4062077156
講談社
1995 年 7 月

(07) 『悪妻に訊け』
ISBN 4104001023, 978-4104001026
新潮社
1996 年 4 月
(※ 同内容で書名を改題した文庫本を刊行したことで、現在、新本は入手不可能)

(08) 『メタフィジカル・パンチ　形而上より愛をこめて』
ISBN 4163522506, 978-4163522500
文藝春秋
1996 年 11 月
(※ 同内容、同書名の文庫本を刊行したことで、現在、新本は入手不可能)

(09) 『睥睨するヘーゲル』
ISBN 4062084112, 978-4062084116
講談社
1997 年 1 月

(10) 『さよならソクラテス』
　　　ISBN 4104001031, 978-4104001033
　　　新潮社
　　　1997 年 12 月
　　　(※ 同内容、同書名の文庫本を刊行したことで、現在、新本は入手不可能)

(11) 『残酷人生論』
　　　ISBN 4795811938, 978-4795811935
　　　情報センター出版局
　　　1998 年 3 月

(12) 『考える人　口伝(オラクル)西洋哲学史』(中公文庫)
　　　ISBN 4122031648, 978-4122031647
　　　中央公論新社
　　　1998 年 6 月 (※ 1994 年 8 月刊行の、同名の単行本を文庫化したもの)

(13) 『考える日々』
　　　ISBN 4620312754, 978-4620312750
　　　毎日新聞社
　　　1998 年 12 月

(14) 『死と生きる　獄中哲学対話』(共著・陸田真志)
　　　ISBN 410400104X, 978-4104001040
　　　新潮社
　　　1999 年 2 月

(15) 『魂を考える』
　　　ISBN 4831871680, 978-4831871688
　　　法藏館
　　　1999 年 4 月
　　　(※ 著者の意思により絶版。所収作品を他社刊行の複数の書籍に再編)

(16) 『目で見るものと心で見るもの』(共著)
　　　ISBN 4794208847, 978-4794208842
　　　草思社
　　　1999 年 6 月
　　　(※ 同書籍は入手困難。所収作品を他社刊行の『死とは何か』に収載)

(17) 『考える日々Ⅱ』
ISBN 4620314137, 978-4620314136
毎日新聞社
1999 年 12 月

(18) 『考える日々Ⅲ』
ISBN 4620314900, 978-4620314907
毎日新聞社
2000 年 12 月

(19) 『REMARK』
ISBN 4575291951, 978-4575291957
双葉社
2001 年 2 月
(※ 著者の意思により絶版。所収作品に新篇を加え、他社刊行の書籍に再編)

(20) 『2001 年哲学の旅』
ISBN 4104001058, 978-4104001057
新潮社
2001 年 3 月

(21) 『テロ以降を生きるための私たちのニューテキスト』（共著）
ISBN 4048837168, 978-4048837163
角川書店
2001 年 11 月

(22) 『帰ってきたソクラテス』（新潮文庫）
ISBN 4101206317, 978-4101206318
新潮社
2002 年 4 月（※ 1994 年 10 月刊行の、同名の単行本を文庫化したもの）

(23) 『ロゴスに訊け』
ISBN 4048837478, 978-4048837477
角川書店
2002 年 6 月

(24) 『ソクラテスよ、哲学は悪妻に訊け』（新潮文庫）
ISBN 4101206325, 978-4101206325
新潮社
2002 年 9 月（※ 1996 年 4 月刊行の単行本を、改題して文庫化したもの）

(25) 『14 歳からの哲学　考えるための教科書』
ISBN 4901510142, 978-4901510141
トランスビュー
2003 年 3 月

(26) 『あたりまえなことばかり』
ISBN 4901510134, 978-4901510134
トランスビュー
2003 年 3 月

(27) 『新・考えるヒント』
ISBN 4062121638, 978-4062121637
講談社
2004 年 2 月

(28) 『さよならソクラテス』（新潮文庫）
ISBN 4101206333, 978-4101206332
新潮社
2004 年 4 月（※ 1997 年 12 月刊行の、同名の単行本を文庫化したもの）

(29) 『41 歳からの哲学』
ISBN 4104001066, 978-4104001064
新潮社
2004 年 7 月

(30) 『メタフィジカル・パンチ　形而上より愛をこめて』（文春文庫）
ISBN 4167679329, 978-4167679323
文藝春秋
2005 年 2 月（※ 1996 年 11 月刊行の、同名の単行本を文庫化したもの）

(31) 『伝え合う言葉　中学国語 3』（教科書・共著）
ISBN 4316200771, 978-4316200774
教育出版
2005 年 3 月

(32) 『勝っても負けても　41 歳からの哲学』
ISBN 4104001074, 978-4104001071
新潮社
2005 年 8 月

(33) 『人生のほんとう』
ISBN 4901510401，978-4901510400
トランスビュー
2006 年 6 月

(34) 『知ることより考えること』
ISBN 4104001082，978-4104001088
新潮社
2006 年 10 月

(35) 『14 歳の君へ　どう考えどう生きるか』
ISBN 4620317888，978-4620317885
毎日新聞社
2006 年 12 月

(36) 『君自身に還れ　知と信を巡る対話』（共著・大峯顯）
ISBN 4894163772，978-4894163775
本願寺出版社
2007 年 3 月

(37) 『人間自身　考えることに終わりなく』
ISBN 4104001090，978-4104001095
新潮社
2007 年 4 月

(38) 『暮らしの哲学』
ISBN 4620318205，978-4620318202
毎日新聞社
2007 年 6 月

(39) 『リマーク　1997–2007』
ISBN 4901510533，978-4901510530
トランスビュー
2007 年 7 月
（※ 著者の意思により絶版した他社・刊の『REMARK』に、新篇を加え再刊行したもの）

(40) 『人生は愉快だ』
ISBN 4620319155，978-4620319155
毎日新聞社
2008 年 11 月

(41) 『魂とは何か　さて死んだのは誰なのか』
ISBN 4901510738, 978-4901510738
トランスビュー
2009 年 2 月

(42) 『私とは何か　さて死んだのは誰なのか』
ISBN 4062154196, 978-4062154192
講談社
2009 年 4 月

(43) 『死とは何か　さて死んだのは誰なのか』
ISBN 4620319279, 978-4620319278
毎日新聞社
2009 年 4 月

(44) 『14 歳開始的哲學　學習思考的第一本書』
ISBN 9861340041
先覺出版社（中華民国・台北）
2003 年 3 月
（※ 台湾で出版された『14 歳からの哲学』の翻訳書。書名の表示は繁体字）

(45) 『14 才開始的哲学　学習思考的第一本書』
ISBN 7536666659
重慶出版社（中華人民共和国・重慶）
2006 年 1 月
（※ 中国で出版された『14 歳からの哲学』の翻訳書。書名の表示は簡体字）

(46) 『14 歳からの哲学』
ISBN 8988613171
MINDLE（大韓民国・ソウル）
2006 年 3 月
（※ 韓国で出版された『14 歳からの哲学』の翻訳書。書名の表示はハングル）

以上

【 添付書面２ / Attachment 2 】
和解案を拒絶し、和解から離脱する理由 ── 読者、著作者、著作権者の皆さまに向けて
The reason why we reject and opt-out of the settlement ; for all Readers, Authors and Rights-holders.

[はじめに] そもそもの疑問 ── なぜグーグル訴訟に巻き込まれるのか

　　私たちは、文筆家・池田晶子（いけだ あきこ 1960-2007）の著作権承継者として、その著作権を保有・管理している NPO 法人であり、2009 年 2 月に発表された本件和解管理団による通知書によれば、グーグル・ブック検索訴訟の当事者であると指摘された外国の著作権者に該当した。

　　このことをうけ、まず事実関係を調査したところ、池田晶子を著者とする書籍の大半は、グーグル社によってスキャニングされる予定のリストに掲載されており、とくに 1987 年 8 月に河出書房新社から刊行された書籍『最後からひとりめの読者による「埴谷雄高」論』については、既にグーグルによってスキャニングされデジタル化されているか、あるいは、本年 5 月 5 日までにスキャニングされる予定の書籍であったことが確認された（この書籍が、著者の意思によって絶版されたものであること、そのことが本件和解契約においてどのような意味をもつのかについては後述する。なお、グーグルが掲載するインターネット上の書籍情報は常に更新されているようであり、当事者である著者、出版社といえども、掲載内容やその意味する実態を常に把握することは困難で、詳細は不明であると言わざるを得ない）。

　　著作権者に許諾されていない状態での書籍全体の無断スキャニングと複製、そして、デジタル化されたデータのアップロードは、わが国の制度上、著作権侵害行為であるのは無論のこと、米国著作権法下においても著作権侵害行為を構成する疑いが濃い。なるほどグーグルは米国著作権法上のフェアユース（公正利用）に該当すると主張しているところであるが、この点に争いがあるからこそ、全米著作権組合や米国の各出版社は著作権侵害を理由に提訴に及んだものであり、和解契約も、グーグルによるスキャニング行為を「フェアユース（公正利用）」だと確認したわけではない。
　　そうだとすれば、グーグルが米国において無断でスキャニングを行なった書籍のデータを利用しようとする場合、全文表示は無論のこと、抜粋や部分表示などであっても、本来、権利者の許諾なくしてこれを行なうことはできないはずのものである。

　　そこで、私たちは、なぜこの訴訟に当事者として巻き込まれなければならないのか、また、仮にも、和解管理団の主張するとおり訴訟の当事者であるとするならば、現に書籍を無断スキャニングされつつある著作権者として、提示された和解案の内容は認め得るものなのか、議論を重ねた。

[１] 腑に落ちないこの話 ── 本件は米国の国内問題に戻すべきだ

　　少なくとも米国外の著作者にとって、誰がどのように考えても、この集団訴訟と和解案には疑問の種が尽きない。今回、日本の権利者はもちろんのこと世界百数十カ国に及ぶ外国人権利者は、突然にこの事件に接し、その「和解案」なるものによって態度を顧慮せねばならないとされた。われわれ日本の著作者・著作権者は本当にこの米国の裁判の当事者なのだろうか？

2009.08.15　NPO 法人わたくし、つまり Nobody

　和解契約書をひも解くと、作家と並んで出版社も著作権者と扱われているなど、その内容はいかにも米国国内に向けたものであり、その一方、外国の著作者に関する規定はほとんどない。そして、和解の条件は、過去にグーグルが行なった無断スキャニング行為の補償にとどまらず、むしろ将来を見据えたライセンス条件に比重があるとおぼしきものである。

　そもそもこの事件は、米国の一営利企業であるグーグルを、同じく米国の全米著作者組合と、続いて全米出版者協会が訴えた著作権侵害事件である。グーグルによる書籍の無断スキャニングに端を発した、グーグルと米国の著作権者との間における紛争であり、その解決の方法として、著作物の利用をめぐる和解交渉がなされているにすぎない。問題の核心部分は、書籍のデジタル化をめぐり、米国内で著述や出版にたずさわる作家、出版社、グーグルの間ですすめられた著作物の利用許諾（米国ふうに言えば、著作物のライセンス契約）交渉であるとみえる。

　米国に特有の集団訴訟という形をとっているが、和解契約上の「集団（クラス）」の規定ぶりをみると、外国の著作者の範囲は、契約書上の定義では確定せず、通知書の規定を追うとベルヌ条約に言及がなされるものの、最終的には、米国の著作権法上の外国著作物保護の「解釈」に委ねられているように読めるものだ。

　これに加えてさまざまな疑問がある。たとえば「集団（クラス）の構成員」とされた者（例：われわれ日本の権利者）に対して、十分な告知を行なっていないことによる手続上の違反の可能性。裁判所が「クラスの認証」を行なう際に、同様の訴訟制度が他国（たとえば日本）にないにも拘らず、そのような国の著作者までクラスに含ませたのは正しいのかという問題。そもそも今回の原告は、全世界的に広範な集団を適切に代表しているのかという疑問。そして、仮に、彼らの思うように和解が成立したとしても、米国特有の集団訴訟制度の和解とは外国裁判所の確定判決なのか、日本における公の秩序に反しないのか（民事訴訟法１１８条）といった問題について、先例はない。

　なぜか、この和解案の内容やグーグル事件の解説（グーグルが用意した「ヘルプ」）を一覧すると、われわれ外国の著作権者が、いかにも当事者として確定されているように感じられてしまうものだが、それは和解管理団による本件の通知が、外国の著作権者に対して、あなたは当事者だと言い切っているからであり、これこそ彼らの一方的な論理構成なのであって鵜呑みにすることはできない。

　つまり、国際条約である「ベルヌ条約」の適用と、現実に、また法的にも疑問のある「集団訴訟」制度の拡大適用（ベルヌ条約同盟国のすべての著作権者をこの事件の原告「集団」の構成員であるとみなし、これに、和解契約案への諾否は期限内に何らかの申出がなければ同意したこととする集団訴訟制度の「オプトアウト」方式を組み合わせること）によって、世界中の著作権者がこの事件に巻き込まれてしまった。私たちも、その一人である。

　外国の著作者への適用に際し、彼らが言及するベルヌ条約は、そもそも作家の権利や立場を国際的に保護するためのものである。とりわけベルヌ条約第９条（１）は、著作者は「著作物の複製（その方法及び形式のいかんを問わない。）を許諾する排他的権利を享有する」と規定しており、これを加盟国が立法で制限するには、いわゆるスリーステップテストの三つの条件を充たすことが必要とされている。強制許諾や法定許諾が認められる場合の条件も厳格に規定されている。

　このベルヌ条約は国家間の約束であって、米国の一民間企業に直接適用されるものではなかろうが、

今回の集団訴訟がオプトアウト式の和解によって、現実に、全ベルヌ同盟国における著作権者を、例外なく巻き込んでいること、グーグルが検索技術とビジネス戦略により世界を制した超巨大ＩＴ企業であること、そのスキャンの対象は英米の五大図書館の蔵書すべて（当然ながら世界の著作物が網羅されている）を含み、既にその大半の作業を終えているとされること、上述のとおり和解契約の主たる内容は、むしろ将来にわたるライセンス条件であること、などを考えると、事実上、この和解契約のもつインパクトはたんなる私人間の約束といった生易しいものではない。

　この和解契約がこのまま認められた場合には、ベルヌ条約との関係でも、著作者の排他的な権利である複製権の保護、著作者人格権の保護（後述するが、この点は私たちにはとくに見逃せない）、孤児作品の取り扱いなどの点で、実質的に、国際約束上各国が義務を負うはずの著作権の保護をないがしろにするものではないかとの疑問を、抱かざるを得ない。

　以上のような観点から、私たちは、少なくとも現状の和解案を前提とするかぎり、われわれ日本の著作権者は「集団」の構成員ではなく、われわれと和解案は本来無関係である、と考えるに至った。また、この和解案が国際的に適用されるに適当なものとは言い難いと考える。

　そもそも著作物の利用案件であるなら、実際の手続は全く逆で、個々の著作物ごとに、利用する側が権利者に許諾の申請をするのが本来の姿ではなかったか、それが従来、わが国のみならず各国の出版界の常識ではなかったか。

　いや、それでもなお「集団訴訟」として包括的に処理したいと言うのなら、どうぞ米国の著作物だけを対象に、米国籍の当事者間で国内問題としてやってくれ、どうか外国の著作物とその権利者に余計な迷惑をかけるなと、彼らを諭すよりほかに途はない。仮にグーグル・ブック検索が米国内での使用に限られ、あくまで米国で保護される著作権の枠内の話であるとしても、である。

　では、その一方、提示された和解案の内容はいかなるものか。和解案の内容を論ずるうえでとりわけ看過できない点を以下に詳述するが、結論として私たちは、条件の如何をさておき、この和解案が著作物の商業的利用を目的とするものであること、その根本に書籍を商業財として捉え、書籍の内容を「情報」としてのみ扱う姿勢があることを認めざるを得ない。そして、和解の前提であるグーグルの全世界情報図書館構想に、にわかに賛同しがたい疑問を覚えるのである。

　しかし、以上のように彼らの矛盾点を炙り出し、こちらが何に腹を立て、何をおかしいと考えているか、今回の和解契約案が如何に無茶かと、万全な「異議申立」をすることは、米国の訴訟実務に通じた専門家の助けなしには不可能であり、私たちのような海外の一非営利法人や個人にとっては過度に重い負担である。離脱するとき理由は不要、と和解案は言うが、私事ゆえに理由を書いているのではない。そもそも異議を申立てること自体、グーグルの用意した土俵にこちらから上がることになってしまう。それこそがグーグルと和解管理団の思う壺、かもしれず、癪なこと、甚だ極まりない。

　世界中の関係者が懐疑し、紛糾し、この問題に振り回されている。だが、その振り回されていることが、じつは最大の問題なのだ。いま大切なことは、和解案の是非を論議しているつもりが、気がつけば、グーグルの用意した土俵に上がってしまっているという愚を犯すことではなく、権利者としての自覚をもって、この問題の本質を見極め、自身の振舞いを決めることである。

2009.08.15　NPO法人わたくし、つまり　Nobody

知らない内にひとの本を無断でスキャニングしたのはグーグルである。それを勝手に騒いで事件化し、自分たちは「和解」の道を用意した、あなたも関係者だから、和解を受け入れるか判断しろ、嫌ならば申し出ろ、期限までに文句を言わなければ和解に同意したことにする、と言うのはグーグル（と米国の作家組合・出版社）である。

そんなべらぼうな相手が創設するという「版権レジストリ」なる正体不明の組織が、今後は著作物を管理すると聞かされるに及んでは、信用しろというのが無理な話ではないか。

文筆家・池田晶子は、言葉と著作物をモノ扱いすることを何より嫌った。

> 「書く」ということは、この指で、この力で、一字一字を書くことだ。掴まえた考えを言葉に封じ込め、この世の地面に刻み込むことだ。　（池田晶子「転ばぬ先の知恵」より『死とは何か』所収）

> 言葉と自分が一致していない人生は不幸だ。…… 本当の言葉においてこそ、人は自分と一致する。言葉は、自分そのものなのだ。…… 自分の語る一言一句が、自分の人格を、自分の人生を、確実に創っているのだと、自覚しながら語ることだ。そのようにして、生きることだ。
> （池田晶子「言葉の力」より 上掲書 所収）

生涯を、そのように書き、語った著者である。こんな不躾で突然の、著者と作品に対して無礼極まる振舞いは大嫌いだ！と、きっと怒り心頭で、週刊誌などで派手に啖呵を切っているにちがいない。


## ［２］「グーグル大情報図書館ネットワークの夢」―― いまこそ各人で考えよう、
### この問題は、未来の著作者にも影響する

なぜ、グーグルは、書籍のスキャニングを無断で行ない続けたのか。彼らは権利意識に敏感であり、いずれ著作権侵害のクレームがなされることなど容易に予想できたはずである。そして、ひとたび訴訟が起きれば、こんどは和解だといって、和解契約への参加を「権利」として一律に適用し、他国の制度や価値観、商慣習を飛び越え、その判断を世界中の権利者に迫ってくる。どうしてこうなってしまうのだろう？

グーグルという会社の企業風土なのだろうか。グーグルは、外部から連絡をとることが非常に困難な企業である。いくら連絡を乞うても、「自分たちが必要と判断したら連絡する」との態度を改めない。そして「ストリートビュー」のようにあらゆるデータを網羅する型のプロジェクトにとりわけ熱心し、その際、データにとり込まれる側にいる他人の存在、その権利や心情への配慮を欠く傾向にある。

それは、グーグルとその人々が、技術（テクノロジー）を標榜していることと無縁ではないだろう。技術系の人は優れて可能性の追求者である。新しい技術を生み、できなかったことを実現しようとする、それは技術を手にする人間の一種の習性だ。彼らは「何ができるのか」を考えるに得意であり、「これまでできなかったことの実現」は「善い」こと、価値あることだ、と考え易い（それが「開発」というものの純粋なモチベーションであるのだろう）。「（自らの検索）技術によって社会を変える」、それが「善い」ことであり、「善かれ」と思って使命感に燃えてやっているのだ。一方、彼らの活動に巻き込まれる他人が存在すること、その混乱や迷惑を、「何をしてはいけないか」を考えることには不得手であるか優先順位が低い。そうして自らのミッション達成に邁進する。技術を自らの思想とする人々の性なのかもしれない。

だが今回の事件における強引さには、それだけでは説明できない何かがある。2005 年に提訴された

この事件は、大した法廷審理もされぬままに和解交渉に移行し、それは 2 年間に及んだ。なぜ、その間グーグルは、書籍の無断スキャニングを続行したのか。そして、なぜ彼らは絶版本に拘っているのか。2004 年にスタートした「図書館プロジェクト」と今回の「ブック検索」は、彼らのなかでどう位置づけられているのか。

　うがった見方であることを承知で言えば、これらはすべて彼らの想定範囲内なのであって、つまり、グーグルは一度提訴されることを必要としていたのである。そして、もし予想どおり著作者団体が侵害訴訟を起こしてきたら、「和解」で対応し、著作者自体をとり込んで、その過程でグーグル構想、つまり「大情報図書館ネットワークの夢」の法的基盤を構築するのである。それが「集団訴訟」であれば、なお好都合であり、「集団」の範囲は広いほどよい。

　すなわち、たとえば書籍のスキャニングを事実上「フェアユース（公正利用）」であると認めさせて、絶版本や孤児作品の権利処理を、集団訴訟制度の効果的な利用でカバーする。これは「図書館プロジェクト」の推進の一助となり、書籍データの集積と利用に関するデファクト・スタンダードの獲得である。そして、「集団」が全世界の著作者を含むことで、世界中の著作物と著作権者の情報をグーグルのもとに集成し、一元的に管理する仕組みの合法的構築がなされる。

　ベルヌ条約同盟国の全著作権者をこの和解契約に引っ張り出すアイデアを考えついたのは、いったいどういう人物なのだろう。その度胸はじつに見事である。おそらくグーグル側と和解管理団は次のように踏んだのではないか。突然、和解案を聞かされた外国の権利者たちは、わからないなりに、ずいぶん驚くことだろう。だからといって、異議を申立てる者が世界の大勢を占めるとは思われない。和解から離脱する者もいるだろうが、最も多数が予想されるのは、反応のない者、そして、事情をよく理解しないままに、ひと先ず和解に同意して（グーグルが「正当だ」とする書籍のスキャニングに対し、著作権侵害の申立の権利を放棄して）、そのうえで書籍の表示使用から自分の作品を除去してくれるよう申入れてくる権利者たちだろう。和解する権利者の何割かは内容の表示使用を許し、米国での閲覧サービスで対価を得ようともするだろう。

　そして、これらいずれの場合にも、個々の書籍が具体的に特定できるように、和解契約案が権利者側に届け出をさせ、ネット上の連絡フォームでもそれを誘導する。すると何が起こるだろう。和解が確定される経緯のなかで、世界中の著作物の ISBN をはじめとする詳細な書誌情報と著者・権利者の最新の個人情報が、巧まずしてグーグルのもとに合法的かつ権利者から直接、自動的に流れ込んでくるではないか。世界中の書籍情報を、グーグルが最優先で取り込み管理する、そういう巨大なデータベースが、居ながらにして出来上がることになる。そして和解が確定した後も、和解契約の条件にしたがい書籍本文のスキャニングを続行すればよいのだ。

　そうなれば「万人が情報を共有」でき、将来的には「図書館プロジェクト」に「ブック検索」を合体させることも簡単だ。海に沈んだ「アレキサンドリアの図書館」以上の、歴史的な大情報図書館ネットワークの創設も夢ではない。世界中の書籍情報を一元的に管理する、本来は、ISBN の管理機関などによる公共的な事業であるはずのことを、米国の一私企業が自分たちのやり方で推進できるというわけだ（たとえば、本件提訴と同時期の 2005 年の秋、書籍テキストのデジタル化とアーカイブの構築を目標にヤフーなどによって米国で設立された OCA：Open Content Alliance の方針では、ISBN を利用して、権利者にコンテンツをデジタル・アーカイブ化する許可を受けるとしていた。こうした動きに比べれば、

グーグルの進め方が如何に強引か、また意図的であったかがわかる）。

　当然、その巨大なデータベースとネットワークは、グーグルにさまざまな収益をもたらすことだろう。じっさい、2009年6月1日にはグーグルから電子ブックの販売計画が発表され、7月7日には、ネットブックに照準を合わせグーグルが開発した Chrome OS が矢継ぎ早に発表されている。グーグルの狙いのひとつが、近い将来における（デジタル）書籍流通の変革と、従来の出版社をいわば中ヌキにすることでの商業利潤の独占的獲得にあることは明らかである。

　しかし、これでは、米国の営利企業による書籍情報の独占的集積と管理ではないか。米国のデジタル覇権を、グーグルが書籍の領域でも確立させるという意図がそこには秘められていないのか。

　「世界標準」による情報の管理とは、善意（？）による支配の別名にほかならないと私たちは考える。それは各国における出版慣習の破壊と多様性の喪失を、そしてデジタルブックを普及させることによる書籍流通の独占を可能とする暴力性を含んでいる―― 間もなく現実の問題として現われるだろう。

　加えて、デジタル領域における書籍の複製利用の普及拡大は、それが「通信・放送」の領域と重なることにより、所轄官庁の監督下に置かれることも予想させる。言論・出版の自由は、今後、どのような影響と制約を受けるのだろうか。

　翻って、今回のグーグル事件に将来の糧となる可能性を見出すなら、次の二つの事項を、われわれに喚起したことが挙げられよう。もっとも、残念ながら、グーグルの今回の構想は、そのいずれの事項の目的とも乖離している。

　一つは、この事件が、今後、各国で整備が予想される書籍のデジタル・アーカイブの必要性を喚起し、その流れを刺激したという点である。だが、それは本来的に言語と読書圏ごとに、また各国が独自に、例えば中央図書館や専門機関の公的事業として委ねられるべき性質のものであって、到底、グーグルのような営利企業によって一元的に独占し得るものでないのは言うまでもない（この理由もあってなのか、今回の問題に対してはフランスの反対が強いものである）。

　もう一つは、ISBN コードの制定以来の念願であった書籍の書誌情報の網羅的把握、すなわち書籍のインデックス・データベースの世界的構築の可能性である。世界中の書籍の書名、著者名、出版社名、発行時期、価格などの基本的な書誌情報を ISBN コードと紐付けした状態でデータベース化し、それが遍く世界中に無償で公開され、万人が検索などに使用できるならば、世界中の読者や研究者、出版社は大いなる利便と公益を享受するだろう。もし、今回のグーグルの構想が、このような書籍インデックス・データベースの持続的構築とその無償提供を目的とするものであったなら、彼らの不快な振舞いに耐え忍んででも、その意義を認め、協力を検討することもやぶさかではなかったかもしれない。だが現状において、彼らからそのようなビジョンの提示などないし、書籍データの利用はインデックス情報の利用に限定されているわけでもない。上述のとおり、著作権者の許諾のない書籍本文のスキャニングは、全文表示は無論のこと、抜粋や部分表示の目的のためにするものであっても著作権侵害の疑いの濃いことは言を俟たない。

　グーグル事件は、遅れているわが国の出版界の開国を促す黒船だと論ずる向きもあるけれど、また、「ここはひと先ず和解をお奨めします」などとのん気なことを言っている日本の出版社も多いけれど、日本の出版慣行では、出版社は著作権をもたないことが多く、直接の当事者ではないと思いがちである



から、切実感が希薄なのである。

　同じ理由で、今回、この問題への対処を出版社だけの意見や意向に委ねることは適当ではないだろう。

　よい機会である。

　すべての日本の著作者、ならびに著作権者の皆さまに呼びかけたい。

　この問題の影響は、同時代のわれわれの著作物だけでなく、われわれに続く未来の著作物と著者たちに確実に波及するだろう。その意味で責任はわれわれ著作者、著作権者のひとりひとりのうちにある。

　いまこそ、各人それぞれの見識と責任のもとに、書籍の未来を見つめ、禍根の残らぬようこの問題を吟味し、裁断しようではないか。

## ［3］情報と、言葉の作品はちがう ── 著述および出版という営みの固有性・多様性を維持したい

　さいごに、私たちが、本件和解案を前にして、大いに議論した二つのテーマを紹介する。

　本にとって最も大切なのは、読書に魅力をもたらす作品の中身と言葉の質であって、それは、機械で検索できるような単語の連なりでもなく、また、販売の仕方や入手の利便性でもない。

　この最も当たり前なことを、あらためて思い起こす契機となったのが今回のグーグルの事件である。

　はじめに考えたいのは「絶版」である。

　グーグルは、しばしば絶版について主張する。絶版とは、市場で入手できなくなった状態の本のことであると定義し、そのように彼らが判断した絶版本はフェアユース利用の対象になるという。絶版を、あたかも出版と流通の問題としてしか考えていない。市場の在庫や、版元の判断によってのみ本が絶版となると考えているようだ。これは本件和解案が、米国の出版慣行と著作権思想のみを反映していることのよい証左である。

　だけれどもグーグル、よく聞けよ。著者の意思による絶版という事態がこの世には存在するのである。

　たとえば日本の著作権法は、著作者人格権としての絶版請求権を認めている。具体的な例でいえば、「著作物の内容が自己の確信に適合しない」ことを理由とする出版権消滅請求（著作権法８４条３項）のようなケースだ。

　著者の愛読者の方々にはご存知のことかもしれないが、池田晶子こそ絶版の常習者だ。その数５冊、本来の意味の処女出版である１冊目の『最後からひとりめの読者による「埴谷雄高」論』（まさに今回、グーグル社にスキャニングの対象とされた書物）からして担当編集者とそりが合わず、その編集者が、作品の内容に政治的に干渉したことに立腹し、それでも間に立った埴谷さんの取り成しと、新人はそのように扱われるのかと諦観して出すには出したが釈然とせず、のちに著者からの「絶版通知」で潰している。この件についての著者の怒りは徹底したもので、読者向けの著作リストからその書名を外すことは無論、問題の改稿部分を自分の納得する元の内容に戻し、補遺した原稿も加えて、別の版元から別の書名で出版し、その経緯と事情を生涯にわたり書き続けた。よほど腹が立ったものであろう、この１冊をめぐる過程で著者はその本領を遺憾なく発揮した。自らの著作物を前にして著者の矜持とは本来そのようなものである。著者の書斎は、机に座ると目に入るように、右横の書棚に自身の初版本が刊行順に並べられていたが、この１冊だけは、背表紙がみえないようにわざと後ろ向きに挿されていた。この

他の絶版本については1冊目のようなトラブルに起因するのではなく、新刊を編む必要から作品単位に解体するために絶版にしたものであったり、文庫本化に伴ない単行本が絶版となったものなどであるが、いずれの場合も、流通上の品切れによって本の入手が不可能となり所収作品が読めなくなった、という絶版事例とは事情を異にしている。ここには、

① 著作者の意思により絶版されている

② 絶版された本の内容は、原則として作品ごとに他の書籍に承継され、刊行されている

③ 絶版された本の所収作品のなかで、故意に承継されなかった部分は著作者の判断によっているの3つの要素が並存しており、それらが、いずれも著作者の意思を反映していることに注目していただきたい。逆に言えば、こうした絶版のケースが存在する社会においては、著作者の意思が、法律上の権利としても商慣習上も尊重されている。そして、だからこそ著作者は、出版社との信頼関係にもとづき口頭契約で著述に専念し、出版社も著作者に賭けて出版してゆく。その過程で、著者は著述家としての自覚をもち、版元も著者を育ててゆく、そのような両者の関係が成立する。私たちの知るかぎり、わが国の著述、出版活動は、上記のような著作者と出版社の間の相互関係にもとづいており、これは、米国における著述、出版の実情と、本質的に異なる点のひとつである。

池田晶子に限った話ではないだろう。そのようなケースに加えて、最も普通に見られる「版元品切れ・重版未定」（著者に絶版の意図はなく、出版社も重版の時期を実際に検討している場合もあり、ときに文庫本化の可能性を模索していることもある）に代表される多くの「入手不可能」状態こそ、日本の出版状況におけるさまざまな「絶版」の現実の姿なのだ。そして著者の意思にもとづく絶版請求の場合でないかぎり、著者・出版社がともに絶版を志向するケースは通常なく、市場で入手不可能だからといって、それを字義通り「絶版」だとすることは、ほとんどの場合できないのである（一度は「絶版」とされた本であっても、われわれ読者の待望する声に押されて、往年の名著が「復刊」を果たす事例も散見される。日本の市場における「絶版」の語が、出版社からみても重層的な意味を示している一例である）。出版社側も心得ていて、「絶版」の語を使用しないところも多い。

おそらく日本のほとんどの著者は、自らの著書をグーグルによって「絶版」と判断されることを納得しないだろう。「絶版」の判定を認めて、デジタルブックでグーグルに復刊してもらおうとも考えまい（それでは紙の出版物の絶版を著者自身で確定してしまうからである）。また、上記の池田晶子の例のように、著者の意思によって絶版された本の場合には、所収作品の一部、もしくは全部が引き継がれるかたちで他社から刊行されることが多い。元の本が絶版されているからと勝手にスキャンすれば、それはフェアユースどころか、明らかに複製権の侵害行為ではないか（こうした著作権の侵害行為を未然に防止するために、従来、利用者が権利者に対して、利用の対象となる書籍や作品ごとに、都度、事前の了解を得ることを行なってきた。煩瑣なその過程を通してこそ、権利者の意思と著作物が置かれている状況が確認できるからであり、それが慣習として行なわれてきた利用許諾の意義なのだ）。

以上の「絶版」の問題が象徴しているように、グーグル（および米国著作権団体、出版社）の考え方、そして今回の和解契約案は、出版社が多くの場合に著作権を保持する米国の出版ビジネスにおける法律実務と商慣習をもっぱら反映したものである。それを、わが国のように法律上も出版慣習上も著作者の意思がより重視されている社会とその著作者や出版社に、そのまま適用しようとすることには、本来、無理があると言わざるを得ないのである。

著作者の立場から言えば、要するに「著者の意思」に配慮がなさすぎる。そして、そのような和解案

を黙過することは、各国の出版界が長年にわたって築いてきた価値観や商慣習など、それぞれの固有性を毀損し、著述と出版の営み、とりわけ著者と版元の信頼の関係性を変質させる恐れがある。それは、最終的に作品の質の低下と多様性の欠如というかたちで、われわれ読者の不利益として現われるだろう。

　もうひとつ考えたいのは、本件での著作物、すなわち言葉の作品と「情報」との相違である。

　従前より私たちは「本（言葉の作品）は情報としては扱えない」という確信をもっている。ところでその確信は、直観的には納得されるのだが、その判断の背後にある「なぜ情報ではないのか」の理屈を客観的に認識できないままにいた。

　言葉の作品が情報でないのは倫理的には納得される。「作品」の語を「仕事」に置き換えてみればいい、「言葉の仕事が、情報であるわけがない！」と、それこそ池田晶子にたちまちに一喝されるであろう。それを著者の覚悟や倫理としてではなく、具体的な論理に整理してこれまで語れなかったのであるが、そのことが今回のグーグル事件を批判してゆくなかで、あらためて思い出され、と同時に積年の疑問を解くひとつのヒントが見えてきた。それは、じつに簡単な事実であった。

　本に代表される著作物（言葉の作品）を情報として扱えないのは、それが、著作者の人格の成果物であるからだ。それを情報と言うためには、それ自体は固有の意味をもたない「量」として比較・交換が可能でなければならないが、固有の意味や質である「人格」の情報というのは矛盾概念で、そんなものはあり得ない、だから人格の成果物である作品を情報としては扱えない。読者は、作品を読んでいるのであって情報を読んでいるのではない。つまり、自然言語の著作物は優れて人格的なものであるという端的な事実であった。

　だとすると、著作物にかかる権利の本質とは、譲渡・交換不能な著作者の人格権ではないのか。

　それならば、著作物（言葉の作品）に関して、著作者の意思を捨象する取り扱いをすることに違和感を覚える理由もわかる。今回の事件とその和解案が（作為的と思われる部分を除外して考えても）どうしても腑に落ちない、ひとのことを馬鹿にしたもののように感じられてならないのは、著作者の人格の尊重や、著作、出版活動への敬意が見出せないからである。そして、それは当然なのかもしれない。

　日本を含め大陸法各国の著作権法が、著作権を「著作者の権利」と捉え、著作者個人の保護と著作者利益を優先する目的のものであるのに対して、英米法、とくに米国の著作権法では、著作権を「コピーライト」と捉え、著作権をめぐる産業の保護と発展を目的としている。その米国の著作権法が、ドイツやフランス、そして日本の著作権法と大きく異なる点のひとつは、著作者人格権の保護だといわれる。米国著作権法では、視覚芸術著作物の著作者を例外として、著作者一般には人格権が付与されていない。それは、たとえば日本国著作権法において第６０条が、著作者の死後にあってさえ「著作者が存しているとしたならばその著作者人格権の侵害となるべき行為」を禁じて人格的利益に保護を与えていることと鋭い対比を示している（なお、米国著作権法上、著作者一般に人格権が付与されていないことについては、かねてよりベルヌ条約やＷＩＰＯ著作権条約との関係で問題があると、わが国をはじめ各国から指摘されているところである）。

　今回のグーグル事件と和解契約において、私たちが常に感じてきた違和感は、書籍がもっぱら商業財として扱われ、著作物の内容が「情報」として扱われることであった。この本質的な理由は、おそらく彼我の著作権法の違い、とりわけその保護規定と思想の違いにあると考えられる。

　一部の例外を除き、著作者一般には人格権が付与されていないがゆえに、著作権が容易に売買でき、いわゆる「ライツビジネス」が成立する米国社会に彼らは暮らしている。それを反映した和解契約が、

今回、提示されているのであって、われわれが馴染んでいる日本の出版文化とその慣行、言語や書籍、著述という営みに寄せる信頼と思想が、そこに反映されていないことは言うまでもないのだ。

　私たちが和解案に対して異議を申立てるのではなく、拒絶する道を選択した大きな動機はこれである。問題の本質は、精神風土と法体系が異なるもの同士で、この和解問題に同意することは難しい、ということなのである。

　これが、今回の和解案を拒絶し、和解から離脱せざるを得ない根本理由であろう。この事件を、米国の著作物と当事者のみに限定し、米国の国内問題に戻せ、と主張する所以である。

　今後に整備が必要となる書籍のデジタル・アーカイブ化の問題も、それぞれの言語と出版事情のもとで、国や地域の実情に即して地道に進めてゆくべきだと私たちは考える。

　あるいは、これが通常の侵害訴訟の和解であるならば、和解契約の対象を、従前の著作権侵害行為についての補償の問題に限ることもできたのではないか。また、もし地球規模の情報図書館ネットワークを真に希求するならば、米国の著述、出版活動のみならず、外国の著作権者や著作権実務に対する一定の配慮と考察の表われた和解案を提示することはできなかったのだろうか。

　われわれも、われわれの精神風土と言語、法体系のなかに居る。

　われわれは、著述という営み、出版という活動に対して、従来どおりの感覚を維持してゆきたい。

　それが、この世界にさまざまな言語や料理が存在するのと同様に、著作物と出版の固有性や多様性を維持する力であることを、そして多様な世界のほうが遥かに豊潤であることを、知るからである。


[４] 結語 —— 拒絶し、離脱する

　以上が、私たちが現状の和解契約案を拒絶するに至った、詳細な事由である。

　すでに述べたとおり、私たちは、本件和解契約案が、米国以外のベルヌ条約同盟国の著作権者もこの集団訴訟事件の原告「集団」に含まれるとしていることに対して、強い疑問と作為を感じている。また、そもそも原告は、少なくとも外国の著作者を代表していないと考える。すると私たちは本件和解と無関係ということになり、当然の帰結として、和解への諾否に応える必要すら存しないと考えられる。

　加えて、和解案の内容をみるならば、従来、私たちが知る、著作物の保護のあり方や著作者の権利、とりわけ著作者の人格権の尊重と保護の点で著しく妥当性を欠いた一方的なものと断じざるを得ない。各国の出版事情や商慣習、異なる法体系などを顧慮しないこの和解案の内容は極めて独占的で、著述や出版という営みの固有性、多様性を維持してゆくうえで、到底、認容できないものと考える。

　したがって私たちは、この和解案の内容、および諾否の回答のいずれにも拒絶すべきものと考えるに至り、声明を発表して、本件の和解管理者に対し、和解からの離脱を申入れることとした。

　ここに私たちの拒絶と離脱の足跡を残すとともに、その微かな足跡が、他の著者・著作権者の方々と出版関係者そして読者の皆さま方に、今回の問題を考察されるときの些かの参考になれば幸甚です。

　ご意見、ご批判をお待ちします。

２００９年８月１５日

　　　　　　　　　（池田晶子著作権者）特定非営利活動法人わたくし、つまり Nobody

Registration   No. 556   of      2009

## NOTARIAL   CERTIFICATE

This is to certify that Mr. Minoru Ito, Managing Director of NPO Watakushi, tumari Nobody, has affixed his signature in my very presence to the attached document.

Dated   this   3rd   day of   September ,   2009



Isao    Egawa

Notary ,attached to

The Tokyo Legal Affairs Bureau.

No.1-10, Nihombashi, Kabuto-cho,

Chuo-ku, Tokyo, Japan.

平成２１年登簿第　５５６　号

認　　　証

　　嘱託人　特定非営利活動法人わたくし、つまり Nobody　理事長　伊藤實　は、

本公証人の面前において、別添文書に署名した。

よって、これを認証する。

平成２１年　　９　月　　３　日、本公証人役場において

東京都中央区日本橋兜町１番10号

東　京　法　務　局　所　属

公　証　人
Notary



Ｉ ｓ ａ ｏ　Ｅ ｇ ａ ｗ ａ

証　　　明

　　上記署名は、東京法務局所属公証人の署名に相違ないものであり、かつ、その押印は、
真実のものであることを証明する。

平成２１年　９　　月　　３　日

東　京　法　務　局　長　　　山舗　弥一郎



---

## APOSTILLE

### (Convention de La Haye du 5 octobre 1961)

1. Country:   JAPAN

   This public document

2. has been signed by   **Ｉ ｓ ａ ｏ　Ｅ ｇ ａ ｗ ａ**

3. acting in the capacity of Notary of the Tokyo Legal Affairs Bureau

4. bears the seal/stamp of   **Ｉ ｓ ａ ｏ　Ｅ ｇ ａ ｗ ａ, Notary**

   Certified

5. at Tokyo                    6.   SEP. 3, 2009

7. by the Ministry of Foreign Affairs

8. 09- № 003886

9. Seal/stamp:                 10. Signature

Kazutoyo OYABE

For the Minister for Foreign Affairs