USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-11-09

STEPHANIE GOLDEN

209 LINCOLN PLACE, APT. 8B
BROOKLYN, NY 11217
(718) 857-0889
STEPHANIE@STEPHANIEGOLDEN.NET

September 5, 2009

**Case No.05 CV8136**
**The Authors Guild Inc., Association of American Publishers et al Plaintiffs v Google Inc., Defendant**

Office of the Clerk
J. Michael McMahon
US District Court for the Southern District of Manhattan
500 Pearl Street
NY, NY 10007

Dear Sir:

I'm writing to object to the Google settlement in its current form. I am a member of the American Society of Journalists and Authors, which opposes the settlement, and I agree with its arguments.

In my view, the settlement benefits all parties *except* writers—the ones who actually produce the material whose value Google gets to exploit. Most of all, it benefits Google, in particular by creating a *de facto* exclusive license for Google— since no rights are granted to the Book Rights Registry to license books to competitors. As the U.S. Register of Copyrights said, this constitutes "a compulsory license for the benefit of one company." I thought competition was supposed to be the essence of our economic system. Yet the settlement give Google permanent competitive advantages in scanning future titles.

With 32 million books in copyright, the Authors Guild would be writers' *only* representative on the registry. Four big publishing houses would control the publisher's side of the table, locking themselves in and every other publisher out. Further, this new registy is the sole bargaining agent for writers and publishers for digital items not yet invented or not named in the settlement.

Even worse, the registry it sets up, is not just a channel for pay-outs for the books that Google has already scanned without permission. It would lock up the digital rights of all writers and all publishers *over every future digital product* forever. And while there is absolutely no requirement that the registry or the writers'

representatives on it are obligated to act in writers' best interests, there are many instances where the settlement specifically says the registry has to act in *Google's* best interests. For instance, if a writer takes issue with a registry decision, the matter goes to arbitration with no court appeal permitted—and in many instances, the decision is sealed.

And those payouts—a huge amount of money seems to be involved in this deal, but writers get very little of it. Given the number and seriousness of Google's original copyright violations, the amount to be paid to each writer is ridiculously low. Why should authors (and publishers) get *less* revenue from their work than Google, just for scanning it?

What it does to copyright law is another huge issue. For books I write after 2009, even opting out is purely theoretical, since If I want to sell a digital book I have no choice—I *have* to be in Google's database. In fact Marybeth Peters, the United States Register of Copyrights, called the agreement a compulsory license for the benefit of one company.

I could add many more objections, but will conclude by saying that I do not believe the Authors Guild and Association of American Publishers fairly represented my interests in negotiating the settlement agreement. And I doubt whether they and the Registry will represent my interests fairly in the future.

In sum, I find it outrageous that Google can muster such enormous institutional support to profit from my books in a way that takes them out of my control and rewards me so pitifully. This settlement is handing Google a monopoly that has truly dangerous implications for copyright law.

The fact that Google's original violation of copyright law is rewarded by this 300-page agreement whose implications even lawyers cannot agree on is grossly unfair. Therefore I urge the court not to approve this settlement, and stop this attempt to undermine copyright.

Respectfully,

*Stephanie Golden*

Stephanie Golden