


THE NEW ZEALAND
SOCIETY OF AUTHORS
(PEN NEW ZEALAND INC) TE PUNI KAITUHI O AOTEAROA

75 Years of working for writers

RECEIVE
SEP - 3 2009
CLERK'S OFFI
S.D.N.Y.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-11-09

National Office, P O Box 7701 Wellesley Street, Auckland 1141, Tel 09-379 4801, Email: director@nzauthors.org.nz

2 September 2009

Office of the Clerk, J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York,
New York 10007-1312
United States of America

Dear Mr McMahon

**Re: Authors Guild v. Google Inc., No. 05 – CIV-8136 (DC)**

The New Zealand Society of Authors (PEN New Zealand Inc.) (NZSA) writes to object to the Proposed Settlement as a class member.

The Proposed Settlement affects published authors and rightsholders. The NZSA owns the rights to numerous publications as well as being the principal advocate for the professional interests of New Zealand's writers, actively working to protect copyright through contractual negotiations. The Proposed Settlement affects our copyright and that of our members.

The grounds for our objection are:
- Court has misapplied the Berne Convention
- Court has exceeded its jurisdiction
- Author Sub-Class not applicable to NZ authors
- Insufficient notice to satisfy notice requirements
- Inadequate compensation
- Overriding contractual relationships between author and publisher
- Unfair treatment of non US authors
- Unfair treatment of non US public
- Antitrust issue surrounding the significant market power Google would acquire through the settlement

The Author's Guild et al v. Google Inc. Doc. 698

**Berne Convention**
The Berne Convention for the Protection of Literary and Artistic Works provides for reciprocity of protection. It does not provide for reciprocity of burden. Whether one agrees or disagrees with the settlement, clearly it does far more than afford protections to authors. It sets up what has been referred to as an international licensing regime requiring affirmative action and expense by authors to understand it first of all and then to take steps even if they wish to opt out. Those are not reciprocal protections as envisaged by Berne and therefore it is not appropriate to use that treaty as a means to extend the settlement to non US authors. Non US authors should be removed from the author sub-class.

**Lack of Jurisdiction**
Given that Berne does not of itself bring New Zealand authors within the ambit of the settlement, it follows that the Court does not have jurisdiction over them. Any grant of copyright by a New Zealand author must be subject to New Zealand law and the jurisdiction of the New Zealand courts. NZSA therefore protests the jurisdiction of this Court and reserves all rights in that regard. Nothing in this letter should be construed as a submission to jurisdiction. However, given the constraints of the settlement agreement and a non US rightsholder's effective inability to appear or present its case, should the Court consider that it does have jurisdiction, the objection in this letter is provided for the record.

Further, New Zealand is an independent sovereign state. New Zealand copyright law differs significantly from United States copyright law, particularly with regard to the nature, duration and grounds for infringement of copyright. The settlement therefore seeks to override New Zealand copyright law by, for

PRESIDENT – Tony Simpson    sugarbags@xtra.co.nz    Tel (04) 471 9488    or (04) 384 3180
The NZ Society of Authors (PEN NZ Inc)
Principal advocate for the professional interests of writers. Protecting basic rights to freedom of expression, working to improve



THE NEW ZEALAND
SOCIETY OF AUTHORS
(PEN NEW ZEALAND INC) TE PUNI KAITUHI O AOTEAROA

**75 Years of working for writers**

*National Office, P O Box 7701 Wellesley Street, Auckland 1141, Tel 09 379 4801, Email: director@nzauthors.org.nz*

example, extending copyright in New Zealand books further than the term granted under New Zealand law. That is not something which can or should be accomplished by a private class action settlement.

### Author Sub-Class

Federal Rule of Civil Procedure 23(a) provides that putative class representatives may pursue claims on behalf of all putative class members only if the claims of the potential representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(3) & (4).

To the best of our knowledge, no NZ authors are members of the Authors Guild, and most NZ authors would not qualify for membership. The political, legal, financial, social and cultural context in which NZ authors work is unique to this country. Questions relating to the tax status of non-US authors are not addressed in the Proposed Settlement. Consequently, NZSA considers that the inclusion of NZ authors in the Author Sub-Class of the Proposed Settlement is invalid.

Further, various provisions of the settlement treat non US authors differently (and less advantageously). For example, books by New Zealand authors that have not been published in the US (as most will not have been cf: US authors) are deemed to be out of print. This has adverse consequences not least of which is that the consent of a New Zealand author is not required before a Display Use is made of a book. In other words, US authors must be asked whether they wish to opt in to Display Uses whereas New Zealand authors must opt out. That is a significant difference. Similarly the author publisher procedures in Appendix A make significant distinctions between in and out of print books.

Further, the benefits to authors in the US in having their books displayed to their home audience are not present for New Zealand authors since Google, fearful of the copyright infringement that would be occasioned by display in non US countries will not be displaying there. So, for a New Zealand author, a significant benefit of the settlement falls away.

For these reasons and others NZSA submits:
- Non US authors should have been separately represented as their interests are substantially different
- The FAQ and other publicity should have explained better the impact of the settlement on non US authors
- Effectively, non US authors are not affected in the same way as US authors and are a separate class if indeed they should be included at all (as we have said, in NZSA's view, NZ authors should not be bound by the settlement)

### Insufficient Notice

The NZSA does not believe that sufficient notice has been provided to individual authors, and in particular to those living outside of the United States also affected by the Class Settlement. The Settlement is effectively a commercial licensing agreement which has not been negotiated through the normal process of negotiation and consent, and is being imposed on class-members. This imposition is felt more strongly by absent class-members whose work is not commercially available in the US.

The legal requirement is for individual notice to be sent to all class members whose names and addresses may be ascertained through reasonable effort. It is clear from media reports that millions of writers, including hundreds of New Zealand writers, have not received individual notice of the Proposed Settlement and that the notice programme in New Zealand was based on the publication of the Summary Notice which is insufficient.

There is also evidence to show that the Summary Notice caused some confusion in New Zealand with many class members under the impression that it only applied to books published in the US – clearly not the case. Insufficient effort was made to ensure that class members outside the US had a clear understanding of the implications of the Proposed Settlement.

PRESIDENT – Tony Simpson   sugarbags@xtra.co.nz   Tel (04) 471 9488   or   (04) 384 3180
The NZ Society of Authors (PEN NZ Inc)
Principal advocate for the professional interests of writers. Protecting basic rights to freedom of expression, working to improve



**THE NEW ZEALAND SOCIETY OF AUTHORS**
(PEN NEW ZEALAND INC) TE PUNI KAITUHI O AOTEAROA

## 75 Years of working for writers

*National Office, P O Box 7701 Wellesley Street, Auckland 1141, Tel 09 379 4801, Email: director@nzauthors.org.nz*

### Inadequate Compensation

The NZSA feel that the compensation to class members is inadequate and unfair. By way of comparison, we understand that if Google had been found to have infringed copyright, the minimum statutory damage award would have been US$750 per infringement. We note that the efficacy of such penalties in discouraging copyright infringement has recently been reiterated by Congress with respect to music. A mere US$60 seems too low.

### Overriding contractual relationships between author and publisher

The Proposed Settlement effectively overrides the contractual relationships between authors and publishers, and insufficient clarification is provided should one wish to opt in and the other opt out. The NZSA feels that this is a flaw in the Proposed Settlement that would need considerable review should it be approved.

Further, the author publisher procedure does not appear to adequately cater for situations where rights for one jurisdiction are held by the publisher and for another by the author. This again appears to arise from a lack of understanding of and interest in the impact of the settlement on overseas authors. For example, what happens where a New Zealand author has granted New Zealand rights to the publisher but has retained or had reverted to them the non NZ rights? The situation is entirely unclear and again this suggests that NZ authors must either be removed from the class or the settlement disapproved and returned to the parties for amendment.

NZSA also notes with concern the lack of provision for representation of non US authors and publishers on the proposed Book Rights Registry.

### Unfair treatment of non US public

The alleged benefits of the Proposed Settlement to the general public apply only in the US. The NZ public will gain nothing from the Proposed Settlement.

### Antitrust issues surrounding the significant market power Google would acquire through the settlement.

The NZSA believes that the sheer scope of Google's market power removes the potential for competition. The opportunity for our authors to sell electronic rights to anyone else is remote and raises many antitrust issues.

In addition, the NZSA believes that the requirement for class-members to decide whether they wish to be part of the Settlement or not before the Court hearing does not give authors opportunity to make a fully informed decision.

We urge the Court to reject the Proposed Settlement on the grounds as detailed above.
**Please provide written receipt of this objection**

Yours truly

Tony Simpson
President

Cc bookclaims@bonizack.com   bookclaims@debevoise.com   bookclaims@durietangri.com

*PRESIDENT – Tony Simpson   sugarbags@xtra.co.nz   Tel (04) 471 9488  or  (04) 384 3180*
The NZ Society of Authors (PEN NZ Inc)
Principal advocate for the professional interests of writers. Protecting basic rights to freedom of expression, working to improve