**BoD**
Books on Demand

Books on Demand GmbH
Gutenbergring 53
D-22848 Norderstedt

Tel. +49 (0)40-53 43 35-0
Fax +49 (0)40-53 43 35-84
info@bod.de · www.bod.de

Books on Demand GmbH · Gutenbergring 53 · D-22848 Norderstedt

SEP 14 2009

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/09

**By Overnight Mail or Hand Delivery**

Office of the Clerk
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
United States of America

01. September 2009

Re:     *The Authors Guild, Inc. et al v. Google Inc.*, Case No. 05 CV 8136 (S.D.N.Y.).

Dear Office of the Clerk:

My name is Dr. Moritz Hagenmüller, and I am Managing Director of the Books on Demand GmbH (in the following: BoD), a book publisher specialized in printing-on-demand located in Hamburg, Germany. BoD is a member of the settlement class embraced by the proposed settlement agreement that is before this Court in this action (the "Settlement Agreement"), because it owns rights in books that are protected by U.S. copyright law. We write to object to the Settlement Agreement. We do not have the resources to provide this Court with legal briefing regarding our objections nor do we wish to burden this Court with duplicative filings. We therefore join in the objections that have been presented to this Court by Scott Gant and the group of foreign publishers and publishing associations that includes the Börsenverein des Deutschen Buchhandels and others, for the reasons presented to this Court by those individuals and entities.

Furthermore we would like to put the following arguments forward to the notice of the Court that – in our opinion – have not been regarded by the Settlement in an appropriate way:

1. **Definition of commercially available titles / non-commercially-available-titles:**
   The definition in the Settlement of commercially available and non-available titles does not take into account that books that are published via printing-on-demand are per definition never unavailable because – as long as the data for the books exist – the books can be printed at any time, even after years of their first publishing.
   This special form of usage of the titles is not taken into consideration by many legal rules in the book branche and this is causing a lot of misunderstandings.
   Thus the definition of commercially available books in the Settlement must be amended to the effect, that print-on-demand titles are generally defined as being commercially available.
   Furthermore, thousands of books that were originally out-of-print are becoming available again each month due to the efforts of print on demand publishers like BoD on the basis of regular contracts with the original publishers or authors.

... / 2

Commerzbank AG Deutschland · BLZ 200 400 00 · Konto 630 2558 · IBAN DE39 2004 0000 0630 2558 00 · SWIFT/BIC COBADEHHXXX
Raiffeisen Zentralbank Österreich AG · BLZ 31000 · Konto 1-50.414.119 · IBAN AT29 3100 0001 5041 4119 · SWIFT/BIC RZBAATWW



### 2. Print-on-Demand-Services:

As soon as Google may use the titles under the Settlement as Print-on-Demand-Content, there will be a distortion of competition for the following reasons:

As far as non-commercially available titles in the sense of the Settlement are concerned, the distortion of competition is already taking place at the stage where competitors of Google, such as BoD, are trying to acquire and use content that is protected by copyright, because Google has already taken the content without the consent of the holder of the rights and furthermore, Google loses the right to use such content only, if the holder of the rights contradicts the use of Google. The legal and/or actual effort for the holder of the rights to actually prevent the use of his rights by Google is rather high. Therefore it is very likely, that not many owners of rights will actually contradict the use of Google.

Furthermore the Settlement results in a pricing agreement for commercially available and non-available titles that significantly limits the possibility for providers of printing services and in this respect, competitors of Google to negotiate prices and conditions with publishers. Furthermore many (especially small) publishers might not find the effort for a further distribution channel worth the effort, if there is already such a powerful channel as Google.

### 3. Effect of regional restrictions to the rights:

Both aspects are becoming even more relevant for class members exterior to the USA given the fact that the geo- restrictions provided in the Settlement will most likely not be of great effect because of the easy possibilities to bypass such restrictions. This especially because the main business channel is the online-market, including international re-sellers.

### 4. Anti-trust-considerations:

On the whole there is a considerable danger that the Settlement will establish a trust in a new, developing market.

We present this letter to this Court in English, for the Court's convenience.

Thank you in advance for your consideration of this letter.

Respectfully yours,

Dr. Moritz Hagenmüller

cc: Michael J. Boni, Esq.
Joanne Zack, Esq.
Joshua Snyder, Esq.
Jeffrey P. Cunard, Esq.
Bruce P. Keller, Esq.
Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.