UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | | |
|---|---|---|
| AUTHORS GUILD, et al.<br>Plaintiffs, | ) )<br>) | Case No. 1:2005cv08136 (DC) |
| v. | ) )<br>) | **STATEMENT OF OBJECTIONS<br>TO PROPOSED SETTLEMENT** |
| GOOGLE, INC.<br>Defendant | ) | |



**Introduction**

I am a member of the Author sub-class in this case and have two objections to the proposed settlement in this case. These objections and reasons for them are set forth below.

**First Objection**

At Section 1.72 of the Settlement Agreement, the definition of "Insert" specifically includes "children's Book illustrations" but there is no definition of "children's Book" in the Settlement Agreement. This could cause considerable confusion in administering the settlement, particularly as Section 1.72 of the Agreement also states that "pictorial works, such as photographs, illustrations (other than children's Book illustrations), maps or paintings" are not "Inserts".

Deleted: either
Deleted:

1

Adding a definition of "children's Book" to the Agreement would make it easier to administer the settlement. Therefore, I urge the Court to add this language to Article I of the Settlement Agreement:

> Children's Book means any Book that is marketed to
> read by or to children under 18 and/or used in elementary, middle, or secondary
> schools, including textbooks.

### Second Objection

Section 4.8 of the Settlement Agreement provides for Google to give the Public Access Service at no charge to any public library that asks for it. However, no provision has been made to provide a similar service at no cost to public and public charter school libraries. Many children in both rural and disadvantaged urban areas rarely get into a public library, and the only libraries these children are able to use are the libraries in their schools. So these children will not get the benefit of the free Public Access Service if it is not offered in their schools.

At the same time, it is clear that few public schools will purchase Institutional Subscriptions. School systems all over the country have already been forced to cut back on other, more critical expenses, so the purchase of an Institutional Subscription is likely to be a very low priority item for public schools. Moreover, because the full Institutional Subscription Database is certain to include materials that are inappropriate for children, school systems will be reluctant to bring that Database into school libraries — particularly elementary and middle school libraries — for fear of complaints from parents. Yet it is younger children who are least likely to get to public libraries on their own.

2

An excellent solution to this dilemma would be to add to the Settlement Agreement language that provides that Google will give the Public Access Service or a "Children's Public Access Service" at no cost to any public or public charter school library that asks for it. The "Children's Public Access Service" would be a service that is limited to the children's books (as defined in the Agreement) in the then-current Institutional Subscription Database. School libraries would be required to pay and/or collect a reasonable price to print pages, just like other institutions that get the Public Access Service. The only difference would be that the school libraries would be able to choose the Children's Public Access Service rather than the full Public Access Service.

Providing the Public Access Service or Children's Public Access Service to public and public charter schools would have numerous benefits. It would help significantly to lessen the country's "digital divide" both the divide between poor and middle class children and the divide between poor and wealthy school districts. Having access to the Google Books collection *in* their schools would be of great benefit to teachers, who would be able to access books in the collection more easily than by going to a public library, and would be able to use the collection with their students, helping the children to learn research and other academic skills. Moreover, having an Access Service in their schools would give teachers and school administrators a valuable tool to use in their efforts to involve disadvantaged parents in the education of their children. In addition, parents who would not let their children use the Public Access Service in a public library because of adult content in the Institutional Subscription Database, would let their children use the Children's Public Access Service because it would contain only age appropriate books, and the children would be accessing the Service under the supervision of school librarians and teachers.

**Conclusion**

If the Court approves this settlement, Google, Inc. will, through government action, receive an enormously valuable advantage in the market for digitized books. Whatever this benefit is called, it is similar to a Federal license, and recipients of Federal licenses are expected to provide benefits to the general public if they receive such a license. Google, Inc. is an extremely profitable company that professes great concern for the education of American children.[1] In Google Books, the company has, essentially, created what may already be the biggest library in the history of the World, and assuring that all children in our public schools can actually use this huge library is clearly consistent with the company's stated mission and concerns. Moreover, it would allow the company to give the general public a benefit that is more commensurate with the economic benefit that Google stands to receive under the Settlement Agreement as currently drafted.

Respectfully submitted,

Dated: Sept 5-2009

*Elizabeth Sunberg* (signature)

CC: All Counsel

---

[1] See e.g., Google for Educators, *http://www.google.com/educators/index.html*; The Official Google Blog, *http://googleblog.blogspot.com/search/label/education*; The Literacy Project, *http://www.google.com/literacy/*.

4