

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| AUTHORS GUILD, *et al.* <br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC. <br><br> Defendant | Case No. 1:2005cv08136 <br><br> **STATEMENT OF OBJECTIONS** <br> **TO PROPOSED SETTLEMENT** |

### Introduction

I am a member of the Author sub-class in this case and have two objections to the proposed settlement in this case. These objections are set forth below:

### First Objection

At Section 1.72 of the Settlement Agreement, the definition of "Insert" specifically includes "children's Book illustrations" but there is no definition of "children's book" in the Settlement Agreement. Therefore, I urge the Court to add this language to Article I of the Settlement Agreement:

> Children's Book means any Book that is marketed to be read by or to children under 18 and/or used in elementary, middle, or secondary schools, including textbooks.

1

## Second Objection

Section 4.8 of the Settlement Agreement provides for Google to give the Public Access Service at no charge to any public library that asks for it. However, no provision has been made to provide a similar service at no cost to public and public charter school libraries. Many children in both rural and disadvantaged urban areas rarely get into a public library, and the only libraries these children are able to use are the libraries in their schools. So these children will not get the benefit of the free Public Access Service if it is not offered in their schools.

As a solution to this dilemma, I urge the Court to add to the Settlement Agreement language that provides that Google will give the Public Access Service or a "Children's Public Access Service" at no cost to any public or public charter school library that asks for it.

Respectfully submitted,

Dated: Sept 7, 2009

*Rebecca C. Jones*

CC: All Counsel