

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Authors Guild, Inc., et al,<br>    Plaintiffs,<br><br>v.<br><br>Google, Inc.<br>    Defendant | Case No. 05 CV 8136 (DC)<br><br>OBJCTION TO CLASS-ACTION SETTLEMENT AND NOTICE OF INTENT TO APPEAR OF THE UNDERSIGNED STATES REPRESENTED BY THEIR RESPECTIVE ATTORNEYS GENERAL ON BEHALF OF THEMSELVES AND REGISTERED CHARITIES WITHIN THEIR POLITICAL BOUNDARIES |



## THE STATE OF MISSOURI'S
## OBJECTIONS TO THE PROPOSED SETTLEMENT

The State of Missouri objects to the proposed class-action settlement on the basis that the settlement is inconsistent with its unclaimed property law and the public policy embodied in that law. The State of Missouri has restricted its comment to this limited issue and does not intend to comment on the merits of the settlement as a whole. The State of Missouri makes this objection[1] pursuant to the Class Action Fairness Act's provisions regarding notice to the states. 28 U.S.C. § 1715 (2008).

The settlement agreement in this case creates a non-profit corporation called the Book Rights Registry ("BRR"), which will receive license payments from Google, Inc. and distribute those payments to registered rightsholders. When the rightsholder is

---

[1] The State of Missouri submits this limited objection without submitting to the Court's jurisdiction and without prejudice to Missouri's ability to enforce its antitrust law, its consumer protection law, its unclaimed property law, or any other laws.

unknown, the BRR attempts to locate the rightsholder and, if unsuccessful, holds the funds for five years. After five years, the BRR redistributes these unclaimed funds to itself, to other Registered Rightsholders, or to charities chosen by the BRR.

State unclaimed property laws require that many of these distributions be to unclaimed property funds in the various states. Missouri law requires that "abandoned" property be deposited with the state treasurer. Mo. Rev. Stat. 447.543(1) (2008). Abandoned property includes all "intangible personal property," including any income thereon, "that is held or owing in this state in the ordinary course of the holder's business," and that has remained unclaimed by the owner for more than five years. Mo. Rev. Stat. 447.535 (2008). Rightsholders may make a claim upon the treasurer's office at any time to obtain their property. *Id.* at 543(1).

As a result of the settlement agreement in this case, the BRR will receive money from Google that is owed to individual rightsholders. If the rightsholder is a Missouri resident, then that money is "owing" in Missouri and, if unclaimed after five years, the money should be paid to the treasurer for the benefit of the rightsholder.

Supreme Court precedent also counsels in favor of upholding state unclaimed property laws rather than the approach in the settlement. The Supreme Court has recognized that the property interest in any debt belongs to the creditor rather than the debtor and that the property rightfully escheats to the unclaimed property fund in the state of "the creditor's last known address as shown by the debtor's books and records.". *See, e.g., Delaware v. New York*, 507 U.S. 490, 499-500 (1993). In this instance, the BRR is the debtor "owing" payment to the rightsholder as creditor. Thus, whenever the rightsholder's last known address is in Missouri, any income not claimed after five years

should be deposited with the Missouri Treasurer, which preserves such debts for creditors to claim in the future.

The BRR's core functionality of collecting license fees on behalf of its members and distributing them as royalties is similar to that of the American Society of Composers, Authors and Publishers ("ASCAP") and Broadcast Music, Inc. ("BMI"). Unlike the distribution contemplated by the BRR, however, both of these groups make distributions to state unclaimed property funds when the rightsholder cannot be found. BMI and ASCAP have made annual distributions averaging just over $9,200 to Missouri's unclaimed property fund over the last nine years.

Upholding state unclaimed property laws and the policy they embody, rather than allowing the BRR to redistribute the income to itself or others, vindicates the purpose of the copyright laws, which seek to encourage creativity by vesting exclusive ownership rights in the creator of the work. Upholding state unclaimed property laws advances this goal by preserving the income from that property for its owners.

The treatment in Section 6.3(a) of the settlement agreement of funds that are unclaimed by rightsholders after five years should be modified to utilize the existing state unclaimed property funds because this result is consistent with state unclaimed property laws, with Supreme Court precedent, and with the policies embodied in both unclaimed property laws and the copyright laws.

Respectfully submitted,

CHRIS KOSTER
Attorney General

Andrew Hartnett
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
(573) 751-7445
FAX (573) 751-2041
Andrew.Hartnett@ago.mo.gov