To:     Google Book Settlement Administrator, c/o Rust Consulting
        P.O. Box 9364, Minneapolis, MN 55440-9364

        The Hon. Denny Chin, Federal District Court, Southern District of New York
        Daniel Patrick Moynihan United States Courthouse
        500 Pearl St., New York, NY 10007-1312

        Mr. William F. Cavanagh
        Deputy Assistant Attorney General, Antitrust Division, U.S. Department of Justice
        950 Pennsylvania Avenue, NW, Washington, DC 20530-0001

        Ms. Marybeth Peters, Register of Copyrights, U.S. Copyright Office
        Library of Congress, Copyright Office
        101 Independence Avenue, S.E., Washington, D.C. 20559-6000

        The Hon. John Conyers, Jr.
        Chair, U.S. House of Representatives Judiciary Committee
        2426 Rayburn H.O.B., Washington, DC 20515

        Senator Tom Harkin
        731 Hart Senate Office Building, Washington, DC 20510

        Senator Charles Grassley
        135 Hart Senate Office Building, Washington, DC 20510

        The Hon. Bruce Braley
        1019 Longworth H.O.B., Washington, D.C. 20515

From:   Donna J. Wood
        1927 Park Drive, Cedar Falls, IA 50613

Date:   11 September 2009

Ladies and Gentlemen:

Because of summer travels, I have just received notice of the proposed settlement between Google and Rightsholders of books. This settlement is shocking and completely unacceptable. I wish to opt out and to voice my deep concerns.

I am both an author and a publisher of books subject to the terms of this settlement. All of my books have active copyrights. I cannot imagine why anyone (except Google, of course) would think that Google should have the right to scan, sell, and even alter the integrity of works that have active copyrights without the copyright holder's express permission! Copyright protection means nothing at all if this settlement is allowed to stand.

Without my permission, under the terms of this proposed settlement, Google can sell my books, sell 'access' to my books, add advertisements to my books, make other "commercial uses" of my books, sell subscriptions to a database that includes my books, and give me whatever royalty fee it thinks is appropriate? How is this compliance with the protections of copyright?

There is mention of authors being able to withdraw their works from Google's digital database. But as you know, in this age of ubiquitous global digital information, there is no such thing as "withdrawing" a work that has been made available on the Internet.

As an author, I have always negotiated contracts with publishers to exclude certain uses of my books, in part or in whole, and to guarantee payment of agreed-upon royalties. As a publisher (I am the owner of Woodhaven Press, LLC), I consider it my legal right to set the terms of use and the price of the works in my product line, as contractually agreed with my authors.

I did not ask to be part of this "class" and strongly object to the terms of the settlement that will affect me and my creative products without my consent. Please, let's abandon this monopolistic move by Google and uphold the spirit of copyright protection for those who create and produce intellectual property.