From: Ann Mitcalfe [amitcalfe@hotmail.com]
Sent: Thursday, 3 September 2009 9:27 p.m.
To: bruce & marg jefferies

ORIGINAL OF THIS
OBJECTION NOTICE
ALSO FAXED TO YOU
9/29/22:30 3 pages
Thurs 3 Sept 2009

Thursday 3 September 2009

05-CV-8136

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-21-09

Office of the Clerk, J. Michael McMahon
District Court for the Southern District of New York
Pearl Street
York,
York 10007-1312
United States of America

Fax No: 001 (212) 805 0389

Dear Mr McMahon

Re Authors Guild v. Google Inc., No. 05 – CIV-8136 (DC)

I write to object to the Proposed Settlement as a class member. The grounds for my objection are:
- Court has misapplied the Berne Convention
- Court has exceeded its jurisdiction
- Author Sub-Class not applicable to NZ authors
- Insufficient notice to satisfy notice requirements
- Inadequate compensation
- Overriding contractual relationships between author and publisher
- Unfair treatment of non US authors
- Unfair treatment of non US public
- Antitrust issue surrounding the significant market power Google would acquire through the settlement

### Berne Convention

The Berne Convention for the Protection of Literary and Artistic Works provides for reciprocity of protection. It does not provide for reciprocity of burden. Whether one agrees or disagrees with the settlement, clearly it does far more than afford protections to authors. It sets up what has been referred to as an international licensing regime requiring affirmative action and expense by authors to understand it first of all and then to take steps even if they wish to opt out. Those are not reciprocal protections as envisaged by Berne and therefore it is not appropriate to use that treaty as a means to extend the settlement to non US authors. Non US authors should be removed from the author sub-class.

### Lack of Jurisdiction

Given that Berne does not of itself bring New Zealand authors within the ambit of the settlement, it follows that the Court does not have jurisdiction over them. Any grant of copyright by a New Zealand author must be subject to New Zealand law and the jurisdiction of the New Zealand courts. I therefore contest the jurisdiction of this Court and reserve all rights in that regard. Nothing in this letter should be construed as a submission to jurisdiction. However, given the constraints of the settlement agreement and a non US rightsholder's effective inability to appear or present its case, should the Court consider that it does have jurisdiction, the objection in this letter is provided for the record. Further, New Zealand is an independent sovereign state. New Zealand copyright law differs significantly from United States copyright law, particularly with regard to the nature, duration and grounds for infringement of copyright. The settlement therefore seeks to override New Zealand

or ...te class action settlement.

## Author Sub-Class

Federal Rule of Civil Procedure 23(a) provides that putative class representatives may pursue claims on behalf of all putative class members only if the claims of the potential representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(3) & (4).

To the best of our knowledge, no NZ authors are members of the Authors Guild, and most NZ authors would not qualify for membership. The political, legal, financial, social and cultural context in which NZ authors work is unique to this country. Questions relating to the tax status of non-US authors are not addressed in the Proposed Settlement. Consequently, I consider that the inclusion of NZ authors in the Author Sub-Class of the Proposed Settlement is invalid.

Further, various provisions of the settlement treat non US authors differently (and less advantageously). For example, books of New Zealand authors that have not been published in the US (and most will not have been cf: US authors) are deemed to be out of print. This has adverse consequences not least of which is that the consent of a New Zealand author is not required before a Display Use is made of a book. In other words, US authors must be asked whether they wish to opt in to Display Uses whereas New Zealand authors must opt out. That is a significant difference. Similarly the author publisher procedures in Appendix A make significant distinctions between in and out of print books.

Further, the benefits to authors in the US in having their books displayed to their home audience are not present for New Zealand authors since Google, fearful of the copyright infringement that would be occasioned by display in non US countries will not be displaying there. So, for a New Zealand author, a significant benefit of the settlement falls away.

For these reasons and others I submit:
- non US authors should have been separately represented as their interests are substantially different
- the FAQ and other publicity should have explained better the impact of the settlement on non US authors
- effectively non US authors are not affected in the same way as US authors and are a separate class
- indeed they should be included at all (as I have said, in my view, NZ authors should not be bound by the settlement)

## Insufficient Notice

I do not believe that sufficient notice has been provided to individual authors, and in particular to those living outside of the United States also affected by the Class Settlement. The Settlement is effectively a commercial licensing agreement which has not been negotiated through the normal process of negotiation and consent, and is being imposed on class-members. This imposition is felt more strongly by absent class-members whose work is not commercially available in the US.

The legal requirement is for individual notice to be sent to all class members whose names and addresses may be ascertained through reasonable effort. It is clear from media reports that millions of writers, including hundreds of New Zealand writers, have not received individual notice of the Proposed Settlement and that the notice programme in New Zealand was based on the publication of the Summary Notice which is insufficient.

There is also evidence to show that the Summary Notice caused some confusion in New Zealand with many class members under the impression that it only applied to books published in the US – clearly not the case. Insufficient effort was made to ensure that class members outside the US had a clear understanding of the implications of the Proposed Settlement.

## Inadequate Compensation

I consider that the compensation to class members is inadequate and unfair. By way of comparison, I understand that if Google had been found to have infringed copyright, the minimum statutory damage award would have been US$750 per infringement. I note that the efficacy of such penalties in encouraging copyright infringement has recently been reiterated by Congress with respect to music. A mere US$60 seems too low, particularly in the case of one-off payments for historical infringements. Effective future use payment percentages are too low also. It is of further concern that there are potentially high, uncontrollable "costs" which might be deducted from authors' revenues prior to distribution.

## Overriding contractual relationships between author and publisher

The Proposed Settlement effectively overrides the contractual relationships between authors and publishers, and insufficient clarification is provided should one wish to opt in and the other opt out. I

...her, the author publisher procedure does not appear to adequately cater for situations where ... s for one jurisdiction are held by the publisher and for another by the author. This again appears ... ise from a lack of understanding of and interest in the impact of the settlement on overseas ...ors. For example, what happens where a New Zealand author has granted New Zealand rights to ... publisher but has retained or had reverted to them the non NZ rights? The situation is entirely ... ear and again this suggests that NZ authors must either be removed from the class or the ... ement disapproved and returned to the parties for amendment.

... to note with concern the lack of provision for representation of non US authors and publishers on the proposed Book Rights Registry.

### ... air treatment of non US public

... alleged benefits of the Proposed Settlement to the general public apply only in the US. The NZ ... ic will gain nothing from the Proposed Settlement.

### ... trust issues surrounding the significant market power Google would acquire through the ... !ement

... ieve that the sheer scope of Google's market power removes the potential for competition. The ... rtunity for authors to sell electronic rights to anyone else is remote and raises many antitrust ... es.

... dition, I believe that the requirement for class-members to decide whether they wish to be part ... e Settlement or not before the Court hearing does not give authors opportunity to make a fully ... med decision. I consider this to be the case whether objecting with respect to my own literary ... s; those which I administer as literary heir; as well as those which I administer as agent, for ... ors as well as for publishers - a current total of 70 books affected and "claimed" at ... .googlebooksettlement as at 22 August 2009.

... ge the Court to reject the Proposed Settlement on the grounds as detailed above.

### Pl... se provide written receipt of this objection

'c ... s truly

*[signature: Ani Mitcalfe / Louise Mitcalfe]*

(Louise) Mitcalfe
 ... ry Percy) Barry Mitcalfe
Coromandel Press

 ... Hadfield Terrace
 ... urn
 ... ngton 6012
 ... aroa New Zealand

  fax 64 (4) 920-9404

  ... : amitcalfe@hotmail.com

NZ Travel Find a way to cure that travel bug