UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| The Authors Guild, Inc., Association of American Publishers, Inc., et. al., : : : Plaintiffs, : : v. : : Google, Inc., : : Defendants. : : _____ : | Case No. 05 CV 8136-DC **FILED ELECTRONICALLY** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO INTERVENE FOR THE LIMITED PURPOSES OF OBJECTING TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND PRESERVING RIGHT TO APPEAL**

On September 1, 2009, pursuant to 2(A) of the Court's Individual Practices, counsel for The American Society Of Media Photographers, Inc., Graphic Artists Guild, The Picture Archive Council Of America, The North American Nature Photography Association And Individual Photographers Joel Meyerowitz, Dan Budnik, Pete Turner And Lou Jacobs, Jr. ("Proposed Intervenors") communicated with Chambers to seek a pre-hearing conference for the purpose of filing a motion to intervene in the above-captioned action. (See Exhibit A hereto.) On September 2, 2009, the Court construed the request as a motion to intervene, which it denied. (See Docket Entry 428, entered on September 10, 2009.)

Pursuant to Local Rule 6.3, Proposed Intervenors hereby move for reconsideration of the denial of intervention. The Court's order provided two reasons for denying intervention: 1) that the case was four years old and that it was too late to add new parties, and (2) that the proposed intervenors would be permitted to file objections. Notwithstanding the fact that our Objections were filed on September 2, 2009, (see Docket Entry #218), Proposed Intervenors nonetheless

seek reconsideration because the Court did not address the issue of whether, as a result of the Proposed Settlement, Proposed Intervenors are members of the class or have been excluded.  If we are class members, there is no need to intervene.  But if we are not – if the Second Amended Complaint and the Proposed Settlement had the effect of excluding us, then we continue to seek to intervene in order to resolve the issue of whether we have standing both to object and to appeal the Proposed Settlement.  In support of reconsideration, we set forth the following grounds:

As explained in the Objections previously filed, which we adopt and incorporate as set forth in full herein, Proposed Intervenors have been members of the class since the First Amended Complaint was filed in 2006.  For more than two years, Proposed Intervenors remained class members while class counsel was duty bound to protect their interests while he negotiated the Settlement Agreement.  Class counsel did not do so.  Instead, once a settlement was reached, he filed a Second Amended Complaint that purports to extinguish Proposed Intervenors' class membership, while simultaneously expanding the class to include vastly more authors and publishers.  The settlement agreement also purports to conclude the entire case, with no relief whatsover for the Proposed Intervenors.  Based on these highly unusual circumstances, we are constrained to file this motion to intervene out of an abundance of caution in the event that class counsel or any other party raises an argument that we are not class members and lack standing to object to the proposed settlement.

I.  Proposed Intervenors Are Entitled To Intervene Of Right

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides:

> Upon timely application anyone shall be permitted to intervene in an action: … (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair

DSMDB-2648705v01

> or impede the applicant's ability to protect that interest, unless the
> applicant's interest is adequately represented by existing parties.

This Circuit recognizes four requirements for intervention of right: (1) timeliness; (2) an interest relating to the property or transaction that is the subject of the action; (3) impairment of that interest or the ability to protect it; and (4) lack of adequate representation of that interest. See Brennan v. N.Y. City Bd. of Educ., 260 F.3d 123, 128–29 (2d Cir. 2001); Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC, 542 F. Supp. 2d 296, 302 (S.D.N.Y. 2008). As discussed below, Proposed Intervenors easily satisfy these requirements.

A. *The Motion is Timely*

Four factors comprise the Court's timeliness analysis: (1) the length of time the intervenor knew or should have known of her interest in the case; (2) the prejudice to the original parties resulting from the intervenor's delay; (3) the prejudice, if any, to the intervenor if the motion is denied; and (4) any unusual circumstances. Dow Jones & Co. Inc. v. U.S. Dep't of Justice, 161 F.R.D. 247, 251 (S.D.N.Y. 1995). Timeliness is determined from the totality of the above circumstances. Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC, 542 F. Supp. 2d 296, 303 (S.D.N.Y. 2008); see also Dow Jones, 161 F.R.D. at 251 (no "hard and fast rule defining timeliness"). Absent significant prejudice to the existing parties, an application for intervention is considered timely. Miller v. Silbermann, 832 F. Supp. 663, 669 (S.D.N.Y. 1993) (citing Home Ins. Co. v. Liberty Mut. Ins. Co., 1990 U.S. Dist. LEXIS 15762, at 5 (S.D.N.Y. Nov. 20, 1990)).

As a general rule, the time for unnamed members of the class to intervene does not commence until notice has issued under Rule 23. Crawford v. Equifax Payment Services, 201

F.3d 877, 881 (7th Cir. 2000).[1] Motions to intervene that are filed during the notice period, at the precise time the Court is to consider the fairness, reasonableness, and adequacy of the settlement, are "presumptively timely." See In re Cmty. Bank of N. Va., 418 F.3d 277, 314–15 (3d Cir. 2005) (reversing denial of motion to intervene filed six weeks before scheduled fairness hearing; motion to intervene filed "within the opt-out period . . . was presumptively timely"); see also In re Discovery Zone Securities Litig., 181 F.R.D. 582, 601 (N.D. Ill. 1998) (granting motion to intervene five months after movant lost its status as a class member due to a change in the class period for the limited purpose of allowing it to "participate in settlement negotiations, to appear at any fairness hearing on a proposed settlement, and to appeal any settlement order entered by this Court"); cf. United States v. New York, 820 F.2d 554, 557 (2d Cir. 1987) (declining to adopt a *per se* untimely rule to a seven year delay); United States v. Country Club Garden Owners Ass'n, 159 F.R.D. 400, *404 (E.D.N.Y. 1995) (intervention timely two years after intervenors learned of their interest in the case); Stutts v. De Dietrich Group, 2005 U.S. Dist. LEXIS 31056, at *5 (E.D.N.Y. Nov. 28, 2005) (intervention timely when filed almost two years after plaintiffs commenced the action).

As described in the Declaration of Victor Perlman, filed in support of Proposed Intervenors' objections, Proposed Intervenors learned of their unique interest in this case after hiring their own attorneys to review the Proposed Settlement. Concerned by the seemingly arbitrary exclusion from the Proposed Settlement, counsel informed us for the first time that Proposed Intervenors had been part of the class definition for over two years, during the entire period of the settlement negotiations with Google. Although Proposed Intervenors had a number

---

[1] See generally American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 552 (1974) ("Not until the existence and limits of the class have been established and notice of membership has been sent does a class member have any duty to take note of the suit or to exercise any responsibility with respect to it in order to profit from the eventual outcome of the case.")

of contacts with class counsel, we were never informed that we had been made class members. Indeed, the Authors Guild (named as an associational plaintiff in the original complaint) told us the opposite, and though we had communications directly with class counsel and the Authors Guild shortly after the settlement was announced, and prior to the mailing of class notice, we were never told that we had been part of the class. And contrary to the prescription of the Manual for Complex Litigation, to Proposed Intervenors' knowledge, there has been no public filing that even mentions the reasons for or the history of the class definition's expansion and contraction. See Manual for Complex Litigation, Fourth, § 21.62 at 318 ("The court faced with a request for an expanded class definition should require the parties to explain in detail what new facts, changed circumstances, or earlier errors support the alteration of the original definition."). Somewhat unusually, there was also no hearing seeking preliminary approval of the Proposed Settlement, which might have offered an earlier opportunity to object. Cf. Id. § 21.632 at 320 ("Review of a proposed class action settlement generally involves two hearings."). Under these circumstances, the handful of months from the time that counsel was retained to the filing of this motion was eminently reasonable.

None of the parties to the litigation will be prejudiced by allowing Proposed Intervenors to intervene, as the posture of the case has not changed in any material respect (other than to enlarge the notice period) since notice was sent in January 2009. Indeed, just days ago, class counsel moved to adjourn the Fairness Hearing based on the investigation of the Department of Justice's Antitrust Division. It seems highly likely that the Proposed Settlement will not go forward in its present form. Given this sequence of events, and the host of objections lodged against the Proposed Settlement, allowing intervention here will likely have no effect on the proceedings. Moreover, the "fact that intervention may inhibit, disrupt, or destroy settlement

5

negotiations or agreements does not demonstrate prejudice to the original parties sufficient to deny intervention." Discovery Zone, 181 F.R.D. at 596. For these reasons, the motion to intervene is timely.

On the other hand, Proposed Intervenors will face serious prejudice if they are not permitted to intervene. See Discovery Zone, 181 F.R.D. at 597-98 ("excluding those with an interest in the litigation from a settlement agreement is highly prejudicial, even if the agreement does not affect their ability to pursue their own claims"). If the settlement is approved, Proposed Intervenors will be forced to file another lawsuit based on the same legal issues and facts disputed in the class action. That is unduly burdensome and prejudicial. See, e.g., McBean v. New York, 2007 U.S. Dist. LEXIS 11356, at *12 (S.D.N.Y. Feb. 13, 2007) (finding it burdensome, inefficient and a waste of judicial resources to require intervenors with identical claims to file a separate, but related case); South v. Rowe, 759 F.2d 610, 612–13 (7th Cir. 1985) (finding it appropriate to consider as an "unusual circumstance" the "desirability of avoiding a multiplicity of lawsuits.").

As explained in the Perlman Declaration, the Proposed Settlement would permanently damage Proposed Intervenors' ability to protect their copyright interests; they will lack the bargaining power or resources either to continue this litigation in some form (or file separate actions), or to negotiate a settlement that provides for comparable or even more favorable protection for the interests of the visual arts copyright owners who are historically among the most vulnerable and powerless in the real-world enforcement of copyright rights. While Proposed Intervenors question whether the terms of the Proposed Settlement would provide fair compensation to photographers and graphic artists for past and future infringements, being excluded from the Proposed Settlement could make it virtually impossible to obtain comparable

relief, however adequate or inadequate it may be.  Establishment of the Proposed Settlement scheme, once in practical effect, will likely establish a ceiling for the payment of fair compensation in the future to individual photographers and graphic artists not only by Google, but equally important, also by other infringers or potential licensees.  The enormous market power of Google and the publishers will doom Proposed Intervenors to second-class status in all future negotiations with Google, publishers or other parties whose bargaining positions already far exceed those of individual photographers and graphic artists.  The resulting prejudice is undeniable and inexcusable.

Finally, unusual circumstances warrant a finding of timeliness.  The proposed settlement is enormously complex and unprecedented in its scope and its determination of future rights.  The proposed settlement is over 330 pages long, including 134 pages of dense text and 200 pages of additional attachments that will affect copyright holders world-wide and potentially change the shape of an area of commerce that has seen enormous growth in the last five years.  Further, the settlement is controversial and has serious issues as to whether it passes muster under Fed. R. Civ. P. 23 and under the antitrust law and copyright laws both domestic and internationally.  The broad and far-reaching implications of the settlement to all copyright holders world-wide, the highly suspect process by which Proposed Intervenors were included and then dropped by class counsel, and the prejudice to Proposed Intervenors that attends the proposed settlement, all warrant a finding of timeliness.

  B. *Proposed Intervenors' Ability To Protect Their Property Interests Will Be Impaired if They Are Not Permitted To Intervene.*

Proposed Intervenors easily meet the interest and impairment requirements of Rule 24(a)(2). Indeed, by definition, we have a cognizable interest in the action.  The copyright interests that we seek to protect are identical to those of the Settlement Class, and Google's

7

infringement has harmed us in exactly the same manner as the Settlement Class.  See Discovery Zone, 181 F.R.D. at 593 ("'Interests in property are the most elementary type of right that Rule 24(a) is designed to protect,' and many courts find this requirement met with 'a readily identifiable interest in land, funds, or some other form of property.'") (quoting 7C Charles A. Wright *et al*., Fed. Practice and Procedure § 1908, at 272–74 (1986)).  For this reason alone, we should not have been defined out of the Settlement Class.

Given the identical interests of both Proposed Intervenors and the settlement class, both efficiency and due process concerns will be served by permitting intervention in this case.  See Home Ins. Co. v. Liberty Mut. Ins. Co, 1990 U.S. Dist. LEXIS 15762, at *12 (S.D.N.Y. 1990) (the "'interest' requirement' … is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." (quoting Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967))).  Proposed Intervenors do not seek to inject collateral issues into the existing action.  See United States v. New York, 198 F.3d 360, 366 (2d Cir. 1999) (finding this an improper use of intervention); see also Brennan v. N.Y. City Bd. of Educ., 260 F.3d 123, 129 (2d Cir. 2001) (a Rule 24(a)(2) interest "must be direct, as opposed to remote or contingent").  Rather, as owners of U.S. copyrights in material that may appear in books, their interests and injuries arise directly from the identical infringing conduct alleged in the class complaint.  Compare Mitchell v. Faulkner, 2009 WL 585882, at *4 (S.D.N.Y. Mar. 5, 2009) (finding movants' claims collateral because they did not arise from the plaintiffs' pleadings or cause of action) with McBean v. New York, 2007 U.S. Dist. LEXIS 11356, at *12 (S.D.N.Y. Feb. 13, 2007) (permitting intervention and finding the intervenors' identical claims relevant to the interest requirement).

Further, approval of the Settlement Agreement will impair Proposed Intervenors' interest. This Court has noted that the issue "is not one of res judicata but simply the degree to which the applicant may be 'practically harmed' by a judgment in the pending action. … [Movant] need not demonstrate that a substantial impairment of its interest will result." Home Ins. Co. v. Liberty Mut. Ins. Co., 1990 U.S. Dist. LEXIS 15762, at 13 (S.D.N.Y Nov. 20, 1990). As stated previously, the Proposed Settlement would permanently harm Proposed Intervenors' ability to protect their copyright interests. They do not possess the resources to litigate against Google's enormous marketing power and they lack bargaining power to obtain an equal or better settlement. Additionally, as a practical matter, the settlement payout will likely serve as a ceiling in the future, both with respect to Google and other infringers or potential licensees.

        C. *Proposed Intervenors' Interests Are Not Adequately Represented in the Litigation.*

The final requirement of lack of adequate representation by the existing parties also is easily met. Two elements are necessary to show adequate representation: 1) qualified counsel and 2) named plaintiffs must not have interests antagonistic to the interest of other members of the class. Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir. 2000) (citation omitted). This requirement is satisfied "'if the applicant shows that representation of his [or her] interest "*may be*" inadequate; and the burden for making that showing should be treated as minimal.'" Dow Jones & Co., Inc. v. U.S. Dep't of Justice, 161 F.R.D. 247, 254 (S.D.N.Y. 1995) (emphasis added) (quoting Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972). Further, "[t]he burden of persuasion to demonstrate the adequacy of representation falls on the party opposing intervention." CBS, Inc. v. Snyder, 136 F.R.D. 364, 368 (S.D.N.Y. 1991); see also Home Ins. Co. v. Liberty Mut. Ins. Co., 1990 U.S. Dist. LEXIS 15762, at *16 (S.D.N.Y. Nov. 20, 1990) ("intervention should be allowed unless it is clear that a present party will provide adequate representation for the proposed intervenor's interest").

9

The inadequacy of representation demonstrated both by class counsel and the class representative is discussed at length in the Perlman Declaration. Suffice it to say, class counsel's decision to include, and then exclude, Proposed Intervenors from the class, without disclosure or justification, is more than sufficient to demonstrate inadequate representation. See Buchet v. ITT Consumer Fin. Corp., 845 F. Supp. 684, 690 (D. Minn. 1994) (objections to class settlement agreement put proposed intervenors "at odds with class counsel" and satisfy inadequacy of representation showing required to intervene); see also Oneida Indian Nation of Wis. v. State of New York, 732 F.2d 261, 266 (2d Cir. 1974) (granting intervention where the interests of the parties and proposed intervenor potentially diverge). In addition, the Settlement Agreement creates an unavoidable conflict by elevating the purported interests of some class members over the interests of others who are identically situated. See Home Ins. Co. v. Liberty Mut. Ins. Co., 1990 U.S. Dist. LEXIS 15762, at *16 (S.D.N.Y. Nov. 20, 1990) (showing of adversity of interest sufficient to establish inadequacy of representation).

II. <u>In The Alternative, Proposed Intervenors May Intervene Under Rule 24(b)</u>

Rule 24(b)(2) of the Federal Rules of Civil Procedure, which deals with permissive intervention, provides: "Upon timely application anyone may be permitted to intervene in an action: … (2) when an applicant's claim or defense and the main action have a question of law or fact in common." The district court's discretion under Rule 24(b)(2) is broad. Sackman v. Liggett Group, 167 F.R.D. 6, 22 (E.D.N.Y. 1996). Rule 24(b)(3) directs that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Thus, substantially the same factors are considered in determining whether to grant an application for permissive intervention as are considered for intervention as of right. See Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co., 2007 U.S. Dist. LEXIS 66584, at *5–*6 (S.D.N.Y. Sept. 7, 2007). Further, "[c]ourts in this District have held

10

that Rule 24(b)(2) should be construed liberally." Lovely v. Eggleston, 2006 U.S. Dist. LEXIS 83424, at *8 (S.D.N.Y. Nov. 15, 2006). Again, these requirements are easily met. As discussed above, the instant motion to intervene is timely, the issues of law and fact presented by the Proposed Intervenors' claims on the merits share commonality with those presented by the class complaint, and no undue delay or prejudice will result from allowing intervention.

## Conclusion

For the foregoing reasons, Proposed Intervenors respectfully request that the motion to intervene be granted.

DATED: September 24, 2009

Respectfully submitted,

        S/ Shirley O. Saed_____
        Charles D. Ossola (pro hac vice)
        Elaine Metlin (pro hac vice)
        DICKSTEIN SHAPIRO LLP
        1825 Eye Street, NW
        Washington, DC  20006-5403

        Shirley Saed
        DICKSTEIN SHAPIRO LLP
        1633 Broadway
        New York, NY  10019-6708
        Tel:  (212) 277-6500
        Fax:  (212) 277-6501

        Victor S. Perlman (pro hac vice)
        Managing Director and General Counsel
        AMERICAN SOCIETY OF MEDIA
        PHOTOGRAPHERS, INC.
        150 North Street
        Philadelphia, PA  19106
        Tel:  (215) 451-2767
        Fax:  (215) 451-0800