# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## CASE NO. _____

### IN RE DARLENE MARSHALL,

*Petitioner*

v.

### THE AUTHOR'S GUILD, *et al.*, and GOOGLE, INC.

*Respondents.*

## EMERGENCY PETITION FOR A WRIT OF MANDAMUS

Pursuant to Rule 21 of the Federal Rules of Appellate Procedure, Petitioner, Darlene Marshall, respectfully petitions this Court for an Emergency Writ of Mandamus to the Honorable Denny Chin, United States District Judge, and shows the Court as follows:

### I.     Basis for Invoking Jurisdiction:

This Court has jurisdiction to issue a Writ of Mandamus pursuant to 28 USC § 1651(a) and (b), and Rule 21 of the Federal Rules of Appellate Procedure.

Mandamus is the proper remedy to oppose Judge Chin's *ore tenus* Order prohibiting the presence of court reporters at the status conference currently scheduled for Wednesday, October 7, 2009 at 10:00 a.m.  The matter before the

District Court is a class action with international ramifications. On September 24, 2009, U.S. District Judge Chin entered an Order (Doc. 735) which postponed the Fairness Hearing in the Google copyright case originally scheduled October 7, 2009, at 10:00 a.m. That Order attached hereto as Exhibit "A" also provides that in lieu of the Fairness Hearing the Court will conduct a Status Conference. That Order specifically named objectors, supporters, or *amici* and states: "they are free to attend". Furthermore, the Order directs the parties "shall post a copy of this Order on the Settlement website forthwith."

This case through it published notice invited participation from class members throughout the world. In response to that invitation, the District Court received objections from "countries, states, nonprofit organizations, prominent authors and law professors." Id.

Petitioner, an absent class member, requested that the Status Conference be recorded by a court reporter. Petitioner specifically made that request to the District Court, and that request was specifically denied. See letter from Matthew Weiss, dated October 6, 2009, attached hereto as Exhibit "B".

Other requests to the Court to have a record of the Status Conference have been made. See copy of e-mail letter dated October 5, 2009, from Professor James Grimmelman, Exhibit "C".

Petitioner respectfully requests this Court grant emergency relief permitting

Petitioner to be accompanied by a court reporter to record the proceedings scheduled for October 7, 2009 beginning at 10:00 a.m. before the Honorable Denny Chin for purposes of a Status Conference. Under 28 U.S.C. §753 (b), a party is entitled to a record upon request. *See also National Farmers' Organization, Inc. v. Oliver*, 530 F.2d 815 (8th Cir. 1976).

There are hundreds of objectors to this class action settlement. Many of the objectors are located outside of this country. All objectors have the right to follow these proceedings, formally or informally, in that the ramifications of this settlement are enormous both economically and legally.

Petitioner respectfully request that this Court grant the Writ of Mandamus and require that a court reporter be allowed at the request of any objector to record verbatim all proceedings in this matter.

Respectfully Submitted,

_____
Matthew Weiss (MW 9972)


_____
N. Albert Bachrach, Jr.

# Exhibit A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-24-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
THE AUTHOR'S GUILD et al.,                :

            Plaintiffs,          :

    - against -                          :           **ORDER**

GOOGLE, INC.,                             :           05 Civ. 8136 (DC)

            Defendant.           :
- - - - - - - - - - - - - - - - -x

CHIN, District Judge

        On September 22, 2009, plaintiffs moved for an adjournment of the fairness hearing currently scheduled for October 7, 2009. Defendant Google, Inc. does not oppose the motion.

        Plaintiffs' motion is based on ongoing negotiations with the Department of Justice ("DOJ") that, according to plaintiffs, will result in significant changes to the existing settlement agreement. Plaintiffs suggest that, in light of the negotiations with DOJ, they will not seek approval of the current settlement. (See Pl. Mem. at 3 ("To continue on the current schedule would put the Court in a position of reviewing and having participants at the hearing speak to the original Settlement Agreement, <u>which will not be the subject of a motion for final approval</u>.") (emphasis added)).

        The current settlement agreement raises significant issues, as demonstrated not only by the number of objections, but also by the fact that the objectors include countries, states, non-profit organizations, and prominent authors and law professors. Clearly, fair concerns have been raised.

On the other hand, the proposed settlement would offer many benefits to society, as recognized by supporters of the settlement as well as DOJ. (See DOJ Statement of Interest at 1 ("The Proposed Settlement has the potential to breathe life into millions of works that are now effectively off limits to the public.")). It would appear that if a fair and reasonable settlement can be struck, the public would benefit.

Under all the circumstances, it makes no sense to conduct a hearing on the fairness and reasonableness of the current settlement agreement, as it does not appear that the current settlement will be the operative one. Accordingly, the Court will not proceed with the fairness hearing on October 7, 2009.

The Court will, however, conduct a status conference on October 7 at 10:00 a.m. to determine how to proceed with the case as expeditiously as possible, as this case has now been pending for over four years. The parties shall attend. The Court will not hear argument from any objectors, supporters, or amici -- including those who emailed requests to be heard -- at this conference, though they are free to attend.

The parties shall post a copy of this order on the settlement website forthwith.

SO ORDERED.

Dated:   New York, New York
         September 24, 2009

DENNY CHIN
United States District Judge

-2-

Exhibit B

# WEISS & ASSOCIATES, P.C.

419 PARK AVENUE SOUTH, 2ND FLOOR
NEW YORK, NEW YORK 10016

(212) 683-7030
(212) 726-0135 (FAX)

MATTHEW J. WEISS †   † MEMBER N.Y., CONN. & FLA. BAR

JOHN M. HERMANOWSKI*   * MEMBER N.Y. BAR & USPTO

October 6, 2009

Hon. Denny Chin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
Ne York, NY 10007-1312

Re:   The Authors Guild Inc., et al. v. Google, Inc.
      Case No. 05 CV 8136 (S.D.N.Y.) (D.C.)

Dear Judge Chin:

We understand from Elizabeth of your chambers that you will not have a court reporter present at the status conference scheduled for tomorrow in the above-referenced matter, and you will not allow us to arrange for our own court reporter to attend. We respectfully object to this ruling.

Respectfully submitted,

WEISS & ASSOCIATES, PC

Matthew J. Weiss

MJW/rcm

# Exhibit C



**Institute for Information Law & Policy**

185 West Broadway, New York, NY 10013-2921
T 212.431.2382  F 212.791.2144
E infolaw@nyls.edu
www.nyls.edu/iilp

October 5, 2009

Hon. Denny Chin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: The Authors Guild Inc., et al. v. Google Inc.
Case No. 05 CV 8136 (S.D.N.Y.)(DC)**

Dear Judge Chin:

    We write to request that the Court make public a video recording of the October 7 status conference in the *Authors Guild Inc. v. Google Inc.* case. We believe that the public and class members have the same compelling interest in observing the status conference that they did in observing the fairness hearing originally scheduled for that date. Thus, this letter renews our September 21 request for a video recording of the fairness hearing, for reasons set forth more fully in that letter.

    We understand that the proceedings will not be transcribed, which means that only a recording would offer meaningful access to the millions who are interested in the case. Specifically, we ask the Court to use its existing video-conferencing capabilities to prepare and make available to the public a recording of the proceedings. If the Court is concerned about the costs and technical burdens associated with distributing the video files to a potentially large number of viewers, the Institute for Information Law and Policy at New York Law School would be willing to assume that responsibility.

    The substantial public interest in the case has already been demonstrated by the volume of filings the Court has received and the substantial media coverage of the lawsuit and settlement. Nor do the usual concerns justifying limiting public access, such as the personal privacy interests of participants, apply to this proceeding.

    We thank the Court for its consideration of this request.

Respectfully yours,

James Grimmelmann
Associate Professor of Law
New York Law School

Institute for
INFORMATION
LAW & POLICY
at New York Law School

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic filing on this 8th day of September, 2009 to:

| **Counsel for the Author Sub-Class:** | **Counsel for the Publisher Sub-Class:** | **Counsel for Google:** |
|---|---|---|
| Michael J. Boni, Esq. | Jeffrey P. Cunard, Esq. | Daralyn J. Durie, Esq. |
| Joanne Zack, Esq. | Bruce P. Keller, Esq. | David J. Silbert, Esq. |
| Joshua Snyder, Esq. | James J. Pastore, Esq. | Joseph C. Gratz, Esq. |
| Boni & Zack LLC | Debevoise & Plimpton LLP | Keker & Van Nest LLP |
| 15 St. Asaphs Road | 919 Third Avenue | 710 Sansome Street |
| Bala Cynwyd, PA 19004 | New York, NY 10022 | San Francisco, CA 94111 |
| bookclaims@bonizack.com | bookclaims@debevoise.com | bookclaims@kvn.com |

/s/ Matthew Weiss

Matthew Weiss
NY Bar No.: 9972
WEISS & ASSOCIATES, P.C.
419 Park Avenue South
Second Floor
New York, NY 10016
Phone: (212) 683-7373
Fax: (212) 726-0135

Index No.                              Year 20

United States Court of Appeals
Second Circuit

---

In Re Darlene Marshall,

        Petitioner,

   v.

The Author's Guild, et al., and Google, Inc.,

        Respondents.

---

### EMERGENCY PETITION FOR A WRIT OF MANDAMUS

---

WEISS & ASSOCIATES, P.C.
*Attorneys for* Petitioner     ATTORNEYS AT LAW

419 PARK AVENUE SOUTH, 2ND FLOOR
NEW YORK, NEW YORK 10016

(212) 683-7373

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: October 6, 2009     Signature............

Print Signer's Name...... MATTHEW J. WEISS, ESQ.

---

Service of a copy of the within                                             is hereby admitted.

Dated:

                                     Attorney(s) for

---

### PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on         20

☐ NOTICE OF SETTLEMENT

that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                   one of the judges of the within named Court,
at
on                   20       , at              M.

Dated:

                                                                                        WEISS & ASSOCIATES, P.C.
                                   Attorneys for                          ATTORNEYS AT LAW

                                                                                419 PARK AVENUE SOUTH, 2ND FLOOR

To:                                                                NEW YORK, NEW YORK 10016