UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| The Authors Guild, Inc., Association of American Publishers, Inc., et al., | : : | Case No. 1:05-cv-8136-DC |
| Plaintiffs, | : : | |
| v. | : : | **FILED ELECTRONICALLY** |
| Google, Inc., | : : | |
| Defendants. | : : | |

---

**REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR RECONSIDERATION OF THE COURT'S ORDER
DATED SEPTEMBER 2, 2009 AND ENTERED SEPTEMBER 10, 2009**

**Preliminary Statement**

Pursuant to Fed. R. Civ. P. 59(e) and 60 and Local Rule 6.3, the American Society of Media Photographers, Inc. (ASMP), the Graphic Artists Guild, the Picture Archive Council of America, the North American Nature Photography Association, and individuals Joel Meyerowitz, Dan Budnik, Peter Turner and Lou Jacobs Jr. (collectively, the "Visual Arts Rights Holders" or "Movants") file this reply in support of their motion for reconsideration.

In his letter brief filed with Chambers on October 5, 2009,[1] class counsel argues at length that ASMP counsel knew photographers were not class members, both before the lawsuit was filed and after the settlement was announced. While accurate, this assertion completely skirts one essential fact. What Mr. Perlman was not told, and never knew until months after the settlement was announced, was that for some two and a half years, Movants were members of the class, including the entire time that class counsel was negotiating the settlement with Google. Class counsel's contention that the motion to intervene was untimely because Mr. Perlman knew that Movants were not class members is disingenuous and plainly erroneous.

Class counsel further argues that he had no duty to include Movants in the settlement class or to settle Movants' claims. That, too, is incorrect. Once class counsel made the decision to expand the class definition to encompass Movants, he and the class representatives took on fiduciary duties to the entire class. That duty was breached when Movants were arbitrarily excluded from the proposed settlement. Class counsel's conduct in shifting the class definition to suit his own interests, above the interests of the entire class, merits reconsideration.

Class counsel's argument that there will be no prejudice to Movants if they are not permitted to intervene is deeply flawed. The settlement with Google is unprecedented, both in nature and scope. It purports to address millions of past infringements and to authorize millions

---

[1] Endorsed letter at Docket # 754.

1

of copyright license transfers in the future. There is no doubt that Movants will continue to be prejudiced if they are not included in the class. It is equally true that their inclusion will not create delay, and will not cause prejudice to the ongoing settlement negotiations. Both law and equity require reconsideration of Movant's motion to intervene.[2]

I. MOVANTS MEET THE REQUIREMENTS FOR RECONSIDERATION

On September 1, 2009, Movants requested a pre-motion conference seeking leave to file a motion to intervene as of right under Fed. R. Civ. P. 24(a)(2), or permissively under Rule 24(b)(2), to file objections to the proposed settlement and preserve their right to appeal.[3] The Court denied the request without benefit of a full briefing on the merits, and instead, construed the pre-conference request as Movants' motion to intervene, simultaneously denying the prospective motion.[4] The Court reasoned that, "This case was filed some four years ago and has been conditionally settled; it is simply too late to permit new parties into the case." Nevertheless, the Court permitted Movants to object to the proposed settlement, although absent class members are not entitled under Rule 23 jurisprudence to file objections.

Class membership is a question of standing, a threshold issue. Here, because class counsel gerrymandered the class to a degree that raises constitutional issues, determination of class membership is of crucial import, implicating the rights of hundreds of thousands of artists. If in the class, their status must be confirmed, so that they may have the opportunity to object,

---

[2] In his letter brief opposing Movants' Memorandum of Points and Authorities in Support of Motion for Reconsideration of Denial of Motion to Intervene for the Limited Purposes of Objecting to the Proposed Class Action Settlement Agreement and Preserving Right to Appeal, dated September 25, 2009, at Docket # 739 ("Reconsideration Mem."), class counsel disputed timeliness, but did not address the remaining requirements of intervention under Fed. R. Civ. P 24 (a): (1) an interest relating to the subject of the action; (2) impairment of that interest or the ability to protect it; (3) lack of adequate representation of that interest.); or Rule 24(b): the proposed intervenor's claim or defense and the main action have a question of law or fact in common." Accordingly, class counsel has conceded these points.
[3] *See* Letter as Attachment 2 at Docket # 736.
[4] The Court so ordered on September 2, 2009, entered September 10, 2009, at Docket # 428 (the "Order").

2

appeal or opt out. These options arise not only from Rule 23, but from the due process mandated by the Constitution itself. *Phillips Petroleum Co. v. Shutts*, 472 US 797, 812 (1985).

Class counsel's argument that Movants cannot meet the standards for reconsideration is wrong. Lack of a pre-motion conference and an opportunity to file a formal motion to intervene barred Movants from fully apprising the Court of the facts and law going to their unique standing as class members in this litigation — a pressing issue that should be resolved at this juncture. Reconsideration is necessary under these circumstances to serve the interests of justice.

Under circumstances far less exigent than these, courts in this circuit have granted motions for reconsideration in the interest of preventing a manifest injustice. For instance, in *Alvarez v. QPI Multipress, Inc.*, though plaintiff's arguments were asserted in other places in its papers, the court reconsidered and reversed its grant of summary judgment in favor of defendant because a single page of plaintiff's expert affidavit was omitted inadvertently. 5:99-cv-1352, 2007 U.S. Dist. LEXIS 48588 (N.D.N.Y. July 5, 2007). The *Alvarez* court granted the motion for reconsideration "in an abundance of caution and in order to prevent any manifest injustice that might result from the Court's failure to examine all of the relevant information." *Id*.

Indeed, reconsideration is warranted here because standing, a threshold issue, has not been determined. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-95 (holding that courts may not extend "hypothetical jurisdiction" over parties without standing). Notably, on a letter dated May 20, 2009, from class counsel, this Court explicitly stated that standing was not adjudicated by virtue of its prior decision allowing another requesting intervenor to file objections.[5] Accordingly, Movants' status as class members has not been resolved, despite the Court's allowing Movants to file objections to the settlement.

---

[5] Letter at Docket # 112 in this case, attached hereto as Exhibit 1.

Standing is intertwined with the class definition, which itself is the foundation of the remedies that become binding on class members. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612-13 (1997) (class certification questions are "logically antecedent to the existence of any Article III issues"). The binding effect justifies allowing unnamed plaintiffs to file objections to a proposed settlement without intervening. *Devlin v. Scardelletti*, 536 US 1, 10-11 (2002).[6] Because contexts do vary, as Fed. R. Civ. P. 23(d) provides, in class actions "the court may make appropriate orders permitting class members 'to intervene and present claims or defenses.'" *Lovely H. v. Eggleston*, 06-cv-6920, 2006 U.S. Dist. LEXIS 83424 at 8-9 (S.D.N.Y. Nov. 15, 2006) (quoting the Rule). But while unnamed plaintiffs may object without intervening, nonparties may not – and the effects of a class action can raise matters of constitutional due process. *Phillips Petroleum Co. v. Shutts*, 472 US 797, 812 (1985).

The sleight of hand performed in the Second Amended Complaint – both narrowing and expanding the class definition – and in the proposed settlement class definition that purported to exclude Movants almost entirely – requires their status to be confirmed at this juncture.[7] With the previous proposal off the table, renewed settlement negotiations are underway. To settle the action with the utmost finality attainable, known questions of standing should be resolved now so that Movants will clearly be included in new settlement proposals that come before the Court.

II. CLASS COUNSEL AND THE CLASS REPRESENTATIVES
    FAILED TO REPRESENT MOVANTS ADEQUATELY

Class counsel and the class representatives' abject failure to adequately represent Movants during the course of the lawsuit and in connection with the settlement is egregious.

---

[6] *See also Eisenstein v. New York*, 129 S. Ct. 2230, n.3 (June 8, 2009) (noting *Devlin*'s limitation that "party status depends on 'the applicability of various procedural rules that may differ based on context'") (quoting *Devlin*, 536 U.S. at 10).

[7] *See* Objections of [Movants], Docket # 218, at 6-8 (manipulation of the class definition), and at 13 and preceding text (prejudice would be immediate and enduring).

4

Class counsel and class representatives have a fiduciary duty to an entire class, not just to named plaintiffs. *Greenfield v. Villager Indus. Inc.*, 483 F.2d 824, 832 (3d Cir. 1973); Newberg & Conte, *Newberg on Class Actions*, § 11:65 ("The general rule is that the named plaintiff and counsel bringing the action stand as fiduciaries for the entire class, commencing with the filing of a class complaint. The tendency of putative class members to rely on class representatives as fiduciaries to advocate the class interests has been observed and noted by the courts."). Those fiduciary duties encompass "not . . . prejudic[ing] interests that putative class members have in their class action litigation." *Schick v. Berg*, 03-cv-5513, 2004 U.S. Dist. LEXIS 6842 at 18 (S.D.N.Y. Apr. 20, 2004), *aff'd*, 430 F.3d 112 (2d Cir. 2005).

Class counsel must be vigilant in observing this duty because, in the settlement-only class action context, conflicts inhere, as class counsel may be motivated to rush to settlement once assured of a large fee recovery, and let the claims of absent class members fall by the wayside. *In re: Cty. Bank of N. Va.*, 418 F.3d 277, 307-08 (3d Cir. 2005) (collecting authority "comment[ing] extensively on the collusive dangers inherent in a settlement-only class action").[8] Courts also must pay close attention to the treatment of absent class members. *Amchem*, 521 U.S. at 629 (Rule 23 is to be "applied with the interests of absent class members in close view").[9] Likewise, when courts grant class certification "for class action settlement only, the moment of certification requires 'heightened attention' to the justification for binding the class members." *Ortiz v. Fireboard Corp.*, 527 U.S. 815, 849 (1999) (quoting *Amchem*, 521 U.S. at 620).

---

[8] *See also Culver v. Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002) (same).

[9] *See also Culver*, 277 F.3d at 910 (describing the class action as "an awkward device, requiring careful judicial supervision, because the fate of the class members is to a considerable extent in the hands of a single plaintiff…whom the other members of the class may not know and who may not be able or willing to be an adequate fiduciary of their interests.").

Though class counsel may have discretion to define the class, he cannot do so arbitrarily[10] or in derogation of his fiduciary duty. In expanding the definition in the First Amended Complaint, and negotiating to settle on behalf of the class therein described, class counsel had a duty to represent *all* of the class members. Expanding the class to include Movants yielded the threat of expanded liability, which provided class counsel with increased leverage to negotiate a larger settlement. Despite the significant change, class counsel did not explore the nature or breadth of the newly included claims. And, as held in *In re Community Bank of Northern Virginia*, "[w]ithout adequate exploration of the absent class members' potential claims, it is questionable whether class counsel could have negotiated in their best interests." 418 F.3d at 307.[11] In the end, class counsel re-stretched the class definition to fit the frame that best suited his own interests, rather than those of the class as a whole, and in so doing, prejudiced the interests of those he was duty-bound to protect, and violated his fiduciary duty to the class.

*In re Holocaust Victim Asset Litigation*, 225 F.3d 191 (2d Cir. 2000), cited by class counsel, is instructive, though not for the propositions advanced. First, past harm was to be redressed in the litigation for recovery of assets held in Swiss banks; future rights were not determined. Here, class counsel and defendant Google, Inc. seek not only to settle past infringement claims, but to establish a prospective commercial contract to transfer millions of copyrights and to settle future claims. Whether settlement of future claims is sound has been questioned by the Supreme Court, *see* Wright, Miller & Kane, *Fed. Prac. and Proc.: Civil* 3d

---

[10] *See McDonald v. United Air Lines, Inc.*, 587 F.2d 357, 359 (7th Cir. 1978) (reversing district court's narrowing of class because there was no distinction between stewardesses who were fired and stewardesses who resigned voluntarily rather than await firing.)

[11] *See also Manual for Complex Litigation, Fourth*, § 21.61 at 309 ("Judicial review [of a proposed settlement] must be exacting and thorough. The task is demanding because *the adversariness of the litigation is often lost after the agreement to settle*.") (emphasis added).

§ 1797.3 at 164 (In *Amchem*, the Supreme Court "expressed serious doubt about the viability of settlements containing future claims"), and by the Department of Justice in this case.

Second, proposed intervenors in *In re Holocaust* knew that they were in the class far in advance of the motion to intervene, and that the subclass they sought was not delineated. *Id.* at 2000 U.S. App. LEXIS 29529 at 3 (2d Cir. Sept. 21, 2000) (amending the earlier version of the opinion cited by class counsel). In contrast, Movants only recently received notice, and learned that their class status was rendered ambiguous by class counsel's maneuverings. Finally, a prevailing concern was that intervention would send the parties "back to the drawing board" to revise settlement, *id.* at 21, whereas here, the settlement proposed already must be redrawn, as it spawned scores of objections from all corners of the earth, not to mention the concern of the Department of Justice, and Attorneys General for several states.[12]

Given the conduct of class counsel and the class representatives, Movants remain concerned that their interests will not be adequately represented if intervention is granted. To the extent that the past conduct is repeated, Movants will likely petition the Court for the additional relief sought in thei Objections, including the appointment of additional counsel and class representatives to represent Movants' interests, as needed[13].

III.     THE MOTION TO INTERVENE WAS TIMELY

Until notice has issued under Fed. R. Civ. P. 23, unnamed class members have no duty to exercise any responsibility whatsoever with regard to the class action suit. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552 (1974); *Crawford v. Equifax Payment Servs.,* 201 F.3d 877, 881 (7th Cir. 2000). As explained in the motion for reconsideration, there is no specific amount of time in which to file a motion to intervene that is considered untimely *per se*, *United States v.*

---

[12] State filings at Docket # 277, # 547, # 708.
[13] *See* Objections of [Movants] at 3, Docket # 218, attached hereto as Exhibit 2.

*New York*, 820 F.2d 554, 557 (2d Cir. 1987) (declining to adopt a *per se* untimely rule to a delay of seven years); rather, motions filed within the opt-out period to intervene for the purpose of objecting to a settlement are presumptively timely. *In re: Cmty. Bank of N. Va.*, 418 F.3d at 314-15. Moreover, intervention is timely when filed at the time the intervenor's class status changes, with the result that the intervenor-former putative class member is no longer in a class. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 389 (1977).

Before terms of the settlement became known, Movants had no reason to intervene. Not until notice issued did Movants see the enormous prejudice that the settlement would impose on the excluded members of the Visual Arts Rights Holders community. As explained in Movants' Objections, notice spurred the retention of outside counsel to analyze the settlement. Only then did Movants come to learn that they were class members as defined in the First Amended Complaint and that class counsel had edited them out at the eleventh hour, without regard to existing fiduciary duty to protect Movants' interests.[14] These critical facts were completely omitted from the settlement notice, in utter disregard of class counsel's obligations under Rule 23 to provide a rationale supporting his decision to exclude Movants from the settlement.[15] *See* Reconsideration Mem. at 5.

Further, class counsel turns the notion of prejudice on its head when he argues that the class will be prejudiced if Movants are included. The parties are in the throes of renegotiating the settlement. There is no better time to resolve Movants' claims than the present, while the settlement is being reworked to address the host of objections and concerns that have been raised. On the other hand, Movants will be prejudiced if they are not permitted to intervene. Not

---

[14] *See* Objections of [Movants], at 6-8 (changing class definition without explanation or notice to the Court), 9 ($30 million recovery for class counsel, who has reported only about $140,000 in expenses – *see* Notice of Class Action Settlement, at 27); 15-23 (case law and arguments establishing class counsel's breach of fiduciary duty), attached hereto as Exhibit 2.

[15] *See, e.g.*, *Manual for Complex Litig., Fourth*, § 21.62 at 318, *see also* Reconsideration Mem., Docket # 739 at 5.

8

only will Movants likely have to file a lawsuit based on the same legal issues and facts disputed in the class action, which is prejudicial in itself, but the settlement will damage Movants' ability to protect their copyright interests, as it will likely establish a ceiling for the payment of fair compensation in the future to individual photographers and graphic artists. Finally, it is clear that the unusual circumstances surrounding this unprecedented and controversial settlement favor a finding that intervention is timely. *See* Reconsideration Mem. at 3-7.

## CONCLUSION

For the foregoing reasons and those set forth in Movants' opening motion and Objections, Movants respectfully submit that the Court grant the motion for reconsideration and permit Movants to intervene to the extent that they are not already members of the class.

DATED: October 14, 2009  Respectfully submitted,

By: \_/s/ *Christina J. DeVries*_____
Christina J. DeVries (CD 2419)
devriesc@dicksteinshapiro.com

Charles D. Ossola (pro hac vice)
ossolac@dicksteinshapiro.com

Elaine Metlin (pro hac vice)
metline@dicksteinshapiro.com

DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
 *and*
1633 Broadway
New York NY 10019

Victor S. Perlman
Managing Director and General Counsel
AMERICAN SOCIETY OF MEDIA
PHOTOGRAPHERS, INC.
150 North Street
Philadelphia, PA 19106
perlman@asmp.org
Tel: (215) 451-2767
Fax: (215) 451-0800