The Author's Guild et al v. Google Inc.                                                                                                              Doc. 760

October 22, 2009

Office of the Clerk, J. Michael McMahon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007
Attention: The Honorable Denny Chin (212-805-7906 fax)

**SENT BY FACSIMILE TO COURT
AND BY ECF TO SERVICE LIST PER INSTRUCTIONS FROM CHAMBERS**

**Re:** *Authors Guild v. Google*, **Case No. 1:05-CV-8136-DC (S.D.N.Y.)**
       **Amended Settlement Issues**

Dear Judge Chin:

We represent a broad range of the current objectors, amici, and commentators on the Google Books settlement. Given the quick pace for revision of the settlement, we write to express our substantial collective concern that the class members receive adequate notice of, and have sufficient time to study and comment on, any amended settlement agreement that the parties present.

At the status conference on October 7, 2009, had parties confirmed that they intend to amend the settlement in light of what the Court has called "significant issues, as demonstrated not only by the number of objections, but also by the fact that the objectors include countries, states, non-profit organization, and prominent authors and law professors." Order of September 24, 2009 at page 1 (Document #735). However, the parties also indicated that they would request that "both the size and language of the notice as well as the timing of dissemination should be very short and truncated," and asked the Court to "limit the objections to those provisions that were amended and not have a whole new bite at the apple for the class." As part of this truncated and abbreviated process, the parties requested a fairness hearing by the end of December or early January. Transcript of October 7, 2009, Status Conference at 4:7-20.

We signatories raised different specific concerns and issues about this settlement from a number of different vantage points. We are united, however, in our concern that the parties' requests to limit the notice, time and scope of objections will be unfair to us and to other class members. Moreover, under the timeframe suggested by the parties, the time for class members, amici and commentators to consider the amendments will occur almost entirely over the holidays.

The prior settlement ran hundreds of pages, containing many complex, highly technical legal and business issues, with multiple interlocking facets. Any amended settlement will add a new level of complexity, requiring careful analysis not only of the changes, but also of the way they affect all the other implications of the settlement. This analysis of any changes is especially difficult for the many class members who are not native English

Dockets.Justia.com

speakers or who are unfamiliar with American legal processes.[1] Particularly against this backdrop, we are deeply concerned that a shortened process based on minimum additional notice will seriously impair the ability of objectors, amici, and commentators to provided meaningful analysis of the proposed amended agreement to the Court.

We urge the Court to consider all of these facts in setting the schedule for this case. To that end, we request the opportunity to provide this Court with comments on these procedural matters sometime after the parties submit their proposal but before this Court issues orders setting the process for preliminary approval and the final fairness hearing.

We also believe that the Court should ensure robust notice to class members. The parties at the status conference indicated that any amendments to the proposed settlement will only inure to the benefit of the class. Status Conference Transcript at 4:4-6. However, given the large size and diverse interests of the class members, plus the multiple concerns raised by the Department of Justice and many of the foreign and domestic objectors about the adequacy of the class representatives to represent those interests, we are concerned that the determination of whether the amendments are ultimately beneficial to the class may be more complex than in other cases where the amendments to class action settlements added only small improvements for the class.[2]

We further urge the Court to reject any proposed restrictions on the scope of objections or amicus curiae filings. Confining comments to changes in the settlement will create an arbitrary, confusing, and unnecessary threshold and lead to less readable filings that omit important context. Additionally, confining comments to changed matter may paradoxically prevent objectors and amici from informing the Court that the amendments do not address their concerns.

Finally, we suggest that the Court affirmatively assure class members that (a) responses need not be filed again and all will be considered whether filed in the Spring, in September or later, and (b) that there will be no scope restrictions on responses.

We appreciate your consideration of these requests.

Respectfully submitted,


<u>Objectors</u>

Shojiro Akashi

---

[1] To that end, the parties should be required to translate both the original agreement and the proposed amendments.

[2] *See e.g. Denny v. Deutsche Bank AG,* 443 F.3d 253, 271 (2nd Cir. 2006)(modification to provide funds to pay opt-outs); *Shaw v. Toshiba America Information Sys., Inc.* 91F.Supp.2d 942, 974, 988 (E.D. Tex 2000) (modification to extend a coupon redemption date).

Amazon

The American Society Of Media Photographers, Inc., Graphic Artists Guild, The Picture Archive Council Of America, The North American Nature Photography Association And Individual Photographers Joel Meyerowitz, Dan Budnik, Pete Turner and Lou Jacobs, Jr.

Jacques Barzun, Harold Bloom, Victor Davis Hanson, Dick Armey, Donald Kagan, Richard Howard, Paco Underhill, Terry Teachout, David Gelernter, Ruth Wisse, Sarah Ruden, David Lehman, Arthur Herman, Stephen Bates, John Yoo, Manuela Hoelterhoff, Howard Markel, Diane Ravitch, Norman Podhoretz, Midge Decter, Elliot Abrams, Gabrielle Glaser, Charlotte Allen, Roy Spencer, Nick Basbanes, Harriet Rubin, Michael Ledeen, Michael Behe, Frank Gonzalez-Crussi, John Derbyshire, Peter Schweitzer, Roger Simon, Steve Ozment, Charles Hill, The Estate of Thomas M. Disch, Douglas Crase, Sherwin B. Nuland, Jack Beermann, John Lehman, Frank Turner, Richard A. Epstein, Geof Stone, David D. Friedman, Steve Johnson (Ishmael Jones), Mel Eisenberg, Susan Lee, Gerald Early, Charlie Sykes, David Kuo, Ralph Reed, Elizabeth Wurtzel, Mary Ann Glendon, Henry Fetter, Shawn Bayern, Bob Herbold, Michael Cox, Mary Lefkowitz, Wendy Shalit, National Writers' Union,
American Society of Journalists and Authors

Electronic Frontier Foundation

Harrassowitz, Media24, Studentlitteratur AB, Norstedts Förlagsgrupp AB, Norstedts Kartor AB, Leopard Förlag AB, Czernin Verlag

Ian Franckenstein

The Japan PEN Club

Lewis Hyde, Harry Lewis

Microsoft

Ray Nimmer

Pamela Samuelson

Holly Towle

The Washington Legal Foundation

The Estate of Richard Wright, Julia Wright, Arlo Guthrie, The Estate of Phillip K. Dick, Catherine Ryan Hyde, Eugene Linden, Thomas Steinbeck, Mike Perry

Yahoo

Amici

Börsenverein des Deutschen Buchhandels, Schweizer Buchhändler - und Verleger-Verband SBVV, Hauptverband des Österreichischen Buchhandels, and Svenska Förläggareföreningen (Foreign publishing societies)

Consumer Watchdog

The Internet Archive

Lyrasisk, Nylink and Bibliographical Center for Research Rocky Mountain, Inc.

Open Book Alliance

Public Knowledge

Commenters raising concerns

Aitken Alexander Associates Ltd, A.P. Watt Ltd, Brie Burkeman and Serafina Clarke Ltd, David Higham Associates, Lavinia Trevor Literary Agency, Lutyens & Rubinstein, Pollinger Ltd, The Ampersand Agency (UK Publishers)

Urban Libraries Council