```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

THE AUTHORS GUILD et al.,            :

          Plaintiffs,                :

     - against -                     :          MEMORANDUM DECISION

GOOGLE, INC.,                        :          05 Civ. 8136 (DC)

          Defendant.                 :

- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/1/09

**APPEARANCES:**     IRELL & MANELLA LP
             By: David Nimmer, Esq.
                 Alexander F. Wiles, Esq.
             1800 Avenue of the Stars, Suite 900
             Los Angeles, California  90067
                     -and-
             DAVID ZAPOLOSKY, ESQ.
             Vice President & Associate General Counsel
             Amazon.com Inc.
             1200 12th Avenue South, Suite 1200
             Seattle, Washington  98144
                 Attorneys for Amazon.com Inc.

             BONI & ZACK LLC
                 By: Michael J. Boni, Esq.
             15 St. Asaphs Road
             Bala Cynwyd, Pennsylvania  19004
                 Attorneys for Author Plaintiffs

**CHIN, District Judge**

　　　　Amazon.com, Inc. ("Amazon"), a member of the plaintiff class in this class action, moves for reconsideration of the Court's order granting preliminary approval of the parties' Amended Settlement Agreement.  Amazon argues that the Amended Settlement Agreement should not have been preliminarily approved because "it purports to release Google and others from liability for actions they may take in the future."  (Mem. at 7).  For the reasons set forth below, the motion is denied.

The standards for reconsideration are strict. See <u>Doe v. New York City Dep't of Soc. Serv.</u>, 709 F.2d 782, 789 (2d Cir. 1983), <u>cert. denied</u>, 464 U.S. 864 (1983). To prevail on a motion for reconsideration, the moving party must show an intervening change in the law, the availability of new evidence, or the need to correct clear error or prevent a manifest injustice. <u>McLaughlin v. State of New York</u>, 784 F. Supp. 961, 965 (N.D.N.Y. 1992). Those standards are not met here.

Preliminary approval of a class action settlement proposal "is at most a determination that there is what might be termed 'probable cause' to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." <u>In re Traffic Executive Assoc.</u>, 627 F.2d 631, 634 (2d Cir. 1980). At the preliminary approval stage, the Court need decide only if the proposed settlement "fits within the range of possible approval." <u>In re Prudential Sec. Inc. Ltd. P'ships Litig.</u>, 163 F.R.D. 200, 209-10 (S.D.N.Y. 1995) (citations omitted).

In evaluating a proposed class action settlement agreement for preliminary approval -- particularly one as complicated and multi-faceted as the one at issue here -- a full fairness analysis is neither feasible nor appropriate. See <u>Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.</u>, 237 F.R.D. 26, 34 (E.D.N.Y. 2006). Rather, the many nuances of the Amended Settlement Agreement will be considered after the fairness hearing is held on February 18, 2010, and after all class members, amici, and the Department of Justice have had the opportunity to make their views known. The Court will conduct a thorough fairness analysis then, taking all considerations into

account.  Amazon's motion for reconsideration is denied.  Amazon may set forth its arguments in its objections to the proposed settlement in conjunction with the final settlement approval process.

Amazon also requests that the Court amend its preliminary approval order with regard to the mechanism by which objectors may submit objections to the proposed settlement.  The order provides that objectors may now object only to amended terms of the settlement agreement, and that the time for objecting to the original settlement terms has passed.  The Court will consider objections to the amended settlement in conjunction with previously-submitted objections to the original settlement. Amazon asks that, instead, objectors be permitted to withdraw their previous objections and to submit superseding objections that relate to both the original and the amended settlement terms.  This request is denied, but to the extent that objectors find it necessary to refer to their prior objections now to present "cohesive and accurate filings," they may do so.

SO ORDERED.

Dated:   New York, New York
         December 1, 2009

DENNY CHIN
United States District Judge