**Margaret Jane Ross**
**MJR Publishing Services,**
**5802 Wynona Avenue,**
**Austin, Texas 78756.**
**Phone: (512) 451-3129.**
**mjr@io.com**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _/ - 2 L - / D_

Office of the Clerk of Court
U.S. District Court for the Southern District of N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

January 20, 2010

Dear Sir or Madam,

### Re: The Authors Guild, Inc., et al. v. Google Inc., No. 05 CV 8136

By this letter, I **opt out** of the proposed settlement in this case. I am opting out of both
the "Author Sub-Class" and the "Publisher Sub-Class," and out of the settlement in its
entirety.

I have written and published works under names including, but not limited to, the
following variant spellings, forms, pen names, and/or pseudonyms:
M. Jane Ross, Jane Ross, Margaret J. Ross.

My works include, but are not limited to, the following:
*Kitchen Table Stories* and *Writing Our Lives*

I am opting out for the reasons stated in the attached document.

Sincerely,

Margaret Jane Ross

cc: Google Book Search Settlement Administrator
c/o Rust Consulting
PO Box 9364
Minneapolis, MN 55440-9364

Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.
Durie Tangri Lemley Roberts & Kent LLP
32 Pine St., Ste. 200
San Francisco, CA 94104

Michael J. Boni, Esq.
Joanne Zack, Esq.
Joshua Snyder, Esq.
Boni & Zack LLC
15 St. Asaphs Rd.
Bala Cynwyd, PA 19004

Jeffrey P. Cunard, Esq.
Bruce P. Keller, Esq.
Debevoise & Plimpton LLP
919 Third Ave.
New York, NY 10022

**Reasons Why I (and Other Family Members Whom I Am Authorized to Represent) Are Opting Out of the Google Book Search Settlement**

I, and other family members I am authorized to represent, am opting out of the Google Book Search settlement because the principles and terms of the settlement are profoundly unfair to authors and literary heirs and most especially to copyright holders of so-called orphaned books.

My grandfather's memoir *Dust and Snow* is a perfect example of a kind of book that is most vulnerable under the terms of the GBS Settlement.

This book was self-published in 1988. My grandfather, Mr. C.R. Cooke passed away in the 1990s and the copyright passed to his three daughters, my mother and my two aunts. They are his literary heirs. The three heirs control a copyright legacy that will continue for years to come and will likely pass to their children in turn, even if the book is out of print. Copies of the book are held by several of the large university libraries that Google plans to digitize and is a candidate for digitization.

From Google's point of view, *Dust and Snow* is an "orphaned" book. If and when Google scans it, the company is likely to be unsuccessful in trying to locate the publisher, since the book was self-published and my grandfather is now deceased. In essence, the way the settlement is written, such "orphaned" titles are automatically handed to Google free of charge to do with as it will.

From my family's point of view, *Dust and Snow* is not orphaned at all. It is very clear who owns the copyright. So why is Google being granted the automatic right to take over the copyright of books like my grandfather's?

My grandfather worked hard composing this book and I worked closely with him, editing it. Between us we put considerable effort into creating this book. Though Google may claim that they are adding value by their works scanning a book like this one, they are discounting the huge amount of work that went into creating it in the first place and the newly-emerged potential for the copyright-holders to reissue their out-of-print books themselves. My grandfather's literary heirs can create their own print-on-demand and e-book versions of the book if they see fit. That way, his descendants would reap the rewards, not Google! But they can only do this in a way that makes sense economically if they are not competing with cut-price versions offered by Google.

Is the Google Book Search scanning effort and the lawsuit settlement fair to the interests of the copyright holders of so-called orphaned books? The answer is a resounding no! I believe this sentiment is shared by many authors and would be shared by many more literary heirs if they were aware of how Google's Book Search digitization efforts and the settlement principles and terms are stacked against them!

I hope that the court will listen to these objections and change the settlement terms accordingly.

*M Jane Ross*

Margaret Jane Ross

MJR Publishing Services, 5802 Wynona Avenue, Austin, Texas 78756.
Phone: (512) 451-3129. mjr@io.com www.womeninthewaves.com