January 12, 2010

Office of the Clerk of Court
U.S. District Court for the Southern District of N. Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York
10007-1312



SDNY
UMENT
ECTRONICALLY FILED
DC #:
DATE FILED: 1/27/10

**Re:   The Authors Guild, Inc., et al. v. Google Inc., No. 05 CV 8136**

By this letter, I opt out of the proposed settlement in this case. I am opting out of <u>both</u> the "Author Sub-Class" and the "Publisher Sub-Class", and out of the settlement in its entirety. This is intended to cover all current and future intellectual or creative property.

I am opting out for a number of reasons including, but not limited to, the following:

- As a foreign company, Google should not be permitted to take control of the livelihood of workers in other countries.

- Google should not be permitted to take control, through copying and undefined distribution, of another's work for their own profit without their consent.

- The settlement proposed by Google does not guarantee appropriate compensation to the writer; compensation rates, if passed onto to the writer, are in no way equivalent to current compensation available from other contract or legislated sources for publication or distribution of the writer's work.

- Google is negotiating a settlement for writers across the U.S. and in foreign countries with a regional U.S. group, The Authors Guild, which represents only a fraction of U.S. writers and does not represent foreign writers.

- The proposed settlement is contrary to existing copyright laws and legislation, and anti-trust laws and legislation, in the U.S. and abroad.

- The settlement is attempting to replace other arrangements already in place for the reproduction of copyrighted work, for example the photocopying of work through libraries.

- The settlement attempts to limit rights of action of individuals for future breaches of law by Google or those included as part of the settlement.

- The settlement has not been properly conveyed to affected parties; distribution of information is limited to those parties who have agreed to be part of the settlement. To oppose the settlement is to be denied the necessary information to remain informed of the process.

- The proposed settlement, although affecting francophone writers in Canada, is being conducted entirely in English, with all correspondence and notices in English, in contravention of Canadian law.

- Hearings are limiting speakers, or the presentation of written objections, to those who opt in to the agreement. Appropriate presentation of contrary professional opinion is being unduly limited.

- The agreement would provide Google with a monopoly for the access, copying and distribution of the intellectual property of others, without their knowledge or consent.

- The settlement attempts to replace or interfere with contracts already in place between writers and publishers.

In short, writers create works as their livelihood. Maintaining control of the copyright allows for appropriate compensation for the work through-out the life of the work. Each use of the work creates value for the user, a portion of which is then transfered to the creator of the work as acknowledgement. To surrender the ownership, and therefore the means of income, to a foreign corporation, allowing them unfettered rights to profit from someone else's property without providing fair compensation, is contrary to the fundamental principles of the fair market system.

Sincerely;

Blaine Regan Newton

4021 – 52 Street
Red Deer, Alberta, Canada
T4N 2B8

bupkes@shaw.ca

cc: Google Book Search Settlement Administrator
c/o Rust Consulting
P.O. Box 9364
Minneapolis, MN, 55440-9364

Michael J. Boni, Esq.
Joanne Zack, Esq.
Joshua Snyder, Esq.
Boni & Zack LLC
15 St. Asaphs Rd
Bala Cynwyd, PA, 19004

Jeffrey P. Cunard, Esq.
Bruce P. Keller, Esq.
Debevoise & Plimpton LLP
919 Third Ave.
New York, NY, 10022