# EXHIBIT 1



Office of the Clerk

**J. Michael McMahon**

US District Court for the Southern District of New York

500 Pearl Street

New York, New York 10007

USA

London, 27th January 2010

*Filed electronically & via Express Courrier*

*To the attention of the Honorable Denny Chin*

Re: The authors Guild Inc., Association of American Publishers, Inc. v. Google (Case No. 05 CV 8136 JES) – Objections of Hachette UK Limited to Proposed Amended Settlement Agreement

Dear Judge Chin:

1. I, Arnaud Nourry, signatory of this letter, am a citizen of France and Director of Hachette UK Limited, duly empowered.

2. **Hachette UK Limited**, having its registered office and principal place of business at 338 Euston Road, London NW1 3BH, UK ("HUK"), objects to the amended version of the settlement agreement proposed in the above-captioned matter as transmitted by the parties to HUK on several occasions during the month of December 2009 (The "Proposed Amended Settlement Agreement").

3.  HUK is a subsidiary of the French publisher Hachette Livre SA. HUK has subsidiaries outside the United Kingdom in many other wholly or significantly wholly English speaking countries, notably Ireland, Australia, New Zealand and India. It operates through agencies in South Africa and Canada as well as in non-English language markets.

4.  HUK is the largest English language publisher in Britain, Ireland, Australia and New Zealand. It has business interests in publishing, distribution and selling of books across all genres and formats including but not limited to commercial fiction and non-fiction, children's books, text books, reference books, illustrated books as well as digital and audio publishing.

5.  HUK has not opted-out and is thus a member of the Publisher Sub-Class.

6.  By a submission dated 3rd September 2009, HUK wrote to the Court to object to the original Proposed Settlement Agreement in this matter. This letter was attached as Exhibit 10 to the objections presented to the court by its parent company, Hachette Livre SA, and dated 3rd September 2009.

7.  HUK is deeply concerned by the fact that the parties have thus far avoided responding to the more than 400 objections which were filed with the Court in connection with the Original Proposed Settlement Agreement. HUK believes that the parties have a *public responsibility* to respond to those objections as well as the additional objections to the Proposed Amended Settlement Agreement in a reasoned submission.

8.  According to the transcript (p. 2), at the status conference of 7th October 2009, one of the attorneys for the Plaintiffs and Authors Sub-Class stated that the Supplemental Notice "*will largely be a notice that states benefits to the class*". HUK has examined the Supplemented Notice and finds it totally lacking in information needed by members of the Amended Settlement Class. Rather than explaining any purported benefits deriving from the changes, the Supplemented Notice simply sets out (i) a three page summary of the amendments to the Original Proposed Settlement Agreement and (ii) a one-page summary of the "options" available to members of the Amended Settlement Class. *However, the Supplemented Notice does not provide any guidance whatsoever concerning the consequences of the amendments for the members of the Amended Settlement Class.*

This means that HUK has had to do this analysis itself, without relying upon any guidance from the parties. And HUK has concluded that the said amendments will have as their consequence a degradation of its situation under the Proposed Amended Settlement Agreement as compared to the Original Proposed Settlement Agreement.

9.  As a European publisher, HUK also objects to the Proposed Amended Settlement Agreement.

10. At point 18 of the Court's order of 19th November 2009, it is stated that objections to the terms of the Proposed Amended Settlement Agreement should "*be limited to the provisions amended from the Settlement Agreement*". HUK has complied with this principle.

11. In this context, HUK – while maintaining, *mutatis mutandis*, its original objections of 3rd September 2009 as filed with the Court -- hereby files the following *additional* objections, related exclusively and specifically to the changes brought by the parties to the Original Proposed Settlement Agreement under the Proposed Amended Settlement Agreement, and having an effect on HUK, in particular with regard to (i) rebate pricing and (ii) identification of HUK works digitized by Google.

## I. UNWORKABLE AND HARMFUL PRICING MECHANISMS TO THE DETRIMENT OF HUK

12. The Proposed Amended Settlement Agreement grants significant pricing latitude to Google. It removes any time limits on Google's rights to discount the list price for consumer purchases (Article 4.5(b)), and Google can discount to any level that it decides, even selling at a token price of one cent if it so decides (Article 4.5(b)).

13. This change could engender significant commercial injury to HUK's name and reputation and that of its authors. The change allows for discounting, without limit as to the amount of the discount or the duration. Google could discount the work of a celebrated author and sell it for one cent, if it were to choose to do so (for publicity, for instance). Indeed, for one and the same author, any severe discounting by Google with regard to Books falling within the scope of the Proposed Amended Settlement Agreement could have significant negative repercussions on the name, the reputation and the image of both the author concerned and HUK.

## II. INADEQUATE MEANS OF IDENTIFICATION OF HUK'S WORKS WHICH HAVE BEEN DIGITIZED BY GOOGLE

14. HUK objects to the fact that it has not received from Google exact identification of its works which have been digitized by Google without authorization. HUK objects in that (i) Google disposes of this information and (ii) Google has provided this information to a small and select group within the Amended Settlement Class, but not to HUK. This said, HUK recognizes that there have been recent exchanges on this subject with its parent company, Hachette Livre SA, but it should be emphasized that this exchange concerned only works published in the French language and thus did not concern HUK.

15. In this respect, Article 3.1 sets out new principles regarding the *"Digitization, Identification and Use of Books"*. Article 3.1 (b) (i) states: *"On November 2, 2009, Google provided Plaintiffs with a final list of all Books, Public Domain Books with a copyright date after 1922 and Government Works that Google Digitized on or before May 5, 2009."*. Article 3.1 (b) (ii) states that members of the Amended Settlement Class may consult the "Books Database".

16. HUK objects to these provisions. First, HUK believes that the only equitable way for Rightsholders to protect their rights would be for Google to be obliged, at a minimum, to provide the complete *"List of Digitized Books"* provided to Plaintiffs only on 2nd November 2009 to *all* members of the Proposed Settlement Class and as well as any third parties having a vested interest. Even if some individual Rightsholders such as HUK's parent company, Hachette Livre SA, have been provided with the said list upon their request, this obligation should be enshrined in the Proposed Amended Settlement Agreement and Google should be made to guarantee its accuracy. Secondly, Google has continued to digitize Books after 5th May 2009. These Books are not subject to indemnification but where published before 5th January 2009 they do fall within the scope of the Proposed Amended Settlement Agreement. Google should have the obligation to identify those Books also.

\* \*

\*

17. There are many examples which underline the fact that the Proposed Amended Settlement Agreement in its totality does not cater for the wider categories of Rightsholders who have been caught up in the process as a result of Google's actions.

18. HUK believes that Rightsholders not residing in the United States, Canada, the United Kingdom or Australia should not be put in a position of being split between being within the scope of the Proposed Amended Settlement Agreement and outside of its scope based on a totally arbitrary criterion relating to those cases in which works were registered with the US Copyright Office (as a general rule, before 1990, when the Berne Convention entered into force in the United States) and those cases in which they were not (as a general rule, post-1990).

19. HUK also asks that Google be prevented from making any use, or at the very least any 'Display Use', of all works which are excluded from the Proposed Amended Settlement Agreement, voluntarily or otherwise.

20. Finally, on matters of practicality and procedure, HUK asks that all Rightsholders everywhere whose works have been scanned by Google without their authorization should have access in a practicable fashion to the database to verify that their works have been treated correctly and this regardless of whether their works fall within the scope of the Proposed Amended Settlement Agreement.

\* \*

\*

For each of the foregoing reasons, HUK respectfully requests that this Court reject the Proposed Amended Settlement Agreement.

Respectfully submitted,

**Arnaud Nourry**
Director, Hachette UK Limited
Done in 4 original copies

COPY TO:

Counsel for the Author-Sub-Class
Michael J. Boni, Esq.
Joanne Zack, Esq.
Roni & Zack LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
United States of America
bookclaims@bonizack.com

Counsel for the Pubisher-Sub-Class
Jeffery P. Cunard, Esq.
Bruce P. Keller, Esq
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
United States of America
bookclaims@debevoise.com

Counsel for Google
Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.
Durie Tangri LLP
332 Pine Street, Suite 200
San Francisco, CA 94104
United States of America
bookclaims@durietangri.com