UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

THE AUTHORS GUILD, INC., ASSOCIATION
OF AMERICAN PUBLISHERS, INC., et al.,

                      Plaintiffs,

             v.

GOOGLE INC.,

                      Defendant.

----------------------------------------X

No. 05 Civ. 8136 (DC)

## **SUPPLEMENTAL DECLARATION OF CATHERINE RYAN HYDE**

I, CATHERINE RYAN HYDE, declare under penalty of perjury that the following is true and correct:

1. I am an author of mainstream and young adult fiction and a class member in the above-captioned matter (the "Google Books Settlement").

2. I previously filed a Declaration objecting to the Google Books Settlement ("Declaration") for the reasons set forth in the Objections of Arlo Guthrie, Julia Wright, Catherine Ryan Hyde and Eugene Linden to the Proposed Class Settlement Agreement (the "Objections").

3. I continue to object to the Google Books Settlement as amended (the "Amended Settlement") and submit this Supplemental Declaration in support of the Supplemental Objections of Arlo Guthrie, Julia Wright, Catherine Ryan Hyde, and Eugene Linden to the Amended Class Action Settlement Agreement (the "Supplemental Objections").

4. I have authored fifteen published novels, over fifty short stories, and several forewords and essays that have been incorporated into books. Several of my short stories have been honored in the Raymond Carver Short Story Contest and have been nominated for

Best American Short Stories, The Pen/O'Henry Prize Stories, and The Pushcart Prize. Among other things, I promote my work through my own website www.cryanhyde.com, which provides information about my work and links to websites where readers may purchase my books.

5. I am perhaps best known for my novel *Pay It Forward*, which has been translated into twenty languages, published in over thirty countries, and chosen among the Best Books for Young Adults by the American Library Association. In 2000, *Pay It Forward* was adapted and released as a major Hollywood movie. The film adaption of another one of my novels, *Electric God*, is currently in development.

6. While I believe that the proposed Google Books Settlement has the potential to provide authors with additional exposure and perhaps additional sources of revenue for their works, I continue to believe that the proposed settlement as amended remains critically flawed and is unfair to authors in a number of crucial respects, as set forth in the Supplemental Objections. In particular:

a) The Amended Settlement continues to require authors to use the Google Books Database in order to claim their works and gain some understanding of and control over Google's exploitation of those works, and now contains a commitment by Google to improve the claiming process and fix errors in the Database. As documented in my first Declaration, I and others have found the Database to be remarkably burdensome, time-consuming, and frustrating to use. Unfortunately, despite Google's new commitment, I have found that the Database remains so riddled with errors that it is completely unusable.

b) For example, when I searched the Database on January 6, 2010, I found forty-two works listed under my name. The next day, *eight* of those works inexplicably disappeared. I also discovered that four editions of *Electric God* were listed as commercially available, when in fact they have not been commercially available for many years. Moreover,

2

the Database continues to list me incorrectly as an author of the *Pay It Forward* screenplay – an error that I already documented in my Declaration filed with the Court and provided to Google.

c) Many of the results from the Database search continue to be incomprehensible, particularly as they relate to Inserts. During my January 6, 2010, search of the Database, I found five of my previously-claimed works listed with my name "Catherine Ryan Hyde" as the title of the work with the Author, Year, Imprint and Other Claimant marked with two hyphens. When I clicked on my name listed in the title field I received the following message: "If you cannot identify the book containing content that may be an Insert, you may provide the Registry with your content or other information identifying your content. The Registry will search digitized books and contact you if a potential match is found." This was followed by a claim form consisting of two text boxes. As the author of numerous inserts, including over fifty short stories, I have no way of identifying whether these five works correspond to any of my Inserts. Nor is it even possible for me to identify and enter all of my Inserts into the claim form provided in the Database. Not only is this process unworkable, but it seems fundamentally unfair that I as an author must shoulder the burden of trying to identify what Google has done with my works, just so that I can exert control over my works. It also makes it impossible for me to determine how much money I am entitled to receive for either past infringement or future uses of my works.

d) I also object to the Amended Settlement's narrowed definition of "Insert," which has eliminated my right to be compensated for the infringement of and commercial exploitation of some of my works. By requiring that an insert be registered separately from the book in which it is contained, many inserts, which are otherwise protected by the copyright of the book, are now completely excluded from the Settlement and their authors will receive no payment for their use.

3

Accordingly, for the foregoing reasons, and for the reasons outlined in my original Declaration, I request that the Court revise the Amended Settlement so that it is fair and equitable to all authors as set forth in the Objections and Supplemental Objections.

Dated: New York, New York
January 26, 2010

By: _____
Catherine Ryan Hyde