

VERWERTUNGSGESELLSCHAFT WORT · RECHTSFÄHIGER VEREIN KRAFT VERLEIHUNG

The Honorable Denny Chin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

JAN 2 7 2010

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/10

January 21, 2010

RE: THE AUTHOR'S GUILD ET AL. V. GOOGLE, INC. - CASE NO. 1: 05-CV-08136 (DC)

Dear Judge Chin:

We respectfully request the court's permission to submit this letter as an amicus curiae brief opposing approval of the Amended Settlement Agreement[1] in the above case.

VG WORT is the only German collecting society representing authors and publishers of literary works. It is fiduciary owner of the worldwide copyrights of more than 380,000 German authors and about 9,000 German publishers[2] and as such represents their copyright interests. Founded in 1958, VG WORT distributes almost USD 100 million amongst German rightsholders per year.[3]

When the Settlement Agreement was first announced in November 2008, VG WORT gave authors and publishers the opportunity to have VG WORT administer certain rights under the Settlement Agreement on a fiduciary basis. Many of them chose this option.

VG WORT appreciates that the parties to the case, by restricting the definition of *"Book"*, have excluded many foreign authors and publishers from the scope of the Amended Settlement Class and have thus tried to meet the wish of these rightsholders not to be drawn into a settlement agreement in which they were not represented. Nevertheless, the situation under the Amended Settlement Agreement is:

---

[1] Capitalized words in this letter shall have the meaning as defined in the Amended Settlement Agreement.
[2] Executive committee's report for the year 2008, page 5. See VG WORT website www.vgwort.de/files/geschaeftsbericht_2008_in_2009.pdf, visited on January 20, 2010.
[3] Euro 67,688,331 in 2008, Executive committee's report for the year 2008, page 7. See VG WORT website www.vgwort.de/files/geschaeftsbericht_2008_in_2009.pdf, visited on January 20, 2010.

Finanzamt München · USt-IDNr DE 129 520 734
Goethestraße 49 · 80336 München · Telefon (089) 51 41 20 · Telefax (089) 51 41 258
Büro Berlin Kotheher Straße 44 · 10963 Berlin · Telefon (030) 261 38 45  261 27 51 · Telefax (030) 23 00 36 29
--Mail vgw@vgwort.de · Internet info · www.vgwort.de

Vorsitzender des Verwaltungsrates  Lutz Franke · Stellvertreter  Wolfgang Dick
Vorstand  Hans Peter Bleuel · Eckrard Kloos · Prof. Dr. Artur-Axel Wandtke

- Many German authors and publishers still remain in the Amended Settlement Class.

- Even more of them are now left in doubt as to whether they fall into the Amended Settlement Class or not.

The Amended Settlement Agreement provides neither the German authors nor publishers nor collecting societies with adequate tools for the clarification of the actual status of a book. Therefore, German authors and publishers still have a legitimate interest in this case, as does VG WORT as fiduciary owner of their rights under the Amended Settlement Agreement.

VG WORT further accepts that at this point in time, objections to the terms of the Amended Settlement Agreement shall be limited to the provisions amended from the original Settlement Agreement. For the purpose of this amicus curiae brief, we shall limit ourselves in the same way. Each of the issues raised below results from the fact that the mechanism provided by the Amended Settlement Agreement for limiting the scope of the Amended Settlement Class falls short of effectively narrowing it to an English speaking territory.

1. **DIFFICULTIES IN DISTINGUISHING BETWEEN AMENDED SETTLEMENT CLASS MEMBERS AND NON-MEMBERS**

    The Amended Settlement Agreement does not provide an adequate test for distinguishing between authors and publishers who are part of the Amended Settlement Class and those who are not. As a collecting society, VG WORT is dependent on standardized procedures to keep administration costs down. VG WORT cannot engage in disputes over countless works. The Amended Settlement Agreement therefore jeopardizes VG WORT's service to German authors and publishers to the extent their rights under the Amended Settlement Agreement are concerned. But if authors and publishers were to make use of their rights under the Amended Settlement Agreement themselves, they would face the same obstacles as VG WORT.

    The definition of the Amended Settlement Class turns on the definition of "Book" (cf. Sections 1.13, 1.19 and 1.75 of the Amended Settlement Agreement). The changes made to the definition of Book in the Amended Settlement Agreement were intended to narrow the class to include countries with a common legal heritage and similar book industry practices. However, there remain two significant groups of foreign works which, as a rule, continue to fall within the scope of the definition of Book, as set forth below.

### 1.1 Books registered with the United States Copyright Office

Even if not a United States work, as defined in 17 U.S.C. § 101, any written or printed work published on or before January 5, 2009 is a Book within the meaning of the Amended Settlement Agreement if such work was registered with the United States Copyright Office (Sec. 1.19 (c) (2) (x)).

Before 1978, a large number of German publishers routinely registered their works with the U.S. Copyright Office. The reason was that until the United States Copyright Act of 1976 came into effect on January 1, 1978, no work would be granted copyright protection in the United States unless registered. Many publishers, e.g. Carl Hanser Verlag, opted for this registration upon the respective advice of the German publishing association (Börsenverein des Deutschen Buchhandels)[4].

Consequently, a considerable number of German books which reached the United States before 1978 were registered with the United States Copyright Office and therefore fall within the scope of the Amended Settlement Agreement. Numerous German publishers have continued registering their books even after this point as registration is required before a lawsuit for infringement can be filed and as a prerequisite for certain remedies. In practice, the exact number of German books registered is unknown.

For the rightsholders, it is impracticable to research which of their works have been registered, in particular as regards the period before 1978. Until only a few days ago, the information on registrations and documents dating before 1978 was available only on catalog cards which may be inspected during the Copyright Office's opening hours[5]. No online search was available for this time period. The average author and most foreign publishers will neither have the financial means to personally visit the Copyright Office nor to have the Copyright Office staff or a private service conduct a search against payment of an hourly fee. They were therefore not able to verify if a work is a Book within the definition of Sec. 1.19 of the Amended Settlement Agreement or not.

The same is true for VG WORT. Its data bases do not include any information as to whether a work was registered with the Copyright Office or not.

---

[4] This association has been the leading and largest representative for book publishers in Germany since 1825, see Declaration of Christian Sprang, filed as no. 175. Börsenverein submitted an amicus curiae brief in opposition of the original Settlement Agreement which was filed as no. 179.

[5] United States Copyright Office, Circular 23, page 1. See www.copyright.gov/circs/circ23.pdf, visited on January 20, 2010.

Only recently, Google claimed to have made available online 90 volumes of the Catalog of Copyright Entries it scanned from the Copyright Office Catalog.[6] They appear to be searchable online through Google Books. This only highlights the fundamental problem arising from the Amended Settlement Agreement's approach in defining the Amended Settlement Class. In any case, the search options provided by Google are not suitable for efficient and automated rights clearing.

(a) Rightsholders outside the United States have not been informed of the new search options. Yet the Amended Settlement Agreement holds them responsible for determining whether they are members of the Amended Settlement Class or not.

(b) The new search option came very shortly before the deadline of January 28, 2010 for opting back in or opting out of the Amended Settlement Agreement. Rightsholders were not given sufficient time to check their data.

(c) There is no link from the data base of Copyright Entries to any data base of Digitized Books.

(d) It is not possible to run automated searches in the data base of Copyright Entries and automatically match search results with any other data base, e.g. a publisher's or a collecting society's data base.

(e) Spot checks have revealed that the quality of the data base of Copyright Entries is poor. Misspellings such as "Kiepenheyer" instead of the name "Kiepenheuer" occur.

## 1.2 Works published in Canada, the United Kingdom or Australia

Under Sec. 1.19 (c) (2) (y) of the Amended Settlement Agreement, even if the work is not registered with the United Copyright Office it is still a Book provided that it had a place of publication in Canada, the United Kingdom or Australia. According to the Amended Settlement Agreement, this shall be

*"evidenced by information printed in or on a hard copy of the work"*

including

---

[6] See http://books.google.com/googlebooks/copyrightsearch.html, visited on January 20, 2010.

> *"for example, a statement that the Book was "published in [Canada] or [the UK] or [Australia]," or the location or address of the publisher in one of those three countries."*

These criteria are so vague that there will innumerable cases of doubt in which Google and the rightsholder may argue either way.

By way of example, a textbook on the German rights in rem, written by a German professor and published in second edition in 1994 by Springer-Verlag, bears on its title page the inscription:

> *"Springer-Verlag Berlin Heidelberg New York London Paris Tokyo Hong Kong Barcelona Budapest".*

Furthermore, this book has two ISBNs, one for the German speaking territory (3-540-57803-X) printed on the outer cover, and another one for the English speaking territory (0-387-57803-X) printed in the Book.

As another example, an English-German/German-English pocket dictionary published in 1990 by the German publisher Langenscheidt was given a German ISBN only (3-468-10122-8) but on the title page an inscription can be found:

> *"LANGENSCHEIDT Berlin München Wien Zürich New York".*

In the former case, one may argue that by using an ISBN for the English speaking territory, the publisher chose New York and London as places of publication, but the definition of Book in Sec. 1.19 of the Amended Settlement Agreement does not give a clear-cut answer. In the latter case of the dictionary, this problem is even more apparent. Obviously, the publisher wanted to be identified as having an address in New York. But if this is the only evidence in favor of establishing a place of publication in the United States, it is doubtful whether this shall be sufficient.

2. **CONTINUED DISCRIMINATION AGAINST GERMAN RIGHTSHOLDERS**

It has been shown that a significant number of German authors and publishers remain within the scope of the Amended Settlement Class and a possibly even greater number of German rightsholders are forced to give attention to the Amended Settlement Agreement due to the uncertainties of whether they are part of the Amended Settlement Class or not. Therefore, the systematic exclusion of German representatives and the disregard of German rightsholders' needs raise further concerns.

2.1    **Lack of German translation of the Amended Settlement Agreement**

The Amended Settlement Agreement is available in English only. It is a complex 150-page legal document and therefore even someone fluent in everyday English as a foreign language will not be able to grasp all relevant details or to discuss these with legal counsel of his or her choice. Under these circumstances, the lack of an official German translation amounts to an intolerable discrimination of German authors and publishers.

2.2    **No proper representation of non-English speaking Rightsholders**

It is equally discriminating that according to Sec. 6.2 (b) (ii), the Board of Directors of the Books Rights Registry shall be made up of at least one representative from the United States, Canada, the United Kingdom and Australia for each of the Sub-Classes, ignoring any other nation which may account for a significant proportion of either Sub-Class.

3.     **CONCLUSION**

VG WORT therefore requests the Court to deny final approval of the Amended Settlement Agreement unless the following amendments are made:

(a)    Google is required to provide, free of charge and formatted in a machine-readable fashion, a data base containing all Books, as defined in Sec. 1.19 of the Amended Settlement Agreement, written by German authors or published by German publishers. Such data base shall be for reference purposes only and the rightsholders should retain the right to prove that a work included in the data base is not a Book within the meaning of Sec. 1.19 of the Amended Settlement Agreement.

(b)    Google is required to provide, free of charge, a German translation of the Amended Settlement Agreement which is as authoritative as the English version.

(c)    Sec. 6.2 (b) (ii) of the Amended Settlement Agreement is further amended to include at least one German representative of the Author Sub-Class and one German representative of the Publisher Sub-Class, or, alternatively, to include at least one representative for each nation in each Sub-Class in which this nation accounts for at least 5 % of the Rightsholders.

Januar 21, 2010

Respectfully submitted,

*signature*  
Dr. Robert Staats  
Co-Managing Director VG WORT

*signature*  
Rainer Just  
Co-Managing Director VG WORT

cc: Michael J. Boni, Esq.
 Joanne Zack, Esq.
 Joshua Snyder, Esq.
 Boni & Zack LLC
 15 St. Asaphs Road
 Bala Cynwyd, PA 19004
 United States of America

 Jeffrey P. Cunard, Esq.
 Bruce P. Keller, Esq.
 Debevoise & Plimpton LLP
 919 third Avenue
 New York, NY 10022
 United States of America

 Daralyn J. Durie, Esq.
 Joseph C. Gratz, Esq.
 Durie Tangri Lemley Roberts & Kent LLP
 332 Pine Street, Suite 200
 San Francisco, CA 94104
 United States of America