UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Authors Guild, Inc., Association of American Publishers, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>Google Inc.,<br><br>Defendant. | Case No. 05 CV 8136-DC<br><br>DECLARATION OF STEPHAN JOß |

1. I, Stephan D. Joß, am Managing Director of Carl Hanser Verlag ("CHV"), a book and journal publisher located in Munich, Germany. I am not a native speaker of the English language, although I have some fluency in the language, and, accordingly, this declaration was translated for me into German before I signed it below. Except as otherwise stated, I have personal knowledge of the matters I discuss below.

2. CHV is one of the preeminent book publishers in the Federal Republic of Germany. CHV was founded in 1928, and has published several thousand books (potentially up to 10,000) since its founding.

3. As either the copyright owner, or exclusive licensee, of the books that we publish, CHV owns the exclusive right to exploit these works or to authorize others to do the same, such that no one else can exploit them. CHV must devote time and resources to publish its works and CHV is able to recoup its investment, and remain in operation, primarily because it is able to secure the exclusive rights to publish its works. Accordingly, CHV's entire business model is based on this fundamental exclusive right, which is well recognized under German copyright law and throughout the world. The Amended Settlement Agreement ("ASA") that Google has asked this Court to approve would upend these well-recognized rights and is an affront to copyright holders

throughout the world. CHV thus respectfully requests that this Court not approve the Amended Settlement Agreement, with respect to foreign rightsholders at a minimum, for the reasons set forth in our accompanying Objections and below.

4.  CHV is the copyright holder of one or more Books or Inserts, as those terms are used in the ASA, as it owns the copyright in at least one book published after 1922 that was registered with the United States Copyright Office. CHV has registered a substantial number of these works since 1978. In addition, a substantial number of CHV's works have been published in the United Kingdom, Australia and Canada.

**The Vague and Unmanagable Definition of Books**

5.  CHV has had substantial difficulties in determining which of the works we own are registered with the United States Copyright Office. None of our current employees has any knowledge of CHV's practices from before 1978. Only one former employee does know about the issue. He believes CHV submitted its works to the Library of Congress for registration but does not believe that CHV otherwise attempted to register its works. Until just recently, we had no way of determining whether our pre-1978 works were registered with the United States Copyright Office. However, just days ago, my counsel informed me of a database that Google had recently published of text-searchable copies of the Copyright Office's "Catalog of Copyright Entries," which lists registration records, spanning the years 1923 to 1978. Based on our review of the database, we identified one of our works as having been registered prior to 1978. We also determined that a number of our authors had registered additional works.

6.  It is my understanding that it is difficult for many publishers in Germany to determine whether and/or which of their works were registered with the United States Copyright Office, at least for works that were registered before 1978 (as this information is not available on the Copyright Office's website). For example, it is common in the

book industry for publication rights to be transferred and re-transferred between authors and publishers. Accordingly, current rightsholders of Books governed by the ASA are not necessarily the original rightsholders. In addition, as explained in our accompanying submission, the significance of registration has fluctuated dramatically over time and has been of almost no importance for foreign rightsholders for several decades, making it less important for foreign rightsholders to maintain accurate historic records since 1922 of their works' registration status. My fellow publishers also have a difficult time accessing records for events in the past, given the disruptions caused by World War II, which resulted in records being lost or destroyed. Many of my company's records were in fact lost or destroyed during that war.

7. In addition, as set forth in our Objections, the "place of publication standard" in the ASA is indefinite. Even if were definite and clear (and it is not), it would require us to review all of the hard copy printings of all of our works published since 1922. We do not maintain such hard copies of all of our works, and, even if we did, such a review would be immensely burdensome.

**Problems With The Supplemental Notice**

8. It is my understanding that CHV did not receive actual notice of this action, either for the original Settlement Agreement or the ASA. I have since had the opportunity to see what I understand is a revised version of the Supplemental Notice for the ASA, intended to cure translation errors contained in the original version. I find this Supplemental Notice to be very poorly written and hard to understand. I understand that these translation issues will be detailed for the Court by Dr. Christian Sprang, so I do not detail them here.

9. I have many colleagues in the publishing world. Most of my colleagues are confused about the ASA, if they even know it exists, and do not understand how and whether it impacts them.

10. For each of the foregoing reasons, and for the reasons set forth in the Objections, CHV objects to the Amended Settlement Agreement and respectfully urges the Court not to approve it. In addition, I expressly incorporate, as if set forth here in full, the Objections submitted to this Court by my foreign colleagues, as they remain applicable to the ASA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 28, 2009

Stephan D. Joß