UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Authors Guild, Inc., Association of American Publishers, et. al., <br><br>Plaintiffs, <br><br>v. <br><br>Google Inc., <br><br>Defendant. | Case No. 05 CV 8136-DC <br><br>DECLARATION OF INGE KRALUPPER |

1.   I, Inge Kralupper, am a citizen of Austria and Managing Director/Executive Secretary of the Hauptverband des Österreichischen Buchhandels ("HVB"), the leading association of book publishers and booksellers in my country. I am not a native speaker of the English language, although I have some fluency in the language, and, accordingly, this declaration was translated for me into German before I signed it below. Except as otherwise stated, I have personal knowledge of the matters I discuss below.

2.   I previously submitted a declaration with this Court on or about August 31, 2009 in connection with a prior set of Objections. That declaration provides information about HVB and its members and addresses various problems associated with the original settlement agreement that was presented to this Court in this case. The problems that I addressed in my earlier declaration persist under the proposed Amended Settlement Agreement ("ASA"). I submit this additional declaration to supplement my earlier declaration and to address certain additional problems with the ASA.

2

### The Vague and Unmanageable Definition of Books

3.  It is my understanding that a number of HVB's members are putative members of the settlement class, as defined in the ASA, as I believe that they own or control one or more Books, under any of the possible meanings of the term as used in the ASA. Nevertheless, I understand that HVB's members have had substantial difficulties determining whether, and how many of, the numerous works that they own or control may be a Book under the ASA, either because such work was registered with the United States Copyright Office or had a "place of publication" in the United Kingdom, Australia or Canada.

4.  It is very difficult for our members to determine whether and/or which of their works were registered with the United States Copyright Office, at least for works that were registered before 1978 (as this information is not available on the Copyright Office's website). For example, it is common in the book industry for publication rights to be transferred and re-transferred between authors and publishers. Accordingly, current rightsholders of Books governed by the ASA are not necessarily the original rightsholders. In addition, as explained in our accompanying submission, the significance of registration has fluctuated dramatically over time and has been of almost no importance for foreign rightsholders for several decades, making it less important for foreign rightsholders to maintain accurate historic records since 1922 of their works' registration status. It is my understanding that our members also have a difficult time accessing records for events in the past, given the disruptions caused by World War II, which resulted in records being lost or destroyed. None of the publishers I have spoken

to possess records that enable them to determine the registration status of all of the works they have published in the ninety-year span covered by the Amended Settlement.

5.    In addition, as set forth in our Objections, the "place of publication standard" in the ASA is indefinite. Even if it were definite and clear (and it is not), it would require our members to review all of the hard copy printings of all of their works published since 1922. To the extent our members currently possess all such copies, such a review would be immensely burdensome.

**Problems with the Supplemental Notice**

6.    Although we filed objections to the original settlement, HVB did not, to the best of my knowledge, receive the Supplemental Notice distributed on December 14, 2009. I have been informed that a representative of the parties (Kinsella Media) requested that Literar Mechana, an Austrian reproduction rights organization, distribute the Supplemental Notice to its members. This organization had no duty to distribute the Supplemental Notice, and it is my understanding that it did not do so because the German translation of the Supplemental Notice distributed on December 14, 2009 contained numerous translation errors.

7.    I have been informed that a corrected version of the Supplemental Notice was posted to the parties' Settlement Website by January 7, 2010, but, to the best of my knowledge, HVB did not receive this corrected notice. In any event, the corrected Supplemental Notice continues to contain translation errors, as set forth in the accompanying Declaration of Dr. Christian Sprang.

8.    I have not met any person who has received the Supplemental Notice who has been able to understand from the German translation of the Supplemental Notice

3

what exactly the ASA covers. From my discussions with these individuals, I have determined that much of this confusion is the result of the multitude of translation errors.

9. It is my understanding that large numbers of our publisher members never received the Supplemental Notice or Revised Supplemental Notice at all.

10. For each of the foregoing reasons, and for the reasons set forth in the Objections, HVB objects to the ASA and respectfully urges the Court not to approve it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 28, 2010

_____
Hauptverband des
Österreichischen Buchhandels
1010 Wien, Grünangergasse 4
Tel. (01) 512 15 35

4