USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/10

47 Pine Tree Road
Litchfield, ME 04350

January 12th, 2010

Office of the Clerk, J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

05-cv-8136

Dear Mr. McMahon:

As an authors and publishers, I and my partner, Naomi Otsubo, would like to state our objections to the amended Google Book Settlement:

- Google, the Book Registry, and participating libraries are giving themselves a de facto license of copyrighted work that is out of print.

- The settlement places the burden to recover the copyright of work that is out of print on the copyright holder. The burden to obtain copyright must be on Google and its partners.

- An ISBN is the property of a publishers and denotes a particular edition—hardcover, softcover, electronic, audio, etc. We assert our right over the use of our ISBNs to be a unique, non-transferable identifier on each edition regardless of being in or out of print. The settlement must clearly state Google must use their own ISBNs to identify their electronic editions.

- Google's book search is in violation of fair use and the settlement should require Google to obtain a license from the rightsholder to do this. Google, a commercial search business, creates an copy of the entire work and searches the entire work with every query. Or in other words, Google is using the entire work for their business—this is unlike Google's internet search business that does not use a copy of the internet. How can Google benefit from a copyrighted work without permission? (Google does Google quotes.) Publishers have long recognized that keeping a work in a database for transmission and retrieval is an infringement on their copyright.

- The settlement should not limit claims against Google and its partners, unless in a contract with the rightsholder, including, but not limited to, punitive damages for copyright infringement.

- The settlement falsely assumes wide distribution of a work holds greater value than limited distribution and rarity. As copyright holders, we reserve the right to control the type and extent of the distribution of our work whether in or out of print in what we determine is in our best interest.

Google, a commercial interest, is trying to benefit by weakening copyright. It seems to first want to do this with "orphaned" works based on the shady practice of stealing by finding. Since the copyright owner does not come forward, Google can keep and profit by it—the settlement gives Google 30% of the price, a handsome return for simply scanning a "found" book. Google is trying to legalize piracy except that it wants protection from prosecution. As for snippets, how can Google copy and use an entire work to benefit their search business without the rightsholders permission—fair use is not a right to convenient access to information. Google knows in this business that information is power and they want that information for nothing. This is a new era, please help creative people retain their rights to their work by refusing this settlement.

Sincerely,

William Ash
Author, Publisher