USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/10

JAN 29 2010

26 January 2010

Paulina Borsook
1442a Walnut
Berkeley, CA
94709
(831) 429-8699

Office of the Clerk, J. Michael McMahon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007
(212) 805-0136

Attention: The Honorable Denny Chin

Re: Google Books Settlement (Case 1:05-CV-8136-DC (S.D.N.Y.)

Dear Judge Chin,

I write to you as someone who is a member of the Authors Guild. I attended an event put on by the Authors Guild in January 2009 in San Francisco where the Google Books Settlement was discussed. At the time, it seemed like not a bad deal, and I was glad that for once creators in the Internet Age would get some compensation for their work which is so often now made available everywhere for free. No individual author can successfully negotiate with Google, and I was pleased that my professional organization had been able to do so.

However, since that meeting I have learned a lot more about the Google Settlement. People and institutions far more proficient than I in intellectual property, privacy, and legal fine print have devoted themselves to scrutinizing the Settlement --- and what they have found is deeply disturbing. So while I will remain registered with the Settlement in order to be considered a party with a legitimate interest in it, this letter serves as my formal objection to it.

I first became uneasy when I attempted to register my works: there were many database errors of commission and omission. In spite of what technoutopians would have us believe, software and hardware are not perfect, nor is data entry. To give Google what amounts to all rights in all known universes for much of what exists in the printed word, when its database inaccuracies are rife --- is enough right there to want halt Google Books Settlement 2.0.

I won't repeat all the excellent arguments made by many individuals and organizations against the Settlement. But I will enumerate the concerns I found most worrisome:

The Author's Guild et al v. Google Inc.     Doc. 885

- that Google can decide to not make a text available; or decide to alter a text. For an author, little could be more horrifying.
- that Google can decide to shut down the corpus (all the books it has scanned), or sell it to parties unknowable at this point.
- that Google could in effect own the rights to the titles of my works in the corpus, and to my *name*.
- that Google can choose what advertisements it would place against my texts.
- that there aren't anywhere near adequate privacy protections in place. This has personal resonance because some of my work is definitely rated "R" and some of my work is politically charged: I wouldn't want readers to pay a professional or personal price because they have chosen to read my work.

On a more general note, I have also heard of authors who have had work declared "orphaned" by Google -- because the *publishers* of the relevant works have disappeared. The authors are alive and well and choosing to now sell these works on their own: but because the rights to the work theoretically still rested with the extinct publisher, the actual authors or their interests weren't considered to matter. Thus, Google felt empowered to make these works available for free, thus destroying the authorial revenue stream. In these cases, Google has made no good-faith effort to seek out these authors.

My feelings now about the Authors Guild settlement are akin to what happened when Manhattan was sold for $24 U.S. in trade goods. We natives of the printed word are operating from a different set of values than the digital business people who have agendas that are not in our own best interest.

Finally, I have to admit to a passionate prejudice here based on personal experience: I am someone much of whose work has been available online for free for almost 15 years, and I have experienced the destruction of not only revenue stream but integrity of the work this has caused. I have seen what havoc a heedless thoughtless "information wants to be free" attitude can wreck.

So for this reason and so many more, I ask you to junk Google Book Settlement 2.0 in favor of something that actually benefits and respects creators, and shows vision not blinded by Google dust.

Thank you for your attention.

*[signature]*

Paulina Borsook