

# JENNY DARLING
## & ASSOCIATES

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/29/10_

22 January 2010

JAN 2̶ ̶ ̶

Office of the Clerk, J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
USA

05 CIV 8136 (DC)

Dear Mr McMahon,

## Google Book Settlement – Amended Settlement

We wish to lodge an objection to the Amendments to the Original Google
Book Settlement. Please find enclosed a detailed description of our
concerns regarding the timing of the Opt Out deadline and the
accessibility of resources to rightsholders and institutions outside the USA.

Thank you for your attention.

Yours sincerely,

The Author's Guild et al v. Google Inc.          Doc. 886

Donica Bettanin

Enc.

cc:
Counsel for the Author Sub-Class: bookclaims@bonizack.com
Counsel for the Publisher Sub-Class: bookclaims@debevoise.com
Counsel for Google: bookclaims@kvn.com

The Opt Out deadline for the Amended Google Book Settlement is 28 January 2010. On Tuesday 19 January the Copyright Agency Limited (the local body responsible for disseminating information on the Settlement to Australian rightsholders) ran a seminar in Melbourne, Victoria. Following this seminar Jenny Darling & Associates had a number of questions that had not been answered so addressed these questions to the Settlement Administrator via the advertised email address, BookSettlement_en_us@rustconsulting.com. On Friday 22 January, not having received a response, we endeavoured to follow up by telephone and were advised that our questions were being brought 'to the attention of class counsel'. At the time of writing we are still awaiting a response. A copy of our email is enclosed as Attachment A.

We cannot be the only rightsholders seeking further detail in order to make an informed decision about participating in the Amended Settlement. The window between receiving notice of the Amended Settlement and the Opt Out date was already small and any delay in access to information is significant.

The issues we raised were not unique to Jenny Darling & Associates, nor to our clients or even to Australian rightsholders on the whole. We are simply seeking to understand how the Google Book Settlement will fit in with a long-established and long-successful publishing business built on territorial copyright. Is it possible that we have raised questions that no-one has yet considered? The absence of straightforward answers suggests this is the case. And yet rightsholders have only six more days to Opt Out.

Furthermore, rightsholders are being asked to Opt Out of the Amended Settlement before the Court has even approved it. We don't see why the Opt Out deadline should be any sooner than the Claim Form deadline of 31 March 2011. The earlier deadline drastically shortens the time rightsholders have to consider their options, to engage in dialogue and to make a decision they feel certain about concerning their participation.

Rightsholders have not nearly had a fair opportunity to consider the Amended Settlement. We ask that the Court insist on a more reasonable Opt Out deadine at the Fairness Hearing on 18 February.

✿

We maintain our originally stated objection that Australian rightsholders should not be part of the Google Book Settlement as it was agreed to by the American Authors' Guild and the Association of American Publishers, neither of which represents the interests of rightsholders outside the USA.

The Amended Settlement further highlights how unfair this is, stating that 'the services authorized by the Amended Settlement will be unavailable to users outside the United States'. So, Australian works are subject to the Settlement yet we — individuals, libraries, academics — will be unable to access the services it will ultimately provide.

The idea of a global information economy is fine, but the reality is that for most Australian writers, Australia remains their major market. The same could be said respectively for the Canadian and UK authors also subject to the Settlement. Australian rightsholders are essentially being asked to make their work available through a project that excludes the majority of their market from accessing it. These rightsholders, and readers and bookbuyers in their home countries, will not be able to access the Australian works the Settlement makes available. The altruistic benefits trumpeted by Google, the creation of an unmatched resource for the public good, actually only apply to residents of the USA. We frankly fail to see why — apart from pure greed — Australian, Canadian and UK books are being included.

Australian rightsholders did not ask to be part of this Settlement. Our readers, educators, libraries and our culture in general will not benefit from it. It remains copyright theft and we hope the Court will not approve it.

Contact:

Donica Bettanin

Jenny Darling & Associates

PO Box 413

Toorak VIC 3142

AUSTRALIA

Tel: +61.3.9827.3883

Fax: +61.3.9827.1270

E. dbettanin@jd-associates.com.au

## Attachment A

-------------------------- Original Message --------------------------
Subject: Questions regarding GBS from Jenny Darling & Associates, Australia
From:      dbettanin@jd-associates.com.au
Date:      Mon, January 18, 2010 11:05 pm
To:        booksettlement_en@rustconsulting.com
----------------------------------------------------------------------

Dear Madam or Sir:

Jenny Darling & Associates is a leading Australian literary agency. We are currently trying to inform our clients as best we can about the Amended Google Book Settlement. I hope you will be able to answer the following specific questions:

1. Does a 'Book' mean a single edtion of a work, identified by ISBN, or does it refer to all editions of a work? For example, if a book has been published in five editions (let's say a hardback, a paperback, in Australia, by a different publisher in the USA etc) and only one is still on sale, the title should be considered Commercially Available. So the classification appears to be per TITLE not per EDITION. However is the one-off payment per TITLE or per EDITION? What if several editions have been digitized, and those editions have different publishers? Should there not be a payment per edition?

2. In Section 4. of the Summary of Amendments to the Original Settlement, it says that 'the services authorized by the Settlement will be unavailable to users outside the United States'. Is this saying what it seems to be saying? That is, will Australian consumers be able to access the Google Library Project? Will Australian libraries be able to have subscriptions, or an individual purchase a print on demand copy of a book from Google?

3. My previous understanding was that a book that was licensed to Google under the Partner Program was not also eligible for payment under the Settlement. Today I was advised that this is incorrect by the Copyright Agency Limited. Could you please clarify? If a book (presumably identified by its ISBN) is already available under the partner program but has been digitised as part of the Google Library Project, is it eligible to receive

income from both streams?

4. Does the settlement grant any rights in books published after 5 January 2009 and/or new books that have not yet been published? The Q&A advises, 'Unless you opt out of the settlement, you are giving Google permission to digitize your Books in the future...' Exactly which books does this apply to? Any published before 5 January 2009 but not yet digitized, or any future books you may be a rightsholder in? If the latter, does this mean the onus is on the rightsholder to check in with Google periodically to see if they have digitized and more works.

5. Finally, for Australian taxpayers to avoid paying withholding tax to the IRS, they must provide a letter to the IRS from the body that is paying them. Will Google provide such a letter to each and every rightsholder, or is it possible that there might be a blanket exemption for this income due to the scale of the project?

I look forward to hearing from you as soon as possible.

Sincerely,
Donica Bettanin