

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 27, 2010

JAN 26 2010

The Honorable Denny Chin
C/O Office of the Clerk
J. Michael McMahon
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/10
```

Re: Case No. 05 CV 8136-DC, *The Authors Guild, Inc., Association of American Publishers, Inc., et al., v. Google, Inc.*

Dear Judge Chin:

Pursuant to the Class Action Fairness Act, the State of Texas writes to object to the Amended Settlement Agreement filed in Case Number 05 CV 8136-DC, *The Authors Guild, Inc., Association of American Publishers, Inc., et al., v. Google, Inc.* Even though several provisions related to the Book Rights Registry have been amended, the Registry's handling of unclaimed works continues to violate Texas unclaimed property law and charitable trust law.

The Author's Guild et al v. Google Inc.     Doc. 887

**Amendments to Article VI**

Article VI of the Amended Settlement Agreement changes some aspects of how the Book Rights Registry (the "Registry") will handle unclaimed property. Instead of dividing revenues from unclaimed works among registered rightsholders, the Registry will now hold these revenues for a period of five years. Amended Settlement Agreement, § 6.3(a) at 83-84. The Registry would use up to 25% of the unclaimed funds to search for unregistered rightsholders. *Id.* After ten years, the Registry would seek to disburse the unclaimed funds to various literacy-based charities. *Id.* at 84.

**Texas Objections**

Texas objects to these amendments because they will continue to violate Texas unclaimed property and charitable trust laws.

**Texas Unclaimed Property Implications**

The amended distribution scheme for unclaimed funds violates Texas's prohibition on private escheat. Texas law specifically prohibits arrangements that "divert funds into income, divide funds or personal property among locatable patrons or stockholders, or divert funds or personal property by any other method for the purpose of circumventing the unclaimed property process." Tex. Prop. Code Ann. § 74.309 (Vernon 2007). The Amended Settlement Agreement would violate this provision by using funds to locate rightsholders and by distributing funds to charitable organizations in an attempt to circumvent the unclaimed property process.

Texas unclaimed property law requires that unclaimed property be reported and delivered to the Texas Comptroller of Public Accounts. The Comptroller holds this property as custodian for the rightful owner in perpetuity. Failure to comply with Texas unclaimed property laws carries civil and criminal penalties. In Texas, failure to deliver unclaimed property in a timely manner constitutes a Class B misdemeanor, which carries a penalty of up to $2,000 and up to 180 days in jail per violation. Tex. Prop. Code Ann. § 74.710 (Vernon 2007). Civil penalties include a fine of up to 10 percent of the value of the property, $100 dollars per day of violation, plus interest at an annual rate of 10 percent. Tex. Prop. Code Ann. §§ 74.705, 74.706, 74.709 (Vernon 2007).

Almost every state in the country has unclaimed property laws that require unclaimed property to be reported and delivered to the states for safekeeping. The states have a collective interest in ensuring that national settlements, like this one, recognize and respect their unclaimed property laws. The United States Supreme Court has established rules for adjudicating disputes about which state has a superior right to unclaimed property. *See Pennsylvania v. New York*, 407 U.S. 206 (1972); *Texas v. New Jersey*, 379 U.S. 674 (1965) and 380 U.S. 518 (1985). Even if there is no unclaimed property subject to Texas's unclaimed property laws, Texas believes the Amended Settlement Agreement should be modified to accommodate clearly established laws governing unclaimed property.

**Texas Charitable Trusts Implications**

To the extent that any Settlement Class members are charitable entities, the Amended Settlement Agreement would violate Texas charitable trust laws. The Amended Settlement Agreement allows funds generated by unregistered charitable works to be used to search for unregistered rightsholders, and the Agreement allows such funds to be donated to charity without consideration of whether the literacy-based charities are charitable entities with the same or similar purposes as the charitable entity whose work generated the fund. Such treatment of charitable trust property violates Texas Charitable Trust law.

The Honorable Denny Chin
Page 3
January 27, 2010

In conclusion, Texas respectfully asks the Court to modify the Amended Settlement Agreement to require the Book Rights Registry to comply with, at a minimum, Texas charitable trust and unclaimed property laws. This will ensure that class members' rights are protected, will ensure the preservation of charitable assets, and will ensure that this settlement is not in violation of Texas unclaimed property and charitable trust laws.

I am available to discuss the matter at your convenience.

Respectfully submitted,

JENNIFER S. JACKSON
Assistant Attorney General
Financial Litigation Division
(512) 475-4866 - Telephone
(512) 477-2348 - Fax
Jennifer.Jackson@oag.state.tx.us

CC: Lead Counsel of Record via e-mail:
Michael J. Boni and Joann Zack, Author Sub-Class Counsel, bookclaims@bonizack.com
Jeffrey P. Cunard and Bruce P. Keller, Publisher Sub-Class Counsel, bookclaims@debevoise.com
Daralyn J. Durie and Joseph C. Gratz, Google Counsel, bookclaims@durietangri.com