

THE NEW ZEALAND
SOCIETY OF AUTHORS
(PEN NEW ZEALAND INC) TE PUNI KAITUHI O AOTEAROA

JAN 29 2010

National Office, P O Box 7701 Wellesley Street, Auckland 1141. Tel 09 379 4801, Email: director@nzauthors.org.nz

27 January 2010

The Honorable Denny Chin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/10

Dear Judge Chin:

**RE: THE AUTHOR'S GUILD ET AL. V. GOOGLE, INC. - CASE NO. 1: 05-CV-08136 (DC)**

We respectfully request the court's permission to submit this letter as an amicus curiae brief opposing approval of the Amended Settlement Agreement[1] in the above case.

The New Zealand Society of Authors was established in 1934 as the New Zealand PEN Centre and has a long history as an advocate for the professional interests of New Zealand's writers. We act on behalf of writers by promoting and protecting their rights in New Zealand and overseas.

The New Zealand Society of Authors is a member of the Copyright Council of New Zealand where it represents the interests of authors. The New Zealand Society of Authors is also owner, along with the Publishers Association of New Zealand (PANZ) of Copyright Licensing Limited, a non-profit company, which provides licensing services for the reproduction of extracts from books, journals and periodicals in New Zealand. The New Zealand Society of Authors, of course, obtains no direct benefit from this organisation.

The Author's Guild et al v. Google Inc.     Doc. 890

The Society also has representatives on the New Zealand Post Book Awards and New Zealand Post Childrens Book Awards management committees and is represented on the boards of the Burns Fellowship and the Christchurch Arts Festival. It is also represented on the New Zealand Book Council International Writers Programme selection panel and the New Zealand Book Industry Alliance. The Society administers the Ashton Wylie Charitable Trust Awards, the Foxton Fellowship, the Mid-Career Writers Award, the Lilian Ida Smith Award, the New Zealand Society of Authors/Pindar Publishing Prize, the Copyright Licensing Ltd Research Awards and the Janet Frame Memorial Award for Literature. A member of International PEN, the New Zealand Society of Authors works closely with sister organisations in New Zealand and overseas for freedom of expression.

The New Zealand Society of Authors has approximately 1,300 members throughout New Zealand.

The New Zealand Society of Authors filed an objection to the original Google Book Settlement as a class member on 2 September 2009

The New Zealand Society of Authors appreciates that the parties to the case, by restricting the definition of *"Book"*, have excluded many foreign authors and publishers from the scope of the Amended Settlement Class and have thus tried to meet the wishes of those rightsholders not to be drawn into a settlement agreement in which they were not represented. Nevertheless, the situation under the Amended Settlement Agreement is:
- Many New Zealand authors and publishers still remain in the Amended Settlement Class.
- Even more of them are now left in doubt as to whether they fall into the Amended Settlement Class or not.

---

[1] Capitalized words in this letter shall have the meaning as defined in the Amended Settlement Agreement.

PRESIDENT – Tony Simpson    sugarbags@xtra.co.nz    Tel (04) 471 9488 or (04) 384 3180
The NZ Society of Authors (PEN NZ Inc)
Principal advocate for the professional interests of writers. Protecting basic rights to freedom of expression, working to improve income and conditions, promoting New Zealand writing and literary culture.



THE NEW ZEALAND
SOCIETY OF AUTHORS
(PEN NEW ZEALAND INC) TE PUNI KAITUHI O AOTEAROA

*National Office, P O Box 7701 Wellesley Street. Auckland 1141. Tel 09 379 4801, Email: director@nzauthors.org.nz*

The Amended Settlement Agreement provides neither the New Zealand authors nor publishers nor collecting societies with adequate tools for clarification of the actual status of a book. Therefore, New Zealand authors and publishers still have a legitimate interest in this case, as does The New Zealand Society of Authors as advocate for our members' rights under the Amended Settlement Agreement.

The New Zealand Society of Authors further accepts that at this point in time, objections to the terms of the Amended Settlement Agreement shall be limited to the provisions amended from the original Settlement Agreement. For the purpose of this amicus curiae brief, we shall limit ourselves in the same way. Each of the issues raised below results from the fact that the mechanism provided by the Amended Settlement Agreement for limiting the scope of the Amended Settlement Class falls short of effectively narrowing it to an English speaking territory.

1. **DIFFICULTIES IN DISTINGUISHING BETWEEN AMENDED SETTLEMENT CLASS MEMBERS AND NON-MEMBERS**

The Amended Settlement Agreement does not provide an adequate test for distinguishing between authors and publishers who are part of the Amended Settlement Class and those who are not. As the leading representative of New Zealand authors, The New Zealand Society of Authors is dependent on standardized procedures to keep administration costs down. The New Zealand Society of Authors cannot engage in disputes over countless works. The Amended Settlement Agreement therefore jeopardizes The New Zealand Society of Author's service to New Zealand authors to the extent that concerns their rights under the Amended Settlement Agreement. Individual authors and publishers exercising their rights under the Amended Settlement Agreement would also face the same obstacles.

The definition of the Amended Settlement Class turns on the definition of "Book" (cf. Sections 1.13, 1.19 and 1.75 of the Amended Settlement Agreement). The changes made to the definition of Book in the Amended Settlement Agreement were intended to narrow the class to include countries with a common legal heritage and similar book industry practices. However, there remain two significant groups of foreign works which, as a rule, continue to fall within the scope of the definition of Book, as set forth below.

### 1.1 Books registered with the United States Copyright Office

Even if not a United States work, as defined in 17 U.S.C. § 101, any written or printed work published on or before January 5, 2009 is a Book within the meaning of the Amended Settlement Agreement if such work was registered with the United States Copyright Office (Sec. 1.19 (c) (2) (x)).

For New Zealand rightsholders, it is impracticable to research which of their works have been registered, in particular in relation to the period before 1978. Until only a few days ago, the information on registrations and documents prior to 1978 was available only on catalog cards which may be inspected during the Copyright Office's opening hours[2]. No online search is available for this time period. Most New Zealand authors will neither have the financial means to personally visit the Copyright Office nor to have the Copyright Office staff or a private service conduct a search against payment of an hourly fee. They were therefore not able to verify if a work is a Book within the definition of Sec. 1.19 of the Amended Settlement Agreement or not.

The same is true for The New Zealand Society of Authors. Its data bases do not include any information as to whether a work was registered with the Copyright Office or not.

---

[2] United States Copyright Office, Circular 23, page 1. See www.copyright.gov/circs/circ23.pdf, visited on January 20, 2010.

PRESIDENT – Tony Simpson    sugarbags@xtra.co.nz    Tel (04) 471 9488 or (04) 384 3180
The NZ Society of Authors (PEN NZ Inc)
Principal advocate for the professional interests of writers. Protecting basic rights to freedom of expression, working to improve income and conditions, promoting New Zealand writing and literary culture



THE NEW ZEALAND
SOCIETY OF AUTHORS
PEN NEW ZEALAND INC TE PUNI KAITUHI O AOTEAROA

National Office, P O Box 7701 Wellesley Street. Auckland 1141, Tel 09 379 4801, Email: director@nzauthors.org.nz

Only recently, Google claimed to have made available online 90 volumes of the Catalogue of Copyright Entries it scanned from the Copyright Office Catalogue.[3] They appear to be searchable online through Google Books. This only highlights the fundamental problem arising from the Amended Settlement Agreement's approach in defining the Amended Settlement Class. In any case, the search options provided by Google are not suitable for efficient and automated rights clearing.

   (a)   Rightsholders outside the United States have not been informed of the new search options. Yet the Amended Settlement Agreement holds them responsible for determining whether they are members of the Amended Settlement Class or not.
   (b)   The new search option came very shortly before the deadline of January 28, 2010 for opting back in or opting out of the Amended Settlement Agreement. Rightsholders were not given sufficient time to check their data.
   (c)   There is no link from the data base of Copyright Entries to any data base of Digitized Books.
   (d)   It is not possible to run automated searches in the data base of Copyright Entries and automatically match search results with any other data base, e.g. a publisher's or a collecting society's data base.
   (e)   Spot checks have revealed that the quality of the data base of Copyright Entries is poor. Misspellings occur.

## 1.2  Works published in Canada, the United Kingdom or Australia

Under Sec. 1.19 (c) (2) (y) of the Amended Settlement Agreement, even if the work is not registered with the United Copyright Office it is still a Book provided that it had a place of publication in Canada, the United Kingdom or Australia. According to the Amended Settlement Agreement, this shall be

> "evidenced by information printed in or on a hard copy of the work"

Including

> "for example, a statement that the Book was "published in [Canada] or [the UK] or [Australia]," or the location or address of the publisher in one of those three countries."

These criteria are so vague that there will innumerable cases of doubt in which Google and the rightsholder may argue either way.

By way of example, a book published in New Zealand by the Penguin Group states:

> *Published by the Penguin Group*

And then lists addresses of the Penguin Group in New Zealand, the United States of America, Canada, England, Ireland, Australia, India and South Africa.

## 2. CONTINUED DISCRIMINATION AGAINST NEW ZEALAND RIGHTSHOLDERS

It has been shown that a significant number of New Zealand authors remain within the scope of the Amended Settlement Class and a possibly even greater number of New Zealand rightsholders are forced to give attention to the Amended Settlement Agreement due to the uncertainties of whether they are part of the Amended Settlement Class or not. Therefore, the systematic exclusion of New Zealand representatives and the disregard of New Zealand rightsholders' needs raise further concerns.

---

[3] See http://books.google.com/googlebooks/copyrightsearch.html, visited on January 20, 2010.

PRESIDENT – Tony Simpson    sugarbags@xtra.co.nz    Tel (04) 471 9488 or (04) 384 3180
The NZ Society of Authors (PEN NZ Inc)
Principal advocate for the professional interests of writers. Protecting basic rights to freedom of expression, working to improve



THE NEW ZEALAND
SOCIETY OF AUTHORS
PEN NEW ZEALAND INC TE PUNI KAITUHI O AOTEAROA

*National Office, P O Box 7701 Wellesley Street. Auckland 1141. Tel 09 379 4801, Email: director@nzauthors.org.nz*

There are many cases where New Zealand books have been made available in United States libraries without ever having been registered with the United States Copyright Office. As part of their Library Project, Google have digitized these books making them available on line without permission of the rightsholders. Many of these New Zealand rightsholders are unaware of this digitization and have limited options available to them. It seems that whilst the rightsholders are exculded from the project, their books are not.

3. **CONCLUSION**

The New Zealand Society of Authors therefore requests the Court to deny final approval of the Amended Settlement Agreement for the reasons given above and the reasons given in its original objection of 2 September 2009.

Respectfully submitted,

pp. Tony Simpson
President

cc: Michael J. Boni, Esq.
Joanne Zack, Esq.
Joshua Snyder, Esq.
Boni & Zack LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
United States of America
Bookclaims@bonizack.com

Jeffrey P. Cunard, Esq.
Bruce P. Keller, Esq.
Debevoise & Plimpton LLP
919 third Avenue
New York, NY 10022
United States of America
Bookclaims@debevoise.com

Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.
Durie Tangri Lemley Roberts & Kent LLP
332 Pine Street, Suite 200
San Francisco, CA 94104
United States of America
Bookclaims@durietangri.com

PRESIDENT – Tony Simpson    sugarbags@xtra.co.nz    Tel (04) 471 9488 or (04) 384 3180
The NZ Society of Authors (PEN NZ Inc)
Principal advocate for the professional interests of writers. Protecting basic rights to freedom of expression, working to improve