USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY DOCKET UNIT
2010 JAN 28 P 5: 12

RECEIVED
FEB 01 2010
JUDGE CHIN'S CHAMBERS

The Authors Guild, Inc., *et al.*,

    Plaintiffs,

v.

Google Inc.,

    Defendant.

Case No. 05 CV 8136 (DC)

## OBJECTIONS OF WASHINGTON LEGAL FOUNDATION TO AMENDED PROPOSED SETTLEMENT AND TO CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS AND SUBCLASSES

On September 5, 2009, the Washington Legal Foundation (WLF) filed its objections to the original proposed settlement ("Original Settlement") and the proposed certification of the case as a class action. The parties subsequently amended their settlement agreement (the "Amended Settlement"), and the Court issued a supplemental notice to authors, publishers, and other book rightsholders about the Amended Settlement.

WLF hereby files its objections to the Amended Settlement and to certification of the case as a class action. WLF's initial objections focused to large extent on the inadequacy of the notice provided to absent class members. WLF wishes to make clear that those objections still stand – the Amended Settlement has done nothing to cure those inadequacies. Indeed, the Amended Settlement has merely compounded the notice problems: by amending terms of the settlement without providing adequate notice of those amendments, the parties have created a danger that absent class members who received no notice of the amendments have been lulled into complacency by their general satisfaction with the original settlement.

WLF again files as a member of the Publisher Sub-Class as well as on behalf of its members who are members of the Author Sub-Class. *See, Objections of Washington Legal Foundation* ("Obj. of WLF") (Document 710), at 1-2 (explaining interests of WLF in this case). WLF does not believe that the Amended Settlement is fair, reasonable, and adequate with respect to absent class members. WLF agrees with many of the comments of others who have objected to the fairness of the settlement to absent class members; rather than repeat all those arguments, WLF here focuses on two grounds for disapproving the Amended Settlement. First, WLF is aware of no action undertaken by the parties to address the defective notification for the Original Settlement. *See* Obj. of WLF at 4-6. That notification therefore continues to violate Rule 23 of the Federal Rules of Civil Procedure (FRCP) as well as the due process rights of putative class members. Second, the notification to absent class members regarding the Amended Settlement suffers from its own defects that would exist even had the original notification been satisfactory. The Amended Settlement should therefore be rejected, and the class should not be certified.

**I.    Due Process Defects in the Original Notice**

None of the due process concerns raised by WLF in its September 5, 2009 objections are in any way remedied by the Amended Settlement or the Supplemental Notice. As WLF pointed out in its first objection, the notice requirements of due process, as laid out in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), and *Schroeder v. City of New York*, 371 U.S. 208 (1962), fully apply to this case. *See,* Obj. of WLF at 2-4; *see also, Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). These cases establish that "notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question."

*Schroeder*, 371 U.S. at 212-13. Such persons are to be sent notice by mail. *Id.* Both *Mullane* and *Schroeder* focus their analysis on whether names and addresses of individuals are readily available and in no way intimate that parties can avoid mailing notice to all known or easily known addresses due to the size of the group to be notified. To the contrary, the Supreme Court stated in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997), that notice requirements "may not be relaxed based on high cost," *Id.* at 617 (citing *Eisen*, 417 U.S. at 173-77), and suggested that if a choice must be made between retaining an unwieldy class size and providing adequate notice to the class, the class should be shrunk rather than allow notice to fall below the constitutionally required minimum. *Id.* at 628.

Although the parties published notice of the Original Settlement in magazines and newspapers, they have yet to provide any indication they have satisfied constitutional due process by mailing notice to all members of the class whose addresses are "easily ascertainable" as required by *Schroeder*. The parties' failure to mail notice to all known addressees is strongly suggested by WLF's failure to receive such a mailing. WLF is also aware of several members of the Author Sub-Class who did not receive mailed notice. The United States Copyright Office maintains massive, publicly available records regarding copyright holders that the parties could access in order to obtain the mailing addresses of a substantial number of the members of the putative class. Yet there is no indication they have utilized this resource or made any other reasonable efforts to mail notice to those putative class members whose addresses could be easily discovered. The amendments proposed by the parties, including the amendments to the Class Notification Program, do nothing to address the original failure to provide notice that satisfies due process.

## II. Due Process Defects in the Supplemental Notice

Because this case has been filed as a class action, the notice requirements of FRCP 23(e) apply, even though the class has not yet been certified. *In re Currency Conversion Fee Antitrust Litigation*, 361 F.Supp.2d 237, 251 (S.D.N.Y. 2005) (quoting *McDowell v. Cogan*, 216 F.R.D. 46, 50 (E.D.N.Y. 2003) ("Rule 23(e) applies even in the context of putative class actions"). Under FRCP 23(e), the parties have a broad duty to notify members of the class about a proposed settlement of the litigation. *See*, 7B C.Wright, A.Miller, & M.Kane, *Federal Practice and Procedure* § 1797.6 (3d ed. 2009) ("In order to protect the nonparty class members, Rule 23(e)(1)(B) provides that notice of a proposed dismissal or compromise must be directed 'in a reasonable manner to all class members who would be bound.' . . . Notice of dismissal or compromise now is mandatory in all cases under Rule 23.").

The parties have a broad duty under FRCP 23(e) not only to notify members of the class about a proposed settlement, but also to notify members of the class if their membership in the class is eliminated. In *Ross v. Warner*, 80 F.R.D. 88 (S.D.N.Y. 1978), this Court stated that when the definition of the class is narrowed, Rule 23(e) and the due process clause require "notice to *the entire original class* and an opportunity [for them] to object and intervene in order to protect their rights." *Id.* at 90 (emphasis added). Like this litigation, *Ross* was a high-profile case with a large plaintiff class. *Ross* concluded that the high-profile nature of the case imposed on the parties a heightened responsibility to provide notice to putative class members regarding any narrowing of class membership:

> Such serious and newsworthy allegations made against a huge corporation force
> the Court to consider the probability that many of the soon-to-be-abandoned class
> members received actual notice of the institution of this suit through national

4

> publicity and were perhaps deterred from instituting their own suits in reliance on
> their class membership. Equity dictates that these possible litigants not forfeit
> their rights for lack of knowledge that they are once again on their own.

*Id.* at 91 (citation omitted). In order to ensure that putative class members who received notice about the initial litigation through the efforts of the parties or media attention would also receive notice of their potential expulsion from the class, the Court ordered that the parties publish notice of the class reduction in "The Wall Street Journal, the New York Law Journal and in the financial pages of suitable newspapers of general circulation in five major metropolises across the continental United States." *Id.* at 92.

That some members of the class at issue here have been eliminated from the class by the Amended Settlement is not in dispute. The Supplemental Notice states, "The definition of Books [in the Original Settlement] has been narrowed. As a consequence, many class members under the Original Settlement are no longer class members under the Amended Settlement." Supplemental Notice at 1. More precisely, rightsholders whose works are not "United States works" are no longer included in the amended settlement class, even if their works were published by January 5, 2009, unless the works *either* were registered with the U.S. Copyright Office by that date *or* were published in Canada, the United Kingdom, or Australia. *Id.*

Despite the undisputed reduction in the class membership, the Amended Settlement categorically fails to satisfy the notice requirements laid out in *Ross*, a case nearly identical on its facts. The only additional notification procedures required by the Amended Settlement were: (1) posting the amendments on the Settlement Website; (2) issuance of a press release; and (3) mailing notice only to those class members who themselves took the initiative to contact the parties or to become directly involved in this lawsuit. *Supplemental Agreement* at 146.

Conspicuously absent from these provisions is anything approaching the notice *Ross* required be published in major media outlets, for the benefit of those who are to be eliminated from the settlement class yet who had been led to believe that their interests were being adequately represented.

If anything, the due process concerns identified in *Ross* dictate that the supplemental notification required here should significantly exceed the supplemental notification mandated in *Ross*. *Ross* was a run-of-the-mill securities class action that surely did not generate the degree of publicity as has this case, which has the potential to have a major impact on millions of authors worldwide. WLF respectfully submits that the scope of a supplemental notification must be commensurate with the level of publicity previously generated by a case, because increased publicity necessarily increases the number of absent class members who may believe, in reliance on the original settlement terms, that their interests are being adequately represented. The putative class in the instant action is also far larger and more widely dispersed than *Ross*'s roughly one million members. Indeed, notification on a world-wide basis is warranted because so many of those dropped from the class are likely to reside outside the U.S., Canada, the United Kingdom, and Australia. Unless the Court requires the parties to provide supplemental notification in forums outside those four countries, many individuals are unlikely ever to be told that they are no longer putative class members.

The Amended Settlement's failure to require sufficient notice to class members being dropped from the suit violates both FRCP 23(e) and the Due Process Clause of the Constitution. For that reason, as well as for the reasons set forth in WLF's September 5, 2009 objections, the Amended Settlement should be rejected by the Court and the class should not be certified.

## CONCLUSION

The Washington Legal Foundation objects to the proposed settlement agreement for the reasons stated and requests that the Court deny certification of the proposed settlement class and sub-classes.

Respectfully submitted,

*/s/ Daniel J. Popeo*

Daniel J. Popeo
 Chairman and General Counsel
Richard A. Samp
 Chief Counsel
Washington Legal Foundation
2009 Massachusetts Avenue, NW
Washington, DC 20036
202-588-0302

January 27, 2010

Copies of the foregoing comments have been sent by email to the following:

| | | |
|---|---|---|
| Michael J. Boni | Jeffrey P. Cunard | Daralyn J. Durie |
| Joanne Zack | Bruce P. Keller | Joseph C. Gratz |
| Boni & Zack LLC | Debevoise & Plimpton LLP | Durie Tangri Lemley Roberts |
| 15 St. Asaphs Road | 919 Third Avenue | & Kent LLP |
| Bala Cynwyd, PA 19004 | New York, NY 10022 | 332 Pine St., Suite 200 |
| bookclaims@bonizack.com | bookclaims@debevoise.com | San Francisco, CA 94104 |
| | | bookclaims@durietangri.com |