
**FREE SOFTWARE**
FOUNDATION

January 28, 2010

Hon. Denny Chin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/10

Re: **The Authors Guild Inc., et al. v. Google Inc.**
    **Case No. 05 CV 8136 (S.D.N.Y.)(DC)**

Dear Judge Chin:

The Free Software Foundation (FSF) is a Massachusetts non-profit that is recognized as a tax exempt entity under 501(c)(3). As part of the FSF's mission to promote computer user freedom and to defend the rights of all free software users, it publishes books and other materials to promote education about Free Software. All of the software and associated manuals published by the FSF, including the books that it writes, are distributed under Free licenses. These licenses permit recipients to make use of the work as they see fit, distribute it to others, modify the work to suit their needs, and distribute their modified versions.

The FSF publishes its manuals under the GNU Free Documentation License (the FDL), a license which seeks to promote freedom and education by allowing recipients to distribute and modify the work, provided that a few simple conditions are met. The FDL has helped inspire similar licenses, including some of the Creative Commons licenses that are popular today.

The FSF, as part of the Author Sub-Class, objected to the original settlement on the grounds that it allowed Google to republish works obtained under these Free licenses without respecting their terms, despite the fact that they already permit Google to copy, distribute, and display the works. Copyright holders that licensed works under these Free licenses would have received royalties under the proposed settlement agreement, even though they had already expressed their intention to allow Google's activities under different and simple terms.

In apparent response to this objection, the new proposed settlement agreement includes the following terms, in Section 4(a)(i) (Alternative License Terms):

> In lieu of the basic features of Consumer Purchase set forth in Section 4.2(a) (Basic Features of Consumer Purchase), a Rightsholder may direct the Registry to make its Books available at no charge pursuant to one of several standard licenses or similar contractual permissions for use authorized by the Registry under which owners of works make their works available (e.g., Creative Commons Licenses), in which case such Books may be made available without the restrictions of such Section. . .

51 Franklin St. 5th Floor Boston MA 02110-1301 U.S.A.
tel: 1.617.542.5942 | fax: 1.617.542.2652 | www.fsf.org

While the FSF is glad that the new proposed settlement agreement provides a framework to properly handle works under Free licenses, these terms are not sufficient to address the original objection.

When a copyright holder's license allows Google to distribute and display a work such that it may be included in Google Book Search, Google should be obligated to follow those terms. If those terms are unacceptable to Google, the company should simply refrain from including the work in the Google Book Search database.

The proposed settlement agreement generally allows Google to include works in Google Book Search unless a specific reason exists to disallow it. The FSF has no objection to this approach for works that have been published under terms that never contemplated inclusion in a large digital database, as is the case with most works in the agreement's scope. However, copyright holders using Free licenses have demonstrably considered such a possibility, and set forth terms for such inclusion. Google should respect the freedoms that these licenses offer to the public and comply with their terms.

The proposed terms of Section 4(a)(i) instead reverse the responsibilities, placing an unfair burden on Rightsholders. Rather than requiring Google to respect the terms of such Free licenses, Rightsholders are responsible for notifying the Registry that the work should be made available under those terms. The FSF sees no justifiable reason to shift these administrative costs to the Rightsholders. Works distributed under Free licenses typically indicate the license terms within the work itself, so authors have already made their choice clearly known. Google should be able to use this information to classify and publish these works appropriately, similarly to how the company must, under the terms of the proposed agreement, distinguish between works which are and are not Commercially Available.

As before, we urge the Court to reject the proposed settlement until these objections are addressed, including that terms are incorporated to ensure that works covered by Free licenses are always included in the Google Book Search database under the terms of that same license.

Respectfully yours,

Brett Smith
License Compliance Engineer
Free Software Foundation, Inc.