

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| The Authors Guild, *et al.*, | ) | Case No. 1:05-cv-08136-DC |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | **PETITION TO WITHDRAW** |
| v. | ) | **PROQUEST LLC'S OBJECTIONS TO** |
| | ) | **THE FIRST PROPOSED** |
| | ) | **SETTLEMENT** |
| Google, Inc., | ) | |
| *Defendant.* | ) | |

JAN 29 2010

Office of the Clerk
J. Michael McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Class Member ProQuest, LLC ("ProQuest") hereby respectfully requests the Court's approval to withdraw its objections, filed on September 8, 2009, pursuant to Rules 23(e)(5) of the Federal Rules of Civil Procedure.

## GROUNDS FOR WITHDRAWAL OF OBJECTIONS

ProQuest is a publisher of, among many other works, scholarly dissertations and databases of periodicals. Since 1938, we have been publishing and selling American scholars' dissertations in print, microfilm and/or electronic formats. Given the nature of the publications, the customary channel of trade for this business is primarily direct to libraries and academic institutions as well as consumer sales through our own website, etc. ProQuest's objections to the prior version of the Proposed Settlement related to the way the Settlement specifically affected ProQuest's core business relating to periodicals, dissertations and microform. ProQuest has reviewed the Amended Settlement Agreement and believes that the

renegotiated and revised terms offer the opportunity for a more fair resolution of its narrow issues. Accordingly, ProQuest requests the withdrawal of its previously filed objections.

1. **The Definition of "Periodicals" Has Been Amended to ProQuest's Satisfaction.**

As detailed in it Objections, ProQuest was concerned that the prior version of the Proposed Settlement would be construed to include bound periodicals within its definition of "Books." The Amended Settlement addresses this concern in that the new definition of Periodical adds: "any book form compilation of any of the foregoing." Amended Settlement § 1.104.

2. **The Amended Settlement Removes the Previously Problematic Reference to "Microforms" from the Definition of the Word "Digitize."**

ProQuest objected to the prior version of the Proposed Settlement because Google was authorized to copy whole collections of works published in microform. The Amended Settlement eliminates this issue. Indeed, the revised definition of "Digitize" expressly excludes microforms from the type of documents Google may digitize and exploit. *See* Amended Settlement § 1.50 ("Digitize" means to convert a work from a hard copy (not including microform) format into an electronic representation. . .").

3. **Applied in Good Faith, the Improved Definition of "Commercial Availability", Combined with the Other Structural Revisions to the Proposed Settlement, Will Likely Result is a Fair Application to ProQuest**

ProQuest was concerned that under the prior version of the Proposed Settlement that the process for determining whether a Book was "Commercially Available" and, therefore, "In Print" or "Out of Print," left the application of this standard to its longstanding and active dissertations publishing program to the whim of the parties. The addition of an ombudsman and the new definition of "Commercial Availability" constitute improvements which applied in good faith will reasonably address the issues previously raised by ProQuest. Indeed, Section 3.2(d)(i) is clearer and provides for greater predictability in the Amended Settlement. For example, it specifies which databases it will use to determine retail availability (namely,

"third party databases from a range of United States, Canadian, United Kingdom, and Australian sources that can be obtained on fair and commercially reasonable terms."). In addition, the revised section now provides that, upon notice to Google by a Rightsholder of an error in classification, "such Books shall promptly be classified as Commercially Available." The revisions to the Proposed Settlement suggest that the amended Settlement will be applied by the parties in good faith to more fairly protect ProQuest's interests in the commercial availability of the works it has published and is selling.

## CONCLUSION

For the foregoing reasons, ProQuest respectfully requests that it be permitted to withdraw it objections to the Proposed Settlement.

Respectfully Submitted,

*/s/ Martin Kahn/*

Martin Kahn, CEO

Dated: 1/27/2010

Cc:
Michael J. Boni, Esq.
Joanne Zack, Esq.,
Joshua Snyder, Esq.
Boni & Zack LLC
*Counsel for the Author Sub-Class*

Jeffrey P. Cunard, Esq.
Bruce P. Keller, Esq.
Debevoise & Plimpton LLP
*Counsel for the Publisher Sub-Class*

Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.
Durie Tangri Lemley Roberts & Kent LLP
*Counsel for Google*

789 E. Eisenhower Parkway • P.O. Box 1346 • Ann Arbor, MI 48106-1346 • U.S.A. • Tel: 734.761.4700 • Toll-free: 800.521.0600

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| The Authors Guild, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Google, Inc., <br> *Defendant*. | Case No. 1:05-cv-08136-DC |

## (PROPOSED) ORDER APPROVING WITHDRAWAL OF PROQUEST LLC'S OBJECTIONS TO THE PROPOSED SETTLEMENT

Upon the Petition of Class Member and Objector ProQuest LLC;

IT IS HEREBY ORDERED that ProQuest, LLC's request to withdraw its objections to the Proposed Settlement, filed on September 8, 2009, is hereby approved pursuant to Rules 23(e)(5) of the Federal Rules of Civil Procedure.

Dated: _____

By: _____
DENNY CHIN
UNITED STATES DISTRICT JUDGE