UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
The Authors Guild, Inc., Association of American :
Publishers, Inc., et al., :
:
    Plaintiffs, :
:
    v. : Case No.: 05 CV 8136-JES
:
Google Inc., :
:
    Defendant. :
-----------------------------------------------------------x

## SUPPLEMENTAL OBJECTION OF ALEX M.G. BURTON

Alex M.G. Burton makes the following objection to the Amended Class Settlement in this cause and re-asserts his original objection to the class settlement.

1. ### THE SETTLEMENT CLASS IN THE AMENDED AGREEMENT IS STILL OVERBROAD BECAUSE IT INCLUDES MEMBERS WHO DO NOT HAVE STANDING

The Settlement Class as defined in the Amended Agreement is still overbroad because it contains members who do not have Art. III standing. Many class members still do not have an "injury in fact." Many class members do not have a ripe damage claim because Google has not infringed their copyrights in any way.

Many authors included in the class still do not face any imminent threat that their copyright will be infringed. Any threat for these class members is still conjectural and speculative. Thus under the Amended Agreement, the settlement class is so broad that many class members lack standing for injunctive relief.

1

## 2. THE SETTLING PARTIES DID NOT CURE THE DEFICIENIES IN THE CLASS NOTICE

The Settling Parties continue to not meet the individual notice requirements of 23(c)(2)(B). The notice of the amended agreement was more limited than that of the original agreement.

Sufficient notice is a distinct requirement of Rule 23. The notice requirement is designed to ensure that absent class members are provided with the opportunity to protect their interests. As the Supreme Court explained in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 91997) "[t]o alert class members to their right to 'opt out' of a (b)(3) class, Rule 23 instructs the court to 'direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.' Fed.R. Civ.P. 23(c)(2); *see Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173-177 (1974) (individual notice to class members identifiable through reasonable effort is mandatory in (b)(3) actions; requirement may not be relaxed based on high cost)." 521 U.S. at 617. The adequacy of notice is particularly important in this case because the Proposed Settlement seeks to certify a broad class, including individuals or entities who have not yet been injured in any fashion and whose rights may be exploited without prior consent.

The record does not establish that the class was afforded adequate notice, which is critical given the size and geographic scope of the class, and the alteration in copyright protection that the Amended Settlement would effectuate.

### 3. THE RULE 23 REQUIREMENTS HAVE STILL NOT BEEN MET

Special scrutiny is required here. The Supreme Court has called for undiluted, even heightened, scrutiny of certification when it is considered as part of settlement approval. *Amchem*, 521 U.S. 591, 620 (1997). "Particular care" is required when the class is broadly expanded after the litigation has been in progress and for the purpose of settlement. *Malchman v. Davis*, 706 F.2d 426, 433 (2d Cir. 1983).

Rule 23 is designed to ensure that the settlement of a class action resolves disputes on behalf of plaintiffs who have aligned interests and protects the legal rights of absent class members who be interests may diverge from those of named class representatives.

The concerns that gave rise to animated the Supreme Court's decision in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), which rejected a proposed class settlement of all present and future claims by workers exposed to asbestos because the currently-injured plaintiffs had different interests and goals from those workers who had been exposed but had not yet suffered any injury, 521 U.S. at 626-27, and those that led the Second Circuit in *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005) to conclude that Rule 23 does not permit release of claims absent class members unless those claims arise from the "identical factual predicate," 396 F.3d at 107, apply to the Amended Settlement. In *Amchem, Wal-Mart* and other cases, the courts have cast doubt on the circumstances in which class representatives could adequately represent absent class members with respect to as-yet uncertain injuries or rights that were far removed from the facts underlying the complaint.

The holding of *Amchem* compels the conclusion that class members without currently ripe claims should have separate representation. There is a particular danger that in a settlement covering claims that could not have been brought in the action the plaintiffs' counsel may trade off the rights of those claims. Samuel Issacharoff, Class Action Conflicts, 30 U.C. Davis L. Rev. 805, 812-813 (1997). *Amchem* requires that a district court must "first and foremost [...] determine whether there are 'structural assurances of fair and adequate representation.'"

The settlement class even under the Amended Agreement includes class members whose works have not been infringed and are under no imminent threat of Google infringing these copyrights. These class members with speculative future claims should not be in the same class as members who have ripe damage and injunction claims. Common issues still do not predominate for this overbroad class.

### 4. THE AMENDED SETTLEMENT STILL VIOLATES THE RULES ENABLING ACT

Under the Amended Settlement, Google is still authorized by default to make Display Uses of Books that are not Commercially Available. This is still a modification of United States copyright law. Rule 23 cannot be used to modify substantive copyright law. Even the Amended Agreement contravenes the rules Enabling Act.

### 5. THE RELEASE IN THE AMENDED AGREEMENT IS OVERBROAD

The two complaints filed in 2005 accused Google of scanning books in the University of Michigan Library, planning to scan books in four other libraries, creating digital copies that the public could search on its website, and displaying "brief excerpts" that the searches retrieved. Authors' Complaint ("Auth. Coml.") ¶¶ 29-32; Publishers' Complaint ("Pub. Compl.") ¶¶ 4, 25-31. Google claims copying to facilitate electronic

4

searching and displaying "brief excerpt" was a fair use under the Copyright Act that needed no permission. Pub. Compl. ¶8. The Second Amended Complaint ("Sec. Am. Compl."), filed along with the proposed settlement, similarly complains of the display of "brief excerpts,." Sec. Am. Compl. ¶47.

While a settlement can release claims that were not specifically alleged in the litigation, a settlement cannot release claims that are not a part of the "identical factual predicate" as the class claims. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 109 (2d Cir. 2005)(approving settlement and concluding that scope of release was proper because all released claims arose out of the "identical factual predicate" as claims in the complaint); *Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 660 F.2d 9, 16-18 (2d Cir. 1981)(reversing approval of settlement in class action alleging harm to those who liquidated their positions in certain futures contracts during specific period, when release extended to claims by persons who had not liquidated their positions by the end of that period); *see also UniSuper Ltd., v. News Corp.*, 898 A.2d 344, 347 (Del. Ch. 2006)("A settlement can release claims that were not specifically asserted in an action, but can only release claims that are based on the 'same identical factual predicate' or the 'same set of operative facts' as the underlying action."). If a judgment after trial cannot extinguish certain claims, these claims cannot be released in a settlement of that action. *See Nat'l Super Spuds*, 660 F.2d at 17. For those Rights holders whose work Google has yet to digitize, this Court has no power to bar them from asserting claims should Google do so in the future.

Infringements after the date of settlement are not the same factual predicate. Even if by the same infringers they are new infringements, because each act of infringement is

a "distinct harm" giving rise to an "independent claim." *Stone v. Williams,* 970 F.2d 1043, 1049-1050 (2d Cir. 1992).

Claims for future infringements, by the Defendants or Publishers, or by other unknown persons, including those yet to receive a license, are not based on the same factual predicate as the past claims. They may involve the same copyrights, and they may or may not involved the same infringers, but the difference is that they have not yet occurred. The facts of those future infringement are not known.

The releases in the Proposed Amended Settlement are far too broad. The Court simply does not have the power to bar future claims arising from future conduct against Google.

## CONCLUSION

For the reasons set forth in Mr. Burton's original and supplemental objection, this settlement should not be approved or the settlement classes certified.

Respectfully submitted,

*[signature]*

Attorney for Objector Alex M.G. Burton

John B. Bridge, NY Reg. #2829232
PLEWS SHDLEY RACHER & BRUAN LLP
1346 N. Delaware Street
Indianapolis, Indiana 46202
Tel: (317) 637-0700
jbridge@psrb.com

## CERTIFICATE OF SERVICE

A copy of the above and foregoing has been served by U.S. Mail on this the 28th day of January, 2010 to the following attorneys:

>Michael J. Boni, Esq.
>Joanne Zack, Esq.
>Joshua Snyder, Esq.
>BONI & ZACK, LLC
>15 St. Asaphs Road
>Bala Cynwyd, PA   19004
>UNITED STATES OF AMERICA
>bookclaims@bonizack.com
>>Counsel for the Author Sub-Class

>Jeffrey P. Cunard, Esq.
>Bruce P. Keller, Esq.
>DEBEVOISE & PLIMPTON, LLC
>919 Third Avenue
>New York, NY   10022
>UNITED STATES OF AMERICA
>bookclaims@debevoise.com
>>Counsel for the Publisher Sub-Class

>Daralyn J. Durie, Esq.
>Joseph C. Gratz, Esq.
>DURIE TANGRI LEMLEY ROBERTS & KENT, LLP
>332 Pine Street, Suite 200
>San Francisco, CA   94104
>UNITED STATES OF AMERICA
>bookclaims@durietangri.com
>>Counsel for Google