*The Authors Guild, Inc., et al. v. Google Inc.*, Case No. 05 CV 8136 (DC)

**EXHIBIT G to DECLARATION OF MICHAEL J. BONI IN SUPPORT OF FINAL SETTLEMENT APPROVAL AND APPLICATION OF COUNSEL FOR THE AUTHOR SUB-CLASS FOR AWARD OF FEES AND REIMBURSEMENT OF COSTS:**

**DECLARATION OF ROBERT J. LAROCCA**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
The Authors Guild, Inc., Association of American :
Publishers, Inc., et al., :
:
Plaintiffs, :
: Case No. 05 CV 8136 (DC)
v. :
: **FILED ELECTRONICALLY**
Google Inc., :
:
Defendant. :
------------------------------------------------------------------x

## DECLARATION OF ROBERT J. LAROCCA OF KOHN, SWIFT & GRAF, P.C. IN SUPPORT OF APPLICATION OF COUNSEL FOR THE AUTHOR SUB-CLASS FOR THE AWARD OF FEES AND REIMBURSEMENT OF COSTS

I, Robert J. LaRocca, declare and state as follows:

1. I am a shareholder and director of the law firm of Kohn, Swift & Graf, P.C. ("Kohn, Swift"). My firm serves as one of the Counsel for the Author Sub-Class in the above-captioned action.

2. I submit this Declaration in support of the Author Sub-Class's Counsel's application for an award of attorneys' fees for services in the above-captioned action, and for reimbursement of expenses reasonably incurred in the course of such representation. The time expended in preparing this Declaration and its supporting materials is not included in this request.

3. Michael J. Boni initiated this case while he was a shareholder of Kohn, Swift on behalf of his long-time client the Authors Guild, Inc. He and a team of lawyers and paralegals that he directed worked on this case tirelessly from 2005 until March, 2007, when Mr. Boni and another of my long-time colleagues, Joanne Zack, started their own firm Boni & Zack

60400_2

LLC. From then on, Boni & Zack took the lead role in the case, but our firm remained involved, and has had a more active role during the past 10 months.

4. The case was very exciting for our firm to undertake, but also very risky. There were many legal issues of first impression, not the least of which was Google's defense that its activities constituted "fair use" because they were transformative under the federal copyright laws. Google was, to the say the least, a formidable legal adversary. All of our firm's time was on a contingency basis, with no guarantee we would see any recovery. Similarly, all of our out of pocket disbursements were at risk.

5. Mr. Boni's time comprises more than that of any other attorney's time incurred by my firm. Under his direction, our firm researched and drafted the complaint and amended complaint; researched numerous early stage issues including fair use, market harm, derivative works, public interest, library liability, book licenses, foreign jurisdiction, registry cost, copyright renewal, digitization/electronic rights, infringement litigation, and copyright interests in book layout. The firm researched and drafted a preliminary injunction motion, a case management order, a protective order, discovery requests of Google and third parties, objections and responses to discovery requests of plaintiffs, and a deficiency letter regarding Google's discovery responses. Our firm analyzed and coded hundreds of thousands of documents Google produced in discovery concerning its activities. We analyzed publisher contracts, engaged in research at the Library of Congress, and worked with numerous experts. Beginning in the fall of 2006, our firm, and particularly Mr. Boni, began to engage in very extensive settlement meetings and negotiations, and prepared and revised a proposed term sheet. This required extensive discussions and meetings with the client.

6. More recently, from May, 2009 to the present, I personally have worked closely with Mr. Boni and Ms. Zack on legal issues in connection with the settlement agreement and amended settlement agreement. These included: analyzing antitrust issues in response to the DOJ position papers; analyzing settlement terms under the DOJ Intellectual Property Guidelines; researching the history of the ASCAP and BMI settlements and their current licensing arrangements; preparing an extensive research memorandum on the cy pres doctrine for unclaimed funds in the Second Circuit; researching various state unclaimed property and custodial escheat laws in response to objections from certain state attorneys general; engaging in conference calls and correspondence with those attorneys general; researching class notice issues in light of the amended settlement agreement; and researching and revising drafts in the various memoranda concerning settlement approval.

7. The total number of hours expended on this litigation by my firm is 4,718.8 hours. The total lodestar for my firm is $2,073,625.00.

8. The schedule attached hereto as Exhibit A is a detailed summary indicating the amount of time spent by the partners, associates, and professional staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

9. The hourly rates for the attorneys and professional staff in my firm included in Exhibit A are the regular rates charged for their services in non-contingent matters and/or which have been accepted and approved by courts in other class action litigation. Because all of the firms in this litigation are using current hourly rates to calculate the lodestars

in their respective declarations, I have used Mr. Boni's current hourly rate at Boni & Zack LLC for his time on the attached Exhibit A.

10. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

11. As detailed in Exhibit B, my firm has incurred a total of $53,845.50 in un-reimbursed expenses in connection with the prosecution of this litigation.

12. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

13. Attached hereto as Exhibit C is a brief biography of my firm and attorneys in my firm who were principally involved in this litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10 day of February 2010 at Philadelphia, PA

Robert J. LaRocca

**EXHIBIT A**

## The Authors Guild, Inc., Association of American Publishers, Inc., et al. v. Google Inc.

### TIME REPORT
### KOHN, SWIFT & GRAF, P.C.

### Reporting Period: Inception through February 5, 2010

Categories:

| | | | |
|---|---|---|---|
| A | Pre-Filing Investigation | E | Court Appearances, Trial, Appeal |
| B | Pleadings | F | Settlement |
| C | Briefs, Motions, Research | G | Case Management & Strategy |
| D | Discovery | | |

| NAME | Status* | A | B | C | D | E | F | G | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Michael J. Boni | SH | 10.40 | 45.10 | 250.50 | 514.40 | 17.30 | 366.50 | 138.50 | 1342.70 | $675.00 | $906,322.50 |
| Robert J. LaRocca | SH | | | 148.50 | | 85.00 | 70.00 | | 303.50 | $600.00 | $182,100.00 |
| Allan M. Hoffman | A | 6.40 | | 166.00 | 1.40 | | | | 173.80 | $385.00 | $66,913.00 |
| Craig W. Hillwig | SH | | | | 0.90 | | | | 0.90 | $475.00 | $427.50 |
| Douglas A. Abrahams | SH | | | | | | 2.10 | | 2.10 | $550.00 | $1,155.00 |
| William E. Hoese | SH | | | 0.80 | | | | | 0.80 | $550.00 | $440.00 |
| Stephen M. Steingard | SH | | | | 1.50 | | | | 1.50 | $550.00 | $825.00 |
| Edmunds Brokans | A | | | | 505.50 | | | | 505.50 | $375.00 | $189,562.50 |
| Hadley Roeltgen | A | | | 455.90 | | | | | 455.90 | $325.00 | $148,167.50 |
| John Herron | A | | | | 539.00 | | | | 539.00 | $375.00 | $202,125.00 |
| Kate Reznick | A | 5.90 | 33.90 | 69.70 | 1010.20 | | | 8.70 | 1128.40 | $300.00 | $338,520.00 |
| Augustin Joo | PL | | | 146.70 | 20.30 | | | 9.50 | 176.50 | $135.00 | $23,827.50 |
| Grayson Papa | PL | | | 14.50 | 6.00 | | | | 20.50 | $200.00 | $4,100.00 |
| Ivette Tarrida | PL | | | | 14.00 | | | | 14.00 | $135.00 | $1,890.00 |
| Joanna Pernick | PL | 1.70 | | | 35.00 | | | | 36.70 | $135.00 | $4,954.50 |
| Ruth Zohrer | PL | | | 2.60 | 14.40 | | | | 17.00 | $135.00 | $2,295.00 |
| TOTALS | | 24.40 | 79.00 | 1255.20 | 2662.60 | 102.30 | 438.60 | 156.70 | 4718.80 | | $2,073,625.00 |

*Status   SH-Shareholder, A-Associate, PL-Paralegal

# EXHIBIT B

*The Authors Guild, Inc., Association of American Publishers, Inc., et al. v. Google Inc.*

## EXPENSE REPORT

### KOHN, SWIFT & GRAF, P.C.

**Reporting Period: Inception through February 5, 2010**

| Expense Category | Amount |
|---|---:|
| Computer and Electronic Research and Discovery | 12,405.45 |
| Expert Witness and Consultant Fees | 31,672.50 |
| Filing, Service, Transcript and Witness Fees | 150.00 |
| Long Distance Telephone & Facsimile | 134.91 |
| Photocopying (including commercial or internal copying | 3,561.77 |
| Postage & Overnight Delivery (FedEx, UPS) | 224.39 |
| Travel, Food, and Lodging | 5,143.91 |
| Document Depository | 552.57 |
| **TOTAL EXPENSES** | 53,845.50 |

60401_1

# KOHN, SWIFT & GRAF, P.C.

Since its founding in 1969, the firm of Kohn, Swift & Graf, P.C., has been a national leader in the prosecution of antitrust class actions and other complex commercial litigation. Kohn, Swift & Graf, P.C. and its attorneys have been selected by courts and co-counsel to be lead counsel, or members of the executive committee of counsel, in scores of class actions throughout the country in the antitrust, securities fraud, tort and consumer protection fields.

Recently, the firm has been co-lead counsel in the Holocaust Era cases and other ground breaking international human rights litigation which have resulted in settlements totaling billions of dollars for plaintiff classes from Swiss banks and German and Austrian industries. The firm also maintains a general business litigation practice representing plaintiffs and defendants, including Fortune 500 and other publicly traded corporations, in state and federal courts.

The firm and its partners have been recognized for their excellence in antitrust and business litigation by numerous publications, including the Best Lawyers in America, Chambers USA America's Leading Business Lawyers and Pennsylvania Super Lawyers.

The Kohn firm has been a leader in the prosecution of antitrust class actions for the past 40 years. The firm has served as lead or co-lead counsel in the following antitrust class actions, among others: In re Automotive Refinishing Paint Antitrust Litigation, MDL No. 1426 (E.D. Pa.) (settlements totaling $105.75 million); In re Compact Disc Minimum Advertised Price Antitrust Litigation, MDL No. 1361 (D. Me.) (settlements totaling $143 million approved); In re Graphite Electrodes Antitrust Litigation, MDL No. 1244 (E.D. Pa.) (over $133 million in settlements obtained for the class); In re Plastics Additives Antitrust Litigation, MDL No. 1684 (E.D. Pa.) (settlements of $46 million with seven defendants; litigation continuing against other defendants); In re Stock Exchanges Options Antitrust Litigation, MDL No. 1283 (S.D.N.Y.) (settlements reached with over 40 defendants for $44 million); In re Pillar Point Partners Antitrust Litigation, MDL No. 1202 (D. Arizona) (settlements of $50 million); In re Amino Acid Lysine Antitrust Litigation, 918 F.Supp. 1190 (N.D. Ill. 1996) (settlements in excess of $50 million); In re Toys "R" Us, Inc., Antitrust Litigation, MDL 1211 (E.D.N.Y.) ($55 million settlement value); In re Residential Doors Antitrust Litigation, MDL 1039 (E.D. Pa.) ($18 million in settlements); In re Chlorine and Caustic Soda Antitrust Litigation, 116 F.R.D. 622 (E.D. Pa. 1987) (settled on eve of trial for $51 million); Cumberland Farms, Inc. v. Browning Ferris Indus., Inc., 120 F.R.D. 642 (E.D. Pa. 1988) (class action alleging price fixing in waste hauling industry-case settled shortly before trial for $50 million); In re Plywood Antitrust Litigation, MDL 159, (D. La.) (tried to verdict for plaintiffs; affirmed by Fifth Circuit; total settlements of approximately $173 million).

In addition, the Kohn firm is and has been a member of a steering committee or executive committee of counsel in dozens of antitrust class actions, including: In re Currency Conversion Fee Antitrust Litigation, (S.D.N.Y.); In re Carbon Fiber Antitrust Litigation (C.D. Cal.); In re Extruded Graphite Antitrust Litigation (D.N.J.); In re Linerboard Antitrust Litigation (E.D.Pa.); In re Relafen Antitrust Litigation (D.Mass.); In re Brand Name Prescription Drugs Antitrust Litigation (N.D. Ill.); In re Commercial Explosives Antitrust Litigation (D. Utah); In re Catfish Antitrust Litigation (N.D. Miss.); In re Commercial Paper Antitrust Litigation (M.D.Fla.); In re Glassine and Greasproof Paper Antitrust Litigation (E.D. Pa.); In re Corrugated Container

Antitrust Litigation, (S.D. Tex.); In re Sugar Industry Antitrust Litigation (E.D. Pa.).

The Kohn firm also has maintained a business litigation practice and represented private clients as plaintiffs in antitrust cases where it was the sole counsel, or assisted by a few co-counsel. These cases were hard fought and several have proceeded through trial and appeals: Alvord-Polk, Inc. v. F. Schumacher & Co., 37 F.3d 996 (3d Cir. 1994), cert.denied, 514 U.S. 1063 (1995) (summary judgment in favor of defendants reversed by Third Circuit; certiorari denied by the Supreme Court; case tried to conclusion before a jury and settled after trial); Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp., 995 F.2d 425 (3d Cir. 1993) (jury verdict in favor of plaintiff; case settled); Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (summary judgment in favor of defendant reversed by Third Circuit; case settled prior to trial).

In addition to its antitrust practice, the Kohn firm has been retained by pension funds, including several multi-billion dollar funds, to monitor the fund's investments and to commence litigation when appropriate. The firm has brought litigation on behalf of the Retirement System of the City of Philadelphia, the Police and Fire Retirement System of the City of Detroit and has been lead or co-lead counsel in the following securities class actions among others: In re KLA-Tencor Corp. Securities Litigation, Master File No. 06-cv-04065-MJJ, (N.D. Cal); In re Marvell Technology Group, Ltd. Securities Litigation, Master File No. 06-06286-RMW (N.D. Cal.); The Police and Fire Retirement System of the City of Detroit v. The Bear Stearns Companies, Inc., et al., Civil Action No. 3638-VCP (Del. Chancery); In re Calpine Corporation Securities Litigation, Master File No. C-02-1200 (N.D. Cal); In re Schulman Partnerships Securities Litigation, MDL 753-AAH (C.D. Ca.); Goldenberg, et al. v. Marriott PLP Corp., et al., No. PJM 95-3461 (D. Md.); In re Intelligent Electronics, Inc. Securities Litigation, Master File No. 92-CV-1905 (E.D. Pa.); WEBBCO v. Tele-Communications, Inc., et al., No. 94-WM-2254 (D. Colo.); The Carter Revocable Trust v. Tele-Communications, Inc., et al., No. 94-WM-2253 (D. Colo.); Rabin v. Concord Assets Group, Inc., et al., 89 Civ. 6130 (LBS) (S.D.N.Y.); Sadler v. Stonehenge Capital Corp., et al., 89 Civ. 6512 (KC); Ramos, et al. v. Patrician Equities Corp., et al., 89 Civ. 5370 (TPG) (S.D.N.Y.); In re Advacare Securities Litigation, (E.D. Pa. 1993); Solo, et al. v. Duval County Housing Finance Authority, et al., No. 94-1952-CA (Duval Cty. Fla.); In re Clinton Oil Securities Litigation, (D. Kan. 1982).

The firm also has litigated numerous consumer and mass tort class actions, such as: In re Synthroid Marketing Litigation, MDL No. 1182 (N.D. Ill.); In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation, MDL No. 1001 (D. Minn.); In re Bolar Pharmaceutical Co., Inc. Generic Drug Consumer Litigation, MDL No. 849 (E.D.Pa.); In re General Motors Corporation Pickup Truck Fuel Tank Products Liability Litigation, MDL No. 961 and Master File No. 92-6450 (E.D.Pa.); In re Factor VIII or Factor IX Concentrate Blood Products Litigation, Civil Action No. 93-5969 and MDL No. 986 (N.D.Ill.); In re Copley Pharmaceutical, Inc., "Albuterol" Products Liability Litigation, MDL Docket No. 94-140-1013 (D. Wyo.).

Courts throughout the country have praised the firm's ability to handle complex class litigation:

In re Automotive Refinishing Paint Antitrust Litigation, MDL No. 1426 (E.D. Pa.). Judge Surrick stated: "I want to commend counsel on both sides of this litigation. I think the representation on both sides of this litigation is as good as I've ever seen in my entire professional career," transcript of hearing, August 9, 2007, pp. 18-19.

In re Graphite Electrodes Antitrust Litigation, Master File No. 97-CV-4182, MDL No. 1244 (E.D. Pa.). Judge Weiner wrote that "[c]lass counsel exhibited the highest level of skill and professionalism in their conduct of this litigation." Order of September 8, 2003.

In re Compact Disc Minimum Advertising Price Antitrust Litigation, MDL No. 1361 (D. Me.). In selecting the firm as lead counsel, Judge Hornby stated that "I have concluded that the firm Kohn, Swift & Graf has the experience, skill, resources, and expertise best able to move this matter forward, and I hereby designate that firm as lead counsel." Order of January 26, 2001, p. 2.

In re Amino Acid Lysine Antitrust Litigation, MDL No. 1083 (N.D. Ill.). After selecting Kohn Swift as sole lead counsel, at the conclusion of the case Judge Shadur praised the firm's "extraordinarily professional handling" of the matter, which justified the selection of the firm *ab initio*. Transcript of hearing, February 27, 1998, pp. 3 & 4.

In re: Rio Hair Naturalizer Products Liability Litigation, MDL 1055 (E.D. Mich.). Judge Rosen stated that "the work of [lead counsel] and the manner in which they conducted themselves exhibited the very highest level of professionalism and competence in our legal system." 1996 U.S. Dist. LEXIS 20440, *57 (E.D. Mich., December 20, 1996).

In re: Montgomery Ward Catalog Sales Litigation, Master File No. 85-5094, MDL No. 685 (E.D. Pa). Judge Green praised "the efficient and excellent quality of the attorneys' work." Memorandum and Order, August 24, 1988.

# MICHAEL J. BONI

Michael J. Boni was a shareholder of the firm until March 2007 when he left to form his own firm. He specializes in complex litigation, including antitrust, consumer, class action and copyright litigation. Mr. Boni graduated from the University of Pennsylvania School of Law in 1988. In 1980, Mr. Boni received an M.A. degree in psychology from the University of Connecticut, and in 1977 he received an A.B. degree from Albright College.

Mr. Boni has served as lead counsel or executive committee member in a number of antitrust class actions, including: In re: Pillar Point Partners Antitrust and Patent Litigation, MDL 1202 (D. Ariz.) (lead counsel); In re RF Tags Antitrust Litigation, Master File No. 02-CV-3730 (D.N.J.) (lead counsel); In re: Toys "R" Us Antitrust Litigation, MDL 1211 (E.D.N.Y.) (lead counsel); In re: Relafen Antitrust Litigation, Master File No. 01-CV-12239 (D. Mass.) (executive committee); In re: Disposable Contact Lens Antitrust Litigation, MDL 1030 (M.D. Fla.) (executive committee).

Mr. Boni has also handled other antitrust matters, including Rossi v. Standard Roofing, Inc., 156 F.3d 452 (3d Cir. 1998); In re Carbon Fiber Antitrust Litigation, CV-99-07796-GHK (CTx) (C.D. Cal.); In re: Polypropylene Carpet Antitrust Litigation, MDL 1075 (N.D. Ga.); In re: Neurontin Antitrust Litigation, MDL 1479 (D.N.J.).

In addition, Mr. Boni has served as lead counsel in numerous other class actions, including: In re: Literary Works in Electronic Databases Copyright Litigation, MDL No. 1379 (S.D.N.Y.); Bonelli, et al. v. International Business Machines, Corp., June Term, 2002, No. 001775 (Phila. C.C.P.); Mikhail, et al. v. Toshiba America Incorporated, No. BC278163 (CA Superior Ct., Los Angeles Cy.); Pilkington, et al. v. U.S. Search.Com, No. BC234858 (CA Superior Ct., Los Angeles Cy.); Miller v. Pep Boys, Inc., et al., No. 0201-4149 (Phila. C.C.P.); Winigrad v. Franklin Electronic Publishers, Inc., No. L-1574-98 (N.J. Superior Ct., Camden Cy.); Pacillo v. Philips Electronics North America Corp., No. L-3524-98 (N.J. Superior Ct., Camden Cy.); In re: Rio Hair Naturalizer Product Liability Litigation, MDL 1055 (E.D. Mich.); and In re: AMC Shareholder Derivative Litigation, No. 12855 (Del. Chancery). In its opinion granting final settlement approval in Rio, the court stated that "the work of [lead counsel] and the manner in which they conducted themselves exhibited the very highest level of professionalism and competence in our legal system." 1996 U.S. Dist. LEXIS 20440, *57 (E.D. Mich. December 20, 1996).

Mr. Boni is admitted to practice in Pennsylvania, the United States Courts of Appeals for the Third and Sixth Circuits, and the United States District Courts for the Eastern District of Pennsylvania, Northern District of California and Eastern District of Michigan.

# ROBERT JOSEPH LAROCCA

Robert J. LaRocca is a director and shareholder in the firm of Kohn, Swift & Graf, P.C. Mr. LaRocca graduated from Rutgers (Newark) Law School in 1977, with High Honors, where he was the Research and Topics Editor, Rutgers Law Review. Mr. LaRocca is a *Magna Cum Laude* graduate of Harvard College (1968), and a member of Phi Beta Kappa.

Mr. LaRocca clerked for the Honorable Edward R. Becker, United States District Court, Eastern District of Pennsylvania (August 1977-August 1978), after which he became associated with the Kohn firm. He has appeared in the Courts of Appeals for the Second, Third, Fifth, Eighth, Eleventh and Federal Circuits. He has an "av" rating from Martindale-Hubbell, and has been elected to the American Law Institute.

Representative cases include, in alphabetical order: *Barnes v. American Tobacco*, 161 F.3d 127 (3d Cir. 1999) (claim for medical monitoring against tobacco companies); *Big Apple BMW v. BMW*, 974 F.2d 1358 (3d Cir. 1992); (group boycott antitrust case); *Bloch v. SmithKline* (E.D.Pa.) 1988 U.S. Dist. Lexis 12397 (E.D.Pa. 1988) and 1987 U.S. Dist. Lexis 2795 (E.D.Pa. 1987) (monopolization and patent abuse in market for prescription drug); *Breard v. Sachnoff*, 941 F.2d 142 (2d Cir. 1991) (securities fraud tax shelter); *Creative Copier Services v. Xerox*, 114 F.Supp.2d 1070 (D. Kan. 2000) (antitrust, patent, copyright claims); *ELSCO v. Motorola*, (E.D. Pa.) 782 F.Supp. 1016 (E.D. Pa. 1991), 785 F.Supp. 17 (E.D. Pa. 1992) (Lanham Act trade disparagement case involving semiconductor industry); *Golden Valley v. Weaver Popcorn*, 837 F.Supp. 1444 (N.D. Ind.), *aff'd*, 11 F.3d 1072 (Fed. Cir. 1993) (patent fraud case in microwave popcorn industry); *Gulfstream v. Gulfstream Aerospace*, 995 F.2d 425 and 995 F.2d 414 (3d Cir. 1993) (trial of price fixing of aircraft); *In re Linerboard Antitrust*, 305 F.3d 145 (3d Cir. 2002) and 203 F.R.D. 199 (E.D.Pa. 2001) (national class output restriction case involving corrugated containers); *In re Waste Haulers Antitrust*, Civil 87-3717 (E.D. Pa.) (Bechtle, J.) (national price fixing class action case involving waste hauling industry); *In re Chlorine and Caustic Soda Antitrust Litigation*, Civil 86-5428 (E.D.Pa.)(Bechtle, J.) (national price fixing class action case involving manufacturers of chlorine); *Mike's Train House v. Lionel*, (No. 00-CV-71729 E.D. Mich.) 472 F.3d 398 (6th Cir. 2006) (theft of trade secrets in model train industry); *Parkway v. City of Philadelphia*, 980 F.2d 724 (3d Cir. 1992) and 590 A.2d 79 (Commonwealth Ct 1991) (abuse of city police power to obtain private property); *Roberts Filter v. CPC*, 1993 U.S. Dist. Lexis 15119 (E.D. Pa.)(Lanham Act unfair trade practices, misrepresentation, commercial defamation, involving water purification systems); *Schutte v. Maleski*, et al, 1993 U.S. Dist. Lexis 8332 (E.D. Pa. 1993) and 1993 U.S. Dist. Lexis 6980 (E.D.Pa. 1993) (ERISA class action concerning State of Pennsylvania's deprivation of pension rights); *Sulfuric Acid Antitrust Litigation* (MDL 1536, N.D. Ill, 2003) (collusive conduct in sulfuric acid production); *Tabas v. Tabas*, 47 F.3d 1280 (3d Cir. 1995) (civil RICO); *TMJ Implant v. Dow Chemical*, 113 F.3d 1484 (8th Cir. 1997) (product liability class action); *Webster v. Hercules*, 05-6404 (E.D.Pa. 2005) (ERISA class action).

Mr. LaRocca is past chair of the Lawyers' Advisory Committee for the Third Circuit. He serves on the board of directors of the Settlement Music School (MLC Branch). He has recently given guest lectures on the interface between antitrust and patent law at the University of Pennsylvania Law School.

3509_2