```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
    The Authors Guild, Inc., Association of American    :
    Publishers, Inc., et al.,                            :
                                                         :
            Plaintiffs,                                  :
                                                         :    Case No. 05 CV 8136-DC
                    v.                                   :
                                                         :
    Google Inc.,                                         :
                                                         :
            Defendant.                                   :
------------------------------------------------------------------------x
```

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter is before the Court pursuant to the motion for final class certification and final approval of a proposed class action settlement of the above-captioned case (the "Action") entered into between, on the one hand, Plaintiffs Paul Dickson, Joseph Goulden, Daniel Hoffman, Betty Miles, Herbert Mitgang, Maureen Duffy, Daniel Jay Baum, Margaret Drabble and Robert Pullan ("Author Sub-Class Representative Plaintiffs"), and The McGraw-Hill Companies, Inc., Pearson Education, Inc., Penguin Group (USA) Inc., Simon & Schuster, Inc., John Wiley & Sons, Inc., Harlequin Enterprises Limited, Macmillan Publishers Limited, Melbourne University Publishing Limited, and The Text Publishing Company ("Publisher Sub-Class Representative Plaintiffs") (collectively "Representative Plaintiffs"), and, on the other hand, defendant Google Inc. ("Google").  Plaintiffs, through their counsel, the firms of Boni & Zack LLC, Milberg LLP, and Kohn, Swift & Graf, PC for the Author Sub-Class ("Author Sub-Class Counsel"), and the firm of Debevoise & Plimpton LLP for the Publisher Sub-Class ("Publisher Sub-Class Counsel") (collectively "Class Counsel"), have moved for an Order approving the settlement of the Action in accordance with an Amended Settlement Agreement,

dated November 13, 2009, between Plaintiffs and Google (the "Amended Settlement Agreement"). Having read and considered the Amended Settlement Agreement and having held a hearing on the fairness of the Settlement, at which objectors to the Settlement could appear, and based upon familiarity with the files and proceedings in this matter, the Court finds that:

1. Unless otherwise specified, all capitalized terms herein shall have the same meaning as in the Amended Settlement Agreement.

2. The Court preliminarily approved the Settlement Agreement by Order of November 14, 2008 and the Amended Settlement Agreement by Order of _____ (the "Preliminary Approval Orders").

3. Notice of the Settlement has been timely disseminated in accordance with the terms of the Preliminary Approval Orders, which authorized such notice. Such notice is the best practicable notice to be provided under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and applicable standards of due process.

4. The issues as to liability and remedies in the Action are issues as to which there are substantial grounds for difference of opinion, and the Settlement constitutes a resolution of those issues that is fair, reasonable and adequate to the members of the Amended Settlement Class and Sub-Classes certified herein.

Accordingly, it is hereby **ORDERED** as follows:

5. The Amended Settlement Agreement is approved as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure and in the best interest of the Amended Settlement Class and Sub-Classes, and the parties are directed to consummate the Amended Settlement Agreement in accordance with its terms.

6. The following class (the "Amended Settlement Class") and two sub-classes, provisionally certified in the Preliminary Approval Order of        , 2009, are now finally certified for purposes of the Settlement only:

**Amended Settlement Class**

All Persons that, as of January 5, 2009, have a Copyright Interest in one or more Books or Inserts. All Amended Settlement Class members are either members of the Author Sub-Class or the Publisher Sub-Class, or both. Excluded from the Amended Settlement Class are Google, the members of Google's Board of Directors and its executive officers, and the departments, agencies and instrumentalities of the United States Government and the Court.

**Author Sub-Class**

Members of the Amended Settlement Class who are authors, and their heirs, successors and assigns, and any other members of the Amended Settlement Class who are not members of the Publisher Sub-Class.

**Publisher Sub-Class**

Members of the Amended Settlement Class that are (a) companies that publish books, and their exclusive licensees, successors and assignees, and (b) companies that publish Periodicals and have a Copyright Interest in one or more Inserts, and their exclusive licensees, successors, and assignees.

7. The Court finds that (a) the Author Sub-Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Author Sub-Class; (c) claims of the Author Sub-Class Representative Plaintiffs are typical of the claims of all members of the Author Sub-Class; (d) the Author Sub-Class Representative Plaintiffs and Author Sub-Class Counsel have fairly and adequately protected and will fairly and adequately protect the interests of the Author Sub-Class; (e) Google has acted on grounds generally applicable to the Author Sub-Class, making final injunctive relief appropriate respecting the Author Sub-Class as a whole; (f) common questions of law and fact predominate over questions affecting only individual members of the Author Sub-Class; and (g) a class action (with sub-

classes) is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court finds that (a) the Publisher Sub-Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Publisher Sub-Class; (c) claims of the Publisher Sub-Class Representative Plaintiffs are typical of the claims of all members of the Publisher Sub-Class; (d) the Publisher Sub-Class Representative Plaintiffs and Publisher Sub-Class Counsel have fairly and adequately protected and will fairly and adequately protect the interests of the Class; (e) Google has acted on grounds generally applicable to the Publisher Sub-Class, making final injunctive relief appropriate respecting the Publisher Sub-Class as a whole; (f) common questions of law and fact predominate over questions affecting only individual members of the Publisher Sub-Class; and (g) a class action (with sub-classes) is superior to other available methods for the fair and efficient adjudication of this controversy.

9. The Action is hereby dismissed, with prejudice and without costs except as provided in the Amended Settlement Agreement.

10. This Final Judgment and Order of Dismissal shall forever bar (a) all Rightsholder Releasors from instituting, maintaining, prosecuting, assigning or collecting on any and all (i) Claims against any Google Releasee, Fully Participating Library Releasee, Cooperating Library Releasee, and Public Domain Library Releasee that directly or indirectly relate to, are based upon or arise out of the commencement, prosecution, defense or settlement of the Action, or to the negotiation or execution of the Settlement Agreement, the Amended Settlement Agreement or the Library-Registry Agreements, (ii) Google Released Claims against any of the Google Releasees, except as provided in Section 3.5(b)(vii) (Government Works and Public Domain

4

Works), (iii) Fully Participating Library Released Claims against any of the Fully Participating Library Releasees, (iv) the Cooperating Library Released Claims against any of the Cooperating Library Releasees, (v) the Public Domain Library Released Claims against any of the Public Domain Library Releasees, and (vi) Other Library Released Claims against any of the Other Library Releasees, provided that no Rightsholder Releasor is barred from instituting, maintaining, prosecuting, assigning or collecting on any Other Library Released Claim against an Other Library Releasee if and to the extent such Other Library Releasee, at any time, makes any infringing use of a Digital Copy, including without limitation, by participating in, or recovering as a result of, any class or representative action, whether under United States federal or state law, in which any such Google Released Claims, Fully Participating Library Released Claims, Cooperating Library Released Claims, Public Domain Library Released Claims, or Other Library Released Claims have been or may be brought, and (b) all Google Releasees, all Cooperating Library Releasees, all Fully Participating Library Releasees, all Public Domain Library Releasees and all Other Library Releasees from instituting, maintaining, prosecuting, assigning or collecting on, any and all Claims against any Rightsholder Releasor or Class Counsel that directly or indirectly relate to, are based upon or arise out of the commencement, prosecution, defense or settlement of the Action, or the negotiation and execution of the Settlement Agreement, the Amended Settlement Agreement or the Library-Registry Agreements.

    10.    This Final Judgment and Order of Dismissal shall have the effect of a dismissal with prejudice of all Fully Participating Library Released Claims, Cooperating Library Released Claims, Public Domain Library Released Claims and Other Library Released Claims as though each Fully Participating Library Releasee, Cooperating Library Releasee, Public Domain Releasee and Other Library Releasee had been named a defendant in the Action, and this Final

Judgment and Order of Dismissal shall bar all such Fully Participating Library Released Claims, Cooperating Library Released Claims, Public Domain Library Released Claims and Other Library Released Claims by any Rightsholder Releasor, provided that this Order shall have no such effect with respect to, and shall not bar, any Other Library Released Claims against any Other Library Releasee if and to the extent such Other Library Releasee, at any time, makes any infringing use of a Digital Copy.

11. There is no just reason for delay and the judgment of dismissal with prejudice as to Google shall be final.

12. The Settlement Agreement and the Amended Settlement Agreement and any proceedings taken pursuant thereto are not, and should not in any event be: (a) offered or received as evidence of a presumption, concession or admission on the part of Plaintiffs, Google, Fully Participating Libraries, Cooperating Libraries, Public Domain Libraries, Other Libraries, any member of the Class, or any other person; or (b) offered or received as evidence of a presumption, concession or admission of any liability, fault, wrongdoing or other dereliction of duty.

13. Consummation of the Settlement shall proceed as described in the Amended Settlement Agreement, and the Court hereby reserves jurisdiction over the subject matter and as to each party to the Amended Settlement Agreement with respect to the interpretation and implementation of the Amended Settlement Agreement for all purposes, including enforcement of any of the terms thereof at the instance of any party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Amended Settlement Agreement or the implementation of this Order.

14. Attached hereto is a list of Persons who timely excluded themselves from the Settlement. Those Persons are not bound by any terms in this Order.

15. Attorneys' fees and reimbursement of expenses to Counsel for the Author Sub-Class in the total amount of _____ are hereby approved and awarded.

16. At any time after the date of this Final Judgment and Order of Dismissal but prior to the Effective Date, Plaintiffs and Google may, by written agreement, amend the Amended Settlement Agreement without notice to or approval of the Court, but only if such amendment is not materially inconsistent with this Order and does not impair the rights of the Amended Settlement Class under the Amended Settlement Agreement. After the Effective Date, the Registry and Google may, by written agreement, amend the Amended Settlement Agreement without notice to or approval of the Court, but only if such amendment does not impair the rights of the Amended Settlement Class under the Amended Settlement Agreement.

17. This Final Judgment and Order of Dismissal is not intended to and does not provide any antitrust immunities to any Persons or parties.

18. Pursuant to the terms hereof, final judgment shall be entered as provided herein.

DATED this _____ day of _____, 2010.

_____
Honorable Denny Chin,
United States District Judge