UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AUTHORS GUILD et al.,<br>            Plaintiffs,<br>      -against- | Master File No.<br>05 Civ. 8136 (DC) |
| GOOGLE, INC.,<br>            Defendant. | |

**PETITION TO PRESERVE CLAIM FOR INCENTIVE AWARD AND ATTORNEYS' FEES**

Objector DARLENE MARSHALL, here and after referred to as "MARSHALL" moves this Honorable Court for the entry of an Order preserving the objector's claim for an incentive award for her service to the class; and, the Objector's counsel, Paul S. Rothstein, requests the preservation of his claim, along with that of co-counsel, for an award of attorney's fees and expenses.  As grounds for such petition, MARSHALL shows unto the Court the following:

1. Federal Rule 54(d)(2)(B)(i) requires that a petition for an award of fees and costs be made within fourteen days of entry of an order on the matter upon which a claim for fees and costs is sought.

2. MARSHALL desires to preserve her right to make a claim for an incentive award and a fee and cost award.  Without filing this petition, MARSHALL may lose her right to make such request in that the fourteen day time period will have expired.

3. The entry of the order related to this petition concerned the rejection by the court of the proposed settlement in the above-styled cause.  MARSHALL's timely and meritorious objections challenged the fairness, reasonableness and adequacy of the proposed settlement.  Many of the criticisms stated in the order rejecting

approval of the proposed settlement were contained in objections submitted by MARSHALL.

4. In that the court declined to approve the proposed settlement, MARSHALL acknowledges the premature nature of this request, and is only presenting it to preserve her rights under the rules as currently in effect.

## MEMORANDUM OF LAW

Because objectors are an integral part of the settlement process, an objector's serious participation justifies an award of reasonable attorney's fees. *Frankenstein v. McCroy Corp.*, 475 F. Supp. 762, 767 (1977). The presence of an objector <u>represented by competent counsel</u> transformed the settlement hearing into a truly adversarial proceeding entitling objector to an award of attorney's fee. (emphasis added)

It is well settled that objectors have a valuable and important role to perform in preventing collusive or otherwise unfavorable settlements, and that objector's attorneys are entitled to an allowance of compensation for attorney's fee and expenses where proper showing is made that the settlement was improved as a result of their efforts. *White v. Auerbach*, 500 F.2d 822, 822 (2d Cir. 1974), cited with approval *In re Cendant Corp. Prides Litigation*, 2001 WL 276677, *17 (3rd Cir. (N.J.)).

Federal Courts have recognized that, "an attorney whose actions have conferred a benefit upon a given group or class of litigants may file a claim for reasonable compensation for his efforts". *In Re: Anchor Sec. Litig.* 1991 U.S. Dist. LEXIS 4573, 191 WL 53651, Fed. Sec. L. Rep. At 960, 078 (E.D.N.Y. 1991) (quoting *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1098 (2d Cir. 1977)). Faced with such a claim, the Court should consider "whether the efforts of objectors' counsel 'improved' the settlement, 'assisted the Court', and/or 'enhanced the

recovery' in any discernible fashion." *Id*. at *3, 1991 U.S. Dist LEXIS 4573. Moreover, where the Objections filed "produced a beneficial effect upon the progress of the litigation, an award of fees is appropriate". *In Re: Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. at 297, 358 (N.D. Ga. 1993) (quoting Frankenstein v. McCrory Corp., 425 F.Supp. 762, 767 (S.D.N.Y. 1977).

In the case of *Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F.Supp. 2d 175 (D.C. MA 1998), Senator Howard Metzenbaum objected to certain aspects of a proposed settlement and pressed those objections through his counsel. He objected on three grounds, two respecting the content of the Notice to Class Members and one respecting the amount of fee sought by Class Counsel and the manner in which such fee would be paid. The first two objections were withdrawn after the parties agreed to certain changes in the Notice of the Settlement. Additionally, the Court approved the staged payment of attorneys' fees to Class Counsel as urged by Senator Metzenbaum's objection. *Id*. at 175.

The *Duhaime* Court, citing *Bowling v. Pfizer, Inc.*, 922 F.Supp, 1261, 1285 (S.D. OH), aff'd, 102 F.3d 777 (6th Cir. 1996) and *In Re: Domestic Air Transp. Antitrust Litig.*, supra, noted that Objectors may be awarded attorney's fees where their efforts have conferred benefits on Class Members generally, as distinguished from a benefit merely for the Objectors themselves. *Duhaime* at p. 176. The Court noted that even though the Senator's effort had not created a separate common settlement fund, an Objector's fee could be paid from the fund the Defendants agreed would be available to pay Class Counsel. *Id*. The Court noted that the Senator's attorneys in fact shared with Class Counsel the work of producing a beneficial settlement. *Id*. Therefore, the court found it is appropriate that the Objectors' attorneys also share in the fund awarded to recognize the cost of producing the benefit to the Class. *Id*.

Similarly, in the present case, aforesaid Counsel has participated in this settlement that was obviously better than that which was agreed to as the proposed settlement between Class Counsel and Defendants.

Other Courts have historically awarded attorneys' fees to Objectors' counsel where the objections have improved the process and contributed value to the settlement benefits. See e.g., *County of Suffolk v. Long Island Lighting Company*, 907 F.2d 1295, 1325-27 (2d Cir. 1990); *Fisher v. Procter & Gamble Mfg. Co.*, 613 F.2d 527, 547 (5th Cir. 1980); *Howes v. Atkins*, 668 F. Supp. 1021, 1027 (E.D. Ky. 1987).

Your Petitioner would also note that in the case of *Dutchak v. International Brotherhood of Teamsters*, 1989 U.S. Dist. LEXIS 12057, the District Court for the Northern District of Illinois, Eastern Division, allowed for an award of Objectors' fees <u>even where there was no change in the proposed settlement</u>. The Court based its award on the fact that the objections required the Court to consider more fully and thoughtfully certain aspects of the settlement. 1989 U.S. Dist., LEXIS at *5.

In *Green v. Transitron Electronic Corp.*, 326 F.2d 492, 499 (1st Cir. 1964), the First Circuit held:

> It is unfair to counsel when, seeking to protect his client's interest and guided by facts apparent on the record, he spends time and effort to prepare and advance an argument which is ultimately adopted by the court, but then receives no credit therefore because the court was thinking along that line all the while. Appellant Kasoff' was not a volunteer but came in at the invitation of the court. His attorneys should not be denied compensation for reasons not apparent on the

record, especially when the objections advanced resulted in a benefit to the class involved in the proceedings. (cited case omitted).

## CONCLUSION

The MARSHALL OBJECTOR seeks to preserve her right to claim an incentive and a fee and cost award because of the timeliness and meritorious nature of her objections challenging the fairness, reasonableness and adequacy of the proposed settlement.

Dated: April 5, 2011.

Respectfully submitted**,**

      /s/ Paul S. Rothstein      
Paul S. Rothstein
Pro Hac Vice
Florida Bar No.: 310123
Attorney Paul S. Rothstein
626 N.E. 1st Street
Gainesville, FL 32601
Phone: 352-376-7650
Fax: 352-374-7133
E-mail: psr@rothsteinforjustice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action:

      /s/ Paul S. Rothstein      
Paul S. Rothstein