UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Authors Guild, Inc., et al, ) <br> ) <br>         Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Google Inc., ) <br> ) <br>         Defendant. ) | Case No. 05 CV 8136 (DC) <br><br> **CITATION OF NEW AUTHORITY (SUPREME COURT'S *WAL-MART* OPINION ON CLASS ACTION CERTIFICATION)** |

The Court's attention is respectfully directed to a new controlling authority, *Wal-Mart Stores, Inc. v. Dukes et al.*, 131 S. Ct. 2541 (2011).[1] The Supreme Court ruled that a class action is not an appropriate vehicle for resolving factual issues that vary from plaintiff to plaintiff, such as the circumstances underlying a claim of employment discrimination.

The factual circumstances underlying Google's alleged "fair use" defense also vary widely. The factors for judging a "fair use" are:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U. S. C. §107.

---

[1] This new authority is cited to supplement the Objection served by Mr. Kunstadt on March 27, 2009; which was cited in the Court's Opinion of March 22, 2011, ECF No. 971, p. 27:

> "As one objector put it: 'Google pursued its copyright project in calculated disregard of authors' rights. Its business plan was: 'So, sue me.'' (Objection of Robert M. Kunstadt to Proposed Settlement 3, ECF No. 74)."

In view of *Wal-Mart*, it would be inappropriate for the Court to rule upon fair use fact-issues in a class-action setting.[2] Assessment of fair use varies depending on whether a literary work is fiction or factual; the length of the particular work compared to the length of the challenged use; and the economic impact of the challenged use upon the market for that particular work. Those fact issues may not be determined in the abstract, ignoring the variations across disparate works by a multitude of class authors:

> "The task is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for **case-by-case** analysis." *Campbell et al. v. Acuff-Rose Music, Inc.*, 510 US 569, 577 (1994) (emphasis added).

The fair-use factors need to be assessed on a case-by-case basis, the same as the circumstances of alleged employment discrimination which the Supreme Court found inappropriate for determination in a class action.

This action has not been certified as a class action except for purposes of a settlement. Order of Judge Sprizzo filed 11/17/2008, ECF No. 64, p. 2; Order of Judge Chin filed 11/19/2009, ECF No. 772. That proposed settlement has been rejected. Opinion dated March 22, 2011, ECF No. 971. This action has never been certified as a class action for substantive purposes.

---

[2] The *National Law Journal* of July 25, 2011, p. 3, reports that the Court intends to rule on fair use if the action is not settled by the next case conference set for September 2011.

2

Now, in light of *Wal-Mart*, class-action certification may be denied; and this action may be dismissed by the Court (without prejudice to refiling other than as a class action).

            Respectfully submitted,

            *s/Robert M. Kunstadt*

            Robert M. Kunstadt (RK-7230)
            R. KUNSTADT, P.C.
            875 Sixth Avenue, Suite 1800
            New York, NY  10001
            Telephone: (212) 398-8881
            Facsimile: (212) 398-2922
            Email: Mail@RKunstadtPC.com
            *Objector*

            *s/Ilaria Maggioni*

            Ilaria Maggioni (IM-7220)
            R. KUNSTADT, P.C.
            875 Sixth Avenue, Suite 1800
            New York, NY  10001
            Telephone: (212) 398-8881
            Facsimile: (212) 398-2922
            Email: Mail@RKunstadtPC.com
            *Attorney for Objector*