```
                                    1
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE:   GOOGLE BOOKS                   05 Civ. 8136 (DC)

------------------------------x         Conference

                                        New York, N.Y.
                                        September 15, 2011
                                        11:00 a.m.

Before:

         HON. DENNY CHIN

                                        Circuit Judge



         APPEARANCES


BONI & ZACK LLC
     Attorneys for author plaintiffs
BY:  MICHAEL J. BONI
     JOANNE E. ZACK

DEBEVOISE & PLIMPTON LLP
     Attorneys for publisher plaintiffs
BY:  BRUCE P. KELLER
     JEFFREY P. CUNARD

DURALYN J. DURIE
JOSEPH GRATZ
DAPHNE KELLER
HILARY WARE
     Attorneys for Defendant


ALSO PRESENT:

CADWALADER, WICKERSHAM & TAFT LLP
BY:  COLIN A. UNDERWOOD

MISHCON DE REYA NEW YORK LLP
     Attorneys for Plaintiffs in 10 Civ. 2977 (DC)
BY:  VINCENT FILARDO, JR.
```

1                (Case called)

2                THE CLERK:  For all parties could state their

3       appearances for the record, please.

4                MR. BONI:  Your Honor, good morning.  Michael Boni for

5       plaintiff Authors Guild and other authors.

6                MS. ZACK:  Joanne Zack for the Authors Guild, your

7       Honor.  Good morning.

8                MR. KELLER:  Bruce Keller for the publisher

9       plaintiffs, your Honor.

10               MR. CUNARD:  Jeffrey Cunard, also for publisher

11      plaintiffs.

12               MS. DURIE:  Good morning, your Honor.  Daralyn Durie

13      and Joe Gratz for Google.  With me are Hilary Ware and Daphne

14      Keller from Google.

15               THE COURT:  Good morning.  Is there anyone here from

16      Cadwalader?

17               MR. UNDERWOOD:  Yes, your Honor.  Colin Underwood of

18      Cadwalader, Wickersham & Taft.  Would you like me to step

19      forward?

20               THE COURT:  Yes, please.  I received a letter from Mr.

21      Underwood advising that Cadwalader may be appearing in the

22      second case, the photographers case.  This raises an issue

23      because my wife is a partner at Cadwalader.

24               First, there is a little bit of uncertainty in your

25      letter.  Do we know whether Cadwalader will be making an

1      appearance in the photographers case?

2               MR. UNDERWOOD:  Your Honor, at this point it is not

3      our intention to make an appearance in this case.  It is an

4      accommodation for an associate who moved from Mishcon to

5      Cadwalader, Mr. Julian Perlman.  Presently the firm has no

6      intention of making an appearance in the litigation.  It is

7      solely to assist in the transfer of knowledge and to smooth the

8      transition of the case.

9               THE COURT:  I see.  In the photographers case, counsel

10     of record for the plaintiffs is the Mishcon de Reya firm.  Is

11     there anyone here from Mishcon de Reya?  Good morning.  Come

12     forward, please.  State your name for the record.

13              MR. FILARDO:  Vincent Filardo, Jr.

14              THE COURT:  Is your firm planning at the moment on

15     remaining counsel of record in the photographers case?

16              MR. FILARDO:  Yes, we are, your Honor.

17              THE COURT:  Unless anyone is making a request, I don't

18     think I need to do anything in light of the fact that at the

19     moment Cadwalader is not making an appearance and it sounds

20     like they probably won't.  Does anyone feel differently?  If

21     so, please speak up.

22              Thank you both.  I don't see any need to take any

23     further action at this point.  By the way, the photographers

24     are content just to wait and see what happens, is that true?

25              MR. FILARDO:  Your Honor, we are still taking that

1   under advisement. We are waiting for Google's time to answer

2   to expire. We have given Google an extension of the time to

3   answer the complaint. That will be coming to a close I believe

4   in October. We will take the issue up then.

5         THE COURT: I think I have granted eight extensions or

6   something like that. My question is, are the parties content

7   to keep a second case on a holding pattern waiting for the

8   first case or is someone going to ask me to do something

9   different? I don't know that we need to have these monthly or

10  bimonthly requests for an extension of time.

11        MR. FILARDO: Judge, I don't think that is going to be

12  the case going forward. We will be prosecuting the matter.

13        THE COURT: OK. We will wait and see what happens

14  after the expiration of the next extension. Thank you.

15        On the main case, where are we?

16        MR. BONI: Your Honor, Michael Boni again for the

17  author plaintiffs. Based on the direction from the Court at

18  our last status conference, the parties have worked and agreed

19  upon a pretrial schedule. We have it here. We conferred. We

20  met and conferred, came to agreement on dates. I'm happy to

21  send a proposed scheduling order up or I can just read off the

22  dates.

23        THE COURT: You can read off the dates. But first,

24  does this suggest that there is no progress being made any

25  longer in terms of settlement? You are still talking? Where

1   are you?

2   MR. BONI:  Your Honor, I'm speaking now solely for the
3   author plaintiffs.  It is our position that we would like very
4   much to continue a dialogue, a settlement dialogue, with Google
5   to settle the case.  You will hear from the publishers in a
6   moment.  But from the authors' perspective, we would like very
7   much, on a parallel track with litigation, to try to work out a
8   satisfactory settlement for the author subclass or for the
9   author class if it comes to that.

10   THE COURT:  Mr. Keller?

11   MR. KELLER:  Your Honor, we have no objection to the
12   schedule that is about to be proposed to the Court.  One of the
13   reasons we have no objection to it is that we think we have
14   made enough progress in our discussions with Google so that the
15   schedule may not matter.  We are not entirely there yet, but we
16   will know we hope sooner than later.  If you adopt the dates
17   that are being proposed, we hope that those dates will become
18   moot insofar as we are concerned.

19   THE COURT:  So the parties are still talking, are
20   still hopeful, but in light of my statements last time you are
21   proposing a schedule?

22   MR. BONI:  Yes, your Honor.

23   MR. KELLER:  Correct.

24   THE COURT:  What is the proposed schedule?

25   MR. BONI:  Would you like me to hand it up?

1           THE COURT:  Sure.

2           MR. BONI:  Your Honor, we are not sure yet.  This is

3   not something for the Court's signature, because we deleted B.

4   We thought the plaintiffs would be in a position to file their

5   opening brief in support of a class certification motion by

6   December 12 of 2011, that the defendants' response to

7   plaintiffs' class certification motion be filed by January

8   26th, and plaintiffs' reply brief would be filed March 12th.

9           We propose for merits discovery to be completed by the

10  end of March, March 30, which is a little more than a six-month

11  discovery schedule beginning today.  We have not yet served,

12  except in 2006, discovery requests or anything like that.

13          THE COURT:  It would be essentially starting from

14  scratch.

15          MR. BONI:  That's correct, your Honor.

16          MS. ZACK:  Not completely.

17          THE COURT:  Essentially.

18          MR. BONI:  For all intents and purposes, you're right,

19  your Honor.

20          THE COURT:  When did you serve them?  2006?

21          MR. BONI:  2006.  We propose that the parties exchange

22  expert reports on April 20, 2012, and expert rebuttal reports

23  by May 10, 2012, and then have a brief period for expert

24  depositions to be taken between May 14 and May 25, 2012.  We

25  would propose that motions for summary judgment, if any, shall

1   be filed by May 31, 2012.  Oppositions would be filed July 9,
2   2012, and the reply briefs would be filed by the end of July
3   2012.  Then we have a blank date for the next pretrial
4   conference.
5            THE COURT:  Is this a case where both sides are likely
6   to make summary judgment motions?  I would think.
7            MR. BONI:  Plaintiffs have not yet made that decision,
8   your Honor.
9            MS. DURIE:  Your Honor, we haven't made a final
10  decision, but it seems to me probable.
11           THE COURT:  It seems to me probable unless the case
12  changes.  I notice that there is a paragraph 1(a) which you
13  skipped in this document on a motion to amend the third amended
14  complaint.
15           MR. BONI:  Your Honor, that is more ministerial.  By
16  definition the operative complaint was solely in connection
17  with the amended settlement agreement.  It was a third amended
18  complaint that combined the publishers' action with the
19  authors' action, created subclasses.  If the authors go forward
20  and if the publishers settle, then that amended complaint would
21  be amended and would have to be, by definition, different.  We
22  would hope to do that as soon as possible.
23           THE COURT:  This proposal applies to both cases or
24  just to the authors case?
25           MR. BONI:  As of right now it applies to both cases.

1          THE COURT:  One of the issues in the case is whether
2  this case is about snippets and the use of snippets for search.
3  Are the plaintiffs contemplating trying to expand the case
4  beyond the use of snippets for search?
5          MR. KELLER:  I addressed this issue at the fairness
6  hearing, your Honor.  I know that's what a lot of people have
7  said the case is about.
8          THE COURT:  Including me.
9          MR. KELLER:  We do not agree, speaking for the
10 publishers, that the case is solely about snippets.  At the
11 time the complaints, the original complaints, not the ones
12 amended for purposes of settlement, were filed, snippets were
13 in the forefront of the controversy, no doubt about it.  But it
14 is about the copying, scanning, and storing of entire books.
15 That is a distinction that is a material difference from our
16 perspective.  So I just have to for the record point out that
17 we don't agree with the characterization about snippets.
18         THE COURT:  Copying, scanning, and storing.
19         MR. KELLER:  And subsequently displaying either in
20 whole or in part, including but not limited to snippets,
21 depending upon --
22         THE COURT:  But not selling?  You didn't include
23 selling.
24         MR. KELLER:  No, I did not, your Honor.  That was part
25 of the proposed settlement agreement in terms of making things

1  available for a fee.  That's not what the allegations of the
2  complaint focus on right now.
3           MR. BONI:  Your Honor, back then the publishers filed
4  a separate complaint, we filed our complaint.  I want the
5  record to reflect that we had precisely, if not verbatim,
6  precisely in substance the same allegations.  We, too, object
7  to the characterization of our allegations against Google as
8  limited strictly to the display of snippets.
9           But copying and distribution in ways that we couldn't
10 even foresee, and that was in the complaint at the time, that
11 were reasonably foreseeable but that we couldn't envision back
12 in 2005, that is a very important allegation in light of the
13 markets and how they have developed since 2005.
14          THE COURT:  I understand.  In other words, the third
15 amended complaint was filed principally as part of the
16 settlement, and if the case is going to be litigated, both sets
17 of plaintiffs may want to file different complaints.  I gather
18 Google might object.
19          MS. DURIE:  Your Honor, obviously, we would want to
20 see the proposed amended complaint.
21          THE COURT:  If there is no objection, you would just
22 submit it for my approval.
23          MR. BONI:  Yes, your Honor.
24          THE COURT:  But you wouldn't need a motion.  OK.
25          This means that we would be litigating this case for

1   another year at least, even assuming we stick to this schedule,
2   right?
3           MR. BONI:  For all practical purposes.  We have
4   summary judgment fully briefed by July, nine months.
5           THE COURT:  You think you need that time in part
6   because you are still talking?
7           MR. KELLER:  Yes, in part, that's correct, your Honor.
8           THE COURT:  Does anyone object to the schedule?
9           MS. DURIE:  No, your Honor.  We have met and conferred
10  and we agree with it.
11          THE COURT:  I will adopt the schedule.  We'll issue an
12  order that lays it out.  Do you feel a need to see me at any
13  time before submission of the motion?
14          MR. BONI:  Your Honor, at this time no, but we
15  certainly would like to --
16          THE COURT:  I'll pick a date for oral argument, I
17  would think I would want argument, and leave it at that.  If
18  the parties want to see me before then, just let us know.  I
19  also am losing my courtroom, so we'll have to let you know what
20  courtroom we will be in next state your name.  We'll have to
21  borrow a courtroom from someone.
22          Is there anything the Court can do to help with
23  settlement discussions?
24          MR. BONI:  Your Honor, plaintiff authors at the last
25  status conference, albeit we are out there alone, we welcome

1   the assistance, if it could help, of either a private mediator,
2   a magistrate, or a court-appointed mediator to help us see
3   through to finality a possible settlement resolution.  We did
4   not discuss this with Google nor have agreement with Google.
5           MS. DURIE:  Your Honor, as Mr. Keller indicated, we
6   have made substantial progress with the publishers.  With
7   respect to the authors, these discussions are taking place
8   primarily not between the lawyers but among the principals.  We
9   certainly welcome the opportunity to continue those
10  discussions, and I expect that they will continue.  But, as I
11  indicated last time, I'm not sure that this is a case that is
12  particularly amenable to the services of the Court, because we
13  are really talking about discussions between business
14  principals.
15          MR. BONI:  Your Honor, may I add one brief response to
16  that?
17          THE COURT:  Yes.
18          MR. BONI:  That is partially true with respect to the
19  Authors Guild class action case, that is, the authors case.  In
20  fact, as I'm sure the Court knows, class counsel have broad
21  latitude to negotiate with respect to the best interests of the
22  class.  I think that Ms. Durie is absolutely correct that for
23  the time being the negotiations have been principal to
24  principal, but that's not necessarily how it has to be as a
25  matter of course.

THE COURT: Let me say this. Over the years I've been active in settlement, including in class actions. I settled one class action where I had 18 sessions with the lawyers. If the parties want my help, I can try.

I don't think this is a case where I appoint someone. I don't know who I would appoint. It seems to me the parties can always go get a professional mediator. I could always help come up with some suggestions. But this is not a case where I'm going to reach out to someone and ask them to do it pro bono.

I'm not sure who the magistrate judge is on the case. I could refer it to the magistrate judge assigned to the case to see if he or she can try. I understand that the docket reflects that it is Judge Eaton, who has retired from the court. We would have to get a new magistrate judge assigned. I don't know if there is one assigned in the photographers case.

Magistrate Judge James Cott is designated as the magistrate judge on the photographers case. I don't know whether he would pick up the second case. I would guess so. In any event, that is an option, to ask him to assist with settlement.

What I'm saying is those are options. If we can help, if the parties want assistance, let us know and we can try. Otherwise, I'll enter an order laying out the schedule, which I

1   think is generous but is acceptable to me.  We'll see whether
2   the photographers want to do anything differently.  When the
3   time comes, they can write a letter.  If we need to have a
4   conference specifically about the photographers case, we will.
5            Right now the publishers case is folded into this one,
6   right; one order will do for now?
7            MR. KELLER:  That's correct for now.
8            THE COURT:  If you need anything, you will write me a
9   letter and let me know.  Is there anything else for today?
10           MR. BONI:  No, your Honor.
11           MS. DURIE:  No, your Honor.
12           MR. KELLER:  Nothing else, your Honor.
13           THE COURT:  Thank you.  Will you order the transcript
14  so I have it?  Thanks.
15           (Adjourned)