Michael J. Boni (pro hac vice)
Joanne Zack
BONI & ZACK LLC
15 St. Asaphs Road
Bala Cynwyd, PA  19004
(610) 822-0200 (phone)
(610) 822-0206 (fax)
MBoni@bonizack.com
JZack@bonizack.com



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| The Authors Guild, Inc., Associational Plaintiff, Herbert Mitgang, Betty Miles, Daniel Hoffman, Paul Dickson, Joseph Goulden, and Jim Bouton, individually and on behalf of all others similarly situated, :<br><br>Plaintiffs, :<br><br>v. :<br><br>Google Inc., :<br><br>Defendant. : | **FOURTH AMENDED CLASS ACTION COMPLAINT**<br><br>Case No. 05 CV 8136-DC<br><br>**JURY TRIAL DEMANDED** |

- - - - - - - - - - - - - - - - - - - - - - - - - -x

Plaintiffs, by their attorneys, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are published authors and The Authors Guild, Inc. ("Authors Guild").  Plaintiffs other than the Authors Guild have United States copyright interests in books contained in public libraries, university libraries and elsewhere in the United States.

2.      The Authors Guild is the nation's largest organization of book authors, which has as its primary purpose to advocate for and support the copyright and contractual interests of published writers.

3.      Defendant Google Inc. ("Google") owns and operates a major Internet search engine that, among other things, provides access to commercial and other sites on the Internet.  Google has contracted with several public and university libraries to create digital "archives" of the libraries' collections of books, including those of the University of Michigan, the University of Wisconsin, and the University of California.  As part of the consideration for creating digital copies of these collections, the agreements entitle Google to reproduce and retain for its own commercial use a digital copy of the libraries' archives.

4.      By reproducing for and distributing to these and other libraries a digital copy of in-copyright Books (defined in paragraph 22 below), by reproducing for itself a digital copy of these Books, and by publicly displaying these Books, Google is engaging in massive copyright infringement.  It has infringed, and continues to infringe, the electronic and other rights of the copyright holders of the Books.

5.      Google has reproduced and continues to reproduce the Books for use on its website in order to, among other things, attract visitors to its web site and generate advertising revenue thereby.

6.      Google knew or should have known that the Copyright Act, 17 U.S.C. § 101 *et seq*. ("the Act"), required it to obtain authorization from the holders of the copyrights in these Books before creating, distributing and reproducing digital copies of the Books for the

2

libraries providing Books to Google, for its own commercial use and for the use of others. Despite this knowledge, Google has unlawfully reproduced, distributed and publicly displayed the Books, and intends to continue to do so, without the copyright holders' authorization. Google has derived, and intends to continue to derive, revenue from this program by, among other things, attracting more viewers and advertisers to its website.

7.     By this action, plaintiff authors, on behalf of themselves and all others similarly situated, seek damages, injunctive and declaratory relief with respect to Google's present infringement, and declaratory and injunctive relief with respect to Google's past, present and future planned unauthorized commercial and other use of the Books.

<u>**JURISDICTION AND VENUE**</u>

8.     This copyright infringement action arises under 17 U.S.C. § 101 *et seq.* This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (acts of Congress related to copyright).

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because several of the named plaintiffs reside in this district and because defendant maintains offices and conducts business in this district.

<u>**PARTIES**</u>

<u>**REPRESENTATIVE PLAINTIFFS**</u>

10.     The representative plaintiffs are published, professional authors who created Books.

3

11.     Plaintiff Herbert Mitgang ("Mitgang") resides in New York, New York. He is a published author of numerous nonfiction Books, and a holder of the United States copyright in the Book *The Man Who Rode the Tiger: The Life of Judge Samuel Seabury and the Story of the Greatest Investigation of City Corruption in this Century* (registration number A216794), published by Lippincott, which has been copied, distributed and displayed by Google.

12.     Plaintiff Betty Miles ("Miles") resides in Shelburne, Vermont.  She is the author of several Books of children's and young adult fiction and is a holder of the United States copyright in the Book *Just Think* (registration number A330604), published by Alfred A. Knopf, which is contained in the library of the University of Michigan.

13.     Plaintiff Daniel Hoffman ("Hoffman") resides in Swarthmore, Pennsylvania.  He is the author and editor of many volumes of poetry, translation, and literary criticism, and of a memoir.  He is a holder of the Unites States copyright in the Book *Barbarous Knowledge: Myth in the Poetry of Yeats, Graves, and Muir* (registration number A896931 and registration renewal number RE-696-986), published by Oxford University Press, which has been copied, distributed and displayed by Google.

14.     Plaintiff Paul Dickson ("Dickson") resides in Garrett Park, MD.  He is a full-time writer and the author of numerous Books, and is a holder of the United States copyright in *Out of This World: American Space Photography* (registration number A923312), published by Delacorte Press, and *The NEW Official Rules: Maxims for Muddling through to the Twenty-First Century* (registration number TX0002621899), published by Addison-Wesley Publishing Company, which have been copied, distributed and displayed by Google.

4

15. Plaintiff Joseph Goulden ("Goulden") resides in Washington, D.C. He is the author of several Books, and is a holder of the United States copyright in *The Superlawyers: The Small and Powerful World of the Great Washington Law Firms* (registration number A346254), published by Weybright and Talley, which has been copied, distributed and displayed by Google.

16. Plaintiff Jim Bouton ("Bouton") resides in Alford, Massachusetts. He is the author and copyright holder of several Books, and is a holder of the United States copyright in *Ball Four* (registration number A173097), published by World Publishing Company, which has been copied, distributed and displayed by Google.

17. Plaintiffs are the exclusive owners of the copyrights for their Books listed above. None of the plaintiffs has authorized Google to reproduce his or her Books or to display, sell and/or distribute such Books on its website or anywhere else.

## ASSOCIATIONAL PLAINTIFF

18. Plaintiff The Authors Guild, Inc. ("the Guild") is a not-for-profit corporation organized under New York law and having its place of business at 31 East 32nd Street, New York, New York. The Guild and its predecessor organization, the Authors League of America ("the League"), have been leading advocates for authors' copyright and contractual interests since the League's founding in 1912. The Guild, whose membership includes more than 8,500 published authors, is the nation's largest organization of authors. The activities of the Guild include reviewing members' publishing and agency contracts; intervening in disputes involving authors' rights; providing advice to members regarding developments in the law and in

the publishing industry that affect their rights; and supporting legislation in matters affecting copyright, freedom of expression, taxation and other issues affecting professional writers.

19.     The Guild has associational standing to pursue claims for injunctive and declaratory relief on behalf of its members.  The member authors would have standing to sue in their own right.  The protection of authors' copyrights is germane, indeed central, to the purpose of the Guild.  Individual participation of the authors is not required to determine whether Google's copying and planned display of the authors' copyrighted works for commercial use is in violation of the Act and to provide injunctive and declaratory relief to the Guild and the authors.

## DEFENDANT

20.     Google is a Delaware corporation with its principal place of business located in Mountain View, California.  Google owns and operates the largest Internet search engine in the United States, which contains links to more than one trillion commercial and noncommercial Internet pages.  Its search engine is available free of charge to Internet users, and is supported by commercial and other entities' purchases of advertising space on Google's and others' websites.

21.     Late in 2004, Google announced the launch of a project it calls the Google Library Project, which was part of a service it called Google Print and now calls Google Book Search.  Google Book Search is designed to allow users to search the text of books online.  The digital archiving of the Books that are the subject of this lawsuit was undertaken by Google as part of Google Book Search.

6

## CLASS ALLEGATIONS

22.     The Class is defined as all persons residing in the United States who hold a United States copyright interest in one or more Books and are either (a) natural persons who are authors of such Books or (b) natural persons, family trusts or sole proprietorships who are heirs, successors in interest or assigns of such authors. "Books" means each full-length book published in the United States in the English language and registered with the United States Copyright Office within three months after its first publication. Excluded from the Class are the directors, officers and employees of Google; personnel of the departments, agencies and instrumentalities of the United States Government; and Court personnel.

23.     This action has been brought and may properly be maintained as a Class Action pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

24.     <u>Numerosity of the Class – Fed. R. Civ. Proc. 23(a)(1)</u>: The persons in the Class are so numerous that their joinder is impractical, and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The exact number of members of the Class is not known to plaintiffs, but plaintiffs reasonably estimate that there are at least thousands of Class members.

25.     <u>Existence and Predominance of Common Question of Law or Fact – Fed. R. Civ. Proc. 23(a)(2) & 23(b)(3)</u>: There is a well-defined community of interest in the questions of law or fact involved affecting the Class. Questions of law or fact common to the Class include, but are not limited to, the following:

        a.      Whether Google has digitized (i.e, reproduced) Books and distributed copies of such Books to libraries and other sources;

        b.      Whether Google plans to continue to digitize Books and distribute copies of such Books to libraries and other sources;

        c.      Whether such reproduction and distribution constitutes copyright infringement;

        d.      Whether Google has reproduced, and plans to continue to reproduce, Books for its own commercial use;

        e.      Whether the reproduction by Google of Books constitutes copyright infringement;

        f.      Whether Google's public display of content from Books on its commercial website infringes the copyrights of the Class;

        g.      Whether Google's reproduction, distribution and display of millions of Books as alleged herein constitute a "fair use" of the Books;

        h.      Whether Google acted willfully with respect to the acts complained of herein;

        i.      Whether members of the Class have sustained damages and, if so, the proper measure of such damages;

        j.      Whether injunctive relief is appropriate.

These questions of law or fact predominate over questions that affect only individual class members.

26.     Typicality – Fed. R. Civ. Proc. 23(a)(3):  The claims of the representative

plaintiffs are typical of those of the Class.  All plaintiffs own copyrights in works that have been

or face the imminent threat of being copied, distributed and displayed by Google without

authorization.  The claims of the representative plaintiffs and all members of the Class depend on

a showing of the acts of Google complained of herein.

27.     Adequacy of Representation – Fed. R. Civ. Proc. 23(a)(4):   Plaintiffs are

adequate representatives of the Class and will fairly and adequately protect the interests of the

Class.  Plaintiffs' interests do not in any way conflict with the interests of the members of the

Class that they seek to represent.  Plaintiffs are committed to the vigorous prosecution of this

action and have retained competent counsel experienced in complex class action litigation and in

copyright actions.

28.     Injunctive Relief – Fed. R. Civ. Proc. 23(b)(2):  Google has acted or

refused to act on grounds generally applicable to the Class, making appropriate final injunctive

relief with respect to the Class as a whole.

29.     Superiority – Fed. R. Civ. Proc. 23(b)(3):  A class action is the best

available method for the fair and efficient adjudication of this controversy.  Since the damages

suffered by individual class members, while not inconsequential, may be relatively small, the

expense and burden of individual litigation make it impractical for members of the Class to seek

redress individually for the wrongful conduct alleged herein.  Should separate actions be required

to be brought by each individual member of the Class, the resulting multiplicity of lawsuits

would cause undue hardship and expense on the Court and the litigants.  A class action is

therefore the best method to assure that the wrongful conduct alleged herein is remedied, and that there is a fair, efficient, and full adjudication of this controversy. Plaintiffs anticipate no undue difficulty in the management of this litigation as a class action.

## GENERAL ALLEGATIONS

30.    Google is in the business of providing Internet search services to the public. It derives the vast majority of its revenues directly from the sale of advertising, and would likely be unable to offer its search engine and other services to the public free of charge without a continued stream of advertising revenues.

31.    On December 14, 2004, Google announced in a press release that it had entered into agreements with four university libraries and one public library to "digitally scan books from their collections so that users worldwide can search them in Google." According to Google's release, this was to be an "expansion of the Google Print program, which assists publishers in making books and other offline information searchable online. Google is now working with libraries to digitally scan books from their collections, and over time will integrate this content into the Google index, to make it searchable for users worldwide." Google's press release also claimed that it would make "brief excerpts" of copyrighted material available.

32.    Google is providing the scanning technology that allows the library books to be copied.

33.    Google uses the Books obtained from various libraries and other sources in order to attract visitors and, thereby, advertisers, to its website.

10

34.     Google has already copied Books from the collections of various libraries, including Books in which plaintiffs Mitgang, Hoffman, Dickson, Goulden and Bouton own United States copyright interests.  In so doing, Google has reproduced in their entirety at least two digital copies of such Books – one for the library that permitted Google to digitize such Books and the other for Google's own commercial use – without the copyright holders' permission and in violation of their rights under copyright.  Google has also announced plans to, and has for several years, publicly displayed the Books on its commercial website.

35.     Google continues to reproduce and distribute digitized copies of the Class's Books without their authorization.  Google continues to display the Books on its website for the commercial purposes detailed above.

36.     Google's acts have caused, and unless restrained, will continue to cause damages and irreparable injury to representative plaintiffs and the Class through:

      a.     continued copyright infringement of the Books and/or the effectuation of new and further infringements;

      b.     depreciation in the value and ability to license and sell their Books;

      c.     lost profits and/or opportunities; and

      d.     damage to their goodwill and reputation.

37.     Google acted willfully or knew or should have known that its actions constitute infringement.

38.     Plaintiffs and the other members of the Class have suffered damages and/or are in imminent danger of suffering further damages from Google's unlawful practices.

11

## COUNT ONE - Copyright Infringement
### (By Plaintiffs Mitgang, Hoffman, Dickson, Goulden and Bouton)

39.     Plaintiffs Hoffman, Dickson, Goulden and Bouton reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

40.     Plaintiffs Mitgang, Hoffman, Dickson, Goulden and Bouton and other members of the Class own a valid copyright in and to at least one Book that has been copied, distributed and displayed by Google without permission.  They, not Google, have the exclusive rights to, among other things, reproduce their Books, distribute copies of their Books to the public, publicly display their Books, and authorize such reproduction, distribution and display of their Books.

41.     Google has copied, distributed and/or displayed for its own commercial use one or more copies of some of the Books from university libraries or other sources, and Google has stated that it intends to copy most, if not all, of the Books in the collection of the University of Michigan library and other libraries.

42.     Google's conduct is in violation of the copyrights held by named plaintiffs Mitgang, Hoffman, Dickson, Goulden and Bouton and other members of the Class.

43.     Google's infringement of the copyrights of the Books was willful.

44.     As a result of Google's acts of copyright infringement and the foregoing allegations, plaintiffs Mitgang, Hoffman, Dickson, Goulden and Bouton and other members of the Class have suffered damages.

12

## COUNT TWO - Injunctive Relief
### (By All Plaintiffs)

45.     Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

46.     Google has reproduced, distributed and displayed, and continues to reproduce, distribute and display, Books contained in the University of Michigan, the University of Wisconsin, the University of California and other libraries.

47.     Google has also placed such unlawfully copied Books on its website in order to, among other things, generate consumer traffic and revenues.

48.     Google's commercial use of the Books constitutes additional wholesale copyright infringement.

49.     Unless enjoined from doing so, Google's commercial use of the Books, and distribution of the Books to the libraries, will cause plaintiffs and the Class irreparable harm by depriving them of both the right to control the reproduction, display and/or distribution of their copyrighted Books and to receive revenue therefrom.

50.     Plaintiffs and the Class are likely to succeed on the merits of their copyright infringement claim because Google's existing and planned uses of the Books do not fall within any of the statutory exceptions to copyright infringement and are in violation of copyright.

51.     The balance of hardships tips in favor of plaintiffs and the Class, because Google's massive earnings will not be severely damaged by its inability to create a new stream of revenues and because other comprehensive electronic databases exist for public use.

13

52.     Plaintiffs are therefore entitled to an injunction barring Google from continued infringement of the copyrights of plaintiffs and the Class, and other equitable relief as more fully set forth in the Prayer for Relief.

## COUNT THREE – Declaratory Relief
### (By All Plaintiffs)

53.     Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

54.     An actual controversy exists between the Authors Guild, the representative plaintiffs and the Class, on the one hand, and Google, on the other hand, by reason of Google's present and continuing infringement of the representative plaintiffs' and the Class's copyrights as alleged herein.

55.     Plaintiffs are entitled to a judgment declaring that Google's actions are unlawful and, specifically, that Google infringed and continues to infringe the representative plaintiffs' and the Class's United States copyrights in violation of the Copyright Act.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray for relief and that judgment be entered against defendant as follows:

A.     For certification of the Class;

B.     For an award of damages under the Copyright Act;

C.     For an injunction (a) barring Google from continued infringement of the copyrights of the representative plaintiffs and the Class, and/or (b) other equitable relief to redress any continuing violations of the Act;

14

         D.      For (a) permanent injunctive and declaratory relief barring Google from continued infringement of the copyrights of the representative plaintiffs and the Class, and/or (b) other equitable relief to redress any continuing violations of the Act;

         E.      For costs and attorneys' fees; and

         F.      For such other and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

The representative plaintiffs, as provided by Rule 38 of the Federal Rules of Civil

Procedure, request trial by jury in the above-captioned matter.


Dated:  October 14, 2011

Sanford P. Dumain
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
Tel:  (212) 594-5300
Fax:  (212) 868-1229
sdumain@milberg.com

Michael J. Boni (pro hac vice)
Joanne Zack
BONI & ZACK LLC
15 St. Asaphs Rd.
Bala Cynwyd, PA  19004
(610) 822-0200 (phone)
(610) 822-0206 (fax)
MBoni@bonizack.com
JZack@bonizack.com

Robert J. LaRocca
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone:  (215) 238-1700
Facsimile:  (215) 238-1968
rlarocca@kohnswift.com


*Counsel for Plaintiffs*

16