# EXHIBIT 1

Case 2:10-cv-09378-CBM-MAN Document 34-1 Filed 10/03/11 Page 3 of 13 Page ID
Case 1:05-cv-08136-DC Document 994-1 Filed 12/22/11 Page 2 of 14
#:1108

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ASSOCIATION FOR INFORMATION MEDIA AND EQUIPMENT, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL., <br><br> Defendants. | No. CV 10-9378 CBM (MANx) <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

The matter before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss"). [Doc. No. 27.]

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Ambrose Video Publishing ("AVP" or "Ambrose") and Association for Information Media and Equipment ("AIME") (collectively, "Plaintiffs") filed suit against the Regents of the University of California ("the Regents"), Mark Yudof, President of the University of California, Dr. Gene Block, Chancellor of UCLA, Dr. Sharon Farb, UCLA's Associate University Librarian for Collection Management and Scholarly Communication, Larry Loeher, UCLA's Associate Vice Provost and Director of Instructional Development, and Patricia O'Donnell, Manager of UCLA's Instructional Media Collections and

1

Services and Media Lab, all in their official and individual capacities, and John Does 1-50. (Amended Complaint ("FAC") at ¶ 1.) [Doc. No. 19.] AVP is an educational video producer and AIME is a national trade association whose mission is to help ensure copyright education and compliance. (*Id.* at ¶ 2.)

Plaintiffs allege that Defendants used DVDs that are licensed by AVP and other AIME members ("AVP DVDs") and that Defendants unlawfully copied, reformatted the DVDs, and put the content of the DVDs on the internet. (*Id.* at ¶ 3.) Plaintiffs allege that UCLA, at the direction of and/or supervision of Defendants Farb, Loeher, and O'Donnell copied an AVP program "The Plays of Williams Shakespeare" and put it on the UCLA internet network so that students and faculty could view the DVD's content from remote locations at anytime (a practice commonly referred to as "streaming"). (*Id.* at ¶ 6.) AVP alleges that a viewer of the DVDs does not have to be in an educational setting because the person can view the content as long as that person has access to the UCLA network (such as a student overseas). (*Id.* at ¶ 46.)

In 2009, AVP, through AIME, contacted UCLA through its Chancellor, objecting to this use of the AVP DVDs. (*Id.* at ¶¶ 7-8.) UCLA, after initially desisting the practice, informed AVP that it believed it had the right to copy the AVP DVDs and put the content on the UCLA internet under the Licensing Agreements UCLA had entered into with AVP. (*Id.* at ¶ 10.)

An Amended Complaint ("FAC") was filed on February 14, 2011. [Doc. No. 19.] The FAC asserts federal claims for copyright infringement and unlawful circumvention ("DMCA"), a declaratory relief claim, and state claims for breach of contract, anticipatory breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, tortious interference with contractual relations, and tortious interference with prospective business advantage. (FAC at ¶¶ 32-44.) Defendants filed this Motion on March 14, 2011, arguing that: (1) they are immune from suit; (2) Plaintiff AIME lacks standing; and (3) Plaintiffs have

failed to state a claim upon which relief can be granted.

**STANDARD OF LAW**

*I.     Rule 12(b)(1)*

Federal courts are courts of limited jurisdiction. *Kokoonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A plaintiff bears the burden to establish that subject matter jurisdiction exists. *Id.* A "court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *U.S. v. Bravo–Diaz*, 312 F.3d 995, 997 (9th Cir. 2002). Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) can be either a facial or factual attack. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial attack on subject matter jurisdiction, the court is confined to the allegations in the complaint. In a factual attack, the court is permitted to look beyond the complaint and may consider extrinsic evidence. *See id.* (*citing Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1036 (9th Cir. 2004)), *Savage v. Glendale Union High Sch.*, 434 F.3d 1036, 1040 n. 2 (9th Cir. 2003). Jurisdiction must generally be determined prior to a federal court considering a case on its merits. *See United States v. Larson*, 302 F.3d 1016, 1019 (9th Cir. 2002) (*citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).

*II.    Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police* Department, 901 F.2d 696, 699 (9th Cir. 1990). On a motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded allegations of material fact, and construes them in light most favorable to

3

1  non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1938 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555 (citations omitted).

## DISCUSSION

### I. Sovereign Immunity

Defendants first argue that the Eleventh Amendments bars the instant suit against the Regents and the individual defendants in their official capacity because the state has not consented to be sued and Congress has not validly overridden the state's immunity. (Memorandum in Support of Motion to Dismiss ("Defs' Memo") at 5-9.) Plaintiffs sued various state officials and the Regents, which is an "arm of the state" for purposes of the Eleventh Amendment. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982).

In order for a state to be validly sued in federal court, the state must have either expressly waived sovereign immunity or Congress must have validly abrogated sovereign immunity. A waiver can be found when a state makes a "clear declaration" that it intends to submit itself to federal court jurisdiction. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999). An agreement to obey federal law is not tantamount to a waiver of sovereign immunity. *Fla. Dept. of Health & rehab. Servs. V. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) (per curiam). Congress can abrogate state sovereign immunity when it does so pursuant to its enforcement powers under Section 5 of the Fourteenth Amendment. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72-73 (1996).

Plaintiffs argue that California waived immunity in its 2008-2011 contract

4

with AVP. (Opposition to Motion to Dismiss ("Plts' Opp") at 3-4.) That contract states that "Licensee hereby consents to the jurisdiction of the state and federal courts located in New York, New York." (FAC ¶ 14, Exhibit 7.) Defendants counter that: (1) the DVDs at issue in this case were sold in 2006, before that agreement came into effect; (2) the agreement only waives contractual claims, not the claims asserted under copyright infringement and DMCA; and (3) AIME is not a party to that contract, therefore the contract does not allow AIME to sue the state. (Reply to Motion to Dismiss ("Defs' Reply") at 2-3.) A review of the agreement indicates that Defendants waived only claims by AVP arising out of the 2008-2011 agreement.

Defendants correctly argue that any attempt by Congress to abrogate immunity as to claims brought under the Copyright Act is invalid because the Act does not stem from Congress's enforcement powers under the 14th Amendment. *See Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010). Plaintiffs argue that the Court need not decide this issue because Defendants' actions amount to an actual violation of the due process clause which, by itself, abrogates immunity. (Plts' Opp at 4-5.) Specifically, Plaintiffs argue that Defendants' assertion of sovereign immunity, coupled with its assertion that the state law claims are preempted, constitutes a due process violation that waives sovereign immunity because it precludes them from presenting their claims before any judicial forum. (*Id.*). However, as Defendants point out, Plaintiffs are not precluded from asserting their claim for injunctive relief or their claim for damages against the Defendants in their individual capacity.

The Court finds that the Regents and the officers are immune from the copyright and DMCA claims. First, the agreement between AVP and the UCLA does not expressly waive sovereign immunity as to federal copyright claims. Second, Plaintiffs do not dispute Defendants' contention that Congress failed to validly abrogate sovereign immunity. Lastly, Plaintiffs' argument that an actual

violation of due process has occurred is unavailing, as Plaintiffs could assert a claim against the officers in their individual capacity. Thus, Plaintiffs are not being denied all access to a remedy for their alleged violations of copyright law.

II.     *Standing*

      a. Associational Standing

Federal courts' jurisdiction is limited by the U.S. Constitution to "cases" and "controversies" that are justiciable, which requires that a plaintiff have "standing" to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Typically, standing requires that a plaintiff have suffered an injury in fact; that there be a causal connection between the injury and the conduct complained of; and that it be likely that the injury will be redressed by a favorable decision. *Id*. An association may assert standing when: (1) its members would have standing to sue on their own, (2) the interests it seeks to protect are germane to the organization's purpose, and (3) the case does not require the participation of individual members in the lawsuit. *See Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977).

Defendants argue that AIME does not state any factual allegations to support the first requirement of associational standing. They further argue that, as a matter of law, a copy right case requires the participation of individual members and therefore AIME cannot meet the third requirement of associational standing. (Defs' Memo at 15-17.) Defendants specifically argue that for AIME's members to have standing, they would have to own the necessary copyrights to the works at issue, which AIME has failed to allege, and this necessarily means that the individual members would have to be involved in the lawsuit. AIME counters that since it only seeks declaratory relief, there is no need for individualized inquiries that require individual participation. AIME also argues that the Complaint alleges that AVP, which is a member of AIME, has standing to sue on its own right because it owns the rights to the copyrighted works at issue. (Plts' Opp at 11;

6

FAC at ¶5.) AIME's other members are also alleged to hold copyrights, although not the ones at issue here. (FAC at ¶¶15-16.)

In order to establish a claim for copyright infringement, individual copyrights owners' participation is necessary. This is because having the rights over a copyright is essential to establishing a copyright infringement claim. *Marder v. Lopez*, 450 F.3d 445, 453 (9th Cir. 2006); 17 U.S.C. § 106. Plaintiff AIME argues that because it only seeks declaratory relief, no individualized participation by members is necessary. However, the scope of that declaratory relief would be limited by the rights that members have over the copyrights. Therefore, Plaintiff AIME, as a matter of law, has failed to establish associational standing because it cannot meet the third prong of the test under *Hunt*.

      b. <u>Injury in Fact</u>

Defendants argue that AIME also lacks standing to sue on its own because it lacks any injury in fact. (Defs' Memo at 17-18.) The FAC alleges that AIME has "suffered from the diversion of its resources to deal with the Defendants' infringement of [the] copyright works." (FAC at ¶ 16.) Defendants argue that these diversion of resources are nothing more than litigation costs, which do not constitute an injury in fact for purposes of standing. *See Spann v. Colonial Village, Inc.*, 899 F.2d 24, 27 (D.C. Cir. 1990).

Plaintiff AIME argues that it has suffered more than litigation expenses, and points to the section in the Complaint that alleges that AIME has had to divert its limited resources. (Plts' Opp at 13:16-23; FAC at ¶ 16.) However, AIME does not allege which activities have been diverted as a result of UCLA's use of the DVDs at issue. AIME only alleges a conclusory statement that its resources have been diverted, but, without more, this is insufficient to confer standing under the applicable case law. Based on these allegations, the Court finds that AIME lacks standing to bring this suit on its own.

    **III.**   *Failure to State a Claim*

7

### a. Defendants Yudof and Block

Defendants Yudof and Block argue that Plaintiffs' claims against them must be dismissed because the Complaint lacks allegations that Yudof and Block "have some connection with the enforcement of the [allegedly unlawful] act." *See Ex parte Young*, 209 U.S. 123, 157 (1908). Sovereign immunity bars claims against individuals in their official capacity unless the claim seeks prospective injunctive relief and there is a causal connection between the officer and the alleged violation of federal law. *Pennington Seed, Inc. v. Produce Exchange No. 229*, 457 F.3d 1334, 1342 (9th Cir. 2006). (Defs' Memo at 9-11.) The FAC alleges that Defendant Yudof enforces University of California policies, including upholding copyright law. (FAC at ¶¶ 18-19.) However, there is no allegation that a particular policy enforced by Yudof violates the law. Similarly, the FAC alleges that Defendant Block instructed his legal counsel and other UCLA staff to correspond with AVP and AIME (*id.* at ¶ 24), but it does not contain any allegations that the correspondence constituted copyright infringement. The Court therefore finds that Plaintiff AVP has failed to state a claim not barred by sovereign immunity against Defendants Yudof and Block.

### b. Copyright Infringement

The remaining Defendants argue that Plaintiffs insufficiently pled their copyright infringement claim. AVP alleges that Defendants' use of the DVDs (streaming them on the UCLA intranet) infringed on multiple exclusive rights that AVP has over the DVDs. (FAC at ¶¶ 44-45.) These exclusive rights included the rights to control copying, public performance, public display, and public distribution. (*Id.*) Defendants argue that AVP (or "Ambrose") does not state a claim for violation of AVP's exclusive rights to publicly perform, publicly display, distribute, and copy under the Copyright Act because: (1) AVP granted Defendants the right to publicly perform the DVDs at issue; (2) UCLA's

8

Case 2:10-cv-09378-CBM-MAN Document 94-1 Filed 10/03/11 Page 9 of 13 Page ID
Case 2:05-cv-08136-DC Document 94-1 Filed 12/22/11 Page 10 of 14
#:1116

streaming practice is not a "public display" under the Copyright Act;[1] (3) there are no allegations that UCLA distributed copies of the DVD, as "streaming" is not distribution, and (4) any unauthorized copying was an incidental "fair use" under the Copyright Act and therefore permissible. (Defs' Memo at 18-20.)

AVP argues that Defendants' copying the DVD in a way that changes the format of the DVD to a digital format for use on the internet violates AVP's rights under the copyright law. (Plts' Opp at 14-15.) As to Defendants' fair use argument regarding the making of unauthorized copies, Plaintiffs argue that Defendants' use is not fair use because Defendants knew that their license was limited and did not provide for streaming (and therefore incidental uses of the streaming practice such as copying) of the DVDs.

*(1) Publicly Perform*

AVP concedes that it licensed Defendants to "publicly perform" the DVD. (FAC, Exhibit 8.) At oral argument, AVP conceded that within the scope of the right to publicly perform the DVD is Defendants' ability to show the DVD in a classroom. Plaintiff's basic argument is that streaming is not included in a public performance because it can be accessed outside of a classroom, and as remotely as overseas. However, Plaintiff does not dispute that in order to access the DVDs, a person must have access to the UCLA network and specifically to the DVD. The type of access that students and/or faculty may have, whether overseas or at a coffee shop, does not take the viewing of the DVD out of the educational context. The Court finds that the licensing agreement allows Defendants to put the DVD content on the UCLA internet network as part of the provision of the agreement that Defendants could "publicly perform" the DVD content, and therefore Plaintiffs have failed to state a claim of copyright infringement over their right to publicly perform the DVD.

---

[1] Specifically, Defendants argue that "public display" is the "showing of individual images nonsequentially," and the Complaint does not allege any nonsequential display.

9

*(2) "Public Display" and "Distribution"*

Plaintiffs do not specifically counter Defendants' arguments that "streaming" is not distribution or that the Complaint lacks allegations of "public display." The Court finds that Plaintiffs have failed to state a claim for a violation of these rights under copyright law.

*(3) "Copying"*

Defendants do not dispute that they did not obtain authorization from AVP before placing the DVDs' content on the UCLA network. They argue that the copying was an incidental use of their right to publicly perform the DVDs. Incidental exercises of other lawful rights constitute non-infringing "fair use." *See perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) (holding that the creation of short-term copy to be a fair use). Here, Plaintiff AVP alleges that Defendants copied the DVD in order to be able to put it on the UCLA internet network. Because placing the DVD on the UCLA network is part of the right that Plaintiff licensed to Defendants, the copying was incidental fair use.

### c. DMCA

Defendants argue that the Complaint fails to properly allege a claim under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201. (Defs' Memo at 20-21.) Defendants argue that the allegations in Plaintiffs' Complaint do not give rise to a violation under §1201 because the allegations pertain to Defendants' "use" of the DVDs, not the "access" of the DVDs, and § 1201 only forbids unlawful "access" to the DVDs. In support, they cite Nimmer on Copyright § 12A.03[D][3], which states that "a person who engages in prohibited usage of a copyrighted work to which he has lawful access does not fall afoul of any provision of Section 1201." AVP counters that its DMCA claim arises out of the anti-trafficking provision, 17 U.S.C. § 1201(a)(2), which is not limited to a defendant's "access" to the work. In reply, Defendants argue that "using" a protected work is not the same as "trafficking" for purposes of the DMCA. (Defs'

Reply at 15.)

Section 1201(a)(2) provides that "[n]o personal shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology . . . is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title." 17 U.S.C. § 1201(a)(2)(A). The FAC alleges that Defendants used a company called Video Furnace in order to bypass a copy prevention system established by AVP in its DVDs. (FAC at ¶¶ 60-62.) More specifically, the FAC alleges that Defendants worked with Video Furnace to make circumvention applications available for higher education. (*Id.* at 60.) However, the FAC does not allege how the Defendants worked with Video Furnace, or what actions Defendants took that constitute the "manufacture, import, offer to the public, prov[ision], or otherwise traffic[king]" of the DVDs. The conclusory allegations in the FAC are, by themselves, insufficient to establish a violation of the anti-trafficking provision of the DMCA. *See Johnson v. Lucent Technologies, Inc.*, No. 09-55203, --- F.3d ---, 2011 WL 3332368, *8 (9th Cir. 2011) ("Conclusory allegations and unwarranted inferences [] are insufficient to defeat a motion to dismiss.").

d. State Law Claims

Defendants argue that AVP's state law claims are preempted by the Copyright Act or otherwise barred under California's discretionary function exemption.[2] (Defs' Memo at 21-24.) Plaintiffs' state law claims are: (1) unjust enrichment; (2) tortious interference; (3) breach of implied covenant of good faith and fair dealing; (4) breach of contract; and (5) anticipatory breach of contract.

The Copyright Act preempts claims that "are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a); *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005). A state-

---

[2] Cal. Gov't Code § 820.2 provides that public employees are not liable for injuries resulting from acts that were the "result of the exercise of the discretion vested in" the public employee. Plaintiffs argue that discretionary immunity is inappropriate to be addressed at this early stage. (Plts' Opp at 21 n.33.)

11

law claim is preempted if: (1) the work involved falls within the general subject matter of the Copyright Act, and (2) the rights asserted under the state law are equivalent to those protected by the Act. *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003).

A claim for unjust enrichment arising from alleged unauthorized use of a copyrighted work, where there is no extra element to the claim, is generally preempted. *Zito*, 267 F. Supp. at 1027. Claims for tortuous interference are also generally preempted when they involve acts of unauthorized use of copy righted work, even though they require proof of additional elements. *See Oldcastle Precast, Inc. v. Granite Precasting & Concrete, Inc.*, No. C10-322, 2010 WL 2217910 (W.D. Wash. June 1, 2010). This is because the additional element does not "make the rights qualitatively different." *Id*. The preemption analysis for a claim for breach of contract depends on whether "the right in question is infringed by the mere act of reproduction, performance, distribution or display." *Selby v. New Line Cinema Corp.*, 96 F. Supp. 2d 1053, 1061 (S.D. Cal. 2000) (quotation marks and citation omitted).

Plaintiffs concede that they cannot assert a breach of contract claim purely based on Defendants' streaming practice, as that would be preempted by the Copyright Act. Plaintiffs instead argue that certain contractual provisions are cognizable under state law because the rights infringed are qualitatively different than the rights protected by the Copyright Act. (Plts' Opp at 23-24.) The provisions cited by Plaintiffs are: (1) the guarantee that each program be exhibited "only in its entirety" with "complete copyright notices and credits"; (2) the promise in the 2008-2011 License that UCLA would pay "a higher price for streaming rights"; and (3) the 2008-2011 License's covenant "prohibiting use of Plaintiff AVP's trademarks." According to Plaintiffs, this means that the breach of contract claims, the unjust enrichment claim, and the claim for breach of implied covenant of good faith and fair dealing. However, it appears that Plaintiffs

concede that they cannot assert a breach of contract claim purely based on Defendants' streaming practice, as that would be preempted by the Copyright Act. (Plts' Opp at 5 n.9; Defs' Reply at 17:14-16.) A review of the FAC indicates that it lacks the factual allegations to establish the basis for the breach of the three provisions that AVP claims are not preempted by the Copyright Act. All the factual allegations relate to AVP's purported copyright infringement claim, and therefore the corresponding state law claims are preempted.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED, and (1) all claims against the Regents and any claims seeking damages against individual defendants in their official capacity are dismissed with prejudice; (2) the declaratory relief claim asserted by AIME is dismissed without prejudice for lack of sufficient allegations to support standing; (3) all claims for injunctive relief against Defendants Yudof and Block are dismissed without prejudice for failure to state a claim; (4) Plaintiffs' federal copyright infringement claim and DMCA claim are dismissed without prejudice for failure to state a claim; (5) and Plaintiff's state law claims are dismissed without prejudice for failure to state a claim that is not preempted by the Copyright Act. If Plaintiffs decide to file an amended complaint, such amended complaint must be filed no later than October 17, 2011.

**IT IS SO ORDERED.**

DATED: October 03, 2011____   By_____
                              CONSUELO B. MARSHALL
                              UNITED STATES DISTRICT JUDGE

13