# Durie Tangri

Joseph C. Gratz
415-362-6666 (main)
jgratz@durietangri.com

May 18, 2012

**VIA ECF**

Honorable Denny Chin
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   The Authors Guild et al. v. Google Inc.
      Case No. 1:05-cv-08136-DC

Your Honor:

Google writes to make the Court aware of a recently issued authority which bears on the issues in the pending motion for class certification and the pending motions to dismiss.  On May 11, 2012, Judge Orinda D. Evans of the United States District Court for the Northern District of Georgia issued an order following a three-week bench trial in *Cambridge University Press et al. v. Becker et al.*, No. 08-CV-1425 (N.D. Ga., filed April 15, 2008).  That order is enclosed herewith. The lawsuit was brought by copyright holders who sought to enjoin Georgia State University's scanning of works in its "e-reserves" program, which permits students to view digitized copies of multi-page excerpts of books which have been assigned as course readings.  The defendants argued that each of the 99 alleged instances of infringement were protected by the doctrine of fair use.

In a 350-page opinion, Judge Evans held that of the 99 alleged instances of infringement, defendants were entitled to prevail as to 94 of them.  Judge Evans' opinion is relevant to two issues presented by the pending motions.

*First*, the *Cambridge University Press* opinion is relevant to the question whether proof of copyright ownership will require individualized evidence.  Judge Evans held that the plaintiffs were required to produce the publishing contract for each work at issue in order to make out a *prima facie* case of copyright infringement.  The inability of a publisher to locate the relevant publishing contract was "fatal" as to that particular work.  Slip Op. at 46.  In cases where the publisher was able to produce the relevant contract, the court examined the terms of the contract to determine whether it allocated the relevant exclusive right to the plaintiff.  *See, e.g.*, *id.* at 125-26;141-142; 278-79; 316-17.  Where it did not, the *prima facie* case of infringement failed.  *See id.*

*Second*, the *Cambridge University Press* opinion is relevant to the question whether fair use is appropriately considered on a work-by-work basis.  The court held that the first factor favored the

217 Leidesdorff Street
San Francisco, California 94111
P (415) 362-6666  F (415) 236-6300
www.durietangri.com

Honorable Denny Chin
May 18, 2012
Page 2

defendants on a blanket basis, and held that the second factor favored defendants where all of the works were non-fiction and informational in nature. Slip. Op. at 53. With respect to the third and fourth factors, the court examined each work individually, and the court's work-by-work analysis of 74 individual infringement claims occupies 244 pages of the *Cambridge University Press* order.

With respect to the third factor, the amount and substantiality of the portion of the work used, the court declined to analyze the third factor "solely on the basis of the number of words copied," and instead held it necessary to consider the percentage of each work copied. Slip. Op. at 71. In analyzing the fourth factor, the effect on the market or potential market, the court considered on a work-by-work basis whether there was an existing market for licensing digital excerpts of each particular work, and weighed the extent of any impact on the rightsholder's revenue. *See, e.g.*, Slip. Op. at 121-24.

We appreciate the Court's attention to this additional authority.

Respectfully submitted,

Joseph C. Gratz

JCG:jp

encl.

cc: all counsel (via ECF)