# BONI & ZACK LLC
## ATTORNEYS AT LAW

Joanne Zack
610.822.0202
jzack@bonizack.com

15 St. Asaphs Road
Bala Cynwyd, PA  19004
Telephone:  610.822.0200
Facsimile:  610.822.0206
www.bonizack.com

May 30, 2012

**VIA ECF**
Hon. Denny Chin
United States Circuit Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *The Authors Guild, Inc., et al. v. Google Inc.,* No. 05-CV-8136 (DC)

Dear Judge Chin:

We write in response to the letter of Mr. Gratz, dated May 18, 2012, discussing *Cambridge University Press et al. v. Becker et al.*, No. 08-CV-1425 (N.D. Ga., May 11, 2012).

*Cambridge* provides no assistance to Google: it is neither a class action, nor does it involve an associational plaintiff. Unlike this case, which involves unauthorized reproduction, distribution and display by a commercial entity to benefit its commercial search engine, *Cambridge* concerns "unpaid copying of excerpts of copyrighted material by a nonprofit college or university for nonprofit educational use in graduate or upper level college courses," *Slip Op.* at 20; unlike this case, which involves Google's uniform reproduction, distribution and display practices across all books in its Library Project, *Cambridge* involves various online postings by various professors of disparate amounts of copyrighted material on their schools' e-reserve systems, *id.* at 2, 5-6, 9, 37.

Thus, after a non-jury bench trial, the *Cambridge* court examined 75 excerpts from 64 books posted by 23 professors for 29 courses. *Id.* at 37. The amount posted by all of the various professors averaged 10% of the copyrighted works displayed, but some professors had posted more than 10% and some had posted less. *Id*. After the *Cambridge* court concluded that permissible copying would be in the range of 5-14%, the court individually examined postings to determine whether defendants had met their burden of proving fair use of the posted materials. *Id*. at 66-74. The court clearly stated that, because the case involved "only mirror-image, nontransformative uses, the amount used must be decidedly small to qualify as fair use." *Id.* at 65.

Here, Google has, pursuant to its uniform policies and practices in its Library Project, engaged in unauthorized reproduction and distribution to libraries of *entire* in-copyright books. It maintains digital copies of those books on its servers, searches the entire books in response to search requests of its users, and makes available for display online the vast majority of the text

May 30, 2012
Hon. Denny Chin
Page 2 of 2

from the books (other than the small proportion it "blacklists"). Nothing in *Cambridge* indicates that this activity is a fair use, or that these common practices across all books would require a book-by-book analysis.

      As for copyright ownership, this issue can be adjudicated at the remedy stage of the case and is no more individualized or pervasive than class membership issues presented in other cases where classes are routinely certified. *See* plaintiffs' reply brief on class certification (Doc. 1008) at 14-21.

                                             Respectfully yours,

                                             */s/ Joanne Zack*

                                             Joanne Zack

cc:     All Counsel (via ECF)