**EXHIBIT 5**



**Pamela Samuelson**
Richard M. Sherman Distinguished
  Professor of Law and Information
UC Berkeley School of Law
434 Boalt Hall (North Addition)
Berkeley, CA 94720-7200

**Tel**: 510.642.6775
**Fax**: 510.643.2673
**Email**: pam@law.berkeley.edu
**URL**: people.ischool.berkeley.edu/~pam/

VIA Federal Express and Fax 212-857-2346

February 13, 2012

The Honorable Denny Chin
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re:   Academic Author Objections to Plaintiff's Motion for Class Certification
      Case No. 05 CV 8136 (DC)

Dear Judge Chin:

The signatories to this letter are academic authors whose works of authorship are typical of the books and other works found in the collections of major research libraries such as those of the University of Michigan and others of Google's library partners. We write scholarly works on a regular basis. Our primary motivation in preparing these works is to share the knowledge we have cultivated with other scholars and interested members of the public. Although we are not indifferent to revenue streams we receive from books that we publish, the main reward we wish to attain from our intellectual labors is the satisfaction of contributing to the ongoing dialogue about issues of concern to us and, perhaps as an added bonus, a reputation for excellence in scholarship among our peers. A number of us have made some or all of our academic work available on an open access basis through Creative Commons licenses and the like.

Virtually all of us use Google Book Search (GBS) on a regular basis to get tips about what books or other texts contain information relevant to our research projects. Many of our works have been scanned by Google as part of its Library Project. Those of us whose works are part of the GBS corpus are pleased at the prospect that our works, particularly those that are out-of-print, are now more accessible to other scholars and members of the public through the "snippets" that Google serves up in response to search queries seeking information that can be found in our works. We believe that our works will be more widely read because of their accessibility through GBS, either through greater utilization of books through lending from library collections or new sales of our works because of links that Google provides to sources from which our works are available.

We believe that our works of scholarship are more typical of the contents of research library collections than works of the three named plaintiffs in this case. Betty Miles is the author of numerous children's books. Jim Bouton is a former baseball pitcher who has written both fiction and nonfiction books based on his experiences as a baseball player. Joseph Goulden is a professional writer who has written a number of nonfiction books on a variety of subjects, including a book about "superlawyers." None of these three are academic authors. Their books are aimed at a popular, rather than an academic, audience. As professional writers, their

motivations and interests in having their books published would understandably be different, and likely more commercial, than those of academic scholars. Hence, our concern is that these three do not share the academic interests that are typical of authors of books in research library collections. As we explain further below, the clearest indication that the named plaintiffs do not share the same priorities typical of academic authors is their insistence on pursuing this litigation.

Many of the academic signatories to this letter were also signatories of two letters submitted on behalf of academic authors who objected to specific provisions of the proposed settlement of the *Authors Guild v. Google* lawsuit. Those letters articulated several particularized reasons why we thought that the interests of academic authors had not been adequately represented in the negotiations that produced the proposed settlement. Your opinion rejecting the proposed settlement affirmed that the interests of academic authors had not been adequately represented by the plaintiffs or their lawyers.

It is worth noting that two of the three individual plaintiffs (Miles and Goulden) who seek to be designated as class representatives at this point in the litigation were identified as class representatives for purposes of the proposed settlement. The same associational plaintiff (the Authors Guild) remains in the case. And the lawyers who now seek to be designated as class counsel are the same as those who participated in the proposed GBS settlement negotiations.

Because they did not adequately represent the interests of academic authors in the past, we have reason to doubt that they will represent our interests well in the future. It bears mentioning that despite our having raised numerous objections and concerns about the proposed settlement in a very public way by putting them in the court record, none of us has been contacted by the proposed class representatives, the Authors Guild, or the lawyers who want to be designated as class counsel to ask for our opinion about what our interests are, whether to pursue this litigation, what relief to seek, on what terms to settle it, or anything else.

This lack of communication reinforces our concerns that the proposed class representatives and the Authors Guild are not adequately representing the interests of academic authors at this juncture. Most significantly, their decision to continue the litigation shows that they do not share academic values, goals or objectives. None of us would have initiated a lawsuit against Google for copyright infringement in the first place because it scanned our and other academic authors' books for purposes of indexing their contents and serving up snippets in response to search queries. Some of the signatories to this letter believe strongly that such scanning is fair use as a matter of copyright law; others of us believe that Google has a plausible and probably persuasive fair use defense to a claim of copyright infringement for such scanning; a few of us may have doubts about the fairness of this use of books from research library collections, but even so, we would not have felt strongly enough about the claim of infringement to initiate the lawsuit in the first place. By pursuing this lawsuit as a class action in the aftermath of the failure of the proposed settlement and not reaching a new settlement, we believe that the proposed class representatives and the associational plaintiff in this case are engaged in actions that are antithetical to the interests of academic authors who would be swept into the class that the plaintiff's lawyers are seeking to have certified.

Not only do we believe that Google should not be found liable for copyright infringement for the scanning of in-copyright books from major research library collections, but we believe that the plaintiffs and their lawyers are asking for remedies that we find deeply troubling and counter to our interests. We would not, for instance, want the court to issue an injunction to require Google to stop scanning books from library partner institutions. An injunction that would forbid indexing copyrighted works and making snippets of information available to the public raises serious First Amendment concerns and are contrary to the values of promoting broad access to information that academic authors share.

Nor do we think it is reasonable to seek statutory damages for each of the 12 million or so in-copyright books that Google has scanned from research library collections. One can understand that Betty Miles, Jim Bouton, and Joseph Goulden would want statutory damage awards, and even more why class counsel would be seeking a large award for the class that might bankrupt Google, or at least extract an extraordinarily large award (a minimum perhaps of $9 billion), for acts which, in our opinion, have caused no actual harm to the plaintiff class. We academic authors consider the request for statutory damages to be unreasonable and antithetical to our interests because we think a company such as Google should not be punished so severely for acts that have caused no harm to us or others like us, especially since so many of the books that Google has scanned are academic works that are out-of-print and/or orphan works.

For these reasons, we object to the plaintiff's motion for certification of the proposed class, to the designation of Miles, Bouton, and Goulden as class representatives, and to the appointment of Michael Boni and Joanne Zack as class counsel.

Sincerely,

Pamela Samuelson
Richard M. Sherman Distinguished Professor of Law, Berkeley Law School

On behalf of the following individuals (whose academic affiliations are for identification purposes only):

Patricia Aufderheide, American University
Russ B. Altman, Stanford University
Steven Bellovin, Columbia University
Geoffrey C. Bowker, University of California, Irvine
Robert Brauneis, George Washington University
Dan Burk, University of California, Irvine
Michael W. Carroll, American University
Anupam Chander, University of California, Davis
Margaret Chon, Seattle University
Danielle Citron, University of Maryland
Julie E. Cohen, Georgetown University

Kevin Collins, Washington University in St. Louis
Robert Darnton, Harvard University
Peter Decherney, University of Pennsylvania
David L. Dill, Stanford University
Holly Doremus, University of California, Berkeley
Paul Duguid, University of California, Berkeley
Jeffrey L. Elman, University of California, San Diego
Malcolm M. Feeley, University of California, Berkeley
Edward Feigenbaum, Stanford University
Brett M. Frischmann, Benjamin N. Cardozo School of Law
William Gallagher, Golden Gate University
Jon M. Garon, Northern Kentucky University
Laura Gasaway, University of North Carolina at Chapel Hill
Shubha Ghosh, University of Wisconsin
Robert J. Glushko, University of California, Berkeley
Eric Goldman, Santa Clara University
Bronwyn Hall, University of California, Berkeley
Harry Hochheiser, University of Pittsburgh
Kinch Hoekstra, University of California, Berkeley
Judith E. Innes, University of California, Berkeley
Peter Jaszi, American University
Douglas W. Jones, University of Iowa
Russell Jones, University of California, Berkeley
Steven Justice, University of California, Berkeley
Jeffrey Knapp, University of California, Berkeley
Raymond Ku, Case Western Reserve University
Michael B. Landau, Georgia State University
Lawrence Lessig, Harvard Law School
Jessica D. Litman, University of Michigan
Michael Madison, University of Pittsburgh
Donald Mastronarde, University of California, Berkeley
Jonathan Masur, University of Chicago
Jerome McGann, University of Virginia
William McGeveran, University of Minnesota
Stephen McJohn, Suffolk University
Donald A. McQuade, University of California, Berkeley
Michael J. Meurer, Boston University
Deirdre Mulligan, University of California, Berkeley
Johanna Nichols, University of California, Berkeley
Anne Joseph O'Connell, University of California, Berkeley

Michael A. Olivas, University of Houston Law Center
David S. Olson, Boston College
Frank A. Pasquale, Seton Hall University
Thomas Pogge, Yale University
David Post, Temple University
Jerome Reichman, Duke University
Gene Rochlin, University of California, Berkeley
Matthew Sag, Loyola University Chicago
Niels Schaumann, William Mitchell College of Law
Rich Schneider, University of California at San Francisco
Jason Schultz, University of California, Berkeley
Jessica Silbey, Suffolk University
Eugene H. Spafford, Purdue University
Christopher Sprigman, University of Virginia
Philip B. Stark, University of California, Berkeley
Stewart E. Sterk, Benjamin N. Cardozo School of Law
Madhavi Sunder, University of California, Davis
Peter P. Swire, Ohio State University
Stefan Tanaka, University of California, San Diego
David S. Touretzky, Carnegie Mellon University
Elizabeth Townsend Gard, Tulane University
Jennifer Urban, University of California, Berkeley
Siva Vaidhyanathan, University of Virginia
Kathleen Vanden Heuvel, University of California, Berkeley
Eric von Hippel, Massachusetts Institute of Technology
Dan Wallach, Rice University
Steven Weber, University of California, Berkeley
Alan Weinstein, University of California, Berkeley
Terry Winograd, Stanford University
Martha Woodmansee, Case Western Reserve University
Jonathan Zittrain, Harvard Law School

cc:
Michael J. Boni, Esq., Counsel for Plaintiffs
Joanne Zack, Esq., Counsel for Plaintiffs
Daralyn J. Durie, Esq., Counsel for Defendant
Joseph C. Gratz, Esq., Counsel for Defendant