**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

| | | |
|---|---|---|
| THE AUTHORS GUILD, *et al.*, | : | |
| Plaintiffs, | : | 1:05-cv-08136-DC |
| v. | : | ECF CASE |
| GOOGLE INC., | : | |
| Defendant. | : | |

----------------------------------------------------------------x

**MOTION FOR LEAVE TO FILE BRIEF AMICI CURIAE**
**IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The American Library Association ("ALA"), The Association of College and Research Libraries ("ACRL"), the Association of Research Libraries ("ARL") and the Electronic Frontier Foundation ("EFF") hereby move for leave to file the accompanying brief amici curiae in the above-captioned case in support of defendant's Motion for Summary Judgment (ECF No. 1031). Defendant Google, Inc. consents to the filing of this brief.  Plaintiffs do not consent to its filing. However, Plaintiff Authors Guild did consent to amici filing a similar brief on fair use in *Authors Guild, et al., v. HathiTrust, et al.*, Case No. 1:11-cv-6351 HB (SDNY).

### I.  STATEMENT OF INTEREST OF AMICI

ALA, established in 1876, is a nonprofit professional organization of more than 67,000 librarians, library trustees, and other friends of libraries dedicated to providing and improving library services and promoting the public interest in a free and open information society.

ACRL, the largest division of the ALA, is a professional association of academic and research librarians and other interested individuals.  It is dedicated to enhancing the ability of academic library and information professionals to serve the information needs of the higher education community and to improve learning, teaching, and research.

ARL is an association of 126 research libraries in North America.  ARL's members include university libraries, public libraries, government and national libraries.  ARL programs and services promote equitable access to and effective use of recorded knowledge in support of teaching and research.

Collectively, these three library associations represent over 100,000 libraries and 350,000 librarians and other personnel in the United States increasingly being called upon to serve the needs of their patrons in the digital age.  As a result, the associations share a strong interest in the balanced application of copyright law to new digital dissemination technologies.

EFF is a nonprofit civil liberties organization that has worked for more than 20 years to protect consumer interests, innovation, and free expression in the digital world.  Founded in 1990, EFF has more than 19,000 dues-contributing members.  EFF's mission is to ensure that the civil liberties and due process guaranteed by our Constitution and laws do not diminish as communication, commerce, government, and much of daily life move online.  EFF and its members have a strong interest in assisting the courts and policy-makers in striking the appropriate balance between copyright law and the public interest.  EFF has contributed its expertise to many cases regarding copyright law, the Internet, and new technologies, as *amicus curiae*, as party counsel, and as court-appointed attorneys *ad litem*.

Amici's previous experience with this case gives them a useful perspective about Google's motion for summary judgment on the fair use issue.  In summary, EFF filed objections to the proposed class action settlement on behalf of certain publishers and authors (and itself, as EFF is also a member of the class by virtue of its own publication of some books).  Among other things, those objections argued that the settlement's lack of privacy protections would deter readers and harm their expressive and financial interests in sustaining and building a readership that browses, reviews, and purchases their works.  EFF and the other Privacy Authors and Publishers were concerned that the proposed settlement included no limitations on collection and use of reader information, and had no privacy standards for retention, modification, or disclosure of that information to third parties or the government.  *See* Privacy Authors and Publishers' Objection to Proposed Settlement, ECF No. 281 (September 8, 2009).  EFF appeared at the settlement hearing to argue this point.  *See* Notice Appear., ECF No. 824 (January 27, 2010).  EFF here represents only itself and not the other Privacy Authors and Publishers, however.

On their part, ALA, ACRL and ARL (which also are class members) filed comments expressing concern that the digital library enabled by the proposed settlement would be under the control of Google and the Book Rights Registry, so that lack of competition might lead to abuse by those entities – particularly with respect to the pricing of the institutional subscription. ALA, ACRL and ARL thus urged the Court to conduct "rigorous oversight" of implementation of the settlement. *See* Library Association Comments on the Proposed Settlement and Supplemental Library Association Comments on the Proposed Settlement, ECF No. 387 (September 9, 2009).

Thus, amici have studied this case in detail and are familiar with how it affects the public interest. Although amici had different views on whether this Court should have approved the settlement, they all strongly agree that Google Book Search is tremendously beneficial to the public and precisely the kind of project the fair use doctrine was designed to protect.

## II.   AMICI'S BRIEF MEETS THE STANDARDS FOR FILING AN AMICUS BRIEF

The fundamental standard for submission of an *amicus* brief is whether it "will aid in the determination of the motion[] at issue." *James Square Nursing Home, Inc. v. Wing*, 897 F. Supp. 682, 683 n.2 (N.D.N.Y. 1995) *aff'd,* 84 F.3d 591 (2d Cir. 1996). Among other helpful roles of *amici*,

> [s]ome friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.

*Neonatology Associates, P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (internal citation omitted).

Amici will assist the Court by discussing the public benefits of the Google Books Search (GBS) – and the relationship between those benefits and at least two of the fair use factors. Further, amici's brief provides additional information regarding (1) how GBS has become an

3

essential research tool for librarians; (2) how GBS enables new forms of research; and (3) how GBS helps readers find authors, and vice versa. Amici will also discuss the broader equitable context of this case, which may be helpful to the Court's fair use analysis.

Thus, amici will provide a broader perspective that nonetheless bears directly on the central issue in the litigation.

The views of an amicus may align with those of one of the parties. *See Concerned Area Residents for the Environment v. Southview Farm,* 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993) (quoting *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982) ("[T]here is no rule . . . that amici must be totally disinterested."). Indeed, in the origins of amicus briefing, an interest was mandatory: the United States Supreme Court established a criteria for amici needing to be "interested in some other pending case involving similar questions." *Northern Securities Co. v. U.S.*, 191 U.S. 555, 555-56, 24 S.Ct. 119 (1903) (rejecting brief because, *inter alia*, there was no such interest).[1] Moreover, although "[a]n amicus . . . is not a party to the litigation and participates only to assist the court[, n]evertheless, 'by the nature of things an amicus is not normally impartial' . . . [and] 'there is no rule . . . that amici must be totally disinterested.'" *Waste Mgmt., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D.Pa. 1995) (quoting *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991); *Concerned Area Residents for the Environment*, 834 F. Supp. at 1413).

Amici file this Motion well in advance of the due date for the Plaintiffs' opposition to Defendant's summary judgment motion, in order to afford the Plaintiffs ample opportunity to respond if they so choose.

---

[1] Nor does an amicus need to show that a party is incompetently represented in order to participate. *Neonatology Assocs.*, 293 F.3d at 132 ("Even when a party is very well represented, an amicus may provide important assistance to the court.").

4

For these reasons, amici respectfully request that the Court grant this motion for leave to file the accompanying brief amici curiae.

Dated: August 1, 2012

Respectfully submitted,

/s/ Jonathan Band
Jonathan Band
   (admitted *pro hac vice*)
JONATHAN BAND PLLC
21 Dupont Circle NW, 8th Floor
Washington, D.C., 20036
Tel: (202) 296-5675
Email: jband@policybandwidth.com
*Counsel for Amici Curiae*
*American Library Association, Association*
*of College And Research Libraries, and*
*Association of Research Libraries*

/s/ Cindy Cohn
Cindy Cohn
   (admitted *pro hac vice*)
Corynne McSherry
Michael Barclay
ELECTRONIC FRONTIER
FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Tel: (415) 436-9333
Fax: (415) 436-9993
Email: cindy@eff.org
*Counsel for Amicus Curiae*
*Electronic Frontier Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 1, 2012                               By: /s/ Jonathan Band
                                                         Jonathan Band