UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AUTHORS GUILD, INC., Associational Plaintiff, BETTY MILES, JOSEPH GOULDEN, and JIM BOUTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | 05 cv 08136 (DC)<br><br>**ECF Case** |

## MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN PARTIAL SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION

Counsel for the prospective *amici curiae* respectfully moves for leave to file the attached **BRIEF OF DIGITAL HUMANITIES AND LAW SCHOLARS AS *AMICI CURIAE* IN PARTIAL SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**. The full list of *amici* is set out in Appendix A to the Brief. Defendants have consented to this filing; Plaintiffs have refused consent.

In support of this motion, *Amici* state the following:

1. *Amici* are professors and scholars who teach, write, and research in the areas of either digital humanities or law (as well as an association that represents Digital Humanities scholars.)

2. Digital Humanities *Amici* use computational and statistical methods to analyze large corpora of texts to discover and understand the data in and relationships between textual works.

These researchers have developed methods to extract nonexpressive facts, relationships, ideas, and patterns from digitized works, which can then be used to enable the creation of new research on the underlying subject matter. Applications of these methods traverse scholarly fields, and analysis of digitized works using these methods is of growing importance in fields as diverse as literature, linguistics, astrophysics, history, and economics.

3. Law Scholar *Amici* reside in the United States and abroad and have particular expertise in intellectual property law. Among these prospective *amici* are leading U.S. and international copyright experts who have an interest in the sound development of the law.

4. Digital Humanities *Amici* have an interest in this case because of its potential impact on their ability to discover and understand, through automated means, the data in and relationships among textual works. Legal Scholar *Amici* have an interest in this case both because of its impact on socially beneficial research, and because of their interest in the sound development of intellectual property law.

5. Defendants, in their Motion for Summary Judgment or in the Alternative Summary Adjudication, assert a fair use defense for the digitization of copyrighted works. While *Amici*'s brief is limited to the question of nonexpressive use, *Amici* agree that the use of digitized copies for that purpose is fair under 17 U.S.C. § 107.

6. Copyright does not protect the nonexpressive aspects of a work. The idea/expression distinction reflected in Section 102(b) of the Copyright Act, along with the *scenes à faire* doctrine, the "fact-expression" distinction, and the "merger" rule, all embody this core principle of copyright law. These doctrines reflect constitutional, statutory, and judicial limitations on the scope of copyright protection, which is germane to *Amici*'s interests (and a subject upon which they have great expertise.)

7. The extraction and reuse of facts from a copyrighted work—for example, compiling statistics from a copyrighted sports broadcast—does not infringe copyright, in part because of the aforementioned doctrines.

8. The doctrine of fair use operates to permit certain copying that enables subsequent non-infringing use. Copying to enable nonexpressive use, such as for digital humanities scholarship, should be considered fair use.

9. As these issues are central to the future of both digital humanities scholarship and the future of copyright law, *Amici* are uniquely situated to assist the Court in making its ruling.

Accordingly, the Court should grant *amici*'s motion for leave to file a brief as *amici curiae*.

Dated: August 3, 2012               Respectfully Submitted,

/s/ Jennifer M. Urban
Jennifer M. Urban (*Pro Hac Vice*) (CA # 290845)
Babak Siavoshy (*Pro Hac Vice*) (CA # 264182)
Jason Schultz (CA # 212600)
Samuelson Law, Technology & Public Policy Clinic
University of California, Berkeley, School of Law
396 Simon Hall
Berkeley, California 94720
Telephone: 510-642-6332
Facsimile:  510-643-4625
jurban@law.berkeley.edu

Matthew Sag
Associate Professor
Loyola University of Chicago School of Law
msag@luc.edu

*Counsel for Amici Curiae* (with Matthew Sag, Jason Schultz, and Babak Siavoshy

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of New York by using the CM/ECF system. I further certify that all participants in this case are registered of the CM/ECF system and that service will be completed via the CM/ECF system.

Dated:  August 3, 2012                              By: /s/ Babak Siavoshy
                                                         Babak Siavoshy