**EXHIBIT 24**

**FILED UNDER SEAL**

**EXHIBIT 25**

**FILED UNDER SEAL**

**EXHIBIT 26**

**FILED UNDER SEAL**

**EXHIBIT 27**

DURIE TANGRI LLP
DARALYN J. DURIE (*Pro Hac Vice*)
ddurie@durietangri.com
JOSEPH C. GRATZ (*Pro Hac Vice*)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:      415-362-6666
Facsimile:      415-236-6300

Attorneys for Defendant
Google Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Authors Guild, Inc. et al.,<br><br>              Plaintiffs,<br><br>              v.<br>Google Inc.,<br><br>              Defendant. | Civil Action No. 05 CV 8136 (DC) |

**DEFENDANT GOOGLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Google Inc. ("Google") hereby responds to Plaintiffs' First Set of Requests for Admission (Nos. 1-34) with the following objections and responses.

## GENERAL OBJECTIONS

1.      Google objects to the preface, instructions, and definitions to the Requests to the extent that they purport to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, relevant local rules, and applicable case law.  In responding to these requests, Google has followed the applicable law and has ignored the improper preface, instructions, and definitions.

2.      Google objects to the Requests in their entirety and to each request to the extent that the documents and information sought are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

3.      Google objects to each and every request to the extent that it seeks information that is confidential and/or proprietary information.  To the extent not otherwise subject to objection, Google will produce such confidential documents in accordance with the terms of the protective order entered in this case.

4.      Google objects to the Requests in their entirety and to each discovery request as unduly burdensome to the extent they seek information or documents already known to Plaintiffs, or which are equally available to Plaintiffs.

5.      Google objects to the Requests in their entirety and to each discovery request to the extent they seek documents not relevant to any claim or defense in this action or reasonably calculated to lead to the discovery of admissible evidence.

1

6.      Google objects to The Authors Guild's definition of "Google" as vague, ambiguous, unintelligible, and overly-broad.  For purposes of responding to these discovery requests, Google will interpret "Google" to mean Google Inc. and/or its agents.

7.      Google objects to the time period of these requests as overly broad and unduly burdensome.

8.      Google objects to the Requests to the extent they request information pertaining to persons or activities outside the United States.

9.      Google objects to the Requests to the extent they request information pertaining to Google products other than Google Books, and Google's responses are limited to Google Books.

10.      Google objects to each and every discovery request to the extent that it purports to impose a burden of providing information not in Google's possession, custody, or control or which cannot be found in the course of a reasonable search.  Google has undertaken a reasonable and good-faith effort to locate all relevant, non-privileged documents known to it at this time that are responsive to these requests, but they reserve the right to conduct further investigation and discovery as to any issue raised or suggested by any discovery request and to rely on any subsequently discovered information or documents at trial or any other proceeding.

11.      Google has not yet completed its investigation of the facts relating to this case. Any and all responses to the following discovery requests are therefore based solely on information presently known to Google, and Google reserves its right to conduct further discovery and investigation and to use at trial or any other proceeding evidence of any subsequently discovered facts, documents, or information.

12.      In responding to these discovery requests, Google does not concede the relevancy or materiality of any request or of the subject to which any request refers.  Google's responses to

2

these discovery requests are made expressly subject to and without waiving any objections in any proceeding, including trial of this action, as to competency, relevancy, materiality, or privilege of any of the documents referred to or the responses given.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

As part of its Library Project, Google began in 2004 to digitally copy printed in-copyright works in their entirety, without permission from the copyright owners of such works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Google admits that it began in 2004 to scan, among other works, printed in-copyright and out-of-copyright works from libraries in their entirety, and that Google scans some works without the permission of the copyright owners in those works, as Google's acts with respect to those works constitute fair use.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 2:**

One of Google's goals in its Library Project has been to digitally copy all of the printed books in the United States, including in-copyright books, regardless of their content.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of

the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more

copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library

Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 3:**

Google undertook the Library Project for commercial reasons.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Google objects to this request to the extent it calls for the disclosure of material protected

by the attorney-client privilege or any other privilege.  Google objects to the definition of

"Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 4:**

Google undertook the Library Project to gain a competitive advantage over other

participants in the search engine market.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Google objects to this request to the extent it calls for the disclosure of material protected

by the attorney-client privilege or any other privilege.  Google objects to the definition of

"Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 5:**

Google has entered into agreements with libraries, including the University of Michigan,

Stanford University, and the University of California, to obtain access to works for the purpose

of digitally copying such works, including in-copyright works.

4

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Google admits that it has entered into agreements with certain libraries, including the University of Michigan, Stanford University, and the University of California, pursuant to which those libraries request that Google scan books, including in-copyright works, provided to Google by the library.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 6:**

In order to gain access to printed works for the purpose of digitally copying them, Google agreed to provide libraries with digital copies of works copied from the libraries' collections.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Google admits that it has entered into agreements with certain libraries, including the University of Michigan, Stanford University, and the University of California, pursuant to which those libraries request that Google scan books, including in-copyright works, provided to Google by

the library, and Google provides digital copies of those books to the libraries which, pursuant to the contracts, may be used only in ways which do not violate copyright law.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 7:**

To date, as part of its Library Project, Google has copied millions of in-copyright works, without permission from the copyright owners of such works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Google admits that it has scanned millions of in-copyright works from library collections and that, because Google's acts constituted fair use, permission was generally not sought or granted with respect to some of those works.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 8:**

To date, as part of its Library Project, Google has provided to libraries digital copies of millions of in-copyright works, without permission from the copyright owners of such works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of

the term "copy" as vague and ambiguous, and construes that term as that term is defined in 17 U.S.C. § 101.  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Google admits that it has entered into agreements with certain libraries, pursuant to which those libraries have requested that Google scan books, including in-copyright works, provided to Google by the library, and Google has provided digital copies of millions of those books to the libraries which, pursuant to the contracts, may be used only in ways which do not violate copyright law.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 9:**

To date, as part of its Library Project, Google has copied in their entirety millions of in-copyright works, including in-print and out-of-print works, fiction and non-fiction works, reference works, anthologies, educational works, textbooks, dissertations, monographs, journals, government publications and other type of works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Google admits that it has scanned in their entirety millions of books from libraries, including in-print and out-of-print works, fiction and non-fiction works, reference works, anthologies, educational works, textbooks, dissertations, monographs, journals, government publications and other types of works.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 10:**

Each in-copyright work copied by Google as part of its Library Project was copied by Google in its entirety at least twice, without permission from the copyright owners of such works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Google admits that it creates and maintains, as necessary for its fair uses, more than one copy of the books it scans from library collections.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 11:**

Google maintains on its servers digital copies of millions of in-copyright works, without permission from the copyright owners of such works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term as that term is defined in 17 U.S.C. § 101.  Google objects to the definition of "Library Project" as vague and ambiguous. Google objects to the term "works" as vague and ambiguous.  Google objects to this Request to

the extent it requests information pertaining to Google products other than Google Books, and Google's response is limited to Google Books.

Subject to and without waiving its objections, Google responds as follows: Google admits that it creates and maintains, as necessary for its fair uses, more than one copy of the books it scans from library collections, and that it has scanned millions of books from library collections.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 12:**

Google uses the works copied in its Library Project to display search results to users of its search engine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.  Google objects to this Request to the extent it requests information pertaining to Google products other than Google Books, and Google's response is limited to Google Books.

Subject to and without waiving its objections, Google responds as follows: Google admits that one of the fair uses to which it puts books is rendering them searchable using the Google Books website.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 13:**

In response to search queries by users of its search engine, Google has displayed content on the Internet from millions of in-copyright works, without permission from the copyright owner of such works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.  Google objects to this Request to the extent it requests information pertaining to Google products other than Google Books, and Google's response is limited to Google Books.

Subject to and without waiving its objections, Google responds as follows: Google admits in response to search queries by users of Google Books, in order to help users find the book they're looking for, Google has displayed short "snippets" of text from millions of books to those users, though it only displays a maximum of three "snippets" in response to a search query. Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 14:**

In response to search inquiries by users of its search engine, Google searches the complete text of works copied in its Library Project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.  Google objects to this Request to the extent it requests information pertaining to Google products other than Google Books, and Google's response is limited to Google Books.

10

Subject to and without waiving its objections, Google responds as follows: Google admits in response to search queries by users of its Google Books website, in order to help users find the book they're looking for, Google searches the complete text of at least some of the works scanned from library collections.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 15:**

None of the representative plaintiffs gave permission to Google to copy, distribute or display any of their works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to this Request to the extent it requests information pertaining to Google products other than Google Books, and Google's response is limited to Google Books.

Subject to and without waiving its objections, Google responds as follows: Google admits that the representative plaintiffs themselves did not give Google any permissions with respect to any of their books, as Google's acts constituted fair use, although their publishers gave Google certain permissions with respect to some of their works.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 16:**

Google did not seek permission from any of the representative plaintiffs to copy, distribute or display any of their works.

11

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to this Request to the extent it requests information pertaining to Google products other than Google Books, and Google's response is limited to Google Books.

Subject to and without waiving its objections, Google responds as follows: Google admits that, because its acts constituted fair use, Google did not seek any permission from the representative plaintiffs themselves, although their publishers gave Google certain permissions with respect to some of their works.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 17:**

Google did not seek permission from copyright owners before copying in-copyright works in its Library Project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Google admits that before beginning to scan works from libraries, because its acts constituted fair use, it generally did not seek or receive permissions from copyright holders with respect to its project of

12

scanning books from libraries.  Except as specifically admitted, Google responds as follows:
Denied.

## REQUEST FOR ADMISSION NO. 18:

Google has not compensated copyright owners for its copying in its Library Project of in-copyright works.

## RESPONSE TO REQUEST FOR ADMISSION NO. 18:

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Google admits that it has not provided direct monetary compensation to copyright holders with respect to its scanning of books from libraries and the display of short "snippets" of text in response to search queries.  Except as specifically admitted, Google responds as follows: Denied.

## REQUEST FOR ADMISSION NO. 19:

Google has not compensated copyright owners for its display on the Internet of content from in-copyright works copied in its Library Project.

## RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

13

Subject to and without waiving its objections, Google responds as follows: Google admits that it has not provided direct monetary compensation to copyright holders with respect to its scanning of books from libraries and the display of short "snippets" of text in response to search queries. Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 20:**

Google's security measures may be breached due to the actions of outside parties, employee error, malfeasance, or otherwise, and, as a result, an unauthorized party may obtain access to data held by Google, including works copied in its Library Project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request on the ground that it presents a hypothetical question.  Google objects to this Request on the ground that it is vague and ambiguous, including without limitation in its use of the term "security." Google objects to this Request to the extent it requests information pertaining to Google products other than Google Books, and Google's response is limited to Google Books.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 21:**

Outside parties may attempt to fraudulently induce Google employees, users, or customers to disclose sensitive information in order to gain access to data held by Google.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request on the ground that it presents a hypothetical question. Google objects to this Request on the ground that it is vague and ambiguous.  Google objects to this Request on the ground that it seeks

14

information pertaining to the state of mind of third parties, of which Google has no direct

knowledge.  Google objects to this Request to the extent it requests information pertaining to

Google products other than Google Books, and Google's response is limited to Google Books.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 22:**

Because the techniques used by outside parties to obtain unauthorized access to data

change frequently and often are not recognized until launched against a target, Google may be

unable to anticipate these techniques or to implement adequate preventative measures.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Google objects to this request to the extent it calls for the disclosure of material protected

by the attorney-client privilege or any other privilege.  Google objects to this Request on the

ground that it presents a hypothetical question. Google objects to this Request on the ground that

it is vague and ambiguous. Google objects to this Request to the extent it requests information

pertaining to Google products other than Google Books, and Google's response is limited to

Google Books.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 23:**

Google does not consider itself responsible for the security of the digital copies of works

provided by it to libraries in its Library Project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Google objects to this request to the extent it calls for the disclosure of material protected

by the attorney-client privilege or any other privilege.  Google objects to this Request on the

ground that it is vague and ambiguous, including without limitation in its use of the term

"security."

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 24:**

Google does not monitor or control the security of the digital copies of works provided by it to libraries in its Library Project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege. Google objects to this Request on the ground that it is vague and ambiguous, including without limitation in its use of the terms "monitor," "control," and "security." Google objects to this Request's use of the term "copies" as vague and ambiguous, and construes that term as it is defined in 17 U.S.C. § 101.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 25:**

The security measures of libraries who receive digital copies of works from Google may be breached due to the actions of outside parties, employee error, malfeasance, or otherwise, and, as a result, an unauthorized party may obtain access to data held by such libraries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege. Google objects to this Request on the ground that it presents a hypothetical question. Google objects to this Request on the ground that it is vague and ambiguous, including without limitation in its use of the term "security." Google objects to this Request's use of the term "copies" as vague and ambiguous, and construes that term as it is defined in 17 U.S.C. § 101.

Subject to and without waiving its objections, Google responds as follows: Denied.

16

**REQUEST FOR ADMISSION NO. 26:**

Outside parties may attempt to fraudulently induce library employees or patrons to disclose sensitive information in order to gain access to data held by the library.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request on the ground that it presents a hypothetical question. Google objects to this Request on the ground that it is vague and ambiguous.  Google objects to this Request on the ground that it seeks information pertaining to the state of mind of third parties, of which Google has no direct knowledge.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 27:**

Because the techniques used by outside parties to obtain unauthorized access to data change frequently and often are not recognized until launched against a target, libraries may be unable to anticipate these techniques or to implement adequate preventative measures.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request on the ground that it presents a hypothetical question. Google objects to this Request on the ground that it is vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 28:**

Google pays license fees and royalties to certain content providers to display content on its website.

17

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request on the ground that it is vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Google admits that it pays license fees to certain content providers to display certain content on certain websites that Google operates.  Except as specifically admitted, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 29:**

Google does not use the works copied in its Library Project for the purpose of criticism.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request on the ground that it calls for a legal conclusion. Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 30:**

Google does not use the works copied in its Library Project for the purpose of commenting on the works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request on the

ground that it calls for a legal conclusion. Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101." Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 31:**

Google does not use the works copied in its Library Project for the purpose of news reporting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request on the ground that it calls for a legal conclusion.  Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 32:**

Google does not use the works copied in its Library Project for the purpose of teaching.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request on the ground that it calls for a legal conclusion. Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies,

as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 33:**

Google does not use the works copied in its Library Project for the purpose of scholarship.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request on the ground that it calls for a legal conclusion. Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 34:**

Google does not use the works copied in its Library Project for the purpose of research.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Google objects to this request to the extent it calls for the disclosure of material protected by the attorney-client privilege or any other privilege.  Google objects to this Request on the ground that it calls for a legal conclusion. Google objects to this Request's use of the term "copy" as vague and ambiguous, and construes that term to mean "to create one or more copies, as that term is defined in 17 U.S.C. § 101."  Google objects to the definition of "Library Project" as vague and ambiguous.

Subject to and without waiving its objections, Google responds as follows: Denied.

Dated:  December 22, 2011        By:    */s/ Joseph C. Gratz*

                               Daralyn J. Durie (*pro hac vice*)
ddurie@durietangri.com
Joseph C. Gratz (*pro hac vice*)
jgratz@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:  415-362-6666
Facsimile:  415-236-6300

Attorneys for Defendant Google Inc.

21

## <u>PROOF OF SERVICE</u>

I am a citizen of the United States and resident of the State of California.  I am employed in San Francisco County, State of California, in the office of a member of the State Bar of California, at whose direction the service was made.  I am over the age of eighteen years, and not a party to the within action.  My business address is 217 Leidesdorff Street, San Francisco, CA  94111.

On December 22, 2011, I served the following document(s) in the manner described below:

**DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

☐  (BY U.S. MAIL)  I am personally and readily familiar with the business practice of Durie Tangri LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

☐  (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐  (BY FACSIMILE)  I am personally and readily familiar with the business practice of Durie Tangri LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐  (BY OVERNIGHT MAIL)  I am personally and readily familiar with the business practice of Durie Tangri LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒  BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through Durie Tangri's electronic mail system from jgratz@durietangri.com to the email addresses set forth below.

☐  (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to the offices of each addressee below.

On the following part(ies) in this action:

     Michael J. Boni
     Joanne E. Zack
     BONI & ZACK LLC
     15 St. Asaphs Road
     Bala Cynwyd, PA 19004
     Telephone:  610-822-0200
     Fax:  610-822-0206
     Email: mboni@bonizack.com
           jzack@bonizack.com

     Attorneys for Plaintiffs

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on December 22, 2011, in San Francisco, California.


               */s/ Joseph C. Gratz*
                   Joseph C. Gratz

**EXHIBIT 28**

# Google books

**About Google Books**
• Overview
• Blog
• User Stories
• General Help

**Partner Program**
• For Publishers & Authors
• Join Now
• Partner Help

**Library Project**
• Overview
• Library Partners
• Librarian Help

**Perspectives**
• What's the Issue?
• Facts & Fiction
• Legal Analysis

...........................
Add Book Search to your site
...........................

## Google Books Library Project – An enhanced card catalog of the world's books

We're working with several major libraries to include their collections in Google Books and, like a card catalog, show users information about the book, and in many cases, a few snippets – a few sentences to display the search term in context.

## What does a Google Books Library Project book look like?

When you click on a search result for a book from the Library Project, you'll see basic bibliographic information about the book, and in many cases, a few snippets – a few sentences showing your search term in context. If the book is out of copyright, you'll be able to view and download the entire book. In all cases, you'll see links directing you to online bookstores where you can buy the book and libraries where you can borrow it.

| **Full View** | **Snippet View** | **No Preview Available** |
|---|---|---|




| View the entire book | View a few sentences surrounding the search term | View basic information about the book |
|---|---|---|

To see close-ups of these pages and to learn more about Google Books features, view our Screenshots.

## What's the goal of this project?

The Library Project's aim is simple: make it easier for people to find relevant books – specifically, books they wouldn't find any other way such as those that are out of print – while carefully respecting authors' and publishers' copyrights. Our ultimate goal is to work with publishers and libraries to create a comprehensive, searchable, virtual card catalog of all books in all languages that helps users discover new books and publishers discover new readers.

©2011 Google – Home – About Google – Privacy Policy

**EXHIBIT 29**

**FILED UNDER SEAL**

# EXHIBIT 30

| Year | | | | | ISBN | Role | Author | Title |
|---|---|---|---|---|---|---|---|---|
| 1980 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | American Institute | Suggested improvement UOM,2010-11-15 |
| 1995 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | American Institute | Audits of employee bene UOM,2010-11-15 |
| 1982 | CP | Snip | 20101105 | PSU | 135107989C ISBN:0444 | WRITER | Krystyna Dyrek | Reactivity of solids |
| 1979 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | Financial Accountir | An analysis of issues rela UOM,2010-11-15 |
| 1982 | CP | Snip | 20101105 | PSU | 135107989C ISBN:0444 | WRITER | Krystyna Dyrek | Reactivity of solids |
| 1963 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | Richard H. Rush | The techniques of becon UOM,2010-11-15 |
| 1959 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | William Paxton Boy | Productive business writ UOM,2010-11-15 |
| 1991 | - | Snip | 20101105 | UOM | 135107989C- | WRITER | Richard B. McKenzi | Airline deregulation and UOM,2010-11-15 |
| 1979 | CP | Snip | 20101105 | UOM | 135107989C ISBN:066! | WRITER | Robert W. Mandell | Financing the capital req UOM,2010-11-15 |
| 1987 | CP | Snip | 20101105 | IND | 135107989V | WRITER | John James Pipoly | A systematic revision of the genus Cybianthus, su |
| 1969 | - | Snip | 20101105 | UOM | 135107989C- | WRITER | Arthur Andersen & | Accounting and reportin; UOM,2010-11-15 |
| 1973 | - | Snip | 20101105 | UOM | 135107989C- | WRITER | United States. Dep. | Census of Population UOM,2010-11-15 |
| 1961 | - | Snip | 20101105 | UOM | 135107989C- | CREATOR | Frank Walter Paish | Business finance UOM,2010-11-15 |
| 1991 | CP | Snip | 20101105 | UOM | 135107989C- | EDITOR | Theresa Brothers | Corporate ethics UOM,2010-11-15 |
| 1983 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | Michael H. Markel | Make your point UOM,2010-11-15 |
| 1953 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | Edwin M. Robinsor | Business organization an UOM,2010-11-15 |
| 1991 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | Joseph W. Cotchet | The ethics gap UOM,2010-11-15 |
| 2001 | CP | Meta | 20101105 | PSU | 135107989C ISBN:157C | WRITER | Max Bell | Everyday Mathematics |
| 1973 | - | Snip | 20101105 | UOM | 135107989C- | WRITER | United States. Dep. | Census of Population. Illi UOM,2010-11-15 |
| 1987 | - | Snip | 20101105 | UOM | 135107989C- | WRITER | Nihon Konin Kaikei | Corporate disclosure in J UOM,2010-11-15 |
| 1979 | - | Snip | 20101105 | UOM | 135107989C- | WRITER | Doris B. McLaughlii | The impact of labor unio UOM,2010-11-15 |
| 1957 | - | Snip | 20101105 | UOM | 135107989C- | WRITER | National Industrial | Construction and buildin UOM,2010-11-15 |
| 1935 | CP | Meta | 20101105 | UOM | 135107989C- | EDITOR | George Teele Stuff | The traffic dictionary UOM,2010-11-15 |
| 1972 | CP | Snip | 20101105 | UOM | 135107989C- | EDITOR | John C. Burton | Corporate financial repo UOM,2010-11-15 |
| 1991 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | Irving Kellogg | Fraud, window dressing, UOM,2010-11-21 |
| 1985 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | Judith A. Sromovsk | Solutions manual to acc UOM,2010-11-15 |
| 1949 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | Charles Oliver Well | A primer on budgeting UOM,2010-11-15 |
| 1956 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | Lydia Strong | Of time and top manage UOM,2010-11-15 |
| 1918 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | William Rupert Bas | Accounting as an aid to t UOM,2010-11-15 |
| 1987 | CP | Snip | 20101105 | UOM | 135107989C ISBN:0471 | WRITER | Morton B. Solomor | KMG Main Hurdman gui UOM,2010-11-15 |
| 1998 | CP | Snip | 20101105 | UOM | 135107989C ISBN:0642 | WRITER | Australian Academ | Knowing ourselves and c UOM,2010-11-15 |
| 1950 | CP | Snip | 20101105 | UOM | 135107989C- | WRITER | John Gordon Dakin | Retail credit manual UOM,2010-11-15 |
| 1985 | CP | Snip | 20101105 | UOM | 135107989C- | EDITOR | John E. Clow | Economics in the busine: UOM,2010-11-15 |
| - | - | Snip | 20101105 | UOM | 135107989C- | WRITER | United States. Bur( | 1967 Census of Manufac UOM,2010-11-15 |

| Year | | Type | Date | Inst | ID | ISBN | Role | Title | Author |
|---|---|---|---|---|---|---|---|---|---|
| 1982 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | Cost and managerial acc UOM,2010-11-15 | Jack C. Gray |
| 1969 | CP | Snip | 20101105 | UOM | 1351079889C- | | EDITOR | The Handbook of Social I UOM,2010-11-15 | Gardner Lindzey |
| 1993 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | Building a high-performa UOM,2010-11-15 | Stephen J. Garone |
| 1983 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | The Outlook for primary UOM,2010-11-15 | Enzo R. Grilli |
| 1988 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | The Changing role of the UOM,2010-11-15 | Andersen Consulti |
| 1940 | - | Meta | 20101105 | UOM | 1351079889C- | | WRITER | Among the balance shee UOM,2010-11-15 | H. S. Oakley |
| 1934 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | Financial organization an UOM,2010-11-15 | Wayne Mackenzie |
| 1981 | - | Snip | 20101105 | IND | 1351079889C- | | - | Summarised readings in geography 101 | - |
| 1984 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | Choice and consequence UOM,2010-11-15 | Thomas C. Schelling |
| 1975 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | Supervisors UOM,2010-11-15 | Eunice C. Coleman |
| 1978 | CP | Snip | 20101105 | UOM | 1351079889C | ISBN:0064 | EDITOR | Periodic reporting for int UOM,2010-11-15 | Grant W. Newton |
| 1996 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | An account of coordinati UOM,2010-11-15 | John Borton |
| 1971 | CP | Snip | 20101105 | UOM | 1351079889C | ISBN:0675 | WRITER | Accounting principles for UOM,2010-11-15 | Robert E. Seiler |
| 2001 | CP | Snip | 20101105 | PSU | 1351079889C | ISBN:0742 | WRITER | A guide for using Curious George and other Curio | Mary Bolté |
| 1969 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | Human relations and org UOM,2010-11-15 | Keith Davis |
| 1971 | CP | Snip | 20101105 | UOM | 1351079889C | ISBN:0471 | WRITER | Personnel implications fc UOM,2010-11-15 | Robert A. Dickman |
| 1957 | - | Snip | 20101105 | UOM | 1351079889C- | | WRITER | Accounting and reportin UOM,2010-11-15 | American Accounti |
| 1991 | CP | Snip | 20101105 | PSU | 1351079889C- | | WRITER | Science in Your World: Teacher resource masters | Jay K. Hackett |
| 1991 | CP | Snip | 20101105 | PSU | 1351079889C | ISBN:1561 | WRITER | The aminal by Lorna Balian | Jean Jamieson |
| 2006 | - | Snip | 20101105 | PSU | 1351079889C- | | WRITER | Edward Bloor | Susan Geye |
| 1983 | CP | Meta | 20101105 | UOM | 1351079889C- | | WRITER | Intermediate accounting UOM,2010-11-15 | Paul Danos |
| 1952 | - | Snip | 20101105 | UOM | 1351079889C- | | WRITER | The impact of budgets o UOM,2010-11-15 | Cornell University. |
| 1971 | CP | Meta | 20101105 | UOM | 1351079889C- | | WRITER | Financial manuals   UOM,2010-11-15 | Patrick J. Davey |
| 1991 | CP | Snip | 20101105 | PSU | 1351079889C- | | WRITER | Discover Science: Science process skills book | Michael R. Cohen |
| 1985 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | The Evolving process   UOM,2010-11-15 | Robert D. Helsby |
| 1963 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | Contemporary corporate UOM,2010-11-15 | Dwight R. Ladd |
| 1970 | - | Snip | 20101105 | UOM | 1351079889C- | | WRITER | Business administration : UOM,2010-11-15 | S. C. Saksena |
| 1993 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | Expanding professional s UOM,2010-11-15 | Larry E. Kuhlken |
| 1968 | CP | Meta | 20101105 | UOM | 1351079889C- | | WRITER | Predicting managerial su UOM,2010-11-15 | Foundation for Res |
| 1989 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | Writing to please your bc UOM,2010-11-15 | Elizabeth Cohn |
| 1991 | CP | Snip | 20101105 | PSU | 1351079889C | ISBN:0672 | WRITER | Discover science | Foresman and Com |
| 1944 | CP | Snip | 20101105 | UOM | 1351079889C- | | WRITER | The entity theory of con UOM,2010-11-15 | Maurice Moonitz |
| 1996 | CP | Snip | 20101105 | PSU | 1351079889C- | | WRITER | The Kent Infant Development (KID) Scale | Jeanette Reuter |
| 199? | - | Snip | 20101105 | PSU | 1351079889C- | | WRITER | Syracuse Scales of Infant Development (SSID) | Gail L. Ensher |

| Year | CP | Type | Src | Date | Identifier | Role | Author | Title | Source |
|---|---|---|---|---|---|---|---|---|---|
| 1981 | CP | Snip | UOM | 20101105 | 1351079890 ISBN:025€ | WRITER | James E. Wheeler | Advanced accounting--a | UOM,2010-11-15 |
| 1976 | , | Snip | UOM | 20101105 | 1351079890- | WRITER | Exxon Corporation. | Middle East oil | UOM,2010-11-15 |
| 1975 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Charles J. Woelfel | Accounting | UOM,2010-11-15 |
| 1989 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Committee for Eco | Battling America's budge | UOM,2010-11-15 |
| 1993 | CP | Snip | UOM | 20101105 | 1351079890- | CREATOR | Christopher Swins | Group accounting | UOM,2010-11-15 |
| 1973 | CP | Meta | UOM | 20101105 | 1351079890- | WRITER | Accountants Intern | Consolidated financial st | UOM,2010-11-15 |
| 1952 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Chris Argyris | An introduction to field t | UOM,2010-11-15 |
| 1996 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | American Institute | Consideration of internal | UOM,2010-11-15 |
| 2000 | CP | Snip | PSU | 20101105 | 1351079890 ISBN:0787 | WRITER | TIMS Project | Math trailblazers | |
| 1993 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Ernst & Young | Fair value accounting stu | UOM,2010-11-15 |
| 1963 | , | Snip | UOM | 20101105 | 1351079890- | WRITER | National Producti | Cement industry in Franc | UOM,2010-11-15 |
| 1992 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Leonard Lorensen | Illustrations of Reporting | UOM,2010-11-15 |
| 1980 | CP | Meta | UOM | 20101105 | 1351079890- | WRITER | Shinkichi Minemur | Inflation accounting | UOM,2010-11-15 |
| 1941 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Edward G. Daniel | Financing the defense pr | UOM,2010-11-11 |
| 1987 | , | Snip | UOM | 20101105 | 1351079890- | WRITER | Paul A. Griffin | Usefulness to investors a | UOM,2010-11-15 |
| 1961 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Merriss Cornell | Columbus and Franklin C | UOM,2010-11-15 |
| 1983 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Jo Anne Stilley Hop | A reliability and validity s | UOM,2010-11-15 |
| 1979 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Stephen P. Hersh | The executive parent | UOM,2010-11-15 |
| 1934 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | George Ephraim Sc | Labor's fight for power | UOM,2010-11-15 |
| 1928 | , | Snip | UOM | 20101105 | 1351079890- | WRITER | John C. Beukema | The new science of city b | UOM,2010-11-15 |
| 1997 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | American Institute | Audits of employee bene | UOM,2010-11-15 |
| 2001 | CP | Snip | IND | 20101105 | 1351079890- | WRITER | Lee H. Herman | Catalog of the Staphylinidae (Insecta, Coleoptera) | |
| 1936 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | National Retail Dry | Internal audit | UOM,2010-11-15 |
| 1991 | CP | Snip | PSU | 20101105 | 1351079890 ISBN:0195 | WRITER | Jeni Wilson | It's time | |
| 1973 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | American Institute | Accounting for motion p | UOM,2010-11-15 |
| 1985 | CP | Snip | IND | 20101105 | 1351079890- | WRITER | Howard R. Feldma | Brachiopods of the Onondaga limestone in centr | |
| 2001 | CP | Snip | PSU | 20101105 | 1351079890- | WRITER | Sandy McConnell | Get Ready! for Standardized Tests: Grade 1 | |
| 1992 | CP | Meta | PSU | 20101105 | 1351079890 ISBN:1875 | WRITER | Rod Cameron | Maths to munch on | |
| 1992 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Felix Pomeranz | The successful audit | UOM,2010-11-15 |
| 1983 | CP | Snip | IND | 20101105 | 1351079890- | WRITER | Lee H. Herman | Revision of Bledius and related genera | |
| 1994 | CP | Snip | UOM | 20101105 | 1351079890 ISBN:0786 | WRITER | Arnoud de Meyer | The manufacturers' surv | UOM,2010-11-15 |
| 1951 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | National Committe | Municipal accounting an | UOM,2010-11-15 |
| 1968 | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Erik Barnouw | A History of Broadcasting | UOM,2010-11-15 |
| | CP | Snip | UOM | 20101105 | 1351079890- | WRITER | Irving Tenner | Municipal and governme | UOM,2010-11-15 |

**EXHIBIT 31**


**FILED UNDER SEAL**

**EXHIBIT 32**

**FILED UNDER SEAL**