Michael J. Boni (pro hac vice)
Joanne Zack
BONI & ZACK LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-0200 (phone)
(610) 822-0206 (fax)
MBoni@bonizack.com
JZack@bonizack.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

| | |
|---|---|
| The Authors Guild, Inc., Associational Plaintiff, Betty Miles, Joseph Goulden, and Jim Bouton, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>Google Inc.,<br><br>          Defendant. | Case No. 05 CV 8136-DC<br><br>**ECF CASE**<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTIONS FOR LEAVE TO FILE AMICUS BRIEF** |

------------------------------------- x

Two entities have filed motions for leave to participate as amici, and have filed briefs in support of their positions. They are: (1) the American Library Association, *et al.,* (motion at docket no. 1047; memorandum at docket no. 1048); and (2) the Digital Humanities and Law Scholars (motion at docket no. 1051; memorandum at docket no. 1055). The motions should be denied, and the memoranda stricken or disregarded for the reasons that follow.

**A. Courts Deny Amicus Filings That Seek to Influence Pending Motions.**

Both proposed amici have filed their respective memoranda to urge this Court to grant Google's summary judgment motion. It is inappropriate for these entities to inject themselves into private litigation. They are not parties. They have no right to intervene because they cannot meet the criteria of Fed. R. Civ. P. 24. Google is amply represented by highly qualified and able counsel, capable of advancing the arguments in favor of Google's positions. And this Court is intimately familiar with the legal issues that are posed in this lawsuit on the cross-motions for summary judgment. Neither plaintiffs nor the Court should be burdened with additional filings that are ostensibly "friend of the court" briefs but in reality are "friends of Google" submissions.

There is no rule in the Federal Rules of Civil Procedure that permits amicus filings. Nor is there such a rule in the Local Rules of this Court. This is in contrast to Fed. R. App. P. 29. Courts have recognized that there is a fundamental difference between amicus participation at the appellate level versus the District Court level, and that amicus participation in District Court litigation is the exception, not the norm. As the First Circuit put it, "we believe a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

District Courts in this Circuit have therefore often denied motions to file amicus briefs that seek to influence pending motions. *See, e.g., Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011) (proposed amicus "could not provide the Court with neutral assistance in analyzing the issues before it"); *McBeth v. Gabrielli Truck Sales, Ltd.,* 768 F. Supp. 2d 392, 394 (E.D.N.Y. 2011) ("The interests of the Defendants here have been very well represented by

2

Defense counsel"); *Jamaica Hosp. Med. Ctr., Inc. v. United Health Group, Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (amicus only appropriate where a party to the litigation was not represented competently, or amicus has interest in another case that would be affected, or has "unique information and perspective that can help the court beyond the help that lawyers for the parties are able to provide," a standard not met); *SR Int'l Bus. Ins. Co. Ltd. v. World Trade Ctr. Properties, LLC*, 407 F. Supp. 2d 587, 590 (S.D.N.Y. 2006) ("this court knows the difference between a friend of the court and a friend of one of the litigants"); *S.E.C. v. Bear, Stearns & Co. Inc.*, 2003 U.S. Dist. LEXIS 14611, *17 (S.D.N.Y. Aug. 25, 2003) ("this Court does not believe that [proposed amici] are seeking to assist the Court in clarifying the issues as an objective, neutral, dispassionate 'friend of the court'…. Conferring amicus status on such partisan interests is inappropriate."); *Long Island Soundkeeper Fund, Inc. v. New York Athletic Club of City of New York,* 1995 U.S. Dist. LEXIS 8176, *3 (S.D.N.Y. June 14, 1995) ("Denial of leave to appear as amicus in a situation such as this, in which the applicant appears to have its own particular interests in the outcome of the litigation, is far from unprecedented"); *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) ("The [proposed amicus] brief contains authority already known to the court and reviews familiar lines of argument"); *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991) ("Rather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues, it is apparent that the [amicus] has come as an advocate for one side, having only the facts of one side at the time. In doing so, it does the court, itself and fundamental notions of fairness a disservice.").

   This has also been the result followed by courts in other Circuits. *See, e.g.*, *De Abadia-Peixoto v. U.S. Dept. of Homeland Sec.*, 277 F.R.D. 572, 576 (N.D. Cal. 2011) ("Plaintiffs are

represented by competent counsel who have ably addressed the relevant legal issues."); *Sierra Club v. FEMA,* 2007 WL 3472851, *3 (S.D. Tex. Nov. 14, 2007) ("the parties are sophisticated and able represented by counsel.  It is unclear what new perspective [amicus] could provide…There is no reason to think that [amicus] has greater technical, scientific or legal expertise than [the party it sought to support]."); *Io Group, Inc. v. Veoh Networks, Inc.*, 2007 U.S. Dist. LEXIS 101252, *3 (N.D.Cal. Aug. 22, 2007) (denying Viacom's and NBC Universal's motions to file amicus briefs in connection with cross-motions for summary judgment because there was no "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."); *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp*., 149 F.R.D. 65, 82 (D. N.J. 1993) ("When the party seeking to appear as amicus curiae is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear amicus curiae should be denied.");  *Leigh v. Engle,* 535 F. Supp. 418, 422 (N.D. Ill. 1982) (denying Secretary of Labor's motion to file amicus brief in ERISA case because "this is not a memorandum amicus curiae, one filed as a friend of the court.  In fact, to coin a Latin phrase, it is a memorandum amicus petitor, one proffered as a friend of the plaintiffs….It injects an element of unfairness into the proceedings now pending before this court.").

In *Sciotto v. Marple Newtown Sch. Dist*., 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999), the Court applied a four-factor test, none of which was met.  First, the amicus must have a "special interest" in the underlying lawsuit, such as a case where the EPA was granted amicus status because it issued the underlying order at issue in the litigation.  In contrast, the proposed amicus in *Sciotto* was "merely a trade association…" whose interests were aligned with the defendant.  *Id.* at 555.  Second, the counsel for the party defendant was "more than competent" to represent

represented by competent counsel who have ably addressed the relevant legal issues."); *Sierra Club v. FEMA,* 2007 WL 3472851, *3 (S.D. Tex. Nov. 14, 2007) ("the parties are sophisticated and able represented by counsel.  It is unclear what new perspective [amicus] could provide…There is no reason to think that [amicus] has greater technical, scientific or legal expertise than [the party it sought to support]."); *Io Group, Inc. v. Veoh Networks, Inc.*, 2007 U.S. Dist. LEXIS 101252, *3 (N.D.Cal. Aug. 22, 2007) (denying Viacom's and NBC Universal's motions to file amicus briefs in connection with cross-motions for summary judgment because there was no "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."); *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp*., 149 F.R.D. 65, 82 (D. N.J. 1993) ("When the party seeking to appear as amicus curiae is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear amicus curiae should be denied.");  *Leigh v. Engle,* 535 F. Supp. 418, 422 (N.D. Ill. 1982) (denying Secretary of Labor's motion to file amicus brief in ERISA case because "this is not a memorandum amicus curiae, one filed as a friend of the court.  In fact, to coin a Latin phrase, it is a memorandum amicus petitor, one proffered as a friend of the plaintiffs….It injects an element of unfairness into the proceedings now pending before this court.").

In *Sciotto v. Marple Newtown Sch. Dist*., 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999), the Court applied a four-factor test, none of which was met.  First, the amicus must have a "special interest" in the underlying lawsuit, such as a case where the EPA was granted amicus status because it issued the underlying order at issue in the litigation.  In contrast, the proposed amicus in *Sciotto* was "merely a trade association…" whose interests were aligned with the defendant.  *Id.* at 555.  Second, the counsel for the party defendant was "more than competent" to represent

represented by competent counsel who have ably addressed the relevant legal issues."); *Sierra Club v. FEMA,* 2007 WL 3472851, *3 (S.D. Tex. Nov. 14, 2007) ("the parties are sophisticated and able represented by counsel.  It is unclear what new perspective [amicus] could provide…There is no reason to think that [amicus] has greater technical, scientific or legal expertise than [the party it sought to support]."); *Io Group, Inc. v. Veoh Networks, Inc.*, 2007 U.S. Dist. LEXIS 101252, *3 (N.D.Cal. Aug. 22, 2007) (denying Viacom's and NBC Universal's motions to file amicus briefs in connection with cross-motions for summary judgment because there was no "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."); *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp*., 149 F.R.D. 65, 82 (D. N.J. 1993) ("When the party seeking to appear as amicus curiae is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear amicus curiae should be denied.");  *Leigh v. Engle,* 535 F. Supp. 418, 422 (N.D. Ill. 1982) (denying Secretary of Labor's motion to file amicus brief in ERISA case because "this is not a memorandum amicus curiae, one filed as a friend of the court.  In fact, to coin a Latin phrase, it is a memorandum amicus petitor, one proffered as a friend of the plaintiffs….It injects an element of unfairness into the proceedings now pending before this court.").

In *Sciotto v. Marple Newtown Sch. Dist*., 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999), the Court applied a four-factor test, none of which was met.  First, the amicus must have a "special interest" in the underlying lawsuit, such as a case where the EPA was granted amicus status because it issued the underlying order at issue in the litigation.  In contrast, the proposed amicus in *Sciotto* was "merely a trade association…" whose interests were aligned with the defendant.  *Id.* at 555.  Second, the counsel for the party defendant was "more than competent" to represent

the interest of the defendant. *Id.* Third, the trade association's proposed "insights" were not useful to the Court. *Id.* Finally, the trade association was not impartial. "It is apparent to this Court that the petitioner is better characterized as 'amicus reus,' or friend of the defendant, than amicus curiae." *Id.* at 566.

The American Library Association ("ALA"), *et al.* write: "Indeed, in the origins of amicus briefing, an interest was mandatory:  the United States Supreme Court established a criteria for amici needing to be 'interested in some other pending case involving similar questions.' *Northern Securities Co. v. U.S.,* 191 U.S. 555, 556 (1903)." (Docket no. 1047, p. 4).

The ALA, *et al*. misunderstand this criterion. *Northern Securities* held that the "interest" meant being *party* to another case that would be *affected* by the outcome, *i.e.* having a legally protectable "interest," which none of the purported amici here assert. *North Securities* denied the proposed amicus brief for the following reasons:

> Where, in a pending case, application to file briefs is made by counsel not employed therein, *but interested in some other pending case involving similar questions, and consent is given,* the [Supreme Court] has always exercised great liberality in permitting this to be done. [citations omitted].  It does not appear that applicant is interested in any other case which will be affected by the decision of this case; as the parties are represented by competent counsel, the need of assistance cannot be assumed and consent has not been given.
>
> Leave to file must, therefore, be *denied.*

191 U.S. at 555-56 (first emphasis supplied). *Northern Securities* thus established three criteria to be evaluated: (1) whether all parties consented to amicus participation; (2) whether the amicus had a legally protectable interest in another lawsuit which involved similar issues and would be affected by the outcome of the pending case; and (3) whether current counsel was not competent. Proposed amici here satisfy none of these criteria.

Further, while the ALA, *et al.* purport to address the historical "origins" of the role of amici, the true origins are the opposite of what they claim. Historically an amicus was appointed by the Court as a *neutral* advisor, to advise on difficult issues of law. (Its closest modern analogy might be a Master appointed by the Court pursuant to Fed. R. Civ. P. 53.) As *Leigh v. Engle, supra,* explains:

> Historically, then, an amicus curiae is an impartial individual who suggests the interpretation and status of law, gives information concerning it, and whose function is to advise in order that justice may be done, *rather than to advocate a point of view so that a cause may be won by one party or another.* [citation omitted]. Indeed, if the proffer comes from an individual with a partisan, rather than impartial view, the motion for leave to file an amicus brief is to be denied, in keeping with the principle that an amicus must be a friend of the court and not a friend of a party to the cause. C. Rembar, *The Law of the Land,* 330 (1980).

535 F. Supp. at 420 (emphasis supplied).

### B. Amici Propose To Circumvent This Court's Orders

The amici motions and briefs would circumvent the procedures and deadlines that have governed the parties in this litigation. First, there is a page limit for the summary judgment briefs. In requesting waiver of the normal page limits set by Local Rules, the parties requested a 50 page limit for each parties' opening briefs, representing "the parties will nevertheless keep their submissions as short as reasonably possible." (Joint letter dated May 23, 2012). The Court granted this request by endorsement. (Docket no. 1024, June 1, 2012). Each of the two amicus briefs is 26 pages long, and Google's opening brief is 40 pages. That means 92 pages of legal memoranda have now been filed in support of Google's motion, which imposes a manifestly unfair burden upon plaintiffs to respond, as well as an unnecessary burden upon this Court.

Second, the proposed amici seek to inject new issues into the litigation. Proposed amicus "Digital Humanities Scholars and Law Professors" seeks to introduce factual information about

"text-mining and computation analysis" (docket no. 1055, pp. 4-6), about "Google's 'Ngram' tool" (*id.,* p. 7), about "examining word frequencies, syntactic patterns, and thematic markers in the metadata enriched context of authority nationality, author gender, and time period" (*id.* p. 7), among other brand new factual information.

The other proposed amicus, ALA, *et al.,* point to an "informal survey" of librarians "asking libraries about their experiences with GBS [Google Book Search]." (Docket no. 1048, p. 5). Proposed amicus then describe "illustrative responses." They partially quote or paraphrase responses from librarians in Minnesota, Guam, Urbana-Champaign, Farmville, Va., and at Davidson College. (Docket no. 1048, pp. 5-7). In each case, amicus state that the statement being partially quoted or paraphrased is "on file with amici."

Thus, both sets of amici are attempting to inject new issues into the summary judgment consideration. This is improper. The Electronic Frontier Foundation is one of the proposed co-amicus with the American Library Association in this case. (Docket no. 1047, p. 1). When it tried the same tactic in another case, it was unsuccessful:

> Amici, in particular the Electronic Frontier Foundation, have argued that digital music files, such as those which reside on Defendant's computer, are not "material objects" and thus are not included in the Copyright Act. Because Defendant has not raised this argument in her brief, the Court declines to reach this question. *See United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 61 n. 2, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (declining to consider argument by amicus curiae because "it was not raised by either of the parties here or below"); *Bell v. Wolfish*, 441 U.S. 520, 531 n. 13, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (declining to reach argument raised by amicus curiae because it was not raised by either party in the litigation); *Bano v. Union Carbide Corp.*, 273 F.3d 120, 127 n. 5 (2d Cir. 2001) (declining to reach an argument raised by amici curiae because the argument was not raised by any party to the litigation at either the district or appellate court proceedings).

*Elektra Entertainment Group, Inc. v. Barker*, 551 F. Supp. 2d 234, 240 n. 6 (S.D.N.Y. 2008).

Third, proposed amici seek to raise these new issues by circumventing procedures and deadlines that were ordered by this Court. In *Strasser v. Doorley*, *supra*, the First Circuit stated that in the District Court "an amicus who argues facts should rarely be welcomed." 432 F.2d at 569. When an amicus participates at the appellate level, it does so on a record that has been developed and completed in the District Court. In contrast, the proposed amici here seek to interpose facts in a way that is improper. The Scheduling Order provided that: "Fact discovery shall be completed by April 13, 2012." (Order entered January 17, 2012, docket no. 996). Under the Federal Rules of Civil Procedure, a factual record is developed through the adversary procedures. For third parties, that includes subpoenas, document requests, and depositions. *See* Fed. R. Civ. P. 45. These deadlines for completion of fact discovery have long since passed.

Factual assertions about "text-mining and computation analysis," "Google's 'Ngram' tool," about "examining word frequencies, syntactic patterns, and thematic markers in the metadata enriched context of authority nationality, author gender, and time period" in the Digital Humanities and Law Scholars brief, and the multiple hearsay statements about librarians in the ALA's description of its "informal survey," are being proffered as **evidence** in support of Google's legal position.[1] This is unfair to plaintiffs. It contravenes the adversarial procedures by which a discovery record is developed. And its submission in briefs is contrary to law. "An attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). Both of the proposed amicus briefs should be stricken or disregarded on this ground alone.

---

[1] This Court will recall that Google itself attempted a "survey" to defeat class certification. Plaintiffs had the opportunity to depose the survey's sponsors, and were able to demonstrate numerous methodological flaws and inaccuracies in the survey. (See docket no. 1008, pp. 9-12). That is how the adversarial discovery system works. Here, proposed amici seek to circumvent this entire process.

Fourth, these improper factual assertions in both briefs are then used as the springboard for purported expert opinions about "fair use." However, the deadline for the exchange of expert reports was May 24, 2012, and the period for expert depositions ended on June 8, 2012. (Order entered March 28, 2012, docket no. 1007). Both proposed amicus briefs are disguised expert opinions which contravene these deadlines. The Digital Humanities and Law Scholars brief contains extensive opinions about what they term "non-expressive use." (Docket no. 1055 *passim*). The ALA, *et al.* provide extensive opinions about the supposed benefits of "Google Books" and fair use. (Docket no. 1048 *passim*). The parties engaged in substantial depositions of each other's respective experts that probed the factual and legal bases for the opinions. The proposed amici have circumvented all of these procedures. If these positions had relevance or validity to Google, they could and should have been proffered as timely expert opinions under this Court's Orders. To permit them now is to violate fundamental notions of fair play to which all parties must adhere, not just plaintiffs.

Finally, the "Digital Scholars" appear to be asking this Court to render an "advisory opinion" that their activities of "data mining" do not violate the federal copyright laws. A party to the litigation cannot seek to obtain an advisory opinion. *A fortiori* a proposed amicus should not be permitted to do so.

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court deny the motions for leave to file amicus briefs.

Dated: August 9, 2012                                   Respectfully submitted,


/s/Michael J. Boni
Michael J. Boni
Joanne Zack
BONI & ZACK LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-0200
mboni@bonizack.com
jzack@bonizack.com

Robert J. LaRocca
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Tel:  (215) 238-1700
Fax:  (215) 238-1968
rlarocca@kohnswift.com

Sanford P. Dumain
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
Tel:  (212) 594-5300
Fax:  (212) 868-1229
sdumain@milberg.com

*Counsel for Plaintiffs*