UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | | |
|---|---|---|
| THE AUTHORS GUILD, *et al.*, | : | |
| Plaintiffs, | : | 1:05-cv-08136-DC |
| v. | : | ECF CASE |
| GOOGLE INC., | : | |
| Defendant. | : | |

---------------------------------------------------------------x

**REPLY OF AMICI CURIAE
AMERICAN LIBRARY ASSOCIATION, ASSOCIATION OF COLLEGE AND
RESEARCH LIBRARIES, ASSOCIATION OF RESEARCH LIBRARIES, AND
ELECTRONIC FRONTIER FOUNDATION
IN SUPPORT OF
MOTION FOR LEAVE TO FILE BRIEF AMICI CURIAE
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The American Library Association ("ALA"), the Association of College and Research Libraries ("ACRL"), the Association of Research Libraries ("ARL") and the Electronic Frontier Foundation ("EFF") (collectively "Amici") submit this reply in support of their motion for leave to file their amici curiae brief.  Despite Plaintiffs' protestations to the contrary, and as this Court is well aware, district courts have broad discretion to receive or not receive amicus briefs and to give them whatever weight they see fit.  Plaintiffs' opposition demonstrates no contrary rule nor any reason why the Court should choose to reject this particular brief, which focuses on the important public interests at stake in this litigation.

**I.   THE COURT SHOULD USE ITS BROAD DISCRETION TO ACCEPT AMICI'S BRIEF**

Plaintiffs claim that amicus briefs in the district court are "the exception, not the norm." Opp. at 2.  Not so.  Amicus briefs are routinely accepted at the district court level.  EFF alone has filed over 40 amicus briefs at the district court level.[1]  These include cases in this district.  For instance, this Court accepted the filing of EFF's amicus brief in *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004) and addressed that brief significantly in its published decision.  *See also Viacom Intern., Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514 (S.D.N.Y. 2010) (accepting amicus briefs by EFF and numerous other amici), *aff'd in part, remanded in part*, 676 F.3d 19 (2012); *Elektra Entertainment Group, Inc. v. Barker*, 551 F. Supp.

---

[1] A search on PACER's Case Locator reveals at least 40 cases in which EFF has participated as an amicus at the district court level.  Interestingly, the PACER/ECF system has an "amicus" Party Role identifier (am) for use at the district court level.  *See* PACER User Manual for ECF Courts, June 2012, Appendix C at 107, available at: http://www.pacer.gov/documents/pacermanual.pdf.  The Case Locator is available at: https://pacer.login.uscourts.gov/cgi-bin/login.pl?appurl=https://pcl.uscourts.gov/search.
Moreover, the ECF system in the Southern District of New York has an action code for motions for leave to file amicus briefs.  Thus, amicus filings in the district court can't be as exceptional as plaintiffs assert.

1

2d 234, 237 n. 3 (S.D.N.Y. 2008) (in a case cited by Plaintiffs, accepting briefs from EFF and three other amici).  And of course in connection with the proposed class settlement of this case, this Court accepted the filing of many amicus briefs from many different amici.

Moreover, the Authors Guild recently consented to the filing of a similar brief on fair use issues in this district by these same amici in the *Authors Guild v. HathiTrust* case.  *See* Br. Amici Curiae American Library Association et al., *Authors Guild, et al., v. HathiTrust, et al.*, Case No. 1:11-cv-6351 HB (S.D.N.Y.), ECF No. 121 (filed July 6, 2012).  Plaintiffs give no explanation for the dramatically different positions they've taken in these two cases, and it would be incongruous if the *HathiTrust* court received the benefit of the information and argument contained in Amici's brief but this Court did not.

Finally, this argument is especially strange coming from the Authors Guild, which itself has filed multiple amicus briefs in the district courts.[2]

In sum, district courts have discretion – even "broad discretion" – in deciding whether to accept amicus briefs.  While Plaintiffs string cite pages of cases where amicus briefs were refused (Opp. at 2-5), those cases all recognize the court's discretion.  The fact that Plaintiffs found some cases where amicus briefs were refused by district courts doesn't establish that rejection of amicus briefs is the rule, or that it's even the routine response.  Indeed, in Amici's experience, district court acceptance of amicus briefs is the norm.

---

[2] *See, e.g.*, *In Re Subpoena to Univ. of North Carolina, Chapel Hill v. RIAA*, No. 1:03-mc-00138-WLO (M.D.N.C.), ECF No. 25 (filed Dec. 23, 2003) (amicus brief); *Am. Historical Ass'n. v. Nat'l. Archives and Records Admin.*, No. 1:01-cv-02447-CKK (D.D.C.), ECF No. 14 (filed March 12, 2002) (amicus brief); *ACLU v. Reno*, No. 2:96-cv-00963-RB (E.D. Pa.), ECF No. 70 (filed April 1, 1996) (amicus brief); *Am. Library Ass'n., et al. v. U.S. Dept. of Justice, et al.*, No. 2:96-cv-01458-RB (E.D. Pa.), ECF No. 16 (filed April 1, 1996) (amicus brief); *Shoen v. Shoen*, No. 2:90-cv-01561-BMVS (D. Ariz.), ECF No. 296 (filed June 10, 1992) (amicus brief).

**II.     AMICI'S BRIEF SHOWS HOW GBS IS A FAIR USE IN THE PUBLIC INTEREST**

As held by several of the decisions Plaintiffs cite, an amicus brief should be accepted if it provides useful insights or information not supplied by the parties.  *See, e.g.*, *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) ("The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties."). As then-Judge (now Justice) Alito put it:

> [s]ome friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.

*Neonatology Associates, P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (internal citation omitted).

Amici's brief easily meets these standards.  A major issue in the fair use analysis is whether the use is in the public interest.  *See* Amici's brief at 10-13.  This is particularly the case here, given the enormous reach of GBS.  As Amici demonstrate, GBS is being used at educational institutions all over the country. *Id*. at 4-9. Further, a determination of what is in the public interest should not be confined to commercial parties or owners of intangible property. Here, the asserted fair use is for teaching, scholarship and research, three of the classic, statutory fair use factors in 17 U.S.C. § 107 (2006), all of which benefit members of the public outside of the parties.  Thus, representatives of the affected public should be allowed to express their views about this public interest to the Court.  Amici have done so by providing the personal experiences of their members.  Amici's brief at 4-9; Appendix.  Further, Amici show how GBS's educational fair use is especially crucial today, because of the massive budget cuts and increasing expenses being inflicted on libraries across the country. *Id*. at 13-15.

Thus, Amici satisfy the legal standards for an amicus brief.  They have provided useful information to the Court and a broader perspective that bears directly on the central issue in the litigation.  Also, while Amici do not believe that any "special interest" is required, they plainly meet it here because of the enormous harm to our library system, and the public that relies on it, that will result if GBS is no longer available.  The Court is perfectly capable of determining how much weight, if any, to give to Amici's brief and the arguments and quotations it contains.  *See, e.g.*, *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d at 567 (weighing declaration of EFF staff technologist submitted in support of EFF's amicus brief).

In conclusion, it is unfortunate that the Authors Guild, which works so diligently to ensure that authors can continue to express themselves, seeks to deny a voice in the important questions at issue in this litigation to librarians and the public interest organizations who ask to participate as Amici.  Yet it would be even more unfortunate if the Court accepted the Authors Guild's arguments and rejected consideration of those voices entirely.

For these reasons, Amici respectfully request that the Court grant their motion for leave to file their brief amici curiae.

Dated: August 14, 2012                                  Respectfully submitted,

/s/ Jonathan Band
Jonathan Band
   (admitted *pro hac vice*)
JONATHAN BAND PLLC
21 Dupont Circle NW, 8th Floor
Washington, D.C., 20036
Tel: (202) 296-5675
Email: jband@policybandwidth.com
*Counsel for Amici Curiae*
*American Library Association, Association*
*of College And Research Libraries, and*
*Association of Research Libraries*

4

/s/ Cindy Cohn
Cindy Cohn
  (admitted *pro hac vice*)
Corynne McSherry
Michael Barclay
ELECTRONIC FRONTIER
FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Tel: (415) 436-9333
Fax: (415) 436-9993
Email: cindy@eff.org
*Counsel for Amicus Curiae*
*Electronic Frontier Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 14, 2012                                       By: /s/ Jonathan Band
                                                                        Jonathan Band