UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AUTHORS GUILD, INC., Associational Plaintiff, BETTY MILES, JOSEPH GOULDEN, and JIM BOUTON, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  05 cv 08136 (DC)<br>)<br>)<br>)  ECF Case<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY TO PLAINTIFFS' OPPOSITION TO DIGITAL HUMANITIES AND
LAW SCHOLARS' MOTION FOR LEAVE TO FILE
AS *AMICI CURIAE***

**SAMUELSON LAW, TECHNOLOGY & PUBLIC POLICY CLINIC**
Jennifer M. Urban (*Pro Hac Vice*) (CA # 290845)
jurban@law.berkeley.edu
Babak Siavoshy (*Pro Hac Vice*) (CA # 264182)
bsiavoshy@law.berkeley.edu
Jason Schultz (CA # 212600)
jschultz@law.berkeley.edu
University of California, Berkeley, School of Law
396 Simon Hall
Berkeley, California 94720
Telephone: 510-642-6332
Facsimile:　510-643-4625

Matthew Sag
Associate Professor
Loyola University of Chicago School of Law
msag@luc.edu

*Counsel for Amici*

1

The Digital Humanities and Law Scholars submit this Reply to Plaintiffs' Opposition to Motion for Leave to File as *Amicus Curiae*.[1] Plaintiffs' Opp. To Mot. For Leave is misguided. This Court has broad discretion to consider briefs *amicus curiae*, and that discretion is properly exercised in favor of granting The Digital Humanities and Law Scholars leave to file as *amici* in the present case. *See Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C.1974) ("it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the amicus") (*citing Northern Securities Co. v. United States*, 191 U.S. 555 (1903)); *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987) (permitting amici participation "may be advisable where third parties can contribute to the court's understanding of the consequences" of a decision).

The present case has wide-ranging implications for members of the public beyond Plaintiffs and Defendant, and this is especially true because of its status as a class action with potentially broad-ranging public effect. Digital Humanities and Law Scholars seek to aid the Court in its task by explaining the potential impact of the Court's decision on a topic of vital public and educational importance not fully addressed in the parties' briefing: the continued validity of both established and innovative research practices that use non-expressive computational and statistical methods to analyze large corpora of texts. Mot. For Leave at 2.

The Google Book Search corpus is an important example of such corpora; further, findings in this case could potentially extend beyond the use of this corpus to scholars who wish to build or make use of similar corpora. The Court's ruling in this case could

---

[1] Plaintiffs' opposition is at docket no. 1056, hereinafter "Opp. To Mot. For Leave." *Amici*'s motion is at docket no. 1051, hereinafter "Mot. For Leave." All references to *amici* in this filing refer to The Digital Humanities and Law Scholars only.

strongly affect research text mining (and similar statistical research practices) with broad impact on digital humanities scholarship and educational research. Because of their status as scholars and experts in both the digital humanities and intellectual property law, Digital Humanities and Law Scholars are uniquely positioned to explain both the potential impact of the Court's decision on the validity of computational and statistical research practices and the most appropriate legal framework for analyzing these practices.

*Amici* Digital Humanities and Law Scholars' sole interests in this case are, respectively, the use and development of computational and statistical research tools for the study of texts, and the proper development of intellectual property doctrine in this context. *Amici* submit that their unique perspective as direct users of digital research tool and experts on the legal status of those tools under the copyright law will be valuable to the Court as it crafts its decision. This perspective is intended to aid the Court, and will not prejudice Plaintiffs' legitimate interests in the case.[2]

Accordingly, *amici* Digital Humanities and Law Scholars respectfully request that the Court grant their motion for leave to file as *amicus curiae*.

Dated: August 15, 2012                     Respectfully Submitted,

/s/ Jennifer M. Urban
Jennifer M. Urban
Samuelson Law, Technology & Public Policy Clinic
396 Simon Hall
Berkeley, CA 94720-7200
T: (510) 642-6332/ F: (510) 643-4625
jurban@law.berkeley.edu
*Counsel for Amici Curiae* (with Matthew Sag, Jason Schultz, and Babak Siavoshy)

---

[2] If Plaintiffs seek to submit additional briefing to respond to any substantive points in The Digital Humanities and Law Scholars' *amicus* brief, The Digital Humanities and Law Scholars would not object to such a request.

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of New York by using the CM/ECF system. I further certify that all participants in this case are registered of the CM/ECF system and that service will be completed via the CM/ECF system.

Dated: August 15, 2012                    By: /s/ Babak Siavoshy
                                               Babak Siavoshy