```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/29/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
THE AUTHOR'S GUILD, <u>et al.</u>,       :
                                    :
                        Plaintiffs, :
                                    :    <u>ORDER</u>
        - against -                 :
                                    :    05 Civ. 8136 (DC)
GOOGLE, INC.,                       :
                                    :
                        Defendant.  :
                                    :
- - - - - - - - - - - - - - - - - -x

**CHIN, Circuit Judge**

      The Court is in receipt of a letter from defendant Google, Inc. ("Google"), dated August 17, 2012, requesting that the Court stay all proceedings in this case pending review by the Second Circuit of this Court's May 31, 2012 Order granting class certification (the "Class Certification Order"). Plaintiffs have not responded to Google's letter. For the following reasons, the application is denied.

      Federal Rule of Civil Procedure 23(f) provides that an appellate court may hear, on an interlocutory basis, an appeal of a district court's order granting class certification. Rule 23(f) expressly provides, however, that such an appeal "does not stay proceedings in the district court unless the district judge or the court of appeals so orders."

On August 14, 2012, the Court of Appeals granted Google's petition for permission to appeal the Class Certification Order. The Court of Appeals did not order a stay of proceedings in this Court.

In my view, a stay is not warranted. This case is now some seven years old. Discovery is complete. Both sides have filed summary judgment motions, and but for the fact of plaintiffs' counsel's unfortunate illness, opposition papers would have been submitted by now. A stay pending appeal would significantly delay the merits, perhaps for as much as a year or even more. The merits would have to be reached at some point in any event, and there simply is no good reason to delay matters further.

Google's argument that it would be unfair to decide the merits of the case before the end of the opt-out period for class members is surprising, in light of Google's fervent opposition to class certification. Indeed, should Google prevail on its motion for summary judgment and, as it fears, class members are motivated to opt out of the class, Google would be in no worse a position than it would have been in had it prevailed on the class certification motion and the plaintiffs had been forced to litigate their claims individually. And should plaintiffs

prevail on summary judgment, the goal of efficiency would be well served as fewer plaintiffs are likely to opt out.

The parties shall proceed with the briefing on the cross-motions for summary judgment, as previously ordered.

SO ORDERED.

Dated:   New York, New York
         August 28, 2012

DENNY CHIN
United States Circuit Judge
Sitting by Designation