N.Y.S.D. Case #
05-cv-8136(DC)

12-3200-cv
*Authors Guild Inc., et al. v. Google Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Argued On: May 8, 2013)                    Decided: July 1, 2013)

Docket No. 12-3200-cv

————————————————————————

THE AUTHORS GUILD, INC., Associational Plaintiff, BETTY MILES, JOSEPH GOULDEN, and JIM
BOUTON, individually and on behalf of all others similarly situated,

*Plaintiffs-Appellees,*

v.

GOOGLE INC.,

*Defendant-Appellant.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:   _____
DATE FILED: July 01, 2013 _____

————————————————————————

Before: LEVAL, CABRANES, and B.D. PARKER, *Circuit Judges.*

We consider in this appeal whether the United States District Court for the Southern

District of New York (Denny Chin, *Circuit Judge,* sitting by designation) erred in certifying the

plaintiff class—authors claiming that defendant-appellant Google Inc. committed copyright

infringement by copying and displaying "snippets" of millions of books in the Library Project of its

Google Books search tool.  On the particular facts of this case, we conclude that class certification

was premature in the absence of a determination by the District Court of the merits of Google's

"fair use" defense.  Accordingly, we vacate the June 11, 2012 order certifying the class and remand

1

CERTIFIED COPY ISSUED ON 07/01/2013

the cause to the District Court, for consideration of the fair use issues, without prejudice to any

future motion for class certification.

> SETH P. WAXMAN (Louis R. Cohen, Randolph D.
> Moss, Daniel P. Kearney, Jr., Ari Holtzblatt,
> *on the brief*) Wilmer Cutler Pickering Hale and
> Dorr LLP, Washington, DC, *for Appellant
> Google Inc.*
>
> Daralyn J. Durie, Joseph C. Gratz, Durie
> Tangri LLP, San Francisco, CA, *for Appellant
> Google Inc.*
>
> ROBERT J. LAROCCA, Kohn, Swift & Graf, P.C.,
> Philadelphia, PA, *for Appellees The Authors
> Guild Inc., et al.*
>
> Michael J. Boni, Joshua D. Snyder, John E.
> Sindoni, Boni & Zack LLC, Bala Cynwyd, PA,
> *for Appellees The Authors Guild Inc., et al.*
>
> Sanford P. Dumain, Milberg LLP, New York,
> NY, *for Appellees The Authors Guild Inc., et al.*

PER CURIAM:

Plaintiff-appellee The Authors Guild, an association of authors, as well several individual

authors (jointly, "plaintiffs"), began this suit in 2005, alleging that defendant-appellant Google Inc.

("Google") committed copyright infringement through the Library Project of its "Google Books"

search tool by scanning and indexing more than 20 million books and making available for public

display "snippets" of most books upon a user's search.[1]  Following a course of discovery and

settlement discussions, the parties moved for final approval of an amended proposed class

settlement agreement ("ASA") before the District Court.  In a thorough opinion, Judge Chin refused

---

[1] Plaintiffs sought injunctive and declaratory relief as well as statutory damages.  *See Authors Guild v. Google, Inc.*, 282
F.R.D. 384, 387 (S.D.N.Y. 2012).

to approve the ASA on March 22, 2011.  *See Authors Guild Inc. v. Google Inc.*, 770 F. Supp. 2d 666, 686

(S.D.N.Y. 2011).

Following the District Court's denial of the motion to approve the ASA, plaintiffs moved to

certify a proposed class of "[a]ll persons residing in the United States who hold a United States

copyright interest in one or more Books reproduced by Google as part of its Library Project, who

are either (a) natural persons who are authors of such Books or (b) natural persons, family trusts or

sole proprietorships who are heirs, successors in interest or assigns of such authors."  *Authors Guild*

*v. Google, Inc.*, 282 F.R.D. 384, 393 (S.D.N.Y. 2012) (alteration in original).[2]  The District Court

granted plaintiffs' motion to certify the proposed class of authors pursuant to Federal Rule of Civil

Procedure 23.  *Id.* at 395.

Google opposed the motion for class certification before the District Court and now appeals

the District Court's grant of class certification to us.  Google argues, *inter alia*, that it intends to assert

a "fair use" defense,[3] which might moot the litigation.  Google also claims that plaintiffs are unable

to "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), because many

members of the class, perhaps even a majority, benefit from the Library Project and oppose

---

[2] The motion for class certification also specified that a "book" was defined as each "full-length book published in the
United States in the English language and registered with the United States Copyright Office within three months after
its first publication.  Google's directors, officers, and employees [were] excluded from the class, as well as United States
Government and Court personnel."  *Id.* at 393 n.7 (internal citations omitted).

[3] As we have explained, "[f]air use is a judicially created doctrine dating back nearly to the birth of copyright in the
eighteenth century, but first explicitly recognized in statute in the Copyright Act of 1976."  *On Davis v. The Gap, Inc.*, 246
F.3d 152, 173 (2d Cir. 2001) (internal citations omitted).  Under that statute, to determine whether the use of a work is a
fair use, courts consider four factors, including:

    (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit
    educational purposes;

    (2) the nature of the copyrighted work;

    (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

    (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

plaintiffs' efforts.  *See* Appellant's Br. 25 (arguing that class certification has "potentially tied many [authors] in the class to a suit that is contrary to their interests"); *see also* Joint App'x 244 (summarizing the findings of a controverted survey of authors).

Putting aside the merits of Google's claim that plaintiffs are not representative of the certified class—an argument which, in our view, may carry some force—we believe that the resolution of Google's fair use defense in the first instance will necessarily inform and perhaps moot our analysis of many class certification issues, including those regarding the commonality of plaintiffs' injuries, the typicality of their claims, and the predominance of common questions of law or fact, *see* Fed. R. Civ. P. 23(a)(2), (3), (b)(3).  *See, e.g.*, *FPX, LLC v. Google, Inc.*, 276 F.R.D. 543, 551 (E.D. Tex. 2011) (denying plaintiffs' request for class certification "because of the fact-specific inquiries the court would have to evaluate to address [defendants'] affirmative defenses [including fair use of trademarks]"); *Vulcan Golf, LLC v. Google Inc.*, 254 F.R.D. 521, 531 (N.D. Ill. 2008) ("The existence of affirmative defenses [such as fair use of trademarks] which require individual resolution can be considered as part of the court's analysis to determine whether individual issues predominate under Rule 23(b)(3)."); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.12 (1978) ("Evaluation of many of the questions entering into determination of class action questions is intimately involved with the merits of the claims.  The typicality of the representative's claims or defenses . . . and the presence of common questions of law or fact are obvious examples." (quotation marks omitted)); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) ("[A] court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues."); *cf. Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2561 (2011) (holding that "a class cannot be certified on the premise that [a defendant] will not be entitled to litigate its statutory defenses to individual claims").  Moreover, we are persuaded that holding the issue of class certification in abeyance until Google's fair use defense has been

4

resolved will not prejudice the interests of either party during the projected proceedings before the

District Court following remand.  Accordingly, we vacate the District Court's order of June 11, 2012

certifying plaintiffs' proposed class, and we remand the cause to the District Court, for consideration

of the fair use issues.

### CONCLUSION

For the reasons stated above, we **VACATE** the June 11, 2012 order of the District Court

certifying plaintiffs' proposed class and **REMAND** the cause to the District Court for consideration

of the fair use issues, without prejudice to any renewal of the motion for class certification before

the District Court following its decision on the fair use defense.  In the interest of judicial economy,

any further appeal from the decisions of the District Court shall be assigned to this panel.

The mandate shall issue forthwith.

A True Copy

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit

5